BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>REDBUBBLE, INC.,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. § 1114];**<br>**(2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>**(3) COMMON LAW UNFAIR COMPETITION;**<br>**(4) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br>**(5) VICARIOUS TRADEMARK INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

1068530.2

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville, as and for its complaint against defendant Redbubble, Inc., alleges as follows:

## PARTIES

1.     Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") is a Swiss corporation with a principal place of business in Lugano, Switzerland.  Plaintiff is the owner of the trademarks at issue herein of the girls and women's fashion and lifestyle brand, "Brandy Melville."

2.     Plaintiff is informed and believes, and thereon alleges, that defendant Redbubble, Inc. ("Redbubble" or "Defendant") is a Delaware corporation with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the Lanham Act. *See* 17 U.S.C. §§ 101, *et seq*.; 15 U.S.C. §§ 1051, *et seq*.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

4.     Venue in this district is proper under 28 U.S.C. section 1391 because Redbubble is subject to personal jurisdiction here and Brandy Melville has suffered injury here.

5.     This Court has personal jurisdiction over Redbubble because Redbubble is based in California and regularly markets and sells goods, including the goods at issue in this case, to customers in California.

## GENERAL ALLEGATIONS

**A.     <u>Brandy Melville Is a Popular Girls and Women's Fashion and Lifestyle Brand.</u>**

6.     Brandy Melville is a popular fashion and lifestyle brand that promotes and sells, *inter alia*, apparel and accessories to girls and women throughout the world.  Founded in Europe over 30 years ago, Brandy Melville established a retail presence in Los Angeles in 2009 and has since expanded across the United States.

Although Brandy Melville markets and sells to consumers of all ages, it has developed a particularly strong following amongst girls and women in the 15- to 25-year-old age range.

7.     Brandy Melville currently has 35 retail locations throughout the state of California, dozens more across the United States, and many more abroad.

8.     Brandy Melville estimates that millions of consumers have shopped at one or more of its United States-based stores alone.

9.     Brandy Melville is regularly featured in leading national fashion and lifestyle print publications such as *Cosmopolitan*, *Elle*, *Vogue*, and *Seventeen*, and general print publications such as the *Los Angeles Times*, the *Village Voice*, the *Boston Globe*, and independent and college newspapers.  It is also regularly featured on television and on third-party websites and blogs.

10.     Brandy Melville promotes itself online, including on its own website www.brandymelvilleusa.com, and on Twitter, Instagram, and Facebook.  Brandy Melville's Instagram page has approximately 3.8 million followers.

**B.     Brandy Melville Owns Valuable Trademarks and Other Intellectual Property.**

11.     The Brandy Melville name, logo, and designs are valuable intellectual property owned by Brandy Melville.  To help protect its intellectual property, Brandy Melville obtained trademark registrations with the United States Patent and Trademark Office ("USPTO").  Brandy Melville is the owner of USPTO Registration Nos. 5,373,397 and 5,238,856 for the trademark Brandy Melville in a variety of categories, including apparel, accessories, and home decorations.  In addition, Brandy Melville is the owner of USPTO Registration No. 5,748,883 for the "LA Lightning" graphic logo depicted immediately below in the apparel category.  Collectively, the Brandy Melville and LA Lightning trademarks are hereinafter referenced as the Registered Trademarks.

/ / /

1
2
3
4
5
6

7       12.    Through extensive and continuous promotion and sales, unsolicited

8  press, and word of mouth, Brandy Melville also owns common law rights in various

9  trademarks including the Brandy Melville name and graphic logo as seen

10 immediately below.

11
12
13
14

15      C.    **Redbubble Knowingly Infringes Upon Brandy Melville's**

16            **Intellectual Property Rights by Creating, Manufacturing, and**

17            **Distributing Large Quantities of Counterfeit Brandy Melville**

18            **Clothing and Printed Material.**

19      13.    Founded in 2006, Redbubble describes itself on its website as a "global

20 online marketplace powered by artists."  What Redbubble does not mention on its

21 website is that it is also a global online marketplace powered by a substantial

22 quantity of counterfeit goods.

23      14.    Through Redbubble's website, www.redbubble.com, visitors can

24 upload designs that Redbubble then displays on a variety of apparel – from t-shirts

25 to phone cases to stickers – pictured on the website.  Redbubble offers for sale the

26 products on display.  If a visitor to the site orders a product, Redbubble makes,

27 ships, and processes the payment for the product.  Redbubble then splits the profit

28 between itself and the person who originally uploaded the design.

15.     Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from massive quantities of counterfeit Brandy Melville products.  On or about May 14, 2018, Brandy Melville notified Redbubble in writing that Redbubble offers for sale products that utilize the Brandy Melville trademark directly – *e.g.*, the products emblazoned with "Brandy Melville" or that reference Brandy Melville's website.  A few examples of counterfeit Brandy Melville products that Brandy Melville identified to Redbubble as infringing on May 14 are depicted below.









16.     Despite being placed on notice of Brandy Melville's intellectual property rights, including its registered trademarks, Redbubble persists in offering for sale, advertising, and selling counterfeit Brandy Melville products – including some of the same exact designs that Brandy Melville asked to be taken down in May 2018.  Below are a few example of Brandy Melville counterfeits being offered for

1  sale, advertised, and sold by Redbubble months after Brandy Melville's takedown

2  notice.

3

4

5

6

7

8

9

10




11

12

13

14

15

16

17

18

19




20

21

22

23

24

25

26

27

28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19





20       17.    Redbubble's infringement is knowing and willful, as evidenced by

21  (a) the sheer quantity of different counterfeit Brandy Melville designs being sold by

22  Redbubble, (b) Redbubble's use of the Brandy Melville trademark to advertise and

23  sell exact or near-exact replicas of authentic Brandy Melville products,

24  (c) Redbubble's continued sale of counterfeit Brandy Melville products in spite of

25  the May 14, 2018 written notification of infringement, and (d) Redbubble's pattern

26  and practice of infringing upon the intellectual property rights of well-known

27  brands.

28  / / /

18.     Redbubble has profited from its unauthorized use of Brandy Melville's intellectual property through the sale of the infringing goods, diverting profits from the sale of authentic Brandy Melville goods, and causing harm to Brandy Melville's reputation and goodwill.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting)

19.     Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

20.     Brandy Melville is the owner of the Registered Trademarks.

21.     The Registered Trademarks are valid, protectable marks.

22.     Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Registered Trademarks or nearly identical variations thereof.

23.     Redbubble's use of the Registered Trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

24.     Brandy Melville has never consented to Redbubble's use of its trademarks.

25.     Redbubble infringed upon the Registered Trademarks and engaged in trademark counterfeiting willfully.

26.     As a proximate result of the unfair advantage accruing to Redbubble from using confusingly similar marks and deceptively trading on Brandy Melville's goodwill, Redbubble has made substantial sales and profits in amounts to be established according to proof.

27.     As a proximate result of the unfair advantage accruing to Redbubble from using similar or quasi-similar marks and deceptively trading on Brandy Melville's goodwill, Brandy Melville has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

28.     Unless restrained by the Court, Redbubble will continue to infringe the Registered Trademarks.  Pecuniary compensation will not afford Brandy Melville adequate relief for the damage to its trademarks and brand.  In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Redbubble and its purported goods.

29.     Redbubble's acts were committed, and continue to be committed, with actual notice of Brandy Melville's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products.  Pursuant to 15 U.S.C. section 1117, Brandy Melville is, therefore, entitled to recover three times its actual damages or three times Redbubble's profits, whichever is greater, together with its attorneys' fees.  Brandy Melville is also entitled to statutory damages of $2 million per registered mark.  In addition, pursuant to 15 U.S.C. section 1118, Brandy Melville is entitled to an order requiring destruction of all infringing products and promotional materials in Redbubble's possession.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin)

30.     Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

31.     Brandy Melville's trademarks, including the Registered Trademarks, are inherently distinctive and have also acquired secondary meaning through extensive promotion and sales, unsolicited press, and word of mouth over the past decade.

32.     Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating Brandy Melville's trademarks or nearly identical variations thereof.

/ / /

33.     Redbubble's use of Brandy Melville's trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

34.     Brandy Melville has never consented to Redbubble's use of its trademarks.

35.     Redbubble infringed upon Brandy Melville's trademarks willfully.

36.     As a proximate result of the unfair advantage accruing to Redbubble from using similar or quasi-similar marks and deceptively trading on Brandy Melville's goodwill, Redbubble has made substantial sales and profits in amounts to be established according to proof.

37.     As a proximate result of the unfair advantage accruing to Redbubble from using confusingly similar marks and deceptively trading on Brandy Melville's goodwill, Brandy Melville has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

38.     Unless restrained by the Court, Redbubble will continue to infringe Brandy Melville's trademarks.  Pecuniary compensation will not afford Brandy Melville adequate relief for the damage to its trademarks, trade dress, and brand.  In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Redbubble and its purported goods.

39.     Redbubble's acts were committed, and continue to be committed, with actual notice of Brandy Melville's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products.  Pursuant to 15 U.S.C. section 1117, Brandy Melville is, therefore, entitled to recover three times its actual damages or three times Redbubble's profits, whichever is greater, together with its attorneys' fees.  Brandy Melville is also entitled to statutory damages of $2 million per registered mark.  In addition, pursuant to 15 U.S.C. section 1118, Brandy

1  Melville is entitled to an order requiring destruction of all infringing products and
2  promotional materials in Redbubble's possession.

3  ### **THIRD CLAIM FOR RELIEF**

4  ### **(Common Law Unfair Competition)**

5       40.    Brandy Melville re-alleges and incorporates herein by reference each
6  and every allegation set forth above.

7       41.    Redbubble's unauthorized use of Brandy Melville's trademarks is
8  likely to cause consumer confusion as to the source, origin, sponsorship, and
9  association of Redbubble's products.

10       42.    Brandy Melville has been, and will continue to be, damaged and
11  irreparably harmed by the actions of Redbubble unless Redbubble is enjoined by
12  this Court.

13       43.    Brandy Melville has no adequate remedy at law.

14       44.    Brandy Melville is entitled to recover damages and/or Redbubble's
15  profits in an amount to be determined at trial.

16       45.    Brandy Melville is informed and believes, and thereon alleges, that
17  Redbubble committed the foregoing acts with the intention of depriving Brandy
18  Melville of its legal rights, with oppression, fraud, and/or malice, and in conscious
19  disregard of Brandy Melville's rights.  Brandy Melville is, therefore, entitled to an
20  award of exemplary and punitive damages, according to proof.

21  ### **FOURTH CLAIM FOR RELIEF**

22  ### **(Contributory Trademark Infringement and Counterfeiting)**

23       46.    Brandy Melville re-alleges and incorporates herein by reference each
24  and every allegation set forth above.

25       47.    Redbubble has been and continues to be aware of – and has been and
26  continues to contribute to – the infringement of Brandy Melville's trademarks and
27  the use of counterfeit Brandy Melville products on its site.  The infringing and
28  counterfeit products are prominently displayed and promoted on Redbubble's

1 | website. Redbubble's website is configured so that a search for "Brandy Melville"
2 | will lead directly to the infringing and counterfeit goods. Redbubble creates and
3 | distributes the infringing and counterfeit goods to the end consumer and facilitates
4 | the financial transactions.

5 |      48.    Alternatively, Redbubble has remained willfully blind to the
6 | infringement and/or counterfeiting of Brandy Melville trademarks on its website and
7 | on the products it creates and distributes to the end consumer.

8 |      49.    Brandy Melville has been damaged by and Redbubble has profited
9 | from Redbubble's contributory trademark infringement and counterfeiting.

10 |      50.    To remedy Redbubble's contributory trademark infringement, Brandy
11 | Melville is entitled to all of the remedies set forth above for direct trademark
12 | infringement, counterfeiting, false designation of origin, and unfair competition.

13 | **<u>FIFTH CLAIM FOR RELIEF</u>**

14 | **(Vicarious Trademark Infringement and Counterfeiting)**

15 |      51.    Brandy Melville re-alleges and incorporates herein by reference each
16 | and every allegation set forth above.

17 |      52.    Redbubble and the third parties who design and upload the infringing
18 | designs are in an apparent or actual partnership, have the authority to bind one
19 | another in transactions with third parties, and/or exercise joint ownership or control
20 | over the infringing products. Redbubble is thus vicariously liable for the trademark
21 | infringement and counterfeiting of the third parties who design and upload the
22 | infringing designs onto the Redbubble website.

23 |      53.    Brandy Melville has been damaged by and Redbubble has profited
24 | from Redbubble's vicarious trademark infringement and counterfeiting.

25 |      54.    To remedy Redbubble's vicarious trademark infringement and
26 | counterfeiting, Brandy Melville is entitled to all of the remedies set forth above for
27 | direct trademark infringement, counterfeiting, false designation of origin, and unfair
28 | competition.

-11-
COMPLAINT

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff prays for relief against Defendant as follows:

3      1.     For preliminary and permanent injunctions enjoining and restraining

4 Defendant, its agents, employees, representatives, partners, joint venturers, and/or

5 anyone acting on behalf of or in concert with Defendant, from:

6      A.    designing, manufacturing, importing, shipping, delivering,

7 selling, marketing, displaying, advertising, or promoting any product that

8 incorporates or is marketed in conjunction with any Brandy Melville trademark; and

9      B.    representing or implying, directly or indirectly, to retailers,

10 customers, distributors, licensees, or any other customers or potential customers of

11 Defendant's products that Defendant's products originate with, are sponsored,

12 endorsed, or licensed by, or are otherwise associated or affiliated with Plaintiff;

13      2.     For an order requiring the destruction of all of Defendant's infringing

14 products and all marketing, advertising, or promotional materials depicting

15 Defendant's infringing products;

16      3.     For an accounting of all profits obtained by Defendant from sales of the

17 infringing products and an order that Defendant hold all such profits in a

18 constructive trust for the benefit of Plaintiff;

19      4.     For an award to Plaintiff of all profits earned by Defendant from its

20 infringing acts;

21      5.     For compensatory damages according to proof;

22      6.     For statutory damages of no less than $2 million per registered

23 trademark;

24      7.     For exemplary and punitive damages according to proof;

25      8.     For pre-judgment interest on all damages awarded by this Court;

26      9.     For reasonable attorneys' fees and costs of suit incurred herein; and

27      //

28      //

1         10.    For such other and further relief as the Court deems just and proper.

2

3    Dated:  May 28, 2019            BROWNE GEORGE ROSS LLP
                                                Keith J. Wesley
4

5

6                              By:     s/ Keith J. Wesley
                                                Keith J. Wesley
7                              Attorneys for Plaintiff
                                                Y.Y.G.A. SA d.b.a. BRANDY MELVILLE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated:  May 28, 2019                     BROWNE GEORGE ROSS LLP
                                                      Keith J. Wesley


                                           By:    s/ Keith J. Wesley
                                                       Keith J. Wesley
                                           Attorneys for Plaintiff
                                           Y.Y.G.M. SA d.b.a. BRANDY MELVILLE