BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

COASTSIDE LEGAL
Kenneth B. Wilson (SBN 130009)
  ken@coastsidelegal.com
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

ZUBER LAWLER & DEL DUCA LLP
Joshua M. Masur (SBN 203510)
  jmasur@zuberlawler.com
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (FFMx)<br>Hon. R. Gary Klausner<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  October 21, 2019<br>Time:  9:00 a.m.<br>Courtroom: 850 – Roybal |
|---|---|

1339428

JOINT RULE 26(f) REPORT

On September 24, 2019, counsel of record for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville and for Defendant Redbubble Inc. conducted their conference of parties pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court, and this Court's August 19, 2019 Order Setting Scheduling Conference (Dkt. No. 13). Plaintiff and Defendant (collectively, the "Parties") hereby submit this joint report.

## I.     BRIEF FACTUAL SUMMARY OF THE CASE (Dkt. No. 13)

### A.     Plaintiff's Statement

Plaintiff owns trademarks of "Brandy Melville," a popular fashion and lifestyle brand that promotes and sells apparel and accessories to girls and women worldwide. Brandy Melville is regularly featured in leading fashion and lifestyle publications, has millions of followers online and on social media, and currently has 35 retail locations throughout the state of California.

Recognizing that its name, logo, and designs are valuable intellectual property, Brandy Melville has obtained several trademark registrations with the United States Patent and Trademark Office ("USPTO"). Brandy Melville owns, *inter alia*, USPTO Registration Nos. 5,373,397, 5,238,856, and 5,748,883 for the trademark Brandy Melville in a variety of categories, including apparel, accessories, and home decorations. It also owns common law rights in various trademarks including the Brandy Melville name and graphic logo.

Defendant is an online marketplace that allows visitors to upload designs that Defendant then showcases on products and makes available for purchase. If someone purchases one of these products, Defendant makes, ships, and processes the payment for the product in exchange for a portion of the profits. Defendant advertises, markets, creates, displays, offers for sale, sells, distributes, and profits from massive quantities of counterfeit Brandy Melville products. Despite Plaintiff providing Defendant notice that the products it offers for sale utilize and infringe on Plaintiff's Brandy Melville trademarks, Defendant has continued to sell substantial quantities of different

counterfeit Brandy Melville designs.

In this action, Plaintiff asserts five claims against Defendant: (1) trademark infringement and counterfeiting, (2) false designation of origin, (3) common law unfair competition, (4) contributory trademark infringement and counterfeiting, and (5) vicarious trademark infringement and counterfeiting.  Plaintiff's claims are based on, *inter alia*, Defendant's infringement, counterfeiting, and unauthorized use of Plaintiff's Brandy Melville trademarks.

**B.     Defendant's Statement**

As the Southern District of Ohio recently found, in *The Ohio State University v. Redbubble, Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019):

> Redbubble, Inc. operates a global online marketplace platform hosted at redbubble.com.  Redbubble allows independent artists to upload and sell products on redbubble.com.  Redbubble's business model relies on the automated use of third-party services: artists are automatically connected with a third-party manufacturer to make the goods, a third-party service to package and ship the goods, and a third-party to process payment for the goods.
>
> * * *
>
> [Unlike eBay sellers,] Redbubble is not in the resale business….  A better analogy to Redbubble is Amazon, which … has generally not been found liable for direct trademark or copyright infringement because it merely facilitates sales between other parties.

*Id.* at 841, 844.

Redbubble does not design or upload the content sold over the Redbubble Marketplace.  It did not print or otherwise manufacture the products that Plaintiff claims are infringing, nor does Redbubble own or control the facilities in which those products were made or the equipment or processes for doing so. Redbubble never took possession, control or ownership of or title to the accused products; Redbubble personnel did not pack, ship, perform quality control on or otherwise handle those products; and Redbubble does not sell or offer to sell those products.

In any marketplace, there is a risk that bad actors will abuse the system by

attempting to use it to sell unauthorized or counterfeit products. However, as noted in its User Agreement, "[r]especting other people's intellectual property is an essential principle of Redbubble's community." Redbubble has taken significant steps – in excess of its legal obligations – to prevent misuse of the Marketplace, and has directed substantial resources toward eliminating third-party infringement and improving its anti-piracy measures. Sellers must confirm that they "have the right to sell products containing [the] artwork" they upload, and that their listings "will not infringe the intellectual property rights or any other rights of any person or entity." Redbubble promptly removes allegedly infringing listings identified by content owners like Plaintiff and notifies the third-party who uploaded them; accounts of repeated infringers are disabled or terminated. For content owners with frequent infringement concerns, including some of the largest in the world, Redbubble proactively polices its Marketplace based on screening criteria created in collaboration with those content owners. To date, these proactive policing efforts have resulted in the disabling or removal of millions of listings, covering approximately 50 million products, and Redbubble has disabled and/or terminated more than 300,000 Seller accounts. Consistent with its practices, upon receiving notice of this suit, Redbubble promptly removed the additional designs identified by the Complaint and began proactively policing for Plaintiff's content.

Redbubble expects to obtain summary judgment, as it has in *Ohio State* and other actions, that it is not liable as a matter of law because, *inter alia*, it does not upload, make, sell or otherwise "use" the allegedly infringed marks.

## II. SUBJECT-MATTER JURISDICTION

The Parties agree that this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the Lanham Act. *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq.*

## III. PROPOSED CASE SCHEDULE (Fed. R. Civ. P. 26(f); L.R. 26-1)

| Event | The Parties' Proposal |
| --- | --- |
| Deadline to Amend Pleadings | November 29, 2019 |
| Deadline to Designate Experts | August 14, 2020 |
| Deadline to Designate Rebuttal Experts | September 18, 2020 |
| Discovery Cut-Off | October 16, 2020 |
| Motion Cut-Off (Last Day to File) | November 6, 2020 |
| Pretrial Conference | February 22, 2021 |
| Jury Trial | March 15, 2021 |

## IV. DISCOVERY PLAN (Fed. R. Civ. P. 26(f)(3))

### A. Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The Parties anticipate serving their initial disclosures by October 11, 2019. The Parties do not believe that any other changes to the initial-disclosure requirements need to be made.

### B. Subjects On Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))

#### 1. Plaintiff's Statement

At this early stage, Plaintiff anticipates requesting the production of documents and propounding written discovery requests in the form of requests for production, interrogatories, and requests for admission. Plaintiff also anticipates noticing depositions, including under Rule 30(b)(6), and possibly serving subpoenas on third parties.

Plaintiff reserves the right to conduct all relevant discovery. Plaintiff currently expects it will need discovery regarding, *inter alia*, the following: Defendant's infringement of Plaintiff's trademarks, including its advertising and sale of products incorporating Plaintiff's trademarks; whether Defendant's infringement was willful and/or with malice, fraud, or reckless disregard of Plaintiff's rights; the type and

amount of damages, including the amount of Defendant's sales and profits; and the need for injunctive relief. Plaintiff will require additional information, including Defendant's Initial Disclosures, to determine the complete scope of its discovery requests and deposition notices.

### 2. **Defendant's Statement**

Defendant expects to make use of the discovery mechanisms permitted by the Federal Rules, including requests for production of documents and admission, interrogatories, and depositions, including of plaintiff and third parties.

Defendant reserves the right to conduct all relevant discovery.

### C. **Phased Discovery (Fed. R. Civ. P. 26(f)(3)(B))**

The Parties do not believe discovery should be conducted in phases.

### D. **Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties agree that ESI should be produced by default as searchable PDFs or TIFF files with accompanying load files. In the event that the producing party determines that it is impractical to produce a particular file in the default production format, or that such production format renders a particular file not reasonably usable for discovery and evidentiary purposes, the producing party may elect to produce such file in native or an alternative format. In the event that the receiving party determines that any produced file is not reasonably usable for discovery and evidentiary purposes, the receiving party may request that the producing party re-produce such file in an alternative format, and the producing party shall either comply with such request or meet and confer regarding the feasibility of compliance.

### E. **Issues About Claims of Privilege or Other Protection (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties anticipate preparing and filing a stipulation for a protective order and a proposed protective order. The Parties tentatively agree that the protective order should contain a "claw back" provision under Federal Rule of Evidence 502 for any inadvertent production of privileged material. Plaintiff's counsel is drafting such a

protective order for Defendant's review.

**F.    Changes in Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

The Parties do not believe any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

**G.    Any Other Orders That the Court Should Issue (Fed. R. Civ. P. 26(f)(3)(F))**

Other than a protective order described above, the Parties do not anticipate the need for any additional order under Rules 16(b), 16(c), and 26(c).

**V.    ISSUES CONTEMPLATED BY LOCAL RULE 26-1**

**A.    Complex Cases (L.R. 26-1(a))**

The Parties do not believe the Court needs to utilize any procedures from the Manual for Complex Litigation.

**B.    ADR (L.R. 26-1(c))**

Plaintiff proposes the Parties utilize ADR Procedure No. 2 (appear before a neutral selected from the Court's Mediation Panel).

Defendant proposes that the Parties utilize ADR Procedure No. 2, except that, in the event that the parties are unable to agree on a Mediator from the Court's Mediation Panel, Defendant proposes that the Parties utilize ADR Procedure No. 3.

**C.    Trial Estimate (L.R. 26-1(d))**

The Parties preliminarily estimate that the trial will last five to eight days, and will be a jury trial.

**D.    Additional Parties (L.R. 26-1(e))**

The Parties do not anticipate the need to add parties at this time, but reserve the right to seek leave to amend the complaint to name additional defendants in a manner consistent with the Federal Rules of Civil Procedure.

//
//
//

VI. **OTHER ISSUES**

Per Federal Rule of Civil Procedure 5(b), the Parties consent to the service of discovery and other documents by electronic means, including electronic mail.

Dated: October 11, 2019          BROWNE GEORGE ROSS LLP
                                              Keith J. Wesley


                                         By:    /s/ Keith J. Wesley
                                                   Keith J. Wesley
                                         Attorneys for Plaintiff
                                         Y.Y.G.A. SA d.b.a. BRANDY MELVILLE


Dated: October 11, 2019          ZUBER LAWLER & DEL DUCA LLP
                                              Joshua M. Masur


                                         By:    /s/ Joshua M. Masur
                                                   Joshua M. Masur
                                         Attorneys for Defendant
                                         REDBUBBLE INC.


### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Keith J. Wesley, am the ECF User whose identification and password are being used to file this stipulation. Per Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 11, 2019      By:       /s/ Keith J. Wesley
                                          Keith J. Wesley