BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY
MELVILLE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>       Plaintiff,<br><br>       vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>       Defendant. | Case No. 2:19-cv-04618-RGK (FFMx)<br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER THAT DEPOSITION BE TAKEN BY REMOTE MEANS**<br><br>*[Filed concurrently with Declaration of Jason Y. Kelly; and [Proposed] Order]*<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:           June 30, 2020 |

TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") hereby applies *ex parte*, pursuant to Local Rule 7-19, for an order under Federal Rule of Civil Procedure 30(b)(4) that the deposition of Defendant Redbubble, Inc. ("Defendant"), noticed under Federal Rule of Civil Procedure 30(b)(6), be taken by the remote means of video teleconferencing services.

The grounds for this *Ex Parte* Application are as follows:

- On March 9, 2020, Plaintiff noticed a deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Rule 30(b)(6) Deposition") to take place on March 20, 2020 in San Francisco, CA (Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, Ex. 1);
- Plaintiff's counsel, Defendant's counsel, and the witness all reside in the State of California (Dkt. No. 24 at 2; Kelly Dec. ¶ 4);
- Plaintiff and Defendant met and conferred and re-scheduled the Rule 30(b)(6) Deposition for March 27, 2020 to accommodate the witness's availability (Kelly Dec., Ex. 2);
- On March 19, 2020, California Governor Gavin Newsom issued a state-wide stay-at-home order to protect the health and well-being of all Californians and to establish consistency across the state in order to slow the spread of the COVID-19 coronavirus[1];
- On March 25, 2020, Plaintiff and Defendant filed a joint stipulation to continue the case schedule as the "Parties will not be able to complete the Rule 30(b)(6) Deposition in San Francisco, CA on March 27, 2020" (Dkt. No. 24 at 3);

---

[1] (Executive Department State of California, Executive Order N-33-20, dated March 19, 2020, available at https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf (the "State Order").)

- On March 26, 2020, Plaintiff and Defendant met and conferred and agreed to conduct the Rule 30(b)(6) Deposition remotely on April 1, 2020 (Kelly Dec., Ex. 4);

- On March 27, 2020, the Court entered an order moving the discovery cut-off date to April 20, 2020 (Dkt. No. 26 at 2);

- Between March 24 and 26, Plaintiff and Defendant continued to meet and confer about conducting the Rule 30(b)(6) Deposition remotely by video and, on March 26, 2020, Defendant's counsel agreed, "We can set the depo for April 1 as a backstop" (Kelly Dec., Exs. 5-7);

- On March 31, 2020, the Counties of Marin and San Francisco extended their shelter-in-place orders from March 31, 2020 to May 3, 2020[2];

- On April 9, 2020, Plaintiff and Defendant met and conferred and agreed to conduct the Rule 30(b)(6) Deposition remotely via video teleconference on April 17, 2020 (Kelly Dec., Ex. 8);

- On April 10, 2020, Defendant rescinded its agreement to conduct the Rule 30(b)(6) Deposition remotely via video teleconference and represented that it "will not enter a Rule 30(b)(4) stipulation for a remote Rule 30(b)(6) deposition in which all participants are in separate locations" (*id*., Ex. 9).

Accordingly, Plaintiff respectfully requests an order that the Rule 30(b)(6) Deposition of Defendant be taken by the remote means of video teleconferencing services by the April 20, 2020 discovery cut-off or within five days of the Court's

---

[2]  (Order of the County Health Officer of the County of Marin to Shelter in Place, dated March 31, 2020, available at https://coronavirus.marinhhs.org/sites/default/files/2020-04/marin_final-superseding-shelter-in-place-order-accessible_0.pdf (the "Marin Order"); Order of the Health Officer No. C19-07b for City and County of San Francisco, dated March 31, 2020, available at https://www.sfdph.org/dph/alerts/files/HealthOfficerOrder-C19-07b-ShelterInPlace-03312020.pdf (the "San Francisco Order").)

order, whichever date is later, in order to ensure the court-reporting service is given adequate advance notice to arrange the necessary technological logistics.[3]

On April 13, 2020, Plaintiff's counsel provided Defendant's counsel notice of this *Ex Parte* Application, including its date and substance.   (Kelly Dec. ¶ 12.) Defendant's counsel represented that Defendant would oppose the application, at least in part.  (*Id.* ¶ 13.)

This *Ex Parte* Application is based on this application, the accompanying memorandum of points and authorities, the declaration of Jason Y. Kelly and exhibits attached thereto, the proposed order, the pleadings, documents, and records on file herein, and such further oral or documentary evidence as may be presented at any hearing on this *Ex Parte* Application.

DATED:  April 14, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By:    */s/ Keith J. Wesley*
Keith J. Wesley
Attorneys for Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

---

[3]   Plaintiff would also be amenable to a short continuance of the case schedule, including the discovery cut-off, to allow the Rule 30(b)(6) Deposition to proceed in person once the relevant shelter-in-place orders expire.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff applies *ex parte* for an order that the Rule 30(b)(6) Deposition of Defendant be taken by the remote means of video teleconferencing services by the April 20, 2020 discovery cut-off or within five days of this Court's order, whichever date is later.[4]  This request for relief is warranted because, *inter alia*:

- After Plaintiff noticed the Rule 30(b)(6) Deposition, California Governor Newsom issued the state-wide stay-at-home order, which effectively prohibits any in-person depositions in California;

- Plaintiff has repeatedly and diligently sought Defendant's agreement to proceed with the Rule 30(b)(6) Deposition remotely, but Defendant has delayed the deposition—even though Defendant previously agreed to proceed on dates where the deposition would have to be done remotely;

- The April 20, 2020 discovery cut-off is rapidly approaching; and

- At the eleventh hour, Defendant has refused to go forward with the Rule 30(b)(6) Deposition remotely via video teleconference.

At bottom, Defendant will not be prejudiced by a remote deposition, while Plaintiff will suffer substantial prejudice if he is denied this discovery.

Indeed, this Court has effectively communicated to the parties that the Rule 30(b)(6) Deposition must proceed remotely.  After the parties jointly requested that the discovery cut-off be continued to May 13, 2020 to provide, *inter alia*, "adequate time to complete discovery, including the Rule 30(b)(6) Deposition" (Dkt. No. 24 at 3), this Court continued the cut-off to April 20, 2020—an amount of time sufficient to take remote depositions, but not in-person depositions.  Defendant's

---

[4]  Plaintiff is cognizant of the rapidly approaching April 20, 2020 discovery cut-off. Depending on when this *Ex Parte* Application is decided, Plaintiff may need to conduct the Rule 30(b)(6) Deposition after the discovery cut-off to ensure the court-reporting service has sufficient time to arrange the necessary technological logistics for a remote-video deposition.

position—that depositions should not proceed remotely when the witness and the defending attorney are not in the same location—would essentially bar any deposition from going forward while the state-wide shelter-in-place order is in effect.  This flies in the face of this Court's March 27, 2020 Order (Dkt. No. 26), which did not stay this case during the pandemic or continue the trial date.  *See also* General Order No. 20-05 (C.D. Cal. Apr. 13, 2020) (ordering that "All filing deadlines will remain in place" and "hearings in civil cases will only go forward by video or telephonic conference").

Granting this application will not prejudice Defendant, but denying it will unjustly reward Defendant's delay tactics and substantially prejudice Plaintiff by precluding him from obtaining critical discovery.  Accordingly, this Court should order that the Rule 30(b)(6) Deposition proceed via video teleconferencing by the discovery cut-off or within five days of this Court's order, whichever date is later.

## II.   LOCAL RULE 7-19 REQUIREMENTS

Per Local Rule 7-19, the contact information for Defendant Redbubble, Inc.'s counsel is provided below:

| | |
|---|---|
| Joshua M. Masur | Kenneth B Wilson |
| ZUBER LAWLER | COASTSIDE LEGAL |
| 2000 Broadway Street, Suite 154 | 455 1st Avenue |
| Redwood City, CA 94063 | Half Moon Bay, CA 94019 |
| T: 650-434-8538 | T: 650-440-4211 |
| F: 213-596-5621 | F: 650-440-4851 |
| jmasur@zuberlaw.com | ken@coastsidelegal.com |

## III.   BACKGROUND

### A.   Defendant's Deposition

On March 9, 2020, Plaintiff noticed the Rule 30(b)(6) Deposition of Defendant to take place on March 20, 2020 in San Francisco, CA.  (Kelly Dec., Ex. 1.)  Plaintiff and Defendant subsequently met and conferred and re-scheduled the Rule 30(b)(6) Deposition for March 27, 2020 to account for the witness's availability.  (*Id.*, Ex. 2.)

### B.      The Impact of the COVID-19 Pandemic

On March 19, 2020, California Governor Newsom issued a state-wide stay-at-home order to protect the health and well-being of all Californians and to establish consistency across the state in order to slow the spread of coronavirus.  (*See* State Order.)   Plaintiff's counsel, Defendant's counsel, and the witness all reside in California.  (Dkt. No. 24 at 2; Kelly Dec. ¶ 4.)  On March 20, 2020, Plaintiff and Defendant met and conferred again and discussed the Rule 30(b)(6) Deposition going forward on March 30 or 31, 2020.  (Kelly Dec., Ex. 3.)  The only way the deposition could proceed then would be remotely, given, *inter alia*, the Governor's order.  (*See* State Order.)

Plaintiff's counsel followed up again on March 23, 2020 to confirm the deposition would proceed remotely on March 27, 30, or 31.  (*Id.*, Ex. 4.)  That night, Defendant's counsel confirmed: "Redbubble's 30(b)(6) designee can be available on March 30."  (*Id.*)  To ensure compliance with Rule 30(b)(4), Plaintiff's counsel specifically asked Defendant's counsel to confirm on March 24, 2020 that the "Rule 30(b)(6) deposition—planned now to go forward on Monday, March 30, 2020—[would be] taking place remotely by video."  (*Id.*, Ex. 5.)  Plaintiff's counsel also reiterated that he would need "to ensure adequate time to coordinate the logistics with the court reporter."  (*Id.*)

On March 25, 2020, as the parties were preparing to submit a joint stipulation to continue the case schedule, Plaintiff stated:  "[W]e need to secure a date to conduct the Rule 30(b)(6) deposition remotely by April 1, 2020 in the event the Court does not issue an order by the end of this week.  Please let me know if you will agree to this—including stipulate to a remote deposition before the discovery cutoff—and provide a date that the witness is available so we can make the necessary arrangements with the vendor and issue an amended remote-deposition notice."  (*Id.*, Ex. 6.)  In response, Defendant assured Plaintiff: "I'll work with the client on the remote deposition as a backup, but let's get this filed asap to improve the possibility that we

won't need to rush the depo." (*Id.*)  That afternoon, the parties submitted a joint stipulation to continue the case schedule as the "Parties will not be able to complete the Rule 30(b)(6) Deposition in San Francisco, CA on March 27, 2020." (Dkt. No. 24 at 3.)

While the parties' request was pending, Defendant agreed: "We can set the depo for April 1 as a backstop." (Kelly Dec., Ex. 5.)  Accordingly, on March 26, 2020, Plaintiff's counsel agreed to "make arrangements with the vendor for the deposition to take place remotely at 10 a.m. on April 1, 2020 in the event we do not get a decision from the Court." (*Id.*)

The Court entered the Order Granting Joint Stipulation to Extend Case Schedule on March 27, 2020, moving the discovery cut-off date to April 20, 2020. (Dkt. No. 26.)  Optimistic that an in-person deposition might be possible at a later date, the deposition did not go forward on April 1, 2020. (Kelly Dec. ¶ 9.)  Just days later, the Counties of Marin and San Francisco extended their shelter-in-place orders from March 31, 2020 to May 3, 2020. (Marin Order; San Francisco Order.)  As a result, the Rule 30(b)(6) Deposition would need to proceed remotely under the new case schedule.

### C.    The Parties' Continued Meet and Confers in April 2020

On April 3, 2020, Plaintiff followed up with Defendant, requesting the witness's availability on April 13 and 15, 2020 and confirmation that the deposition would proceed remotely by video. (Kelly Dec., Ex. 8.)  In response, Defendant's counsel represented that he had conflicts on those dates and sought to further delay the Rule 30(b)(6) Deposition "given the likelihood that the Court will provide further schedule guidance in the next 10 days." (*Id.*)

On April 9, 2020, Defendant agreed that "we should be able to make the 17th work" for the Rule 30(b)(6) Deposition. (*Id.*)  Given the shelter-in-place orders issued by the Governor, as well as the Counties of Marin and San Francisco, any deposition on April 17, 2020 would have to proceed remotely.  Accordingly, Plaintiff confirmed

1  the deposition would proceed on April 17.  (*Id.*)

2      A week before the Rule 30(b)(6) Deposition and just ten days before the close
3  of discovery, Defendant withdrew its agreement to go forward on April 17, 2020. (*Id.*,
4  Ex. 9.)   Defendant's counsel provided notice that Defendant "will not enter a
5  Rule 30(b)(4) stipulation for a remote Rule 30(b)(6) deposition in which all
6  participants are in separate locations"—which, under the current circumstances, is the
7  only way a remote deposition could proceed in this case.  (*Id.*)

8      **D.    Notice of the *Ex Parte* Application**

9      On Monday, April 13, 2020, at 3:23 p.m., Plaintiff's counsel met and conferred
10 with Defendant's counsel regarding the Rule 30(b)(6) Deposition. (*Id.* ¶ 12, Ex. 10.)
11 Plaintiff's counsel asked Defendant to reconsider its representation that it would no
12 longer agree to a remote-video deposition under Rule 30(b)(4).  (*Id.*)   Defendant
13 refused.   (*Id.*)   Accordingly, Plaintiff's counsel provided notice and advised
14 Defendant that Plaintiff would file an *ex parte* application on Tuesday, April 14, 2020
15 for an order from the Court requiring the Rule 30(b)(6) Deposition to proceed
16 remotely via video teleconferencing services by the discovery cut-off or within 5 days
17 of the Court's Order, which ever date is later, to ensure adequate time for the court-
18 reporting service to make the necessary logistical arrangements.  (*Id.*)   Plaintiff's
19 counsel also stated that the *ex parte* application would note that Plaintiff is amenable
20 to an extension of the case schedule so that the deposition could proceed in person
21 shortly after the relevant shelter-in-place orders expire.  (*Id.*)   Plaintiff's counsel
22 further informed Defendant that its opposing papers must be filed no later than
23 3:00 p.m. on the first business day following service and that, if Defendant does not
24 intend to oppose the application, it must inform the Courtroom Deputy Clerk at
25 213.894.2649.  (*Id.*)

26     In response, Defendant's counsel represented that Defendant would oppose the
27 application as to the remote-video deposition and that Defendant could not agree at
28 this time to any continuance of the case schedule.  (*Id.* ¶ 13, Ex. 10.)

# IV.   ARGUMENT

## A.   Video Depositions Have Been Favored, Even Before COVID-19.

Courts are authorized to order that a deposition be taken by telephone or other remote means.  Fed. R. Civ. P. 30(b)(4); *Guillen v. Bank of Am. Corp.*, No. 10-cv-5825, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011).  District courts have long recognized that "experimentation in new methods of recording depositions should be encouraged," including video teleconference depositions, which are "cost-effective." *Id.*; *Carrico v. Samsung Elecs. Co., Ltd.*, No. 15-cv-2087, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("[R]emote videoconference depositions can be an effective and efficient means of reducing costs.").

The party opposing a remote deposition carries the burden of demonstrating how they would be prejudiced by the remote deposition.  *Clinton v. Cal. Dep't of Corrs.*, No. 05-cv-1600, 2009 WL 210459, at *3-4 (E.D. Cal. Jan. 20, 2009) ("[A] Rule 30(b)(4) motion should be granted absent a showing of prejudice to another party."); *Guillen*, 2011 WL 3939690, at *1.  Even before the COVID-19 pandemic made remote depositions a necessity, resisting parties often failed to carry this burden. *E.g.*, *Rice's Toyota World, Inc. v. Se. Toyota Distributors, Inc.*, 114 F.R.D. 647, 648 (M.D. N.C. 1987); *Riley v. Murdock*, 156 F.R.D. 130 (E.D. N.C. 1994) (permitting videotaped deposition); *Fanelli v. Centenary College*, 211 F.R.D. 268 (D. N.J. 2002) (anxiety over videotaping insufficient to warrant a protective order).

## B.   A Video Deposition Will Not Prejudice Defendant.

Defendant cannot carry it burden.  Defendant has not claimed—and cannot claim—that a video deposition would be inefficient, inaccurate, or untrustworthy, because it would not be any of those things.  (*See* Kelly Dec. ¶ 15, Ex. 10.)  Instead, Defendant resists a remote video deposition because Defendant's counsel would prefer to sit in the same room as the witness.  (*See id.*, Ex. 10.)[5]  This argument has

---

[5]   Defendant also attempts to blame Plaintiff for noticing the deposition in

been rejected before. *E.g.*, *Kaseberg v. Conaco, LLC*, No. 15-cv-1637, 2016 WL 8729927, at *6 (S.D. Cal. Aug. 19, 2016) (ordering remote deposition where defendant's counsel argued it would be prejudiced by, *inter alia*, "not being present with the witness during the deposition"). And for good reason: there is no prejudice to Defendant. Plaintiff's counsel, who is in southern California, will not be physically around or alone with Defendant's witness. (Kelly Dec. ¶ 15.) There also is no reason why the witness and his counsel would not able to communicate during breaks and on the record, just as they would at an in-person deposition. (*Id.*)

**C.   This Deposition Is Necessary to Avoid Severe Prejudice to Plaintiff.**

In contrast, Plaintiff will be substantially prejudiced if the remote deposition does not go forward. Not only is a remote videoconference deposition effective and efficient, it is the ***only*** means by which Plaintiff may depose the witness. ***This is the only fact deposition that Plaintiff is taking in this case.*** (*Id.*) The state and local governments have issued stay-at-home orders (*e.g.*, State Order; Marin Order; San Francisco Order; *see also* General Order No. 20-05 (C.D. Cal. Apr. 13, 2020)) in response to COVID-19. Litigants must, therefore, leverage practical, flexible solutions to cope with the resulting challenges. Plaintiff's counsel has repeatedly attempted to accommodate the witness's availability and confirm the logistics of the deposition, but Defendant has responded with delay tactics and non-committal responses. (Kelly Dec., Exs. 2-9.) And then, at the eleventh hour, Defendant refused to produce its witness based on a purported prejudice that did not stop Defendant from previously agreeing to proceed with the Rule 30(b)(6) Deposition on dates where a remote deposition would be necessary. (*Id.*, Exs. 5, 8, 10.)

---

March 2020. (*See id.*) This argument is baseless. Plaintiff timely served the notice for the Rule 30(b)(6) Deposition (*id.*, Ex. 1) and, after the COVID-19 pandemic began to result in stay-at-home orders, met and conferred with Defendant repeatedly to change the means to a video teleconference—a change Defendant discussed and to which it previously agreed (*id.*, Exs. 2-9).

1    This Court should not reward Defendant's conduct that will unfairly prejudice

2  Plaintiff.  Unless the Court intervenes, Defendant's gamesmanship and dilatory tactics

3  will prevail, operating as an absolute bar to a deposition that Plaintiff timely noticed

4  and respectfully worked with Defendant to schedule.   Only through the use of

5  technology can the parties conduct the Rule 30(b)(6) Deposition without any

6  exposure to the COVID-19 virus (*see* Kelly Dec. ¶ 15, Ex. 5) and without disturbing

7  the case schedule.

8  **V.    CONCLUSION**

9    Accordingly, Plaintiff requests that this Court order the Rule 30(b)(6)

10  Deposition of Defendant be taken by the remote means of video teleconferencing

11  services by April 20, 2020 or within five days of this Court's order, whichever is later.

12

13  DATED:  April 14, 2020        BROWNE GEORGE ROSS LLP

14                                Keith J. Wesley
                                  Ryan Q. Keech
15                                Jason Y. Kelly

16                          By:      */s/ Keith J. Wesley*
17                                _____
                                     Keith J. Wesley
18                          Attorneys for Y.Y.G.M. SA d.b.a. BRANDY
                            MELVILLE
19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER THAT DEPOSITION BE TAKEN BY REMOTE MEANS

1    <u>**CERTIFICATE OF SERVICE**</u>

2         I hereby certify that on this 14th day of April, 2020, I electronically filed the

3    foregoing  **PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER THAT**

4    **DEPOSITION BE TAKEN BY REMOTE MEANS** with the Clerk of the Court

5    using the CM/ECF system which will send notification of such filing to the

6    following:

7                              <u>**SERVICE LIST**</u>

8              **Y.Y.G.M. SA d.b.a. Brandy Melville v Redbubble, Inc.**
              **USDC, Central District - Case No. 2:19-cv-04618 RGK**
9                                   **(FFMx)**

10        Joshua M. Masur                    *Counsel for Defendant*
          ZUBER LAWLER                       *Redbubble, Inc.*
11        2000 Broadway Street, Suite 154
          Redwood City, CA  94063
12        Tel:   (650)434-8538
          Fax:   (213)596-5621
13        Email*:*    *imasur@zuberlaw.com*

14        Kenneth B Wilson                   *Co-Counsel for Defendant*
          COASTSIDE LEGAL                    *Redbubble, Inc.*
15        455 1st Avenue
          Half Moon Bay, CA 94019
16        Tel:   (650)440-4211
          Fax:   (650)440-4851
17        Email*:*
              *ken@coastsidelegal.com*
18

19

20

21

22

23

24        _____

25        Jeremy Berk

26

27

28