# EXHIBIT 9

## Jason Kelly

| | |
|---|---|
| **From:** | Joshua Masur <JMasur@zuberlawler.com> |
| **Sent:** | Friday, April 10, 2020 12:15 PM |
| **To:** | Jason Kelly |
| **Cc:** | Debora Sanfelippo; Ken Wilson; Zachary S. Davidson |
| **Subject:** | RE: Brandy Melville v. Redbubble -- Call on April 9, 2020 |

Jason –

You will recall that, from the first time that you proposed taking Redbubble's Rule 30(b)(6) deposition by remote means, I have agreed to discuss logistics for a potential deposition. However, I have expressly deferred agreeing to stipulate under Rule 30(b)(4) while we determined whether the Court would extend the case schedule in light of the global pandemic. I explicitly advised you that, while I have participated in depositions taken by remote means, I have never done so where the witness and defending counsel were not co-located.

I've now had the opportunity, for the first time in my career, to participate in a deposition being conducted remotely with all participants in separate locations. With the benefit of that experience, I am convinced that while it may be workable in some circumstances, it would be a particularly inappropriate mechanism for a Rule 30(b)(6) deposition. I also note that, while the scope of the global pandemic may not have been able to be anticipated, Brandy Melville's express election to defer taking any depositions until after the mediation carried certain consequences that should not redound to Redbubble's disadvantage.

Accordingly, Redbubble cannot and will not waive its objections, and will not enter a Rule 30(b)(4) stipulation for a remote Rule 30(b)(6) deposition in which all participants are in separate locations.

We are amenable to filing another stipulation asking the court to extend the discovery deadline to permit an in-person deposition in May, by which time the current restrictions may be lifted or loosened. We suggest that you also explore expanding your reuse of the transcript from the Atari case, perhaps supplemented by a deposition on written questions or a supplemental set of interrogatories. If you choose to move for a Rule 30(b)(4) order, we would work with you to try to expedite the briefing process.

Thanks.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Friday, April 10, 2020 1:32 AM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** Brandy Melville v. Redbubble -- Call on April 9, 2020

1

Josh,

I write to confirm our call yesterday.

Regarding the errata sheets for the Rianna and Elkins deposition transcripts, you reserved your rights, but also represented that Redbubble would not object to any minor changes to account for issues like typos and misspelled words.

Regarding the confidentiality designation of the Rianna and Elkins deposition transcripts, the parties disagree about whether Section 5.3 of the Protective Order applies to designations made before the discovery cut-off.  In any event, I expressed that my concern is less about whether and/or with whom Redbubble has already shared the Rianna and Elkins deposition transcripts for purposes of this litigation and more about ensuring that Brandy Melville's confidential and sensitive information is not publicly disclosed (particularly on the public docket).  You were receptive to my concern about the public docket and open to the parties meeting and conferring about this issue after seeing what specific testimony Brandy Melville intends to designate confidential under the Protective Order.

Finally, you represented that you expect to be able to confirm today that the Rule 30(b)(6) deposition can start remotely at 11 a.m. on Friday, April 17, 2020.  Please let me know so we can serve an amended deposition notice and make the appropriate logistical arrangements.

Thank you for your attention.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Main 310.274.7100 | Fax 310.275.5697
jkelly@bgrfirm.com
www.bgrfirm.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
_____