# EXHIBIT 10

**Jason Kelly**

| | |
|---|---|
| **From:** | Joshua Masur <JMasur@zuberlawler.com> |
| **Sent:** | Tuesday, April 14, 2020 11:55 AM |
| **To:** | Jason Kelly |
| **Cc:** | Debora Sanfelippo; Ken Wilson; Zachary S. Davidson |
| **Subject:** | RE: Brandy Melville v. Redbubble -- April 13, 2020 Call |

Your statement that "Redbubble [will] no longer agree to a remote-video deposition under Rule 30(b)(4)" is not accurate.  I agreed to work with you on the logistics for setting up a remote deposition so that we could determine whether it would be possible, but expressly and repeatedly reserved agreeing to stipulate to doing so.

You are correct "that Redbubble does not object to a remote-video deposition per se, but to a remote-video deposition wherein [the defending attorney] and Redbubble's witness are not in the same location."  You are correct that that is currently impossible to do without violating the shelter-in-place orders, but that's a function of timing.  And that timing is, quite frankly, plaintiff's fault, not Redbubble's.  In an apparent penny-pinching measure, plaintiff decided to delay the deposition until after the mediation, even as the risk of COVID started to become clear and the parties made incremental accommodations to the mediation logistics.

I also explicitly offered, before you proposed it, that Redbubble would stipulate – to use your language – "to an extension of the case schedule so that the deposition could proceed in person shortly after the shelter-in-place orders expire."  You expressed concern about whether the Court would agree to push other items in the schedule, including the trial date, to accommodate that.  I understand that concern, but again, we are talking about a problem of plaintiff's own making.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com  |  www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Tuesday, April 14, 2020 11:34 AM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** Brandy Melville v. Redbubble -- April 13, 2020 Call

Josh,

I hope that you are well.  I write to confirm our discussion on the phone yesterday regarding the remote-video deposition of Redbubble pursuant to Rule 30(b)(6).

I asked you to reconsider your April 10, 2020 email representing that Redbubble would no longer agree to a remote-video deposition under Rule 30(b)(4).  I pointed out that Redbubble had previously agreed to go forward with this deposition on April 1 and 17, in which case the deposition would have to take place remotely.  You represented that Redbubble does not object to a remote-video deposition per se, but to a remote-video deposition wherein you and

1

Redbubble's witness are not in the same location, which is—and, for weeks, has been—the only way a remote deposition could take place under the current shelter-in-place orders.

Accordingly, I orally provided notice and advised you that Plaintiff would file an *ex parte* application on Tuesday, April 14, 2020 for an order from the Court requiring the Rule 30(b)(6) deposition of Redbubble to proceed remotely via video teleconferencing services by the discovery cut-off or within 5 days of the Court's Order (to ensure adequate time for the court-reporting service to make the necessary arrangements).  I also stated that the application would state that Plaintiff is amenable to an extension of the case schedule so that the deposition could proceed in person shortly after the shelter-in-place orders expire.  I further informed you that Redbubble's opposing papers must be filed no later than 3 p.m. on the first business day following service and that, if Redbubble does not intend to oppose the application, it must inform the Courtroom Deputy Clerk at 213.894.2649.

In response, you represented that Redbubble would oppose the application as to the remote-video deposition and could not agree at this time to any continuance of the case schedule.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Main 310.274.7100 | Fax 310.275.5697
jkelly@bgrfirm.com
www.bgrfirm.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
_____