KENNETH B. WILSON (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
  zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>                        Plaintiff,<br><br>        v.<br><br>REDBUBBLE INC.,<br><br>                        Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT REDBUBBLE INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER THAT DEPOSITION BE TAKEN BY REMOTE MEANS**<br><br>[Filed Concurrently with Declaration of Joshua M. Masur] |

1   Plaintiff's Ex Parte Application is most notable for its omissions, starting with

2   its failure even to mention Local Rule 37-3:

3   Unless the Court in its discretion otherwise allows, no

4   discovery motions[1] may be filed or heard on an ex parte

5   basis absent a showing of irreparable injury or prejudice

6   not attributable to the lack of diligence of the moving

7   party.

8   For the simple reason that no injury or prejudice would threaten Plaintiff

9   absent its own lack of diligence, the Ex Parte Application should be denied. But

10  even if Plaintiff had been diligent, Redbubble should not be required to put up a

11  Rule 30(b)(6) designee without defending counsel in the same location. And

12  Plaintiff's attempts to justify the Application by repeatedly misrepresenting the

13  record – including offering a misleading timeline and denying that Redbubble

14  agreed to the very alternative relief that Redbubble had itself proposed – should not

15  be rewarded.

16  **I.    Plaintiff's Timeline Conceals Its Lack of Diligence; Plaintiff Waited**

17  **Months, Until Shortly Before the Discovery Cut-Off Date, to Notice the**

18  **Deposition.**

19  Plaintiff obscures its own lack of diligence by starting its timeline on

20  March 9, 2020, when Plaintiff noticed Redbubble's Rule 30(b)(6) deposition. Ex

21  Parte App. at 2. But Plaintiff did not even notice this deposition until March 9,

22  2020, just a few weeks before the April 1, 2020 discovery cut-off date. Dkt. No. 16

23  at 1.

24  Plaintiff fails to inform the Court that the parties began to discuss logistics for

25  its depositions of Redbubble's witnesses no later than January 16, 2020, almost two

26

27

28  [1] Local Rule 37-1 implicitly defines "discovery motion" as "any motion relating to discovery under F.Rs.Civ.P. 26-37," including depositions under Fed. R. Civ. P. 30.

1   full months before it served its notice.  *See* Masur Decl., Ex. A (1/16/2020 email

2   from K. Wesley).  Five weeks later, on February 24, 2020, Plaintiff's counsel

3   abruptly informed the undersigned that Plaintiff would not depose any witness until,

4   at the very earliest, March 18, 2020 – two weeks before the discovery cut-off date.

5   *See* Masur Decl., Ex. B (2/24/2020 email from J. Kelly).  Plaintiff's counsel's

6   "confirming" email, *see id.*, omits his representation that Plaintiff had decided to

7   wait until after the mediation to take any depositions, presumably to avoid the

8   attendant expense in the event that settlement could be reached.  *See* Dkt. No. 28-10

9   (4/10/2020 Masur email) (noting "Brandy Melville's express election to defer taking

10  any depositions until after the mediation"); Dkt. No. 28-11 (4/14/2020 Masur email)

11  ("In an apparent penny-pinching measure, plaintiff decided to delay the deposition

12  until after the mediation, even as the risk of COVID started to become clear and the

13  parties made incremental accommodations to the mediation logistics.").

14      Plaintiff would have this Court ignore that the effects of the pandemic on this

15  deposition would have been avoided entirely, had Plaintiff simply not delayed until

16  almost the discovery cut-off to notice, much less take, a single deposition.  Plaintiff

17  was, of course, free to make the tactical decision to save costs by waiting until after

18  the parties' mediation – which was actually held six weeks before the ordered

19  deadline, Dkt. No. 18 – before taking a deposition.  But Plaintiff's lack of diligence

20  in noticing and taking the deposition should not be rewarded *ex parte*, and the

21  consequences of its lack of diligence should not fall on Redbubble.

22  **II.    Redbubble Never Agreed to a Rule 30(b)(6) Deposition by Video with the**

23  **Deponent and Defending Attorney in Different Locations.**

24      Plaintiff's own exhibits show that, despite Plaintiff's counsel's request that

25  counsel for Redbubble "confirm that Redbubble will stipulate to the Rule 30(b)(6)

26  deposition … taking place remotely by video" (Dkt. No. 28-6), counsel for

27  Redbubble never did.  To be clear, Redbubble has always been willing to agree to a

28  remote deposition with the protections set forth in the Federal Rules – *i.e.*, with a

court reporter and the defending attorney in the same room as the deponent, regardless of the location of the questioning attorney – and to delay the deposition until those conditions can be met. But Redbubble has consistently and strenuously objected to any deposition without those protections.

Redbubble agreed to work with Plaintiff to schedule the deposition in hopes that the relevant orders and instructions would lift in time to permit an ordinary deposition. Redbubble's counsel also undertook significant efforts to learn about how a remote deposition with each participant located remotely could work, including not simply reviewing a provider's promotional material, but actually attending such a deposition last week. *See* Dkt. No. 28-10 (4/10/2020 Masur email).

Plaintiff suggests that Redbubble reneged on an implicit agreement to permit the deposition to proceed by videoconference with the Rule 30(b)(6) deponent and defending attorney in separate locations. With the benefit of hindsight, Plaintiff suggests that at the time the parties were negotiating specific dates to reschedule Plaintiff's deposition of Redbubble, Redbubble knew or should have known that the negotiated dates would be impacted by the stay-at-home orders, and therefore, Redbubble's willingness to discuss scheduling at all implicitly agreed that the deposition would proceed.

But assumptions of clairvoyance cut both ways. Plaintiff did not notice the deposition until March 9, 2020, by which time the noticed venue, San Francisco, had already restricted activity such that an in-person deposition was infeasible at best. Plaintiff's timeline of local issues in San Francisco, where it noticed the deposition to take place, begins with the March 31 extension of its shelter-in-place order to May 3. Ex Parte App. at 3. But before Plaintiff noticed the deposition, San Francisco had already explicitly instructed businesses to "Minimize Exposure" by "[s]uspend[ing] nonessential employee travel" and "[m]inimiz[ing] the number of employees working within arm's length of one another, including minimizing or

1   canceling large in-person meetings and conferences."[2]  Assuming, *arguendo*, that
2   Plaintiff were correct that at the time the parties were discussing potentially
3   rescheduling the deposition, Redbubble should have known that a remote deposition
4   would be necessary, there should be no dispute that Plaintiff had that same
5   knowledge before it even served a deposition notice *for a physical location in San*
6   *Francisco*, with no mention of remote means.  See Dkt. No. 28-2 at 2 (Page
7   ID #:138).

8           In short, Redbubble consistently raised concerns regarding defending a
9   Rule 30(b)(6) deposition in which the defending witness could not be in the same
10  location as the designee.  The Court should not punish Redbubble's good-faith
11  attempts to work with counsel for Plaintiff to attempt to address deposition logistics
12  in the interim.

13  **III.    Redbubble Should Not Be Forced to Permit a Rule 30(b)(6) Deposition by**
14  **        Video with the Deponent and Defending Attorney in Different Locations.**

15          Redbubble does not dispute that remote deposition would be reasonable here.
16  Indeed, the undersigned has both taken and defended depositions conducted through
17  remote means.  However, what counsel to Redbubble has *not* done[3] is to attempt to

18
19  _____

20  [2] Office of the Mayor, San Francisco, "Public Health Recommendations as of
    March 6," dated March 6, 2020, at 3, available at
21  <https://www.sfdph.org/dph/alerts/files/Updated-DPH-Recommendations_COVID-
22  19-English-03062020.pdf#page=3>.

23          Plaintiff similarly manipulates its timeline of statewide events.  Plaintiff
    mentions Governor Newsom's stay-at-home order, issued on March 19, 2020, Ex
24  Parte App. at 2, but omits that Governor Newsom had already declared a state of
25  emergency over two weeks before, before Plaintiff even noticed the deposition.  *See*
    Executive Department, State of California, "Proclamation of a State of Emergency,"
26  dated March 4, 2020, available at <https://www.gov.ca.gov/wp-
27  content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf>.

28  [3] And, based on the record, it appears that Plaintiff's counsel has not either.

defend a deposition of *any* witness – much less a Rule 30(b)(6) designee whose testimony binds the party – who is not in the same physical location.[4]

Plaintiff mischaracterizes Redbubble as taking the "position … that depositions should not proceed remotely when the witness and the defending attorney are not in the same location." Redbubble's position is not nearly so broad – in fact, the undersigned counsel explicitly represented that he had participated in just such a deposition last week:

> I've now had the opportunity, for the first time in my career, to participate in a deposition being conducted remotely with all participants in separate locations. With the benefit of that experience, I am convinced that while it may be workable in some circumstances, it would be a particularly inappropriate mechanism for a Rule 30(b)(6) deposition.

Dkt. No. 28-10 (4/10/2020 Masur email). Put simply, the issue is not whether depositions, in the abstract, should go forward remotely, but whether this Rule 30(b)(6) deposition should.

The fact that Plaintiff's Application cites a single unreported opinion, *Kaseberg v. Conaco, LLC*, No. 15-cv-1637, 2016 WL 8729927 (S.D. Cal. Aug. 19, 2016), suggests just how unusual it is to conduct a deposition in which the deponent and defending attorney are remote from each other. Plaintiff describes *Kaseberg* – which, it bears noting, Plaintiff's counsel did not identify to counsel for Redbubble prior to the literal eleventh-hour filing of the instant Application – as "ordering remote deposition where defendant's counsel argued it would be prejudiced by, *inter alia*, 'not being present with the witness during the deposition.'" Ex Parte App.

---

[4] Redbubble notes that Rule 30(b)(5) also requires that, "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28."

at 11.  But even a cursory examination of *Kaseberg* reveals that it cannot support a Rule 30(b)(6) deposition in the circumstances before this Court.  The witness in *Kaseberg* was far from a Rule 30(b)(6) designee; rather, he was "a former" employee whose deposition was "anticipated to be … short."  2016 WL 8729927, at *5, *6.  And the actual dispute between the parties in *Kaseberg* – who jointly moved that court for a Rule 30(b)(4) order – was not whether a remote deposition should be conducted, but whether the court should order that "Plaintiff to split the costs of Defendants' counsel's travel … and provide documents in advance of the deposition" as a condition for doing so.  *Id.* at *5.  *Kaseberg* simply cannot bear the burden Plaintiff assigns to it.

Rule 30(b)(6) testimony is not ordinary deposition testimony.  Redbubble has a duty to educate its designee with "information known or reasonably available to the organization" regarding the noticed topics.  Here, those topics are sufficiently overbroad that it would be impossible for Redbubble to educate any designee to testify fully in advance.  *See* Dkt. No. 28-2 at 4-6 (Page ID #:140-42).  Although Plaintiff's failure to comply with Local Rule 37-3 requires that Redbubble need show no prejudice, the fact remains that requiring the deposition to go forward with the witness unable to consult with counsel as needed would severely prejudice Redbubble.  This Court should not so order, particularly where an alternative not only exists, but was affirmatively offered by Redbubble.

## IV.   Redbubble Explicitly, Affirmatively, and Repeatedly Offered the Alternative Relief Sought by Plaintiff.

As alternative relief, Plaintiff states that it "would also be amenable to a short continuance of the case schedule, including the discovery cut-off, to allow the Rule 30(b)(6) Deposition to proceed in person once the relevant shelter-in-place orders expire."  *Ex Parte* App. at 4, n. 3.  Plaintiff falsely states that, on April 13, 2020, the undersigned "represented … that Defendant could not agree at this time to any continuance of the case schedule."  Ex Parte App. at 9.

In reality, as the very exhibits purportedly supporting the Application document, counsel for Redbubble not only represented that it would agree to a continuance, counsel explicitly and repeatedly offered to do so.

On April 10, the undersigned counsel offered:

> We are amenable to filing another stipulation asking the court to extend the discovery deadline to permit an in-person deposition in May, by which time the current restrictions may be lifted or loosened.

Dkt. No. 28-10 (4/10/2020 Masur email).[5]  The undersigned repeated that offer verbally on April 13, and confirmed it on April 14:

> I also explicitly offered, before you proposed it, that Redbubble would stipulate – to use your language – "to an extension of the case schedule so that the deposition could proceed in person shortly after the shelter-in-place orders expire." You expressed concern about whether the Court would agree to push other items in the schedule, including the trial date, to accommodate that. I understand that concern, but again, we are talking about a problem of plaintiff's own making.

Dkt. No. 28-11 (4/14/2020 Masur email).

Plaintiff instead elected to bring this application in violation of Local Rule 37-3.

To be clear, Redbubble's offer to stipulate to an extension of the case schedule remains.  Indeed, Redbubble is willing to permit the deposition at any point before trial, so long as the procedural protections afforded by Rule 30 are

---

[5] Notably, the undersigned also offered that, if Plaintiff were to "choose to move for a Rule 30(b)(4) order, we would work with you to try to expedite the briefing process," which would have obviated any arguable basis for an ex parte application.

observed or accounted for.  Redbubble would also be amenable to a Rule 31 deposition by written questions.  Plaintiff's refusal to abide by the letter and spirit of Local Rule 37-1, which requires that "[b]efore filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," should not be rewarded.

**V.      Conclusion.**

Plaintiff's decision to delay even noticing, much less taking, Redbubble's deposition has consequences.  Those consequences should fall on Plaintiff – the party that delayed noticing and taking the deposition until shortly before the discovery cut-off, by which time the deposition never could have been taken in person.  In meet and confer, Redbubble affirmatively offered, and Plaintiff rejected, the precise alternative relief that Plaintiff represents would be acceptable, and also offered to cooperate in a procedural approach that would have avoided burdening the Court with an ex parte application.

Because any "injury or prejudice [is] attributable to the lack of diligence of the moving party," namely Plaintiff, Local Rule 37-3 requires that the Ex Parte Application be denied.

Dated:  April 15, 2020.                    Respectfully submitted,

                                           COASTSIDE LEGAL
                                           KENNETH B. WILSON

                                           ZUBER LAWLER & DEL DUCA LLP
                                           JOSHUA M. MASUR
                                           ZACHARY S DAVIDSON

                                           By:  */s/ Joshua M. Masur*
                                                Joshua M. Masur
                                                Attorneys for Defendant
                                                Redbubble Inc.