COASTSIDE LEGAL
Kenneth B. Wilson (SBN 130009)
  ken@coastsidelegal.com
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

ZUBER LAWLER & DEL DUCA LLP
Joshua M. Masur (SBN 203510)
  jmasur@zuberlawler.com
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 434-8538
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-JPR<br><br>**DEFENDANT'S EX PARTE APPLICATION TO EXTEND CASE SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]<br><br>Judge:  Hon. R. Gary Klausner<br><br>Pretrial Conference: June 15, 2020<br>Trial Date: June 30. 2020 |

TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant hereby applies *ex parte*, pursuant to Local Rule 7-19, for an order extending the case schedule in light of "the extraordinary circumstances arising because of the coronavirus pandemic, the specifics of which could not have been entirely anticipated by anyone." (Dkt. No. 31 at 2.)

The grounds for this *Ex Parte* Application are as follows:

1. On October 21, 2019, this Court held the Scheduling Conference and set the following dates (Dkt. No. 16):

    1. The Discovery Cut-Off Date is April 1, 2020,

    2. The Motion Cut-Off Date is April 15, 2020,

    3. The Pretrial Conference is scheduled on June 15, 2020 at 9:00 AM, and

    4. The Jury Trial is scheduled to begin on June 30, 2020 at 9:00 AM;

2. On March 16, 2020, the Counties of San Francisco (where Defendant resides) and San Mateo (where Defendants' counsel reside and work) issued orders directing their residents to shelter at home through April 7, 2020, at a minimum, because of the coronavirus pandemic, which orders have subsequently been extended through at least May 3, 2020;

3. On March 19, 2020, the City of Los Angeles issued an order directing residents to isolate themselves in their residences through April 19, 2020, at a minimum, because of the coronavirus pandemic;

4. On March 19, 2020, Chief Judge Virginia A. Phillips of the Central District of California issued Order of Chief Judge No. 20-042, ordering that, *inter alia*, "All of the Courthouses of the Central District of California will be closed to the public except for hearings on criminal duty matters" and "In civil cases, no hearings will go forward except for emergency time-sensitive matters, such as requests for temporary restraining orders and preliminary injunctions…";

5. On March 25, 2020, the Parties stipulated (Dkt. No. 24) to extend the case schedule, requesting that the Court extend the following dates:

    1. The Discovery Cut-Off Date to May 13, 2020,

    2. The Motion Cut-Off Date to May 27, 2020,

    3. The Pretrial Conference to August 3, 2020 at 9:00 AM, and

    4. The Jury Trial to begin on August 18, 2020 at 9:00 AM;

6. On March 27, 2020, the Court entered an Order (Dkt. No. 26) extending the Discovery Cut-Off Date to April 20, 2020 and the Motion Cut-Off Date to May 4, but maintaining the Pretrial Conference and Trial dates;

7. On April 13, 2020, Chief Judge Virginia A. Phillips of the Central District of California issued General Order No. 20-05, which extended Order of Chief Judge No. 20-042 through and including June 1, 2020, and which suspended "call[ing] in jurors for service in civil or criminal jury trials until after June 1, 2020 or otherwise ordered by the Court," while allowing "Individual Judges [to] issue other orders concerning future continuances as necessary and appropriate";

8. General Order No. 20-05 has ordered the Courthouse closed and suspended empaneling juries until at least June 1, 2020, only two weeks before the Pretrial Conference is currently scheduled;

9. The Parties briefed a dispute *ex parte* regarding whether the deposition of Defendant's Rule 30(b)(6) designee should proceed by remote means, notwithstanding that the designee and defending counsel could not be present in the same physical location due to the ongoing public health orders (Dkt. Nos. 28, 29);

10. On April 16, 2020, Magistrate Judge Rosenbluth issued an Order (Dkt. No. 31) granting Plaintiff's *ex parte* application, but in so doing, appeared to suggest that the parties seek an extension to the case schedule: "Pursuant to Federal Rule of Civil Procedure 30(b)(4), Defendant is ordered to produce its witness for deposition to be taken by the remote means of video teleconferencing services, on or before April 20, 2020 or within five days of this order, whichever date is later, *unless the*

*District Judge continues the discovery-cutoff date at the request of one or both parties*" (emphasis added);

11. Due to what Magistrate Judge Rosenbluth described as "the extraordinary circumstances arising because of the coronavirus pandemic, the specifics of which could not have been entirely anticipated by anyone" (Dkt. No. 31 at 2), the orders issued by the County of San Francisco, the County of Marin, and the City of Los Angeles, Order of Chief Judge No. 20-042, and General Order No. 20-05, and other authorities and restrictions, the Courthouse will be closed and the Court will not empanel juries until at least June 1, 2020, only two weeks before the Pretrial Conference is currently scheduled;

12. Once the Courthouse reopens and the Court is free to begin to empanel juries, the undersigned understands that there is an anticipated backlog of other business before the Court, including criminal trials subject to constitutional and statutory timing restrictions, such that it will likely be impractical for the trial to proceed as scheduled;

13. Federal Rule of Civil Procedure 16(b)(4) requires good cause and judicial consent to modify a scheduling order;

14. There is good cause to modify the schedule in this case and an extension of at least six- to seven-weeks will not prejudice either party or result in undue delay; and

15. The Parties have previously requested similar relief from this Court (Dkt. No. 24).

Accordingly, Defendant respectfully requests an order extending the case schedule as follows:

- The Discovery Cut-Off Date shall be extended from April 20, 2020 to at least May 13, 2020, as the Court's schedule permits;

- The Motion Cut-Off Date (last day to file) shall be extended from May 4, 2020 to at least May 27, 2020, as the Court's schedule permits;
- The Pretrial Conference shall be continued from June 15, 2020 at 9:00 AM to at least August 3, 2020 at 9:00 AM, as the Court's schedule permits; and
- The Jury Trial (Est. 5-8 days) shall be continued from June 30, 2020 at 9:00 AM to at least August 18, 2020 at 9:00 AM, as the Court's schedule permits.

On April 16, 2020, Defendant's undersigned counsel provided Plaintiff's counsel, Jason Kelly, with a proposed stipulation to the effect of the above. (Masur Dec. ¶ 2.) In a telephone call on April 17, 2020, Plaintiff's counsel, Mr. Kelly, advised Defendant's undersigned counsel that Plaintiff would not agree to join a stipulation. (Masur Dec. ¶ 3.) Accordingly, in that same call, the undersigned provided Plaintiff's counsel notice of this *Ex Parte* Application, including its date and substance. (*Id.*) Plaintiff's counsel represented that Plaintiff had expected that Defendant would seek to file this *Ex Parte* Application, and had not yet decided whether it would oppose. (*Id.*)

This *Ex Parte* Application is based on this application, the accompanying memorandum of points and authorities, the declaration of Joshua M. Masur, the proposed order, the pleadings, documents, and records on file herein, and such further oral or documentary evidence as may be presented at any hearing on this *Ex Parte* Application.

Dated: April 17, 2020                     ZUBER LAWLER & DEL DUCA LLP
                                          Joshua M. Masur

                                          By:  */s/ Joshua M. Masur*
                                                Joshua M. Masur
                                          Attorneys for Defendant Redbubble Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant applies *ex parte* for an order extending the case schedule in light of "the extraordinary circumstances arising because of the coronavirus pandemic, the specifics of which could not have been entirely anticipated by anyone." (Dkt. No. 31 at 2.)

As the Court is aware, on October 21, 2019, it held the Scheduling Conference and set the following dates (Dkt. No. 16):

    1. The Discovery Cut-Off Date is April 1, 2020,

    2. The Motion Cut-Off Date is April 15, 2020,

    3. The Pretrial Conference is scheduled on June 15, 2020 at 9:00 AM, and

    4. The Jury Trial is scheduled to begin on June 30, 2020 at 9:00 AM;

Beginning in late February 2020, however, the coronavirus pandemic has had an increasing impact on ordinary business throughout California, the nation, and the world. In particular, local orders in this venue, as well as the venues where the parties and their counsel reside, have required the parties and counsel to shelter at home and minimize interpersonal interaction.

On March 25, 2020, the Parties stipulated to extend the case schedule, requesting that the Court extend the following dates:

    1. The Discovery Cut-Off Date to May 13, 2020,

    2. The Motion Cut-Off Date to May 27, 2020,

    3. The Pretrial Conference to August 3, 2020 at 9:00 AM, and

    4. The Jury Trial to begin on August 18, 2020 at 9:00 AM.

(Dkt. No. 24.) On March 27, 2020, the Court entered an Order granting the stipulation in part, by extending the Discovery Cut-Off Date to April 20, 2020 and the Motion Cut-Off Date to May 4, but maintaining the Pretrial Conference and Trial dates. (Dkt. No. 26.) Defendant interpreted the Court's March 27, 2020 Order

to indicate that the Court hoped that the trial could still proceed as scheduled, and has prepared accordingly.

Since the Court's March 27, 2020 Order, however, intervening events have made it increasingly unlikely, if not impossible, that the trial can go forward as scheduled. On April 13, 2020, Chief Judge Phillips issued General Order No. 20-05, which requires *inter alia* that the Courthouse will be closed and the Court will not empanel juries until at least June 1, 2020, only two weeks before the Pretrial Conference is currently scheduled.

On April 16, 2020, Magistrate Judge Rosenbluth issued an Order noting "the extraordinary circumstances arising because of the coronavirus pandemic, the specifics of which could not have been entirely anticipated by anyone." Judge Rosenbluth granting Plaintiff's *ex parte* application to take Defendant's Rule 30(b)(6) deposition by remote means, but in so doing, appeared to suggest that the parties seek an extension to the case schedule: "Pursuant to Federal Rule of Civil Procedure 30(b)(4), Defendant is ordered to produce its witness for deposition to be taken by the remote means of video teleconferencing services, on or before April 20, 2020 or within five days of this order, whichever date is later, *unless the District Judge continues the discovery-cutoff date at the request of one or both parties*." (Dkt. No. 31) (emphasis added).

Once the Courthouse reopens and the Court is free to begin to empanel juries, Defendant understands that there is an anticipated backlog of other business before the Court, including criminal trials subject to constitutional and statutory timing restrictions, such that it will likely be impractical for the trial to proceed as scheduled. If that understanding is correct, Defendant respectfully suggests that it would benefit the parties and the Court to reset a realistic pretrial and trial schedule now, so that the parties can prepare for trial appropriately.

Accordingly, Defendant respectfully requests an order extending the case schedule at the Court's convenience, and suggests the following dates as options to which the parties had already agreed on March 24, 2020 (Dkt. No. 24):

| Event | Current Date | Requested On or After |
|---|---|---|
| Jury Trial (Est. 5-8 days) | June 30, 2020 | August 18, 2020 |
| Pretrial Conference | June 15, 2020 | August 3, 2020 |
| Motion Cut-Off Date (last day to file) | May 4, 2020 | May 27, 2020 |
| Discovery Cut-Off Date | April 20, 2020 | May 13, 2020 |

On April 16, 2020, Defendant's undersigned counsel provided Plaintiff's counsel, Jason Kelly, with a draft stipulation and proposed order proposing essentially the relief proposed here. (Masur Dec. ¶ 2.) In a telephone call on April 17, 2020, Plaintiff's counsel, Mr. Kelly, advised Defendant's undersigned counsel that Plaintiff would not agree to join a stipulation. (Masur Dec. ¶ 3.) Accordingly, in that same call, the undersigned provided Plaintiff's counsel notice of this *Ex Parte* Application, including its date and substance. (*Id.*) Plaintiff's counsel represented that Plaintiff had expected that Defendant would seek to file this *Ex Parte* Application, and had not yet decided whether it would oppose. (*Id.*)

Per Local Rule 7-19, the contact information for Plaintiff's counsel is:

Keith J. Wesley, *kwesley@bgrfirm.com*

Jason Y. Kelly, *jkelly@bgrfirm.com*

BROWNE GEORGE ROSS LLP

2121 Avenue of the Stars, Suite 2800

Los Angeles, California 90067

Telephone: (310) 274-7100; Facsimile: (310) 275-5697

| | |
|---|---|
| 1 | Defendant respectfully requests that the Court enter an Order granting this *Ex Parte* Application and extending the case schedule accordingly. |

Dated:  April 17, 2020                    ZUBER LAWLER & DEL DUCA LLP
                                          Joshua M. Masur

                                    By:   */s/ Joshua M. Masur*
                                          Joshua M. Masur
                                          Attorneys for Defendant Redbubble Inc.