BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
　kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
　rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
　jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:　Hon. R. Gary Klausner<br><br>**DECLARATION OF JASON Y. KELLY IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER PORTIONS OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Pre-Trial Conference:　June 15, 2020<br>Trial Date:　　　　　　June 30, 2020 |

I, Jason Y. Kelly, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am an associate with Browne George Ross LLP, counsel of record for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. Pursuant to Central District of California Local Rule 79-5.5.2 subsections (a) and (b), I submit this declaration on behalf of Plaintiff concerning its Application for Leave to File Under Seal (the "Application").

3. Plaintiff seeks to use evidence in support of its Motion for Partial Summary Judgment (the "Motion") designated as "Confidential" by Defendant Redbubble, Inc. ("Redbubble") pursuant to this matter's Stipulated Protective Order (Dkt. No. 22). The following materials contain such information (collectively, the "Redbubble-Designated Materials"):

- The chart of designs produced by Redbubble, attached as Exhibit 64 to the Declaration of Jason Y. Kelly in Support of the Motion (the "Kelly Declaration");
- The customer correspondences produced by Redbubble, attached as Exhibit 65 to the Kelly Declaration;
- The spreadsheet of search terms produced by Redbubble, attached as Exhibit 66 to the Kelly Declaration;
- The document produced by Redbubble, attached as Exhibit 67 to the Kelly Declaration;
- The customer correspondences produced by Redbubble, attached as Exhibit 68 to the Kelly Declaration;
- The document regarding logos, labels, and designs, produced by Redbubble, attached as Exhibit 69 to the Kelly Declaration;
- The correspondence produced by Redbubble, attached as Exhibit 70 to the

- Kelly Declaration;
- The correspondence from Plaintiff's counsel, produced by Redbubble, attached as Exhibit 71 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 72 to the Kelly Declaration;
- The correspondence produced by Redbubble, attached as Exhibit 73 to the Kelly Declaration;
- The customer correspondences produced by Redbubble, attached as Exhibit 74 to the Kelly Declaration;
- The customer correspondences produced by Redbubble, attached as Exhibit 75 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 76 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 77 to the Kelly Declaration;
- The correspondence produced by Redbubble, attached as Exhibit 78 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 79 to the Kelly Declaration;
- The correspondence produced by Redbubble, attached as Exhibit 80 to the Kelly Declaration;
- The customer correspondences produced by Redbubble, attached as Exhibit 81 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 82 to the Kelly Declaration;
- The customer correspondence produced by Redbubble, attached as Exhibit 83 to the Kelly Declaration;
- The document concerning keywords produced by Redbubble, attached as

Exhibit 84 to the Kelly Declaration;

- The deposition transcript of the April 21, 2020 deposition of James N. Toy, attached as Exhibit 90 to the Kelly Declaration;
- Excerpts from the deposition transcript of the December 10, 2019 deposition of Arnaud Deshais, attached as Exhibit 91 to the Kelly Declaration;
- Excerpts from the deposition transcript of the December 11, 2019 deposition of Jenny Greenhough, attached as Exhibit 92 to the Kelly Declaration; and
- Excerpts from the deposition transcript of the December 12, 2019 deposition of James N. Toy, attached as Exhibit 93 of the Kelly Declaration.

4. This Application is further made because Plaintiff seeks to use evidence in support of its Motion that includes its own trade secrets and commercially sensitive information ("Plaintiff's Confidential Materials"). The following documents contain such information:

- A spreadsheet produced by Plaintiff that contains Plaintiff's commercially sensitive financial information regarding its sales, attached as Exhibit 87 to the Kelly Declaration;
- Excerpts from the deposition transcript of the February 27, 2020 deposition of Salvatore Rianna, which discuss Plaintiff's internal sales and advertising strategies, trade secrets, and commercially sensitive information, attached as Exhibit 88 to the Kelly Declaration; and
- Excerpts from the deposition transcript of the February 28, 2020 deposition of Madison Elkins, which discuss Plaintiff's internal strategies and commercially sensitive information, attached as Exhibit 89 to the Kelly Declaration.

5. Plaintiff's Memorandum of Points and Authorities, as well as the accompanying Separate Statement of Uncontroverted Facts and Conclusions of Law, in support of the Motion quote and/or paraphrase the Redbubble-Designated Materials and Plaintiff's Confidential Materials.

6.      Documents may be sealed if there is "good cause" or, if "the motion is more than tangentially related to the merits of the case," there are "compelling reasons" for sealing. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1105, 1106 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598). Other examples of compelling reasons are where the material may reveal "'sources of business information that might harm a litigant's competitive standing.'" *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99). Sensitive financial information also satisfies the compelling reasons standard. *Southwest Carpenters Pension Trust v. Paramount Scaffold, Inc.*, 2018 WL 6016134, at *1 (C.D. Cal. Jan. 12, 2018). A compelling reason exists here given the highly sensitive nature of Plaintiff's commercially sensitive and trade secret information: Exhibit 87 contains Plaintiff's non-public financial information regarding its sales, divided into multiple categories; and Exhibits 88 and 89 contain deposition testimony from Plaintiff's employees regarding, *inter alia*, Plaintiff's sensitive advertising, sales, and competition strategies. Compelling reasons justify sealing these records in this case, which Plaintiff has pursued in response to Redbubble's unlawful misconduct.

//

//

7. Beginning on April 27, 2020, I met and conferred with Redbubble's counsel regarding the Application in the hope of limiting the documents that needed to be filed under seal. Redbubble has expressed that it intend to oppose the Application.

Executed this 4th day of May 2020, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                */s/ Jason Y. Kelly*
                                                Jason Y. Kelly