1435696.1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  June 1, 2020<br>Time:  9:00 a.m.<br>Crtrm.:  850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:  June 30. 2020 |

This matter is before the Court on the Motion for Partial Summary Judgment filed by Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville"). The matter came for consideration on June 1, 2020 at 9:00 a.m. in Courtroom 850 of the above-entitled Court. Appearances by counsel are noted in the record. After considering the briefs, the evidence submitted by Plaintiff and Defendant Redbubble, Inc. (collectively, the "Parties"), and the arguments presented by the Parties' respective counsel, this Court finds that there are no genuine issues of material fact as to Redbubble's liability for direct, contributory, and vicarious trademark infringement, counterfeiting, false designation of origin, and unfair competition. The undisputed evidence demonstrates the following:

## I. FACTUAL FINDINGS

It is undisputed that Brandy Melville holds federal trademark registrations for its LA Lightning Mark and Brandy Melville Mark (collectively, the "Marks"). It is further undisputed that Redbubble operates a website, redbubble.com, that allows users to upload designs, which Redbubble then superimposes on model images to create product listings. Redbubble pays users a portion of each sale of products incorporating the designs they have uploaded. In addition, Redbubble advertises its products, featuring these designs, through companies such as Google.

Once customers reach the Redbubble website, they can purchase the items advertised in Redbubble's product listings directly on the website, with Redbubble processing the order and payment. When an order is placed, Redbubble pays one of its partner fulfillers to manufacture the item, and the item is shipped to the customer using a carrier with which Redbubble has an agreement. Redbubble provides its partner fulfillers with Redbubble-themed packaging, stickers, and tags for the orders. In all respects, the relationship between Redbubble and its fulfillers is a partnership, where Redbubble exercises significant control over the fulfillers, and both enjoy an economic benefit.

From the customers' perspective, they are purchasing a product from

Redbubble. They place their order on redbubble.com, Redbubble collects and processes their money, and promises to send them the ordered product. This process creates a sales contract between Redbubble and its customers. Cal. Com. Code § 2206(1)(b). The orders arrive in Redbubble packaging. Redbubble handles all customer service and returns. And Redbubble even acknowledges its role as seller, paying sales taxes in California because it is a seller located in California.

It is further undisputed that several products incorporating Brandy Melville's LA Lightning Mark and Brandy Melville Mark have been advertised, offered for sale, and sold on the Redbubble website. These products include clothing, stickers, and cellphone cases. Each of the products is identical to—or, at a minimum, substantially similar—to Brandy Melville's intellectual property.

## II. LEGAL ARGUMENT

### A. Redbubble Is Liable for Direct Infringement.

To prevail on a claim for direct trademark infringement and counterfeiting, as well as false designation, Brandy Melville must demonstrate that it (1) "owns a valid and protectable interest/trademark" and (2) Redbubble "subsequently and without authorization used a similar mark likely to cause consumer confusion, deception or mistake." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1072–73 (C.D. Cal. 2004). Trademark infringement likewise amounts to common law unfair competition. *Kythera Biopharms., Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014).

The first element is satisfied because it is undisputed that Brandy Melville holds federal trademark registrations for its LA Lightning and Brandy Melville Marks.

The second element—"that Defendant's use of a similar mark is likely to cause confusion," *DC Comics v. Towle*, 989 F. Supp. 2d 948, 955 (C.D. Cal. 2013)—is also satisfied. "Counterfeiting," which Redbubble is engaged in with respect to Brandy Melville's Marks, "is a more specialized case of trademark infringement because a counterfeit 'is a spurious mark which is identical with, or substantially

indistinguishable from, a registered mark.'" *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 608 (C.D. Cal. 2017) (quoting 15 U.S.C. § 1127).  No reasonable juror could find that the Redbubble designs and products identified in the record are not copies of the LA Lightning and Brandy Melville Marks, and thus, they are counterfeits.

Redbubble's counterfeiting "use" of Brandy Melville's trademarks is not limited to its sale of counterfeit goods.  It also includes "offering for sale, distribution, or advertising" of counterfeit goods (15 U.S.C. § 1114(1)(a)), as well as using counterfeit marks in any "advertisements intended to be used in commerce" (15 U.S.C. § 1114(1)(b)).  *See also H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1029–30 (E.D. Wis. 2018).  Any one of these provides an independent basis to find Redbubble liable for counterfeiting.  And indeed, Redbubble engages in all of these activities with respect to each sale of a product containing a Brandy Melville Mark.  Redbubble maintains, advertises, offers to sell, and sells products bearing the counterfeit marks.  Because Redbubble's products are counterfeit goods, the likelihood of confusion is established and no further examination is needed.  *Shalabi*, 352 F. Supp. 2d at 1073 ("[I]n cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination . . . because counterfeit marks are inherently confusing.").  Even were that not the case, each *Sleekcraft* factor confirms this Motion should be granted.

### B. Redbubble Is Also Contributorily and Vicariously Liable.

<u>Contributory Trademark Infringement.</u>  Even "a flea market could be liable for contributory infringement if it 'suppl[ied] the necessary marketplace' for the sale of infringing products." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 984 (9th Cir. 1999) (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996)).  Redbubble is liable for contributory infringement because it "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement" and it "had '[d]irect control and monitoring of

the instrumentality used by a third party to infringe' [Plaintiff's] marks." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 942-43 (9th Cir. 2011).

A cursory review of Redbubble's website shows substantial infringement. Redbubble regularly receives take-down notices from intellectual property owners, but fails to timely remove infringing designs. Redbubble also more than tolerates infringing designs on its website and discourages the reporting of infringement on its website. Redbubble is also well aware that users upload infringing designs onto the website, that its partners create infringing products, and that it profits from infringing products.

<u>Vicarious Trademark Infringement.</u>  Liability for vicarious trademark infringement arises where "'the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties *or* exercise joint ownership or control over the infringing product.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807-08 (9th Cir. 2007). Redbubble is liable in several respects: (1) it partners with the fulfillers who create the infringing products purchased on Redbubble's website; (2) it serves as their principal for each transaction on its website; (3) it acts as its users' agent; and (4) it exercises joint and substantial control over the infringing products that the fulfillers create. Redbubble controls their quality with, *inter alia*, metrics, physical visits, oversight.

## III. <u>CONCLUSION</u>

For the reasons set forth above, no reasonable juror could find that Redbubble is not liable for trademark infringement and counterfeiting, false designation of origin, unfair competition, contributory trademark infringement, and vicarious trademark infringement.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED** in full. Redbubble is liable as a matter of law as to Brandy Melville's trademarks registered with the U.S. Patent and Trademark Office ("USPTO") bearing Registration Nos. 5,238,856 and 5,748,883 on Brandy

Melville's claims of (1) trademark infringement and counterfeiting, (2) false designation of origin, (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

DATED:

                                          Hon. R. Gary Klausner
                                          Judge of the United States District Court
                                          Central District of California