# EXHIBIT A

to Declaration of Joshua M. Masur

in support of Redbubble Inc.'s Motion for

Summary Judgment

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>              Defendant. | Case No. 2:19-cv-04618-RGK (FFMx)<br><br>**PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** |

PROPOUNDING PARTY:     Defendant Redbubble, Inc.

RESPONDING PARTY:      Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

SET NO.:               One (1)

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") hereby provides the following responses and objections to Defendant Redbubble, Inc.'s ("Defendant") First Set of Interrogatories to Plaintiff (the "Interrogatories").

## GENERAL STATEMENT

Plaintiff's investigation of the facts relating to this case is still ongoing. As such, Plaintiff has not completed its investigation, discovery, or preparation for trial. All of the responses contained herein are based upon the information presently available to, and specifically known by, Plaintiff. It is anticipated that further discovery and further independent investigation will supply additional facts which may clarify and add meaning to facts presently known, as well as establish new factual matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts that Plaintiff may later recall or discover.

The responses contained herein are made in a good-faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Plaintiff in relationship to further discovery, research, or analysis. Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time, including at or during trial, in light of facts revealed through discovery, further investigation, or further legal analysis. Plaintiff also reserves the right to amend or supplement these responses with any information that has been inadvertently or unintentionally omitted and/or to introduce such information into evidence at the time of hearing or trial.

Plaintiff makes these responses to the Interrogatories subject to, and without waiving in any way, any objections as to competence, relevance, materiality, propriety, or admissibility, or to any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or

any statements contained were made by, a witness present and testifying in Court, all of which are reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual response, regardless of whether specific reference to them is made, and Plaintiff does not waive any of the general or specific objections made herein:

1.     Plaintiff objects to each and every Interrogatory to the extent that it purports, through instructions or otherwise, to impose burdens and duties on Plaintiff that exceed the proper scope of discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.     Plaintiff objects to each and every Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.

3.     Plaintiff objects to each and every Interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Plaintiff objects to each and every Interrogatory to the extent it seeks information that is disproportionate to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b).

5.     Plaintiff objects to each and every Interrogatory to the extent that it seeks the disclosure of information subject to the attorney-client privilege, the work-product doctrine, or other applicable privileges, protections, or immunities.  Any disclosure of such information is inadvertent and shall not be deemed a waiver of any applicable privilege, protection, or immunity.

6.     Plaintiff objects to each and every Interrogatory to the extent that it seeks information protected by the California or United States Constitutions, California or federal statutes, or case law that establishes a right of privacy or forbids the discovery and dissemination of confidential, sensitive, or financial information.  Plaintiff will not reveal such information where doing so would violate the privacy rights of

1   Plaintiff or of third parties.

2          7.     Plaintiff objects to each and every Interrogatory to the extent that it is

3   repetitive, redundant, or overlapping.

4          8.     Plaintiff objects to each and every Interrogatory to the extent that it is

5   unduly burdensome, oppressive, annoying, or harassing.

6          9.     Plaintiff objects to each and every Interrogatory to the extent that it is

7   vague and ambiguous, compound, confusing, unintelligible, unclear, or amenable to

8   different meanings, understandings, or interpretations.  Plaintiff responds to each and

9   every Interrogatory as it interprets and understands it, with respect to the issues

10  framed in connection with this action.  If Plaintiff asserts an interpretation of any part

11  of any Interrogatory that differs from the understanding of Defendant, Plaintiff

12  reserves the right to supplement, amend, or modify its responses.

13       10.     Plaintiff objects to each and every Interrogatory to the extent that it is

14  unlimited in time or seeks information beyond the time-frame relevant to this action

15  on the grounds that it is overbroad and unduly burdensome, and it seeks information

16  that is irrelevant to the subject matter of this action.

17       11.     Plaintiff objects to each and every Interrogatory to the extent that it seeks

18  information that is subject to requirements, disclosures, and/or other applicable rules

19  of statutes pertaining to expert discovery.

20       12.     Plaintiff objects to each and every Interrogatory to the extent that it seeks

21  to impose duties or obligations different from, additional to, or otherwise beyond

22  those required by the Federal Rules of Civil Procedure.

23       13.     Plaintiff objects to each and every Interrogatory to the extent that it seeks

24  information that is equally available to or within Defendant's possession, custody, or

25  control on the grounds that such Interrogatory is unduly burdensome and oppressive.

26  / / /

27  / / /

28  / / /

-4-          Case No. 2:19-cv-04618-RGK (FFMx)

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify with particularity each Plaintiff Mark, registered or unregistered, that You allege that Redbubble has infringed, directly or indirectly.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Interrogatory is a premature contention interrogatory. Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Interrogatory is overbroad and unduly burdensome. Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "with particularity," "each," "registered or unregistered," "allege," and "infringed, directly or indirectly," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Interrogatory calls for legal conclusions and opinions. Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing:

- USPTO Registration No. 5,373,397.
- USPTO Registration No. 5,238,856.
- USPTO Registration No. 5,748,883.
- The Brandy Melville name and graphic logo identified on page 3 of the Complaint in this action, as well as variations thereof (*e.g.*, Brandy LA, www.brandymelvilleusa.com, etc.) (Dkt. No. 1).
- The LA Lightning logo depicted on page 3 of the Complaint in this

1   action, as well as variations thereof (*e.g.*, different colors).

2   **INTERROGATORY NO. 2:**

3       For each Plaintiff Mark identified in response to INTERROGATORY NO. 1,

4   identify with particularity each listing or product offered through the Redbubble

5   marketplace that you contend infringe that trademark, including an identification of

6   whether you contend such infringement is direct, contributory or vicarious.

7   **RESPONSE TO INTERROGATORY NO. 2:**

8       Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

9   Interrogatory calls for legal conclusions and opinions.  Plaintiff objects that this

10  Interrogatory is overbroad and unduly burdensome.  Plaintiff objects to this

11  Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed

12  its trial preparation.  Plaintiff objects to this Interrogatory as overbroad because it is

13  not limited to any relevant time period.  Plaintiff objects that this Interrogatory is a

14  premature contention interrogatory.  Plaintiff objects to this Interrogatory to the extent

15  it seeks information that is not relevant to any claim or defense in this action.  Plaintiff

16  objects that this Interrogatory is a premature contention interrogatory.  Plaintiff

17  objects to this Interrogatory to the extent it seeks information that is not relevant to

18  any claim or defense in this action.  Plaintiff objects that this Interrogatory and the

19  undefined terms and phrases therein, including but not limited to "with particularity,"

20  "each," "listing," "product," "offered," "Redbubble marketplace," "contend,"

21  "identification," "infringement," "direct," "contributory," and "vicarious," are vague,

22  ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

23  objects to this Interrogatory to the extent it calls for information protected by the

24  attorney-client privilege, the work-product protection, or any other applicable

25  privileges, immunities, or protections.

26      Subject to its General and Specific Objections, Plaintiff responds as follows

27  while discovery is ongoing:  The listings and products that Defendant offers, which

28  infringe on Plaintiff's marks, include those identified on pages 4 through 6 of the

Complaint in this action (Dkt. No. 1), as well as any design advertised, offered for sale, or sold in conjunction with the Brandy Melville name.

**INTERROGATORY NO. 3:**

For each listing or product identified in response to INTERROGATORY NO. 2, set forth all facts that You contend support Your contention that a likelihood of confusion exists with respect to the offering or sale of that product and Plaintiff or any Plaintiff Mark, including how You became aware of the instance, when the instance occurred, all persons with knowledge of such instance, and the identity of any documents and things supporting such conclusion.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Interrogatory calls for the preparation of a compilation.  Plaintiff objects that this Interrogatory is overbroad and unduly burdensome, and calls for a narrative and is compound.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "each," "listing," "product," "all facts," "contend," "support," "likelihood of confusion," "exists," "offering," "sale," "became aware," "the instance," "occurred," "knowledge of," "such instance," "things," and "supporting such conclusion," are vague, ambiguous, reasonably subject to multiple meanings and interpretations, and unintelligible.  Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions and is a premature contention interrogatory.  Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Subject to its General and Specific Objections, Plaintiff responds as follows

while discovery is ongoing:  Plaintiff's investigation of confusion is ongoing, and Plaintiff has not yet received discovery from Defendant.  Nevertheless, Plaintiff is aware of substantial facts that would support the conclusion that a likelihood of confusion did—and continues to—occur.  These facts, which indicate a likelihood of confusion, include but are not limited to:  Plaintiff's worldwide and nationwide popularity; the strength of Plaintiff's marks; the proximity or relatedness of the goods marketed and sold by Plaintiff and by Defendant (or via the Redbubble website); the identical physical appearance of the marks as they appear on certain goods marketed and sold by Defendant (or via the Redbubble website) and by Plaintiff; the similarity of the marketing channels used by Plaintiff and by Defendant; the degree of consumer care used in purchasing the applicable goods; and the intent of Defendant (and other parties selling goods via its website) to deceive users as to Plaintiff's affiliation with the goods being marketed and sold.

**INTERROGATORY NO. 4:**

Set forth all facts of which You are aware that would support the conclusion that any person has been actually confused, mistaken or deceived about whether any goods originate from or are affiliated with, sponsored by, licensed by or endorsed by Plaintiff, by any use of a Plaintiff Mark by Redbubble or by others using the mark on the Redbubble marketplace, including but not limited to the allegedly infringing work, listing and/or URL, how You became of the instance, when the instance occurred, all persons with knowledge of such instance, and the identity of any documents and things supporting such conclusion.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period. Plaintiff objects that this Interrogatory is overbroad and unduly burdensome, and calls for a narrative and is compound.  Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff

objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Interrogatory is a premature contention interrogatory.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Interrogatory calls for legal conclusions and opinions. Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited  "aware," "support," "conclusion," "actually," "confused," "mistaken," "deceived," "goods," "originate from," "affiliated," "sponsored," "licensed," "endorsed," "any use," "others using the mark," "Redbubble marketplace," "infringing work," "listing and/or URL," "how You became of the instance," "the instance occurred," "such instance," and "such conclusion," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing:  Plaintiff's investigation of actual confusion is ongoing, and Plaintiff has not yet received discovery from Defendant.  Nevertheless, Plaintiff is aware of substantial facts that would support the conclusion that actual confusion did—and continues to—occur.  These facts, which indicate a likelihood of confusion, include but are not limited to:  Plaintiff's worldwide and nationwide popularity; the strength of Plaintiff's marks; the proximity or relatedness of the goods marketed and sold by Plaintiff and by Defendant (or via the Redbubble website); the identical physical appearance of the marks as they appear on certain goods marketed and sold by Defendant (or via the Redbubble website) and by Plaintiff; the similarity of the marketing channels used by Plaintiff and by Defendant; the degree of consumer care used in purchasing the applicable goods; and the intent of Defendant (and other parties selling goods via its website) to deceive users as to Plaintiff's affiliation with the

goods being marketed and sold.

**INTERROGATORY NO. 5:**

Identify each Plaintiff Mark identified in response to INTERROGATORY NO. 1 that you contend is famous, and set forth all facts that You contend support Your contention, including all persons with knowledge of such instance, and the identity of any documents and things supporting such conclusion.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Interrogatory calls for legal conclusions and opinions. Plaintiff objects that this Interrogatory is a premature contention interrogatory. Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "contend," "famous," "all facts," "support," "knowledge," "conclusion," and "instance," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period. Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, and compound.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing: The responsive marks are those identified in response to Interrogatory No. 1. The popularity of these marks is reflected in the Complaint in this action (Dkt. No. 1). Plaintiff has elevated, and continues to elevate, the popularity of its marks through, *inter alia*, extensive and continuous promotion and sales, unsolicited press, and word of mouth. Several of these marks directly reflect the

Brandy Melville name.  Brandy Melville is a popular fashion and lifestyle brand that promotes and sells, *inter alia*, apparel and accessories to girls and women nationwide and worldwide.  It is regularly featured in leading national fashion and lifestyle print publications such as *Cosmopolitan*, *Elle*, *Vogue*, and *Seventeen*, as well as general print publications such as the *Los Angeles Times*, *the Village Voice*, *the Boston Globe*, and independent and college newspapers.  It is also regularly featured on television, on third-party websites and blogs, and on social media.

The popularity and famousness of these marks is further reflected in the ubiquity of references to them on social media and in popular culture.  Persons with information relevant to this Interrogatory would include Kendall Jenner, Hailey Bieber, and Taylor Swift.

Finally, the fame of the marks is reflected by the fact that they are the subject of knockoffs and counterfeits like those at issue in this action.

**INTERROGATORY NO. 6:**

For each Plaintiff Mark identified in response to INTERROGATORY NO. 1, identify with particularity each listing or product offered through the Redbubble marketplace that you contend dilutes the distinctive nature of that mark, including all facts that You contend support Your contention that the listing dilutes the distinctive nature of a Plaintiff Mark, including how You became aware of the instance, when the instance occurred, all persons with knowledge of such instance, and the identity of any documents and things supporting such conclusion.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "each," "with particularity," "listing," "product," "offered," "marketplace," "contend," "dilutes," "distinctive nature," "support," "aware of the instance," "knowledge," "things," "supporting," and "such conclusion," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to

this Interrogatory to the extent it calls for a narrative and seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Interrogatory is overbroad, compound, and unduly burdensome.   Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing:  The listings that this Interrogatory refers to dilute the distinctiveness of Plaintiff's marks by their very existence in the public and marketplace.   Because of Defendant's continued unauthorized use of Plaintiff's marks, there are at least two (rather than just one) sources that are able to use Plaintiff's marks in commerce.  This dilutes and lessens the uniqueness of Plaintiff's marks.

**INTERROGATORY NO. 7:**

For each listing or product identified in response to INTERROGATORY NO. 2, set forth all facts that You contend support your contention that Redbubble had actual, specific and contemporary knowledge or notice of the alleged infringement prior to Plaintiff's filing of this lawsuit, including how You became aware of the instance, when the instance occurred, all persons with knowledge of such instance, and the identity of any documents and things supporting such conclusion.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Interrogatory is overbroad,

compound, and unduly burdensome, and calls for a narrative.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.   Plaintiff objects that this Interrogatory is a premature contention interrogatory.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "each," "listing," "product," "contend," "support," "actual," "specific," "contemporary knowledge," "notice," "alleged," "infringement," "filing," "lawsuit," "aware," "the instance," "such instance," "things," and "conclusion," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing:  Defendant has received a multitude of claims and public criticism for marketing and selling goods that infringe upon popular brands.  Brandy Melville is a popular brand.   A search on the Redbubble website for "Brandy Melville" yielded thousands of hits.  On May 14, 2018, counsel for Plaintiff sent a letter on behalf of Plaintiff to Defendant notifying Defendant of the infringing conduct.

**INTERROGATORY NO. 8:**

Identify all facts that You contend support Your contention that Redbubble willfully infringed any Plaintiff Mark.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.  Plaintiff objects that this Interrogatory is a premature contention interrogatory.   Plaintiff objects to this

1 Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed
2 its trial preparation.  Plaintiff objects to this Interrogatory to the extent it seeks
3 information that is not relevant to any claim or defense in this action.  Plaintiff objects
4 that this Interrogatory is overbroad and unduly burdensome, and calls for a narrative.
5 Plaintiff objects that this Interrogatory and the undefined terms and phrases therein,
6 including but not limited to "facts," "contend," "support," "willfully," and
7 "infringed," are vague, ambiguous, and reasonably subject to multiple meanings and
8 interpretations.  Plaintiff objects to this Interrogatory as overbroad because it is not
9 limited to any relevant time period.  Plaintiff objects to this Interrogatory to the extent
10 it calls for information protected by the attorney-client privilege, the work-product
11 protection, or any other applicable privileges, immunities, or protections.

12     Subject to its General and Specific Objections, Plaintiff responds as follows
13 while discovery is ongoing:  Defendant knowingly markets, creates, sells, and
14 distributes clothing and other items and accessories that contain exact (or near exact)
15 copies of Plaintiff's marks.  Further, Defendant knowingly hosts a website that
16 displays infringing photographs that market and sell infringing clothing and other
17 items and accessories.  Defendant does these things despite being on notice and
18 knowing full well that it does not have a license from Plaintiff to do so.  On May 14,
19 2018, counsel for Plaintiff sent a letter on behalf of Plaintiff to Defendant notifying
20 Defendant of the infringing conduct.  Since the filing of this action, Defendant has
21 continued to promote and/or sell infringing goods.  Despite having the ability to cease
22 using the trademark "Brandy Melville" as a search term that leads visitors to copies
23 of Brandy Melville designs, and despite receiving a request to do so, Defendant still
24 uses the trademark in this manner.

25 **INTERROGATORY NO. 9:**

26     Identify any communications that You have had with Redbubble relating to any
27 use of any of a Plaintiff Mark by Redbubble, or by others using a Plaintiff Mark on
28 the Redbubble marketplace, including specifically any oral communications and any

1  written communications that may no longer be in Plaintiff's or Redbubble's
2  possession, custody or control.

3  **RESPONSE TO INTERROGATORY NO. 9:**

4   Plaintiff incorporates its General Objections herein.  Plaintiff objects that this
5  Interrogatory calls for legal conclusions and opinions.   Plaintiff objects to this
6  Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed
7  its trial preparation.  Plaintiff objects that this Interrogatory is overbroad and unduly
8  burdensome, and calls for a narrative.  Plaintiff objects that this Interrogatory and the
9  undefined terms and phrases therein, including but not limited to "use," "others,"
10 "marketplace," "possession," "custody," and "control," are vague, ambiguous, and
11 reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this
12 Interrogatory to the extent it calls for information protected by the attorney-client
13 privilege, the work-product protection, or any other applicable privileges, immunities,
14 or protections.  Plaintiff objects to this Interrogatory as overbroad because it is not
15 limited to any relevant time period.  Plaintiff objects to this Interrogatory to the extent
16 it seeks information that is not relevant to any claim or defense in this action.  Plaintiff
17 objects that this Interrogatory seeks information that is available to Defendant equally
18 as readily as it is available to Plaintiff.

19  Subject to its General and Specific Objections, Plaintiff responds as follows
20 while discovery is ongoing:  On May 14, 2018, counsel for Plaintiff sent a letter on
21 behalf of Plaintiff to Defendant notifying Defendant of the infringing conduct.
22 Counsel for Plaintiff and "Redbubble Marketplace Integrity" exchanged follow-up
23 communications.  After the filing of this action, counsel for Plaintiff and counsel for
24 Defendant have exchanged correspondence regarding the ongoing and/or new
25 infringement.

26 **INTERROGATORY NO. 10:**

27  Identify all words, images, or combinations of words and/or images that You
28 contend are confusingly similar to, or confusing variations of, any of the Plaintiff

1  Marks.

2  **RESPONSE TO INTERROGATORY NO. 10:**

3       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

4  Interrogatory to the extent it seeks information that is not relevant to any claim or

5  defense in this action.  Plaintiff objects to this Interrogatory on the grounds that

6  discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff

7  objects that this Interrogatory is overbroad and unduly burdensome.  Plaintiff objects

8  to this Interrogatory to the extent it calls for information protected by the attorney-

9  client privilege, the work-product protection, or any other applicable privileges,

10  immunities, or protections.  Plaintiff objects to this Interrogatory as overbroad

11  because it is not limited to any relevant time period.  Plaintiff objects that this

12  Interrogatory and the undefined terms and phrases therein, including but not limited

13  to "words," "images," "combinations," "contend," "confusingly," "similar,"

14  "confusing," and "variations," are vague, ambiguous, and reasonably subject to

15  multiple meanings and interpretations.  Plaintiff objects that this Interrogatory calls

16  for legal conclusions and opinions.  Plaintiff objects that this Interrogatory is a

17  premature contention interrogatory.

18  **INTERROGATORY NO. 11:**

19       Identify all facts that You contend support Your contention that Plaintiff has

20  been actually damaged or harmed by any use of a Plaintiff Mark by Redbubble, or by

21  others using a Plaintiff Mark on the Redbubble marketplace, including facts

22  supporting any claim that Plaintiff has sustained lost sales and profits or damages to

23  its goodwill.

24  **RESPONSE TO INTERROGATORY NO. 11:**

25       Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

26  Interrogatory is a premature contention interrogatory.  Plaintiff objects to this

27  Interrogatory to the extent it seeks information that is not relevant to any claim or

28  defense in this action.  Plaintiff objects that this Interrogatory is compound,

overbroad, and unduly burdensome, and calls for a narrative.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "all," "facts," "contend," "support," "actually," "damaged," "harmed," "use," "others," "using," "marketplace," "facts," "claim," "sustained," "lost sales," "profits," "damages," and "goodwill," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.   Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.

Subject to its General and Specific Objections, Plaintiff responds as follows while discovery is ongoing:  Plaintiff has been damaged and harmed in several respects by the conduct of Defendant and users of Defendant's website.  For example, Plaintiff and Defendant do not have any licensing, assignment, or other grant-of-right agreement or arrangement regarding Plaintiff's intellectual property.  Plaintiff also has no similar agreement or arrangement with any users of Defendant's website. Nevertheless, Defendant has infringed on Plaintiff's marks.  Accordingly, Plaintiff has received no compensation from Defendant or users of Defendant's website for the sale, marketing, or distribution of goods on such site.  Further, products advertised and sold on Defendant's website are in many cases lower quality and/or placed on products—*e.g.*, men's clothing—that are not consistent with Plaintiff's branding. The existence of these lower-quality knockoffs harms Plaintiff's reputation and goodwill with its customers and makes Plaintiff's products seem less unique or desirable.

## INTERROGATORY NO. 12:

For each Plaintiff Mark that You ceased or paused using for any time period, to the extent that you contend that you intended to resume such use, Identify all facts

1  that You contend support such contention.

2  **RESPONSE TO INTERROGATORY NO. 12:**

3       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

4  Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed

5  its trial preparation.  Plaintiff objects that this Interrogatory and the undefined terms

6  and phrases therein, including but not limited to "each," "ceased," "paused," "using,"

7  "time period," "extent," "contend," "intended," "resume," "facts," and "support," are

8  vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

9  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.

10 Plaintiff objects to this Interrogatory to the extent it calls for information protected by

11 the attorney-client privilege, the work-product protection, or any other applicable

12 privileges, immunities, or protections.  Plaintiff objects to this Interrogatory as

13 overbroad because it is not limited to any relevant time period.  Plaintiff objects to

14 this Interrogatory to the extent it seeks information that is not relevant to any claim or

15 defense in this action.  Plaintiff objects that this Interrogatory is overbroad and unduly

16 burdensome, and calls for a narrative.

17      Subject to its General and Specific Objections, Plaintiff responds as follows

18 while discovery is ongoing:  No such relevant mark exists.  In other words, Plaintiff

19 has continuously used the marks at issue.

20 **INTERROGATORY NO. 13:**

21      Identify with specificity all licenses, assignments, or other grants of any rights

22 in or under any Plaintiff Mark (including but not limited to licenses or other grants by

23 or to You), including all terms of such licenses.

24 **RESPONSE TO INTERROGATORY NO. 13:**

25      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

26 Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed

27 its trial preparation.  Plaintiff objects to this Interrogatory to the extent it seeks

28 information that is not relevant to any claim or defense in this action.  Plaintiff objects

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

that this Interrogatory is overbroad and unduly burdensome.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "with specificity," "licenses," "assignments," "grants," "rights," "in or under," "any," and "terms," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.  Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.

**INTERROGATORY NO. 14:**

Identify with each specificity each product that Plaintiff has offered for sale or sold, or that Plaintiff contends is a licensed product offered or sold by a third party, that has used one or more of the Plaintiff Marks, including the product type, the period in which the product was offered and sold, the geographic region in which the product was offered and sold, and all revenue and profits generated by Plaintiff from each such good or service sold, by year, quarter and/or month, including any revenue generated from licensing one of more of the Plaintiff Marks.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Interrogatory to the extent it calls for a narrative and seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Interrogatory is overbroad, compound, and unduly burdensome.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "each specificity," "each product," "offered," "for sale," "sold," "contends," "licensed," "third party," "used," "product type," "period," "geographic region," "revenue," "profits," "such," "good," "service,"

"year," "quarter," "month," "generated," and "licensing," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.   Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.

**INTERROGATORY NO. 15:**

Identify all analyses (including, by way of example, studies, reports, investigations, research and email commentary) relating to any reasons for increases or decreases in Plaintiff revenue or profits.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Interrogatory is overbroad and unduly burdensome.  Plaintiff objects that this Interrogatory and the undefined terms and phrases therein, including but not limited to "all," "analyses," "including," "by way of," "example," "studies," "reports," "investigations," "research," "email," "commentary," "reasons," "increases," "decreases," "revenue," and "profits," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Interrogatory calls for legal conclusions and opinions.  Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Interrogatory as overbroad because it is not limited to any relevant time period.

1 **INTERROGATORY NO. 16:**

2    Identify any litigation or legal challenge relating to any Plaintiff Mark or

3 products bearing such mark, including lawsuits, arbitrations, mediations, or

4 administrative proceedings (including TTBA proceedings), as well as any letters or

5 other threats of legal actions, including an identification of the parties to the dispute,

6 all marks involved in the dispute, a general description of the issues in dispute, and

7 the outcome of the dispute.

8 **RESPONSE TO INTERROGATORY NO. 16:**

9    Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

10 Interrogatory seeks information that is not relevant to any claim or defense in this

11 action.  Plaintiff objects to this Interrogatory on the grounds that discovery is ongoing

12 and Plaintiff has not completed its trial preparation.  Plaintiff objects that this

13 Interrogatory is compound, overbroad, and unduly burdensome.  Plaintiff objects that

14 this Interrogatory and the undefined terms and phrases therein, including but not

15 limited to "litigation," "legal challenge," "products," "bearing," "such," "mark,"

16 "lawsuits," "arbitrations," "mediations," "administrative proceedings," "TTBA

17 proceedings," "letters," "other threats," "legal action," "identification," "parties,"

18 "dispute," "general description," "issues," and "outcome," are vague, ambiguous, and

19 reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this

20 Interrogatory calls for legal conclusions and opinions.  Plaintiff objects to this

21 Interrogatory to the extent it calls for information protected by the attorney-client

22 privilege, the work-product protection, or any other applicable privileges, immunities,

23 or protections.  Plaintiff objects to this Interrogatory as overbroad because it is not

24 limited to any relevant time period.

25 / / /

26 / / /

27 / / /

28 / / /

1361362

-21-                Case No. 2:19-cv-04618-RGK (FFMx)

1    DATED:  November 25, 2019          BROWNE GEORGE ROSS LLP
2                                           Keith J. Wesley
                                            Jason Y. Kelly
3

4                                       By: _____
5                                           Keith J. Wesley
                                        Attorneys for Y.Y.G.M. SA d.b.a. BRANDY
6                                       MELVILLE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1361362

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

# PROOF OF SERVICE

### *Y.Y.G.M. SA d.b.a. BRANDY MELVILLE v REDBUBBLE, INC.*
### USDC – Central Case No. 2:19-cv-04618 RGK (FFMx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On November 25, 2019, I served a true copy of the following document described as **PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** on the interested parties in this action as follows:

| | |
|---|---|
| Joshua M. Masur | *Counsel for Defendant* |
| ZUBER LAWLER | *REDBUBBLE, INC.* |
| 2000 Broadway Street, Suite 154 | |
| Redwood City, CA  94063 | |
| T: 650-434-8538 | |
| F: 213-596-5621 | |
| *jmasur@zuberlaw.com* | |
| | |
| Kenneth B Wilson | *Co-Counsel for Defendant* |
| COASTSIDE LEGAL | *REDBUBBLE, INC.* |
| 455 1st Avenue | |
| Half Moon Bay, CA 94019 | |
| T: 650-440-4211 | |
| F: 650-440-4851 | |
| *ken@coastsidelegal.com* | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  On November 25, 2019, I caused a copy of the document to be sent from e-mail address lsingh@bgrfirm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.

Lachmin Singh