# EXHIBIT G

to Declaration of Joshua M. Masur

in support of Redbubble Inc.'s Motion

for Summary Judgment

## Joshua Masur

| | |
|---|---|
| **From:** | Joshua Masur |
| **Sent:** | Friday, April 10, 2020 8:44 AM |
| **To:** | Jason Kelly |
| **Cc:** | Debora Sanfelippo; Ken Wilson; Zachary S. Davidson |
| **Subject:** | RE: Brandy Melville v. Redbubble -- Call on April 9, 2020 |

Thanks, Jason.  Our respective understandings of the conversation diverge, although perhaps the differences are more in the realm of nuance.  Accordingly, I write to respond to the specific statements you made.

As to both the errata and confidentiality issues, I explicitly reserved all rights, but agreed to discuss the issues.

With regards to the proposed errata pages, I stated that we would review them once received, and represented that it's not in our interest to have typos and misspelled words in the transcript, but made no representations about what we would or not object to.

With regards to purported confidentiality, I reiterated that section 5.2(b) of the protective order permits designation of all protected testimony either "before the close of the deposition" or, "if the deposition is contemplated to involve 'Confidential' testimony, counsel for the Designating Party may designate the entire transcript 'Confidential' at the outset of the deposition."  There is no dispute that defending counsel never designated any portion of the testimony or the entire transcript at any time before the close of the deposition, including at the outset, as explicitly required by section 5.2(b).  Although section 5.3 contemplates "timely correction" of "an inadvertent failure to designate," we do not believe that there is a reasonable argument that an attempt to designate six weeks after the deposition is "timely," particularly given that the result was a substantial period in which we were not reasonably on notice that Brandy Melville considered any such testimony confidential.

You stated that you were not concerned – not less concerned – "about whether and/or with whom Redbubble has already shared the Rianna and Elkins deposition transcripts for purposes of this litigation," which information I represented we would be unwilling to disclose given the attendant privilege and work product issues.  Rather, you represented that you were concerned "about ensuring that Brandy Melville's confidential and sensitive information is not publicly disclosed (particularly on the public docket)."  Although I stated that I understood your concern, I would not describe my reaction as "receptive," which suggests that I was inclined to accept it.  I did represent that we would be "open to the parties meeting and conferring about this issue after seeing what specific testimony Brandy Melville intends to designate confidential under the Protective Order."  Moreover, I also suggested strongly that the narrower the proposed designations, the more likely we would be not to oppose.  And I specifically represented that we would be unlikely to be amenable to proposed designations that would protect defending counsel's behavior at the deposition, which, as we have previously noted, we believe to have been sanctionable.

Thanks.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com |  www.zuberlawler.com

1

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Friday, April 10, 2020 1:32 AM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** Brandy Melville v. Redbubble -- Call on April 9, 2020

Josh,

I write to confirm our call yesterday.

Regarding the errata sheets for the Rianna and Elkins deposition transcripts, you reserved your rights, but also represented that Redbubble would not object to any minor changes to account for issues like typos and misspelled words.

Regarding the confidentiality designation of the Rianna and Elkins deposition transcripts, the parties disagree about whether Section 5.3 of the Protective Order applies to designations made before the discovery cut-off.  In any event, I expressed that my concern is less about whether and/or with whom Redbubble has already shared the Rianna and Elkins deposition transcripts for purposes of this litigation and more about ensuring that Brandy Melville's confidential and sensitive information is not publicly disclosed (particularly on the public docket).  You were receptive to my concern about the public docket and open to the parties meeting and conferring about this issue after seeing what specific testimony Brandy Melville intends to designate confidential under the Protective Order.

Finally, you represented that you expect to be able to confirm today that the Rule 30(b)(6) deposition can start remotely at 11 a.m. on Friday, April 17, 2020.  Please let me know so we can serve an amended deposition notice and make the appropriate logistical arrangements.

Thank you for your attention.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Main 310.274.7100 | Fax 310.275.5697
jkelly@bgrfirm.com
www.bgrfirm.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____