# EXHIBIT H

to Declaration of Joshua M. Masur

in support of Redbubble Inc.'s Motion

for Summary Judgment

**Joshua Masur**

| | |
|---|---|
| **From:** | Jason Kelly <jkelly@bgrfirm.com> |
| **Sent:** | Saturday, April 25, 2020 9:59 PM |
| **To:** | Joshua Masur; Keith Wesley; Ryan Q. Keech |
| **Cc:** | Ana Z. Porcellino; Claudia Bonilla; ken@coastsidelegal.com; Debora Sanfelippo; Zachary S. Davidson |
| **Subject:** | RE: Y.Y.G.M. SA d.b.a. Brandy Melville v Redbubble, Inc. |

Counsel,

Our respective understandings of the April 9, 2020 conversation diverge.  (*See* 2020.04.10 J. Kelly email to J. Masur.)  In any event, Brandy Melville disputes Redbubble's contention that it waived confidential treatment of the Rianna or Elkins deposition transcripts.  Portions of those transcripts were designated confidential pursuant to the Protective Order.  (*See* Dkt. No. 22 ¶ 5.3.)  Accordingly, Redbubble's use of those transcripts is subject to the Court's order and is not—as you claim—"unrestricted."  Brandy Melville reserves all rights and remedies, including but not limited to those in Paragraph 14 of the Protective Order, if Redbubble flouts the Protective Order.  Brandy Melville will further understand that any such violation on Redbubble's part was premeditated and intentional.

In connection with its contemplated Rule 56 motion, Brandy Melville intends to file under seal documents and testimony that Redbubble designated confidential under the Protective Order.  Accordingly, please consider this our initiation of the meet-and-confer process described in Local Rule 79-5.2.2(b).  I suggest we discuss these issues on Monday at 11:30 a.m.  We can also discuss the opposition Redbubble intends to file pursuant to "Local Rule 79-5.2.2(a)(1)(2)."

Thank you for your attention.

**Jason Kelly**
**BROWNE GEORGE ROSS** LLP
Los Angeles • New York • San Francisco
Main 310.274.7100 | jkelly@bgrfirm.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Thursday, April 23, 2020 5:16 PM
**To:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Jason Kelly <jkelly@bgrfirm.com>
**Cc:** Ana Z. Porcellino <aporcellino@bgrfirm.com>; Claudia Bonilla <CBonilla@bgrfirm.com>; ken@coastsidelegal.com; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** RE: Y.Y.G.M. SA d.b.a. Brandy Melville v Redbubble, Inc.

Counsel –

Redbubble's position remains that Brandy Melville waived confidential treatment of any deposition testimony by failing to comply with the requirements of Section 5.2(b) of the Protective Order.

In a telephone call with Mr. Kelly on April 9:

> I reiterated that section 5.2(b) of the protective order permits designation of all protected testimony either "before the close of the deposition" or, "if the deposition is contemplated to involve 'Confidential' testimony, counsel for the Designating Party may designate the entire transcript 'Confidential' at the outset of the deposition."  There is no dispute that defending counsel never designated any portion of the testimony or the entire transcript at any time before the close of the deposition, including at the outset, as explicitly required by section 5.2(b).  Although section 5.3 contemplates "timely correction" of

1

"an inadvertent failure to designate," we do not believe that there is a reasonable argument that an attempt to designate six weeks after the deposition is "timely," particularly given that the result was a substantial period in which we were not reasonably on notice that Brandy Melville considered any such testimony confidential.

You stated that you were not concerned – not less concerned – "about whether and/or with whom Redbubble has already shared the Rianna and Elkins deposition transcripts for purposes of this litigation," which information I represented we would be unwilling to disclose given the attendant privilege and work product issues.  Rather, you represented that you were concerned "about ensuring that Brandy Melville's confidential and sensitive information is not publicly disclosed (particularly on the public docket)."  Although I stated that I understood your concern, I would not describe my reaction as "receptive," which suggests that I was inclined to accept it.  I did represent that we would be "open to the parties meeting and conferring about this issue after seeing what specific testimony Brandy Melville intends to designate confidential under the Protective Order."  Moreover, I also suggested strongly that the narrower the proposed designations, the more likely we would be not to oppose.  And I specifically represented that we would be unlikely to be amenable to proposed designations that would protect defending counsel's behavior at the deposition, which, as we have previously noted, we believe to have been sanctionable.

April 10, 2020 email from J. Masur to J. Kelly.

Applying section 5.3's provision for "timely correct[ion]" of an inadvertent failure to designate here would vitiate Section 5.2(b)'s requirements.  In particular, we see no colorable argument that, given that Section 5.2(b) required Brandy Melville to identify the *specific* confidential testimony in the transcripts no later than March 19, waiting until April 9 to even raise the issue could even arguably be deemed "timely."

And now that we have had the opportunity to review the proposed redactions, they appear anything but "narrow."  It is understandable that Brandy Melville wants to keep its deponents' personally identifiable information, like email addresses, out of the public record.  But Brandy Melville apparently wants to keep out of the public record the fact that it had an exterminator at a store; uses a sales database (without specifics) and SKUs; keeps records of discontinued products; researches potential hires' social media presence; lacks licenses from colleges; etc.

Put simply, most of the proposed designations would be tenuous at best, even if Brandy Melville had *not* waived confidentiality.  But since Brandy Melville waived confidential protection, Section 6.3 of the Protective Order provides that Redbubble's use of the deposition transcripts is unrestricted.

If Brandy Melville attempts to file portions of the Elkins or Rianna/30(b)(6) transcripts (or the equivalent via declaration) under seal, please note that Redbubble intends to oppose per L.R. 79-5.2.2(a)(1)(2).  And if Brandy Melville insists that Redbubble file portions of those transcripts (other than the deponents' personally identifiable information) under seal, please consider this the initiation of the meet and confer required by L.R. 79-5.2.2(b), and please be aware that Redbubble will raise Brandy Melville's waiver and delay in opposition to sealing.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com  |  www.zuberlawler.com

**From:** Ana Z. Porcellino <aporcellino@bgrfirm.com>
**Sent:** Monday, April 20, 2020 4:18 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>; ken@coastsidelegal.com
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Jason Kelly <jkelly@bgrfirm.com>; Claudia Bonilla <CBonilla@bgrfirm.com>
**Subject:** Y.Y.G.M. SA d.b.a. Brandy Melville v Redbubble, Inc.

Attached please find Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville's Notices of Designation of Confidential Portions of Salvatore Rianna and Madison Elkins.


**Ana Z. Porcellino**
Legal Assistant to Ryan Q. Keech,
     Ryan D. Evans, Jason Y. Kelly and
     Abigail Page
**BROWNE GEORGE ROSS** LLP
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
310.274.7100
310.275.5697
aporcellino@bgrfirm.com
www.bgrfirm.com


_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____


_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____