BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge: Hon. R. Gary Klausner<br><br>**PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    June 1, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:                    June 30, 2020 |

## REDACTED VERSION OF

## DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56-2, and this Court's Standing Order (Dkt. No. 9), Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") hereby submits the following Statement of Genuine Disputes of Material Fact, together with references to supporting evidence, in opposition to Defendant Redbubble, Inc.'s ("Defendant" or "Redbubble") Motion for Summary Judgment (Dkt. No. 40). Plaintiff's responses are in conjunction with and subject to Plaintiff's concurrently filed Objections to Evidence Filed in Support of Redbubble's Motion for Summary Judgment.

| **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|
| 1.      Like the Amazon Marketplace and eBay, Redbubble is a global online marketplace platform, hosted at redbubble.com (the "Redbubble Marketplace"). <br><br> Evidence:    Toy Decl. Exh. A | **DISPUTED AND SUBJECT TO OBJECTIONS** <br><br> Defendant's entire statement is not supported by admissible evidence. Exhibit A of the Toy Declaration is inadmissible hearsay in the form of Redbubble's out-of-court statement. Further, even if the evidence were admissible (it is not), it makes absolutely no mention of Amazon or eBay, and provides no explanation of what "marketplace" characteristics either of those companies has, nor does it identify or describe what characteristics of Redbubble make it "[l]ike" Amazon or eBay. Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | obligation." <br><br> <u>Evidence</u>: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) at 58:3-17. |
| 2.      Artists use the Redbubble Marketplace platform to upload and sell designs on high-quality, everyday products such as apparel, stationery, housewares, bags, and wall art. <br><br> <u>Evidence</u>:     Toy Decl. Exh. A | **DISPUTED AND SUBJECT TO OBJECTIONS** <br><br> Defendant's entire statement is not supported by admissible evidence.  Exhibit A of the Toy Declaration is inadmissible hearsay in the form of Redbubble's out-of-court statement.  Further, even if the evidence were admissible (it is not), the evidence does not specifically support Redbubble's statement regarding artists' use of the Redbubble website.  Indeed, Redbubble's statement is speculative as to what other artists do.  Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." <br><br> <u>Evidence</u>: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) at 58:3-17. |
| 3.      The Redbubble Marketplace automatically performs various online | **DISPUTED AND SUBJECT TO OBJECTIONS** <br><br> The Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software |

| | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|---|
| 4 | services to facilitate | Redbubble uses was developed by its engineers. |
| 5 | transactions. | The Redbubble software performs its functions as |
| 6 | Evidence:    Luthra Decl. ¶¶ 2; | Redbubble designed them, not automatically |
| 7 | Deshais Decl. ¶¶ 2-6 | unbeknownst to Redbubble.  ▆▆▆▆▆▆ |
| 8 | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| 9 | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| 10 | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| 11 | | ▆▆▆▆  Further, whether the software performs |
| 12 | | functions "automatically" is irrelevant, as |
| 13 | | Redbubble is ultimately performing the functions |
| 14 | | through its software.  Further, neither Redbubble nor |
| 15 | | its software is a passive "transactional intermediary" |
| 16 | | or marketplace; Redbubble is, *inter alia*, "the |
| 17 | | principal in the sale" and "controls a substantial part |
| 18 | | of the process and is construed to be the party |
| 19 | | primarily responsible for satisfying the performance |
| 20 | | obligation." |
| 21 | | Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at |
| 22 | | 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19- |
| 23 | | 99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari |
| 24 | | Dep. at 51:7-52:1, 44:2-6, 91:4-14, 25:18-20, 30:21- |
| 25 | | 23); Dkt. No. 36-100 (Toy Atari Dep.) at 12:2-4, |
| 26 | | 58:3-17. |
| 27 | | |
| 28 | | |

| **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|
| 4.     The Marketplace software connects third-party artists or "Sellers" automatically to third-party manufacturers, who print and pack the products, before third-party shippers pick up the products and deliver them to customers.<br><br>Evidence:    Luthra Decl. ¶¶ 2; Deshais Decl. ¶¶ 2-6 | **DISPUTED AND SUBJECT TO OBJECTIONS** Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers.  Redbubble recognizes that "an agent can bind the principal to a contract."  Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers.<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 5.     Redbubble did not make the Accused Products; that was done exclusively by third-party manufacturers. Redbubble did not even see those products at any point during the manufacturing, sale and shipping process. <br><br> Evidence:    Deshais Decl. ¶¶ 2-11 | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/ fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers.  Redbubble recognizes that "an agent can bind the principal to a contract."  Redbubble also is actively involved in quality |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
|  | checking the products its partners create, including having a "quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." Redbubble has a "team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." Further, Redbubble is well aware of the infringing products—the product's image is displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Moreover, Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <u>Evidence</u>: Dkt. No. 36-13 at 11; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-88; Dkt. No. 36-90; Dkt. No. 36-97 (Toy Dep. at 107:16-108:15, 118:24-120:1, 155:2-18, 156:7-12, 162:12- |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 23, 163:20-164:5, 221:16-222:5); Dkt. No. 36-98 (Deshais Atari Dep. at 62:19-23, 65:15-21); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25, 58:3-17). |
| 6.      Redbubble did not offer or sell the Accused Products; that was done exclusively by the third-party Sellers who uploaded and listed the products and transferred title to the purchasers.<br><br>Evidence:    Luthra Decl. ¶¶ 4-8; Toy Decl. ¶ 5, Exh. C | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble offers for sale and sells the products on its website.  One Redbubble advertisement clearly states:  "Why Buy From Redbubble?"  Redbubble collects and remits sales taxes on the sales made to customers in the states where it has a physical presence, including in California.  Redbubble's customers are the same people who are customers of the users who upload their work on the Redbubble Website.<br><br>Redbubble publicly discloses to its shareholders that it is "principal in the sale" because it "controls a substantial part of the process it is construed to be the party primarily responsible for satisfying the performance obligation."  Indeed, all sales are made on the Redbubble website, and Redbubble processes payments and keeps a portion of the revenue.<br><br>Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-24; Dkt. No. 36-51 at 69, 77; Dkt. No. 36-52 at 54, 83; Dkt. No. 36-97 (Toy Dep. at 75:2-16, 106:9- |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 107:13, 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 31:25-32:4); Dkt. No. 36-100 (Toy Atari Dep. at 17:19-19:6, 20:8-13, 20:23-25, 58:3-17). |
| 7.     Redbubble did not place the mark on "advertisements" for the Accused Products; that was done by the third-party Sellers who created the web page listings.<br><br>Evidence:    Luthra Decl. ¶¶ 4-8 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble places advertisements of the infringing products on its website and on third-party websites. Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020.  Redbubble has used advertisements on third-party websites that contain marks substantially similar to the LA Lightning Mark to promote Redbubble and products on the Redbubble Website that reflect the LA Lightning Mark.<br><br>After a user uploads a design onto the Redbubble Website, the design can be advertised on third-party websites, including through Google and YouTube advertisements.  Redbubble increases the visibility of designs on the Redbubble Website by purchasing advertising space through digital marketing platforms, like Google Ads and YouTube, so that the designs can be found when people search for them.  Users who upload designs onto the |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. Redbubble uses the Brandy Melville name to advertise on Google, the Redbubble Website, as well as the products Redbubble offers for sale and sells on the Redbubble Website.<br><br>Users who upload designs onto the Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. Therefore, Redbubble controls what its advertisements look like.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites.<br><br>Further, Redbubble controls what designs can be displayed in advertisements, as the designs are store on server space that Redbubble purchases from vendors—server space that is accessible only to |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble. |
| | Evidence: Dkt. No. 1; Dkt. No. 36-42; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-39; Dkt. No. 36-60; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-39; Dkt. No. 36-42; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1, 123:16-124:2, 162:12-23, 163:20-164:5); Dkt. No. 36-100 (Toy Atari Dep. at 155:4-156:7); Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, Exs. 9, 10, 11, 13.  Declaration of Francisco Cuellar ("Cuellar Dec."), filed concurrently, Ex. 5. |
| 8.     The Redbubble Marketplace platform also provides Sellers access to third-party payment processors who collect and process customer payments.<br><br>Evidence:    Luthra Decl. ¶ 3 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>After a purchase is made on the Redbubble Website, Redbubble collects and processes the customer's payment, and the user who submitted the design does not receive the artist margin until the order is shipped to the customer.  The Redbubble User Agreement also provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | fulfilment, including payment processing, customer services, third party product manufacturing," and "You authorize Redbubble to collect, hold and distribute the retail price ('sale proceeds') from customers on the terms set out in this clause 4. Redbubble will also charge the customer for the shipping which will be retained by us and not affect the amount to be distributed to you." Evidence: Dkt. No. 36-13 at 11-12; Dkt No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13). |
| 9.      The transaction process is entirely Seller-directed and automated by the Redbubble Marketplace software. Evidence:    Luthra Decl. ¶¶ 2-3, 11-12 | **DISPUTED AND SUBJECT TO OBJECTIONS** The transaction is not seller-directed, it is directed by Redbubble.  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  For example, Redbubble—through its software— decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | the functions through its software.  Indeed, the Redbubble User Agreement provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing.  In addition, Redbubble will arrange for the deliver[y] of the physical product to your customer." <u>Evidence</u>: Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4). |
| 10.    No Redbubble personnel designed or uploaded, manufactured, offered for sale, sold, handled, distributed, advertised, or for that matter even viewed any of the Accused Products prior to their sale. <u>Evidence</u>:    Deshais Decl. ¶ | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble advertises on third-party websites, which allow customers to purchase the products on the Redbubble website.  Redbubble then directs a manufacturer to produce the product and have it shipped to the customer. Redbubble also handles customer returns and replacements. ████████████████████████████ ████████████████████████; and since |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 11 | then it has advertised, offered for sale, and sold counterfeit and infringing goods.  Redbubble has principal-agent relationships with the users and the manufacturers, and it is partners with the manufacturers.<br><br>Evidence: Dkt. No. 1 at 4; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76; Dkt. No. 36-82; Dkt. No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13, 118:24-120:1, 155:20-156:6); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-76; Kelly Dec., Exs. 6, 7, 8. |
| 11.    Currently, there are more than 2,160,000 third-party Sellers, who have uploaded more than 27,000,000 product listings to the Redbubble Marketplace.<br><br>Evidence:    Rickert Decl. ¶¶ 2-3 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>This incorrectly presupposes that users who upload designs are the sellers.  However, Redbubble is the seller.  Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Further, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, |

Case No. CV14-04637-PA (JPRx)

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 12.    Redbubble did not design or upload any of the designs for the Accused Products. Rather, all listings advertising products on the Redbubble Marketplace are designed and uploaded solely by third-party Sellers, without any participation by Redbubble.<br><br>Evidence:    Deshais Decl. ¶¶ 9, 11 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble participates because it provides the software that allows customers to produce the infringing products.  Further, this incorrectly presupposes that users who upload designs are the sellers.  Redbubble is the seller.  Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Also, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Further, Redbubble solicits infringing designs. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 13.    Redbubble was unaware of the content of the listings on | **DISPUTED AND SUBJECT TO OBJECTIONS** On May 14, 2018, Brandy Melville's counsel |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| its Marketplace prior to their upload and had no involvement with the Sellers' decisions to offer the Accused Products.<br><br>Evidence:    Deshais Decl. ¶¶ 9, 11 | provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in advertisements on third-party websites.<br><br>Redbubble encourages users who "[l]ike money" to upload their designs onto the Redbubble website "and leave the rest to us.  We arrange for all the printing (on over 60 qualify products) and shipping to almost everywhere on earth." ███████<br>███████████████████<br>███████████████ |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▮▮▮▮▮ |
| | Further, this statement incorrectly presupposes that users who upload designs are the sellers.  However, Redbubble is the seller.  Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." |
| | Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites.  Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | the customer when the order has been shipped, and handles and receives all items that are returned. Redbubble solicits the infringing designs. Evidence: Dkt. No. 1; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-80; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 14.    Before Sellers can upload and sell creative products on the Redbubble Marketplace, they must become registered users. Evidence:    Luthra Decl. ¶ 4 | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers.  Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15). Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 15.    All registered users are required to comply with the Redbubble User Agreement and published policies that specify that the third-party Sellers, not Redbubble, (1) must possess the applicable rights to upload and sell their | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over |

| | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|---|
| | content; and (2) are responsible for such content. | again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." |
| | Evidence:   Toy Decl. ¶ 5, Exh. C | Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016061, 64, 69, 71, 72, 73, 74. |
| | 16.   Third-party Sellers uploading designs to the Redbubble Marketplace have exclusive control over the designs; must specify the physical product type(s) to which each design may be applied and set the price; and may also input a title, one or | **DISPUTED AND SUBJECT TO OBJECTIONS** Customers do not have exclusive control over the designs. Redbubble has the power to remove designs. Further, this incorrectly presupposes that users who upload designs are the sellers. Redbubble is the seller. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is |

-22-                                                          Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | more keyword "tags," and a description.<br><br>Evidence:    Luthra Decl. ¶ 6 | the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | all items that are returned. |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 77; Dkt. No. 36-51 at 51; Dkt. No. 36-52 at 54; Dkt. No. 36-74 at RBBM214323; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 17.    Potential customers may search listings containing content of interest, and search results are based on these keyword tags and title, which are created solely by the uploading Seller – not Redbubble. <br><br> Evidence:    Luthra Decl. ¶ 7 | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> "Unusual tags" at Redbubble is a blacklist of terms that Redbubble does not want to use to actively advertise works on the Redbubble Website. ▬▬ |

Case No. CV14-04637-PA (JPRx)

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | **Evidence**: Dkt. No. 36-97 (Toy Dep. at 166:8-20, 172:17-173:17); Dkt. No. 36-99 (Greenhough Atari Dep. at 135:24-136:17); Dkt. No. 36-100 (Toy Atari Dep. at 143:15-144:13, 146:15-20, 149:16-25, 150:14-18, 151:21-25). |
| 18.    Third-party Sellers must also check a box each time a design is uploaded to the Redbubble Marketplace verifying they "have the right to sell products containing this artwork, including (1) any featured company's name or logo, (2) any featured person's name or face, and (3) any featured words or images created by someone else." <br><br> **Evidence**:    Luthra Decl. ¶ 5 | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 44:2-6, 45:15-24, 91:4-14); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 51:7-52:1); Dkt. No. 36-100 |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | (Toy Atari Dep. at ); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101). |
| 19.    Once third-party Sellers upload content and confirm their right to upload each design, their content is displayed automatically for sale among the tens of millions of product listings on the Marketplace, without any knowledge or involvement by Redbubble.<br><br>Evidence:    Luthra Decl. ¶ 8; Deshais Decl. ¶ 11 | DISPUTED AND SUBJECT TO OBJECTIONS<br><br>Redbubble had knowledge of infringing listings.  On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.  On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in advertisements on third-party websites. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller.  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.<br><br>Redbubble controls the entire sale process for every product listed on its website. This includes posting, advertising, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 17:16-18, |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 98:19-99:19, 100:2-15, 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-101. |
| 20.    The agreements between Redbubble and the Sellers using the Marketplace platform specify that the Seller, not Redbubble, offers and sells the products listed on the Marketplace.<br><br>Evidence:    Toy Decl. Exh. C | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."<br>Redbubble recognizes that "an agent can bind the principal to a contract."<br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <br><br> Evidence: Dkt. No. 36-13; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15; Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 21.    Redbubble's User Agreement describes how the Redbubble Marketplace enables Sellers "to publish, sell, discuss and purchase art;" it includes a section entitled "Offering your art for sale on a physical product" that describes how a Seller "may offer their art for sale on a | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller.  Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble recognizes that "an agent can bind the principal to a contract." |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| physical product on the website by appointing Redbubble to facilitate the transaction….;" it repeatedly refers to Sellers offering their products for "sale," not Redbubble.<br><br>Evidence:    Toy Decl. Exh. C | Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.<br><br>Moreover, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 22.    In the Redbubble Services Agreement, Appendix A to the User Agreement, Sellers acknowledge that they "wish to use Redbubble's services to facilitate marketing and sale of [their] art on a physical product….;" they agree in a section entitled "Sale of your products" that the Seller determines the price for products; and they expressly confirm they are "the seller of the merchandise." | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller.  Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers.  Redbubble recognizes that "an agent can bind the principal to a contract." |
| Evidence:    Toy Decl. Exh. C | Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 23.    The product listing pages confirm that the products sold via the Marketplace are offered by third-party Sellers, not | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's product listing pages do not confirm that. Rather, Redbubble's product listing pages display products with bylines underneath them. Moreover, this incorrectly presupposes that the user |

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Redbubble. In particular, the | who uploads a design is the seller rather than a |
| 5 | search results pages specify | "user." This distinction is important because a |
| 6 | that each listing is "by" the | "user" under the User Agreement includes people |
| 7 | third-party Seller. | who upload designs on the Redbubble Website and |
| 8 | Evidence:    Toy Decl. ¶¶ 31- | people who purchase products on the Redbubble |
| 9 | 32, Exh. H | Website. |
| 10 | | Contrary to what Redbubble's statement suggests, |
| 11 | | Redbubble is "the principal in the sale" because it is |
| 12 | | the "party primarily responsible for satisfying the |
| 13 | | performance obligation."  None of these individuals |
| 14 | | and entities are "third-part[ies]" in the sense that |
| 15 | | they lack a relationship with Redbubble.  Regarding |
| 16 | | artists/users, Redbubble "acts [as] your agent |
| 17 | | specifically in relation to the sales transaction . . . ." |
| 18 | | Redbubble recognizes that "an agent can bind the |
| 19 | | principal to a contract." |
| 20 | | Redbubble owns and operates the Redbubble |
| 21 | | website (www.redbubble.com), and the software |
| 22 | | Redbubble uses was developed by its engineers. |
| 23 | | The Redbubble software performs its functions as |
| 24 | | Redbubble designed them, not automatically |
| 25 | | unbeknownst to Redbubble.  Further, whether the |
| 26 | | software performs functions "automatically" is |
| 27 | | irrelevant, as Redbubble is ultimately performing |
| 28 | | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |
| | On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23; 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 1 2 3 | | |
| 4 | 24.    The listing pages themselves identify the third-party Seller both below and to the right of the image, followed by a selection of additional listings by the same Seller, if available, and a link to "View [Seller's] Shop." | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is |
| 5 6 7 8 9 10 11 12 13 | Evidence:    Toy Decl. ¶¶ 31, 33, Exh. I | |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | | |
| 28 | | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |
| | On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61;  Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. |

| | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|---|
| | 25.    Like Amazon and other marketplaces, the Redbubble Marketplace software facilitates payment processing for Sellers. Third-party payment processors like PayPal, Stripe, or Amazon Payments receive payment directly from customers through the Redbubble Marketplace.<br><br>Evidence:    Luthra Decl. ¶ 11 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Redbubble's citation does not explain how "Amazon and other marketplaces" function. Nor are their business models anywhere in this case's factual record.<br><br>The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the payment process on the Redbubble Marketplace, particularly the statements regarding who the third party payment processors are, and that the processors "receive payment directly from purchasing customers, and Marketplace software automatically facilitates the payment processing of sale proceeds from customers to Sellers."  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial.  (FRE 402, 403, 602.)<br><br>Moreover, Mr. Luthra's declaration as to payments concerning customers, processors, and sellers constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.<br><br>Further, this averment is irrelevant, as it is of no consequence in determining the action.  (FRE 401, 402.)  Redbubble is not a passive "transactional |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." <br><br> Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep. at 58:3-17). |
| 26.    The Redbubble Marketplace software automatically facilitates the payment of the Seller-established margin to the Seller's account, less Redbubble's fixed service fee, which varies by product type but is independent of the price set by the Seller. <br><br> Evidence:    Luthra Decl. ¶ 11; Toy Decl. ¶¶ 28 29 | **DISPUTED AND SUBJECT TO OBJECTIONS** <br><br> This incorrectly presupposes that users who upload designs are the sellers.  However, Redbubble is the seller.  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. ▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br><br> ▮▮▮▮ Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Redbubble is not a passive "transactional intermediary" or marketplace; it is, |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. <u>Evidence</u>: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 58:3-17). |
| 27.    Redbubble never took control of or title to the Accused Products. Rather, as specified at Section 3.5 of Redbubble's Services Agreement, "[a]ll items purchased from the website are manufactured pursuant to | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| arrangements with third party suppliers under [Seller's] instructions. This means that title and risk for loss for such items pass from [Seller] to the customer/purchaser without passing through [Redbubble] . . ."<br><br>Evidence:    Toy Decl. Exh. C | Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 28.    Once an order is placed, the Redbubble Marketplace software automatically forwards the order information on behalf of the Seller to a third-party manufacturer or printer ("Manufacturer") based on criteria like the delivery location and product type.<br><br>Evidence:    Luthra Decl. ¶ 12 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble's cited evidence does not support the contention that its "software automatically forwards the order information *on behalf of the Seller*[.]" (Emphasis added.)<br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order.  Further, whether the software performs |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | other overseas shippers—that ship products to customers. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61;  Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 29.     Manufacturers of orders placed through the Redbubble Marketplace are independent of Redbubble; they are not affiliates of Redbubble, and Redbubble neither owns the manufacturing facilities or equipment nor employs any of the personnel. <br><br> Evidence:    Deshais Decl. ¶¶ 4-5, 11 | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116).  Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with the manufacturers/fulfillers.  Redbubble |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | recognizes that "an agent can bind the principal to a contract." |
| | The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners. |
| | Evidence: Dkt. No. 36-1 ¶¶ 82-89; Dkt. No. 36-13 at 10, 11); Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 30.    Upon receipt of an order, the Manufacturer imprints the design onto the product type chosen by the customer, without any input or involvement from Redbubble.<br><br>Evidence:    Deshais Decl. ¶ 2 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble does have input and involvement.  For instance, fulfillers put several types of Redbubble-branded packaging on products that were sold on the Redbubble Website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo.<br>Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations. We rely on a third-party network of partners that are very good at what they do." In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have. We measure every single step of the experience. We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners." In one Redbubble TV video, Arnaud Deshais states: "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-98 (Deshais Atari Dep. at 64:12-14, 65:3-11); Kelly Dec., Exs. 6, 7, 8. |
| 31.     Redbubble personnel do not review product artwork prior to printing, participate in the manufacturing process, pack or ship the printed products, or perform pre-shipment quality control.<br><br>Evidence:     Deshais Decl. ¶ 11 | DISPUTED AND SUBJECT TO OBJECTIONS<br><br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>██████████████<br><br>Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments. In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do."  In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | experience. We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners." In one Redbubble TV video, Arnaud Deshais states: "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." <br><br> Evidence: Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 109:14-110:9); Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18); Kelly Dec., Exs. 6, 7, 8. |
| 32. After a product is printed, a third-party shipper picks it up from the Manufacturer and ships the product directly to the customer. | **DISPUTED AND SUBJECT TO OBJECTIONS** <br><br> After the product is printed, fulfillers put several types of Redbubble-branded packaging on products, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo. Contrary to what Redbubble's statement suggests, |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Evidence:   Deshais Decl. ¶ 6 | Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers.  Redbubble recognizes that "an agent can bind the principal to a contract."  Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers.<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | irrelevant, as Redbubble is ultimately performing the functions through its software. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 64:12-14, 65:3-11, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 33.     At all times between completion of manufacturing and the time the product is picked up by the shipper, the product remains with the third-party Manufacturer; Redbubble does not possess, physically handle, or even see the finished products. Evidence:     Deshais Decl. ¶¶ 7, 9, 11 | DISPUTED AND SUBJECT TO OBJECTIONS Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with the manufacturers/fulfillers.  Redbubble |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | recognizes that "an agent can bind the principal to a contract." The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners. <u>Evidence</u>: Dkt. No. 36 at 9-12; Dkt. No. 36-1 ¶¶ 36-95, 102-118, 82-89, 159-169; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 34.   Redbubble has taken significant steps to prevent abuses of its Marketplace, and has devoted substantial resources toward eliminating third-party infringement on the Marketplace and improving existing anti-piracy measures. <u>Evidence</u>:   Toy Decl. ¶¶ 8-22 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our |

-50-     Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Redbubble actively discourages users from reporting infringement and generally doesn't "go looking for similar works to remove from the marketplace." This is an improper opinion, not a fact. Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36- |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 48; Dkt. No. 36-74; Dkt. No. 36-64; Dkt. No. 36-69; Dkt. No. 36-71; Dkt. No. 36-72; Dkt. No. 36-73; Dkt. No. 36-74. |
| 35.    Redbubble requires Sellers to confirm that they own and/or have the right to sell the content that they upload and "will not infringe the intellectual property rights or any other rights of any person or entity…," both at the time they sign up as users and again each time they upload listings to the Marketplace.<br><br>Evidence:    Toy Decl. Exh. C; Luthra Decl. ¶ 5 | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 36.    Under Redbubble's IP/Publicity Rights Policy, | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>On May 14, 2018, Brandy Melville's counsel |

| | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | which is modeled on the | provided Redbubble notice that the Redbubble |
| 5 | Digital Millennium Copyright | Website offered for sale products using Brandy |
| 6 | Act (17 U.S.C. § 512), if | Melville trademarks, including the Brandy Melville |
| 7 | Redbubble receives notice that | Mark and a design that features Brandy Melville's |
| 8 | particular listings infringe a | web address. |
| 9 | third-party's intellectual | On May 15, 2018 and June 26, 2019, Brandy |
| 10 | property rights, Redbubble | Melville's counsel provided Redbubble notice that |
| 11 | promptly (typically within one | the Redbubble Website still offered for sale many |
| 12 | business day) removes those | products that specifically incorporated the Brandy |
| 13 | listings and notifies the third- | Melville name or contained Brandy Melville |
| 14 | party Seller who uploaded | designs. |
| 15 | them. | On May 28, 2019 and July 19, 2019, Brandy |
| 16 | Evidence:    Toy Decl. ¶¶ 6-7, | Melville's counsel provided Redbubble notice that |
| 17 | Exh. D | the Redbubble Website still offered for sale products |
| 18 | | that contained Brandy Melville designs, used the |
| 19 | | Brandy Melville name in advertisements on Google, |
| 20 | | and used the LA Lightning Mark in advertisements |
| 21 | | on third-party websites. |
| 22 | | ████████████████████ |
| 23 | | ███████████████████████ |
| 24 | | ████████████ Compared to other |
| 25 | | print-on-demand websites, Redbubble is one of the |
| 26 | | worst violators with respect to policing its |
| 27 | | marketplace for intellectual-property infringement. |
| 28 | | |

Case No. CV14-04637-PA (JPRx)

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 1; Dkt. No. 36-8; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-80; Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). |
| 37.     Per its IP/Publicity Rights Policy, Redbubble will "disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with infringing the copyrights, trademark rights, other intellectual property rights or publicity rights of others." Evidence:     Toy Decl. ¶ 7, Exh. D | DISPUTED AND SUBJECT TO OBJECTIONS While Redbubble's policy may say this, Redbubble's actions certainly do not abide by the policy. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously.  There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). |
| 38.   In accordance with its IP/Publicity Rights Policy, Redbubble has received over 91,500 takedown requests from content owners, and | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| pursuant to those requests, Redbubble removed more than 755,000 listings.<br>Evidence:   Rickert Decl. ¶ 4 | |
| 39.   Redbubble proactively polices the Redbubble Marketplace for potentially infringing content.<br>Evidence:   Toy Decl. ¶ 22 | **DISPUTED, SUBJECT TO OBJECTIONS**<br>Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. ▮▮▮<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬   Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬<br>Evidence: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. |
| 40.   Redbubble employs a 13-person Marketplace Integrity ("MPI") Team that | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬ |

| **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|
| proactively polices the Marketplace for potential infringement of marks belonging to Brandy Melville and over 300 other content owners, including some of the largest content owners in the world. Many of these content owners have large and diverse portfolios of intellectual property rights (i.e., copyrights, trademarks and publicity rights) in properties like TV shows and individual movies, or represent large rosters of musical artists. <br> Evidence:    Toy Decl. ¶ 21 | ███████████████ However, the number of designs displayed on the Redbubble Website is "in the millions." Jenny Greenhough, the head of Redbubble's MPI Team, testified that only five people at Redbubble are responsible for handling takedown notices Redbubble receives. In addition, Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. ██████████████████ ████████████████████ █████████████████████ ████████████████ Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." ████████ ████████████████ █████████████████████ ████████████ <br> Evidence: Dkt. No. 36-1 ¶¶ 140, 153, 194; Dkt. No. 40-4 ¶ 21; Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18, 38:7-11). |
| 41.    Using information | **DISPUTED AND SUBJECT TO OBJECTIONS** |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| provided by content owners, Redbubble's MPI team uses proprietary software tools to search for potentially infringing listings based on the Seller-generated titles, tags and descriptions.<br><br>Evidence:    Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 10, 12 | This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller and the principal. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 42.    Redbubble's MPI Team manually reviews search results, including images of the artwork for the listing, to identify content that matches policing guidelines created by Redbubble, typically with the assistance of the content owner.<br><br>Evidence:    Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 12-18 | **DISPUTED, SUBJECT TO OBJECTIONS**<br>Redbubble's "fact" is unsupported by admissible record evidence and is irrelevant given Redbubble's ongoing counterfeiting.<br><br>Evidence:  *E.g.*, Dkt. No. 36-62 to -69; Dkt. No. 36-1 ¶¶ 121, 122. |
| 43.    Redbubble's MPI Team | **DISPUTED AND SUBJECT TO OBJECTIONS** |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| promptly removes or prevents any listing content matching its policing guidelines from appearing on the site proactively and without receiving a specific takedown notice from the rightsholder. Evidence:   Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 12-18 | On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮ |
| | Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-74; Dkt. No. 36-80. |
| 44.     A third-party Seller whose works are removed through proactive policing is automatically notified upon removal and is otherwise treated in accordance with the IP/Publicity Rights Policy.<br><br>Evidence:     Toy Decl. ¶ 15 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."<br><br>None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble recognizes that |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Redbubble continues to advertise, offer for sale, and sell designs solicited from users who repeatedly infringe Brandy Melville's trademarks. |
| | ████████████████████████████ ███████████████████████ ████████████████ |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | ▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | ▬▬▬▬▬▬▬▬ |
| | Evidence: |
| | Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-74; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 45:15-24, 51:7-52:1); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. |
| 45.    Only if a content owner collaborates with Redbubble by providing a complete list of | **DISPUTED AND SUBJECT TO OBJECTIONS** The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge as to the allegation |

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 4 | what it believes its protected | regarding content owner collaboration with |
| 5 | content is –logos, trademarks, | Redbubble to effectively combat trademark |
| 6 | characters, etc. – can | infringement on Redbubble' website or the assertion |
| 7 | Redbubble most effectively | that Brandy Melville has refused to provide a |
| 8 | search for it and remove it | reasonable level of cooperation with Redbubble. |
| 9 | from the Marketplace. | Indeed, Mr. Toy's declaration to these allegations |
| 10 | Evidence:    Toy Decl. ¶ 11 | constitutes improper opinion evidence, is |
| 11 | | speculative as it assumes those facts which are not |
| 12 | | in evidence are true, and is thus unfairly prejudicial. |
| 13 | | (FRE 402, 403, 602, 701.) |
| 14 | | Mr. Toy's lack of personal knowledge regarding the |
| 15 | | MPI Team and its work at Redbubble is illustrated |
| 16 | | by ███████████████████████████ |
| 17 | | ███████████████████████████ |
| 18 | | ███████████████████████ |
| 19 | | ███████████████████████████ |
| 20 | | ██████████   Mr. Toy's lack of personal knowledge is |
| 21 | | further illuminated by the fact that he claimed the |
| 22 | | MPI Team "will typically review over 6,000 |
| 23 | | individual designs" "on any given day."  (Dkt. No. |
| 24 | | 40-4 ¶ 21.)  But ██████████████████ |
| 25 | | ████████████████████████████ |
| 26 | | ████████████████████████████ |
| 27 | | ████████████████   The Toy Declaration lacks |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
|  | foundation regarding the level of cooperation from Brandy Melville, which is in any event inadmissible because it is irrelevant.  (FRE 401, 402.) The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is the result of inadmissible hearsay.  Further, this is an improper opinion, not a fact. Evidence: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. |
| 46.     When content owners like Brandy Melville do not cooperate with Redbubble in its proactive policing process, Redbubble is forced to use its best judgment as to what terms a content owner might use to identify colorable infringement. Evidence:    Toy Decl. ¶ 11 | **DISPUTED AND SUBJECT TO OBJECTIONS** Brandy Melville has informed Redbubble of its infringements numerous times. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | designs. |
| | | On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. |
| | | ████████████████████████ |
| | | ████████████████████████████ |
| | | ████████████████████ |
| | | Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80. |
| | 47.   Redbubble uses a combination of proprietary and third-party software to identify scaled and/or repeated abusers of the Redbubble user agreement. These tools look for Seller behavior or characteristics that may indicate that a Seller is a scaled abuser or repeat infringer, and when it finds a | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, |

-66-

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| high-risk account, it may automatically disable the account and remove it from the Marketplace or put it on a watch list to by monitored by the MPI Team.<br><br>Evidence:    Toy Decl. ¶¶ 19-20 | Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.<br><br>Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously.<br><br>Evidence: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. |
| 48.     Redbubble's MPI team currently proactively policies for approximately 2,300 individual properties for content owners, and on any given day, the MPI Team will typically review and compare over 6,000 individual designs to its policing guidelines.<br>Evidence:     Toy Decl. ¶ 22; Rickert Decl. ¶ 6 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>███████████████████████<br>███████████████████████<br>██████████████<br>Evidence: Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18). |
| 49.     To date, the proactive policing efforts of the MPI Team have resulted in the | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| disabling or removal of approximately 3,700,000 listings from the Redbubble Marketplace. And Redbubble has disabled and/or terminated almost 670,000 Seller accounts for violation of Redbubble policies, including its IP/Publicity Rights Policy. <u>Evidence</u>:    Rickert Decl. ¶¶ 9-10 | This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers.  Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
|  | irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously <u>Evidence</u>: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. |
| 50.   Redbubble has disabled | **UNDISPUTED, BUT SUBJECT TO** |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| or removed approximately 400 listings under its proactive removal guidelines for Brandy Melville, covering around 7,200 products. <br> Evidence:    Rickert Decl. ¶ 8 | OBJECTIONS |
| 51.    The "Brandy Heart" mark was registered on July 11, 2017 as U.S. Trademark Registration No. 5,238,856. That registration covers a variety of products, including stickers and apparel, "consists of the wording 'BRANDY MELVILLE' in black with a pink heart between BRANDY and MELVILLE." "The color(s) black and pink is/are claimed as a feature of the mark." <br> Evidence:    Masur Decl. Exh. B | UNDISPUTED, BUT SUBJECT TO OBJECTIONS |
| 52.    Brandy Melville does not use the Brandy Heart mark | UNDISPUTED, BUT SUBJECT TO OBJECTIONS |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| on stickers.<br>Evidence:    Masur Decl. Exh. F at 109:22-110:8; 119:21-22; 127:1-11 | Brandy Melville has not used the Brandy Heart Mark on stickers. |
| 53.    The "Brandy Flags" mark was registered on January 9, 2018 as U.S. Trademark Registration No. 5,373,397. That registration "consists of 'BRANDY MELVILLE' with a pair of crisscrossed flags between the 'Y' and 'M.'"<br>Evidence:    Masur Decl. Exh. C | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** |
| 54.    The "LosAngeles Lightning" mark was registered on May 14, 2019 – two weeks before this suit was filed – as U.S. Trademark Registration No. 5,748,883. That registration "consists of [t]he word 'LOSANGELES' as one word without a space. | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** |

| | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
|---|---|---|
| 1–3 | | |
| 4–17 | The first letter of the word is stylized to resemble a lightning bolt. Below 'LOSANGELES' is the word 'CALIFORNIA' and the number '1984'. All of the words are in yellow. No claim is made to the exclusive right to use the following apart from the mark as shown: LOS ANGELES CALIFORNIA 1984." <br><br> <u>Evidence</u>:  Masur Decl. Exh. D | |
| 18–28 | 55.   The LosAngeles Lightning mark only covers "clothing, namely, T-shirts, tank tops and sweatshirts." <br><br> <u>Evidence</u>:  Masur Decl. Exh. D | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> Redbubble's use of Brandy Melville's trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products.  Redbubble's use includes advertising and offering to sell infringing and counterfeit products.  Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the LosAngeles Mark several times.  Further, the marks' protections are not limited to the |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | categories in the registration. This "fact" is an improper legal conclusion. Evidence: *E.g.*, Dkt. No. 1; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. |
| 56. Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and "variations thereof (e.g., Brandy LA, www.brandymelvilleusa.com, etc.)," as well as variations of the LA Lightning logo "(e.g., different colors)" although Brandy Melville has not provide any further information on specifically what those "variations" might be. Evidence: Masur Decl. Exh. A | **PARTIALLY DISPUTED AND SUBJECT TO OBJECTIONS** It is undisputed that Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and variations thereof, as well as other unregistered marks. Brandy Melville has, however, repeatedly informed Redbubble about the scope of its infringement, as well as the "variations." For example, on May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. And on May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 1<br>2<br>3 | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | | sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>Further, on May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites.<br><br>Evidence:  Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-55; Dkt. No. 1. |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | 57.    On May 14, 2018, Redbubble received correspondence complaining that the phrase "Brandy Melville" was being used as a tag, and identifying a handful of specific potentially infringing listings.<br>Evidence:    Toy Decl. ¶ 23, Exh. E | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Brandy Melville disputes Redbubble's characterization.  On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br>Evidence:  Dkt. No. 36-53. |
| 27<br>28 | 58.    By May 15, 2018, | **DISPUTED AND SUBJECT TO OBJECTIONS** |

Case No. CV14-04637-PA (JPRx)

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Redbubble had removed the listings that Brandy Melville complained about in its May 14, 2018 correspondence, and advised Brandy Melville that "if there are any additional specific designs hosted on the marketplace that you would like removed, please identify those for us, and we will ensure that they are promptly removed in a manner consistent with Redbubble's IP and publicity rights policy." <br><br> Evidence:    Toy Decl. ¶ 24, Exh. F; Rickert Decl., Ex. A | On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. <br><br> On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. <br><br> Moreover, Redbubble's Toy Decl. Exh. F provides Brandy Melville's counsel's response to Redbubble's claim that it removed the listings complained of in the May 14, 2018 letter: "Thank you for the response. I just searched for "Brandy Melville" on your site, and there continue to be over 1,000 results, including many products that specifically incorporate BRANDY MELVILLE." <br><br> Evidence: Dkt. No. 1; Dkt. No. 36-59, 60; Dkt. No. 40-10 |
| 59.    Brandy Melville did not | **DISPUTED, SUBJECT TO OBJECTIONS** |

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 1 2 3 | **Defendant's Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Response and Supporting Evidence** |
| 4 5 6 7 8 9 10 11 12 | identify additional designs, and after May 15, 2018, Redbubble did not hear again from Brandy Melville for over a year, when it learned that Brandy Melville had filed this lawsuit.<br>Evidence:    Toy Decl. ¶ 24 | The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration regarding the allegation that "[a]fter May 15, 2018, Redbubble did not hear from Brandy Melville again until after this lawsuit was filed."  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial.  (FRE 402, 403, 602.) |
| 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 60.     Each time that Brandy Melville identified specific listings that it alleged were infringing its marks (including in the Complaint), Redbubble promptly removed the designs identified by Brandy Melville.<br>Evidence:    Toy Decl. ¶ 25; Rickert Decl., Exh. A | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>The same Brandy Melville designs repeatedly appeared. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 1; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Declaration of Philip Paley, filed concurrently, Ex. 4. |
| 61.    Upon receiving notice of the Complaint, Redbubble also began proactively policing for the intellectual property that Brandy Melville had identified and continues to do so, although Brandy Melville has not cooperated in these efforts to date, rendering Redbubble's policing efforts more difficult. Evidence:    Toy Decl. ¶ 26; Rickert Decl., ¶¶ 8-10 | DISPUTED AND SUBJECT TO OBJECTIONS On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | on third-party websites.

██████████████
███████████████████
█████████████

Evidence: Dkt. No. 1; Dkt. No 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. 36-62, 63, 64, 65, 66, 67, 68, 69; Paley Dec., Ex. 4. |
| 62.    Redbubble applied its repeat infringer policy to third-party sellers who listed the designs identified by Brandy Melville.

Evidence:    Toy Decl., ¶¶ 7, 19; Rickert Decl., ¶ 7 | **DISPUTED AND SUBJECT TO OBJECTIONS**
Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously.
Brandy Melville's expert witness has seen hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again."  "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation."
"The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." <br> Evidence: Dkt. No. 36-8 at ¶¶ 33-36; Dkt. No. 36-62, 63, 64, 65, 66, 67, 68, 69; Paley Dec., Ex. 4. |
| 63.    Since Redbubble began proactively policing for Brandy Melville content, there have been no sales through the Marketplace of products bearing the images depicted in Brandy Melville's registrations. <br> Evidence:    Rickert Decl. Exh. B | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Marks.  This post-dates—by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Marks beginning on May 31, 2019. <br> This also does not take into account Redbubble's advertising, offering to sell, and sale of Brandy Melville's unregistered trademarks. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| |   **Evidence**:    Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865; Paley Dec., Ex. 4. |
| 64.    No product bearing the Brandy Flags mark has ever been sold through the Redbubble Marketplace. Evidence:    Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | **UNDISPUTED, SUBJECT TO OBJECTIONS** Redbubble's use of Brandy Melville's trademarks, including the Brandy Flags Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the Brandy Flags Mark several times. |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | **Evidence**:   Dkt. No. 36-71 at RBBM016078, RBBM016082, RBBM016092, RBBM016094; Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. |
| 65.    There has been no sale through the Redbubble Marketplace of any product displaying the Los Angeles Lightning mark on clothing, the only goods that mark was registered for.<br>**Evidence**:    Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Plaintiff registered the LA Lightning Mark on May 14, 2019, and Redbubble offered for sale counterfeit "T-shirts, tank tops or sweatshirts" bearing the LA Lightning Mark on November 16, 2019. Redbubble's own evidence demonstrates that Redbubble sold infringing and counterfeit products bearing the Los Angeles Lightning Mark.  The Rickert Declaration explains that its Exhibit A "show information about each listing that Redbubble is aware of . . . that were listed as T-shirts, tank tops or sweatshirts with the image depicted and described in the registered 'LOS ANGELES LIGHTNING' mark[.]"  Exhibit A of the Rickert Declaration identifies *multiple* iterations of the Los Angeles Lightning Mark that Redbubble advertised, offered for sale, and/or sold on the Redbubble website.  Exhibit A even identifies the total amount of service fees Redbubble collected on these sales.<br>In any event, Redbubble's use of Brandy Melville's |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products.  Redbubble's use includes advertising and offering to sell infringing and counterfeit products.  Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the LosAngeles Lightning Mark several times. |
| | Evidence:    Dkt. No. 36-71; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8; Dkt. No. 36-19, 20, 21, 22; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). |
| 66.    Although just over US$5,000 of products featuring the Brandy Hearts mark have been sold through the Marketplace, those sales were either stickers (on which Brandy Melville doesn't actually use the mark) or products that are not covered by that trademark registration. Evidence:    Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | **DISPUTED AND SUBJECT TO OBJECTIONS** Brandy Melville also places the Brandy Melville Mark—which was registered on July 11, 2017 and protects clothing—on its apparel, and the record confirms that Redbubble offered for sale counterfeit clothing bearing the mark on, inter alia, April 28, 2020. Redbubble's use of Brandy Melville's trademarks, including the Brandy Hearts Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the Brandy Hearts Mark several times. Evidence: Dkt. No. 1 at 3-5; Dkt. No. 40-4 (Toy Dec., ¶ 35); Dkt. No. 40-15, 16; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754). |
| 67.    There is no evidence that Redbubble is a partner with the third-party manufacturers; there is certainly no legally registered partnership, and the manufacturers all operate independently, and can and do decide independently whether to fulfill orders routed through the Redbubble Marketplace. Evidence:    Deshais Decl. ¶¶ 4, 11; Toy Decl. ¶ 30 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's parent company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble stated in a publicly disclosed video that: "It's actually really important for us to have a global network of fulfillers. These are companies that we partner with to produce our goods." In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia. And we work with them to design and develop the product because they know their local |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer—stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." |
| | Only Redbubble—and neither the user who uploaded the design on Redbubble's website nor the customer who purchased the good on Redbubble's website—interacts with the fulfiller.  Redbubble arranges for the fulfiller to be paid for the products it manufactures that are sold on the Redbubble Website.  Fulfillers put several types of Redbubble-branded packaging on products that were sold on the Redbubble Website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo.  Redbubble asks fulfillers to include Redbubble-branded hang tags or stickers on products shipped to consumers. Evidence: Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. No. 36-98 (Deshais Atari Dep. at 21:7-17, 44:2-6, 49:23-25, |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 50:7-51:4, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Kelly Dec., Exs. 6, 7, 8. |
| 68.    Redbubble does not have the authority to bind manufacturers in transactions with third-parties, or vice versa.<br><br>Evidence:    Toy Decl. ¶ 30 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble's partner company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent."  Redbubble recognizes that "an agent can bind the principal to a contract."<br>In a video Redbubble publicly released, Redbubble stated: "It's actually really important for us to have a global network of fulfillers.  These are companies that we partner with to produce our goods."<br>In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia.  And we work with them to design and develop the product because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer—stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | our expectations." |
| | Evidence:   Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. No. 36-98 (Deshais Dep. at 21:7-17, 44:2-6, 49:23-25, 50:7-51:4, 91:4-14);  Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Kelly Dec., Exs. 6, 7, 8. |
| 69.    Redbubble is unaware of specific designs uploaded and listed for sale by third-party Sellers on the Marketplace, including specifically the designs for the Accused Products, absent notification from rightsholders.<br><br>Evidence:    Deshais Decl. ¶ 11 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble had been notified by Brandy Melville several times about infringing designs, yet those designs continued to be offered for sale.<br>This incorrectly presupposes that users who upload designs are the sellers.  Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br>Evidence: Dkt. No. 1; Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 70.    Whenever Brandy Melville notified Redbubble that specific listings infringed | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Brandy Melville's rights, Redbubble promptly removed them.<br><br>Evidence:    Toy Decl. ¶ 29 | Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites.  Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020.<br><br>Evidence: Dkt. No. 1; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-80. |
| 71.    Redbubble implemented numerous proactive measures to prevent listings that Brandy Melville might consider infringing from being offered for sale on the Redbubble Marketplace, despite Brandy Melville's unwillingness to cooperate with that process.<br><br>Evidence:    Toy Decl. ¶¶ 8-23 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Mark.  This post-dates—by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Mark beginning on May 31, 2019.<br><br>This also does not take into account Redbubble's advertising, offering to sell, and sale of Brandy Melville's unregistered trademarks.<br><br>Evidence: Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. |

Case No. CV14-04637-PA (JPRx)

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS

Plaintiff incorporates by reference the facts and evidence set forth in its Statement of Uncontroverted Facts and Conclusions of Law filed in support of its Motion for Partial Summary Judgment. (Dkt. No. 36-1 ¶¶ 1-202.)

Further, Plaintiff sets forth the following additional uncontroverted facts that were not presented to the Court in connection with its Motion for Partial Summary Judgment (Dkt. Nos. 36, 36-1):

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
| --- | --- |
| 203.   Brandy Melville owns the "Brandy Flag Mark," bearing United States Patent and Trademark Office Registration No. 5,373,397 and registered on January 9, 2018. | Dkt. No. 40-20. |
| 204.   Brandy Melville owns several unregistered trademarks for its name and graphic logos. | *E.g.*, Dkt. No. 40-18 (at 5). |
| 205.   Redbubble does not sell used products and its products are created after a customer makes a purchase on the Redbubble website. | Request for Judicial Notice, Ex. 1 (at 20:15-34). |
| 206.   On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. | *E.g.*, Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 40-13. |
| 207.   Redbubble advertises specific designs that it selects from its website through its video advertisements on YouTube. | Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, Exs. 9, 10, 11. |
| 208.   Redbubble does not get paid unless a sale is made on its website. | Request for Judicial Notice, Ex. 1 (at 27:11-32). |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| 209.   Redbubble's requirements for its fulfillers include requiring them to use, *inter alia*, materials that are ethically sourced. | Request for Judicial Notice, Ex. 1 (at 35:10-28). |
| 210.   Redbubble has advertised on its website and offered for sale counterfeit products bearing the Brandy Flags Mark. | *E.g.*, Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. |
| 211.   Redbubble has advertised on its website and third-party websites, offered for sale, and sold products that infringe Brandy Melville's unregistered trademarks. | *E.g.*, Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-58; Dkt. No. 36-60; Dkt. No. 36-71. |
| 212.   Redbubble plainly infringes several different brands, trademarks, and forms of intellectual property. | Declaration of Francisco Cuellar, filed concurrently, Ex. 5; Kelly Dec., Ex. 13; Dkt. No. 36-29; Dkt. No. 36-30; Dkt. No. 36-49; Dkt. No. 36-50; Dkt. No. 36-71. |
| 213.   Redbubble's expert averred that Amazon and other "large marketplaces" are "in very different businesses than Redbubble." | Kelly Dec., Ex. 12 (at ¶ 14). |
| 214.   Redbubble does not offer genuine Brandy Melville goods. | *E.g.*, Dkt. No. 1; Dkt. No. 36-15; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60. |
| 215.   Counsel for the plaintiff in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.) conceded to the Sixth Circuit Court of | Request for Judicial Notice, Ex. 1 (at 23:30-50, 38:40-55). |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| Appeals that the *Ohio State* plaintiff moved for summary judgment "admittedly very early" and without taking any depositions in the district court. | |
| 216.   The district court in *Ohio State* evaluated only one form of "use" under the Lanham Act and did not evaluate the several other forms that Brandy Melville has pursued here. | *E.g.*, Request for Judicial Notice, Ex. 1 (at 28:08-29:11), Ex. C (at 16-26).  *The Ohio State Univ. v. Redbubble*, 369 F. Supp. 3d 840, 845 (S.D. Ohio 2019). |
| 217.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble had to rely on facts outside the record to make his oral argument before the Sixth Circuit. | Request for Judicial Notice, Ex. A (at 21:00-22:43). |
| 218.   The International Trademark Association informed the Sixth Circuit in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.) that, in the district court, *The Ohio State* court had an incomplete factual record with respect to "whether Redbubble acted as a 'seller'" and "the degree to which Redbubble advertises or encourages advertising of the allegedly infringing products." | Request for Judicial Notice, filed concurrently, Ex. 3 (at ii). |
| 219.   As evidence by their lack of Bates numbers, Exhibits A and B of the Declaration of Rickert were never produced in this litigation. | Dkt. No. 40-15; Dkt. No. 40-16. |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| 220.   Redbubble offered for sale counterfeit "T-shirts, tank tops or sweatshirts" bearing the LA Lightning Mark on November 16, 2019. | Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). |
| 221.   Redbubble offered for sale counterfeit clothing bearing the Brandy Melville Mark on, *inter alia*, April 28, 2020. | Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754). |
| 222.   Redbubble offered for sale goods bearing the Brandy Flag Mark after January 9, 2018. | Dkt. No. 40-15 at 7 |
| 223.   ███████████████ | Dkt. No. 36-91. |
| 224.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble conceded:  "[W]hat Redbubble does in that transaction is it facilitates. . . . There's a very well-developed doctrine of contributory trademark infringement. . . . But Ohio State didn't bring a contributory infringement claim. . . . To the extent Redbubble has a role, the role is as a facilitator, and under the law, as set forth in *Coach*, which set forth these distinctions, to the extent there might be liability as a facilitator, it's under a doctrine of contributory infringement that wasn't asserted in this case." | Request for Judicial Notice, Ex. 1 (at 31:36-34:03; *see also id.* at 25:30-42). |
| ███████████████ | *E.g.*, Kelly Dec., Ex. 14; Dkt. No. 36-71 at RBBM016064 |

PLAINTIFF YYGM S.A. D.B.A. BRANDY MELVILLE'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFENDANT REDBUBBLE, INC.'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| ███████████████ | (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571). |
| ███████████████ | *E.g.*, Kelly Dec., Ex. 15; Dkt. No. 36-71 at RBBM016069 (work_id 43331716). |
| ███████████████ | *E.g.*, Kelly Dec., Ex. 16; Dkt. No. 36-71 at RBBM016074 (work_id 99640306). |

DATED:  May 11, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: _____ */s/ Keith J. Wesley* _____
Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville