# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Opposition, Statement of Genuine Disputes of Material Fact, and Declaration of Joshua M. Masur]*<br><br>Hearing Date: June 1, 2020<br>Time:           9:00 a.m.<br>Courtroom:   850 |

On June 1, 2020, Plaintiff's Motion for Partial Summary Judgment was heard in this Court before the Honorable R. Gary Klausner. After considering the materials and oral argument presented to the Court, and good cause appearing:

IT IS HEREBY ORDERED that Redbubble's motion is DENIED, the Court finding as follows:

- On Plaintiff's First Claim, for Direct Trademark Infringement and Counterfeiting, Second Claim, for False Designation of Origin, and

2911-1006 / 1615130.1

1

Third Claim, for Common Law Unfair Competition, Brandy Melville has failed to meet its burden to show that Redbubble made an affirmative "use in commerce" of a mark "in connection with the sale, offering for sale, distribution or advertising of goods," including because it is not the seller of products offered through the Marketplace and does not otherwise engage in conduct that could subject it to liability for direct trademark infringement;

- On Plaintiff's Third Claim, for Common Law Unfair Competition (and Redbubble's 16th Affirmative Defense), the Communications Decency Act, 47 U.S.C. § 230(c)(1), immunizes Redbubble from state law liability for content provided by its users;

- On Plaintiff's Fourth Claim, for Contributory Trademark Infringement, Brandy Melville has failed to meet its burden to show that Redbubble provided products or services "to one whom it knows or has reason to know is engaging in trademark infringement" and that Redbubble had "direct control and monitoring of the instrumentality used by a third party to infringe"; and

- On Plaintiff's Fifth Claim, for Vicarious Trademark Infringement, Brandy Melville has failed to meet its burden to show that Redbubble and the accused infringers "have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product."

Dated: _____, 2020.

_____
UNITED STATES DISTRICT COURT
R. GARY KLAUSNER