BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF NEGATIVE PUBLICITY ABOUT PLAINTIFF**<br><br>*[Filed concurrently with Declaration of Keith J. Wesley; and [Proposed] Order]*<br><br>Date:    June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.:  850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:             June 30. 2020 |

1553755.1

-1-
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF NEGATIVE PUBLICITY ABOUT PLAINTIFF

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 30, 2020 at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 850 of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") will, and hereby does, bring this Motion *in Limine* No. 1 to exclude evidence of negative publicity about Plaintiff.

Plaintiff brings this Motion under Federal Rules of Evidence 401, 402, 403, and 404 on the grounds that such evidence and argument would be (1) irrelevant to the issues raised in this action, (2) misleading and confusing to the jury, (3) unduly time-consuming to present and to rebut, and (4) unfairly prejudicial to Plaintiff.

This Motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Keith J. Wesley ("Wesley Dec.") and exhibits attached thereto, and all of the papers, records, and files herein, and upon such oral and documentary evidence that may be presented at the hearing on this matter

The Motion is made following the L.R. 7-3 conference of counsel that occurred on May 8, 2020.  (Wesley Dec. ¶ 17.)

DATED:  May 15, 2020

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Ryan Q. Keech
  Jason Y. Kelly

By:   */s/ Keith J. Wesley*
         Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

1553755.1

-2-

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF NEGATIVE PUBLICITY ABOUT PLAINTIFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The primary issue before the jury in this case is whether Defendant Redbubble, Inc. ("Redbubble") counterfeited and infringed Plaintiff's trademarks by, *inter alia*, advertising, offering to sell, and selling infringing and counterfeit products featuring Plaintiff's registered and unregistered trademarks. Exhibits 584 to 594 and 597 to 599 of Redbubble's First Amended Exhibit List, served May 6, 2020, are a battery of negative articles, blog posts, and online comments about Plaintiff that have no factual or legal relevance to any issue in this case. The only purpose of offering these exhibits, and evidence similar to them, is to inflame the jury and tarnish Plaintiff's image.

## II. BACKGROUND REGARDING THE EVIDENCE AT ISSUE

Redbubble's First Amended Exhibit List includes 13 exhibits that are irrelevant, unfairly prejudicial, and serve no purpose other than to cast Plaintiff in a negative light:

- Exhibit 584: A Huffington Post article which states, "Brandy Melville has raised the stakes when it comes to fat shaming," and concludes by noting: "Whether fat-shamed directly or not, it's evident Brandy Melville customers feel the pressure, even by walking into a store."
- Exhibit 585: An article from Popsugar.com questioning Plaintiff's clothing size by dismissively stating: "The majority of its [Brandy Melville's] clothes – with a handful of exceptions – only come in one size. What's the reasoning behind this? Well, we're really not quite sure."
- Exhibit 586: A sales listing for a used Brandy Melville shirt emblazoned with "YOU CAN'T SIT WITH US." The purchase menu only allows for a customer to buy the shirt in "ONE SIZE." The shirt's appearance and phrasing are not at issue in this trademark infringement case.
- Exhibit 587: A six-minute and thirty-five second YouTube video entitled,

"i lost weight to fit into Brandy Melville." Within ten seconds the video references the "Brandy Melville Girl" as "skinny and white," and then proceeds to falsely accuse Plaintiff of only hiring "skinny and conventionally pretty girls, who are white. Or, if they aren't white, they have white features."

- Exhibit 588:  An article from The Cut entitled, "The Secret Shame of Wearing Brandy Melville," that quotes hearsay allegations from glassdoor.com, including "you will get fired for gaining weight or cutting your hair," and "You will not get hired at a Brandy store if you're black."

- Exhibit 589:  An article from ScotScoop.com entitled "Brandy Melville couldn't care less about the average female" that calls for a protest of the brand.

- Exhibit 590:  An article from LDN Fashion entitled, "10 things you might not know about Brandy Melville," which highlights the company's unitary size offering and references a 2015 lawsuit where Plaintiff was named as a defendant.

- Exhibit 591:  An article from Racked.com, which typecasts Brandy Melville customers as having "long hair and even longer legs.  She's a California cool girl, very young and very thin, in short shorts and oversized sweaters," and that references an article entitled, "Brandy Melville fuels body dysmorphia."

- Exhibit 592:   An academic journal entry entitled, "Exclusive and Aspirational: Teen Retailer Brandy Melville Uses the Country Club Approach to Brand Promotion."  The journal then falsely characterizes Plaintiff's advertising strategy as one that "relies upon the online images of a group of strategically selected young, white, skinny, and long-legged girls" (internal quotation omitted).

- Exhibit 593:  A link to the Better Business Bureau's profile for Plaintiff,

which includes hearsay statements from customers complaining about delayed shipping times or ill-fitting orders.

- <u>Exhibit 594</u>:  An article from Glossy.Co, available only to the website's subscribers entitled, "The Cult of Brandy Melville."

- <u>Exhibit 597</u>:  An article by the Flintridge Press entitled, "Brandy Melville is the corporate manifestation of a mean girl."  The article peddles a host of false and defamatory allegations and concludes by advocating that consumers boycott Brandy Melville.

- <u>Exhibit 598</u>:  An article published in the Daily Trojan entitled, "Brandy Melville fuels body dysmorphia."  The article claims Brandy Melville "embarrasses girls" and calls for a boycott of the brand.

- <u>Exhibit 599</u>:  An article from Bustle.com entitled, "Brandy Melville's 'One-Size Fits Most' Mentality Is Problematic for Girls Both Large and Small," which falsely portrays Brandy Melville as "a secret club for girls who wear small sizes — no 'fatties' allowed."

(Wesley Dec. ¶¶ 2-16, Exs. 1-14.)  All of these exhibits are selective publications that criticize Plaintiff on grounds that are not relevant to the legal or factual issues in dispute here and that are extremely likely to unfairly inflame the jury.

### III.  <u>ARGUMENT</u>

These "negative publicity" exhibits that Redbubble intends to introduce are inadmissible for four independent reasons.

***First***, this evidence is irrelevant.  Evidence is relevant if "(a) it has any tendency to make any fact more or less probable than it would be without the evidence and; (b) the fact is of consequence to the determination of the action." Fed. R. Evid. 401.  If evidence is not relevant, it is not admissible. Fed. R. Evid. 402.  None of these exhibits has a tendency of making any fact more or less probable or is of consequence to the determination of this action.  They have nothing to do with whether Redbubble infringes and counterfeits Plaintiff's trademarks.  Instead, these

exhibits contain select hearsay customer complaints and articles about the brand's employees, demographics, and clothing sizes. But there are no jury instructions regarding how many clothing size options Plaintiff offers or verdict form questions about the people who work or model for Plaintiff's apparel. And that is because this information is irrelevant and, consequently, inadmissible.

***Second***, the evidence is inadmissible under Federal Rule of Evidence 403. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the evidence has no probative value and is extremely likely to create unfair prejudice against Plaintiff. Redbubble's purpose for offering this evidence is to turn the jury against Plaintiff and hope the jury decides the case on unfairly prejudicial emotion, not fact. Instead of considering the issues of this case—whether Redbubble counterfeits Brandy Melville products—the jury will spend time analyzing how Plaintiff sizes its clothing. Indeed, admitting this evidence would not only be unfairly prejudicial, but would also waste this Court's time, as it would require Plaintiff to introduce significant evidence disproving the false allegations contained in Redbubble's exhibits.

***Third***, Federal Rule of Evidence 404 bars these "negative publicity" exhibits because they are inadmissible character evidence that attack Plaintiff. Rule 404 precludes evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." The only purpose of offering this evidence is an attempt to prove purported misconduct by Plaintiff is somehow related to this case and should impact the trial's outcome. It should not.

***Fourth***, these exhibits are inadmissible hearsay by third parties whom Redbubble has not identified as potential witnesses in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant

1  its Motion *in Limine* No. 1 and exclude all evidence of negative publicity relating to
2  Plaintiff.

4  DATED: May 15, 2020              BROWNE GEORGE ROSS LLP
                                     Keith J. Wesley
                                     Ryan Q. Keech
                                     Jason Y. Kelly

                                     By:  ___*/s/ Keith J. Wesley*___
                                              Keith J. Wesley
                                     Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                                     Brandy Melville