BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge: Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF UNRELATED LEGAL CLAIMS AND LITIGATION AGAINST PLAINTIFF**<br><br>*[Filed Concurrently with Declaration of Keith J. Wesley; and [Proposed] Order]*<br><br>Date:   June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:   June 30, 2020 |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 30, 2020 at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 850 of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") will, and hereby does, bring this Motion *in Limine* No. 2 to exclude evidence of unrelated legal claims and litigation against Plaintiff.

Plaintiff brings this Motion under Federal Rules of Evidence 401, 402, 403, and 404 and on the grounds that the challenged evidence and argument would be (1) irrelevant to the issues raised in this action, (2) misleading and confusing to the jury, (3) unduly time consuming to present and to rebut, (4) unfairly prejudicial to Plaintiff, and (5) inadmissible character evidence.

This Motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Keith J. Wesley ("Wesley Dec.") and exhibits attached thereto, and all of the papers, records, and files herein, and upon such oral and documentary evidence that may be presented at the hearing on this matter

The Motion is made following the L.R. 7-3 conference of counsel that occurred on May 8, 2020. (Wesley Dec. ¶ 6.)

DATED: May 15, 2020

BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Ryan Q. Keech
    Jason Y. Kelly

By:    */s/ Keith J. Wesley*
        Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

At trial, Plaintiff will prove that Defendant Redbubble, Inc. ("Redbubble") counterfeited and infringed Plaintiff's trademarks by, *inter alia*, advertising, offering to sell, and selling infringing and counterfeit products featuring Plaintiff's registered and unregistered trademarks.  This is the discrete question that will be presented to the jury.  And yet, Redbubble has indicated that it intends to offer irrelevant and unfairly prejudicial information.  Redbubble's First Amended Exhibit List, served May 6, 2020, includes documents from other, prior legal actions that are entirely unrelated to this case except that they involved Plaintiff.  Such exhibits, and evidence similar to them, are not relevant to any issue in this case, are unfairly prejudicial to Plaintiff, and should be excluded from presentation to the jury.

## II.   BACKGROUND REGARDING THE UNRELATED LEGAL CLAIMS AND LITIGATION

Redbubble's First Amended Exhibit List includes three exhibits that relate to prior legal actions that have no relevance to the case at hand, where Plaintiff was a party:

- Exhibit 581:  A complaint filed by Forever 21 against Plaintiff in 2016 that was confidentially settled in 2017.  The allegations of the complaint do not reference or relate to the trademarks at issue in this case.

- Exhibit 595:  A 2013 article published by PR Newswire regarding a lawsuit filed by an international photographer against Plaintiff and retail clothing store H&M.  The article, rife with hearsay statements, purportedly summarizes the allegations of the complaint against Plaintiff and quotes the attorney who represented the photographer.  The image that formed the basis of the photographer's lawsuit is not at issue in this case.

- Exhibit 596:  A CA Proposition-65 sixty-day notice from an attorney alleging Plaintiff sold a product with hazardous substances.  The product

referenced in the Prop-65 notice is not at issue in this case. (Wesley Dec. ¶¶ 2-5, Exs. 1-3.)  Presenting these exhibits and evidence similar to them would only serve the purpose of confusing the issues and unfairly tarnishing Plaintiff's image before the jury

## III. ARGUMENT

The evidence of unrelated legal claims and litigation that Redbubble intends to introduce is inadmissible for three independent reasons.

*First*, this type of evidence is irrelevant.  Evidence is relevant if "(a) it has any tendency to make any fact more or less probable than it would be without the evidence and; (b) the fact is of consequence to the determination of the action."  Fed. R. Evid. 401.  If evidence is not relevant, it is not admissible. Fed. R. Evid. 402.  This evidence is irrelevant because it has no bearing on the issue in this case:  whether Redbubble infringed and counterfeited Plaintiff's trademarks.  Unrelated claims and allegations made by third parties against Plaintiff—whether true or false—are irrelevant to this question.

*Second*, the evidence is inadmissible under Federal Rule of Evidence 403. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Rule 403 bars this evidence because it is likely to mislead the jury.  To admit the proposed evidence would confuse and distract the jury from the relevant issue:  Redbubble's liability and the resulting damages to Plaintiff.  Instead of considering this issue, the jury would spend time listening to, analyzing, and considering whether Plaintiff acted unlawfully in the past with respect to nonparties in unrelated matters.

Rule 403 also excludes this evidence because it will result in a waste of judicial resources.  Plaintiff disputes the allegations contained in each of the exhibits Redbubble intends to introduce, and to admit them would require a mini-trial as to

each of those allegations. Plaintiff would need to introduce evidence disproving the allegations made in those other matters, which will result in a case within a case. The substantial time delay and inherent unfair prejudice to Plaintiff in allowing these one-sided legal documents to be introduced far outweigh the minimal (or nonexistent) probative value found in those documents.

*Third*, even if the evidence were not irrelevant and unfairly prejudicial (the documents are both), it is also inadmissible because Redbubble's only purpose in introducing these documents would be to argue that Plaintiff has bad character or that Redbubble cannot be liable because Plaintiff has allegedly acted wrongly in the past. But Federal Rule of Evidence 404(b) precludes the use of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Accordingly, the evidence is inadmissible.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion *in Limine* No. 2 and exclude all evidence of unrelated legal claims and litigation involving Plaintiff.

DATED: May 15, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: /s/ Keith J. Wesley
Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

1554129.1                                    -5-                     Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF UNRELATED LEGAL CLAIMS AND LITIGATION AGAINST PLAINTIFF