BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION**<br><br>*[Filed Concurrently with Declaration of Keith J. Wesley; and [Proposed] Order]*<br><br>Date:  June 30, 2020<br>Time:  9:00 a.m.<br>Crtrm.:  850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:  June 30, 2020 |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 30, 2020 at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 850 of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") will, and hereby does, bring this Motion *in Limine* No. 3 to preclude Defendant Redbubble, Inc. ("Redbubble") from providing testimony at trial that it was unable or unwilling to provide during its Federal Rule of Civil Procedure 30(b)(6) deposition.

Redbubble failed to comply with Rule 30(b)(6) with respect to a specific topic about its relationship with its fulfillers. Redbubble's failure requires this Court to exercise its discretion and grant the instant motion to ensure a fair trial. This Motion is made pursuant to Federal Rule of Evidence 403, as well as Federal Rule of Civil Procedure 37, on the grounds that testimony by Redbubble on this issue would be highly and unfairly prejudicial to Plaintiff and would mislead the jury.

This Motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Keith J. Wesley ("Wesley Dec.") and exhibits attached thereto, and all of the papers, records, and files herein, and upon such oral and documentary evidence that may be presented at the hearing on this matter.

The Motion is made following the L.R. 7-3 conference of counsel that occurred on May 8, 2020. (Wesley Dec. ¶ 2.)

DATED: May 15, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: */s/ Keith J. Wesley*
Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Only after refusing to sit for its deposition and forcing Plaintiff to seek *ex parte* an order from this Court, Redbubble designated a Rule 30(b)(6) representative who was admittedly unprepared to testify "in any way" about a video Redbubble created and publicly posted online for its investors. Redbubble has since argued this video, which shows a Redbubble employee conceding Redbubble is partners with its fulfillers who manufacture infringing and counterfeit products, is not evidence of Redbubble's liability. Indeed, Redbubble has argued that, despite its representations in this investors video, there is "no evidence that Redbubble is a partner" with its fulfillers.

Redbubble should be bound by its deposition testimony and should be precluded from offering any testimony that responds to, contradicts, rebuts, or otherwise undermines the substance of the Redbubble video or any other evidence on this issue. Redbubble's relationship with its fulfillers has been at issue in this case since the outset and was covered by several topics in Plaintiff's Rule 30(b)(6) deposition notice. And yet, Redbubble provided a single witness to testify on behalf of the company who was not informed, educated, or prepared to testify about Redbubble's fulfiller-related statements in this video. To allow Redbubble to introduce evidence at trial about a topic just two months after it refused to testify about the topic at deposition would be incredibly and unfairly prejudicial to Plaintiff and would mislead the jury.

## II. BACKGROUND

### A. The Rule 30(b)(6) Topics of Deposition

On March 9, 2020, Plaintiff served Redbubble with a Rule 30(b)(6) deposition notice. (Wesley Dec., Ex. 1.) The Topics for Deposition included:

1. YOUR corporate structure.
2. YOUR business model associated with the production, sale, and

1554133.1

-3-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION

   distribution of merchandise, including merchandise using or reflecting the intellectual property of BRANDY MELVILLE.

3. YOUR business model associated with the processing of payments for the production, sale, and distribution of merchandise, including merchandise using or reflecting the intellectual property of BRANDY MELVILLE.

7. YOUR use of intellectual property belonging to BRANDY MELVILLE on or in connection with goods offered for sale on YOUR WEBSITE.

8. YOUR use of intellectual property belonging to third parties on or in connection with goods offered for sale on YOUR WEBSITE.

17. YOUR defenses in this case, including that BRANDY MELVILLE abandoned any intellectual property.

(*Id.*)  Redbubble did not object to this deposition notice; instead, it refused to appear for its deposition.  (*See* Dkt. No. 28 at 3.)  Plaintiff therefore had to apply *ex parte* for an order compelling Redbubble's Rule 30(b)(6) deposition.  (Dkt. No. 28.)

The Court granted the *ex parte* application on April 16, 2020.  (Dkt. No. 31.)  The next day, Plaintiff served a Rule 30(b)(6) deposition notice reflecting the new time and date of the deposition, but the Topics for Deposition remained unchanged.  (Wesley Dec., Exs. 1, 2.)

The day before the deposition, Redbubble served objections to Plaintiff's Topics for Deposition.  (Wesley Dec., Ex. 3.)  In its objections, Redbubble agreed it "will produce Mr. James N. Toy to testify generally regarding its corporate structure" and "its business model."  (*Id.* at 3, 4, 5.)  Redbubble also represented that it lacks "nonprivileged responsive information" regarding its use of third parties' intellectual property and its defenses in this case.  (*Id.* at 8, 13-14.)

### B. The RedbubbleTV Video (Deposition Exhibit 118)

At the Rule 30(b)(6) deposition, Plaintiff introduced as deposition exhibit 118 a 2.5-minute RedbubbleTV video that Redbubble posted online.  (Wesley Dec., Ex. 4

at 132:5-133:25.) This video has been filed with the Court in connection with Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 36-43) and Plaintiff's Opposition to Redbubble's Motion for Summary Judgment (Dkt. No. 45-12).

Deposition exhibit 118 includes Redbubble's logo and features Kate McBride, Redbubble's Senior Strategy Manager, who describes Redbubble's corporate structure and business model, particularly with respect to Redbubble's production, sale, and distribution of products purchased on the Redbubble website. (Dkt. No. 36-43.) Ms. McBride states, *inter alia*, that Redbubble's fulfillers (*i.e.*, the people who manufacture the products purchased on Redbubble's website) "are companies that we partner with to produce our goods." (*Id.* at 1:58-2:02.) Redbubble's other RedbubbleTV videos similarly disclose that Redbubble relies on, works closely with, and controls its partner fulfillers. (*E.g.*, Dkt. No. 36-1 ¶¶ 82-89; Dkt. No. 36-44; Dkt. No. 36-45.)

### C. Redbubble's Admitted Inability to Testify Regarding the Video

Redbubble's Rule 30(b)(6) corporate representative (Mr. James Toy) testified that he "know[s] of" Ms. McBride (Wesley Dec., Ex. 4 at 133:25), is familiar with the RedbubbleTV videos that Redbubble posts (*id.*, Ex. 4 at 134:5-10), and "specifically" remembers the video that is deposition exhibit 118 (*id.*, Ex. 4 at 134:25-135:4). Through Mr. Toy, Redbubble further testified that it posted this and other RedbubbleTV videos publicly to "promote the company for shareholders' investment." (*Id.*, Ex. 4 at 135:16-21.)

But when Plaintiff's counsel asked Redbubble about the statements Ms. McBride made on behalf of Redbubble in deposition exhibit 118, Redbubble's counsel instructed Mr. Toy not to answer questions on behalf of Redbubble, repeatedly represented that Mr. Toy was not prepared to testify, and invited Plaintiff to bring this to the Court's attention:

> ***Redbubble has not informed and has not educated Mr. Toy*** to testify about this video ***in any way***. And, therefore, if to

|   |   |
|---|---|
| 1 | the extent you think this belongs under a topic and we |
| 2 | should have educated him, *you're free to bring that up with* |
| 3 | *the magistrate*.  But I'm telling you *he has not been* |
| 4 | *educated on it and he cannot testify on behalf of* |
| 5 | *Redbubble as a result*.  He *cannot testify as to Redbubble* |
| 6 | on this video. |

(*Id.*, Ex. 4 at 150:24-151:8 (emphasis added).)  Redbubble's counsel further claimed "Mr. Toy was not prepared on this video on behalf of Redbubble because this video was not identified to Redbubble or produced in this litigation" (*id.*, Ex. 4 at 139:16-20) and the questions were "[b]eyond the scope" of the Topics of Deposition (*id.*, Ex. 4 at 138:8-9).  But, as Plaintiff's counsel explained at the deposition, Redbubble was well aware of the video (Redbubble created and publicly posted it), Mr. Toy himself was familiar with the RedbubbleTV videos generally and deposition exhibit 118 specifically, and the deposition questions were properly within the scope of at least two of the noticed Topics of Deposition.  (*Id.*, Ex. 4 at 137:16-18, 140:12-16.)  Nevertheless, Redbubble refused to testify.

Since the deposition, Redbubble submitted a self-serving declaration from the same Mr. Toy, averring that Redbubble does not partner with its fulfillers, and argued in its summary judgment briefing that there is "no evidence that Redbubble is a partner with" the fulfillers.  (Dkt. No. 40-4 ¶ 30; Dkt. No. 47-2 at 12-13.)

### III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 30(b)(6) authorizes a party to depose "a public or private corporation . . . or other entity" on designated "matters for examination."  The deposed entity has an obligation to "designate [a person] to testify on its behalf . . . about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  Specifically, the entity "must designate and adequately prepare witnesses to address these matters."  *U.S. v. Taylor*, 166 F.R.D. 356, 360, 361 (M.D. N.C. 1996) ("If the persons designated by the corporation do not possess personal knowledge of

the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.").

"Producing an unprepared witness is tantamount to a failure to appear." *Taylor*, 166 F.R.D. at 363; *see also Black Horse Lane Assoc. L.P. v. Dow Chemical*, 228 F.3d 275, 303-04 (3d Cir. 2000) ("[I]f a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it."). Accordingly, "courts have precluded unprepared Rule 30(b)(6) deponents from offering testimony at trial that contradicts their deposition testimony." *LA Printex Indus., Inc. v. Target Corp.*, No. 06-cv-4641, 2008 WL 11342964, at *3 (C.D. Cal. Aug. 11, 2008). Further, "the testimony given by the non-responsive deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial." *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) (citing *Taylor*, 166 F.R.D. at 362; *Rainey v. v. Am. Forest and Paper Assoc.*, 26 F. Supp. 2d 82, 94-95 (D. D.C. 1998)); *see also* Fed. R. Civ. P. 37; *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268-69 (2d Cir. 1999).

In *U.S. Bank, N.A. v. Recovery Services Northwest, Inc.*, the court recognized the plaintiff "was entitled to obtain [the defendant's] knowledge relating to the factual issues listed in the noticed deposition topics, as well as the factual and legal basis for its affirmative defenses, in order to prepare its motion for summary judgment and its case for trial." *U.S. Bank*, No. 13-cv-1254, Dkt. No. 103, 2016 WL 11566486, at *5 (D. Nev. Oct. 13, 2016), *affirmed*, Dkt. No. 147 (D. Nev. Feb. 17, 2017). When the defendant failed to do so, the court excluded proffered testimony that defendant refused to provide during its deposition and held the plaintiff "will be unduly prejudiced if [the defendant] is permitted to introduce evidence in support of its defenses that it evaded disclosing at the deposition." *Id.*

So it is here: Plaintiff will suffer the same prejudice if Redbubble offers

testimony from any witness—and especially Mr. Toy—that responds to, contradicts, rebuts, or undermines the statements Redbubble made to its investors in deposition exhibit 118 or in any of the other RedbubbleTV videos (Dkt. Nos. 36-43, -44, -45) about its partner relationship with its fulfillers. Redbubble was well aware that its relationship with its fulfillers is at issue in this case. The complaint, as well as Plaintiff's vicarious trademark infringement claim, raises this issue. (Dkt. No. 1 ¶¶ 51-54.) Indeed, the parties have since moved for summary judgment on the issue. (Dkt. Nos. 36, 40.)

Redbubble also knew it had an obligation to prepare Mr. Toy to testify about this issue. For an entire month-and-a-half before the April 21, 2020 deposition, Redbubble knew the Rule 30(b)(6) deposition would include questions about "YOUR corporate structure," "YOUR business model associated with the production, sale, and distribution of merchandise," and "YOUR defenses in this case." (Wesley Dec., Exs. 1, 2.) Moreover, Plaintiff obtained a court order requiring Redbubble to appear for this deposition. (Dkt. No. 31.) Redbubble subsequently agreed to testify about its corporate structure and business model. (Wesley Dec., Ex. 3.)

Redbubble could have prepared Mr. Toy to testify about Redbubble's public admissions about partnerships with its "fulfillers," including as reflected in the RedbubbleTV videos. Mr. Toy is personally familiar with the statements in the videos, was specifically familiar with deposition exhibit 118, and knows of Ms. McBride. (*Id.*, Ex. 4 at 133:25, 134:5-10, 134:25-135:4.) Redbubble also created the videos, posted them publicly, and used them to "promote the company for shareholders' investment." (*Id.*, Ex. 4 at 135:16-21.) But Redbubble decided not to prepare to testify, and ultimately refused to testify, about the videos and Redbubble's statements about being partners with its fulfillers. Redbubble's counsel made this crystal clear:

- "Redbubble has not informed and has not educated Mr. Toy to testify about this video in any way."

- "I'm telling you he has not been educated on it and he cannot testify on behalf of Redbubble as a result."

- "He cannot testify as to Redbubble on this video."

(*Id.*, Ex. 4 at 150:24-151:8.)  This was "tantamount to [Redbubble's] failure to appear" for its deposition, *Taylor*, 166 F.R.D. at 363, and should be "deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial," *Wilson*, 228 F.R.D. at 530.  To allow Redbubble to stray from its deposition testimony would be unfairly prejudicial to Plaintiff.  Fed. R. Evid. 403.

The prejudice to Plaintiff is particularly significant in this case because Redbubble has already shown it intends to fabricate new, contradicting evidence and arguments at trial.[1]  Despite its statements in the RedbubbleTV videos, Mr. Toy submitted a declaration disavowing Redbubble's partnership relationship with its fulfillers, and Redbubble argued Plaintiff "has offered no evidence that Redbubble is a partner with" the fulfillers. (Dkt. No. 40-4 ¶ 30; Dkt. No. 47-2 at 12-13.) The jury will be misled, the Court's time and resources will be wasted, and Redbubble's improper gamesmanship will be rewarded if Redbubble can—in the scope of just two months—refuse to testify at deposition about its own public videos and then testify at trial that Redbubble has never said what Redbubble clearly says in its own videos.

//
//

---

[1] Granting this motion is especially warranted in this case because Redbubble's admitted failure to provide a prepared Rule 30(b)(6) witness took place right at the close of discovery.  *Cf. LA Printex*, 2008 WL 11342964, at *4 (denying motion *in limine* because deposition of unprepared witness occurred almost 4 months before the close of discovery).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion *in Limine* No. 3 to preclude Redbubble from providing testimony at trial that it was unable or unwilling to provide during its Rule 30(b)(6) deposition.

DATED: May 15, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: */s/ Keith J. Wesley*
Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville