# EXHIBIT 3

Ex. 3

1  KENNETH B. WILSON  (SBN 130009)
    ken@coastsidelegal.com
2  COASTSIDE LEGAL
    455 1st Avenue
3  Half Moon Bay, California 94019
    Telephone: (650) 440-4211
4

5  JOSHUA M. MASUR  (SBN 203510)
    jmasur@zuberlawler.com
6  ZUBER LAWLER & DEL DUCA LLP
    2000 Broadway Street, Office 154
7  Redwood City, California 94063
    Telephone: (650) 866-5901
8  Facsimile: (213) 596-5621

9

10 ZACHARY S. DAVIDSON (SBN 287041)
    zdavidson@zuberlawler.com
11 ZUBER LAWLER & DEL DUCA LLP
    350 S. Grand Ave., 32nd Fl.
12 Los Angeles, California 90071
    Telephone: (213) 596-5620
13 Facsimile: (213) 596-5621

14

15 Attorneys for Defendant
    REDBUBBLE INC.

16

17                    **UNITED STATES DISTRICT COURT**

18     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

19

| 20 Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation, | Case No. 2:19-cv-04618-RGK (JPRx) |
|---|---|
| 21 Plaintiff, | **OBJECTIONS TO PLAINTIFF'S NOTICE OF REMOTE** |
| 22 v. | **DEPOSITION OF DEFENDANT REDBUBBLE INC. PURSUANT TO** |
| 23 REDBUBBLE INC., | **FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |
| 24 Defendant. | |

25

26

27        Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure,

28 Defendant Redbubble Inc. ("Redbubble"), by and through its undersigned counsel,

Ex. 3

1   objects and responds to Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville's ("Brandy

2   Melville") April 17, 2020 Notice of Remote Deposition of Defendant Redbubble

3   Inc. pursuant to F.R.C.P. 30(b)(6) (the "Notice"), as follows:

4   **GENERAL OBJECTIONS**

5   1.      Redbubble incorporates by reference the objections to Plaintiff's other

6   discovery requests.

7   2.      Redbubble objects to Brandy Melville's notice and each topic to the

8   extent that it purports to impose any requirement or discovery obligation on

9   Redbubble other than those set forth in the Federal Rules of Civil Procedure or the

10   Rules of this Court.

11   3.      Redbubble objects to each topic to the extent that it seeks documents

12   that are protected from disclosure by the attorney-client privilege, the work product

13   privilege, and/or any other applicable privilege. To the extent that Redbubble has

14   disclosed any such material to Plaintiff in the course of discovery in this case,

15   subject to the terms and conditions of the terms of the Protective Order, Redbubble

16   does not intend to effectuate a blanket waiver of the attorney-client privilege or

17   work product, but rather a narrow waiver limited to only the information and

18   materials expressly disclosed.

19   4.      Redbubble objects to each topic to the extent that it seeks confidential

20   business information and/or trade secrets.

21   5.      Redbubble objects to each topic to the extent it purports to require

22   Redbubble to provide information in violation of a legal or contractual obligation of

23   nondisclosure to a third party. Redbubble will not disclose such information without

24   either the consent of the relevant third party or an order by the Court compelling

25   production.

26   6.      Redbubble objects to Brandy Melville's putative definitions of "YOU,"

27   "YOUR," and "REDBUBBLE" as vague, ambiguous, overbroad, unduly

28   burdensome, and not proportional to the needs of this case, particularly to the extent

Ex. 3

1    that they purport to exceed Redbubble's obligations under the Federal Rules of Civil

2    Procedure, Civil Local Rules, and other authorities. Redbubble interprets these

3    terms as limited to information within its possession, custody, or control.

4          7.    Redbubble objects to the purported definition of "BRANDY

5    MELVILLE" as vague, ambiguous, overbroad, unduly burdensome, and not

6    proportional to the needs of this case, particularly to the extent that it purports to

7    require Redbubble to speculate about who or what falls under their scope.

8    Redbubble interprets these terms to identify Plaintiff and persons identified in its

9    Initial Disclosures.

10          **OBJECTIONS TO DEPOSITION TOPICS**

11   **TOPIC NO. 1:**

12         YOUR corporate structure.

13   **OBJECTION AND RESPONSE TO TOPIC NO. 1:**

14         Redbubble incorporates its general objections set forth above, and its

15   objections to Brandy Melville's other discovery requests, as though fully set forth

16   herein.  Redbubble further objects to this topic as unduly burdensome on the

17   grounds that it overlaps substantially or completely with the first topic for the

18   deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No.

19   3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble

20   agreed to permit Brandy Melville to reuse at Brandy Melville's request.  Redbubble

21   further objects to this topic as overly vague, ambiguous, overbroad, and unduly

22   burdensome, making it impossible to prepare a witness fully to testify on its behalf.

23         Subject to and without waiving its objections, Redbubble will produce

24   Mr. James N. Toy to testify generally regarding its corporate structure.

25   **TOPIC NO. 2:**

26         YOUR business model associated with the production, sale, and distribution

27   of merchandise, including merchandise using or reflecting the intellectual property

28   of BRANDY MELVILLE.

Ex. 3

**OBJECTION AND RESPONSE TO TOPIC NO. 2:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, including in particular requests for production nos. 6, 7, 14, 15, 20-24, and 36, and interrogatories nos. 1-5, 7, and 11, as though fully set forth herein. Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the second topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request. Redbubble further objects to this topic as overly vague, ambiguous, overbroad, and unduly burdensome, making it impossible to prepare a witness fully to testify on its behalf.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify generally regarding its business model.

**TOPIC NO. 3:**

YOUR business model associated with the processing of payments for the production, sale, and distribution of merchandise, including merchandise using or reflecting the intellectual property of BRANDY MELVILLE.

**OBJECTION AND RESPONSE TO TOPIC NO. 3:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, including in particular its objections to Brandy Melville's requests for production nos. 22 and 25, as though fully set forth herein. Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the second topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request. Redbubble further objects to this topic as overly vague, ambiguous, overbroad, and

4

Ex. 3

1  unduly burdensome, making it impossible to prepare a witness fully to testify on its

2  behalf.

3      Subject to and without waiving its objections, Redbubble will produce

4  Mr. Toy to testify generally regarding its business model.

5  **TOPIC NO. 4:**

6      YOUR policies and procedures regarding the use of intellectual property

7  belonging to third parties on or in connection with goods offered for sale on YOUR

8  WEBSITE, including goods using or reflecting the intellectual property of

9  BRANDY MELVILLE.

10  **OBJECTION AND RESPONSE TO TOPIC NO. 4:**

11      Redbubble incorporates its general objections set forth above, and its

12  objections to Brandy Melville's other discovery requests, including in particular its

13  objections to Brandy Melville's requests for production nos. 11-12, as though fully

14  set forth herein.  Redbubble further objects to this topic as vague, ambiguous, and

15  lacking foundation, in that it uses no intellectual property belonging to third parties.

16  Redbubble further objects to this topic as vague, ambiguous, overbroad, and unduly

17  burdensome to prepare a witness to testify on its behalf, particularly in that all the

18  millions of listings on redbubble.com use intellectual property belonging to third

19  parties, namely the third-party Sellers who create those listings.  Redbubble further

20  objects to this topic as unduly burdensome on the grounds that it overlaps

21  substantially or completely with at least the third topic for the deposition of

22  Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST

23  (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy

24  Melville to reuse at Brandy Melville's request.

25      Subject to and without waiving its objections, Redbubble will produce

26  Mr. Toy to testify regarding its policies and procedures regarding third-party

27  intellectual property assertions.

28

Ex. 3

**TOPIC NO. 5:**

YOUR policies and procedures regarding the use of trademarked materials belonging to third parties, whether registered or unregistered, in search engine optimization.

**OBJECTION AND RESPONSE TO TOPIC NO. 5:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein.  Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it uses no intellectual property belonging to third parties, including in search engine optimization, and in the lack of definition of "trademarked materials." Redbubble further objects to this topic as vague, ambiguous, overbroad, and unduly burdensome to prepare a witness to testify on its behalf, particularly in that all the millions of listings on redbubble.com use intellectual property belonging to third parties, namely the third-party Sellers who create those listings.  Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the fourth topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify regarding its policies and procedures regarding search engine optimization.

**TOPIC NO. 6:**

YOUR use of intellectual property belonging to BRANDY MELVILLE in search engine optimization in connection with listings on its website and knowledge of its users' use of the same.

Ex. 3

**OBJECTION AND RESPONSE TO TOPIC NO. 6:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, including in particular its objections to Brandy Melville's request for production no. 9, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it uses no intellectual property belonging to BRANDY MELVILLE, including in search engine optimization, and has no knowledge of its users doing so. Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the fifth topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify generally regarding Redbubble's knowledge regarding search engine optimization in connection with listings on its website.

**TOPIC NO. 7:**

YOUR use of intellectual property belonging to BRANDY MELVILLE on or in connection with goods offered for sale on YOUR WEBSITE.

**OBJECTION AND RESPONSE TO TOPIC NO. 7:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it uses no intellectual property belonging to BRANDY MELVILLE, including in connection with goods offered for sale on redbubble.com.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify generally that Redbubble does not use intellectual property belonging to Brandy Melville.

Ex. 3

**TOPIC NO. 8:**

YOUR use of intellectual property belonging to third parties on or in connection with goods offered for sale on YOUR WEBSITE.

**OBJECTION AND RESPONSE TO TOPIC NO. 8:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it uses no intellectual property belonging to third parties, including in connection with goods offered for sale on redbubble.com, and in that no third party has alleged that its intellectual property rights have been infringed in connection with in this litigation. Redbubble further objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive, seeks information that is irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence, has no bearing on disputed issues, and the burden or expense of preparing a witness to testify thereon outweighs any likely benefit, making it impossible to prepare a witness fully to testify on its behalf, particularly in that all the millions of listings on redbubble.com use intellectual property belonging to third parties, namely the third-party Sellers who create those listings. Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the seventh topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify that it lacks properly-sought nonprivileged responsive information not cumulative of that sought in connection with other topics.

8

Ex. 3

**TOPIC NO. 9:**

YOUR knowledge of the offering for sale, sale, manufacture, and distribution of merchandise that uses or reflects the intellectual property of BRANDY MELVILLE.

**OBJECTION AND RESPONSE TO TOPIC NO. 9:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, overbroad, and unduly burdensome, in that it is not limited to Redbubble's knowledge regarding uses reasonably related to any disputed issue – including, in particular, to the extent it relates to any purported actions by third parties unrelated to this litigation or to Brandy Melville itself – making it impossible to prepare a witness fully to testify on its behalf.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify generally regarding listings that Brandy Melville has identified to Redbubble as potentially infringing its alleged intellectual property that have been offered for sale by third parties using the Redbubble marketplace.

**TOPIC NO. 10:**

Any communications to which YOU were a party reflecting actual consumer confusion as to the source, origin, or affiliation of goods bearing BRANDY MELVILLE's trademarks, registered or unregistered, appearing on YOUR WEBSITE.

**OBJECTION AND RESPONSE TO TOPIC NO. 10:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it is not aware of any actual consumer confusion as to the source,

Ex. 3

1  origin, or affiliation of goods that Brandy Melville has identified to Redbubble as

2  potentially infringing its alleged intellectual property.

3      Subject to and without waiving its objections, Redbubble will produce

4  Mr. Toy to testify that it lacks nonprivileged knowledge of any responsive

5  information.

6  **TOPIC NO. 11:**

7      YOUR actual sales and revenues derived from merchandise that uses or

8  reflects the intellectual property of BRANDY MELVILLE.

9  **OBJECTION AND RESPONSE TO TOPIC NO. 11:**

10      Redbubble incorporates its general objections set forth above, and its

11  objections to Brandy Melville's other discovery requests, including in particular its

12  objections to Brandy Melville's requests for production nos. 16-17 and interrogatory

13  no. 4, as though fully set forth herein.  Redbubble further objects to this topic as

14  vague, ambiguous, and lacking foundation, in that does not make any sales.

15      Subject to and without waiving its objections, Redbubble will produce

16  Mr. Toy to testify generally regarding sales through the Redbubble marketplace in

17  connection with listings that Brandy Melville has identified to Redbubble as

18  potentially infringing its intellectual property that have been offered for sale by third

19  parties using the Redbubble marketplace.

20  **TOPIC NO. 12:**

21      YOUR costs incurred in connection with the sale of merchandise that uses or

22  reflects the intellectual property of BRANDY MELVILLE.

23  **OBJECTION AND RESPONSE TO TOPIC NO. 12:**

24      Redbubble incorporates its general objections set forth above, and its

25  objections to Brandy Melville's other discovery requests, including in particular its

26  objections to Brandy Melville's requests for production nos. 18 and 19, as though

27  fully set forth herein.  Redbubble further objects to this topic as vague, ambiguous,

28  and lacking foundation, in that does not make any sales.

Ex. 3

1    Subject to and without waiving its objections, Redbubble will produce
2  Mr. Toy to testify generally regarding costs in connection with sales through the
3  Redbubble marketplace in connection with listings that Brandy Melville has
4  identified to Redbubble as potentially infringing its intellectual property that have
5  been offered for sale by third parties using the Redbubble marketplace.
6  **TOPIC NO. 13:**
7    YOUR revenues derived from the sale of merchandise that uses or reflects the
8  intellectual property of BRANDY MELVILLE.
9  **OBJECTION AND RESPONSE TO TOPIC NO. 13:**
10    Redbubble incorporates its general objections set forth above, and its
11  objections to Brandy Melville's other discovery requests.  Redbubble further objects
12  to this topic as entirely subsumed within topic no. 11, and therefore incorporates by
13  reference its response to that topic.
14    Subject to and without waiving its objections, Redbubble directs Brandy
15  Melville to its response to topic no. 11.
16  **TOPIC NO. 14:**
17    YOUR costs incurred in connection with the sale of merchandise that uses or
18  reflects the intellectual property of BRANDY MELVILLE.
19  **OBJECTION AND RESPONSE TO TOPIC NO. 14:**
20    Redbubble incorporates its general objections set forth above, and its
21  objections to Brandy Melville's other discovery requests.  Redbubble further objects
22  to this topic as literally identical to topic no. 12, and therefore incorporates by
23  reference its response to that topic.
24    Subject to and without waiving its objections, Redbubble directs Brandy
25  Melville to its response to topic no. 12.
26  **TOPIC NO. 15:**
27    Other lawsuits or legal demands made against YOU concerning YOUR use of
28  intellectual property owned by third parties.

2911-1006 / 1605432.1

11

Ex. 3

**OBJECTION AND RESPONSE TO TOPIC NO. 15:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein.  Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that no third party has alleged that its intellectual property rights have been infringed in connection with in this litigation.  Redbubble further objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive, seeks information that is irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence, has no bearing on disputed issues, and the burden or expense of preparing a witness to testify thereon outweighs any likely benefit.  Redbubble further objects to this topic to the extent that it seeks information covered by protective orders and other confidentiality obligations.  Redbubble further objects to this topic as vague, ambiguous, overbroad, and unduly burdensome to prepare a witness to testify on its behalf, particularly in that all the millions of listings on redbubble.com use intellectual property belonging to third parties, namely the third-party Sellers who create those listings.  Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the fourteenth topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify that to the extent it has properly-sought responsive information, that information is available in public dockets.

**TOPIC NO. 16:**

Licensing agreements between YOU and any third parties for use of third parties' intellectual property.

Ex. 3

**OBJECTION AND RESPONSE TO TOPIC NO. 16:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as vague, ambiguous, and lacking foundation, in that it uses no intellectual property belonging to third parties, including in connection with goods offered for sale on redbubble.com, and in that no third party has alleged that its intellectual property rights have been infringed in connection with in this litigation. Redbubble further objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive, seeks information that is irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence, has no bearing on disputed issues, and the burden or expense of preparing a witness to testify thereon outweighs any likely benefit. Redbubble further objects to this topic as unduly burdensome on the grounds that it overlaps substantially or completely with at least the fifteenth topic for the deposition of Redbubble in *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 3:18−cv−03451−JST (N.D. Cal.), portions of the transcript for which Redbubble agreed to permit Brandy Melville to reuse at Brandy Melville's request.

Subject to and without waiving its objections, Redbubble will produce Mr. Toy to testify regarding the license agreements it has produced in this litigation.

**TOPIC NO. 17:**

YOUR defenses in this case, including that BRANDY MELVILLE abandoned any intellectual property.

**OBJECTION AND RESPONSE TO TOPIC NO. 17:**

Redbubble incorporates its general objections set forth above, and its objections to Brandy Melville's other discovery requests, as though fully set forth herein. Redbubble further objects to this topic as directed solely to privileged or otherwise protected information.

Ex. 3

1       Subject to and without waiving its objections, Redbubble will produce

2 Mr. Toy to testify that it lacks responsive nonprivileged factual information that is

3 properly the subject of deposition testimony.

4 **TOPIC NO. 18:**

5       YOUR preservation, collection, and production of documents in this case.

6 **OBJECTION AND RESPONSE TO TOPIC NO. 18:**

7       Redbubble incorporates its general objections set forth above, and its

8 objections to Brandy Melville's other discovery requests, as though fully set forth

9 herein.  Redbubble further objects to this topic on the grounds that it is overbroad,

10 unduly burdensome and oppressive, seeks information that is irrelevant to the

11 subject matter of this lawsuit and is not reasonably calculated to lead to the

12 discovery of admissible evidence, has no bearing on disputed issues, and the burden

13 or expense of preparing a witness to testify thereon outweighs any likely benefit.

14 Redbubble further objects to this topic as directed solely to privileged or otherwise

15 protected information.

16       Subject to and without waiving its objections, Redbubble will produce

17 Mr. Toy to testify that it lacks responsive nonprivileged information.

18 **TOPIC NO. 19:**

19       YOUR efforts to stop or limit the use of intellectual property belonging to

20 third parties on or in connection with goods offered for sale on YOUR WEBSITE,

21 including goods using or reflecting the intellectual property of BRANDY

22 MELVILLE.

23 **OBJECTION AND RESPONSE TO TOPIC NO. 19:**

24       Redbubble incorporates its general objections set forth above, and its

25 objections to Brandy Melville's other discovery requests, including in particular its

26 objections to Brandy Melville's requests for production nos. 11-12, as though fully

27 set forth herein.  Redbubble further objects to this topic as vague, ambiguous,

28 overbroad, and unduly burdensome to prepare a witness to testify on its behalf,

Ex. 3

1    particularly in that all the millions of listings on redbubble.com use intellectual

2    property belonging to third parties, namely the third-party Sellers who create those

3    listings.

4        Subject to and without waiving its objections, Redbubble will produce

5    Mr. Toy to testify regarding its proactive policing efforts in connection with

6    intellectual property allegedly belonging to third parties other than Sellers.

7

8    Dated:  April 20, 2020.            COASTSIDE LEGAL

9                                     KENNETH B. WILSON

10                                 ZUBER LAWLER & DEL DUCA LLP

11                                 JOSHUA M. MASUR
                                 ZACHARY S DAVIDSON

12

13                      By:  */s/ Joshua M. Masur*

14                             Joshua M. Masur

                            Attorneys for Defendant

15                             Redbubble Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

2911-1006 / 1605432.1

15

Ex. 3

**PROOF OF SERVICE**

**Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc.**
**Case No. 2:19-cv-04618-RGM (JPRx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA.

On April 20, 2020, I served true copies of the following document(s) described as **OBJECTIONS TO PLAINTIFF'S NOTICE OF REMOTE DEPOSITION OF DEFENDANT REDBUBBLE INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the interested parties in this action as follows:

| | |
|---|---|
| Keith J. Wesley<br>Jason Y. Kelly<br>BROWN GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067 | Counsel for Plaintiff,<br>Y.YG.M. SA d.b.a. Brandy Melville<br><br>Telephone:  (310) 274-7100<br>Facsimile: (310) 275-5697<br><br>email:  kwesley@bgrfirm.com<br>          jkelly@bgrfirm.com<br>          rkeech@bgrfirm.com<br>          lsingh@bgrfirm.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dsanfelippo@zuberlawler.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 20, 2020, at Los Angeles, California.

Debora L. Sanfelippo

Ex. 3