BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>                Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE THE TESTIMONY OF MICHAEL MASNICK**<br><br>*[Filed Concurrently with Declaration of Jason Y. Kelly; and [Proposed] Order]*<br><br>Date:      June 30, 2020<br>Time:      9:00 a.m.<br>Crtrm.:   850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:              June 30. 2020 |

-1-

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 30, 2020 at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 850 of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") will, and hereby does, bring this Motion *in Limine* No. 4 to exclude the testimony of Michael Masnick.

This Motion will be made pursuant to Federal Rules of Civil Procedure 26 and 37, Federal Rules of Evidence 401, 402, 403, and 702, and the additional authorities cited herein.  This Motion is based on the following grounds:

- Michael Masnick's purported rebuttal to the Expert Report of Jamie Goldberg Gerson (the "Gerson Report") lacks foundation because Masnick cannot opine that Defendant Redbubble, Inc. ("Redbubble") goes beyond what other print-on-demand websites do to police infringements without considering the volume of infringements on, or the infringement-related policies of, any print-on-demand websites other than Redbubble's.

- The remainder of Masnick's opinions constitute undisclosed, improper rebuttal in that the difficulties of content moderation as a general matter do not contradict that Redbubble does a worse job at the task than other print-on-demand websites.

- Redbubble refused to allow Masnick to be deposed, and Masnick in fact failed to appear for his duly-noticed deposition.

- Masnick's policy arguments criticizing federal intellectual property laws are unduly prejudicial and likely to mislead the jury, seeking a jury nullification on the grounds that content moderation is difficult.

- Masnick misstates the law and the requirements for Redbubble to be liable for infringement, invading the province of the Judge.

1    This Motion is based on this notice, the accompanying memorandum of points

2  and authorities, the Declaration of Jason Y. Kelly ("Kelly Dec.") and exhibits attached

3  thereto, and all of the papers, records, and files herein, and upon such oral and

4  documentary evidence that may be presented at the hearing on this matter.

5    The Motion is made following the L.R. 7-3 conference of counsel that occurred

6  on May 8, 2020.  (Kelly Dec. ¶ 9.)

7

8  DATED:  May 15, 2020          BROWNE GEORGE ROSS LLP

9                                Keith J. Wesley
                                 Ryan Q. Keech
10                               Jason Y. Kelly

11                        By:    _/s/ Keith J. Wesley_

12                               Keith J. Wesley
                          Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
13                        Brandy Melville

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's expert Jamie Goldberg Gerson is a leader in the field of intellectual property enforcement.  Her testimony will establish, through the comparison of empirical data and infringement-related policies, that Redbubble is amongst the worst violators of intellectual property rights in the print-on-demand industry.

Redbubble's rebuttal expert Michael Masnick can say nothing about the topic. The Rebuttal Expert Report of Michael Masnick (the "Masnick Report") does not compare how Redbubble performs in policing infringements vis-à-vis a single one of its competitors.  Nor could it, because Masnick did not consider the volume of infringements present on nor the infringement-related policies of a single print-on-demand website other than Redbubble's.

Instead, Masnick spends a lot of time making policy arguments about what the intellectual property laws *should be*, both in his blog and the Masnick Report, almost always coming down on the side of leniency for alleged infringers.[1]  Such testimony should be excluded for a number of independent reasons:

- Masnick was designated solely as a rebuttal expert (after the deadline to designate experts passed), and thus can only offer rebuttal to Ms. Gerson's opinions.  But Masnick's opinion that content moderation is difficult as a general matter does not rebut Ms. Gerson's point that Redbubble does a worse job than its competitors at the same task;

- Redbubble and Masnick violated the Federal Rules of Civil Procedure by refusing to allow Brandy Melville to depose Masnick, and Masnick failed to appear for his duly-noticed deposition;

---

[1]  Masnick's catchphrase—emblazoned on merchandise for like-minded individuals to purchase—is "copying is not theft."  But federal law disagrees, copying a federally registered trademark and using it to sell merchandise is counterfeiting, and it is illegal.

- Masnick's policy-based disagreements with federal intellectual property laws are unduly prejudicial and likely to mislead the jury—being offered only in search of a jury nullification; and

- Certain of Masnick's opinions misstate the law and invade the province of the Judge.

For these reasons, and as set forth further below, Brandy Melville respectfully requests that the Court grant this Motion and exclude Masnick from testifying at trial.

## II.   EVIDENCE TO BE EXCLUDED

The entirety of the Masnick's testimony is inadmissible. His rebuttal to the Gerson Report lacks foundation, and the remainder constitutes undisclosed, improper rebuttal. Additional portions of the Masnick Report misstate the law and are unduly prejudicial, as discussed herein. Further, Redbubble did not comply with its obligation to produce Masnick for deposition, and Masnick failed to appear for his duly-noticed deposition. At bottom, none of Masnick's proffered opinions is admissible, and his testimony should be excluded from trial.

## III.   ARGUMENT

### A.   The Court May Exclude Masnick's Testimony

"The purpose of a motion *in limine* is to ask the court to rule on evidentiary issues in advance of trial . . . ." *Dae Kon Kwon v. Costco Wholesale Corp.*, No. 08-cv-360, 2010 WL 571941, at *3 (D. Haw. Feb. 17, 2010) (citing *Bradley v. Pittsburgh Bd. of Educ.*, 913 F. 2d 1064, 1069 (3d Cir. 1990)); *Lee v. City of Columbus, Ohio*, No. 07-cv-1230, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010). "This serves to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Crane-McNab v. Cty. of Merced*, No. 08-cv-1218, 2011 WL 94424, at *1 (E.D. Cal. Jan. 11, 2011).

Motions *in limine* also "save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses." *Id.* (citing *United States v. Tokash*, 282

F.3d 962, 968 (7th Cir. 2002)).  The Court is not limited to prohibiting the introduction of certain documents or information into evidence but may also prohibit any mention of the excluded evidence in opening statements, during trial, or in argument to the jury.  *Benedi v. McNeal-P.P.C., Inc.*, 66 F.3d 1378, 1384 (4th Cir. 1995).

Expert testimony is the proper subject of motions *in limine*; such testimony is admissible only if it is reliable and if it will assist the trier of fact to understand the evidence or to determine a fact in issue.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993).  To meet its "gatekeeping" duties under Federal Rule of Evidence 702, the district court must make a preliminary determination that the expert's testimony is reliable.  *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

### B.   Masnick's Rebuttal to the Gerson Report Lacks Foundation and Is Thus Inadmissible

Expert testimony must be "based on sufficient facts or data" (*i.e.*, it must have appropriate foundation).  Fed. R. Evid. 702(b); *Daubert*, 509 U.S. at 597 (expert testimony must "rest[ ] on a reliable foundation").  Expert opinions that do not consider facts required for their analysis are inadmissible.  *See, e.g., Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 720 (8th Cir. 2012) (affirming the exclusion of expert testimony concerning a professor's salary where expert did not consider the University's salary grids); *Talley v. Danek Med., Inc.*, 179 F.3d 154, 162 (4th Cir. 1999) (disregarding opinion that orthopedic screws were too short where the expert did not know their actual length).

Here, Ms. Gerson reached the opinion that "Redbubble is one of the worst violators when it comes to policing their marketplace for intellectual property infringements when compared to other print-on-demand sites."  (Dkt. No. 36-8 (Gerson Report) ¶ 25.)  This opinion was built upon a foundation of empirical analysis and consideration of infringement-related policies—in both instances comparing Redbubble to other print-on-demand websites.  (*Id.* ¶¶ 20-24.)  For example,

1  Ms. Gerson found that:  (1) Redbubble's average response time to a request to remove

2  an infringing product is 6 days, whereas sunfrog.com, moteefe.com, and

3  spreadshirt.com average from 24-48 hours; and (2) Redbubble refuses to block

4  searches for and tagging using trademarked brand names where other print-on-

5  demand websites do so after the report of a violation.  (*Id.* ¶¶ 31, 32.)

6      The Masnick Report concludes the opposite, stating that Redbubble "goes

7  beyond what other, similarly situated companies do in attempting to police infringing

8  content."  (*Id.*, Ex. 2 (Masnick Report) ¶ 97.) But Masnick failed to consider any

9  infringement-related information about other print-on-demand websites, whether that

10 be empirical data, infringement-related policies, or otherwise.  (*Id.* ¶ 4.)

11     So, for instance, when Masnick discusses Redbubble's average response times

12 to infringement complaints, he can only ***argue*** that, "[g]iven the massive differences

13 in size, and traffic, it is not unexpected that the larger site might take slightly more

14 time to respond to notices[.]" (*Id.* ¶ 34.)  But this scale ***argument*** is pure conjecture—

15 Masnick considered no data concerning the number of infringement complaints

16 submitted to sunfrog.com or spreadshirt.com, nor the amount of content moderators

17 those companies employed.  (*Id.* ¶ 4.)[2]  (Sunfrog, for instance, and contrary to

18 Masnick's guesses, projected in excess of $150 million in revenue for 2017 alone.[3])

19     Similarly, in his attempt to defend Redbubble's failure to follow the standard

20 industry practice of disabling searches for trademarked brands following a complaint

21 of infringement, Masnick states that "leaving such a search still enabled is . . .

22 standard practice across nearly all platforms that I am aware of." (Kelly Dec., Ex. 2

23

---

24 [2]  Masnick also speaks out of both sides of his mouth on this point.  Elsewhere, he

25 argues that larger companies have "the resources to hire many more content

26 moderators and build out much greater expertise in automated content moderation

   solutions[.]" (*Id.* ¶ 15.)

27 [3]  (*See* https://www.crainsdetroit.com/article/20170709/news/633301/sunfrog-uses-

28 seo-social-media-become-largest-t-shirt-seller-us.)

¶ 37.)  But, again, Masnick did not consider the infringement-related policies of any print-on-demand websites other than Redbubble's, leaving this statement entirely unsupported.

In summary, Masnick's abject failure to consider evidence concerning print-on-demand websites other than Redbubble, when opining that Redbubble goes beyond what other print-on-demand websites do to police infringements, is akin to opining about a professor's salary without considering the relevant salary grids (*Onyiah*) or opining that a screw is too short without knowing the screw's actual length (*Talley*).  The Masnick Report's rebuttal to the Gerson Report thus lacks foundation and should be excluded.

## C. <u>The Remainder of the Masnick Report Does Not Rebut Ms. Gerson's Opinions</u>

The remainder of the Masnick Report does not qualify as rebuttal expert testimony and thus must be excluded because it was not timely disclosed.  "When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless."  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir.2011) (citing Fed. R. Civ. P. 37(c)(1)).

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i), the deadline to disclose expert witnesses in this case was April 1, 2020 (*i.e.*, 90 days before the June 30, 2020 trial date).  Redbubble did not disclose Masnick by April 1, 2020; instead, it designated him 30 days later solely as a rebuttal expert.  (Kelly Dec. ¶ 5, Exs. 1, 2.)[4]  Masnick can thus only testify as a rebuttal expert, and any of his opinions that do not constitute proper rebuttal must be excluded.  *People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1191-93 (S.D. Cal. 2016) (excluding

---

[4]  Rebuttal experts must be disclosed "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

1  improper rebuttal testimony from expert disclosed, after the deadline to disclose
2  experts, as a rebuttal expert); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp*.,
3  259 F.3d 1101, 1105-07 (9th Cir. 2001) (affirming the exclusion of improperly
4  disclosed rebuttal expert).

5       Rebuttal expert testimony is testimony that is "intended solely to contradict or
6  rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ.
7  P. 26(a)(2)(D)(ii); *Kinder Morgan Energy Partners*, 159 F. Supp. 3d at 1191 (holding
8  expert testimony that did "not solely contradict or rebut" the other party's experts was
9  not proper rebuttal); *Vu v. McNeil-PPC, Inc.*, No. 09-cv-1656, 2010 WL 2179882, at
10 *2-4 (C.D. Cal. May 7, 2010) (same); *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*,
11 93-cv-20326, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) ("'rebuttal' experts
12 cannot put forth their own theories; they must restrict their testimony to attacking the
13 theories offered by the adversary's experts").

14      Here, six of the eight substantive sections in the Masnick Report do not even
15 purport to address Ms. Gerson's opinions.  Among other things, Masnick argues that
16 Teespring wrongly took down his "copying is not theft" merchandise; some copyright
17 infringement notices are erroneous, such as FIFA using a copyright complaint to take
18 down a video of protests at the World Cup; and Facebook has experienced difficulties
19 moderating breasts on its platform.  (Kelly Dec., Ex. 2 ¶¶ 67-75, 99-108.)[5]

20      Redbubble appears to be attempting to make the point that it is difficult to
21 police its website for infringements, and thus it should be given some leeway for
22

---

23  [5]  Sections III (Content Moderation), IV (Masnick's Impossibility Theorem: Content
24 Moderation at Scale Is Impossible to Do Well), V (Teespring's Takedown of
25 "Copying Is Not Theft" Products), VI (Excessive Moderation Is A Significant And
26 Persistent Problem When It Comes To Copyright), VII (There Is No Magic Bullet for
27 Moderating A Social Media Platform), and IX (Some Examples of the Impossibility
28 of Content Moderation at Scale) of the Masnick Report all relate to the difficulties in
moderating content online generally—primarily in contexts outside of trademark
infringement and the print-on-demand industry.

mistakes.  But this is not the subject of Ms. Gerson's report.  While it may have been possible for Redbubble to designate an expert on that topic, it deliberately chose not to do so within the timeframe specified for that purpose under the Federal Rules of Civil Procedure.  Indeed, the argument that content moderation is difficult *generally* does not rebut Ms. Gerson's opinion that Redbubble performs worse than its peers at the same task—failing to adopt common-sense policies adopted by other print-on-demand websites to mitigate infringements.

Although Redbubble's failure to timely designate Masnick is alone sufficient to exclude all opinions that do not constitute rebuttal evidence, it should be noted that Redbubble's failure to properly disclose Masnick is neither substantially justified nor harmless.  Redbubble has long known that it would argue it does a good job policing infringements (*i.e.*, its primary defense to Brandy Melville's contributory trademark infringement claims).  Indeed, Redbubble recently designated Masnick to provide the same opinion in defense of claims in another case.  (Kelly Dec. ¶ 3.)[6]  In that case, Ms. Gerson was designated as a rebuttal expert to a portion of Masnick's opinion. (*Id.*)  This suggests that Redbubble's failure to disclose Masnick here was a strategic choice to avoid the introduction of Ms. Gerson's rebuttal opinion, but when Brandy Melville designated Gerson anyway, Redbubble had a change of heart.

Redbubble's failure to disclose Masnick deprived Plaintiff of any opportunity to rebut his opinions.  And as explored further below, Redbubble has refused to allow Plaintiff to depose Masnick, arguing that Plaintiff is not entitled to depose him before trial.  "This is a hornbook example of sandbagging[.]"  *Vu*, 2010 WL 2179882, at *3.

### D.   Masnick Refused to Be Deposed, Failing to Appear at His Deposition

Masnick must additionally be excluded because Redbubble improperly obstructed Brandy Melville's attempt to exercise its right to depose him under the

---

[6]  This designation was made on December 20, 2019, in *Atari Interactive, Inc. v. Redbubble, Inc.*, Case No. 4:18-cv-03451-JST in the Northern District of California. (Kelly Dec. ¶ 3.)

Federal Rules of Civil Procedure.  The Court will no doubt recall that the discovery cut-off in this case was April 20, 2020.  (Dkt. No. 26.)  Redbubble did not disclose Masnick until *after* the cut-off, on May 1, 2020.  (Kelly Dec. ¶ 5, Exs. 1, 2.)  On May 6, 2020, Redbubble identified Masnick as an expert whose opinions may be presented at trial.  (*Id.* ¶ 6.)  Hours later, Plaintiff noticed Masnick's deposition for May 14, 2020.  (*Id.* ¶ 6, Ex. 3.)  Redbubble responded that it would not allow Masnick to be deposed at the noticed time, or any other time, arguing that discovery was closed.  (*Id.* ¶ 7, Ex. 4.)  Masnick did not appear at the noticed time.  (*Id.* ¶ 8.)

Redbubble has no justification for its failure to produce Masnick for deposition.  The scheduling order in this case was not intended to limit the rights that the Federal Rules of Civil Procedure afford.  *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("District courts may not contravene the Federal Rules of Civil Procedure" by "qualify[ing a federal rule] with scheduling orders.").  Federal Rule of Civil Procedure 26(b)(4)(A) authorizes Plaintiff to "depose any person who has been identified as an expert whose opinions may be presented at trial . . . *only after* the [Rule 26 expert] report is provided."  (Emphasis added.)

Accordingly, Redbubble's refusal to allow Masnick to be deposed, and Masnick's defiance of a valid deposition notice, was unjustified and improper.  Per Rule 26(b)(4)(A)'s plain language, Plaintiff is entitled to Masnick's deposition if his "opinion may be presented at trial"—the converse being that if Masnick refuses to be deposed, he may not be allowed to testify at trial.  No prior discovery order is required—the Court may through its inherent powers bar testimony from an expert witness "whose use at trial is in bad faith or would unfairly prejudice an opposing party."  *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (affirming exclusion of expert testimony through district court's inherent powers); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (same).  Masnick is thus also subject to exclusion on this basis.

///

1

2

3

**E.** <u>**Masnick's Negative Opinions About Federal Intellectual Property**</u> <u>**Laws Are Irrelevant, Unduly Prejudicial, and Likely to Mislead the**</u> <u>**Jury**</u>

4    Certain additional portions of Masnick's testimony may separately be excluded
5  because their "probative value is substantially outweighed by a danger of . . . unfair
6  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
7  needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Benna v.*
8  *Reeder Flying Serv., Inc.*, 578 F.2d 269, 274 (9th Cir. 1978) (affirming exclusion of
9  evidence related to parts of airplane engine unrelated to engine's failure as likely to
10 confuse issues, mislead the jury, and undue delay and waste of time).

11   Here, the theme of the Masnick Report is that it is difficult to protect third
12 parties' intellectual property rights on the Internet. (*See, e.g.*, Kelly Dec., Ex. 2 § IV
13 (Masnick's Impossibility Theorem: Content Moderation at Scale Is Impossible to Do
14 Well).) That argument is irrelevant to whether Redbubble must comply with federal
15 intellectual property laws. It also presents a serious risk of confusing the issues and
16 misleading the jury to believe that, if the burdens on Redbubble are too high,
17 Redbubble gets a free pass to infringe third parties' trademarks. Not so. Redbubble
18 is not entitled to break the law in order to make a profit.

19   Similarly, Masnick should not be allowed to present his "copying is not theft"
20 arguments to the jury. The sale of a counterfeit Brandy Melville T-shirts likely
21 deprives Brandy Melville of the sale of an authentic product and the associated
22 money, *i.e.*, theft. Nonetheless, setting aside any philosophical debate concerning
23 whether copying is theft, copying a federally registered trademark and using it to sell
24 merchandise is counterfeiting and illegal. Allowing Masnick to argue to the jury that
25 copying is not theft runs a serious and substantial risk of misleading the jury that theft
26 is required for a plaintiff to prove a claim for trademark infringement.

27  ///

28  ///

1
2

**F.**     **Masnick's Opinions Concerning Intellectual Property Law Misstate the Law and Invade the Province of the Judge**

3
4
5
6
7

Opinion testimony that appears to define the applicable legal standard is inappropriate and properly excluded as it "usurp[s] the province of the judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997); *see also Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); *Shahid v. City of Detroit*, 889 F2d 1543, 1547 (6th Cir. 1989).

8
9
10
11
12
13
14
15
16

Here, Masnick, a non-attorney, provides misguided opinions about the law as it applies to companies like Redbubble, including: (1) "while many e-commerce websites do not do any proactive policing, Redbubble appears to go beyond what the law requires in removing infringing content by setting up and operating an effort to be more proactive," and (2) "many websites rely on court decisions such as those in Perfect 10 v. ccBill regarding the requirement to have rightsholders provider [sic] specific locations for where to look for the products they allege are infringing." (Kelly Dec., Ex. 2 ¶¶ 29, 32.)  Such opinions clearly violate the rule that an expert may not opine about the applicable legal standard and must be excluded.

17

**IV.     CONCLUSION**

18
19
20

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion *in Limine* No. 4 to exclude the testimony of Redbubble's purported rebuttal expert, Michael Masnick.

21
22
23
24

DATED:  May 15, 2020

BROWNE GEORGE ROSS LLP
        Keith J. Wesley
        Ryan Q. Keech
        Jason Y. Kelly

25
26
27
28

By:     */s/ Keith J. Wesley*
        Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

1554340.1

-10-

Case No. 2:19-cv-04618-RGK (JPRx)