Ex. 4

# EXHIBIT 4

Ex. 4

**Jason Kelly**

| | |
|---|---|
| **From:** | Joshua Masur <JMasur@zuberlawler.com> |
| **Sent:** | Tuesday, May 12, 2020 4:03 PM |
| **To:** | Jason Kelly; Ken Wilson |
| **Cc:** | Keith Wesley; Ryan Q. Keech; Debora Sanfelippo; Zachary S. Davidson |
| **Subject:** | RE: Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc. |

Jason –

Last week, I told you our position that discovery was closed, and explicitly asked that, if you had any authority for the proposition that Rule 26(b)(4)(A) overrides Court-ordered case-specific discovery deadlines, you provide that.

The cases you cite do not do so. Both address substantive issues, not timeliness of discovery. If your read of them were correct, no district court could impose a case scheduling order that set a deadline for discovery or motion practice.

Our position remains that Rule 26(b)(4)(A) does not override Court-ordered case-specific discovery deadlines. Plaintiff could have avoided the issue by serving its expert report – which is a nearly verbatim copy of the same expert's February report in the *Atari* case – with sufficient time that Redbubble could serve any rebuttal expert report and Brandy Melville would have time to notice the deposition before the discovery cutoff. But now, discovery is closed, which means that you need leave of court to take a deposition, and unlike the deposition of Redbubble, there is no plausible basis for Plaintiff to blame the pandemic for its failure to meet the deadline.

Absent a court order that reopens discovery or grants leave to take expert depositions after the close, we will not be putting Mr. Masnick up for deposition.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Monday, May 11, 2020 11:58 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson <ken@coastsidelegal.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** RE: Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.

Josh,

Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." This rule authorizes Brandy Melville to depose Mr. Masnick—Redbubble did not serve Mr.

Ex. 4

Masnick's report until May 1, Redbubble did not identify Mr. Masnick as an expert whose opinions may be presented at trial until May 6, and Brandy Melville noticed Mr. Masnick's deposition hours later.

The Court's Scheduling Order is not intended to limit the Federal Rules of Civil Procedure.  *E.g.*, *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("A district court does not have the power to limit [a federal rule] in this manner simply by issuing a scheduling order to that effect.  The idea that district courts may not contravene the Federal Rules of Civil Procedure is well-established in another context.  Specifically, district courts may not follow local rules which are inconsistent with the federal rules.  *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949-50 (9th Cir.1993).  Likewise, the district court in this case exceeded its authority to the extent that it attempted to qualify [a federal rule] with scheduling orders."); *see also ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018).

I would appreciate it if you would let me know by the close of business on Tuesday, May 12, that Mr. Masnick will appear at his deposition, as noticed.  Otherwise, we will prepare for Mr. Masnick's non-appearance.

I look forward to hearing from you.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
Main  310.274.7100 | jkelly@bgrfirm.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Friday, May 8, 2020 10:19 AM
**To:** Jason Kelly <jkelly@bgrfirm.com>; Ken Wilson (ken@coastsidelegal.com) <ken@coastsidelegal.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** RE: Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.

Jason –

My understanding of Rule 26(b)(4)(A) is that it prohibits deposition prior to service of the report, but does not permit it after discovery has closed.

If you wanted Redbubble's rebuttal report in time to take our rebuttal expert's deposition before the close of discovery, you could have served Ms. Gerson's report – which is essentially unchanged from her *Atari* report – months earlier.

If you have any authority for the proposition that Rule 26(b)(4)(A) overrides Court-ordered case-specific discovery deadlines, please provide it.  Otherwise, our position is that this is another problem of Brandy Melville's own making, and we will not be putting up an expert for deposition after the close of discovery, much less on a week's notice.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Thursday, May 7, 2020 5:07 PM

**To:** Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson (ken@coastsidelegal.com) <ken@coastsidelegal.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** RE: Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.

Josh,

Federal Rule of Civil Procedure 26(b)(4)(A) authorizes Plaintiff to depose Mr. Masnick as noticed.  We look forward to speaking with him on Thursday.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
Main 310.274.7100 | jkelly@bgrfirm.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Thursday, May 7, 2020 4:46 PM
**To:** Jason Kelly <jkelly@bgrfirm.com>; Ken Wilson (ken@coastsidelegal.com) <ken@coastsidelegal.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Zachary S. Davidson <zdavidson@zuberlawler.com>
**Subject:** RE: Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.

Jason –

As you know, discovery ended two and a half weeks ago.  This purported notice is untimely, and therefore a legal nullity.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Thursday, May 7, 2020 12:52 AM
**To:** Joshua Masur <JMasur@zuberlawler.com>; Ken Wilson (ken@coastsidelegal.com) <ken@coastsidelegal.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>
**Subject:** Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.

Counsel,

Please see the attached Plaintiff's Notice of Remote Deposition of Michael Masnick.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Main 310.274.7100 | Fax 310.275.5697

Ex. 4

jkelly@bgrfirm.com
www.bgrfirm.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.
_____

Ex. 4