KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE FOREIGN LAWSUITS**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Hearing Date:  June 30, 2020<br>Time:               9:00 a.m.<br>Courtroom:     850<br>Hon. R. Gary Klausner |

1   **TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon

3   thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will

4   move, and hereby moves, for an Order excluding plaintiff Y.Y.G.M. S.A. dba

5   Brandy Melville ("Brandy Melville") from introducing any evidence or argument

6   pertaining to decisions or findings in foreign lawsuits against Redbubble.  This

7   motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in

8   the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los

9   Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice

10   of Motion and Motion, the following Memorandum of Points and Authorities, and

11   the pleadings, papers and other documents on file in this action, along with any

12   evidence and argument presented at the hearing on this matter.  This motion is made

13   following the conference of counsel pursuant to L.R. 7-3 which took place on

14   May 8, 2020.

15            **MEMORANDUM OF POINTS AND AUTHORITIES**

16      Brandy Melville has made clear that it intends to feature evidence and

17   arguments about two decisions rendered by Australian courts in cases involving

18   Redbubble: limited findings from those decisions are highlighted in Brandy

19   Melville's Motion for Summary Judgment, and they have been identified as

20   Exhibits. [DE# 36 (Plaintiff's Summary Judgment Motion) at 2, 6, 11, 19-20; 36-1

21   (Plaintiff's Undisputed Facts) 129-30; DE# 36-3 and 36-4 (Australian opinions)]

22   However, these decisions are inadmissible for at least two reasons: they constitute

23   hearsay under Federal Rule of Evidence 801(c), and their evidentiary value

24   outweighs their prejudicial value per Federal Rule of Evidence 403.

25      This Circuit has repeatedly held that "[a] court judgment is hearsay 'to the

26   extent that it is offered to prove the truth of the matters asserted in the judgment.'"

27   *U.S. v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007), quoting *U.S. v. Boulware*, 384

28   F.3d 794, 806 (9th Cir. 2004). "It is even more plain that the introduction of discrete

1    judicial fact-findings and judicial analysis underlying the judgment to prove the

2    truth of those findings and that analysis constitutes the use of hearsay." *Sine*, 493

3    F.3d at 1021. That is precisely what Brandy Melville intends to use the Australian

4    decisions for, as evidenced by the repeated references to the findings in that case in

5    support of its liability arguments in its Motion for Summary Judgment. Accordingly,

6    evidence and argument relating to those proceedings is inadmissible under the

7    hearsay rules.

8         Such evidence and argument is also inadmissible under Federal Rule of

9    Evidence 403, which holds that even if otherwise relevant and admissible, "evidence

10   may be excluded if its probative value is substantially outweighed by the danger of

11   unfair prejudice, confusion of the issues, or misleading the jury." Appellate courts

12   have consistently found that "the use of evidence of facts as found in a judicial

13   opinion can unfairly prejudice a party." *Sine*, 493 F.3d at 1034 (citing *Nipper v.

14   Snipes*, 7 F.3d 415, 416 (4th Cir. 1993). Thus, in *Nipper*, the court held (in a passage

15   quoted favorably in *Sine*) that "such evidence should be excluded under [Rule] 403"

16   because "judicial findings of fact 'present a rare case where, by virtue of their

17   having been made by a judge, they would likely be given undue weight by the jury,

18   thus creating a serious danger of unfair prejudice.'" 7 F.3d at 416. And in *Sine*, this

19   Circuit observed that while admission of such facts is not always prejudicial, where

20   the nature of the facts or findings may result in the jury accepting the prior ruling or

21   findings rather than independently assessing the facts before them, this factor will

22   "heavily weigh on the unfair prejudice side of the balance." 493 F.3d at 1034-35

23   (excluding court's findings and comments on a party's motivation and truthfulness).

24   And the court further observed that its conclusion was strengthened by the fact that

25   the party seeking to introduce the prior findings "could have proved the facts in [the]

26   findings through less prejudicial means." *Id.* at 1035.

27        *Sine* mandates the exclusion of the findings in the Australian decisions under

28   Rule 403. The fact that they were rendered by a court in lengthy opinions, coupled

                                                3

1   with the fact that Brandy Melville has every opportunity to directly present evidence

2   on the issues raised, ticks all the boxes from *Sine*. Indeed, the scales weigh even

3   more heavily in favor of exclusion here, since the decision is from a foreign court,

4   applying different legal standards, and in the context of a legislative framework that

5   does not afford safe harbor protection to online marketplaces.[1]   Whilst the

6   Australian Courts made technical findings of infringement under the specific

7   Australian legislative rules, they awarded only nominal damages to the plaintiffs in

8   both cases.   In the Pokémon case (in which the Court awarded only $1 damages),

9   the Court expressly recognized that Redbubble has reasonable and defensible

10  systems and processes in place to prevent infringements.

11      In sum, because the decision and findings from the two Australian cases is

12  both inadmissible hearsay and highly prejudicial in view of its minimal probative

13  value, any reference to it in evidence or argument must be excluded.

14

15

16  Dated: May 15, 2020                COASTSIDE LEGAL
                                       KENNETH B. WILSON
17
                                       ZUBER LAWLER & DEL DUCA LLP
18                                     JOSHUA M. MASUR
                                       ZACHARY S. DAVIDSON
19

20                                     By: */s/ Joshua M. Masur*
                                           Joshua M. Masur
21                                         Attorneys for Defendant
                                           REDBUBBLE INC.
22

23

24  _____

25  [1] It should also be noted that contrary to Brandy Melville's portrayal of those cases
    as unmitigated defeats for Redbubble, the Australian courts acknowledged in one or
26  both of the cases (among other things) that Redbubble has reasonable and defensible
    systems and processes in place to prevent infringements and that no injunction was
27  warranted, and only awarded nominal damages in both cases ($1 in the Pokemon
    case).
28

4