KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,

Plaintiff,

v.

REDBUBBLE INC.,

Defendant.

Case No. 2:19-cv-04618-RGK-FFM

**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF DAMAGES**

*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*

Hearing Date: June 30, 2020
Time: 9:00 a.m.
Courtroom: 850
Hon. R. Gary Klausner

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order precluding plaintiff from introducing evidence or argument that it is entitled to damages. This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Brandy Melville failed to disclose any meaningful information regarding the amount of damages it intends to seek in this case, or how it intends to calculate any such amount. The Federal Rules of Civil Procedure set forth a specific sanction for such failures, which should be applied here: Brandy Melville should be precluded from presenting a damages case.[1]

Rule 26(a)(1)(A)(iii) required that Plaintiff disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the … evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered." "Rule 37(c)(1) provides that '[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to

[1] Plaintiff represented during the L.R. 7-3 conference that it was no longer seeking actual damages (as opposed to Redbubble's profits or statutory damages), but has not yet filed anything formal to reflect this agreement.

use that information … at a trial, unless the failure was substantially justified or harmless.' 'The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless.'" *Hsu v. Thorsen Tool Co.*, No. CV 13-08248-RGK, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), *clarified on denial of reconsideration*, 2014 WL 12608311 (C.D. Cal. Nov. 17, 2014) (citations omitted; citing Fed. R. Civ. P. 37(c)(1); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012)).

Plaintiff's initial disclosures merely list the damages categories available for trademark infringement (actual damages, defendant's profits or statutory damages), followed by an averment that "Plaintiff is unable to compute the foregoing categories of damages at this time. Information necessary to compute Plaintiff's damages—including documents reflecting Defendant's sales and profits—is in the possession of Defendant and/or third parties. Expert testimony may be required to compute certain categories of Plaintiff's damages." [Masur Decl., Exh. D (Plaintiff's Rule 26 disclosures)] at 2-3. Although Redbubble produced substantial and specific financial information including over 16,000 pages of database output for every accused listing and every order placed for allegedly infringing products through redbubble.com, Plaintiff never supplemented its disclosures, nor did it otherwise provide this information in discovery. Moreover, despite pointing to the purported need for expert testimony, Plaintiff served no damages expert report, and has not identified any expert testimony on damages at trial.

In addition to Plaintiff's Rule 26 obligation to produce damages documents "as under Rule 34," Redbubble requested documents related to Plaintiff's marketing channels, types of goods sold, degree of care by purchasers, uses of the asserted marks, and sales. [Masur Decl., Exh. E (RFP responses) Nos. 7-9, 12, 28.] Yet it was not until two weeks after the 30(b)(6) deposition of Plaintiff that it produced even a single page of unexplained summary financial data, which page turned out to

be all of the financial data that Plantiff ever produced.[2] [DE# 036-94 (BRANDY_0003294)] Moreover, Plaintiff's response to Redbubble's Interrogatory No. 9, which required that it identify all facts supporting its damages claims, offered no quantification of damages, instead stating merely that: "Plaintiff has received no compensation from Defendant or users of Defendant's website for the sale, marketing, or distribution of goods on such site. Further, products advertised and sold on Defendant's website are in many cases lower quality and/or placed on products—e.g., men's clothing—that are not consistent with Plaintiff's branding. The existence of these lower-quality knockoffs harms Plaintiff's reputation and goodwill with its customers and makes Plaintiff's products seem less unique or desirable." [Masur Decl., Exh. F (Interrogatory Responses) No. 11].

In *Hsu v. Thorsen Tool Co.*, the plaintiff, as here, "failed to provide a computation of damages, along with documents or other evidentiary material on which the computation is based, as required by … Rule … 26(a)(l)(A)(iii)…" and "failed [ever] to supplement its initial disclosures to include the necessary computation of damages…, as required by Rule 26(e)." 2014 WL 12607677, at *1. Unlike Brandy Melville, that plaintiff at least "produced … bits and pieces of evidence pertaining to [relevant] subjects such as gross margins and marketing activities" *id.*, and provided a partial substantive response to an interrogatory seeking its "average gross and net profit obtained from a sale of a unit." 2014 WL 12607679, at *2 (C.D. Cal. Nov. 10, 2014). Because this Court held that such evidence "would enable Defendants to do no more than speculate as to the [damages] computation Plaintiff may present at trial," the Court precluded "Plaintiff from introducing testimony and evidence regarding a reasonable royalty" on defendants' sales or "claimed lost profits" based on plaintiff's own sales. 2014 WL 12607677, at *1; 2014 WL 12607679, at *2.

[2] Plaintiff produced fewer than 3300 pages of documents in total.

Brandy Melville's flouting of its damages disclosure and discovery obligations is even more blatant and uniform than *Hsu*. Rule 37(c)(1) mandates that the Court should preclude Brandy Melville from seeking damages in this case.

Dated: May 15, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
Joshua M. Masur
Attorneys for Defendant
REDBUBBLE INC.