# **EXHIBIT E**

to Declaration of Joshua M. Masur in Support of Defendant Redbubble Inc.'s Motion in Limine No. 3 to Exclude Evidence and Argument of Damages

1  BROWNE GEORGE ROSS LLP
   Keith J. Wesley (State Bar No. 229276)
2    kwesley@bgrfirm.com
   Jason Y. Kelly (State Bar No. 274144)
3    jkelly@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff
   Y.Y.G.M. SA d.b.a. BRANDY MELVILLE
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 Y.Y.G.M. SA d.b.a. BRANDY              Case No. 2:19-cv-04618-RGK (FFMx)
   MELVILLE, a Swiss corporation,
                                          **PLAINTIFF Y.Y.G.M. SA d.b.a.**
12           Plaintiff,                   **BRANDY MELVILLE'S**
                                          **RESPONSES AND OBJECTIONS**
13      vs.                               **TO DEFENDANT REDBUBBLE,**
                                          **INC.'S FIRST SET OF REQUESTS**
14 REDBUBBLE, INC., a Delaware            **FOR PRODUCTION TO**
   corporation,                           **PLAINTIFF**
15
             Defendant.
16

17

18      PROPOUNDING PARTY:        Defendant Redbubble, Inc.

19      RESPONDING PARTY:         Plaintiff, Y.Y.G.M. SA d.b.a. Brandy Melville

20      SET NO.:                  One (1)

21

22

23

24

25

26

27

28
   1361509
                                        -1-          Case No. 2:19-cv-04618-RGK (FFMx)
   PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
   DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Y.Y.G.M. SA

2    d.b.a. Brandy Melville ("Plaintiff") hereby provides the following responses and

3    objections to Defendant Redbubble, Inc.'s ("Defendant") First Set of Requests for

4    Production to Plaintiff (the "Requests").

5                                    **GENERAL STATEMENT**

6        Plaintiff's investigation of the facts relating to this case is still ongoing.  As

7    such, Plaintiff has not completed its investigation, discovery, or preparation for trial.

8    All of the responses contained herein are based upon the information presently

9    available, and specifically known, to Plaintiff.  It is anticipated that further discovery

10   and further independent investigation will supply additional facts which may clarify

11   and add meaning to facts presently known, as well as establish new factual matters,

12   all of which may lead to substantial additions to, changes in, and variations from the

13   responses set forth herein.  The following responses are given without prejudice to

14   Plaintiff's right to produce evidence of any subsequently discovered facts or

15   documents.

16       The responses contained herein are made in a good-faith effort to supply as

17   much factual information as is presently known, but should in no way be to the

18   prejudice of Plaintiff in relationship to further discovery, research, or analysis.

19   Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these

20   responses in any way and at any time, including at or during trial, in light of facts

21   revealed through discovery, further investigation, or further legal analysis.  Plaintiff

22   also reserves the right to amend or supplement these responses with any information

23   that has been inadvertently or unintentionally omitted and/or to introduce such

24   information into evidence at the time of hearing or trial.

25       Plaintiff makes these responses to the Requests subject to, and without waiving

26   in any way, any objections as to competence, relevance, materiality, propriety, or

27   admissibility, or to any and all other objections and grounds, all of which are reserved

28   and may be interposed at the time of trial.

1361509
-2-                          Case No. 2:19-cv-04618-RGK (FFMx)
PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual response, regardless of whether specific reference to them is made, and Plaintiff does not waive any of the general or specific objections made herein:

1.      Plaintiff objects to each and every Request to the extent that it purports, through instructions or otherwise, to impose burdens and duties on Plaintiff that exceed the proper scope of discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Plaintiff objects to each and every Request to the extent it seeks information that is not relevant to any claim or defense in this action.

3.      Plaintiff objects to each and every Request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Request to the extent it seeks information that is disproportionate to the needs of the case pursuant to Federal Rule of Civil Procedure 26.

5.      Plaintiff objects to each and every Request to the extent that it seeks the production of information subject to the attorney-client privilege, the work-product doctrine, or other applicable privileges, protections, or immunities.  Any disclosure of such information is inadvertent and shall not be deemed a waiver of any applicable privilege, protection, or immunity.

6.      Plaintiff objects to each and every Request to the extent that it seeks information protected by the United States or California Constitutions, federal or California statutes, or case law that establishes a right of privacy or forbids the discovery and dissemination of confidential, sensitive, or financial information. Plaintiff will not reveal such information where doing so would violate the privacy rights of Plaintiff or of third parties.

7.      Plaintiff objects to each and every Request to the extent that it is

1  repetitive, redundant, or overlapping.

2      8.    Plaintiff objects to each and every Request to the extent that it is unduly
3  burdensome, oppressive, annoying, or harassing.

4      9.    Plaintiff objects to each and every Request to the extent that it is vague
5  and ambiguous, compound, confusing, unintelligible, unclear, or amenable to
6  different meanings, understandings, or interpretations.  Plaintiff responds to each and
7  every Request as it interprets and understands it, with respect to the issues framed in
8  connection with this action.  If Plaintiff asserts an interpretation of any part of any
9  Request that differs from the understanding of Defendant, Plaintiff reserves the right
10 to supplement, amend, or modify its responses.

11     10.   Plaintiff objects to each and every Request to the extent that it is
12 unlimited in time or seeks information beyond the time-frame relevant to this action
13 on the grounds that it is overbroad and unduly burdensome, and it seeks information
14 that is irrelevant to the subject matter of this action.

15     11.   Plaintiff objects to each and every Request to the extent that it seeks
16 information, documents, or things that do not exist or purports to require Plaintiff to
17 create documents or things that do not already exist.

18     12.   Plaintiff objects to each and every Request to the extent that it seeks
19 information, documents, or things that are not in Plaintiff's possession, custody, or
20 control.

21     13.   Plaintiff objects to each and every Request to the extent that it is not
22 reasonably particularized.

23     14.   Plaintiff objects to each and every Request to the extent that it seeks
24 information that is subject to requirements, disclosures, and/or other applicable laws
25 pertaining to expert discovery.

26     15.   Plaintiff objects to each and every Request to the extent that it seeks to
27 impose duties or obligations different from, additional to, or otherwise beyond those
28 required by the Federal Rules of Civil Procedure.

16. Plaintiff objects to each and every Request to the extent that it seeks information that is equally available to or within Defendant's possession, custody, or control on the grounds that such Request is unduly burdensome and oppressive.

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including assignments, contracts, licenses, employee agreements, and work made for hire agreements, on which You may rely to establish or contend that Plaintiff owns or otherwise has rights in each Plaintiff Mark, registered or unregistered, that Plaintiff alleges that Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace, has infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "including assignments, contracts, licenses, employee agreements, and work made for hire agreements," "may rely," "establish or contend," "owns or otherwise has rights," "registered or unregistered," "alleges that," "anyone," "who has created an allegedly infringing listing or otherwise used," "marketplace," and "has infringed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff

objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that refer or relate to Your contention that Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace, or has infringed any of the Plaintiff Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate," "contention," "who has created an allegedly infringing listing or otherwise used," "marketplace," and "has infringed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession,

1   custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

2   and to which no objection is being made will be produced.

3   **REQUEST FOR PRODUCTION NO. 3:**

4       All documents that relate to, refer to, or evidence whether anyone has been

5   confused, mistaken or deceived about whether goods originate from or are affiliated

6   with, sponsored by, licensed by or endorsed by Plaintiff by an alleged use of a Plaintiff

7   Mark by Redbubble, or by anyone who has created an allegedly infringing listing or

8   otherwise used a Plaintiff Mark on the Redbubble marketplace.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10       Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right

11  to rely on documents in addition to, or different from, those which may be produced

12  in response to this Request.  Plaintiff objects that this Request is overbroad and unduly

13  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

14  therein, including but not limited to "relate to," "refer to," "evidence," "whether,"

15  "anyone," "confused, mistaken or deceived," "goods," "originate," "affiliated with,"

16  "sponsored by," "licensed by," "endorsed by," "alleged use," "created," "allegedly

17  infringing listing," "otherwise," and "marketplace," are vague, ambiguous, and

18  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

19  Request to the extent it seeks information that is not relevant to any claim or defense

20  in this action.  Plaintiff objects that this Request calls for legal conclusions and

21  opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing

22  and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request

23  to the extent it calls for information protected by the attorney-client privilege, the

24  work-product protection, or any other applicable privileges, immunities, or

25  protections.  Plaintiff objects that this Request is overbroad because it is not limited

26  to any relevant time period.

27       Subject to, and without waiving, its General and Specific Objections, Plaintiff

28  responds that documents responsive to this Request that are in Plaintiff's possession,

custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that relate to, refer to, or evidence the proximity of Plaintiff's goods and the allegedly infringing goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the proximity," "goods," and "allegedly infringing" are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that relate to, refer to, or evidence the similarity of the Plaintiff Marks and the allegedly infringing marks.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2        Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

3  Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is

4  overbroad because it is not limited to any relevant time period.  Plaintiff objects to

5  this Request to the extent it seeks information that is not relevant to any claim or

6  defense in this action.  Plaintiff objects to this Request on the grounds that discovery

7  is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the

8  right to rely on documents in addition to, or different from, those which may be

9  produced in response to this Request.  Plaintiff objects that this Request, and the

10 undefined terms and phrases therein, including but not limited to "relate to," "refer

11 to," "evidence the similarity," and "allegedly infringing marks," are vague,

12 ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

13 objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to

14 this Request to the extent it calls for information protected by the attorney-client

15 privilege, the work-product protection, or any other applicable privileges, immunities,

16 or protections.

17        Subject to, and without waiving, its General and Specific Objections, Plaintiff

18 responds that documents responsive to this Request that are in Plaintiff's possession,

19 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

20 and to which no objection is being made will be produced.

21 **REQUEST FOR PRODUCTION NO. 6:**

22        All documents that relate to, refer to, or evidence actual confusion between the

23 Plaintiff Marks and the allegedly infringing marks.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25        Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

26 Request to the extent it calls for information protected by the attorney-client privilege,

27 the work-product protection, or any other applicable privileges, immunities, or

28 protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "actual confusion," "between," and "allegedly infringing marks" are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to, refer to, or evidence the marketing channels used for Plaintiff's goods or the allegedly infringing goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request

is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "marketing channels," "used," "goods," and "allegedly infringing goods" are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate to, refer to, or evidence the type of goods sold or licensed by Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "type of goods," "sold," and "licensed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff

1  responds that it is willing to meet and confer regarding the scope of Defendant's
2  Request.

3  **REQUEST FOR PRODUCTION NO. 9:**

4      All documents that relate to, refer to, or evidence the degree of care likely to
5  be exercised by purchasers of Plaintiff's goods or the allegedly infringing goods.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7      Plaintiff incorporates its General Objections herein.  Plaintiff objects that this
8  Request is overbroad because it is not limited to any relevant time period.  Plaintiff
9  objects to this Request on the grounds that discovery is ongoing and Plaintiff has not
10 completed its trial preparation.  Plaintiff objects that this Request, and the undefined
11 terms and phrases therein, including but not limited to "relate to," "refer to,"
12 "evidence," "degree of care," "likely," "exercised," "purchasers," "goods," and
13 "allegedly infringing goods," are vague, ambiguous, and reasonably subject to
14 multiple meanings and interpretations.   Plaintiff reserves the right to rely on
15 documents in addition to, or different from, those which may be produced in response
16 to this Request.  Plaintiff objects to this Request to the extent it seeks information that
17 is not relevant to any claim or defense in this action.  Plaintiff objects that this Request
18 is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal
19 conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for
20 information protected by the attorney-client privilege, the work-product protection,
21 or any other applicable privileges, immunities, or protections.

22     Subject to, and without waiving, its General and Specific Objections, Plaintiff
23 responds that it is willing to meet and confer regarding the scope of Defendant's
24 Request.

25 **REQUEST FOR PRODUCTION NO. 10:**

26     All documents that relate to, refer to, or evidence any alleged infringer's intent
27 in allegedly selecting the Plaintiff Marks or the allegedly infringing marks.

28

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "alleged infringer's intent," "allegedly selecting," and "allegedly infringing marks," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that relate to, refer to, or evidence the likelihood of expansion of Plaintiff's product lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the likelihood," "expansion," and "product lines," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all uses, licensed or unlicensed, of any Plaintiff Mark of which you are aware, including the timing of, manner of, substance of, and natural or fictional persons associated with each such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "all uses," "licensed or unlicensed," "aware," "timing of," "manner of," "substance of," "natural or fictional," "associated," and "each such use," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection,

1   or any other applicable privileges, immunities, or protections.  Plaintiff objects that
2   this Request is overbroad because it is not limited to any relevant time period.

3        Subject to, and without waiving, its General and Specific Objections, Plaintiff
4   responds that it is willing to meet and confer regarding the scope of Defendant's
5   Request.

6   **REQUEST FOR PRODUCTION NO. 13:**

7        A copy of each registration certificate for each Plaintiff Mark.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9        Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
10  Request on the grounds that discovery is ongoing and Plaintiff has not completed its
11  trial preparation.  Plaintiff objects that this Request calls for legal conclusions and
12  opinions.  Plaintiff objects to this Request to the extent it seeks information that is not
13  relevant to any claim or defense in this action.  Plaintiff objects that this Request is
14  overbroad and unduly burdensome.   Plaintiff objects that this Request, and the
15  undefined terms and phrases therein, including but not limited to "copy,"
16  "registration," "certificate," and "each," are vague, ambiguous, and reasonably
17  subject to multiple meanings and interpretations.  Plaintiff objects to this Request to
18  the extent it calls for information protected by the attorney-client privilege, the work-
19  product protection, or any other applicable privileges, immunities, or protections.
20  Plaintiff objects that this Request is overbroad because it is not limited to any relevant
21  time period.  Plaintiff reserves the right to rely on documents in addition to, or
22  different from, those which may be produced in response to this Request.

23       Subject to, and without waiving, its General and Specific Objections, Plaintiff
24  responds that documents responsive to this Request that are in Plaintiff's possession,
25  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
26  and to which no objection is being made will be produced.

27  **REQUEST FOR PRODUCTION NO. 14:**

28       All documents that relate to, refer to, or evidence any communications,

1  including with the Patent & Trademark Office, regarding any Plaintiff Mark.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

3      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

4  Request as it calls for information protected by the attorney-client privilege, the work-

5  product protection, or other applicable privileges, immunities, or protections.

6  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff

7  has not completed its trial preparation.  Plaintiff objects that this Request, and the

8  undefined terms and phrases therein, including but not limited to "relate to," "refer

9  to," and "evidence," are vague, ambiguous, and reasonably subject to multiple

10  meanings and interpretations.  Plaintiff objects to this Request as it seeks information

11  that is not relevant to any claim or defense in this action.  Plaintiff reserves the right

12  to rely on documents in addition to, or different from, those which may be produced

13  in response to this Request.  Plaintiff objects that this Request calls for legal

14  conclusions and opinions.  Plaintiff objects that this Request is overbroad because it

15  is not limited to any relevant time period.  Plaintiff objects that this Request is

16  overbroad and unduly burdensome.

17      Subject to, and without waiving, its General and Specific Objections, Plaintiff

18  responds that it is willing to meet and confer regarding the scope of Defendant's

19  Request.

20  **REQUEST FOR PRODUCTION NO. 15:**

21      All documents related to any allegation that Redbubble had the right or ability

22  to supervise or control the allegedly infringing activity of anyone who has created an

23  allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble

24  marketplace.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

27  Request to the extent it seeks information that is not relevant to any claim or defense

28  in this action.  Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "related to," "allegation," "had the right," "ability

to," "supervise," "control," "allegedly infringing activity," "anyone," "has created,"

"allegedly infringing listing," "otherwise used," and "marketplace," are vague,

ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

objects to this Request on the grounds that discovery is ongoing and Plaintiff has not

completed its trial preparation.  Plaintiff objects that this Request is overbroad and

unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and

opinions.   Plaintiff objects to this Request to the extent it calls for information

protected by the attorney-client privilege, the work-product protection, or any other

applicable privileges, immunities, or protections.  Plaintiff objects that this Request

is overbroad because it is not limited to any relevant time period.  Plaintiff reserves

the right to rely on documents in addition to, or different from, those which may be

produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff

responds that documents responsive to this Request that are in Plaintiff's possession,

custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to any allegation that Redbubble failed to exercise any

alleged right or ability to supervise or control the allegedly infringing activity of

anyone who has created an allegedly infringing listing or otherwise used a Plaintiff

Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

Request to the extent it calls for information protected by the attorney-client privilege,

the work-product protection, or any other applicable privileges, immunities, or

protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request

to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "failed to exercise," "alleged," "right," "ability," "supervise," "control," "allegedly infringing," "activity," "anyone," "created," "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any allegation that Redbubble knew or had reason to know of the allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "knew or had

reason to know," "allegedly infringing activity," "anyone," "who has created an allegedly infringing listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any allegation that Redbubble intentionally induced or materially contributed to allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "intentionally," "induced," "materially," "contributed," "allegedly infringing activity," "anyone," "created," "listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information

protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 19:**

All documents on which You may rely to establish or contend that Redbubble is not engaged in transmitting, routing, or providing connections for online communication, between points specified by a user, of material of the user's choosing, without modification to the content of the material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "not engaged in," "transmitting," "routing," "providing," "connections," "online," "between," "points," "specified," "by a user," "material," "user's choosing," "without," "modification," "content," and "material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other

applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All documents on which You may rely to establish or contend that Redbubble is not a service provider of online services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "service provider," and "online services," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff

responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All documents on which You may rely to establish or contend that your claims against Redbubble are not based on information residing on Redbubble's systems or networks at the direction of users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "claims," "based," "information," "residing," "systems," "networks," and "direction of users," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All documents on which You may rely to establish or contend that Redbubble had actual knowledge that any allegedly infringing listing on the Redbubble marketplace, was actually infringing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "actual knowledge," "allegedly infringing listing," "marketplace," "actually," and "infringing," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents on which You may rely to establish or contend that Redbubble was aware of facts or circumstances from which specific infringing activity was apparent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "aware," "facts," "circumstances," "specific," "infringing activity," and "apparent," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All documents on which You may rely to establish or contend that, upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, Redbubble failed to act expeditiously to remove or disable access to the allegedly infringing material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "upon obtaining knowledge," "awareness," "upon receiving a," "valid," "notification," "claimed infringement," "failed," "act expeditiously," "remove or disable," "access," and "allegedly infringing material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All documents on which You may rely to establish or contend that, Redbubble acted with reckless disregard for, or willful blindness to, Plaintiff's rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

Request.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "acted with," "reckless," "disregard," "willful," "blindness," and "rights," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that refer or relate to Redbubble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer" and

1  "relate to," are vague, ambiguous, and reasonably subject to multiple meanings and
2  interpretations.

3       Subject to, and without waiving, its General and Specific Objections, Plaintiff
4  responds that it is willing to meet and confer regarding the scope of Defendant's
5  Request.

6  **REQUEST FOR PRODUCTION NO. 27:**

7       All documents that refer or relate to anyone who has created an allegedly
8  infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10      Plaintiff incorporates its General Objections herein. Plaintiff objects to this
11 Request to the extent it calls for information protected by the attorney-client privilege,
12 the work-product protection, or any other applicable privileges, immunities, or
13 protections. Plaintiff objects to this Request on the grounds that discovery is ongoing
14 and Plaintiff has not completed its trial preparation. Plaintiff reserves the right to rely
15 on documents in addition to, or different from, those which may be produced in
16 response to this Request. Plaintiff objects that this Request is overbroad and unduly
17 burdensome. Plaintiff objects that this Request, and the undefined terms and phrases
18 therein, including but not limited to "refer," "relate to," "anyone," "who has created
19 an allegedly infringing listing or otherwise used," and "marketplace," are vague,
20 ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff
21 objects to this Request to the extent it seeks information that is not relevant to any
22 claim or defense in this action. Plaintiff objects that this Request is overbroad because
23 it is not limited to any relevant time period. Plaintiff objects that this Request calls
24 for legal conclusions and opinions.

25      Subject to, and without waiving, its General and Specific Objections, Plaintiff
26 responds that documents responsive to this Request that are in Plaintiff's possession,
27 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
28 and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

For each Plaintiff Mark, documents sufficient to show all time periods in which You used each such mark, including the beginning and end of each such period, including dates of first use, invoices, purchase orders, inventories, and current and historical sales figures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "each," "sufficient," "show," "time periods," "used," "such mark," "including," "the beginning and end," "such period," "dates of first use," "invoices," "purchase orders," "inventories," "current," "historical," "sales," and "figures," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 29:**

For each Plaintiff Mark that You ceased or paused using for any time period, to the extent that you contend that you intended to resume such use, all documents

1    related to any such intended resumption of use.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

3          Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right

4    to rely on documents in addition to, or different from, those which may be produced

5    in response to this Request.  Plaintiff objects to this Request to the extent it seeks

6    information that is not relevant to any claim or defense in this action.  Plaintiff objects

7    that this Request is overbroad and unduly burdensome.  Plaintiff objects that this

8    Request calls for legal conclusions and opinions.  Plaintiff objects that this Request,

9    and the undefined terms and phrases therein, including but not limited to "ceased,"

10   "paused," "using," "time period," "to the extent," "contend," "intended," "resume

11   such use," "related to," "resumption," and "use," are vague, ambiguous, and

12   reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

13   Request to the extent it calls for information protected by the attorney-client privilege,

14   the work-product protection, or any other applicable privileges, immunities, or

15   protections.  Plaintiff objects that this Request is overbroad because it is not limited

16   to any relevant time period.  Plaintiff objects to this Request on the grounds that

17   discovery is ongoing and Plaintiff has not completed its trial preparation.

18         Subject to, and without waiving, its General and Specific Objections, Plaintiff

19   responds that it is willing to meet and confer regarding the scope of Defendant's

20   Request.

21   **REQUEST FOR PRODUCTION NO. 30:**

22         All documents that constitute, refer or relate to any studies, including formal or

23   informal analysis, investigation, surveys, focus groups, consumer research, or other

24   information or reports that You contend support any of Your claims in this lawsuit.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

26         Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

27   Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

28   grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "studies," "including," "formal," "informal," "analysis," "investigation," "surveys," "focus groups," "consumer research," "information," "report," "contend," "support," and "lawsuit," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All documents that refer or relate to whether Redbubble was aware of any specific instance of alleged infringement or use of any Plaintiff Mark, including but not limited to alleged infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate to," "whether," "aware,"

"specific," "instance," "alleged infringement," "use of," "including but not limited to," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that constitute, refer or relate to communications that You have had with Redbubble relating to any alleged infringement or use of any Plaintiff Mark, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks

information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "alleged infringement," "use of," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that constitute, refer or relate to communications that You have had with third parties relating to any alleged infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "third parties," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this

1  Request is overbroad and unduly burdensome.  Plaintiff objects to this Request to the

2  extent it seeks information that is not relevant to any claim or defense in this action.

3  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff

4  objects to this Request to the extent it calls for information protected by the attorney-

5  client privilege, the work-product protection, or any other applicable privileges,

6  immunities, or protections.  Plaintiff objects that this Request is overbroad because it

7  is not limited to any relevant time period.  Plaintiff reserves the right to rely on

8  documents in addition to, or different from, those which may be produced in response

9  to this Request.

10  Subject to, and without waiving, its General and Specific Objections, Plaintiff

11  responds that documents responsive to this Request that are in Plaintiff's possession,

12  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

13  and to which no objection is being made will be produced.

14  **REQUEST FOR PRODUCTION NO. 34:**

15  All documents that constitute, refer or relate to internal communications that

16  You have had relating to any alleged infringement or use of any Plaintiff Mark by

17  Redbubble, or anyone who has created an allegedly infringing listing or otherwise

18  used a Plaintiff Mark on the Redbubble marketplace.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20  Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

21  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

22  trial preparation.  Plaintiff objects that this Request, and the undefined terms and

23  phrases therein, including but not limited to "constitute," "refer," "relate to,"

24  "internal," "alleged infringement," "use," "anyone," "who has created an allegedly

25  infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and

26  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

27  Request to the extent it seeks information that is not relevant to any claim or defense

28  in this action.  Plaintiff reserves the right to rely on documents in addition to, or

different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.   Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that relate to any alleged damage or harm caused by any alleged infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "alleged," "damage," "harm," "caused by," "alleged infringement," "use of," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff

objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show all revenue and profits generated by Plaintiff from each good or service sold in connection with any of the Plaintiff Marks, by year, quarter and/or month, including any revenue generated from licensing one of more of the Plaintiff Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "revenue," "profits," "generated," "each," "good," "service," "sold," "connection," "year," "quarter," "month," "including," "licensing," and "one of more," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that constitute, refer or relate to any analyses (including, by way of example, studies, reports, investigations, research and email commentary) relating to any reasons for increases or decreases in Plaintiff revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "analyses," "including," "by way of example," "studies," "reports," "investigations," "research," "email," "commentary," "reasons," "increases," "decreases," "revenue," and "profits," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to the strength, validity or enforceability of any Plaintiff Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "strength," "validity," and "enforceability," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that constitute, refer or relate to any challenge or dispute relating to the strength, validity or enforceability of any Plaintiff Mark, including lawsuits, arbitrations, mediations, or administrative proceedings (including TTAB proceedings), as well as any letters or other threats of legal actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "constitute," "refer," "relate to," "challenge," "dispute," "strength," "validity," "enforceability," "lawsuits," "arbitrations," "mediations," "administrative," "proceedings," "TTAB," "letters," "threats," and "legal actions," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the date, time and circumstances under which You learned of each alleged instance of infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "date," "time," "circumstances," "under," "learned," "each," "alleged

instance," "infringement," "anyone," "who," "created," "allegedly infringing," "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All documents of which You are aware that support Your contention that Redbubble has sold, offered for sale, manufactured, printed, or shipped any products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "aware," "support," "contention," "sold," "offered for sale," "manufactured," "printed," "shipped," and "products," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession,

1  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
2  and to which no objection is being made will be produced.

3  **REQUEST FOR PRODUCTION NO. 42:**

4      All documents that constitute, refer or relate to any purchase of any product
5  from Redbubble or via the Redbubble marketplace.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

7      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
8  Request on the grounds that discovery is ongoing and Plaintiff has not completed its
9  trial preparation.  Plaintiff objects to this Request to the extent it seeks information
10  that is not relevant to any claim or defense in this action.  Plaintiff reserves the right
11  to rely on documents in addition to, or different from, those which may be produced
12  in response to this Request.  Plaintiff objects that this Request is overbroad and unduly
13  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases
14  therein, including but not limited to "constitute," "refer," "relate to," "purchase,"
15  "product," and "marketplace," are vague, ambiguous, and reasonably subject to
16  multiple meanings and interpretations.  Plaintiff objects that this Request calls for
17  legal conclusions and opinions.  Plaintiff objects to this Request because it calls for
18  information protected by the attorney-client privilege, the work-product protection,
19  or other applicable privileges, immunities, or protections.  Plaintiff objects that this
20  Request is overbroad because it is not limited to any relevant time period.

21  **REQUEST FOR PRODUCTION NO. 43:**

22      All documents that constitute, refer or relate to the purchase by You or anyone
23  acting on Your behalf of any product from Redbubble or via the Redbubble
24  marketplace.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

26      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
27  Request on the grounds that discovery is ongoing and Plaintiff has not completed its
28  trial preparation.  Plaintiff objects to this Request to the extent it seeks information

that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "purchase," "anyone," "acting," "behalf," "product," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request because it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 44:**

All documents that relate to, refer to, or evidence Your contention that Redbubble encourages third parties to upload infringing designs to the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "contention," "encourages," "third parties," "upload," "infringing designs," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

Request.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

All documents that constitute, refer or relate to any litigation, attempts to enforce, or any other dispute involving the alleged infringement of any of the Plaintiff Marks, including but not limited to copies of any settlement agreements, pleadings, and correspondence (including cease-and-desist letters and responses thereto).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "litigation," "attempts to enforce," "other dispute," "involving," "alleged infringement," "including," "not limited to," "copies," "settlement agreements," "pleadings," "correspondence," "cease-and-desist," "letters," and "responses thereto," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the

1  work-product protection, or other applicable privileges, immunities, or protections.
2  Plaintiff objects that this Request is overbroad because it is not limited to any relevant
3  time period.

4  **REQUEST FOR PRODUCTION NO. 46:**

5     All documents that constitute, refer or relate to Your attempts to exercise
6  quality control of any goods or services sold under the Plaintiff Marks.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8     Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
9  Request on the grounds that discovery is ongoing and Plaintiff has not completed its
10  trial preparation.  Plaintiff objects that this Request calls for legal conclusions and
11  opinions.  Plaintiff objects to this Request to the extent it seeks information that is not
12  relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on
13  documents in addition to, or different from, those which may be produced in response
14  to this Request.  Plaintiff objects that this Request is overbroad because it is not
15  limited to any relevant time period.  Plaintiff objects that this Request, and the
16  undefined terms and phrases therein, including but not limited to "constitute," "refer,"
17  "relate to," "attempts," "exercise quality control," "goods," "services," and "sold
18  under," are vague, ambiguous, and reasonably subject to multiple meanings and
19  interpretations.   Plaintiff objects that this Request is overbroad and unduly
20  burdensome.  Plaintiff objects to this Request to the extent it calls for information
21  protected by the attorney-client privilege, the work-product protection, or any other
22  applicable privileges, immunities, or protections.

23     Subject to, and without waiving, its General and Specific Objections, Plaintiff
24  responds that documents responsive to this Request that are in Plaintiff's possession,
25  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
26  and to which no objection is being made will be produced.

27  **REQUEST FOR PRODUCTION NO. 47:**

28     All documents that constitute, refer or relate to any transfer or grant of rights

1  in any of the Plaintiff Marks, including but not limited to any licenses to or from
2  Plaintiff.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

4      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
5  Request on the grounds that discovery is ongoing and Plaintiff has not completed its
6  trial preparation.  Plaintiff objects that this Request, and the undefined terms and
7  phrases therein, including but not limited to "constitute," "refer or relate to,"
8  "transfer," "grant," "rights," "including but not limited to," and "licenses," are vague,
9  ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff
10 reserves the right to rely on documents in addition to, or different from, those which
11 may be produced in response to this Request.  Plaintiff objects that this Request is
12 overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal
13 conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks
14 information that is not relevant to any claim or defense in this action.  Plaintiff objects
15 that this Request is overbroad because it is not limited to any relevant time period.
16 Plaintiff objects to this Request as it calls for information protected by the attorney-
17 client privilege, the work-product protection, or other applicable privileges,
18 immunities, or protections.

19     Subject to, and without waiving, its General and Specific Objections, Plaintiff
20 responds that documents responsive to this Request that are in Plaintiff's possession,
21 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
22 and to which no objection is being made will be produced.

23 **REQUEST FOR PRODUCTION NO. 48:**

24     All documents that constitute, refer or relate to any alleged use of any Plaintiff
25 Mark by Redbubble or on the Redbubble marketplace, including any electronic
26 captures or printouts of such alleged uses.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28     Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer or relate to," "alleged use," "marketplace," "including," "electronic captures," "printouts," "such," "alleged," and "uses," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that constitute, refer or relate to any investigation regarding whether the Plaintiff Marks are being used by Redbubble or on the Redbubble marketplace, including but not limited to investigations performed by Plaintiff's counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff

1  objects to this Request to the extent it seeks information that is not relevant to any

2  claim or defense in this action.  Plaintiff objects that this Request, and the undefined

3  terms and phrases therein, including but not limited to "constitute," "refer or relate

4  to," "investigation," "whether," "being used," "marketplace," "including but not

5  limited," "investigations," "performed," and "counsel," are vague, ambiguous, and

6  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

7  Request as it calls for information protected by the attorney-client privilege, the work-

8  product protection, or other applicable privileges, immunities, or protections.

9  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff

10  objects that this Request is overbroad because it is not limited to any relevant time

11  period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

12      Subject to, and without waiving, its General and Specific Objections, Plaintiff

13  responds that documents responsive to this Request that are in Plaintiff's possession,

14  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

15  and to which no objection is being made will be produced.

16

17  DATED:  November 25, 2019          BROWNE GEORGE ROSS LLP

18                                                       Keith J. Wesley
                                                         Jason Y. Kelly
19

20                                            By: _____

21                                                       Keith J. Wesley

22                                            Attorneys for Y.Y.G.M. SA d.b.a. BRANDY
                                              MELVILLE
23

24

25

26

27

28

1361509

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

**PROOF OF SERVICE**

*Y.Y.G.M. SA d.b.a. BRANDY MELVILLE v REDBUBBLE, INC.*
USDC – Central Case No. 2:19-cv-04618 RGK (FFMx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On November 25, 2019, I served a true copy of the following document described as **PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** on the interested parties in this action as follows:

| | |
|---|---|
| Joshua M. Masur ZUBER LAWLER 2000 Broadway Street, Suite 154 Redwood City, CA  94063 T: 650-434-8538 F: 213-596-5621 *imasur@zuberlaw.com* | *Counsel for Defendant REDBUBBLE, INC.* |
| Kenneth B Wilson COASTSIDE LEGAL 455 1st Avenue Half Moon Bay, CA 94019 T: 650-440-4211 F: 650-440-4851 *ken@coastsidelegal.com* | *Co-Counsel for Defendant REDBUBBLE, INC.* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  On November 25, 2019, I caused a copy of the document to be sent from e-mail address lsingh@bgrfirm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.

_____
Lachmin Singh