KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>REDBUBBLE INC.,<br><br>                Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING TRADEMARKS NOT IDENTIFIED IN DISCOVERY**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*<br><br>Hearing Date:  June 30, 2020<br>Time:          9:00 a.m.<br>Courtroom:      850<br>Hon. R. Gary Klausner |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order Excluding Evidence and Argument Regarding Trademarks Not Identified in Discovery. This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

Brandy Melville has refused to identify the precise scope of the claims that it plans to present at trial, and more specifically the precise trademarks it intends to present evidence on, necessitating the bringing of this motion.

Redbubble's First Interrogatory required that Brandy Melville "[i]dentify with particularity each Plaintiff Mark, registered or unregistered, that You allege that Redbubble has infringed, directly or indirectly."  After interposing various objections, plaintiff identified five purportedly infringed marks:

- USPTO Registration No. 5,373,397.
- USPTO Registration No. 5,238,856.
- USPTO Registration No. 5,748,883.
- The Brandy Melville name and graphic logo identified on page 3 of the Complaint in this action, as well as variations thereof (*e.g.*, Brandy LA, www.brandymelvilleusa.com, etc.) (Dkt. No. 1).

2

1   • The LA Lightning logo depicted on page 3 of the Complaint in this

2   action, as well as variations thereof (*e.g.*, different colors).

3   [Masur Decl., Exh. F (Interrogatory Response No. 1) at 5-6]

4   Failure to identify every trademark would justify *dismissal*, not merely

5   preclusion. In *Louisiana Pacific Corp. v. James Hardie Building Products, Inc.*,

6   No. C-12-3433 SC, 2012 WL 5520394 (N.D. Cal. Nov. 14, 2012), the defendant

7   moved to dismiss a complaint that on "failed to identify all of the trademarks that

8   were allegedly infringed" pursuant to Rule 12(b)(6). *Id.* at *1. Judge Conti granted

9   the motion:

10   The Court finds that the Complaint lacks the requisite specificity since it does

11   not identify every trademark which was allegedly infringed. In its opposition

12   papers, Plaintiff argues that it need not "describe every potential ...

13   infringement of protected material." This may be true, but it misses the point

14   of Defendant's motion. Defendant is not arguing that Plaintiff is required to

15   describe every instance of alleged infringement. Rather, Defendant is arguing

16   that Plaintiff should identify every trademark which was allegedly infringed.

17   This is not an overly burdensome requirement and is necessary to provide

18   Defendant with adequate notice…. As pled, the Complaint identifies only

19   three of the allegedly infringed marks and leaves Defendant to guess at the

20   others. This is insufficient.

21   *Id.* If a plaintiff must identify every allegedly infringed mark at the pleading stage,

22   certainly it must do so before the close of discovery.

23   Similarly, in a patent case, *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-

24   5210 SS, 2015 WL 12857466 (C.D. Cal. June 11, 2015), the defendants sought "to

25   preclude plaintiff from presenting evidence of secondary considerations of non-

26   obviousness that were not identified in plaintiff's interrogatory responses." *Id.* at

27   *6. Although the plaintiff's interrogatory response identified only "'commercial

28   success' of the patented invention and 'international standards governing

1   implementations of Location Based Services,'" plaintiff's expert report identified

2   "additional secondary considerations of non-obviousness, such as 'copying,

3   synergy, and unexpected results.'"

4   　　　As *Enovsys* notes, "[w]hen determining whether to preclude the evidence

5   under Fed. R. Civ. P. 37, the Court considers factors such as '(1) the surprise to the

6   party against whom the evidence would be offered; (2) the ability of that party to

7   cure the surprise; (3) the extent to which allowing the evidence would disrupt the

8   trial; (4) the importance of the evidence, and (5) the nondisclosing party's

9   explanation for its failure to disclose the evidence.'" *Id.* (quoting *Dey, L.P. v. Ivax*

10  *Pharmaceuticals, Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)).

11  　　　Here, as in *Enovsys*, allowing Brandy Melville to assert additional bases

12  would be a significant surprise. "As to part (2), cure, it would be difficult to cure the

13  surprise, as it would require [Redbubble] to perform additional … analysis at this

14  late stage, which as to part (3), would be disruptive to the proceedings." *Id.*  As for

15  part (4), the importance of the evidence, Brandy Melville has not moved for

16  summary judgment on any additional marks, which suggests that they are less

17  important to its case than the marks they did disclose.  Finally, as for part (5), the

18  explanation for the failure to disclose, Brandy Melville offered no explanation

19  during meet and confer.

20  　　　It was incumbent on Brandy Melville to identify every asserted mark either in

21  its complaint or in response to Redbubble's contention interrogatory.  The Court

22  should limit the plaintiff to the marks it has expressly identified as infringed in the

23  complaint or in its interrogatory response (i.e., the three registered trademarks, the

24  Brandy Melville name, "Brandy LA", brandymelvilleusa.com, and different colors

25

26

27

28

1   of the registered LA Lightning logo, which is limited to yellow in the trademark

2   registration).

3

4   Dated: May 15, 2020                    COASTSIDE LEGAL
                                           KENNETH B. WILSON
5
                                           ZUBER LAWLER & DEL DUCA LLP
6                                          JOSHUA M. MASUR
                                           ZACHARY S. DAVIDSON
7

8                                          By: */s/ Joshua M. Masur*
9                                               Joshua M. Masur
                                                Attorneys for Defendant
10                                              REDBUBBLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28