KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT OF ALLEGED ACTUAL CONFUSION**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*<br><br>Hearing Date: June 30, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Hon. R. Gary Klausner |

1

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order Excluding Evidence and Argument of Alleged Actual Confusion. This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2020.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff has failed to identify any legally cognizable evidence of actual confusion, and therefore should be precluded from introducing evidence or argument on this issue at trial.

Redbubble's Fourth Interrogatory required that Brandy Melville:

> Set forth all facts of which You are aware that would support the conclusion that any person has been *actually confused, mistaken or deceived* about whether any goods originate from or are affiliated with, sponsored by, licensed by or endorsed by Plaintiff, by any use of a Plaintiff Mark by Redbubble or by others using the mark on the Redbubble marketplace….

[Masur Decl., Exh. F (Interrogatory Response No. 4) at 8]

After interposing various objections, Plaintiff responded with a conclusory listing of legal principles:

2

> Plaintiff's investigation of actual confusion is ongoing, and Plaintiff has not yet received discovery from Defendant. Nevertheless, Plaintiff is aware of substantial facts that would support the conclusion that actual confusion did—and continues to—occur. These facts, which indicate a likelihood of confusion, include but are not limited to: Plaintiff's worldwide and nationwide popularity; the strength of Plaintiff's marks; the proximity or relatedness of the goods marketed and sold by Plaintiff and by Defendant (or via the Redbubble website); the identical physical appearance of the marks as they appear on certain goods marketed and sold by Defendant (or via the Redbubble website) and by Plaintiff; the similarity of the marketing channels used by Plaintiff and by Defendant; the degree of consumer care used in purchasing the applicable goods; and the intent of Defendant (and other parties selling goods via its website) to deceive users as to Plaintiff's affiliation with the goods being marketed and sold.

*Id.* at 9-10. Brandy Melville never supplemented its interrogatory responses.

On May 4, 2020, Brandy Melville moved for summary judgment, citing alleged evidence of actual confusion – communications the Redbubble received from users – that it had not identified before the close of discovery. [DE# 36 at 15-16]

Federal Courts have the power to impose sanctions for abuse of discovery pursuant to the Federal Rules of Civil Procedure and courts' inherent power to impose discovery sanctions. Federal Rule of Civil Procedure 37 allows a court to preclude a party from introducing evidence at trial, at a hearing, or on a motion where that party has, without substantial justification, failed to disclose required information in discovery or to amend a prior discovery response as required by Rule 26(e)(2). In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would

3

> be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Dey, L.P. v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citations omitted; citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991); Fed. R. Civ. P. 37(c)(1); *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592 (4th Cir. 2003)).

In light of each of these factors, Brandy Melville's purported evidence of actual confusion should be excluded.

- First, the undisclosed alleged evidence of confusion did, in fact, surprise Redbubble.
- Second and third, that surprise cannot be cured now, after the close of discovery without disrupting the proceedings.
- Fourth, in light of Brandy Melville's assertion that "a step-by-step *Sleekcraft* examination is unnecessary" (DE# 36 at 12), evidence that goes to one of the *Sleekcraft* factors is necessarily relatively unimportant. Moreover, the purported evidence is immaterial because, as set forth in Redbubble's Opposition to Brandy Melville's Motion for Summary Judgment [DE# 47-2 at 17-19], it is insufficient to establish actual confusion as a matter of law. "Actual confusion can be established by (1) producing the testimony of consumers that have been confused; or (2) producing a consumer survey that shows consumers are actually confused." *Hero Nutritionals LLC v. Nutraceutical Corp.*, SACV 11-1195, 2013 WL 4480674, at *6 (C.D. Cal. Aug. 16, 2013) (citing *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 902 (9th Cir. 2002)). The vague third-party emails on which Brandy Melville relies are not only inadmissible hearsay and completely lacking in foundation as to (among

4

other things) who they are from and what they are referring to, but they fail to reflect any source confusion: an email asking "so you don't have any stickers that [Brandy Melville] specifically made?" [DE# 36-84, 36-89], *presumes* that Redbubble does not itself "make" Brandy Melville stickers. As a matter of law, this "evidence" is insufficient as a matter of law to establish actual confusion. *See Matrix Motor Co. v. Toyota Jidosha Kabushiki*, 290 F. Supp. 2d 1083, 1094 (C.D. Cal. 2003) (vague third-party communications are unreliable hearsay insufficient to establish confusion); *Playboy Enters. v. Netscape Comms. Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004) (requiring "significant numbers of consumers" to show actual confusion).

- Finally, Brandy Melville has offered no explanation for its failure to disclose this alleged evidence of actual confusion.

It was incumbent on Brandy Melville to identify the evidence of actual confusion on which it intended to rely, rather than leave Redbubble to guess. The Court should preclude plaintiff from offering evidence of actual confusion.

Dated: May 15, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
    Joshua M. Masur
    Attorneys for Defendant
    REDBUBBLE INC.