KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
*zdavidson@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXLUDE REFERENCE TO THIRD PARTY INTELLECTUAL PROPERTY**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Hearing Date: June 30, 2020<br>Time:             9:00 a.m.<br>Courtroom:    850<br>Hon. R. Gary Klausner |

1

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order excluding any evidence regarding alleged infringement of the rights of third parties' intellectual property, including but not limited to Coca~Cola and Pepsi. This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    ARGUMENT**

Plaintiff's Motion for Partial Summary Judgment and supporting documents identify and allege infringement of intellectual property of third-parties that are not at issue here. The Motion specifically identifies the third-party listings of products bearing the Coca~Cola and Pepsi logos (the "Third-Party Marks"). [DE# 36-1 (Plaintiff's Statement of Uncontroverted Facts) ¶¶ 148-51; *accord* DE# 36 (Plaintiff's Motion for Partial Summary Judgment) at 18 (citing same).

Pursuant to the Federal Rules of Evidence, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. Rules of Evidence, Rule 403 (3d ed.).

Here, the Third-Party Marks are simply irrelevant to the action. Brandy Melville offers no evidence whatsoever whether use of any Third-Party Mark is

actually against the will of the respective rights holder for that mark. For example, it never established that any particular use of a Third-Party Mark is not fair use, not simply non-confusing and potentially beneficial, or otherwise not infringing the ownership rights of the respective owner. Accordingly, the probative value of such use of any Third-Party Mark, even if it were by Redbubble – which, as set forth in detail elsewhere,[1] it is not – would be low.

Conversely, the prejudice to Redbubble of any reference to the use of any Third-Party Marks on the Redbubble Marketplace would be high. Association of Redbubble with any alleged infringement of these well-known Third-Party Marks could create a guilt-by-association dynamic, even though there is no indication that any owner of any such mark considered such inclusion problematic. At best, this presents a waste of time, with uncertain implications of third-party rights.

Accordingly, Redbubble respectfully requests an Order excluding any evidence regarding alleged infringement of the rights of third parties' intellectual property, including but not limited to the Third-Party Marks.

Dated: May 15, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
Joshua M. Masur
Attorneys for Defendant
REDBUBBLE INC.

---

[1] Redbubble is not an actual user of any marks on goods sold through the Redbubble Marketplace. (Redbubble MSJ, Dkt. 40 at 2-5.)