KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
*zdavidson@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 TO PRECLUDE USE OF UNDISCLOSED WITNESSES**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur; [Proposed] Order]*<br><br>Hearing Date: June 30, 2020<br>Time:           9:00 a.m.<br>Courtroom:   850<br>Hon. R. Gary Klausner |

1

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 30, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order precluding Plaintiff from offering testimony from witnesses not disclosed as required by Rule 26(a)(1)(A)(i). This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 6 and 8, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

During the Rule 16 meet and confer, Plaintiff Brandy Melville identified two witnesses that it may present at trial but who it had never previously disclosed: Philip Paley and Terri Walters, both of whom are employees of Plaintiff's counsel's law office. The Federal Rules of Civil Procedure protect against this type of trial by ambush. These two witnesses should be precluded from testifying.

Rule 26(a)(1)(A)(i) required that Plaintiff disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Plaintiff] may use to support its claims or defenses, unless the use would be solely for impeachment." "Rule 37(c)(1) provides that '[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … at a trial, unless the failure was substantially justified or harmless.' 'The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless.'" *Hsu v. Thorsen Tool Co.*, No.

2

CV 13-08248-RGK, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), *clarified on denial of reconsideration*, 2014 WL 12608311 (C.D. Cal. Nov. 17, 2014) (excluding evidence not disclosed as required by Rule 26(a)(1)(A)) (citations omitted; citing Fed. R. Civ. P. 37(c)(1); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012)).

In addition to unidentified "[c]urrent and former officers, agents, employees, and contractors of Defendant Redbubble, Inc.," Plaintiff disclosed only two witnesses pursuant to Rule 26(a)(1)(A)(i): Salvatore Rianna and Madison Elkins. [Masur Decl., Exh. D (Plaintiff's Rule 26 disclosures) at 1-2]  Yet, in addition to Mr. Rianna and Ms. Elkins, Plaintiff has submitted declarations from Philip Paley [DE# 36-62, 45-7], and advised the undersigned during the Rule 16 meet and confer (for which Plaintiff did not provide a witness list) that it intends to use Terri Walters "to authenticate … documents," without submitting a declaration from her in connection with summary judgment briefing to date.

While it is unclear what testimony Brandy Melville plans to proffer from these witnesses, Mr. Paley (a paralegal working for Brandy Melville's counsel) has submitted a Declaration disclosing his role as an investigator in connection with the case, including purchasing allegedly infringing products and photographing shipments.  [DE#36-62 ¶¶ 7-9]  Plaintiff has not yet submitted any purported testimony from Ms. Walters, another employee of Plaintiff's counsel, but Plaintiff's exhibit list [Masur Decl., Exh. G] identifies as Exhibits 164-172, 193, 194, and 224 documents that bear Ms. Walters's name, as noted in Redbubble's Amended First Trial Exhibit List.  [*Compare* DE# 49-7 (Redbubble Exhibit List) at Exhs. 559-567, 576-77, 580 (same Bates numbers as Plaintiff's list)]

Redbubble will be prejudiced if Brandy Melville is allowed to present witnesses who were not previously disclosed, and who Redbubble has not had the opportunity to depose. Brandy Melville's concealment of these witnesses is particularly problematic because they apparently created and plan to testify

regarding documents created for purposes of litigation.  Even the apparently simple act of photographing allegedly infringing products received by mail involves arranging of the contents, including to display or obscure certain markings, like collar tags for t-shirts, that are relevant to liability, and that Redbubble should be been given the opportunity to explore during discovery.

Plaintiff chose to disclose only two fact witnesses and one expert.  Rule 37(c)(1) mandates that the Court should preclude Brandy Melville from presenting undisclosed witnesses at trial.

Dated: May 15, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
Joshua M. Masur
Attorneys for Defendant
REDBUBBLE INC.