BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation, <br><br> Plaintiff, <br><br> vs. <br><br> REDBUBBLE, INC., a Delaware corporation, <br><br> Defendant. | Case No. 2:19-cv-04618-RGK (JPRx) <br> Judge:  Hon. R. Gary Klausner <br><br> **PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:  June 1, 2020 <br> Time:  9:00 a.m. <br> Crtrm.: 850 <br><br> Pre-Trial Conference:  June 15, 2020 <br> Trial Date:  June 30, 2020 |

## REDACTED VERSION OF

## DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1563234.1

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56-1, and this

2   Court's Standing Order, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or

3   "Brandy Melville") hereby submits this Reply Separate Statement of Uncontroverted

4   Facts, together with references to supporting evidence, in support of its motion for

5   partial summary judgment.   This Reply Separate Statement responds to the 71

6   additional facts that Defendant Redbubble, Inc. ("Defendant" or "Redbubble")

7   included in its Statement of Genuine Disputes of Material Fact (Dkt. No. 47-3) and

8   adds 45 additional uncontroverted facts.

9   **I.    PLAINTIFF'S UNCONTROVERTED FACTS AND DEFENDANT'S**

10   **RESPONSES**

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 1.     Brandy Melville is a clothing brand that sells unique and trendy clothing, representing classic Italian fashion elements, combined with California lifestyle and vintage details. Evidence:  Declaration of Jason Y. Kelly ("Kelly Dec."), Ex. 88 (Rianna Dep.) at 216:15-24; Declaration of Keith J. Wesley ("Wesley Dec."), Ex. 20 at BRANDY_0000059. | 1.     Disputed but immaterial. Evidence:  *See, e.g.*, Trial Exhs.1 581 (First Amended Complaint, Forever 21, Inc. v. Bastiat USA Inc. et al, No. 2:16-cv-06211-MWF-FFM, Dkt. No. 16 ); 584 ("Teens Love Brandy Melville, A Fashion Brand That Sells Only One Tiny Size" https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why-does-brandy-melville-only-carry-1- size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | (https://www.youtube.com/watch?v=pJO CRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575 693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/ uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/ profile/online-retailer/brandy-melville-1216-100115422); 594 (https://www.glossy.co/fashion/the-cult-of-brandy-melville); 595 (https://www.prnewswire.com/news-releases/retail-giants-hm-and-brandy-melville-being-sued-by-famed-international-celebrity-photographer-estevan-oriol-for-copyright-infringement-over-misappropriation-of-protected-images-221220131.html); 597 |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | (https://theflintridgepress.com/opinion/brandy-melville-is-the-corporate-manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 2.　　Brandy Melville's target customer is girls and women between the ages of 12 and 30. <u>Evidence</u>: Kelly Dec., Ex. 88 (Rianna Dep.) at 164:23-165:16. | 2.　　Disputed. <u>Evidence</u>: Masur Opp. Decl., Exh. M (Elkins Dep.) at 53:25-54:14 (testifying that the target demographic age is "around 12-18"). *See, e.g.,* Trial Exhs. 584 ("Teens Love Brandy Melville, A Fashion Brand That Sells Only One Tiny |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | Size" https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why-does-brandy-melville-only-carry-1-size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 (https://www.youtube.com/watch?v=pJOCRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/profile/online-retailer/brandy-melville-1216-100115422); 594 |

1563234 1                                    -4-                    Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | (https://www.glossy.co/fashion/the-cult-of-brandy-melville); 597 (https://theflintridgepress.com/opinion/brandy-melville-is-the-corporate-manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 3.    Brandy Melville is popular nationwide.<br>Evidence:  Kelly Dec., Ex. 89 (Elkins Dep.) at 116:13-18. | 3.    Disputed and unsupported by admissible evidence; unsupportable by testimony alone, without supporting exhibits. FRE 1001 et seq.<br>Evidence:  Trial Exhs. 584 ("Teens Love |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | Brandy Melville, A Fashion Brand That Sells Only One Tiny Size" https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why-does-brandy-melville-only-carry-1-size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 (https://www.youtube.com/watch?v=pJOCRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/profile/online-retailer/brandy-melville- |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | 1216-100115422); 594 (https://www.glossy.co/fashion/the-cult-of-brandy-melville); 597 (https://theflintridgepress.com/opinion/brandy-melville-is-the-corporate-manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 4.      Brandy Melville frequently sells out of its products.<br><br>Evidence:  Kelly Dec., Ex. 89 (Elkins Dep.) at 65:4-24. | 4.      Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits. FRE 1001 et seq. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 5.   Several websites on the Internet track celebrity outfits that include Brandy Melville products and indicate where customers can buy the products.<br>Evidence:  Wesley Dec., Exs. 51, 52. | 5.   Unsupported by cited evidence; two websites are not "several." |
| 6.   Brandy Melville has retail locations worldwide, including the United States and Canada, and sells its products on its website.<br>Evidence:  Wesley Dec., Ex. 20 at BRANDY_0000072-74); see also Kelly Dec., Ex. 89 (Elkins Dep.) at 116:19-24, 143:8-12. | 6.   Disputed but immaterial; unsupported by the cited evidence, which reflects that almost all "Brandy Melville" stores are in the US or Europe, with a handful in Southeast Asia. DE# 36-25. |
| 7.   Brandy Melville's product line consists of a complete line of affordable apparel with an average price of $22.<br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 220:25-221:10; Kelly Dec., Ex. 89 (Elkins Dep.) at 142:23-143:1. | 7.   Disputed but immaterial; unsupportable by testimony alone, without supporting exhibits. FRE 1001 et seq.<br>Brandy Melville's line of material is not complete, but highly restricted, including by gender and body type.<br>Evidence:  Trial Exhs. 584 ("Teens Love Brandy Melville, A Fashion Brand That Sells Only One Tiny Size" https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why- |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | does-brandy-melville-only-carry-1-size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 (https://www.youtube.com/watch?v=pJO CRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575 693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/profile/online-retailer/brandy-melville-1216-100115422); 594 (https://www.glossy.co/fashion/the-cult-of-brandy-melville); 597 (https://theflintridgepress.com/opinion/br andy-melville-is-the-corporate- |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 8.    Brandy Melville's graphic T-shirts, which are T-shirts featuring a graphic design, are very popular sellers. <u>Evidence</u>: Kelly Dec., Ex. 89 (Elkins Dep.) at 66:5-10, 86:10-87:5. | 8.    Disputed but immaterial; unsupportable by testimony alone, without supporting exhibits. FRE 1001 et seq. |
| 9.    Brandy Melville makes its own products. <u>Evidence</u>: Kelly Dec., Ex. 88 (Rianna Dep.) at 346:6-9. | 9.    Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits. FRE 1001 et seq. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 10.   Brandy Melville requires its products to meet a quality standard that its customers have come to know.<br><br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 346:6-16. | 10.   Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |
| 11.   Many of Brandy Melville's products are manufactured in Italy, which is known for artisan higher-quality products and distinguishes Brandy Melville's brand.<br><br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 235:11-21. | 11.   Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |
| 12.   Brandy Melville's ability to manufacture products in Italy and to sell them at the current price point is a distinguishing feature of Brandy Melville's brand.<br><br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 360:12-20. | 12.   Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |
| 13.   Many of Brandy Melville's products are washed and treated a specific way that is different than, for example, a blank T-shirt manufactured in China that was stamped with a logo.<br><br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 255:14-256:4. | 13.   Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 14.    Brandy Melville markets itself through stickers that are available to customers at Brandy Melville's physical stores. <u>Evidence</u>:  Kelly Dec., Ex. 89 (Elkins Dep.) at 34:10-23; Kelly Dec., Ex. 86. | 14.    Undisputed but incomplete. The stickers are given away for free, and not sold. <u>Evidence</u>:  Kelly Dec., Ex. 89 (Elkins Dep.) at 34:19-23. |
| 15.    The Brandy Melville stickers reflect designs from Brandy Melville's T-shirts. <u>Evidence</u>:  Kelly Dec., Ex. 89 (Elkins Dep.) at 35:2-8, 48:2-15. | 15.    Disputed, unsupported, as the evidence doesn't refer to the marks at issue, and unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. <u>Evidence</u>:  Kelly Dec., Ex. 89 (Elkins Dep.) at 35:2-8, 48:2-15. |
| 16.    ███████████████████ ██████████████ ██████████████████ █████████████ ████████████████████ █████████████████ ████ <u>Evidence</u>:  Kelly Dec., Ex. 88 (Rianna Dep.) at 109:4-16. | 16.    Disputed but immaterial and incomplete; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. Brandy Melville limits its brand in other ways, including by body type and gender. <u>Evidence</u>:  *See, e.g.*, Trial Exhs. 584 ("Teens Love Brandy Melville, A Fashion Brand That Sells Only One Tiny Size" https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why- |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | does-brandy-melville-only-carry-1-size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 (https://www.youtube.com/watch?v=pJOCRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/profile/online-retailer/brandy-melville-1216-100115422); 594 (https://www.glossy.co/fashion/the-cult-of-brandy-melville); 597 (https://theflintridgepress.com/opinion/brandy-melville-is-the-corporate- |

-13-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 17. ▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉<br><br>Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 106:10-22, 108:10-17. | 17.    Disputed, particularly in that Brandy Melville's promotional focus on a particular body type and ethnicity has damaged the brand; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq.<br>Evidence:  Trial Exhs. 584 ("Teens Love Brandy Melville, A Fashion Brand That Sells Only One Tiny Size" |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | https://www.huffpost.com/entry/brandy-melville_n_5978626); 585 (https://www.popsugar.com/fashion/why-does-brandy-melville-only-carry-1-size-46640112); 586 (https://poshmark.com/listing/Brandy-Melville-you-cant-sit-with-us-black-shirt-5326244225cab7341d10861f); 587 (https://www.youtube.com/watch?v=pJO CRpjUZEU); 588 (https://www.thecut.com/2019/10/the-secret-shame-of-wearing-brandy-melville.html); 589 (https://scotscoop.com/editorial-brandy-melville-could-care-less-about-the-average-female/); 590 (https://ldnfashion.com/features/brandy-melville-facts/); 591 (https://www.racked.com/2014/9/24/7575 693/brandy-melville); 592 (http://cssc.uscannenberg.org/wp-content/uploads/2016/08/v5art7.pdf); 593 (https://www.bbb.org/us/ca/santa-monica/profile/online-retailer/brandy-melville-1216-100115422); 594 (https://www.glossy.co/fashion/the-cult- |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | of-brandy-melville); 597 (https://theflintridgepress.com/opinion/brandy-melville-is-the-corporate-manifestation-of-a-mean-girl/); 598 (https://dailytrojan.com/2013/09/04/brandy-melville-fuels-body-dysmorphia/); 599 (https://www.bustle.com/articles/44762-brandy-melvilles-one-size-fits-most-mentality-is-problematic-for-girls-both-large-and-small); 600 (https://twitter.com/BrandyUSA/status/1174831513252155393); 601 (https://twitter.com/BrandyUSA/status/1227335662459916294); 602 (https://twitter.com/BrandyUSA/status/1237533921455116288/photo/1); 603 (https://twitter.com/BrandyUSA/status/1152343098300620800); 604 (https://twitter.com/BrandyUSA/status/1106892799297970177) |
| 18. ▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆ <br><br> <u>Evidence</u>: Kelly Dec., Ex. 88 (Rianna Dep.) at 173:19-174:20. | 18.   Disputed, unsupported as the cited testimony does not reference ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆, and immaterial; unsupportable by testimony alone, without supporting |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | exhibits.  FRE 1001 et seq. Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 173:19-174:20. |
| 19.    Brandy Melville's advertising approach connects with consumers almost exclusively through social media. Evidence:  Wesley Dec., Ex. 20 at BRANDY_0000060; Wesley Dec., Ex. 41. | 19.    Undisputed |
| 20. ███████████ ███████████ ███████████ ████ Evidence:  Kelly Dec., Ex. 88 (Rianna Dep.) at 225:23-226:16. | 20.    Undisputed but immaterial; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |
| 21.    Brandy Melville is a brand that is popular with celebrities. Evidence:  Wesley Dec., Exs. 20, 50, 51, 52. | 21.    Disputed; unsupported, as the cited exhibits show that a handful of celebrities have worn Brandy Melville clothing, but not that the brand is popular with celebrities in general. Evidence:  Wesley Dec., Exs. 20, 50, 51, 52. |
| 22.    Several celebrities, fashion bloggers, and music artists have promoted Brandy Melville by wearing | 22.    Disputed; unsupported as the cited exhibits show merely that a handful of celebrities have worn Brandy Melville |

-17-

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| the brand. <br> Evidence:  Kelly Dec., Ex. 89 (Elkins Dep.) at 133:1-7, 133:13-18; Wesley Dec., Ex. 20 at BRANDY_0000065-66; Wesley Dec., Ex. 50. | clothing, but not that they have promoted Brandy Melville; and immaterial. <br> Evidence:  Kelly Dec., Ex. 89 (Elkins Dep.) at 133:1-7, 133:13-18; Wesley Dec., Ex. 20 at BRANDY_0000065-66; Wesley Dec., Ex. 50. |
| 23.   On the Instagram app, which plays a large role in Brandy Melville's marketing efforts, Brandy Melville has 3.9 million followers despite following 0 accounts. <br> Evidence:  Wesley Dec., Ex. 41; Kelly Dec., Ex. 89 (Elkins Dep.) at 31:6-16. | 23.   Undisputed. |
| 24.   Brandy Melville owns the "Brandy Melville Mark," bearing United States Patent and Trademark Office Registration No. 5,238,856 and registered on July 11, 2017. <br> Brandy   Melville <br> Evidence:  Wesley Dec., Ex. 5. | 24.   Undisputed but incomplete due to lack of class restrictions. <br> Evidence:  Wesley Dec., Ex. 5. |
| 25.   The Brandy Melville Mark "consists of the wording 'B, 66RANDY MELVILLE' in black with a pink heart between 'BRANDY' and 'MELVILLE'" and the "color(s) black and pink is/are claimed as a feature of | 25.   Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| the mark." <br> Evidence:  Wesley Dec., Exs. 5, 56. | |
| 26.    Brandy Melville owns the "LA Lightning Mark," bearing United States Patent and Trademark Office Registration No. 5,748,883 and registered on May 14, 2019. <br><br>  <br><br> Evidence:  Wesley Dec., Exs. 6, 26. | 26.    Undisputed but incomplete due to lack of class restrictions. <br> Evidence:  Wesley Dec., Exs. 6, 26. |
| 27.    The LA Lightning Mark consists of the "word 'LOSANGELES' as one word without a space.  The first letter of the word is stylized to resemble a lightning bolt.  Below 'LOSANGELES' is the word 'CALIFORNIA' and the number '1984.'" <br> Evidence:  Wesley Dec., Exs. 6, 26. | 27.    Disputed and unsupported. Exh. 6, the trademark registration, also imposes the limitation that "The color(s) yellow is/are claimed as a feature of the mark," that "All of the words are in yellow," and that aside from the mark, no claim is made to "LOS ANGELES CALIFORNIA 1984." <br> Evidence:  Wesley Dec., Exs. 6, 26. |
| 28.    The Brandy Melville Mark and the LA Lightning Mark are distinctive and popular. <br> Evidence:  Wesley Dec., Exs. 32, 56; Kelly Dec., Ex. 88 (Rianna Dep.) at 84:24-85:8, 158:10-160:10; Kelly Dec., Ex. 89 (Elkins Dep.) at 80:19-24, 105:4- | 28.    Disputed and unsupported. The cited evidence merely shows that the two marks are both used on certain items, and that apparel with the LA Lightning Mark (but not the Brandy Melville Mark) has been sold; there is nothing in the evidence about the distinctiveness of the marks. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 12; Kelly Dec., Ex. 85-86. | Evidence: Wesley Dec., Exs. 32, 56; Kelly Dec., Ex. 88 (Rianna Dep.) at 84:24-85:8, 158:10-160:10; Kelly Dec., Ex. 89 (Elkins Dep.) at 80:19-24, 105:4-12; Kelly Dec., Ex. 85-86. |
| 29.    Brandy Melville has used the LA Lightning Mark on several different products, including T-shirts, crop tops, hooded sweaters, and stickers.<br>Evidence: Kelly Dec., Ex. 89 (Elkins Dep.) at 80:10-24, 128:10-17; Kelly Dec., Ex. 86; Wesley Dec., Exs. 26, 32. | 29.    Disputed and unsupported. The cited evidence says nothing about "hooded sweaters" (although it does say the marks was used on "hoodies" (i.e., hooded sweatshirts or jackets)).<br>Evidence: Kelly Dec., Ex. 89 (Elkins Dep.) at 80:10-24, 128:10-17; Kelly Dec., Ex. 86; Wesley Dec., Exs. 26, 32. |
| 30.    Brandy Melville sold clothing with the LA Lightning Mark on its website and in its physical stores.<br>Evidence: Wesley Dec., Ex. 26; Kelly Dec., Ex. 89 (Elkins Dep.) at 105:4-12; see also Kelly Dec., Ex. 86. | 30.    Undisputed |
| 31.    Every product that Brandy Melville sells bears the LA Lightning Mark or the Brandy Melville Mark.<br>Evidence: Kelly Dec., Ex. 88 (Rianna Dep.) at 144:24-146:6, 184:1-10; Wesley Dec., Exs. 26, 56. | 31.    Disputed, unsupported, and ambiguous. Exhibits 26 and 56 are facially insufficient to evidence use on "every product," since they omit entire categories of products, including jewelry and other smaller items on which use of such logo is impossible. See, e.g., |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | <https://www.brandymelvilleusa.com/accessories/jewelry>  And Plaintiff's deposition testimony affirmatively establishes that a different logo, the Brandy Melville Flags, is "interchanged" with the Brandy Melville Mark. <u>Evidence</u>: Kelly Dec., Ex. 88 (Rianna Dep.) at 144:24-146:6, 184:1-10; Wesley Dec., Exs. 26, 56; Rianna Tr. (Trial Ex. 37) at 180:20-181:3. |
| 32.    Brandy Melville uses the Brandy Melville Mark on decorative wall hangings. <u>Evidence</u>:  Wesley Dec., Ex. 41; Kelly Dec., Ex. 85. | 32.    Undisputed |
| 33.    ██████████████ ████████████████ <u>Evidence</u>:  Kelly Dec., Ex. 88 (Rianna Dep.) at 252:23-253:1. | 33.    Disputed; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. The subsequent testimony states that █████ ████████████████████ ████████████████ ████████████████ ████████████████ ██████████ <u>Evidence</u>:  Kelly Dec., Ex. 88 (Rianna Dep.) at 252:23-253:20. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 34. ▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮ <br><br> Evidence: Kelly Dec., Ex. 88 (Rianna Dep.) at 253:2-8. | 34.   Disputed and unsupported, since the cited testimony states merely that ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. <br> Evidence: Kelly Dec., Ex. 88 (Rianna Dep.) at 253:2-8. |
| 35. ▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ <br><br> Evidence: Kelly Dec., Ex. 87. | 35.   Undisputed. |
| 36.   Redbubble, Inc. ("Redbubble") is a for-profit business that owns ▮▮▮ ▮▮▮▮ the website, www.redbubble.com (the "Redbubble Website"). <br><br> Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 17:16-18; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 25:18-20, 30:21-23; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 12:2-4. | 36.   Undisputed. |
| 37. ▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ | 37.   Disputed and unsupported.  The "users" of the Redbubble Website are not limited to artists or sellers, but also |

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| �though[redacted]▬▬▬ <br><br> **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 94:15-21; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 30:18-20, 34:23-35:1; see also Dkt. No. 11 ¶ 13. | include purchasers and other visitors to the website. Users are defined in the User Agreement, DE# 36-13. See also Paragraph 181, *infra*. |
| 38. ▬▬▬▬▬ <br><br> **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 17:23-18:9. | 38.   Undisputed. |
| 39. ▬▬▬▬▬ <br><br> **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 19:4-7. | 39.   Undisputed. |
| 40. ▬▬▬▬▬ <br><br> **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 18:17-19:3. | 40.   Undisputed. |
| 41. ▬▬▬▬▬ | 41.   Disputed. ▬▬▬▬▬ |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 162:12-23, 163:20-164:5. | **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 162:12-164:21 |
| 42. [redacted] **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 95:12-97:11. | 42.    Disputed that customers can see user-submitted designs superimposed on products for purchase, but undisputed that they can see "the images that are uploaded to the site by sellers … automatically superimposed by the platform software onto … the model images." **Evidence**: Kelly Dec., Ex. 90 (Toy Dep.) at 95:19-22. |
| 43.    The Redbubble Website uses a customer-friendly layout—rich with multiple images and features that highlight the various options for purchase—to promote the products' characteristics and features, as well as their delivery options and customer reviews. **Evidence**: Declaration of Phillip Paley ("Paley Dec."), Exs. 57-61; Wesley Dec., Exs. 27-31. | 43.    Disputed and unsupported by admissible testimony. The referenced exhibits show that the layout can be used to *display* the products' characteristics and features (among other things), not necessarily to promote them. The Paley Decl. is inadmissible because the witness was never disclosed.  See FRCP 26(a)(1)(A)(i) and 37(c)(1) |
| 44.    Exhibit 33 (BRANDY_0001740) shows the results for searching "brandy melville" on the Redbubble website on | 44.    Disputed in part, due to incompleteness; Exhibit 33 shows one user's results for searching on "brandy |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| September 10, 2018. Evidence: Wesley Dec., Ex. 33; Kelly Dec., Ex. 90 (Toy Dep.) at 68:14-69:12. | melville" on the Redbubble website at a particular time on September 10, 2018. Evidence: Wesley Dec., Ex. 33 |
| 45.    Exhibit 33 (BRANDY_0001740) contains designs that were available for sale on the Redbubble Website on September 10, 2018. Evidence: Wesley Dec., Ex. 33; Kelly Dec., Ex. 90 (Toy Dep.) at 72:2-13. | 45.    Undisputed |
| 46.    Exhibit 33 (BRANDY_0001740) features two designs that, besides being in different colors, look similar to the LA Lightning Mark. Evidence: Wesley Dec., Exs. 6, 33. | 46.    Undisputed but incomplete. The "LA Lightning Mark" did not exist at the time Exhibit 33 was created. See ¶ 26, supra. Evidence: Wesley Dec., Exs. 6, 26, 33. |
| 47.    Exhibit 33 (BRANDY_0001740) features one design that looks the same as the Brandy Melville Mark. Evidence: Wesley Dec., Exs. 5, 33. | 47.    Disputed. The capitalization, typeface, and letter spacing and positioning are different in the two designs. Evidence: Wesley Dec., Exs. 5, 33 |
| 48.    The price that a customer pays for an item listed on the Redbubble Website is the "retail price," which is comprised of two parts: the "base price" and the "artist margin." Evidence: Wesley Dec., Ex. 9; Kelly Dec., Ex. 90 (Toy Dep.) at 55:12-25, | 48.    Disputed and unsupported by the cited testimony. The cited evidence reflects that base price and artist margin comprise the price customers see, but that customers may also pay sales tax, GST and VAT, shipping, etc.; and in the cited testimony the witness expressly states |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 56:8-16. | that he "wouldn't characterize it that way." Evidence: Wesley Dec., Ex. 9; Kelly Dec., Ex. 90 (Toy Dep.) at 56:8-16. |
| 49.     The "base price" is comprised of two parts: the cost of manufacturing the product and Redbubble's service fee. Evidence: Wesley Dec., Ex. 9; Kelly Dec., Ex. 90 (Toy Dep.) at 56:24-57:14. | 49.     Undisputed. |
| 50.  ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 58:7-19. | 50.     Undisputed. |
| 51.     The "artist margin" is the portion of the retail price that is paid to the user who uploaded the design on the Redbubble Website. Evidence: Wesley Dec., Ex. 9; Kelly Dec., Ex. 90 (Toy Dep.) at 57:15-24. | 51.     Undisputed but incomplete; the cited testimony notes that the artist margin is also set by the artist. |
| 52.     A customer's purchase of a product occurs on the Redbubble Website. Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 55:1-7, 62:1-18. | 52.     Undisputed that third-parties can purchase products through the Redbubble Website. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 53.    The user and the customer do not communicate directly in connection with a purchase on the Redbubble Website.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 56:7-10. | 53.    Disputed as unsupported, in that the cited testimony refers to an "artist," not a "user"; the "customer" is also a "user." Undisputed that the artist and customer do not communicate directly.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 56:7-10. |
| 54.    For essentially every order, Redbubble communicates the status of the order with the customer.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 49:11-18. | 54.    Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) communicates with the customer. As the attached testimony makes clear (immediately after the cited passage), this communication is made automatically by the Redbubble platform software.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 49:11-22. |
| 55.    ███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████████<br><br>Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 75:2-16, 106:9-107:13. | 55.    Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) collects and processes the customer's payment. As the attached testimony makes clear, these actions are performed automatically by the Redbubble platform software.<br><br>Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 75:2-16; Luthra Decl. ¶ 11 |



| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 56. [redacted] <br><br> **Evidence:** Kelly Dec., Ex. 81; Kelly Dec., Ex. 90 (Toy Dep.) at 155:2-18, 156:7-12, 221:16-222:5; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 62:19-23. | 56.    Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) sends order confirmation emails but immaterial. Customer confirmation emails are sent, not by Redbubble directly, but automatically by the Redbubble platform software. And in any event, there is no evidence that the order referenced in Kelly Dec. Exh. 81 relates to the products or marks at issue in this motion. <br><br> **Evidence:** Kelly Dec., Ex. 90 (Toy Dep.) at 155:20-156:6. |
| 57. [redacted] <br><br> **Evidence:** Kelly Dec., Ex. 90 (Toy Dep.) at 155:20-156:6. | 57.    Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) routes order information to the manufacturing fulfiller. All orders are routed automatically to the manufacturing fulfiller by the Redbubble platform software. Incomplete in the omission of the complete answer: "Once that data goes to the fulfiller, there is no more prepping done by Redbubble." <br><br> **Evidence:** Kelly Dec., Ex. 90 (Toy Dep.) at 156:4-6; Luthra Decl. ¶ 12; Deshais Decl. ¶ 2 |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT



| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 58. ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ <br><br>Evidence: Kelly Dec., Ex. 70; Kelly Dec., Ex. 90 (Toy Dep.) at 104:23-105:24. | 58.   Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) sends order status emails but immaterial. As the cited testimony reflects, order status emails are sent, not by Redbubble directly, but automatically by the Redbubble platform software. And in any event, there is no evidence that the order referenced in Kelly Dec. Exh. 70 relates to the products or marks at issue in this motion.<br>Evidence: Kelly Dec., Ex. 70; Kelly Dec., Ex. 90 (Toy Dep.) at 104:23-105:24. |
| 59. ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄ <br><br>Evidence: Kelly Dec., Ex. 70. | 59.   Disputed and immaterial. ▄▄▄ ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄ <br><br>Moreover, the cited evidence shows that this transaction is not related to a product or mark at issue in this motion.<br>Evidence: Kelly Decl. Exhibit 70 shows a sale of a product bearing work_id 40260726.  That work is shown on page 36 of Kelly Decl. Exhibit 64, at the second from bottom line: |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| |  |
| 60. ███████████████ ███████████████ ███████████████ ███████████  **Evidence:** Kelly Dec., Ex. 70; Kelly Dec., Ex. 90 (Toy Dep.) at 104:23-105:24. | 60.    Undisputed. |
| 61.    Once a purchase is made on the Redbubble Website, the customer's order—including the customer's address—flows through Redbubble's software to a fulfiller.  **Evidence:** Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 43:22-44:1, 49:19-22. | 61.    Undisputed. |
| 62.    At Redbubble, a "fulfiller" is the manufacturer of the product that Redbubble features on the Redbubble Website for customers to purchase.  **Evidence:** Kelly Dec., Ex. 93 (Toy | 62.    Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Atari Dep.) at 27:21-28:3. | |
| 63.    The software Redbubble uses was developed by its engineers.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 51:7-52:1. | 63.    Disputed and unsupported. In the cited passage, the witness testified only that the "API" software used by Redbubble was developed by its engineers; there was no testimony about other software that Redbubble uses.<br><br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 51:7-52:1. |
| 64.    Through its software, Redbubble decides to which fulfiller the customer's order is routed ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 44:2-6, 91:4-14; Kelly Dec., Ex. 90 (Toy Dep.) at 98:19-99:19, 100:2-15. | 64.    Disputed to the extent that it suggests that Redbubble volitionally (as opposed to automatically) decides to which fulfiller an order is routed. As the cited testimony reflects, Redbubble's software makes the relevant decisions pursuant to its algorithms; there is no suggestion that Redbubble employees make this decision.<br><br>Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 91:7-12 ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | Luthra Decl. ¶ 12 |
| 65.    Redbubble works with multiple fulfillers throughout the United States in order to get products delivered to customers more quickly.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 36:8-16, 37:11-13. | 65.    Undisputed. |
| 66.    The user does not have input into which fulfiller manufactures the product.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 50:24-51:4. | 66.    Undisputed. |
| 67.    The user who uploaded the design onto the Redbubble Website would not interact with the fulfiller.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 50:12-15. | 67.    Undisputed. |
| 68.    ███████████████████<br>███████████████████<br>███████████████████<br><br>Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 100:18-22. | 68.    Undisputed. |
| 69.    ███████████████████<br>███████████████████<br>███████ the customer does not interact with or place the order with the fulfiller. | 69.    Disputed. The cited testimony says that the customer does not interact with or place the order "through the fulfiller's website;" it does not say that the |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 98:4-13; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 49:23-25. | customer does not place the order with the fulfiller.<br>Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 98:11-13 |
| 70.   If a fulfiller has a question about an order, the fulfiller contacts Redbubble, not the user or the customer.<br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 50:7-11. | 70.   Undisputed. |
| 71.   Redbubble's customers are the same people who are customers of the users who upload their work on the Redbubble Website.<br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 31:25-32:4. | 71.   Disputed. The cited testimony says that "it's the artist who's uploading the work that is the seller of the product" and "Redbubble has never sold any products."<br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 31:25-32:4 |
| 72.   A customer would not know which fulfiller was making the product purchased on the Redbubble Website.<br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 62:24-63:3. | 72.   Undisputed. |
| 73.   ████████████<br>██████████████████<br>██████████████████<br>████████████<br>Evidence: Kelly Dec., Ex. 78; Kelly Dec., Ex. 90 (Toy Dep.) at 107:16- | 73.   Disputed and unsupported to the extent that it suggests that Redbubble volitionally (as opposed to automatically) arranges for the seller to be paid for particular orders. The Redbubble platform software arranges for the |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 108:15. | fulfiller to be paid, and as the cited testimony reflects, the Redbubble platform software automatically notifies the seller of that fact. Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 107:16-108:15; *see also, e.g.*, DE# 40-2 ¶¶ 2-3; Luthra Decl. ¶ 11 |
| 74.   Fulfillers put several types of Redbubble-branded packaging on products that were sold on the Redbubble Website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo. Evidence: Wesley Dec., Exs. 18, 21, 22, 23; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 64:12-14, 65:3-11. | 74.   Undisputed. |
| 75.   Redbubble asks fulfillers to include Redbubble-branded hang tags or stickers on products shipped to consumers. Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 65:7-14. | 75.   Undisputed. |
| 76.   Redbubble uses various packaging houses to create packaging for products sold on the Redbubble | 76.   Disputed and unsupported. The cited testimony states that a number of third-party packaging houses manufacture |

1563234.1

-34-

Case No. 2:19-cv-04618-RGK (JPRx)

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Website.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 64:7-16. | Redbubble branded packaging to go with products sold on the Redbubble Marketplace, but does not reference any actions by Redbubble.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 64:7-16. |
| 77.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮<br><br>Evidence:  Kelly Dec., Ex. 78; Kelly Dec., Ex. 90 (Toy Dep.) at 107:16-108:15. | 77.     Disputed and unsupported to the extent that it suggests that Redbubble volitionally (as opposed to automatically) arranges for products to be shipped from the manufacturing fulfiller. The manufacturing fulfillers are responsible for shipping products ordered through the Redbubble Marketplace.<br>Evidence:  DE# 40-3 ¶¶ 3, 6-7, 9, 11; Kelly Dec., Ex. 78; Kelly Dec., Ex. 90 (Toy Dep.) at 107:16-108:15. |
| 78.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Evidence:  Kelly Dec., Ex. 72 | 78.     Disputed and unsupported to the extent that it suggests that Redbubble volitionally (as opposed to automatically) arranges for the contact or that this single email, without testimony, establishes a pattern or practice. Not disputed that the Redbubble platform software automatically contacts purchasers to let them know that an order placed through |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | the Redbubble Marketplace is being shipped. |
| 79. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 83. | 79.     Disputed and unsupported to the extent that it suggests that Redbubble volitionally (as opposed to automatically) sends an email shipping notification or that this single email, without testimony, establishes a pattern or practice. Not disputed that the Redbubble platform software automatically sends a notification email to a purchaser after an order placed through the Redbubble Marketplace is shipped. |
| 80.     Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—used to ship products to customers. <br> Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 45:15-24. | 80.     Undisputed but immaterial, as the cited evidence provides no information about the nature or scope of any agreement; unsupportable by testimony alone, without supporting exhibits.  FRE 1001 et seq. |
| 81. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 134:25-135:21; Wesley Dec., Exs. 38-40. | 81.     Undisputed. |
| 82.     In one Redbubble TV video, Kate | 82.     Undisputed but immaterial and |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| McBride (Senior Strategy Manager) states: "It's actually really important for us to have a global network of fulfillers. These are companies that we partner with to produce our goods." <br><br> Evidence: Wesley Dec., Ex. 38. | violates FRE 401/403/701. <br><br> Evidence: *See, e.g. Kelly-Brown v. Winfrey*, 2012 WL 701262, at *7 (S.D.N.Y. Mar. 6, 2012). |
| 83.    In one Redbubble TV video, Vicki Stirling (GM, Products) states: "We work really closely with our suppliers to make sure the product is suitable to the local market." <br><br> Evidence: Wesley Dec., Ex. 39. | 83.    Undisputed but immaterial and misleading. It is apparent from the video that when she referred to products, Ms. Stirling was talking about product categories, not specific products. <br><br> Evidence: Wesley Dec., Ex. 39. |
| 84.    In one Redbubble TV video, Vicki Stirling (GM, Products) states: "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia.  And we work with them to design and develop the product because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer." <br><br> Evidence: Wesley Dec., Ex. 39. | 84.    Undisputed but immaterial and misleading. It is apparent from the video that when she referred to products, Ms. Stirling was talking about product categories, not specific products. <br><br> Evidence: Wesley Dec., Ex. 39. |
| 85.    In one Redbubble TV video, Vicki Stirling (GM, Products) states: | 85.    Undisputed but immaterial and misleading. It is apparent from the video |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard."<br><br>Evidence: Wesley Dec., Ex. 39. | that when she referred to products, Ms. Stirling was talking about product categories, not specific products.<br><br>Evidence: Wesley Dec., Ex. 39. |
| 86.    Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain.<br><br>Evidence: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 21:7-17. | 86.    Undisputed. |
| 87.    In one Redbubble TV video, Arnaud Deshais states:  "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do."<br><br>Evidence: Wesley Dec., Ex. 40. | 87.    Undisputed but immaterial and violates FRE 401/403/701.<br><br>Evidence: *See, e.g. Kelly-Brown v. Winfrey*, 2012 WL 701262, at *7 (S.D.N.Y. Mar. 6, 2012). |
| 88.    In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We | 88.    Undisputed but immaterial and violates FRE 401/403/701.<br><br>Evidence: *See, e.g. Kelly-Brown v. Winfrey*, 2012 WL 701262, at *7 (S.D.N.Y. Mar. 6, 2012). |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners." <br><u>Evidence</u>:  Wesley Dec., Ex. 40. | |
| 89.    In one Redbubble TV video, Arnaud Deshais states:  "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." <br><u>Evidence</u>:  Wesley Dec., Ex. 40. | 89.    Undisputed. |
| 90.    ▓▓▓▓▓▓▓▓▓▓▓ <br>▓▓▓▓▓▓▓▓▓▓▓▓▓ <br>▓▓▓▓▓▓▓▓ <br>▓▓▓▓▓▓ <br><u>Evidence</u>:  Kelly Dec., Ex. 91 (Deshais | 90.    Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Atari Dep.) at 56:2-6; Kelly Dec., Exs. 74, 76. | |
| 91.    When a customer returns an item, the item goes to Redbubble, where Redbubble either donates or destroys the item.<br><br>Evidence:  Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 65:15-21. | 91.    Undisputed. |
| 92.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬<br><br>Evidence:  Kelly Dec., Ex. 74. | 92.    Undisputed. |
| 93.  ▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br><br>Evidence:  Kelly Dec., Ex. 75. | 93.    Disputed. The cited document reflects that Redbubble facilitates replacements.<br><br>Evidence:  Kelly Dec., Ex. 75. |
| 94.  ▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br><br>Evidence:  Kelly Dec., Ex. 75. | 94.    Disputed. Redbubble does not manufacture any products, including replacement products, and does not have a "printing team."<br><br>Evidence:  DE# 40-3 ¶¶ 3, 6-7, 9, 11. |
| 95.  ▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬ | 95.    Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ Evidence: Kelly Dec., Ex. 75. | |
| 96.    The Redbubble Partner Program is a program whereby Redbubble collaborates with third-party intellectual-property-rights holders so that users can use those right holders' intellectual property on the Redbubble Website. Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 106:4-12. | 96.    Disputed. The cited testimony states that the Redbubble Partner Program is a program whereby Redbubble collaborates with third-party intellectual-property-rights holders so that *"artists"*, *not users*, can use those right holders' intellectual property under certain guidelines on the Redbubble Website. Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 106:4-12 (emphasis added) |
| 97.    One of the purposes of the Redbubble Partner Program was to enable artists to create officially licensed designs for their favorite brands. Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 109:1-8. | 97.    Undisputed. |
| 98.    Redbubble developed the Redbubble Partner Program in response | 98.    Disputed and unsupported. The cited testimony says nothing about acting |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| to intellectual-property-rights holders sending Redbubble takedown notices.<br><br>Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 136:3-17. | in response to takedown notices.<br><br>Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 136:3-17. |
| 99.    Redbubble developed the Redbubble Partner Program to allow intellectual-property-rights holders to participate in Redbubble's platform in a way other than "just having to say 'Take it down,' because [Redbubble] – it's very, I think – 'binary[.]'"<br><br>Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 136:3-17. | 99.    Undisputed. |
| 100.    Redbubble developed the Redbubble Partner Program because some intellectual-property-rights holders said, "well, we are -- you know, We don't want to it stay up there, but if you --but if there were a way to take it down, do you have a way to give us royalties, or something like that, to make it permissible, you know, under their brand guidelines, so that it's not just a free-for-all with the user- | 100.    Unsupported in part. The quoted testimony is undisputed, but the cited testimony does not evidence that the described statements by rights holders caused Redbubble to develop the Redbubble Partner Program.<br><br>Evidence: Wesley Dec., Ex. 10; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 136:3-137:6. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| generated content that gets uploaded every day." <br><br> Evidence:  Wesley Dec., Ex. 10; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 136:3-137:6. | |
| 101.   Individual intellectual-property-rights holders who participate in the Redbubble Partner Program receive a licensing fee. <br><br> Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 139:2-5. | 101.   Disputed. The cited testimony expressly states that participating rights holders do not receive a "set licensing fee," but rather are paid "on an individual-rights-holder basis." <br><br> Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 139:2-5. |
| 102.   ███████████████████ <br> ████████████ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 22:16-23:12. | 102.   Undisputed. |
| 103.   ███████████████ <br> ███████████████████ <br> ███████████████████ <br> ███████████████ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 153:13-154:22, 219:22-220:9; Kelly Dec., Ex. 68. | 103.   Disputed and unsupported to the extent that it suggests that Redbubble volitionally (as opposed to automatically) sends such emails to customers. <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 153:13-154:22, 219:22-220:9; Kelly Dec., Ex. 68. |
| 104.   Redbubble increases the visibility of designs on the Redbubble Website by purchasing advertising space through | 104.   Unsupported to the extent that the statement relates to YouTube. <br><br> Disputed in light of other testimony: |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| digital marketing platforms, like Google Ads and YouTube, so that the designs can be found when people search for them. <br><br> Evidence:  Wesley Dec., Exs. 12, 13, 14, 15, 16, 17; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 155:4-156:7. | Q. Yeah. The question was: Do you know whether Redbubble pays Google for placement in search results? <br><br> A. Redbubble does not pay Google to move up places in this -- these results. By "search results" -- <br> Q. You've answered the question I was asking, or trying to. <br> A. Yeah. We don't pay Google. <br><br> Evidence:  Masur Opp. Decl., Exh. O (Toy 4/21/20 Depo) at 219:13-21. |
| 105. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 118:24-120:1; Wesley Dec., Exs. 12, 13. | 105.  Undisputed. |
| 106. ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 124:18-21, 127:6-19. | 106.  Undisputed. |
| 107. ▮▮▮▮▮▮▮▮▮▮▮ | 107.  Undisputed. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬<br>▬▬▬▬<br><u>Evidence</u>:  Kelly Dec., Ex. 90 (Toy Dep.) at 123:16-124:2. | |
| 108.   Redbubble's online advertisement asks customers "Why Buy From Redbubble?"<br><u>Evidence</u>:  Wesley Dec., Ex. 19. | 108.   Undisputed that Exhibit 19 contains this language; disputed that Exhibit 19 is an advertisement of the variety described in Paragraphs 104-07, or that all advertisements related to Redbubble or listings on the Redbubble website contain this language.<br><u>Evidence</u>:  Wesley Dec., Ex. 19. |
| 109.    Redbubble is paid a service fee for each customer transaction.<br><u>Evidence</u>:  Wesley Dec., Ex. 9; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 30:24-31:3, 31:20-22. | 109.    Disputed as vague. The cited evidence reflects that Redbubble is paid a service fee for each transaction that occurs through the Redbubble Marketplace.<br><u>Evidence</u>:  Wesley Dec., Ex. 9; Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 30:24-31:3, 31:20-22. |
| 110.   ▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬ | 110.   Undisputed. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 14:16-21; Kelly Dec., Ex. 90 (Toy Dep.) at 13:25-14:8. | |
| 111.   Redbubble's Australian parent company files annual reports with securities regulators that relate to the consolidated group of companies owned by the parent, including Redbubble.<br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 14:16-21, 59:4-9. | 111.   Undisputed. |
| 112.   In its annual reports, Redbubble Ltd. attempts to convey accurate information and does not attempt to mislead any shareholders.<br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 16:17-20, 17:16-18. | 112.   Undisputed. |
| 113.   Redbubble Ltd.'s 2019 Annual Report discloses that, in 2019, Redbubble's product revenue from authentic sellers grew by 39%, representing 76% of Redbubble's product revenue, whereby "product revenue" is defined as "the portion of Marketplace revenue derived from Product sales" (excluding shipping revenue) and "authentic sellers" is | 113.   Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| defined as "those artists that tend to upload high-quality original works." <br><br> Evidence:  Wesley Dec., Ex. 47 at 5; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 49:18-50:11, 52:13-21. | |
| 114.   Redbubble Ltd.'s 2018 Annual Report discloses that "when the customer contracts there is only one performance obligation for goods bearing the artists' designs.  Both the artists and the Group are involved in satisfying the performance obligation.  However, as the Group controls a substantial part of the process and is construed to be the party primarily responsibe for satisfying the performance obligation, the Group is seen as the principal in the sale." <br><br> Evidence:  Wesley Dec., Ex. 46 at 77. | 114.   Undisputed that the quoted language appears in the 2018 Annual Report; disputed that it has any bearing other than for purposes of Australian Accounting Standards Board AASB 15, which the cited reference explicitly invokes; immaterial and prejudicial. |
| 115.   Redbubble Ltd.'s 2019 Annual Report discloses that when "the customer contracts with the Group, there is only one performance obligation for goods bearing the artists' designs.  Both the artist and the Group are involved in satisfying the performance | 115.   Undisputed that the quoted language appears in the 2019 Annual Report; disputed that it has any bearing other than for purposes of Australian Accounting Standards Board AASB 15, which the cited reference explicitly invokes; immaterial and prejudicial. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| obligation.  However, as the Group controls a substantial part of the process it is construed to be the party primarily responsible for satisfying the performance obligation, the Group is determined (for accounting purposes) to be the principal in the sale." <br><br> <u>Evidence</u>:  Wesley Dec., Ex. 47 at 54; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 58:3-17. | |
| 116.   Redbubble collects and remits sales taxes on the sales made to customers in the states where it has a physical presence, including in California. <br><br> <u>Evidence</u>:  Wesley Dec., Ex. 46 at 69; Wesley Dec., Ex. 47 at 83; Kelly Dec., Ex. 93 (Toy Atari Dep.) at 17:19-19:6, 20:8-13, 20:23-25. | 116.   Undisputed that Redbubble collects and remits sales taxes in California; disputed that Redbubble is therefore a seller; immaterial and prejudicial. |
| 117.   Redbubble Ltd.'s 2018 Annual Report discloses that, for accounting purposes, Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." <br><br> <u>Evidence</u>:  Wesley Dec., Ex. 46 at 51; Kelly Dec., Ex. 93 (Toy Atari Dep.) at | 117.   Undisputed that the quoted language appears in the 2018 Annual Report; disputed that it has any bearing other than for purposes of Australian Accounting Standards; immaterial and prejudicial, as this is a disclosure under Australian law and is not connected to |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 25:15-26:2. | U.S. legal standards for liability under the Lanham Act. |
| 118.   Redbubble recognizes that "an agent can bind the principal to a contract."<br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 57:14-25. | 118.   Disputed, in that the cited testimony is outside the scope of the Rule 30(b)(6), Redbubble's assistant general counsel testified that it's his understanding of the law that in general, an agent can bind the principal to a contract. |
| 119.   A prolonged decline in content volume growth as a result of the removal of problematic content following content management activities is a key risk that may impact Redbubble's financial and operating result in future periods.<br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 36:7-14. | 119.   Undisputed. |
| 120.   The removal of problematic content following content management activities means the removal of listings because of the intellectual-property rights of third parties.<br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 36:15-25. | 120.   Disputed because incomplete; the cited testimony states that "removal of problematic content following content management activities" "refers to removing listings because of takedowns received from rights holders, or our extensive proactive activities removing content," which are not necessarily |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | limited to intellectual property rights of third parties.<br><br>Evidence: Kelly Dec., Ex. 93 (Toy Atari Dep.) at 36:15-25. |
| 121. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Evidence: Kelly Dec., Ex. 67 at RBBM214323. | 121.   Undisputed but incomplete. The cited passage goes on to read: "When rights holders complain, they usually identify specific content on the marketplace as infringing and request its removal. We don't know why they decided to leave certain content up on the site that seems identical or similar to the content they've asked us to remove. But in general, a few different situations might apply. For example, the rights holder may know that the similar work is legitimately licensed to an artist selling on Redbubble, or perhaps they think that the similar work is a fair use and not infringing."<br><br>Evidence: Kelly Dec., Ex. 67 at RBBM214323. |
| 122.   On the Redbubble Website, Redbubble publicly discloses on the "Someone is Infringing My Rights or the Rights of Another" webpage: "First, | 122.   Undisputed but incomplete. The cited passage goes on to read: "While your intentions are good, only the person who holds the intellectual property rights |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| resist the urge to go all vigilante crime-fighter" in response to the question, "What should I do if I see something on Redbubble that I think may infringe another's rights?"<br><br>Evidence:  Wesley Dec., Ex. 43 at RBBM214335; Kelly Dec., Ex. 90 (Toy Dep.) at 44:17-45:20. | (or someone acting on their behalf, like an attorney) can lodge a valid takedown notice under Redbubble policy and applicable law. So why is the law set up this way? The rights holder is in the best position to identify what he or she considers infringing. There could be some fact that you don't know about as to why the content owner did or didn't file a complaint about a particular user's work. For example, perhaps a license has been granted or the owner considers the work fair use." |
| 123.   On the Redbubble Website, Redbubble publicly discloses on the "Redbubble IP/Publicity Rights Policy" webpage: "It is Redbubble's policy, in appropriate circumstances, to disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with infringing the copyrights, trademark rights, other intellectual property rights or publicity rights of others."<br><br>Evidence:  Wesley Dec., Ex. 7 at 3. | 123.   Undisputed. |
| 124.   On the Redbubble Website, | 124.   Undisputed. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Redbubble publicly discloses on the "Trademark" webpage: "It can even be trademark infringement if you modify a company's logo before using it in your art. Changing the color, shape, or font of [a] logo may still be similar enough to the original and amount to trademark infringement or a similar violation of someone's rights, like unfair competition or passing off." <u>Evidence</u>: Wesley Dec., Ex. 42. | |
| 125.   In October 2019, Teespring—one of Redbubble's fulfillers—expressed concern that a product it was manufacturing in response to an order on the Redbubble Website was a counterfeit. <u>Evidence</u>: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 70:20-71:24. | 125.   Undisputed but immaterial. |
| 126.   ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ <u>Evidence</u>: Kelly Dec., Ex. 91 (Deshais Atari Dep.) at 110:5-111:11. | 126.   Undisputed but immaterial. |
| 127.   Compared to other print-on-demand websites, Redbubble is one of | 127.   Disputed; immaterial; and unsupported by the cited report, which |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| the worst violators with respect to policing its marketplace for intellectual-property infringement.<br><br>Evidence:  Declaration of Jamie Goldberg Gerson, Ex. 4 ¶¶ 25-37. | does not disclose the underlying data as required by FRCP 26(a)(2)(B)(ii).<br><br>Evidence:  See generally Trial Exh. 605 (Masnick Report), Ex. Q to Masur Opp. Decl., ¶¶ 12-40. |
| 128.   On December 22, 2019, Emancipation Capital Master Ltd.—a long-term shareholder of Redbubble Ltd.—wrote a letter to Redbubble Ltd. stating:  "No one wants the bad press of being associated with illegal art, which is also why we are confident that marketplaces, such as Amazon, will ultimately suspend the accounts of the individuals selling copyrighted logo sticker packs and other infringing products on their marketplace, which by tolerating such illegal activity, hurt Redbubble's own topline."<br><br>Evidence:  Wesley Dec., Ex. 11 at 2; see also Kelly Dec., Ex. 90 (Toy Dep.) at 210:17-211:8. | 128.   Undisputed that Exhibit 11 contains, but is not limited to, the quoted language. |
| 129.   The Federal Court of Australia decided in *Pokémon Co. Int'l, Inc. v Redbubble Ltd.*, [2017] FCA 1541, that Redbubble was liable for infringement | 129.   Undisputed but immaterial.<br><br>Evidence:  *Koito Mfg. Co. v. Turn-Key-Tech, L.L.C.*, No. 02-CV-0273 H JFS, 2003 WL 25674799, at *3 (S.D. Cal. Apr. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| of Pokémon's intellectual property rights.<br><br>Evidence:  Request for Judicial Notice, Ex. 2. | 10, 2003) (excluding foreign decision involving foreign equivalents of asserted patent under Fed. R. Evid. 403). |
| 130.   The Federal Court of Australia decided in *Hells Angels Motorcycle Corporation (Australia) Pty Limited v Redbubble Limited* [2019] FCA 355 that: "The business model as described by Mr Hosking and its working operation as described by Mr Kovalev makes it plain that Redbubble is not in the nature of an ISP linking a user to remote websites.  It is not an intermediary providing a transmission service between particular participants. It owns, operates, manages and controls the website and conducts a transactional enterprise in which it facilitates the uploading of images, the interrogation of those images in Australia, relevantly, by users, with a view to enabling sales to consumers of articles bearing the relevant images.  It has a detailed business model in which it derives revenue from each transaction and | 130.   Undisputed but immaterial.<br><br>Evidence:  *Koito Mfg. Co. v. Turn-Key-Tech, L.L.C.*, No. 02-CV-0273 H JFS, 2003 WL 25674799, at *3 (S.D. Cal. Apr. 10, 2003) (excluding foreign decision involving foreign equivalents of asserted patent under Fed. R. Evid. 403). |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| controls every step of the transactional engagement between an artist and a buyer. It confirms the sale. It facilitates payment. It organises a fulfiller to apply the work to the relevant goods. It facilitates delivery of the goods to the buyer. It generates email responses which not only confirm the order but track every step of the transaction. It affixes its own trade marks to the goods. It says that it does not directly do that but there is no doubt that an essential part of its business model is ensuring that fulfillers affix the Redbubble trade marks to the goods. The labels bearing the trade marks are on the goods as delivered to each buyer." Evidence: Request for Judicial Notice, Ex. 1 ¶ 435 | |
| 131.   Redbubble has responded to a takedown notice with the representation that it has removed infringing content from the Redbubble Website even though infringing content remained on the Redbubble Website. Evidence: E.g., Wesley Dec., Ex. 54; | 131.   Disputed and immaterial. Exh. 54 is not a "takedown notice," including because it does not contain a request that Redbubble take down any specific listings, and Exh. 71 doesn't say that any particular listings remained up after Redbubble said they had been removed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Kelly Dec., Ex. 71. | Moreover, these Exhibits do not indicate any connection between the marks or products at issue in this motion.<br><br>Evidence: Wesley Dec., Ex. 54; Kelly Dec., Ex. 71 |
| 132. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br><br>Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 109:14-110:9. | 132.  Undisputed. |
| 133.  Jenny Greenhough has been Redbubble's Head of Marketplace Integrity since June 11, 2018.<br><br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 15:17-21, 101:8-11. | 133.  Disputed. Ms. Greenhough testified at 15:17-21 that she did not "know the exact date."<br><br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 15:17-21 |
| 134.  Ms. Greenhough could not identify a single product on the Redbubble Website that infringed upon a third party's intellectual-property rights.<br><br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 28:13-22. | 134.  Undisputed. |
| 135. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | 135.  Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| ████████████████████ ███████████ <br><br> Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 39:7-40:6. | |
| 136.  ████████████ ███████████████ ██████████ █████████ ██████████ ██ <br><br> Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 40:8-41:15. | 136.  Undisputed. |
| 137.  Ms. Greenhough could not recall any specific instances of any internal communications at Redbubble discussing that the Redbubble Website displayed infringing products. <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 29:17-30:4. | 137.  Undisputed. |
| 138.  Ms. Greenhough does not know whether Redbubble ever evaluated whether intellectual property is owned by a particular third party. <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 32:5-16. | 138.  Undisputed. |
| 139.  ███████████████ | 139.  Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ██████████████<br>███████████████<br>██████████████<br>████████████<br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 39:6-11. | |
| 140. ████████████<br>███████████████<br>██████████████<br>████████████<br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 36:14-18. | 140.   Disputed. Unsupported by the cited testimony, which was not Rule 30(b)(6) testimony or otherwise binding on Redbubble: ████████████<br>███████████████<br>█████████<br>Over the twelve months prior to April 28, 2020, approximately 24,040 listings were uploaded to the Redbubble marketplace each day, of which the Redbubble Marketplace Integrity Team reviewed an average of 6,345, or more than 25 percent.<br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 36:14-18.; DE# 40-14 ¶¶ 5-6. |
| 141.   The number of designs displayed on the Redbubble Website is "in the millions."<br>Evidence: Kelly Dec., Ex. 92 | 141.   Undisputed. |

-58-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| (Greenhough Atari Dep.) at 38:7-11. | |
| 142.   It is not Redbubble's goal to stop intellectual property infringement on the Redbubble Website. <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 38:21-39:4. | 142.   Disputed and unsupported, in that the cited testimony was not Rule 30(b)(6) testimony or otherwise binding on Redbubble and is just the perspective of one employee; immaterial. <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 38:21-39:4.; DE# 40-4 (Toy Declaration) ¶¶ 5-27. |
| 143.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 39:13-40:3. | 143.   Disputed. The cited testimony says merely that Ms. Greenhough was "not aware of any specific communications about proactive policing" <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 39:13-40:3. |
| 144.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 40:4-9. | 144.   Undisputed. |
| 145.   ▮▮▮▮▮▮▮▮▮▮▮▮ | 145.   Undisputed. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ████████████████<br>████████████████<br>████████<br>Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 72:5-17. | |
| 146.   Mr. James Toy is Redbubble's in-house attorney, Vice President, Assistant Secretary, and Assistant Treasurer.<br>Evidence: Kelly Dec., Ex. 93 (Toy Atari Dep.) at 11:5-7, 31:6-32:2. | 146.   Undisputed. |
| 147.   Mr. Toy testified that he has never seen a counterfeit product or counterfeit design on the Redbubble Website.<br>Evidence: Kelly Dec., Ex. 93 (Toy Atari Dep.) at 43:8-22, 44:21-45:7. | 147.   Disputed. Mr. Toy responded "no" when asked whether, "when reviewing the Redbubble site, have you ever seen a work where you think to yourself: That sure looks like a counterfeit product or a counterfeit design? Mr. Toy similarly responded "no" when asked whether, at a time when he "looked at a computer screen with the Redbubble.com website … outside of your work as a lawyer for Redbubble, … have you ever seen a design where you thought or suspected that may be a counterfeit?"<br>Evidence: Kelly Dec., Ex. 93 (Toy Atari Dep.) at 43:8-22, 44:21-45:7. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 148.  Ms. Greenhough was not aware that, if a customer searches "Pepsi" on the Redbubble Website, the customer would see the Pepsi trademark.  Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 79:3-10. | 148.  Disputed and unsupported, in that the cited testimony provides no foundation and was merely speculative, as objected; but immaterial.  Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 79:3-10. |
| 149.  The Pepsi logo is the first search result that appears when someone searches "Pepsi" on the Redbubble Website.  Evidence:  Wesley Dec., Ex. 25. | 149.  Disputed and unsupported by the cited evidence, which shows a single listing, not a search result; and immaterial.  Evidence:  Wesley Dec., Ex. 25. |
| 150.  Ms. Greenhough was not aware that, if a customer searches "Coca-Cola" on the Redbubble Website, the customer would see the Coca-Cola logo.  Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 78:22-24. | 150.  Disputed and unsupported, in that the cited testimony provides no foundation and was merely speculative, as objected; but immaterial.  Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 78:22-24. |
| 151.  A search for "Coca-Cola" on the Redbubble Website results in several designs featuring the Coca-Cola logo.  Evidence:  Wesley Dec., Ex. 24. | 151.  Disputed and unsupported by the cited evidence, which shows a single listing, not a search result; and immaterial.  Evidence:  Wesley Dec., Ex. 24. |
| 152.  Ms. Greenhough estimates that Redbubble receives hundreds of takedown notices per week from third-party owners of intellectual property. | 152.  Undisputed. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 91:13-19. | |
| 153.   Only five people at Redbubble are responsible for handling takedown notices Redbubble receives each week. Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 91:20-25. | 153.   Disputed. The cited testimony says that at least five people at Redbubble are responsible for handling takedown notices Redbubble receives each week. Evidence: Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 91:20-25. |
| 154.   Redbubble does not notify its Head of Marketplace Integrity every time Redbubble is sued for intellectual property infringement. Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 103:10-13. | 154.   Undisputed but immaterial. |
| 155.   Ms. Greenhough has no understanding of how many cease-and-desist letters Redbubble receives weekly from brand owners. Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 104:7-10. | 155.   Undisputed that Ms. Greenhough, who was not a Rule 30(b)(6) designee, was not aware of the number at the time of her deposition. |
| 156.   Redbubble does not have a deadline for responding to a third-party intellectual-property-rights holder's takedown notice for trademark infringement on the Redbubble Website. Evidence:  Kelly Dec., Ex. 92 | 156.   Disputed. The witness testified on the same pages immediately before and after the cited testimony that Redbubble replies promptly, tries to get back to rights holders within 24 hours, and immediately removes listings, within a |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| (Greenhough Atari Dep.) at 131:24-132:10. | minute or two, after determining that a takedown notice conforms to Redbubble's policy.<br>Evidence: Kelly Decl., Exh. 92 ((Greenhough Atari Dep.) at 131:4-132:19 |
| 157. ██████████<br>██████████<br>██████████<br>██████████<br>██████████<br>Evidence: Kelly Dec., Ex. 90 (Toy Dep.) at 49:2-18. | 157. Undisputed but immaterial. |
| 158. The Redbubble Website does not advise its users to contact Redbubble when they see content on the Redbubble Website that appears to infringe someone's intellectual property rights.<br>Evidence: Wesley Dec., Ex. 43 at RBBM214335. | 158. Undisputed but immaterial. |
| 159. Redbubble has used advertisements on third-party websites that contain marks substantially similar to the LA Lightning Mark to promote Redbubble and products on the Redbubble Website that reflect the LA | 159. Disputed and unsupported, since (among other things) there is no evidence that Redbubble itself "used" advertisements, and the cited Exhibits depict the design in red and black, although the trademark registration |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Lightning Mark.<br>Evidence: Wesley Dec., Exs. 14, 15, 16, 17. | specifies that "[T]he color(s) yellow is/are claimed as a feature of the mark."<br>Evidence: DE# 40-4 ¶ 34; Wesley Dec., Exs. 6, 14, 15, 16, 17 |
| 160. Redbubble has advertised, offered for sale, and sold products with marks substantially similar to the LA Lighting Mark and the Brandy Melville Mark on the Redbubble Website.<br>Evidence: Request for Judicial Notice, Ex. 3; Wesley Dec., Exs. 5, 6, 27, 28, 29, 30, 31, 33, 48, 49, 56; Paley Dec., Exs. 57, 58, 59, 60, 61, 63; Kelly Dec., Ex. 64, 85, 86. | 160. Disputed and unsupported, since (among other things) there is no evidence that Redbubble itself advertised, offered for sale or sold any products; the cited Exhibits depict the LA Lightning and Brandy Melville designs in different colors, typefaces, etc. from those claimed in their trademark registrations; and substantial similarity is a copyright doctrine, not trademark. In addition, the Paley Decl. is inadmissible because the witness was never disclosed.  See FRCP 26(a)(1)(A)(i) and 37(c)(1).<br>Evidence: DE# 40-4  17, 34; Wesley Dec., Exs. 5, 6, 27, 28, 29, 30, 31, 33, 48, 49, 56; Paley Dec., Exs. 57, 58, 59, 60, 61, 63; Kelly Dec., Ex. 64, 85, 86. DE# 40-2 ¶¶ 4-8; 40-4 ¶ 5;40-7 |
| 161. Redbubble has advertised, offered to sell, and sold products bearing a mark that is identical with, or substantially indistinguishable from, the LA | 161. Disputed and unsupported, since (among other things) there is no evidence that Redbubble itself advertised, offered for sale or sold any products, and the |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Lightning Mark on the Redbubble Website.<br><br>Evidence:  Wesley Dec., Exs. 6, 14, 15, 16, 17, 27, 28, 33; Paley Dec., Exs. 57, 58, 59, 60, 61, 62, 63; Kelly Dec., Exs. 64, 86. | cited Exhibits depict the LA Lightning design in red and black, although the trademark registration specifies that "[T]he color(s) yellow is/are claimed as a feature of the mark." Also, Paley Decl. is inadmissible because the witness was never disclosed. See FRCP 26(a)(1)(A)(i) and 37(c)(1).<br><br>Evidence:  DE# 40-4 ¶¶ 17, 34; Wesley Dec., Exs. 6, 14, 15, 16, 17, 27, 28, 33; Paley Dec., Exs. 57, 58, 59, 60, 61, 62, 63; Kelly Dec., Exs. 64, 86. DE# 40-2 ¶¶ 4-8; 40-4 ¶ 5; 40-7; DE# 40-3 ¶¶ 9, 11 |
| 162.   Redbubble has advertised, offered to sell, and sold products bearing a mark that is identical with, or substantially indistinguishable from, the Brandy Melville Mark on the Redbubble Website.<br><br>Evidence:  Request for Judicial Notice, Ex. 3; Wesley Dec., Exs. 5, 29, 30, 31, 33, 56; Kelly Dec., Exs. 64, 85. | 162.   Disputed and unsupported, since (among other things) there is no evidence that Redbubble itself advertised, offered for sale or sold products, and the cited Exhibits feature different capitalization, typeface, and letter spacing from the trademark registration.<br><br>Evidence:  DE# 40-4 ¶¶ 17, 34; Wesley Dec., Exs. 5, 29, 30, 31, 33, 56; Kelly Dec., Exs. 64, 85; DE# 40-2 ¶¶ 4-8; 40-4 ¶ 5; 40-7; DE# 40-3 ¶¶ 9, 11 |
| 163.   ███████████<br><br>███████████ | 163.   Disputed to the extent that it suggests that Redbubble sends |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ■■■■■■■■■■■<br><br>Evidence: Kelly Dec., Ex. 68. | promotional emails volitionally (as opposed to automatically) or that this single email, without testimony, establishes a pattern or practice, and immaterial. Such emails are sent, not by Redbubble directly, but automatically by the Redbubble platform software. And in any event, there is no evidence that customer emails have been sent that promote the products or marks at issue in this motion.<br><br>Evidence: Kelly Dec., Ex. 68; Toy 4/21/20 Dep. at 152:2-154:22 |
| 164. ■■■■■■■■<br>■■■■■■■■■■<br>■■■■■■■<br>■■■■■■■■■■■<br>■■■■■■■■■■<br>■■■■■■■■■■■<br>■■■<br><br>Evidence: Kelly Dec., Ex. 68. | 164.  Disputed to the extent that it suggests that Redbubble sends promotional emails volitionally (as opposed to automatically) or that this single email, without testimony, establishes a pattern or practice, and immaterial. Such emails are sent, not by Redbubble directly, but automatically by the Redbubble platform software. And in any event, there is no evidence that customer emails have been sent that promote the products or marks at issue in this motion. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | Evidence: Kelly Dec., Ex. 68; Toy 4/21/20 Dep. at 152:2-154:22 |
| 165.   Redbubble uses the Brandy Melville name to advertise on Google the Redbubble Website, as well as the products Redbubble offers for sale and sells on the Redbubble Website.<br><br>Evidence:  Wesley Dec., Exs. .1, 37. | 165.   Disputed, unsupported and immaterial since (among other things) there is no evidence that Redbubble itself "used" the Brandy Melville name on anything, including advertisements, and in any event, there is no evidence that Redbubble used the Brandy Melville name in connection with the products at issue in this motion.<br><br>Evidence: Wesley Dec., Exs. 1, 3.; DE# 40-4 ¶ 34 |
| 166.   Redbubble keeps track of search terms that visitors use on the Redbubble Website.<br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 165:23-166:5. | 166.   Undisputed |
| 167.   Redbubble's Design Engineering Product Team ("DEP") keeps track of the number of search terms used on the Redbubble Website.<br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 166:9-14. | 167.   Disputed, as the cited testimony states that the DEP keeps track of the "volume of searches on Redbubble based on particular keywords," not the number of search terms used.<br><br>Evidence: Kelly Dec., Ex. 93 (Toy Atari Dep.) at 166:9-14. |
| 168.   ██████████████ | 168.   Undisputed but immaterial. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| ███████████████████████<br>███████████████████<br>Evidence:  Kelly Dec., Ex. 66 at RBBM148690. | |
| 169.   ████████████████████<br>████████████████<br>████████████████████<br>██████<br>Evidence:  Kelly Dec., Ex. 84 at RBBM185671. | 169.   Undisputed but immaterial. |
| 170.   On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br>Evidence:  Wesley Dec., Ex. 53. | 170.   Disputed and immaterial, since the letter alleged use only of the Brandy Melville name, which is not at issue in this motion, including in a noninfringing manner (*see, e.g., Multi Time Machine, Inc. v. Amazon.com, Inc.*, 804 F.3d 930 (2015)); and did not identify specific URLs.<br>Evidence:  Wesley Dec., Ex. 53 |
| 171.   On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. | 171.   Disputed and incomplete. The cited evidence is a May 15, 2018 email that identified a single listing, for work_id 23886270, which DE# 36-71 (at page 28) establishes was removed on May 15, 2018 in response to a takedown notice. There is nothing in the cited Exhibit |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence: Wesley Dec., Ex. 54. | relating to June 26, 2019. Evidence: Wesley Dec., Ex. 54. |
| 172. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Evidence: Wesley Dec., Ex. 55; Dkt. No. 1. | 172. Disputed and unsupported. This is not an accurate characterization of the cited Exhibit, including because there is nothing in the cited Exhibits relating to a purported notice on May 28, 2019. Evidence: Wesley Dec., Ex. 55; Dkt. No. 1. |
| 173. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ Evidence: Kelly Dec., Ex. 73. | 173. Disputed and immaterial, since there the cited evidence relates to a single design (not designs); it does not indicate what the design is; and there is no indication that this relates to any of the marks or products at issue in this motion. Evidence: Kelly Dec., Ex. 73; Toy 4/21/20 Dep. at 101:6-104:10 |
| 174. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ Evidence: Kelly Dec., Ex. 69; Kelly Dec., Ex. 90 (Toy Dep.) at 108:18- | 174. Undisputed that Redbubble began proactive policing for Brandy Melville claims on May 31, 2019. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 109:6, 115:15-22. | |
| 175. ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ <br><br>Evidence: Kelly Dec., Ex. 64; Kelly Dec., Ex. 90 (Toy Dep.) at 190:2-22, 196:20-197:132, 205:22-206:18. | 175. Disputed and unsupported, since Redbubble did not make sales, and there is no evidence that Redbubble removed "trademarks" from the Redbubble Marketplace. <br>Evidence: DE# 40-4 ¶ 17; Kelly Dec., Ex. 64; Kelly Dec., Ex. 90 (Toy Dep.) at 190:2-22, 196:20-197:132, 205:22-206:18. DE# 40-2 ¶¶ 4-8; 40-4 ¶ 5; 40-7; DE# 40-3 ¶¶ 9, 11 |
| 176. The Redbubble User Agreement provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing. In addition, Redbubble will arrange for the deliver[y] of the physical product to your customer." | 176. Undisputed but incomplete. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence:  Wesley Dec., Ex. 8 at 11. | |
| 177.   The Redbubble User Agreement provides that: "3.5 All items purchased from the website are manufactured pursuant to arrangements with third party suppliers under your instructions." Evidence:  Wesley Dec., Ex. 8 at 11. | 177.   Undisputed but incomplete. |
| 178.   Appendix A of the Redbubble User Agreement provides that: "Whilst Redbubble's capacity is one of independent contractor in relation to the Services, it acts your agent specifically in relation to the sales transaction between you and the customer who buys your product – see further clause 5.2 below." Evidence:  Wesley Dec., Ex. 8 at 10. | 178.   Undisputed but incomplete. |
| 179.   The Redbubble User Agreement provides that: "4.1 You authorize Redbubble to collect, hold and distribute the retail price ('sale proceeds') from customers on the terms set out in this clause 4.  Redbubble will also charge the customer for the shipping which will be retained by us and not affect the amount to be | 179.   Undisputed but incomplete. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
| --- | --- |
| distributed to you." Evidence: Wesley Dec., Ex. 8 at 12. | |
| 180.   The Redbubble User Agreement provides that: "you authorize us to complete any transactions in progress in relation to your products, which we will do on the terms of this Services Agreement." Evidence: Wesley Dec., Ex. 8 at 12. | 180.   Undisputed but incomplete; in particular, this clause relates to termination of the User Agreement. |
| 181. ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬ Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 31:3-23. | 181.   Undisputed. |
| 182. ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬ Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 103:14-21. | 182.   Undisputed. |
| 183.   "Unusual tags" at Redbubble is a blacklist of terms that Redbubble does not want to use to actively advertise works on the Redbubble Website. Evidence:  Kelly Dec., Ex. 92 | 183.   Disputed and unsupported, including because the cited evidence does not refer to "unusual tags." Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 135:24- |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| (Greenhough Atari Dep.) at 135:24-136:17. | 136:17. |
| 184. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 143:15-144:13. | 184.   Disputed, as the cited testimony refers to removing the ability to search keyword tags, not removing a tag that is on a design. <br><br> Evidence:  Kelly Dec., Ex. 92 (Greenhough Atari Dep.) at 135:24-136:17. |
| 185. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 166:8-20. | 185.   Disputed, as the cited testimony refers to "unusable tags," and contains no discussion of making certain keyword tags unavailable to users. <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 166:8-20. |
| 186. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 172:17-173:17. | 186.   Disputed, because it mischaracterizes the cited testimony, which actually states that a listing with controversial keywords would be identified using the ACE suspend filter and that the design might be prevented from being visible on the site until it was individually reviewed, not that the tag would be. <br><br> Evidence:  Kelly Dec., Ex. 90 (Toy Dep.) at 172:17-173:17. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 187. ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 146:15-20, 151:21-25. | 187.   Undisputed. |
| 188. ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇▇ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 149:16-25. | 188.   Undisputed but immaterial. |
| 189. ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 150:14-18. | 189.   Disputed, as this mischaracterizes the cited testimony from the witness, who says merely that ▇▇▇▇ ▇▇▇▇▇ ▇▇ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 150:14-18. |
| 190. ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 184:1-4. | 190.   Disputed as incomplete but immaterial, since in the previous question the witness testified that ▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇ |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
|  | Evidence:  Toy Atari Dep. at 182:16-184:17. |
| 191.  ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬ ▬▬ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 186:20-24. | 191.   Undisputed but immaterial. |
| 192.  ▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬ <br><br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 187:4-10. | 192.   Undisputed but immaterial. |
| 193.   Redbubble has been sued for intellectual-property infringement "somewhere between ten and twenty times, worldwide." <br>Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 190:16-20. | 193.   Undisputed but immaterial. |
| 194.  ▬▬▬▬▬▬ ▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬ | 194.   Undisputed but immaterial. |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 192:6-15, 192:21-193:5. | |
| 195.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Evidence:  Kelly Dec., Ex. 93 (Toy Atari Dep.) at 193:6-15. | 195.   Undisputed but immaterial. |
| 196.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Evidence:  Kelly Dec., Exs. 77, 82; Kelly Dec., Ex. 90 (Toy Dep.) at 157:21-158:5. | 196.   Disputed, unsupported, ambiguous but immaterial, since the exchanges in the exhibits were with a single third-party, the substance is hearsay, it is unclear what the third-party is asking about, and there is no indication that it relates to any of the marks or products at issue in this motion. The cited evidence actually shows that, when a single potential customer asked "so you don't have any stickers that brand [Brandy Melville] specifically made?," a customer service representative responded with a link to a search result for "brandy melville stickers" as an example, and informed the potential customer, "Since designs are |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| | uploaded and changed by their creators constantly. I would recommend using our nifty search bar…. You can search using any keywords associated with the design that you are looking for." Evidence: Kelly Dec., Exs. 77, 82; Kelly Dec., Ex. 90 (Toy Dep.) at 157:21-158:5. |
| 197. ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉ Evidence: Kelly Dec., Exs. 65, 75, 79, 80; Kelly Dec., Ex. 90 (Toy Dep.) at 161:19-162:11. | 197.  Disputed, in that the cited evidence reflects customer inquiries about problems with shipments that included, among other items, merchandise tagged by the third-party Seller with "brandy melville"; but immaterial, since the evidence does not indicate that these contacts relate to any of the marks or products at issue in this motion. Evidence: Kelly Dec., Exs. 65, 75, 79, 80; Kelly Dec., Ex. 90 (Toy Dep.) at 161:19-162:11. |
| 198.  During oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble represented: "The Redbubble software does facilitate the transaction and there is no dispute about that, but the facilitation of a transaction | 198.  Disputed, unsupported, and immaterial and irrelevant. See Ninth Cir. Model Jury Instr. 1.10 ("Arguments and statements by lawyers are not evidence."). In the *Ohio State* case, plaintiff alleged that Redbubble was liable only for direct |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| is not direct trademark infringement. Facilitation in the words of the Coach case is contributory trademark infringement." <br><br> <u>Evidence:</u>  Request for Judicial Notice at 2. | infringement based on its facilitation of transactions through the Redbubble Marketplace. As is clear from the context of the argument as a whole, Redbubble's counsel merely observed that that plaintiff could have chosen to state a claim for contributory trademark infringement, but elected to proceed only on direct infringement, and the cited portion of the argument merely distinguished the requirements of those two types of claims. <br><br> Request for Judicial Notice at 2. |
| 199.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br><br> <u>Evidence:</u> Kelly Dec., Ex. 69; Dkt. No. 1 at 4. | 199.   Undisputed that Redbubble's policing guidelines do not include all designs for which Brandy Melville has claimed rights but immaterial; disputed that such designs are infringing. Immaterial, since this design is not one of the marks at issue in this motion. <br><br> <u>Evidence:</u>  Kelly Dec., Ex. 69; Dkt. No. 1 at 4 |

| Plaintiff's Uncontroverted Fact and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|
| 200.   Redbubble's parent reported revenue of $307 million AUD in Fiscal Year 2019.<br><br>Evidence:  Wesley Dec., Ex. 47 at 4. | 200.   Undisputed. |
| 201.   Redbubble encourages users who "[l]ike money" to upload their designs onto the Redbubble website "and leave the rest to us.  We arrange for all the printing (on over 60 qualify products) and shipping to almost everywhere on earth."<br><br>Evidence:  Kelly Dec., Ex. 94. | 201.   Undisputed. |
| 202.   Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020.<br><br>Evidence:  Paley Dec., Exs. 57-63. | 202.   Disputed, unsupported, and immaterial, since the cited evidence does not establish that Redbubble advertised, offered for sale or sold anything, and the goods are not the type identified in the related trademark registration.<br><br>Paley Decl. is inadmissible because the witness was never disclosed.  See FRCP 26(a)(1)(A)(i) and 37(c)(1)<br><br>Evidence:  DE# 40-4 ¶¶ 17, 34; Wesley Dec., Exs. 5, 6, 27, 28, 29, 30, 31, 33, 48, 49, 56; Paley Dec., Exs. 57, 58, 59, 60, 61, 63; Kelly Dec., Ex. 64, 85, 86.<br><br>203.   DE# 40-2 ¶¶ 4-8; 40-4 ¶ 5;40-7 |

## II.   DEFENDANT'S ADDITIONAL FACTS AND PLAINTIFF'S RESPONSES[1]

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 1.   Like the Amazon Marketplace and eBay, Redbubble is a global online marketplace platform, hosted at redbubble.com (the "Redbubble Marketplace"). <u>Evidence</u>: DE# 40-5 | 1.   DISPUTED AND SUBJECT TO OBJECTIONS. Defendant's entire statement is not supported by admissible evidence. Exhibit A of the Toy Declaration is inadmissible hearsay in the form of Redbubble's out-of-court statement. Further, even if the evidence were admissible (it is not), it makes absolutely no mention of Amazon or eBay, and provides no explanation of what "marketplace" characteristics either of those companies has, nor does it identify or describe what characteristics of Redbubble make it "[l]ike" Amazon or eBay. Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." <u>Evidence</u>: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) at 58:3-17. |
| 2.   Artists use the Redbubble Marketplace platform to upload and sell | 2.   DISPUTED AND SUBJECT TO OBJECTIONS. Defendant's entire statement is not supported by admissible evidence. Exhibit A of the |

---

[1]   Plaintiff's Objections to evidence filed in support of Redbubble's Motion for Summary Judgment are detailed in Dkt. No. 45-23 and are incorporated herein by reference.

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| designs on high-quality, everyday products such as apparel, stationery, housewares, bags, and wall art.<br><br>Evidence:  DE# 40-5 | Toy Declaration is inadmissible hearsay in the form of Redbubble's out-of-court statement. Further, even if the evidence were admissible (it is not), the evidence does not specifically support Redbubble's statement regarding artists' use of the Redbubble website. Indeed, Redbubble's statement is speculative as to what other artists do. Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation."<br><br>Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) at 58:3-17. |
| 3.    The Redbubble Marketplace automatically performs various online services to facilitate transactions.<br><br>Evidence:  DE# 40-2 ¶ 2; DE# 40-3 ¶¶ 2-6 | 3.    DISPUTED AND SUBJECT TO OBJECTIONS. The Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. ▮<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>▮▮▮▮▮▮▮▮▮▮▮<br><br>▮▮▮▮▮▮▮▮▮▮▮<br><br>▮▮▮▮▮▮    Further, whether the software performs functions "automatically" is irrelevant, as |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble is ultimately performing the functions through its software. Further, neither Redbubble nor its software is a passive "transactional intermediary" or marketplace; Redbubble is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." <u>Evidence</u>: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19- 99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 51:7-52:1, 44:2-6, 91:4-14, 25:18-20, 30:21- 23); Dkt. No. 36-100 (Toy Atari Dep.) at 12:2-4, 58:3-17. |
| 4.     The Marketplace software connects third-party artists or "Sellers" automatically to third-party manufacturers, who print and pack the products, before third-party shippers pick up the products and deliver them to customers. <u>Evidence</u>:  DE# 40-2 ¶ 2; DE# 40-3 ¶¶ 2-6 | 4.     DISPUTED AND SUBJECT TO OBJECTIONS. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble |

1563234.1

-82-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21- 23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 5.      Redbubble did not make the Accused Products; that was done exclusively by third-party manufacturers. Redbubble | 5.      DISPUTED AND SUBJECT TO OBJECTIONS. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| did not even see those products at any point during the manufacturing, sale and shipping process. <u>Evidence</u>: DE# 40-3 ¶¶ 2-11 | manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/ fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble also is actively involved in quality-checking the products its partners create, including having a "quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." Redbubble has a "team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." Further, Redbubble is well aware of the infringing products—the product's image is displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Moreover, Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <u>Evidence</u>: Dkt. No. 36-13 at 11; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. |

1563234.1

-84-                                    Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-88; Dkt. No. 36-90; Dkt. No. 36-97 (Toy Dep. at 107:16- 108:15, 118:24-120:1, 155:2-18, 156:7-12, 162:12-23, 163:20-164:5, 221:16-222:5); Dkt. No. 36-98 (Deshais Atari Dep. at 62:19-23, 65:15-21); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14- 25, 58:3-17). |
| 6.      Redbubble did not offer or sell the Accused Products; that was done exclusively by the third-party Sellers who uploaded and listed the products and transferred title to the purchasers.

Evidence:  DE# 40-2 ¶¶ 4-8; DE# 40-4 ¶ 5, DE# 40-7 | 6.      DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble offers for sale and sells the products on its website. One Redbubble advertisement clearly states: "Why Buy From Redbubble?" Redbubble collects and remits sales taxes on the sales made to customers in the states where it has a physical presence, including in California. Redbubble's customers are the same people who are customers of the users who upload their work on the Redbubble Website.

Redbubble publicly discloses to its shareholders that it is "principal in the sale" because it "controls a substantial part of the process it is construed to be the party primarily responsible for satisfying the performance obligation." Indeed, all sales are made on the Redbubble website, and Redbubble processes payments and keeps a portion of the revenue.

Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-24; Dkt. No. 36-51 at 69, 77; Dkt. No. 36-52 at 54, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
|  | 83; Dkt. No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13, 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 31:25-32:4); Dkt. No. 36-100 (Toy Atari Dep. at 17:19-19:6, 20:8-13, 20:23-25, 58:3- 17). |
| 7.    Redbubble did not place the mark on "advertisements" for the Accused Products; that was done by the third-party Sellers who created the web page listings. <u>Evidence</u>:  DE# 40-2 ¶¶ 4-8 | 7.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble places advertisements of the infringing products on its website and on third-party websites. Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020. Redbubble has used advertisements on third-party websites that contain marks substantially similar to the LA Lightning Mark to promote Redbubble and products on the Redbubble Website that reflect the LA Lightning Mark. After a user uploads a design onto the Redbubble Website, the design can be advertised on third-party websites, including through Google and YouTube advertisements. Redbubble increases the visibility of designs on the Redbubble Website by purchasing advertising space through digital marketing platforms, like Google Ads and YouTube, so that the designs can be found when people search for them. Users who upload designs onto the Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. Redbubble uses the Brandy |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Melville name to advertise on Google, the Redbubble Website, as well as the products Redbubble offers for sale and sells on the Redbubble Website. |
| | Users who upload designs onto the Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. Therefore, Redbubble controls what its advertisements look like. |
| | On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. |
| | Further, Redbubble controls what designs can be displayed in advertisements, as the designs are store on server space that Redbubble purchases from vendors—server space that is accessible only to Redbubble. |
| | Evidence: Dkt. No. 1; Dkt. No. 36-42; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-39; Dkt. No. 36-60; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-39; Dkt. No. 36-42; |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dkt. No. 36-97 (Toy Dep. at 118:24-120:1, 123:16-124:2, 162:12-23, 163:20- 164:5); Dkt. No. 36-100 (Toy Atari Dep. at 155:4- 156:7); Dkt. No. 45-15; Dkt. No. 45-16; Dkt. No. 45-17; Dkt. No. 45-19; Dkt. No. 45-10. |
| 8.    The Redbubble Marketplace platform also provides Sellers access to third-party payment processors who collect and process customer payments. <u>Evidence</u>:  DE# 40-2 ¶ 3 | 8.    DISPUTED AND SUBJECT TO OBJECTIONS. After a purchase is made on the Redbubble Website, Redbubble collects and processes the customer's payment, and the user who submitted the design does not receive the artist margin until the order is shipped to the customer. The Redbubble User Agreement also provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing," and "You authorize Redbubble to collect, hold and distribute the retail price ('sale proceeds') from customers on the terms set out in this clause 4. Redbubble will also charge the customer for the shipping which will be retained by us and not affect the amount to be distributed to you." <u>Evidence</u>: Dkt. No. 36-13 at 11-12; Dkt No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13). |
| 9.    The transaction | 9.    DISPUTED AND SUBJECT TO |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| process is entirely Seller-directed and automated by the Redbubble Marketplace software.<br><br>Evidence:  DE# 40-2 ¶¶ 2-3, 11-12 | OBJECTIONS. The transaction is not seller-directed, it is directed by Redbubble. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Indeed, the Redbubble User Agreement provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing. In addition, Redbubble will arrange for the deliver[y] of the physical product to your customer."<br><br>Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21- 23, 44:2-6, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Atari Dep. at 12:2-4). |
| 10.   No Redbubble personnel designed or uploaded, manufactured, offered for sale, sold, handled, distributed, advertised, or for that matter even viewed any of the Accused Products prior to their sale.<br><br>Evidence:  DE# 40-3 ¶ 11 | 10.   DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble advertises on third-party websites, which allow customers to purchase the products on the Redbubble website. Redbubble then directs a manufacturer to produce the product and have it shipped to the customer. Redbubble also handles customer returns and replacements. ██████████ ██████████████████████████████ ███████████ and since then it has advertised, offered for sale, and sold counterfeit and infringing goods. Redbubble has principal-agent relationships with the users and the manufacturers, and it is partners with the manufacturers.<br><br>Evidence: Dkt. No. 1 at 4; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76; Dkt. No. 36-82; Dkt. No. 36-97 (Toy Dep. at 75:2- 16, 106:9-107:13, 118:24-120:1, 155:20-156:6); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-76; Dkt. No. 45-12; Dkt. No. 45-13; Dkt. No. 45-14. |
| 11.   Currently, there are more than 2,160,000 third- | 11.   DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| party Sellers, who have uploaded more than 27,000,000 product listings to the Redbubble Marketplace.<br><br>Evidence:  DE# 40-14 ¶¶ 2-3 | users who upload designs are the sellers. However, Redbubble is the seller. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. In addition, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |

1563234.1

-91-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 12.    Redbubble did not design or upload any of the designs for the Accused Products. Rather, all listings advertising products on the Redbubble Marketplace are designed and uploaded solely by third-party Sellers, without any participation by Redbubble. Evidence: DE# 40-3 ¶¶ 9, 11 | 12.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble participates because it provides the software that allows customers to produce the infringing products. Further, this incorrectly presupposes that users who upload designs are the sellers. Redbubble is the seller. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Also, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Further, Redbubble solicits infringing designs.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 13.    Redbubble was unaware of the content of the listings on its Marketplace prior to their upload and had no | 13.    DISPUTED AND SUBJECT TO OBJECTIONS. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| involvement with the Sellers' decisions to offer the Accused Products. Evidence: DE# 40-3 ¶¶ 9, 11 | Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in advertisements on third-party websites. Redbubble encourages users who "[l]ike money" to upload their designs onto the Redbubble website "and leave the rest to us. We arrange for all the printing (on over 60 qualify products) and shipping to almost everywhere on earth." Further, this statement incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | specifically in relation to the sales transaction . . . ." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Redbubble solicits the infringing designs. |
| | <u>Evidence</u>: Dkt. No. 1; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36- 80; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, |

1563234.1

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15- 26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 14.    Before Sellers can upload and sell creative products on the Redbubble Marketplace, they must become registered users.<br><br>Evidence:  DE# 40-2 ¶ 4 | 14.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16- 18, 98:19-99:19, 100:2-15, 107:16-108:15). Dkt. No. 36- |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 98 (Deshais Atari Dep. at 25:18-20, 30:21- 23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 15.   All registered users are required to comply with the Redbubble User Agreement and published policies that specify that the third-party Sellers, not Redbubble, (1) must possess the applicable rights to upload and sell their content; and (2) are responsible for such content.<br><br>Evidence:  DE# 40-4 ¶ 5, DE# 40-7 | 15.   DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. As Brandy Melville's expert witness noted, there are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times."<br><br>Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22; |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dkt. No. 36-71 at RBBM016061, 64, 69, 71, 72, 73, 74. |
| 16.   Third-party Sellers uploading designs to the Redbubble Marketplace have exclusive control over the designs; must specify the physical product type(s) to which each design may be applied and set the price; and may also input a title, one or more keyword "tags," and a description.<br><br>Evidence:  DE# 40-2 ¶ 6 | 16.    DISPUTED AND SUBJECT TO OBJECTIONS. Customers do not have exclusive control over the designs. Redbubble has the power to remove designs. Further, this incorrectly presupposes that users who upload designs are the sellers. Redbubble is the seller. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.<br><br>The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 77; Dkt. No. 36-51 at 51; Dkt. No. 36-52 at 54; Dkt. No. 36-74 at RBBM214323; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 17.    Potential customers may search listings containing content of interest, and search results are based on these keyword tags and title, which are created solely by the uploading Seller - not Redbubble. | 17.    DISPUTED AND SUBJECT TO OBJECTIONS. "Unusual tags" at Redbubble is a blacklist of terms that Redbubble does not want to use to actively advertise works on the Redbubble Website. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Evidence: DE# 40-2 ¶ 7 | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████ |
| | ████████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| | █████████████████████████████ |
| | ████████████████████████ |
| | ██████████████████ |
| | Evidence: Dkt. No. 36-97 (Toy Dep. at 166:8-20, 172:17-173:17); Dkt. No. 36-99 (Greenhough Atari Dep. at 135:24-136:17); Dkt. No. 36-100 (Toy Atari Dep. at 143:15-144:13, 146:15-20, 149:16-25, 150:14-18, 151:21-25). |
| 18.   Third-party Sellers must also check a box each time a design is uploaded to the Redbubble Marketplace verifying they "have the right to sell products containing this artwork, including (1) any featured company's name or logo, (2) any featured person's name or face, and (3) any featured words or | 18.   DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| images created by someone else."<br><br>Evidence:  DE# 40-2 ¶ 5 | Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.<br><br>The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16- 18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 44:2-6, 45:15-24, 91:4-14); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 51:7-52:1); Dkt. No. 36-100 (Toy Atari Dep. at ); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 19.    Once third-party Sellers upload content and confirm their right to upload each design, their content is displayed automatically for sale among the tens of millions of product listings on the Marketplace, without any knowledge or involvement by Redbubble.<br><br>Evidence:  DE# 40-2 ¶ 8; DE# 40-3 ¶ 11 | 19.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble had knowledge of infringing listings. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in advertisements on third-party websites. ▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮ This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | software Redbubble uses was developed by its engineers. |
| | The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Redbubble controls the entire sale process for every product listed on its website. This includes posting, advertising, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. |
| | Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 118:24-120:1); Dkt. No. 36- 98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2- 6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-101. |
| 20.    The agreements between Redbubble and the | 20.    DISPUTED AND SUBJECT TO OBJECTIONS. Contrary to what Redbubble's |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Sellers using the Marketplace platform specify that the Seller, not Redbubble, offers and sells the products listed on the Marketplace. <br><br> Evidence:  DE# 40-7 | statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." <br><br> Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <br><br> Evidence: Dkt. No. 36-13; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36- 97 (Toy |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15; Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2- 4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 21.    Redbubble's User Agreement describes how the Redbubble Marketplace enables Sellers "to publish, sell, discuss and purchase art;" it includes a section entitled "Offering your art for sale on a physical product" that describes how a Seller "may offer their art for sale on a physical product on the website by appointing Redbubble to facilitate the transaction….;" it repeatedly refers to Sellers offering their products for "sale," not Redbubble. Evidence:  DE# 40-7 | 21.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Moreover, product images are displayed on the Redbubble website long before an order is ever placed, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 22. In the Redbubble Services Agreement, Appendix A to the User Agreement, Sellers acknowledge that they "wish to use Redbubble's services to facilitate marketing and sale of [their] art on a physical product….;" they agree in a section entitled "Sale of your products" that the | 22. DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Seller determines the price for products; and they expressly confirm they are "the seller of the merchandise." <u>Evidence</u>: DE# 40-7 | with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4- |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 23.    The product listing pages confirm that the products sold via the Marketplace are offered by third-party Sellers, not Redbubble. In particular, the search results pages specify that each listing is "by" the third-party Seller. Evidence:  DE# 40-4 ¶¶ 31-32, DE# 40-12 | 23.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's product listing pages do not confirm that. Rather, Redbubble's product listing pages display products with bylines underneath them. Moreover, this incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed |

1563234.1

-108-                                    Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
| --- | --- |
| | them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Lastly, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |
| | On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23; 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2- 4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| 24.    The listing pages themselves identify the third-party Seller both below and to the right of the image, followed by a selection of additional listings by the same Seller, if available, and a link to "View [Seller's] Shop." Evidence:  DE# 40-4 ¶¶ 31, 33, DE# 40-13 | 24.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images are displayed on the |

1563234.1

-110-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. |
| | On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. |
| | <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2- 4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. |
| 25.    Like Amazon and other marketplaces, the Redbubble Marketplace software facilitates payment processing for Sellers. Third-party | 25.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's citation does not explain how "Amazon and other marketplaces" function. Nor are their business models anywhere in this case's factual record. The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| payment processors like PayPal, Stripe, or Amazon Payments receive payment directly from customers through the Redbubble Marketplace.<br><br>Evidence:  DE# 40-2 ¶ 11 | the payment process on the Redbubble Marketplace, particularly the statements regarding who the third-party payment processors are, and that the processors "receive payment directly from purchasing customers, and Marketplace software automatically facilitates the payment processing of sale proceeds from customers to Sellers." Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602.) Moreover, Mr. Luthra's declaration as to payments concerning customers, processors, and sellers constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.<br><br>Further, this averment is irrelevant, as it is of no consequence in determining the action. (FRE 401, 402.) Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep. at 58:3-17). |
| 26.    The Redbubble Marketplace software automatically facilitates the | 26.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. However, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| payment of the Seller-established margin to the Seller's account, less Redbubble's fixed service fee, which varies by product type but is independent of the price set by the Seller.<br><br>Evidence:  DE# 40-2 ¶ 11; DE# 40-4 ¶¶ 28, 29 | Redbubble is the seller. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. ▬▬<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>▬▬▬▬▬▬▬▬ Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation."<br><br>Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2- 15, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 58:3-17). |
| 27.   Redbubble never took control of or title to the Accused Products. Rather, as specified at Section 3.5 of Redbubble's Services Agreement, "[a]ll items purchased from the website are manufactured pursuant to arrangements with third party suppliers under [Seller's] instructions. This means that title and risk for loss for such items pass from [Seller] to the customer/purchaser without passing through [Redbubble] . . . ." Evidence:  DE# 40-7 | 27.   DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 28.   Once an order is placed, the Redbubble Marketplace software | 28.   DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's cited evidence does not support the contention that its "software automatically |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| automatically forwards the order information on behalf of the Seller to a third-party manufacturer or printer ("Manufacturer") based on criteria like the delivery location and product type.<br><br>Evidence:  DE# 40-2 ¶ 12 | forwards the order information on behalf of the Seller[.]" (Emphasis added.)<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.<br><br>The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.<br><br>Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36- 100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14- 25, 58:3-17); Dkt. No. 36-101. |
| 29. Manufacturers of orders placed through the Redbubble Marketplace are independent of Redbubble; they are not affiliates of | 29. DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36- 1 ¶¶ 117, 118) and (2) Redbubble |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Redbubble, and Redbubble neither owns the manufacturing facilities or equipment nor employs any of the personnel.<br><br>Evidence: DE# 40-3 ¶¶ 4-5, 11 | "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114- 116). Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.<br><br>Evidence: Dkt. No. 36-1 ¶¶ 82-89; Dkt. No. 36-13 at 10, 11); Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19- 99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7- 52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36- 101. |
| 30.    Upon receipt of an order, the Manufacturer imprints the design onto the product type chosen by the customer, without any input or involvement from | 30.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble does have input and involvement. For instance, fulfillers put several types of Redbubble-branded packaging on products that were sold on the Redbubble website, including poly bags, stickers, tags, and hang tags bearing the |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Redbubble.<br><br>Evidence: DE# 40-3 ¶ 2 | Redbubble name or Redbubble logo.<br><br>Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments. In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations. We rely on a third-party network of partners that are very good at what they do." In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have. We measure every single step of the experience. We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners." In one Redbubble TV video, Arnaud Deshais states: "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-98 (Deshais Atari Dep. at 64:12-14, 65:3-11); Dkt. No. 45-12; Dkt. No. 45-13; Dkt. No. 45-14. |
| 31.    Redbubble personnel do not review product artwork prior to printing, participate in the manufacturing process, pack or ship the printed products, or perform pre-shipment quality control.<br><br>Evidence:  DE# 40-3 ¶ 11 After a product is printed, a third-party shipper picks it up from the Manufacturer and ships the product directly to the customer.<br><br>Evidence:  DE# 40-3 ¶ 6 | 31.    DISPUTED AND SUBJECT TO OBJECTIONS. ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments. In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations. We rely on a third-party network of partners that are very good at what they do." In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have. We measure every single step of the experience. We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners." In one Redbubble TV video, Arnaud Deshais states: "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." <br><br> <u>Evidence</u>: Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 109:14-110:9); Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18); Dkt. No. 45-12; Dkt. No. 45-13; Dkt. No. 45-14. |
| 32.    After a product is printed, a third-party shipper picks it up from the Manufacturer and ships the product directly to the customer. <br><br> <u>Evidence</u>:  DE# 40-3 ¶ 6 | 32.    DISPUTED AND SUBJECT TO OBJECTIONS. After the product is printed, fulfillers put several types of Redbubble-branded packaging on products, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 44:2-6, 45:15-24, 51:7-52:1, 64:12-14, 65:3-11, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3- 17); Dkt. No. 36-101. |
| 33.   At all times between completion of manufacturing and the time the product is picked up by the shipper, the product remains with the third-party Manufacturer; Redbubble does not possess, physically handle, or even see the finished products.<br><br>Evidence:  DE# 40-3 ¶¶ 7, 9, 11 | 33.   DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36- 1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114- 116.) Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.<br><br>Evidence: Dkt. No. 36 at 9-12; Dkt. No. 36-1 ¶¶ 36-95, 102-118, 82-89, 159-169; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2- 4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. |
| 34.   Redbubble has taken significant steps to prevent abuses of its Marketplace, and has devoted substantial resources toward eliminating third-party infringement on the Marketplace and improving existing anti-piracy measures.<br>Evidence:  DE# 40-4 ¶¶ 8-22 | 34.   DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Redbubble actively discourages users from reporting infringement and generally doesn't "go looking for similar works to remove from the marketplace." This is an improper opinion, not a fact. |

1563234.1

-123-

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-48; Dkt. No. 36-74; Dkt. No. 36-64; Dkt. No. 36-69; Dkt. No. 36-71; Dkt. No. 36-72; Dkt. No. 36-73; Dkt. No. 36-74. |
| 35.    Redbubble requires Sellers to confirm that they own and/or have the right to sell the content that they upload and "will not infringe the intellectual property rights or any other rights of any person or entity…," both at the time they sign up as users and again each time they upload listings to the Marketplace. Evidence:  DE# 40-7; DE# 40-2 ¶ 5 | 35.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19- 99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | 36-101. |
| 36.    Under Redbubble's IP/Publicity Rights Policy, which is modeled on the Digital Millennium Copyright Act (17 U.S.C. § 512), if Redbubble receives notice that particular listings infringe a third-party's intellectual property rights, Redbubble promptly (typically within one business day) removes those listings and notifies the third-party Seller who uploaded them.<br>Evidence:  DE# 40-4 ¶¶ 6-7, DE# 40-8 | 36.    DISPUTED AND SUBJECT TO OBJECTIONS. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br>On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ Compared to other print-on-demand websites, Redbubble is one of the worst violators with respect to policing its marketplace for intellectual-property infringement.<br>Evidence: Dkt. No. 1; Dkt. No. 36-8; Dkt. No. 36- 58; |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-80; Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). |
| 37.    Per its IP/Publicity Rights Policy, Redbubble will "disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with infringing the copyrights, trademark rights, other intellectual property rights or publicity rights of others." <u>Evidence</u>:  DE# 40-4 ¶ 7, DE# 40-8 | 37.    DISPUTED AND SUBJECT TO OBJECTIONS. While Redbubble's policy may say this, Redbubble's actions certainly do not abide by the policy. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. As Brandy Melville's expert witness noted, there are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I |

1563234.1

-127-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." |
| | Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). |
| 38.    In accordance with its IP/Publicity Rights Policy, Redbubble has received over 91,500 takedown requests from content owners, and pursuant to those requests, Redbubble removed more than 755,000 listings. Evidence: DE# 40-14 ¶ 4 | 38.    UNDISPUTED, BUT SUBJECT TO OBJECTIONS. |
| 39.    Redbubble proactively polices the Redbubble Marketplace for | 39.    DISPUTED, SUBJECT TO OBJECTIONS. Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. ███████████ |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| potentially infringing content.<br><br>Evidence:  DE# 40-4 ¶ 22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮ Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮<br><br>Evidence: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. |
| 40.    Redbubble employs a 13-person Marketplace Integrity ("MPI") Team that proactively polices the Marketplace for potential infringement of marks belonging to Brandy Melville and over 300 other content owners, including some of the largest content owners in the world. Many of these content owners have large | 40.    DISPUTED AND SUBJECT TO OBJECTIONS. ▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮ However, the number of designs displayed on the Redbubble website is "in the millions." Jenny Greenhough, the head of Redbubble's MPI Team, testified that only five people at Redbubble are responsible for handling takedown notices Redbubble receives.<br>In addition, Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| and diverse portfolios of intellectual property rights (i.e., copyrights, trademarks and publicity rights) in properties like TV shows and individual movies, or represent large rosters of musical artists.<br><br>Evidence:  DE# 40-4 ¶ 22 | ███████████████ Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." ████████<br>████████████<br>████████████<br>████████<br><br>Evidence: Dkt. No. 36-1 ¶¶ 140, 153, 194; Dkt. No. 40-4 ¶ 21; Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18, 38:7-11). |
| 41.    Using information provided by content owners, Redbubble's MPI team uses proprietary software tools to search for potentially infringing listings based on the Seller-generated titles, tags and descriptions.<br><br>Evidence:  DE# 40-2 ¶¶ 13-14; DE# 40-4 ¶¶ 10, 12 | 41.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller and the principal. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 42.    Redbubble's MPI | 42.    DISPUTED, SUBJECT TO OBJECTIONS. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Team manually reviews search results, including images of the artwork for the listing, to identify content that matches policing guidelines created by Redbubble, typically with the assistance of the content owner.<br><br>Evidence:  DE# 40-2 ¶¶ 13-14; DE# 40-4 ¶¶ 12-18 | Redbubble's "fact" is unsupported by admissible record evidence and is irrelevant given Redbubble's ongoing counterfeiting.<br><br>Evidence: E.g., Dkt. No. 36-62 to -69; Dkt. No. 36- 1 ¶¶ 121, 122. |
| 43.   Redbubble's MPI Team promptly removes or prevents any listing content matching its policing guidelines from appearing on the site proactively and without receiving a specific takedown notice from the rightsholder.<br><br>Evidence:  DE# 40-2 ¶¶ 13-14; DE# 40-4 ¶¶ 12-18 | 43.   DISPUTED AND SUBJECT TO OBJECTIONS. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br><br>On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. |
| | ██████████████████████████████████ ██████████████████████████ ████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████ ████████████████████████ |
| | Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-74; Dkt. No. 36-80. |
| 44.    A third-party Seller whose works are removed through proactive policing is automatically notified upon removal and is otherwise treated in accordance with the IP/Publicity Rights Policy. Evidence: DE# 40-4 ¶ 15 | 44.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | performance obligation." |
| | None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | In addition, product images are displayed on the Redbubble website long before an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Redbubble continues to advertise, offer for sale, and sell designs solicited from users who repeatedly infringe Brandy Melville's trademarks. |

1563234 1

-133-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ████████████████████████████ |
| | ████████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████ |
| | ████████████ |
| | Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36- 74; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16- 108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 45:15-24, 51:7-52:1); Dkt. No. 36-101; Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22. |
| 45.    Only if a content owner collaborates with Redbubble by providing a complete list of what it believes its protected | 45.    DISPUTED AND SUBJECT TO OBJECTIONS. The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge as to the allegation regarding content owner collaboration with Redbubble to effectively combat trademark |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| content is -logos, trademarks, characters, etc. - can Redbubble most effectively search for it and remove it from the Marketplace.<br><u>Evidence</u>:  DE# 40-4 ¶ 11 | infringement on Redbubble's website or the assertion that Brandy Melville has refused to provide a reasonable level of cooperation with Redbubble. Indeed, Mr. Toy's declaration to these allegations constitutes improper opinion evidence, is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602, 701.) Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illustrated by ████████████████ ████████████████████████ ████████████████████ ████████████████████ ████ Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." (Dkt. No. 40-4 ¶ 21.) ████████ ████████████████████ ████████████████████ ████████████████ The Toy Declaration lacks foundation regarding the level of cooperation from Brandy Melville, which is in any event inadmissible because it is irrelevant. (FRE 401, 402.) The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | the result of inadmissible hearsay. Further, this is an improper opinion, not a fact. Evidence: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. |
| 46.    When content owners like Brandy Melville do not cooperate with Redbubble in its proactive policing process, Redbubble is forced to use its best judgment as to what terms a content owner might use to identify colorable infringement. Evidence:  DE# 40-4 ¶ 11 | 46.    DISPUTED AND SUBJECT TO OBJECTIONS. Brandy Melville has informed Redbubble of its infringements numerous times. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. ████████████████████████ ████████████████████████ |

1563234.1

-136-

Case No. 2:19-cv-04618-RGK (JPRx)

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇ <br><br> Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80. |
| 47.    Redbubble uses a combination of proprietary and third-party software to identify scaled and/or repeated abusers of the Redbubble user agreement. These tools look for Seller behavior or characteristics that may indicate that a Seller is a scaled abuser or repeat infringer, and when it finds a high-risk account, it may automatically disable the account and remove it from the Marketplace or put it on a watch list to by monitored by the MPI Team. <br> Evidence:  DE# 40-4 ¶¶ 19-20 | 47.    DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble website and people who purchase products on the Redbubble website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." <br> Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. <br><br> Evidence: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36- 85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36- 100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14- 25, 58:3-17); Dkt. No. 36-101; Dkt. No. 45-20; Dkt. No. 45-21; Dkt. No. 45-22. |
| 48.  Redbubble's MPI team currently proactively policies for approximately 2,300 individual properties for content owners, and on any given day, the MPI Team will typically review | 48.  DISPUTED AND SUBJECT TO OBJECTIONS. ▉▉▉▉▉▉▉ <br> ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ <br> ▉▉▉▉▉▉▉▉ <br><br> Evidence: Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18). |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| and compare over 6,000 individual designs to its policing guidelines. <u>Evidence</u>:  DE# 40-4 ¶ 22; DE# 40-14 ¶ 6 | |
| 49.   To date, the proactive policing efforts of the MPI Team have resulted in the disabling or removal of approximately 3,700,000 listings from the Redbubble Marketplace. And Redbubble has disabled and/or terminated almost 670,000 Seller accounts for violation of Redbubble policies, including its IP/Publicity Rights Policy. <u>Evidence</u>:  DE# 40-14 ¶¶ 9-10 | 49.   DISPUTED AND SUBJECT TO OBJECTIONS. This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble website and people who purchase products on the Redbubble website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. |
| | Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously |
| | <u>Evidence</u>: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36- 85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36- 100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14- 25, 58:3-17); Dkt. No. 36-101; Dkt. No. 45-20; |

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Dkt. No. 45-21; Dkt. No. 45-22. |
| 50.  Redbubble has disabled or removed approximately 400 listings under its proactive removal guidelines for Brandy Melville, covering around 7,200 products. <u>Evidence</u>:  DE# 40-14 ¶ 8 | 50.  UNDISPUTED, BUT SUBJECT TO OBJECTIONS. |
| 51.  The "Brandy Heart" mark was registered on July 11, 2017 as U.S. Trademark Registration No. 5,238,856. That registration covers a variety of products, including stickers and apparel, "consists of the wording 'BRANDY MELVILLE' in black with a pink heart between BRANDY and MELVILLE." "The color(s) black and pink is/are claimed as a feature of the mark." | 51.  UNDISPUTED, BUT SUBJECT TO OBJECTIONS. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Evidence: DE# 40-19 | |
| 52. Brandy Melville does not use the Brandy Heart mark on stickers. Evidence: DE# 38-1 at 109:22-110:8; 119:21-22; 127:1-11 | 52. UNDISPUTED, BUT SUBJECT TO OBJECTIONS. Brand Melville has not used the Brandy Heart Mark on stickers. |
| 53. The "Brandy Flags" mark was registered on January 9, 2018 as U.S. Trademark Registration No. 5,373,397. That registration "consists of 'BRANDY MELVILLE' with a pair of crisscrossed flags between the 'Y' and 'M.'" Evidence: DE# 40-20 | 53. UNDISPUTED, BUT SUBJECT TO OBJECTIONS. |
| 54. The "LosAngeles Lightning" mark was registered on May 14, 2019 - two weeks before this suit was filed - as U.S. Trademark Registration No. 5,748,883. That registration "consists of | 54. UNDISPUTED, BUT SUBJECT TO OBJECTIONS. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| [t]he word 'LOSANGELES' as one word without a space. The first letter of the word is stylized to resemble a lightning bolt. Below 'LOSANGELES' is the word 'CALIFORNIA' and the number '1984'. All of the words are in yellow. No claim is made to the exclusive right to use the following apart from the mark as shown: LOS ANGELES CALIFORNIA 1984." <br><br> <u>Evidence</u>: DE# 40-21 | |
| 55. The LosAngeles Lightning mark only covers "clothing, namely, T-shirts, tank tops and sweatshirts." <br><br> <u>Evidence</u>: DE# 40-21 | 55. DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's use of Brandy Melville's trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the LosAngeles Mark several |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | times.<br><br>Further, the marks' protections are not limited to the categories in the registration. This "fact" is an improper legal conclusion.<br><br>Evidence: E.g., Dkt. No. 1; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. |
| 56.    Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and "variations thereof (e.g., Brandy LA, www.brandymelvilleusa.com, etc.)," as well as variations of the LA Lightning logo "(e.g., different colors)" although Brandy Melville has not provide any further information on specifically what those "variations" might be.<br><br>Evidence:  DE# 40-18 | 56.    PARTIALLY DISPUTED AND SUBJECT TO OBJECTIONS. It is undisputed that Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and variations thereof, as well as other unregistered marks.<br><br>Brandy Melville has, however, repeatedly informed Redbubble about the scope of its infringement, as well as the "variations." For example, on May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br><br>And on May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Further, on May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. <u>Evidence</u>: Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-55; Dkt. No. 1. |
| 57.    On May 14, 2018, Redbubble received correspondence complaining that the phrase "Brandy Melville" was being used as a tag, and identifying a handful of specific potentially infringing listings. <u>Evidence</u>:  DE# 40-4 ¶ 23, DE# 40-9 | 57.    DISPUTED AND SUBJECT TO OBJECTIONS. Brandy Melville disputes Redbubble's characterization. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. <u>Evidence</u>: Dkt. No. 36-53. |
| 58.    By May 15, 2018, Redbubble had removed the listings that Brandy Melville complained about in its May 14, 2018 correspondence, and | 58.    DISPUTED AND SUBJECT TO OBJECTIONS. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| advised Brandy Melville that "if there are any additional specific designs hosted on the marketplace that you would like removed, please identify those for us, and we will ensure that they are promptly removed in a manner consistent with Redbubble's IP and publicity rights policy." <u>Evidence</u>: DE# 40-4 ¶ 24, DE# 40-10; DE# 40-15 | On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Moreover, Redbubble's Toy Decl. Exh. F provides Brandy Melville's counsel's response to Redbubble's claim that it removed the listings complained of in the May 14, 2018 letter: "Thank you for the response. I just searched for "Brandy Melville" on your site, and there continue to be over 1,000 results, including many products that specifically incorporate BRANDY MELVILLE." <u>Evidence</u>: Dkt. No. 1; Dkt. No. 36-59, 60; Dkt. No. 40-10. |
| 59.    Brandy Melville did not identify additional designs, and after May 15, 2018, Redbubble did not hear again from Brandy Melville for over a year, when it learned that Brandy Melville had filed this lawsuit. | 59.    DISPUTED, SUBJECT TO OBJECTIONS. The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration regarding the allegation that "[a]fter May 15, 2018, Redbubble did not hear from Brandy Melville again until after this lawsuit was filed." Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602.) |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| Evidence: DE# 40-4 ¶ 24 | |
| 60.   Each time that Brandy Melville identified specific listings that it alleged were infringing its marks (including in the Complaint), Redbubble promptly removed the designs identified by Brandy Melville.<br><br>Evidence:  DE# 40-4 ¶ 25; DE# 40-15 | 60.   DISPUTED AND SUBJECT TO OBJECTIONS. The same Brandy Melville designs repeatedly appeared. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites.<br><br>Evidence: Dkt. No. 1; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 45-8. |
| 61.   Upon receiving notice of the Complaint, Redbubble also began proactively policing for the intellectual property that Brandy Melville had | 61.   DISPUTED AND SUBJECT TO OBJECTIONS. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| identified and continues to do so, although Brandy Melville has not cooperated in these efforts to date, rendering Redbubble's policing efforts more difficult.<br><br>Evidence:  DE# 40-4 ¶ 26; DE# 40-14 ¶¶ 8-10 | address.<br><br>On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites.<br><br>Evidence: Dkt. No. 1; Dkt. No 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. 36-62, 63, 64, 65, 66, 67, 68, 69; Dkt. No. 45-8. |
| 62.    Redbubble applied its repeat infringer policy to third-party sellers who listed the designs identified by Brandy Melville.<br><br>Evidence:  DE# 40-4,  ¶¶ 7, 19; DE# 40-14 ¶ 7 | 62.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously.<br><br>Brandy Melville's expert witness has seen hundreds of cases where a user "on Redbubble has been reported |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Evidence: Dkt. No. 36-8 at ¶¶ 33-36; Dkt. No. 36- 62, 63, 64, 65, 66, 67, 68, 69; Dkt. No. 45-8. |
| 63.    Since Redbubble began proactively policing for Brandy Melville content, there have been no sales through the Marketplace of products bearing the images depicted in Brandy Melville's registrations. Evidence:  DE# 40-16 | 63.    DISPUTED AND SUBJECT TO OBJECTIONS. Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Marks. This post-dates— by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Marks beginning on May 31, 2019. This also does not take into account Redbubble's advertising, offering to sell, and sale of Brandy Melville's unregistered trademark. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| |  |
| | Evidence: Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865; Dkt. No. 45-8. |
| 64.    No product bearing the Brandy Flags mark has ever been sold through the Redbubble Marketplace. Evidence:  DE# 40-15, -16; DE# 40-4 ¶ 35 | 64.    UNDISPUTED, SUBJECT TO OBJECTIONS. Redbubble's use of Brandy Melville's trademarks, including the Brandy Flags Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the Brandy Flags Mark several times. Evidence: Dkt. No. 36-71 at RBBM016078, RBBM016082, RBBM016092, RBBM016094; Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. |
| 65.    There has been no sale through the Redbubble Marketplace of any product | 65.    DISPUTED AND SUBJECT TO OBJECTIONS. Plaintiff registered the LA Lightning Mark on May 14, 2019, and Redbubble offered for |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| displaying the LosAngeles Lightning mark on clothing, the only goods that mark was registered for.<br><br>Evidence:  DE# 40-15, -16; DE# 40-4 ¶ 35 | sale counterfeit "T-shirts, tank tops or sweatshirts" bearing the LA Lightning Mark on November 16, 2019. Redbubble's own evidence demonstrates that Redbubble sold infringing and counterfeit products bearing the LosAngeles Lightning Mark. The Rickert Declaration explains that its Exhibit A "show information about each listing that Redbubble is aware of . . . that were listed as T- shirts, tank tops or sweatshirts with the image depicted and described in the registered 'LOSANGELES LIGHTNING' mark[.]" Exhibit A of the Rickert Declaration identifies multiple iterations of the LosAngeles Lightning Mark that Redbubble advertised, offered for sale, and/or sold on the Redbubble website. Exhibit A even identifies the total amount of service fees Redbubble collected on these sales.<br><br>In any event, Redbubble's use of Brandy Melville's trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the LosAngeles Lightning Mark several times.<br><br>Evidence: Dkt. No. 36-71; Dkt. No. 40-14 ¶ 11; Dkt. |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | No. 40-15 at 8; Dkt. No. 36-19, 20, 21, 22; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). |
| 66.     Although just over US$5,000 of products featuring the Brandy Hearts mark have been sold through the Marketplace, those sales were either stickers (on which Brandy Melville doesn't actually use the mark) or products that are not covered by that trademark registration. Evidence:  DE# 40-15, -16; DE# 40-4 ¶ 35 | 66.     DISPUTED AND SUBJECT TO OBJECTIONS. Brandy Melville also places the Brandy Melville Mark—which was registered on July 11, 2017 and protects clothing—on its apparel, and the record confirms that Redbubble offered for sale counterfeit clothing bearing the mark on, *inter alia*, April 28, 2020. Redbubble's use of Brandy Melville's trademarks, including the Brandy Hearts Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the Brandy Hearts Mark several times. Evidence: Dkt. No. 1 at 3-5; Dkt. No. 40-4 (Toy Dec., ¶ 35); Dkt. No. 40-15, 16; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754). |
| 67.     There is no evidence that Redbubble is a partner with the third-party manufacturers; there is certainly no legally registered partnership, and | 67.     DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's parent company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." Redbubble recognizes that "an agent can bind the principal to a contract." |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| the manufacturers all operate independently, and can and do decide independently whether to fulfill orders routed through the Redbubble Marketplace. <u>Evidence</u>: DE# 40-3 ¶¶ 4, 11; DE# 40-4 ¶ 30 | Redbubble stated in a publicly disclosed video that: "It's actually really important for us to have a global network of fulfillers. These are companies that we partner with to produce our goods." In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia. And we work with them to design and develop the product because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer— stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations. We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have. We measure every single step of the experience. We measure the speed of delivery, we measure the |

1563234.1

-153-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." |
| | Only Redbubble—and neither the user who uploaded the design on Redbubble's website nor the customer who purchased the good on Redbubble's website—interacts with the fulfiller. Redbubble arranges for the fulfiller to be paid for the products it manufactures that are sold on the Redbubble website. Fulfillers put several types of Redbubble- branded packaging on products that were sold on the Redbubble website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo. |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | Redbubble asks fulfillers to include Redbubble-branded hang tags or stickers on products shipped to consumers.<br><br>Evidence: Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. No. 36-98 (Deshais Atari Dep. at 21:7-17, 44:2-6, 49:23-25, 50:7-51:4, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Dkt. No. 45-12; Dkt. No. 45-13; Dkt. No. 45-14. |
| 68.    Redbubble does not have the authority to bind manufacturers in transactions with third-parties, or vice versa.<br><br>Evidence:  DE# 40-4 ¶ 30 | 68.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble's partner company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>In a video Redbubble publicly released, Redbubble stated: "It's actually really important for us to have a global network of fulfillers. These are companies that we partner with to produce our goods."<br><br>In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia. And we work with them to design and develop the product |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
| --- | --- |
|  | because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer— stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations. We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have. We measure every single step of the experience. We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or |

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF
UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| | the printing performs to our expectations." <br><br> <u>Evidence</u>: Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. No. 36-98 (Deshais Dep. at 21:7-17, 44:2-6, 49:23-25, 50:7-51:4, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Dkt. No. 45-12; Dkt. No. 45-13; Dkt. No. 45-14. |
| 69.    Redbubble is unaware of specific designs uploaded and listed for sale by third-party Sellers on the Marketplace, including specifically the designs for the Accused Products, absent notification from rightsholders. <br><br> <u>Evidence</u>:   DE# 40-3 ¶ 11 | 69.    DISPUTED AND SUBJECT TO OBJECTIONS. Redbubble had been notified by Brandy Melville several times about infringing designs, yet those designs continued to be offered for sale. <br><br> This incorrectly presupposes that users who upload designs are the sellers. Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. <br><br> <u>Evidence</u>: Dkt. No. 1; Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). |
| 70.    Whenever Brandy Melville notified Redbubble that specific | 70.    DISPUTED AND SUBJECT TO OBJECTIONS. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| listings infringed Brandy Melville's rights, Redbubble promptly removed them.<br><br>Evidence:  DE# 40-4 ¶ 29 | website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br><br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020.<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮<br><br>Evidence: Dkt. No. 1; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-80. |
| 71.    Redbubble | 71.    DISPUTED AND SUBJECT TO |

| Defendant's Additional Fact and Cited Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| implemented numerous proactive measures to prevent listings that Brandy Melville might consider infringing from being offered for sale on the Redbubble Marketplace, despite Brandy Melville's unwillingness to cooperate with that process.<br><br>Evidence:  DE# 40-4 ¶¶ 8-23 | OBJECTIONS. Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Mark. This post-dates—by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Mark beginning on May 31, 2019.<br><br>This also does not take into account Redbubble's advertising, offering to sell, and sale of Brandy Melville's unregistered trademarks.<br><br>Evidence: Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. |

## III.   PLAINTIFF'S ADDITIONAL UNCONTROVERTED FACTS

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| 203.   Brandy Melville owns the "Brandy Flag Mark," bearing United States Patent and Trademark Office Registration No. 5,373,397 and registered on January 9, 2018. | Dkt. No. 40-20. |
| 204.   Brandy Melville owns several unregistered trademarks for its name and graphic logos. | *E.g.*, Dkt. No. 40-18 (at 5). |
| 205.   Redbubble does not sell used products and its products are created after a customer makes a purchase on the Redbubble website. | Dkt. No. 36-2 (Oral argument at 20:15-34); Dkt. No. 45-3 (at 20:15-34). |
| 206.   On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. | *E.g.*, Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 40-13. |
| 207.   Redbubble advertises specific designs that it selects from its website through its video advertisements on YouTube. | Dkt. No. 45-15; Dkt. No. 45-16; Dkt. No. 45-17. |
| 208.   Redbubble does not get paid unless a sale is made on its website. | Dkt. No. 36-2 (Oral argument at 27:11-32); Dkt. No. 45-3 (at 27:11-32). |
| 209.   Redbubble's requirements for its fulfillers include requiring them to use, *inter alia*, materials that are ethically sourced. | Dkt. No. 36-2 (Oral argument at 35:10-28); Dkt. No. 45-3 (at 35:10-28). |
| 210.   Redbubble has advertised on its website and offered for sale counterfeit products bearing the Brandy Flags Mark. | *E.g.*, Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. |

| **Plaintiff's Uncontroverted Fact** | **Supporting Evidence** |
|---|---|
| 211.   Redbubble has advertised on its website and third-party websites, offered for sale, and sold products that infringe Brandy Melville's unregistered trademarks. | *E.g.*, Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-58; Dkt. No. 36-60; Dkt. No. 36-71. |
| 212.   Redbubble plainly infringes several different brands, trademarks, and forms of intellectual property. | Dkt. No. 45-10; Dkt. No. 45-19; Dkt. No. 36-29; Dkt. No. 36-30; Dkt. No. 36-49; Dkt. No. 36-50; Dkt. No. 36-71. |
| 213.   Redbubble's expert averred that Amazon and other "large marketplaces" are "in very different businesses than Redbubble." | Dkt. No. 45-18 (at ¶ 14). |
| 214.   Redbubble does not offer genuine Brandy Melville goods. | *E.g.*, Dkt. No. 1; Dkt. No. 36-15; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60. |
| 215.   Counsel for the plaintiff in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.) conceded to the Sixth Circuit Court of Appeals that the *Ohio State* plaintiff moved for summary judgment "admittedly very early" and without taking any depositions in the district court. | Dkt. No. 36-2 (Oral argument at 23:30-50, 38:40-55); Dkt. No. 45-3 (at 23:30-50, 38:40-55). |
| 216.   The district court in *Ohio State* evaluated only one form of "use" under the Lanham Act and did not | *E.g.*, Dkt. No. 36-2 (Oral argument at 28:08-29:11); |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| evaluate the several other forms that Brandy Melville has pursued here. | Dkt. No. 45-3 (at 28:08-29:11); Dkt. No. 45-5 (at 16-26). *The Ohio State Univ. v. Redbubble*, 369 F. Supp. 3d 840, 845 (S.D. Ohio 2019). |
| 217.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble had to rely on facts outside the record to make his oral argument before the Sixth Circuit. | Dkt. No. 36-2 (Oral argument at 21:00-22:43); Dkt. No. 45-3 (at 21:00-22:43). |
| 218.   The International Trademark Association informed the Sixth Circuit in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.) that, in the district court, *The Ohio State* court had an incomplete factual record with respect to "whether Redbubble acted as a 'seller'" and "the degree to which Redbubble advertises or encourages advertising of the allegedly infringing products." | Dkt. No. 45-5 (at ii). |
| 219.   As evidenced by their lack of Bates numbers, Exhibits A and B of the Declaration of Rickert were never produced in this litigation. | Dkt. No. 40-15; Dkt. No. 40-16. |
| 220.   Redbubble offered for sale counterfeit "T-shirts, tank tops or sweatshirts" bearing the LA Lightning Mark on November 16, 2019. | Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). |
| 221.   Redbubble offered for sale counterfeit clothing | Dkt. No. 40-14 ¶ 11; Dkt. |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| bearing the Brandy Melville Mark on, *inter alia*, April 28, 2020. | No. 40-15 at 1 (work_id 47408754). |
| 222.  Redbubble offered for sale goods bearing the Brandy Flag Mark after January 9, 2018. | Dkt. No. 40-15 at 7 |
| 223.  ███████████████████ ██████████████████████ ██████████████ | Dkt. No. 36-91. |
| 224.  At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble conceded: "[W]hat Redbubble does in that transaction is it facilitates. . . .  There's a very well-developed doctrine of contributory trademark infringement. . . .  But Ohio State didn't bring a contributory infringement claim. . . .  To the extent Redbubble has a role, the role is as a facilitator, and under the law, as set forth in *Coach*, which set forth these distinctions, to the extent there might be liability as a facilitator, it's under a doctrine of contributory infringement that wasn't asserted in this case." | Dkt. No. 36-2 (Oral argument at 31:36-34:03; *see also id.* at 25:30-42); Dkt. No. 45-3 (at 31:36-34:03; *see also id.* at 25:30-42). |
| 225.  ████████████████ ████████████████████ ███████████████ ████████████████ ███████ | *E.g.*, Dkt. No. 45-20; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| | 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571). |
| 226. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | *E.g.*, Dkt. No. 45-21; Dkt. No. 36-71 at RBBM016069 (work_id 43331716). |
| 227. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | *E.g.*, Kelly Dec., Ex. 16; Dkt. No. 36-71 at RBBM016074 (work_id 99640306). |
| 228.   The Federal Court of Australia decided in *Hells Angels Motorcycle Corporation (Australia) Pty Limited v Redbubble Limited* [2019] FCA 355 that: "It would be difficult to imagine a more directly engaged participant than one deploying the business model adopted by Redbubble." | Dkt. No. 36-3 (at ¶ 435). |
| 229.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble conceded a claim for direct trademark infringement does not have a knowledge requirement. | Dkt. No. 36-2 (Oral argument at 29:40-29:48); Dkt. No. 45-3 (at 29:40-29:48). |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| 230.   Redbubble has two Instagram accounts. | Supplemental Declaration of Jason Y. Kelly ("Supp. Kelly Dec."), filed concurrently, Exs. 107, 108. |
| 231.   Redbubble's first Instagram account—"redbubble"—promotes designs on Redbubble's website and encourages people to "Shop our feed." This Instagram account can be found at www.instagram.com/redbubble. | Supp. Kelly Dec., Ex. 107. |
| 232.   Redbubble's second Instagram account—"redbubbleartists"—promotes designs on Redbubble's website.  This Instagram account can be found at www.instagram.com/redbubbleartists. | Supp. Kelly Dec., Ex. 108. |
| 233.   On its "Social Responsibility" webpage, Redbubble represents to the public: "We partner with global fulfillers to print artists' designs one-at-a-time on over 60 high-quality products." | Supp. Kelly Dec., Ex. 95. |
| 234.   In its 2015 Annual Report, Redbubble disclosed to its investors: "Our fulfilling partners are the unspoken heroes in the production chain. . . . Importantly, our partnerships also give huge benefits in terms of quality control, which means superior products and, ultimately, happy customers." | Supp. Kelly Dec., Ex. 96 at 18. |
| 235.   In Redbubble's 2015 Annual Report, then-Redbubble chairman Richard Cawsey praised Redbubble's "worldwide network of fulfillment and | Supp. Kelly Dec., Ex. 96 at 22. |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| shipping partners." | |
| 236. In its 2015 Annual Report, Redbubble disclosed to its investors: "Given the nature of the relationship between the group and product fulfillers and the associated risks and rewards, the group has determined, for accounting purposes only, that it is acting as a principal as opposed to as an agent with respect to fulfillers." | Supp. Kelly Dec., Ex. 96 at 53. |
| 237. Redbubble disclosed to its investors that: "The company's office in Berlin will . . . manage the coordination of local fulfilment partners." | Supp. Kelly Dec., Ex. 97 at 1. |
| 238. At Redbubble's 2016 Annual General Meeting, Barry Newstead, Redbubble's COO, referred to Redbubble's fulfillers as Redbubble's "partners." | Supp. Kelly Dec., Ex. 98 at 2. |
| 239. In Redbubble's 2016 Annual General Meeting: Management Presentation, Redbubble's "Strategic initiative highlights for 2H FY16 and Q1 FY17" included Redbubble's "3 new fulfillment partners in US (2) and Australia (1)." | Supp. Kelly Dec., Ex. 99 at 19. |
| 240. In Redbubble's 2016 Annual Report, then-Redbubble chairman Richard Cawsey disclosed: "To this end, Redbubble brought on new fulfillment partners around the world." | Supp. Kelly Dec., Ex. 100 at 5. |
| 241. In its 2016 Annual Report, Redbubble disclosed to its investors: "the Group has determined, for accounting purposes only, that it is acting as a | Supp. Kelly Dec., Ex. 100 at 50. |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| principal with respect to fulfillers as opposed to as an agent." | |
| 242.   In its 2017 Annual Report, Redbubble disclosed to its investors: "Given the nature of the relationship between the Group and product fulfillers and the associated risks and rewards, the Group has determined, for accounting purposes only, it is acting as a principal with respect to fulfillers as opposed to as an agent." | Supp. Kelly Dec., Ex. 101 at 50. |
| 243.   In Redbubble's AGM 2018 presentation, Redbubble's "strategic rationale" included "Scaling our fulfillment partnerships." | Supp. Kelly Dec., Ex. 102 at 11. |
| 244.   On November 2, 2018, Redbubble's CEO, Barry Newstead, disclosed to investors that Redbubble's "real priorities at the beginning of 2019" include "coordinating our price discussions with our fulfillment partners and generating benefits from that." | Supp. Kelly Dec., Ex. 103 at 2. |
| 245.   The public understands that Redbubble is partners with its fulfillers: "Redbubble are also continuing to add fulfillment partners with three new partners"; "3rd party fulfillment partners are a key part of the Redbubble marketplace"; and "Redbubble's supply chain team are now in a position of strength so this year will focus on improving the margins by negotiating savings with third party fulfillment partners"; | E.g., Supp. Kelly Dec., Ex. 104 at 7; Supp. Kelly Dec., Ex. 105 at 4. |

| Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|
| 246. Mr. Arnaud Deshais, Chief Supply Chain Officer, is a member of Redbubble's Executive Team. | Supp. Kelly Dec., Ex. 106 at 21. |
| 247. Redbubble's 2019 Annual Report discloses that, during the 2019 financial year, Mr. Deshais was granted more Redbubble stock options than anyone else in the entire company, other than Barry Newstead (Redbubble's Chief Executive Officer and Managing Director). | Supp. Kelly Dec., Ex. 106 at 21, 22. |

DATED: May 18, 2020      BROWNE GEORGE ROSS LLP
                                        Keith J. Wesley
                                        Ryan Q. Keech
                                        Jason Y. Kelly

                               By:     */s/ Keith J. Wesley*
                                             Keith J. Wesley
                        Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                        Brandy Melville

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT