KENNETH B. WILSON (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
  zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND OBJECTIONS/RESPONSE TO PLAINTIFFS ADDITIONAL UNCONTROVERTED FACTS**<br><br>Hearing Date:  June 1, 2020<br>Time:             9:00 a.m.<br>Courtroom:     850<br>Hon. R. Gary Klausner<br><br><span style="color:red">**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**</span> |

1

Pursuant to the Federal Rule of Civil Procedure 56 and Local Rule 56-2, Defendant Redbubble Inc. ("Defendant" or "Redbubble") respectfully submits the following Reply to Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville's ("Plaintiff's" or "Brandy Melville's") Statement of Genuine Disputes of Material Fact and Objections/Response to Plaintiff's Additional Uncontroverted Facts [DE# 45-1], in Support of Redbubble's Motion for Summary Judgment.

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
| --- | --- | --- |
| 1.      Like the Amazon Marketplace and eBay, Redbubble is a global online marketplace platform, hosted at redbubble.com (the "Redbubble Marketplace").<br>Evidence:    Toy Decl. Exh. A | DISPUTED AND SUBJECT TO OBJECTIONS<br>Defendant's entire statement is not supported by admissible evidence.  Exhibit A of the Toy Declaration is inadmissible hearsay in the form of Redbubble's out-of-court statement.  Further, even if the evidence were admissible (it is not), it makes absolutely no mention of Amazon or eBay, and provides no explanation of what "marketplace" characteristics either of those companies has, nor does it | To the extent that Exhibit A to the Toy Declaration may be deemed hearsay, it is admissible under at least Fed. R. Evid. 803(6) and 807.  Brandy Melville's dispute is based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | identify or describe what characteristics of Redbubble make it "[l]ike" Amazon or eBay.<br><br>Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation."<br><br><u>Evidence</u>: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) at 58:3-17. | |
| 2.      Artists use the Redbubble Marketplace platform to upload and sell designs on high-quality, everyday products such as apparel, stationery, housewares, | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Defendant's entire statement is not supported by admissible evidence.  Exhibit A of the Toy Declaration is | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| bags, and wall art.<br><br>Evidence:    Toy Decl. Exh. A | inadmissible hearsay in the form of Redbubble's out-of-court statement.  Further, even if the evidence were admissible (it is not), the evidence does not specifically support Redbubble's statement regarding artists' use of the Redbubble website.  Indeed, Redbubble's statement is speculative as to what other artists do.  Further, Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation."<br><br>Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep.) | Melville considers relevant to its claims. To the extent that Exhibit A to the Toy Declaration may be deemed hearsay, it is admissible under at least Fed. R. Evid. 803(6) and 807. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | at 58:3-17. | |
| 3.    The Redbubble Marketplace automatically performs various online services to facilitate transactions. Evidence:    Luthra Decl. ¶¶ 2; Deshais Decl. ¶¶ 2-6 | **DISPUTED AND SUBJECT TO OBJECTIONS** The Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. ▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬ Further, whether the software performs functions "automatically" is irrelevant, | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Further, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | as Redbubble is ultimately performing the functions through its software.  Further, neither Redbubble nor its software is a passive "transactional intermediary" or marketplace; Redbubble is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 51:7-52:1, 44:2-6, 91:4-14, 25:18-20, 30:21-23); Dkt. No. 36-100 (Toy Atari Dep.) at 12:2-4, 58:3-17. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 4.     The Marketplace software connects third-party artists or "Sellers" automatically to third-party manufacturers, who print and pack the products, before third-party shippers pick up the products and deliver them to customers. <u>Evidence</u>:    Luthra Decl. ¶¶ 2; Deshais Decl. ¶¶ 2-6 | **DISPUTED AND SUBJECT TO OBJECTIONS** Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | functions through its software.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 5.      Redbubble did not make the Accused Products; that was done exclusively by third-party manufacturers. Redbubble did not even see those products at any point during the manufacturing, sale and | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance | Brandy Melville does not actually dispute that Redbubble did not make the Accused Products; its evidence merely purports to support additional "facts" that Brandy |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| shipping process.<br><br>Evidence:    Deshais Decl. ¶¶ 2-11 | obligation." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/ fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble also is actively involved in quality checking the products its partners create, including having a "quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." Redbubble has a "team of | Melville considers relevant to its claims.<br><br>Brandy Melville also does not actually dispute that Redbubble did not see the Accused Products during the manufacturing, sale and shipping process; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to support its claim (and there is nothing in this response relating specifically to the Accused Products). Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." Further, Redbubble is well aware of the infringing products—the product's image is displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Moreover, Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. <u>Evidence</u>: Dkt. No. 36-13 at 11; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-43; Dkt. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-88; Dkt. No. 36-90; Dkt. No. 36-97 (Toy Dep. at 107:16-108:15, 118:24-120:1, 155:2-18, 156:7-12, 162:12-23, 163:20-164:5, 221:16-222:5); Dkt. No. 36-98 (Deshais Atari Dep. at 62:19-23, 65:15-21); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25, 58:3-17). | |
| 6.     Redbubble did not offer or sell the Accused Products; that was done exclusively by the third-party Sellers who uploaded and listed the products and transferred title to the purchasers.<br><br>Evidence:    Luthra Decl. ¶¶ 4-8; Toy Decl. ¶ 5, Exh. C | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble offers for sale and sells the products on its website.  One Redbubble advertisement clearly states: "Why Buy From Redbubble?"  Redbubble collects and remits sales taxes on the sales made to | Brandy Melville does not dispute that third-parties uploaded and listed the Accused Products and transferred title to the purchasers. It merely offers additional "facts" that relate to the legal question of whether there was a |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | customers in the states where it has a physical presence, including in California. Redbubble's customers are the same people who are customers of the users who upload their work on the Redbubble Website. Redbubble publicly discloses to its shareholders that it is "principal in the sale" because it "controls a substantial part of the process it is construed to be the party primarily responsible for satisfying the performance obligation." Indeed, all sales are made on the Redbubble website, and Redbubble processes payments and keeps a portion of the revenue. Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-24; Dkt. No. 36-51 at 69, 77; Dkt. No. 36-52 at 54, 83; Dkt. | sale (or offer for sale). Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
|  | No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13, 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 31:25-32:4); Dkt. No. 36-100 (Toy Atari Dep. at 17:19-19:6, 20:8-13, 20:23-25, 58:3-17). |  |
| 7.      Redbubble did not place the mark on "advertisements" for the Accused Products; that was done by the third-party Sellers who created the web page listings. Evidence:    Luthra Decl. ¶¶ 4-8 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble places advertisements of the infringing products on its website and on third-party websites.  Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020.  Redbubble has used advertisements on third-party websites that contain marks substantially similar to the LA Lightning Mark to promote Redbubble and products on | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims (and does not show anything with respect to Redbubble's involvement with the Accused Products). Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the Redbubble Website that reflect the LA Lightning Mark. After a user uploads a design onto the Redbubble Website, the design can be advertised on third-party websites, including through Google and YouTube advertisements. Redbubble increases the visibility of designs on the Redbubble Website by purchasing advertising space through digital marketing platforms, like Google Ads and YouTube, so that the designs can be found when people search for them.  Users who upload designs onto the Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. | The Cuellar Declaration is inadmissible; Redbubble incorporates by reference its Motion in Limine No. 7 [DE# 61] (Undisclosed Witnesses). |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble uses the Brandy Melville name to advertise on Google, the Redbubble Website, as well as the products Redbubble offers for sale and sells on the Redbubble Website. Users who upload designs onto the Redbubble Website cannot choose whether their designs will be displayed in the advertisement space that Redbubble purchases on third-party websites. Therefore, Redbubble controls what its advertisements look like. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Further, Redbubble controls what designs can be displayed in advertisements, as the designs are store on server space that Redbubble purchases from vendors—server space that is accessible only to Redbubble. Evidence: Dkt. No. 1; Dkt. No. 36-42; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-39; Dkt. No. 36-60; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-39; Dkt. No. 36-42; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1, 123:16- | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 124:2, 162:12-23, 163:20-164:5); Dkt. No. 36-100 (Toy Atari Dep. at 155:4-156:7); Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, Exs. 9, 10, 11, 13.  Declaration of Francisco Cuellar ("Cuellar Dec."), filed concurrently, Ex. 5. | |
| 8.      The Redbubble Marketplace platform also provides Sellers access to third-party payment processors who collect and process customer payments. <u>Evidence</u>:     Luthra Decl. ¶ 3 | **DISPUTED AND SUBJECT TO OBJECTIONS** After a purchase is made on the Redbubble Website, Redbubble collects and processes the customer's payment, and the user who submitted the design does not receive the artist margin until the order is shipped to the customer.  The Redbubble User Agreement also provides that: "Redbubble provides a range of services (the 'Redbubble service') which, | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims (and does not show anything with respect to Redbubble's involvement with the Accused Products).  Finally, Brandy Melville's dispute is also based on legal |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing," and "You authorize Redbubble to collect, hold and distribute the retail price ('sale proceeds') from customers on the terms set out in this clause 4. Redbubble will also charge the customer for the shipping which will be retained by us and not affect the amount to be distributed to you." <u>Evidence</u>: Dkt. No. 36-13 at 11-12; Dkt No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13). | conclusions, not underlying facts. |
| 9. The transaction process is entirely Seller-directed and automated by the Redbubble | **DISPUTED AND SUBJECT TO OBJECTIONS** | Brandy Melville does not actually dispute this statement; it merely quibbles with |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Marketplace software.<br><br>Evidence:   Luthra Decl. ¶¶ 2-3, 11-12 | The transaction is not seller-directed, it is directed by Redbubble. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. For example, Redbubble—through its software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions | Redbubble's description of the transaction process as "entirely Seller-directed", and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | through its software.  Indeed, the Redbubble User Agreement provides that: "Redbubble provides a range of services (the 'Redbubble service') which, amongst other things, enable you to . . . receive the benefits of Redbubble's facilitation of product fulfilment, including payment processing, customer services, third party product manufacturing.  In addition, Redbubble will arrange for the deliver[y] of the physical product to your customer." Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4). | |

2911-1006 / 1617032.1

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 10.    No Redbubble personnel designed or uploaded, manufactured, offered for sale, sold, handled, distributed, advertised, or for that matter even viewed any of the Accused Products prior to their sale. <u>Evidence</u>:    Deshais Decl. ¶ 11 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble advertises on third-party websites, which allow customers to purchase the products on the Redbubble website. Redbubble then directs a manufacturer to produce the product and have it shipped to the customer. Redbubble also handles customer returns and replacements. ▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ ▬▬▬; and since then it has advertised, offered for sale, and sold counterfeit and infringing goods.  Redbubble has principal-agent relationships with the users and the manufacturers, and it | Brandy Melville does not actually dispute much of this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," it mischaracterizes certain evidence of Redbubble's conduct as "advertising," and it cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | is partners with the manufacturers.<br><br>Evidence: Dkt. No. 1 at 4; Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76; Dkt. No. 36-82; Dkt. No. 36-97 (Toy Dep. at 75:2-16, 106:9-107:13, 118:24-120:1, 155:20-156:6); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-76; Kelly Dec., Exs. 6, 7, 8. | |
| 11.   Currently, there are more than 2,160,000 third-party Sellers, who have uploaded more than 27,000,000 product | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>This incorrectly presupposes that users who upload designs | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| listings to the Redbubble Marketplace.<br><br>Evidence:    Rickert Decl. ¶¶ 2-3 | are the sellers.  However, Redbubble is the seller.  Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble | to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Further, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 12.     Redbubble did not design or upload any of the designs for the Accused Products. Rather, all listings advertising products on the Redbubble Marketplace are designed and uploaded solely by third-party Sellers, without any participation by | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble participates because it provides the software that allows customers to produce the infringing products.  Further, this incorrectly presupposes that users who upload designs are the sellers.  Redbubble is the seller.  Contrary to what | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Redbubble.<br><br>Evidence:    Deshais Decl. ¶¶ 9, 11 | Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether | Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Also, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Further, Redbubble solicits infringing designs. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 13. Redbubble was unaware of the content of the listings on its Marketplace prior to their upload and had no involvement with the Sellers' decisions to offer the Accused Products.<br><br>Evidence: Deshais Decl. ¶¶ 9, 11 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in advertisements on third-party websites. Redbubble encourages users who "[l]ike money" to upload their designs onto the Redbubble website "and leave | relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the rest to us.  We arrange for all the printing (on over 60 qualify products) and shipping to almost everywhere on earth." | |

Further, this statement incorrectly presupposes that users who upload designs are the sellers.  However, Redbubble is the seller. Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites.  Redbubble confirms the order with the | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Redbubble solicits the infringing designs. <u>Evidence</u>: Dkt. No. 1; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-80; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15- | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 14.    Before Sellers can upload and sell creative products on the Redbubble Marketplace, they must become registered users.<br><br>Evidence:    Luthra Decl. ¶ 4 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>This incorrectly presupposes that users who upload designs are the sellers.  Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller."  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. | |

Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15). Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 15.   All registered users are required to comply with the Redbubble User Agreement and published policies that specify that the third-party Sellers, not Redbubble, (1) must possess the applicable rights to upload and sell their content; and (2) are responsible for such content.<br><br>Evidence:   Toy Decl. ¶ 5, Exh. C | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again."  "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Brandy Melville's purported expert testimony is inadmissible; Redbubble incorporates by reference its Motion in Limine #1 (Gerson Daubert) [DE# 55]. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016061, 64, 69, 71, 72, 73, 74. | |
| 16.    Third-party Sellers uploading designs to the Redbubble Marketplace | **DISPUTED AND SUBJECT TO OBJECTIONS** | Brandy Melville does not actually dispute this statement; it merely |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| have exclusive control over the designs; must specify the physical product type(s) to which each design may be applied and set the price; and may also input a title, one or more keyword "tags," and a description. Evidence: Luthra Decl. ¶ 6 | Customers do not have exclusive control over the designs. Redbubble has the power to remove designs. Further, this incorrectly presupposes that users who upload designs are the sellers. Redbubble is the seller. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can | quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. | |
| | <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 77; Dkt. No. 36-51 at 51; Dkt. No. 36-52 at 54; Dkt. No. 36-74 at RBBM214323; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 17.    Potential customers may search listings containing content of interest, and search results are based on these keyword tags and title, which are created solely by the uploading Seller – not Redbubble.<br><br>Evidence:    Luthra Decl. ¶ 7 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>"Unusual tags" at Redbubble is a blacklist of terms that Redbubble does not want to use to actively advertise works on the Redbubble Website. ▃▃▃▃▃▃ | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Evidence: Dkt. No. 36-97 (Toy Dep. at 166:8-20, 172:17-173:17); Dkt. No. 36-99 (Greenhough Atari Dep. at 135:24-136:17); Dkt. No. 36-100 (Toy Atari Dep. at 143:15-144:13, 146:15-20, 149:16-25, 150:14-18, 151:21-25). | |
| 18.    Third-party Sellers must also check a box each time a design is uploaded to the Redbubble Marketplace verifying they "have the right to sell products | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. Contrary to what Redbubble's statement | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| containing this artwork, including (1) any featured company's name or logo, (2) any featured person's name or face, and (3) any featured words or images created by someone else." Evidence:    Luthra Decl. ¶ 5 | suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not | product listings as the "Seller" or "third-party," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites.  Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned.<br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85 (Kelly Dec., Ex. 78); Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 44:2-6, 45:15-24, 91:4-14); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 51:7-52:1); Dkt. No. 36-100 (Toy Atari Dep. at ); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101). | |
| 19.    Once third-party Sellers upload content and confirm their right to upload each design, their content is displayed automatically for sale among the tens of millions of product listings on the Marketplace, without | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble had knowledge of infringing listings.  On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| any knowledge or involvement by Redbubble.<br>Evidence:    Luthra Decl. ¶ 8; Deshais Decl. ¶ 11 | Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.  On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning in | to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | advertisements on third-party websites.<br><br>This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  For example, Redbubble—through its software—decides which of its partner fulfillers creates | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble controls the entire sale process for every product listed on its website. This includes posting, advertising, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 118:24-120:1); Dkt. No. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4); Dkt. No. 36-101. | |
| 20.    The agreements between Redbubble and the Sellers using the Marketplace platform specify that the Seller, not Redbubble, offers and sells the products listed on the Marketplace.<br>Evidence:    Toy Decl. Exh. C | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble recognizes that "an agent can bind the principal to a contract."  Redbubble owns and operates the Redbubble website | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 107:16-108:15; Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 21.   Redbubble's User Agreement describes how the Redbubble Marketplace enables Sellers "to publish, sell, discuss and purchase art;" it includes a section | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| entitled "Offering your art for sale on a physical product" that describes how a Seller "may offer their art for sale on a physical product on the website by appointing Redbubble to facilitate the transaction….;" it repeatedly refers to Sellers offering their products for "sale," not Redbubble.<br><br>Evidence:    Toy Decl. Exh. C | Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is | product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | irrelevant, as Redbubble is ultimately performing the functions through its software. Moreover, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 22.    In the Redbubble Services Agreement, Appendix A to the User Agreement, Sellers acknowledge that they "wish to use Redbubble's services to facilitate marketing and sale of [their] art on a physical product….;" they agree in a section entitled "Sale of your products" that the Seller determines the price for products; and they expressly confirm they are "the seller of the | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| merchandise." Evidence: Toy Decl. Exh. C | Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is | conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 23.    The product listing pages confirm that the products sold via the Marketplace are offered by third-party Sellers, not Redbubble. In particular, the search results pages specify that each listing is "by" the third-party Seller. Evidence:    Toy Decl. ¶¶ 31-32, Exh. H | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's product listing pages do not confirm that. Rather, Redbubble's product listing pages display products with bylines underneath them. Moreover, this incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and | Brandy Melville does not actually dispute the second sentence of this Fact (the first sentence is just a conclusion drawn from the second); it merely quibbles with Redbubble's reference to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its | relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | items that are returned. On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. <u>Evidence</u>: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23; 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | | |
| 24.    The listing pages themselves identify the third-party Seller both below and to the right of the image, followed by a selection of additional listings by the same Seller, if available, and a link to "View [Seller's] Shop." <br><br> Evidence:    Toy Decl. ¶¶ 31, 33, Exh. I | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who lists products as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. The evidence in question -- Toy Decl. ¶¶ 31, 33, Exh. I – supports Redbubble's contention.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Lastly, product | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 36-59; Dkt. No. 36-60; Dkt. No. 36-61;  Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Dkt. No. 40-13. | |
| 25.    Like Amazon and other marketplaces, the Redbubble Marketplace software facilitates payment processing for Sellers. Third-party payment processors like PayPal, Stripe, or Amazon Payments receive payment directly from customers through the Redbubble | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's citation does not explain how "Amazon and other marketplaces" function. Nor are their business models anywhere in this case's factual record. The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge | Other than the phrase "Like Amazon and other marketplaces," which is immaterial to the core Fact, Brandy Melville does not actually dispute this statement; to the extent that Brandy Melville challenges the foundation of Mr. Luthra's personal |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Marketplace.<br><br>Evidence:    Luthra Decl. ¶ 11 | of the payment process on the Redbubble Marketplace, particularly the statements regarding who the third party payment processors are, and that the processors "receive payment directly from purchasing customers, and Marketplace software automatically facilitates the payment processing of sale proceeds from customers to Sellers." Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602.) Moreover, Mr. Luthra's declaration as to payments concerning customers, processors, and sellers constitutes an improper legal conclusion of issues at dispute | knowledge, Redbubble directs the Court to paragraph 1 of his declaration, which states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | in this action and is argumentative. Further, this averment is irrelevant, as it is of no consequence in determining the action.  (FRE 401, 402.) Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." Evidence: Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-100 (Toy Atari Dep. at 58:3-17). | |
| 26.    The Redbubble Marketplace software automatically facilitates the payment of the Seller-established margin | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| to the Seller's account, less Redbubble's fixed service fee, which varies by product type but is independent of the price set by the Seller.<br><br>Evidence:    Luthra Decl. ¶ 11; Toy Decl. ¶¶ 28 29 | are the sellers.  However, Redbubble is the seller. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. ▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬<br><br>Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. | to the person who uploads designs and product listings as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble is not a passive "transactional intermediary" or marketplace; it is, *inter alia*, "the principal in the sale" and "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation." Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-51 at 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15, 118:24- | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 51:7-52:1, 65:15-21, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 58:3-17). | |
| 27.    Redbubble never took control of or title to the Accused Products. Rather, as specified at Section 3.5 of Redbubble's Services Agreement, "[a]ll items purchased from the website are manufactured pursuant to arrangements with third party suppliers under [Seller's] instructions. This means that title and risk for loss for such items pass from [Seller] to the customer/purchaser without passing through | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Evidence: Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-97 (Toy Dep. at | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person who holds title to the product as the "Seller," and cites evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| [Redbubble] . . . ."<br><br>Evidence:    Toy Decl. Exh. C | 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). | |
| 28.    Once an order is placed, the Redbubble Marketplace software automatically forwards the order information on behalf of the Seller to a third-party manufacturer or printer ("Manufacturer") based on criteria like the delivery location and product type.<br><br>Evidence:    Luthra Decl. ¶ 12 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Redbubble's cited evidence does not support the contention that its "software automatically forwards the order information *on behalf of the Seller*[.]" (Emphasis added.)<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  For example, Redbubble—through its | Brandy Melville does not actually dispute this statement; it merely quibbles about whether order information is forwarded on behalf of the Seller, and cites evidence that merely purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | software—decides which of its partner fulfillers creates infringing products based on the characteristics about the customer and the order. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | shippers—that ship products to customers.<br><br>Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61;  Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 29.   Manufacturers of orders placed through the Redbubble Marketplace are independent of Redbubble; they are not affiliates of Redbubble, | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a | Brandy Melville does not actually dispute this statement, other than that it purports to dispute whether fulfillers are |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| and Redbubble neither owns the manufacturing facilities or equipment nor employs any of the personnel.<br><br>Evidence:   Deshais Decl. ¶¶ 4-5, 11 | principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116). Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the | independent of Redbubble, and its evidence does include statements from Redbubble employees referring to its fulfillers as partners, but such statements are generally considered immaterial puffery, and the cited evidence does nothing to establish that Redbubble and fulfillers are partners or joint venturers from a legal standpoint. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F.Supp.2d 1098, 1113 (N.D. Cal. 2008); *Gucci America, Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D.N.Y. 2010) |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | manufacturer/fulfillers are Redbubble's partners. Evidence: Dkt. No. 36-1 ¶¶ 82-89; Dkt. No. 36-13 at 10, 11); Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | ("vague, puffery-like references to a 'partnership' … are not enough to support vicarious liability"). Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |
| 30.    Upon receipt of an order, the Manufacturer imprints the design onto the product type chosen by the customer, without any input or involvement from Redbubble. | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble does have input and involvement.  For instance, fulfillers put several types of Redbubble-branded packaging on products that | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Evidence:     Deshais Decl. ¶ 2 | were sold on the Redbubble Website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo. Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments.  In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do."  In one Redbubble TV video, Arnaud Deshais states:  "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of | Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners."  In one Redbubble TV video, Arnaud Deshais states:  "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | phone case, or the printing performs to our expectations." <u>Evidence</u>: Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-98 (Deshais Atari Dep. at 64:12-14, 65:3-11); Kelly Dec., Exs. 6, 7, 8. | |
| 31.     Redbubble personnel do not review product artwork prior to printing, participate in the manufacturing process, pack or ship the printed products, or perform pre-shipment quality control. <u>Evidence</u>:    Deshais Decl. ¶ 11 | DISPUTED AND SUBJECT TO OBJECTIONS <br> ████████████ <br> ████████████ <br> ████████████ <br> ████████████ <br> ████████████ <br> ████████ <br> ██████████ <br> █████████ <br> ███████ <br> ██████████ <br> ███████████ <br> █████████ <br> ████████████ <br> ████ | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble posted Redbubble TV videos publicly to promote the company for shareholder investments.  In one Redbubble TV video, Arnaud Deshais states: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do."  In one Redbubble TV video, Arnaud Deshais states: "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
|  | the data for a particular country, for a particular product, or a combination of product and country, we realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners."  In one Redbubble TV video, Arnaud Deshais states:  "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." <u>Evidence</u>: Dkt. No. 36-80; Dkt. No. 36-97 (Toy Dep. at 109:14-110:9); Dkt. No. 36-99 (Greenhough Atari Dep. at |  |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 36:14-18); Kelly Dec., Exs. 6, 7, 8. | |
| 32.   After a product is printed, a third-party shipper picks it up from the Manufacturer and ships the product directly to the customer.<br>Evidence:   Deshais Decl. ¶ 6 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>After the product is printed, fulfillers put several types of Redbubble-branded packaging on products, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo.<br>Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | [as] your agent specifically in relation to the sales transaction . . . ."  Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." Regarding the shippers, Redbubble has agreements with the shippers—FedEx, UPS, and other overseas shippers—that ship products to customers. Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. <br><br> Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-23; Dkt. No. 36-26; Dkt. No. 36-27; Dkt. No. 36-28; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 64:12-14, 65:3-11, 91:4- | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 33.     At all times between completion of manufacturing and the time the product is picked up by the shipper, the product remains with the third-party Manufacturer; Redbubble does not possess, physically handle, or even see the finished products. Evidence:     Deshais Decl. ¶¶ 7, 9, 11 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble publicly discloses to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.) Regarding manufacturers/fulfillers, Redbubble is partners with the manufacturers/fulfillers, and has "arrangements" with | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the manufacturers/fulfillers. Redbubble recognizes that "an agent can bind the principal to a contract." The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners. Evidence: Dkt. No. 36 at 9-12; Dkt. No. 36-1 ¶¶ 36-95, 102-118, 82-89, 159-169; Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 98:19-99:19, 100:2-15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |
| 34.    Redbubble has taken significant steps to prevent abuses of its Marketplace, and has devoted substantial resources toward eliminating third-party infringement on the Marketplace and improving existing anti-piracy measures.<br>Evidence:    Toy Decl. ¶¶ 8-22 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again."<br>"[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Brandy Melville's purported expert testimony is inadmissible; Redbubble incorporates by reference its Motion in Limine #1 (Gerson Daubert) [DE# 55]. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." Redbubble actively discourages users from reporting infringement and generally doesn't "go looking for similar works to remove from the marketplace." This is an improper opinion, not a fact. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-48; Dkt. No. 36-74; Dkt. No. 36-64; Dkt. No. 36-69;  Dkt. No. 36-71; Dkt. No. 36-72; Dkt. No. 36-73; Dkt. No. 36-74. | |
| 35.     Redbubble requires Sellers to confirm that they own and/or have the right to sell the content that they | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| upload and "will not infringe the intellectual property rights or any other rights of any person or entity…," both at the time they sign up as users and again each time they upload listings to the Marketplace. <br><br> Evidence:    Toy Decl. Exh. C; Luthra Decl. ¶ 5 | design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble.  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." | to the person who lists a product for sale as the Seller, and cites evidence that merely purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software.  Product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party | |

2911-1006 / 1617032.1

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, and handles and receives all items that are returned. Evidence: Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 36.    Under Redbubble's IP/Publicity Rights Policy, which is modeled on the Digital Millennium Copyright Act (17 U.S.C. § 512), if Redbubble receives notice that particular listings infringe a third-party's intellectual property rights, Redbubble promptly (typically within one business day) removes those listings and notifies the third-party Seller who uploaded them. Evidence:    Toy Decl. ¶¶ 6-7, Exh. D | **DISPUTED AND SUBJECT TO OBJECTIONS** On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬ ▬▬▬▬▬▬ Compared to other print-on-demand websites, Redbubble is one of the worst violators with respect to policing its marketplace for intellectual-property infringement. Evidence: Dkt. No. 1; Dkt. No. 36-8; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-80; Kelly | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). | |
| 37.    Per its IP/Publicity Rights Policy, Redbubble will "disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with infringing the copyrights, trademark rights, other intellectual property rights or publicity rights of others." | **DISPUTED AND SUBJECT TO OBJECTIONS** While Redbubble's policy may say this, Redbubble's actions certainly do not abide by the policy. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Brandy Melville's purported expert testimony is inadmissible; Redbubble incorporates |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Evidence:    Toy Decl. ¶ 7, Exh. D | There are hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were | by reference its Motion in Limine #1 (Gerson Daubert) [DE# 55]. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 125 sellers that were reported five or more times and 93 sellers reported six or more times." Evidence: Dkt. No. 36-8 (Gerson Dec., Ex. 4 ¶¶ 33-36); Kelly Dec., Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306). | |
| 38.    In accordance with its IP/Publicity Rights Policy, Redbubble has received over 91,500 takedown requests from content owners, and | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| pursuant to those requests, Redbubble removed more than 755,000 listings.<br><u>Evidence</u>:    Rickert Decl. ¶ 4 | | |
| 39.    Redbubble proactively polices the Redbubble Marketplace for potentially infringing content.<br><u>Evidence</u>:    Toy Decl. ¶ 22 | **DISPUTED, SUBJECT TO OBJECTIONS**<br>Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. ███████<br>██████████<br>██████████<br>████████████<br>█████████<br>████████████<br>████████████<br>██████████<br>██████████<br>Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 | Brandy Melville does not actually dispute this statement. To the extent that Brandy Melville questions the foundation of Mr. Toy's personal knowledge, Redbubble directs the Court to paragraph 1 of his declaration, which states that he is "Assistant General Counsel of Redbubble"; is "directly responsible for the implementation of Redbubble's IP/Publicity Rights |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | individual designs" "on any given day." ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ ▓ Evidence: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. | Policy and other intellectual property matters"; and "also work[s] closely with the Marketplace Integrity Team ('MPI Team') and have direct supervisory involvement in their activities, including their proactive activites." *See also* Brandy Melville SUF [DE# 36-1] ¶ 146. In fact, the Greenhough testimony cited by Brandy Melville confirms that Redbubble proactively polices for potentially infringing content. |
| 40.    Redbubble employs a 13-person Marketplace Integrity ("MPI") Team that | **DISPUTED AND SUBJECT TO OBJECTIONS** | Brandy Melville does not actually dispute this statement; its evidence merely purports to |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| proactively polices the Marketplace for potential infringement of marks belonging to Brandy Melville and over 300 other content owners, including some of the largest content owners in the world. Many of these content owners have large and diverse portfolios of intellectual property rights (i.e., copyrights, trademarks and publicity rights) in properties like TV shows and individual movies, or represent large rosters of musical artists. Evidence:    Toy Decl. ¶ 21 | However, the number of designs displayed on the Redbubble Website is "in the millions." Jenny Greenhough, the head of Redbubble's MPI Team, testified that only five people at Redbubble are responsible for handling takedown notices Redbubble receives. In addition, Mr. Toy lacks personal knowledge regarding the MPI Team and its work at Redbubble. | support additional "facts" that Brandy Melville considers relevant to its claims. While Brandy Melville points to purported testimony that "only five people at Redbubble are responsible for handling takedown notices," that testimony does not appear in the cited passages, and is irrelevant since as the Fact notes, the MPI Team primarily engages in proactive policing (which is different than responding to takedown notices). |

2911-1006 / 1617032.1

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Mr. Toy's lack of personal knowledge is further illustrated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." ▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮ Evidence: Dkt. No. 36-1 ¶¶ 140, 153, 194; Dkt. No. 40-4 ¶ 21; Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18, 38:7-11). | |
| 41.    Using information provided by content owners, Redbubble's MPI team uses proprietary software tools to search for | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that users who upload designs are the sellers. However, | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's reference to the person that |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| potentially infringing listings based on the Seller-generated titles, tags and descriptions. Evidence: Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 10, 12 | Redbubble is the seller and the principal. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns. Evidence: Dkt. No. 36-17; Dkt. No. 36-18; Dkt. No. 36-13 at 11; Dkt. No. 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). | applies titles, tags and descriptions to the listings as the Seller. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |
| 42.    Redbubble's MPI Team manually reviews search results, including images of the artwork for the listing, to identify content that matches policing guidelines created by Redbubble, | **DISPUTED, SUBJECT TO OBJECTIONS** Redbubble's "fact" is unsupported by admissible record evidence and is irrelevant given Redbubble's ongoing counterfeiting. Evidence: *E.g.*, Dkt. No. 36- | Brandy Melville does not actually dispute this statement.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| typically with the assistance of the content owner.<br>Evidence:    Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 12-18 | 62 to -69; Dkt. No. 36-1 ¶¶ 121, 122. | |
| 43.    Redbubble's MPI Team promptly removes or prevents any listing content matching its policing guidelines from appearing on the site proactively and without receiving a specific takedown notice from the rightsholder.<br>Evidence:    Luthra Decl. ¶¶ 13-14; Toy Decl. ¶ 12-18 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br>On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims, but that evidence does not even relate to proactive policing, the subject of this Fact. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-74; Dkt. No. 36-80. | |
| 44.    A third-party Seller whose works are removed through proactive policing is automatically notified upon removal and is otherwise treated in accordance with the IP/Publicity Rights Policy.  Evidence:    Toy Decl. ¶ 15 | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who | Brandy Melville does not actually dispute this statement; it merely quibbles with the reference to the person whose works are removed through proactive policing as a seller, and cites to evidence that purports to support additional "facts" that Brandy |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." None of these individuals and entities are "third-part[ies]" in the sense that they lack a relationship with Redbubble. Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its | Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | Lastly, product images are displayed on the Redbubble website long *before* an order is ever placed, and Redbubble advertises these products on its website and on third-party websites. Redbubble confirms the order with the customer, arranges for the product to be shipped to the customer, informs the customer when the order has been shipped, | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | and handles and receives all items that are returned. Redbubble continues to advertise, offer for sale, and sell designs solicited from users who repeatedly infringe Brandy Melville's trademarks. | |

Evidence:

Dkt. No. 36-13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44;

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-74; Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 45:15-24, 51:7-52:1); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. | |
| 45.    Only if a content owner collaborates with Redbubble by providing | **DISPUTED AND SUBJECT TO OBJECTIONS** | Brandy Melville does not actually dispute this statement; it merely |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| a complete list of what it believes its protected content is –logos, trademarks, characters, etc. – can Redbubble most effectively search for it and remove it from the Marketplace.  Evidence:    Toy Decl. ¶ 11 | The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge as to the allegation regarding content owner collaboration with Redbubble to effectively combat trademark infringement on Redbubble' website or the assertion that Brandy Melville has refused to provide a reasonable level of cooperation with Redbubble.  Indeed, Mr. Toy's declaration to these allegations constitutes improper opinion evidence, is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial.  (FRE 402, 403, 602, 701.)  Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illustrated by | objects that the person who oversees the MPI group, and specifically the proactive policing referenced in this fact, lacks foundation to testify on these issues.  Redbubble directs the Court to paragraph 1 of his declaration, which states that he is "Assistant General Counsel of Redbubble"; is "directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters"; and "also work[s] closely with the Marketplace Integrity Team ('MPI Team') and have direct |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | ▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬▬▬<br><br>Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." (Dkt. No. 40-4 ¶ 21.)  But ▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬  The Toy Declaration lacks foundation regarding the level of cooperation from Brandy | supervisory involvement in their activities, including their proactive activites."  *See also* Brandy Melville SUF [DE# 36-1] ¶ 146. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Melville, which is in any event inadmissible because it is irrelevant.  (FRE 401, 402.) The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is the result of inadmissible hearsay. Further, this is an improper opinion, not a fact. <u>Evidence</u>: Dkt. No. 36-1 ¶¶ 140, 194; Dkt. No. 40-4 ¶ 21. | |
| 46.     When content owners like Brandy Melville do not cooperate with Redbubble in its proactive policing process, Redbubble is forced to use its best judgment as to what terms a content owner might use to identify | **DISPUTED AND SUBJECT TO OBJECTIONS** Brandy Melville has informed Redbubble of its infringements numerous times. On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| colorable infringement.<br><br><u>Evidence</u>:    Toy Decl. ¶ 11 | for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | and used the LA Lightning Mark in advertisements on third-party websites. <br><br> Evidence: Dkt. No. 1; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80. | |
| 47.    Redbubble uses a combination of proprietary and third-party software to identify scaled and/or repeated abusers of the Redbubble user agreement. These tools look for Seller behavior or characteristics that may indicate that a Seller is a scaled abuser or repeat infringer, and when it finds a high-risk account, | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's characterization of the third-parties who list products for sale as Sellers, and cites to evidence that purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| it may automatically disable the account and remove it from the Marketplace or put it on a watch list to by monitored by the MPI Team.<br><br>Evidence:    Toy Decl. ¶¶ 19-20 | Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation."  Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ."  Redbubble recognizes that "an agent can bind the principal to a contract."<br><br>Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers.  The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble.  Further, whether | Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. <u>Evidence</u>: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. | |
| 48.    Redbubble's MPI team currently proactively policies for approximately 2,300 individual properties for content owners, and on any given day, the MPI Team will typically review and compare over 6,000 individual designs | **DISPUTED AND SUBJECT TO OBJECTIONS** ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ | Brandy Melville's dispute is based on a mischaracterization of deposition testimony. In the cited passage, Ms. Greenhough was asked "would you agree that members of the Marketplace Integrity Team look at |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| to its policing guidelines. Evidence: Toy Decl. ¶ 22; Rickert Decl. ¶ 6 | Evidence: Dkt. No. 36-99 (Greenhough Atari Dep. at 36:14-18). | thousands of works on Redbubble every day." Ms. Greenhough responded "I think thousands as a group, potentially, on some extreme days. Hundreds, certainly." This testimony is not in conflict with the evidence submitted by Redbubble, which was based on a review of the relevant documentation from Redbubble's files. |
| 49.    To date, the proactive policing efforts of the MPI Team have resulted in the disabling or removal of approximately 3,700,000 listings from the Redbubble Marketplace. And Redbubble has | **DISPUTED AND SUBJECT TO OBJECTIONS** This incorrectly presupposes that the user who uploads a design is the seller rather than a "user." This distinction is important because a "user" under the User Agreement | Brandy Melville does not actually dispute this statement; it merely quibbles with Redbubble's characterization of the disabled accounts as Seller Accounts, and cites to evidence that |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| disabled and/or terminated almost 670,000 Seller accounts for violation of Redbubble policies, including its IP/Publicity Rights Policy. <br><br> Evidence:    Rickert Decl. ¶¶ 9-10 | includes people who upload designs on the Redbubble Website and people who purchase products on the Redbubble Website. Contrary to what Redbubble's statement suggests, Redbubble is "the principal in the sale" because it is the "party primarily responsible for satisfying the performance obligation." Regarding artists/users, Redbubble "acts [as] your agent specifically in relation to the sales transaction . . . ." Regarding manufacturers/fulfillers, Redbubble (1) "is acting as a principal with respect to fulfillers as opposed to as an agent," (2) is partners with the manufacturers/fulfillers, and (3) has "arrangements" with the manufacturers/fulfillers. | purports to support additional "facts" that Brandy Melville considers relevant to its claims.  Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble owns and operates the Redbubble website (www.redbubble.com), and the software Redbubble uses was developed by its engineers. The Redbubble software performs its functions as Redbubble designed them, not automatically unbeknownst to Redbubble. Further, whether the software performs functions "automatically" is irrelevant, as Redbubble is ultimately performing the functions through its software. Redbubble allows repeat violators and sellers to continuously upload and sell products using the same | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | trademarks and copyrights that were reported previously Evidence: Dkt. No. 13 at 10, 11; Dkt. No. 36-43; Dkt. No. 36-44; Dkt. No. 36-45; Dkt. No. 36-51 at 51, 77; Dkt. No. 36-52 at 54; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306); Dkt. No. 36-85; Dkt. No. 36-97 (Toy Dep. at 17:16-18, 31:3-23, 98:19-99:19, 100:2-15, 107:16-108:15); Dkt. No. 36-98 (Deshais Atari Dep. at 25:18-20, 30:21-23, 44:2-6, 45:15-24, 51:7-52:1, 91:4-14); Dkt. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | No. 36-100 (Toy Atari Dep. at 12:2-4, 25:15-26:2, 57:14-25, 58:3-17); Dkt. No. 36-101; Kelly Dec., Exs. 14, 15, 16. | |
| 50.    Redbubble has disabled or removed approximately 400 listings under its proactive removal guidelines for Brandy Melville, covering around 7,200 products. Evidence:    Rickert Decl. ¶ 8 | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** | |
| 51.    The "Brandy Heart" mark was registered on July 11, 2017 as U.S. Trademark Registration No. 5,238,856. That registration covers a variety of products, including stickers and apparel, "consists of the | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| wording 'BRANDY MELVILLE' in black with a pink heart between BRANDY and MELVILLE." "The color(s) black and pink is/are claimed as a feature of the mark." <u>Evidence</u>:   Masur Decl. Exh. B | | |
| 52.   Brandy Melville does not use the Brandy Heart mark on stickers. <u>Evidence</u>:   Masur Decl. Exh. F at 109:22-110:8; 119:21-22; 127:1-11 | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** Brandy Melville has not used the Brandy Heart Mark on stickers. | |
| 53.   The "Brandy Flags" mark was registered on January 9, 2018 as U.S. Trademark Registration No. 5,373,397. That registration "consists of 'BRANDY MELVILLE' with a pair of | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| crisscrossed flags between the 'Y' and 'M.'" Evidence:    Masur Decl. Exh. C | | |
| 54.    The "LosAngeles Lightning" mark was registered on May 14, 2019 – two weeks before this suit was filed – as U.S. Trademark Registration No. 5,748,883. That registration "consists of [t]he word 'LOSANGELES' as one word without a space. The first letter of the word is stylized to resemble a lightning bolt. Below 'LOSANGELES' is the word 'CALIFORNIA' and the number '1984'. All of the words are in | **UNDISPUTED, BUT SUBJECT TO OBJECTIONS** | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| yellow. No claim is made to the exclusive right to use the following apart from the mark as shown: LOS ANGELES CALIFORNIA 1984." <u>Evidence</u>:   Masur Decl. Exh. D | | |
| 55.    The LosAngeles Lightning mark only covers "clothing, namely, T-shirts, tank tops and sweatshirts." <u>Evidence</u>:   Masur Decl. Exh. D | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's use of Brandy Melville's trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products.  Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit | Brandy Melville does not actually dispute this statement which, while ambiguous, was intended to verify that the LosAngeles Lightning registration only covers "clothing, namely, T-shirts, tank tops and sweatshirts." Brandy Melville's evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims.   Finally, |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | products with the LosAngeles Mark several times. Further, the marks' protections are not limited to the categories in the registration. This "fact" is an improper legal conclusion. <u>Evidence</u>:   *E.g.*, Dkt. No. 1; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. | Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |
| 56.    Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and "variations thereof (e.g., Brandy LA, www.brandymelvilleusa.com, etc.)," as well as | **PARTIALLY DISPUTED AND SUBJECT TO OBJECTIONS** It is undisputed that Brandy Melville claims common law trademark rights for its Brandy Melville name and graphic logo and variations | Redbubble incorporates by reference its Motion in Limine #4, on undisclosed marks. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| variations of the LA Lightning logo "(e.g., different colors)" although Brandy Melville has not provide any further information on specifically what those "variations" might be.<br><br>Evidence:   Masur Decl. Exh. A | thereof, as well as other unregistered marks. Brandy Melville has, however, repeatedly informed Redbubble about the scope of its infringement, as well as the "variations."  For example, on May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  And on May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | contained Brandy Melville designs. Further, on May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Evidence:  Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-55; Dkt. No. 1. | |
| 57.    On May 14, 2018, Redbubble received correspondence complaining that the phrase "Brandy Melville" was being used as a tag, and identifying | **DISPUTED AND SUBJECT TO OBJECTIONS** Brandy Melville disputes Redbubble's characterization. On May 14, 2018, Brandy Melville's counsel provided | Brandy Melville does not dispute that on May 14, 2018 Redbubble received correspondence; the Court can review the content to determine if |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| a handful of specific potentially infringing listings.<br><u>Evidence</u>:     Toy Decl. ¶ 23, Exh. E | Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.<br><u>Evidence</u>:  Dkt. No. 36-53. | the characterization is accurate. |
| 58.     By May 15, 2018, Redbubble had removed the listings that Brandy Melville complained about in its May 14, 2018 correspondence, and advised Brandy Melville that "if there are any additional specific designs hosted on the marketplace that you would like removed, please identify those for us, and we will ensure that they are promptly removed in a manner | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs.<br>On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| consistent with Redbubble's IP and publicity rights policy." <u>Evidence</u>:   Toy Decl. ¶ 24, Exh. F; Rickert Decl., Ex. A | notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Moreover, Redbubble's Toy Decl. Exh. F provides Brandy Melville's counsel's response to Redbubble's claim that it removed the listings complained of in the May 14, 2018 letter: "Thank you for the response. I just searched for "Brandy Melville" on your site, and there continue to be over 1,000 results, including many products that specifically incorporate BRANDY MELVILLE." <u>Evidence</u>: Dkt. No. 1; Dkt. No. 36-59, 60; Dkt. No. 40-10 | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 59.    Brandy Melville did not identify additional designs, and after May 15, 2018, Redbubble did not hear again from Brandy Melville for over a year, when it learned that Brandy Melville had filed this lawsuit. Evidence:    Toy Decl. ¶ 24 | **DISPUTED, SUBJECT TO OBJECTIONS** The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration regarding the allegation that "[a]fter May 15, 2018, Redbubble did not hear from Brandy Melville again until after this lawsuit was filed."  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602.) | Brandy Melville does not actually dispute this statement; while it objects to Mr. Toy's Declaration, it did not offer any evidence that it did in fact identify additional designs between May 15, 2018 to the filing of the Complaint, although it is Brandy Melville's burden on this issue, which pertains to Brandy Melville's prima facie contributory infringement claim.  To the extent that Brandy Melville questions the foundation of Mr. Toy's personal knowledge, Redbubble directs the Court to paragraph 1 of his |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | | declaration, which states that he is "Assistant General Counsel of Redbubble"; is "directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters"; and "also work[s] closely with the Marketplace Integrity Team ('MPI Team') and have direct supervisory involvement in their activities, including their proactive activites." *See also* Brandy Melville SUF [DE# 36-1] ¶ 146. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 60.    Each time that Brandy Melville identified specific listings that it alleged were infringing its marks (including in the Complaint), Redbubble promptly removed the designs identified by Brandy Melville. <u>Evidence:</u>    Toy Decl. ¶ 25; Rickert Decl., Exh. A | **DISPUTED AND SUBJECT TO OBJECTIONS** The same Brandy Melville designs repeatedly appeared. On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Mark in advertisements on third-party websites. <br> Evidence: Dkt. No. 1; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Declaration of Philip Paley, filed concurrently, Ex. 4. | |
| 61.    Upon receiving notice of the Complaint, Redbubble also began proactively policing for the intellectual property that Brandy Melville had identified and continues to do so, although Brandy Melville has not cooperated in these efforts to date, rendering Redbubble's policing efforts more difficult. | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address. | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Evidence: Toy Decl. ¶ 26; Rickert Decl., ¶¶ 8-10 | On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. ▬▬▬▬▬ ▬▬▬▬▬ ▬▬▬▬▬ | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▬▬▬ ▮▮▮▮▮ <br><br> <u>Evidence</u>: Dkt. No. 1; Dkt. No 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. 36-62, 63, 64, 65, 66, 67, 68, 69; Paley Dec., Ex. 4. | |
| 62.    Redbubble applied its repeat infringer policy to third-party sellers who listed the designs identified by Brandy Melville. <br><br> <u>Evidence</u>:    Toy Decl., ¶¶ 7, 19; Rickert Decl., ¶ 7 | **DISPUTED AND SUBJECT TO OBJECTIONS** <br> Redbubble allows repeat violators and sellers to continuously upload and sell products using the same trademarks and copyrights that were reported previously. Brandy Melville's expert witness has seen hundreds of cases where a user "on Redbubble has been reported multiple times but continues to launch the same or new products and infringe the same brand over and over again." "[O]f the 4,356 | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims, namely that its expert purportedly found instances unrelated to Brandy Melville in which the accounts of certain alleged repeat infringers were not disabled or terminated. Redbubble incorporates by reference its Motion |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | sellers that were reported by our clients to Redbubble, 1,081 of them were repeat infringers and had more than one report submitted to Redbubble for an intellectual property violation." <br><br> "The number of times that a seller on Redbubble had to be reported more than once, prior to account suspension, ranged from two to 34 unique reports to Redbubble. I found that 412 sellers were reported three or more times, and 195 reporters were reported four or more times. There were 125 sellers that were reported five or more times and 93 sellers reported six or more times." <br><br> <u>Evidence</u>: Dkt. No. 36-8 at ¶¶ 33-36; Dkt. No. 36-62, 63, 64, 65, 66, 67, 68, 69; Paley Dec., Ex. 4. | in Limine #1 (Gerson Daubert) [DE# 55]. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 63.    Since Redbubble began proactively policing for Brandy Melville content, there have been no sales through the Marketplace of products bearing the images depicted in Brandy Melville's registrations.<br><br>Evidence:    Rickert Decl. Exh. B | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Marks. This post-dates—by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Marks beginning on May 31, 2019.<br><br>This also does not take into account Redbubble's advertising, offering to sell, and sale of Brandy Melville's unregistered trademarks. | Brandy Melville does not dispute this statement as it pertains to marks other than the LosAngeles Lightning Mark, and for that mark, Brandy Melville does not dispute that there have been no sales through the Redbubble Marketplace of apparel products bearing the images depicted in Brandy Melville's registrations. Its evidence merely purports to support additional "facts" that there have been sales of products bearing the LosAngeles Lightning mark that fall outside the trademark classes that mark was registered for. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| |  Evidence: Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865; Paley Dec., Ex. 4. | |
| 64.   No product bearing the Brandy Flags mark has ever been sold through the Redbubble Marketplace. Evidence:   Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | **UNDISPUTED, SUBJECT TO OBJECTIONS** Redbubble's use of Brandy Melville's trademarks, including the Brandy Flags Mark, is not limited just to its sale of infringing and counterfeit products. | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Redbubble's use includes advertising and offering to sell infringing and counterfeit products.  Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the Brandy Flags Mark several times. Evidence:    Dkt. No. 36-71 at RBBM016078, RBBM016082, RBBM016092, RBBM016094; Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. | Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |
| 65.    There has been no sale through the Redbubble Marketplace of any product displaying the LosAngeles Lightning mark on clothing, the only goods that mark was registered for. | **DISPUTED AND SUBJECT TO OBJECTIONS** Plaintiff registered the LA Lightning Mark on May 14, 2019, and Redbubble offered for sale counterfeit "T-shirts, tank tops or sweatshirts" bearing the LA Lightning | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| Evidence:    Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | Mark on November 16, 2019. Redbubble's own evidence demonstrates that Redbubble sold infringing and counterfeit products bearing the LosAngeles Lightning Mark.  The Rickert Declaration explains that its Exhibit A "show information about each listing that Redbubble is aware of . . . that were listed as T-shirts, tank tops or sweatshirts with the image depicted and described in the registered 'LOSANGELES LIGHTNING' mark[.]" Exhibit A of the Rickert Declaration identifies *multiple* iterations of the LosAngeles Lightning Mark that Redbubble advertised, offered for sale, and/or sold on the Redbubble website. Exhibit A even identifies the | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | total amount of service fees Redbubble collected on these sales.<br><br>In any event, Redbubble's use of Brandy Melville's trademarks, including the LosAngeles Lightning Mark, is not limited just to its sale of infringing and counterfeit products.  Redbubble's use includes advertising and offering to sell infringing and counterfeit products.  Redbubble's records confirm it has advertised and offered for sale infringing and counterfeit products with the LosAngeles Lightning Mark several times.<br><br>Evidence:    Dkt. No. 36-71; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8; Dkt. No. 36-19, 20, 21, 22; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 66.     Although just over US$5,000 of products featuring the Brandy Hearts mark have been sold through the Marketplace, those sales were either stickers (on which Brandy Melville doesn't actually use the mark) or products that are not covered by that trademark registration. Evidence: Rickert Decl. Exhs. A-B; Toy Decl. ¶ 35 | **DISPUTED AND SUBJECT TO OBJECTIONS** Brandy Melville also places the Brandy Melville Mark— which was registered on July 11, 2017 and protects clothing—on its apparel, and the record confirms that Redbubble offered for sale counterfeit clothing bearing the mark on, inter alia, April 28, 2020. Redbubble's use of Brandy Melville's trademarks, including the Brandy Hearts Mark, is not limited just to its sale of infringing and counterfeit products. Redbubble's use includes advertising and offering to sell infringing and counterfeit products. Redbubble's records confirm it has advertised and offered for sale | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Moreover, Brandy Melville's assertion that it "also placed the Brandy [Hearts] Mark … on its apparel" is misleading to the extent that it is intended to refer to Brandy Melville's use of a mark on an internal collar label rather than as an ornamental design on the face of the product; because there are no allegations that any product sold through the Redbubble |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | infringing and counterfeit products with the Brandy Hearts Mark several times. <u>Evidence</u>: Dkt. No. 1 at 3-5; Dkt. No. 40-4 (Toy Dec., ¶ 35); Dkt. No. 40-15, 16; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754). | Marketplace includes a Brandy Melville mark on an internal collar label, any such use by Brandy Melville is immaterial to its groundless counterfeiting claims. |
| 67.    There is no evidence that Redbubble is a partner with the third-party manufacturers; there is certainly no legally registered partnership, and the manufacturers all operate independently, and can and do decide independently whether to fulfill orders routed through the Redbubble Marketplace. <u>Evidence</u>:    Deshais Decl. ¶¶ 4, 11; Toy Decl. ¶ 30 | **DISPUTED AND SUBJECT TO OBJECTIONS** Redbubble's parent company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." Redbubble recognizes that "an agent can bind the principal to a contract." Redbubble stated in a publicly disclosed video that: "It's actually really important for us to have a global network of fulfillers.  These are | Brandy Melville purports to dispute this fact, and its evidence does include statements from Redbubble employees referring to its fulfillers as partners, but such statements are generally considered immaterial puffery, and the cited evidence does nothing to establish that Redbubble and fulfillers are partners from a legal standpoint. *Louis Vuitton Malletier, S.A. v.* |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | companies that we partner with to produce our goods." In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia.  And we work with them to design and develop the product because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." | *Akanoc Solutions, Inc.*, 591 F.Supp.2d 1098, 1113 (N.D. Cal. 2008); *Gucci America, Inc. v. Frontline Processing Corp.,* 721 F. Supp. 2d 228 (S.D.N.Y. 2010) ("vague, puffery-like references to a 'partnership' … are not enough to support vicarious liability"). |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer—stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." | |
| | Only Redbubble—and neither the user who uploaded the | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | design on Redbubble's website nor the customer who purchased the good on Redbubble's website—interacts with the fulfiller. Redbubble arranges for the fulfiller to be paid for the products it manufactures that are sold on the Redbubble Website.  Fulfillers put several types of Redbubble-branded packaging on products that were sold on the Redbubble Website, including poly bags, stickers, tags, and hang tags bearing the Redbubble name or Redbubble logo.  Redbubble asks fulfillers to include Redbubble-branded hang tags or stickers on products shipped to consumers. Evidence: Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
|  | No. 36-98 (Deshais Atari Dep. at 21:7-17, 44:2-6, 49:23-25, 50:7-51:4, 91:4-14); Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Kelly Dec., Exs. 6, 7, 8. |  |
| 68.    Redbubble does not have the authority to bind manufacturers in transactions with third-parties, or vice versa.<br><br>Evidence:    Toy Decl. ¶ 30 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Redbubble's partner company disclosed in its 2018 Annual Report that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent." Redbubble recognizes that "an agent can bind the principal to a contract." In a video Redbubble publicly released, Redbubble stated: "It's actually really important for us to have a global network of fulfillers.  These | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Brandy Melville does point to testimony from Redbubble that it generally understands the legal principle that an agent can bind a principal to a contract, but there is no evidence that manufacturers can or have bound |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | are companies that we partner with to produce our goods." In a video Redbubble publicly released, Vicki Stirling (GM, Products) stated: "We work really closely with our suppliers to make sure the product is suitable to the local market"; "The suppliers of Redbubble products are based all around the world, in the U.S., in Canada, the U.K., Europe, and Australia.  And we work with them to design and develop the product because they know their local market best and they will ensure that the products that we launch in their market suit that relevant consumer"; "And we have a team of product developers whose job it is to make sure that all Redbubble products fit to the Redbubble standard." | Redbubble in transactions with third parties or vice versa. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | In a video Redbubble publicly released, Arnaud Deshais—Redbubble's chief supply chain officer—stated: "Redbubble's supply chain is quite unique in the sense that we do not have our own operating operations.  We rely on a third-party network of partners that are very good at what they do"; "Control of quality and service goes through a constant measurement on the different metrics that we have.  We measure every single step of the experience.  We measure the speed of delivery, we measure the quality score, we measure the feedback from customers. . . . And based on the data for a particular country, for a particular product, or a combination of product and country, we | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | realize where we have our highs and lows, and we try to benefit from that understanding to take action in the field whether it's with a better carrier or better printing partners"; and "We also have our quality manager physically visit every single fulfiller and perform quality controls at the location of printing to make sure that the blank products, whether it's a tee-shirt or a phone case, or the printing performs to our expectations." Evidence:   Dkt. No. 36-51 at 51; Dkt. No. 36-97 (Toy Dep. at 98:4-99:19, 100:2-22); Dkt. No. 36-98 (Deshais Dep. at 21:7-17, 44:2-6, 49:23-25, 50:7-51:4, 91:4-14);  Dkt. No. 36-100 (Toy Atari Dep. at 25:15-26:2, 57:14-25); Kelly Dec., Exs. 6, 7, 8. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| 69.    Redbubble is unaware of specific designs uploaded and listed for sale by third-party Sellers on the Marketplace, including specifically the designs for the Accused Products, absent notification from rightsholders.<br><br>Evidence:    Deshais Decl. ¶ 11 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br><br>Redbubble had been notified by Brandy Melville several times about infringing designs, yet those designs continued to be offered for sale.<br><br>This incorrectly presupposes that users who upload designs are the sellers.  Redbubble is the seller. Redbubble controls the entire sale process for every product listed on its website. This includes posting advertisements, processing payments, directing manufacturers to create the product, arrange for shipping, and receiving returns.<br><br>Evidence: Dkt. No. 1; Dkt. No. 36-13 at 11; Dkt. No. 36-17, 18; Dkt. No. 36-58, 59, 60; Dkt. No. 36-80; Dkt. No. | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. Finally, Brandy Melville's dispute is also based on legal conclusions, not underlying facts. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | 36-97 (Toy Dep. at 118:24-120:1); Dkt. No. 36-98 (Deshais Atari Dep. at 65:15-21). | |
| 70.    Whenever Brandy Melville notified Redbubble that specific listings infringed Brandy Melville's rights, Redbubble promptly removed them.<br>Evidence:    Toy Decl. ¶ 29 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>On May 14, 2018, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website offered for sale products using Brandy Melville trademarks, including the Brandy Melville Mark and a design that features Brandy Melville's web address.  On May 15, 2018 and June 26, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale many products that specifically incorporated the Brandy | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Melville name or contained Brandy Melville designs. On May 28, 2019 and July 19, 2019, Brandy Melville's counsel provided Redbubble notice that the Redbubble Website still offered for sale products that contained Brandy Melville designs, used the Brandy Melville name in advertisements on Google, and used the LA Lightning Mark in advertisements on third-party websites. Redbubble has advertised, offered, for sale, and sold goods with a mark identical to the LA Lightning Mark in April 2020. | |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
|---|---|---|
| | Evidence: Dkt. No. 1; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-80. | |
| 71.    Redbubble implemented numerous proactive measures to prevent listings that Brandy Melville might consider infringing from being offered for sale on the Redbubble Marketplace, despite Brandy Melville's unwillingness to cooperate with that process.<br>Evidence:    Toy Decl. ¶¶ 8-23 | **DISPUTED AND SUBJECT TO OBJECTIONS**<br>Just a few weeks ago, Redbubble sold several stickers and phone cases bearing counterfeits of the LosAngeles Lightning Mark. This post-dates—by nearly a year—Redbubble's purported policing of its website for sales of the LosAngeles Lightning Mark beginning on May 31, 2019.<br>This also does not take into account Redbubble's advertising, offering to sell, | Brandy Melville does not actually dispute this statement; its evidence merely purports to support additional "facts" that Brandy Melville considers relevant to its claims. |

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply |
| --- | --- | --- |
| | and sale of Brandy Melville's unregistered trademarks. Evidence: Dkt. No. 36-62; Dkt. No. 36-63; Dkt. No. 36-64; Dkt. No. 36-65; Dkt. No. 36-66; Dkt. No. 36-67; Dkt. No. 36-68; Dkt. No. 36-69; Dkt. No. 36-76 at RBBM016865. | |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
| --- | --- |
| 203.   Brandy Melville owns the "Brandy Flag Mark," bearing United States Patent and Trademark Office Registration No. 5,373,397 and registered on January 9, 2018.<br><br>Dkt. No. 40-20. | Undisputed. |
| 204.   Brandy Melville owns several unregistered trademarks for its name and graphic logos.<br><br>E.g., Dkt. No. 40-18 (at 5) | Disputed and unsupported, as well as hearsay. Brandy Melville's sole support for this claim is its own discovery response, which asserts that Brandy Melville has accused Redbubble of infringing unregistered trademarks, |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| | without providing any support for the claim that the purported marks are protectable.<br><br>Dkt. No. 40-18 (at 5) |
| 205.  Redbubble does not sell used products and its products are created after a customer makes a purchase on the Redbubble website.<br><br>Request for Judicial Notice, Ex. 1 (at 20:15-34) | Disputed but immaterial. Redbubble does not make or sell products, so disputes reference to the phrase "its products." There is no relevance or materiality to when the products are made. The purported evidence is inadmissible; Redbubble incorporates by reference its Motion in Limine #2 (Foreign Lawsuits) [DE# 56]. *See generally* SUF 5-6, 10, 12, *supra*. |
| 206.  On its website, Redbubble advertises that a design was "Designed by"—not "Advertised by," "For Sale by," or "Sold by"—a user.<br><br>*E.g.*, Dkt. No. 36-57; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60; Dkt. No. 36-61; Dkt. No. 40-13. | Disputed but immaterial. Redbubble does not advertise on its site. However, the template that third-party Sellers use to list/advertise their products states that the product is "designed by" the Seller. *See generally* SUF 6-7, 10, 12, 23-24, *supra*. |
| 207.  Redbubble advertises specific designs that it selects from its website | Undisputed that Redbubble creates advertisements for itself, including the |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| through its video advertisements on YouTube.<br><br>Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, Exs. 9, 10, 11. | cited evidence, but immaterial, since none of these designs are at issue in this lawsuit, and lacks foundation, incomplete, and misleading to the extent that this may imply that all such advertisements contain specific designs selected by Redbubble.<br><br>Kelly Dec. [DE# 45-11], Exs. 9, 10, 11 [DE## 45-15, -16, -17]. |
| 208.   Redbubble does not get paid unless a sale is made on its website.<br><br>Request for Judicial Notice, Ex. 1 (at 27:11-32). | Undisputed, but the purported evidence is inadmissible; Redbubble incorporates by reference its Motion in Limine #2 (Foreign Lawsuits) [DE# 56]. |
| 209.   Redbubble's requirements for its fulfillers include requiring them to use, *inter alia*, materials that are ethically sourced.<br><br>Request for Judicial Notice, Ex. 1 (at 35:10-28). | Disputed but immaterial and unsupported by admissible evidence. Redbubble requires fulfillers to agree to use materials that are ethically sourced as a condition to them participating in the Marketplace. The purported evidence is inadmissible; Redbubble incorporates by reference its Motion in Limine #2 (Foreign Lawsuits) [DE# 56]. |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| 210.   Redbubble has advertised on its website and offered for sale counterfeit products bearing the Brandy Flags Mark.<br><br>*E.g.*, Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690. | Disputed and unsupported. The cited evidence merely states that products bearing the Brandy Flags logo have been advertised and offered for sale by Sellers on the Redbubble Marketplace. It does not and cannot say that Redbubble itself advertised or offered the products for sale, nor does it establish that the products offered through the Redbubble Marketplace with the Brandy Flags logo both fall within the product classes of the Brandy Flags registration and are the types of products on which Brandy Melville itself uses the mark, as required for a finding of counterfeiting.<br><br>Dkt. No. 40-15 at 7; Dkt. No. 40-16 at 690; *see generally* SUF 5-7, 10, 12, 23-24, *supra*. |
| 211.   Redbubble has advertised on its website and third-party websites, offered for sale, and sold products that infringe Brandy Melville's unregistered trademarks. | Disputed and unsupported. The cited evidence proves at most that products bearing what Brandy Melville claims to be unregistered marks are advertised, offered for sale and sold by Sellers on the Redbubble Marketplace. It does not |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| *E.g.*, Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-58; Dkt. No. 36-60; Dkt. No. 36-71. | prove that Brandy Melville has rights in the images, nor does it prove that Redbubble advertised, offered for sale or sold the products. It did not.

*See generally* SUF 5-7, 10, 12, 23-24, *supra*; Dkt. No. 36-19; Dkt. No. 36-20; Dkt. No. 36-21; Dkt. No. 36-22; Dkt. No. 36-53; Dkt. No. 36-54; Dkt. No. 36-58; Dkt. No. 36-60; Dkt. No. 36-71. |
| 212.   Redbubble plainly infringes several different brands, trademarks, and forms of intellectual property.

Declaration of Francisco Cuellar, filed concurrently, Ex. 5; Kelly Dec., Ex. 13; Dkt. No. 36-29; Dkt. No. 36-30; Dkt. No. 36-49; Dkt. No. 36-50; Dkt. No. 36-71. | Disputed and immaterial. While the cited evidence discloses what appears to be logos and images of content from content owners other than Redbubble, it does not prove that the content infringes, as it does not speak to whether the uses are authorized or tolerated by the content owner, fair uses, or otherwise not actionable. Moreover, the evidence is immaterial, since it does not pertain to the marks at issue in this case or any elements of Brandy Melville's claims. This purported evidence is inadmissible; Redbubble incorporates by reference its Motions in Limine Nos. 6 [DE# 60] |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
|  | (Third-Party IP) and 7 [DE# 61] (Undisclosed Witnesses). Cuellar Dec. [DE# 45-9], Ex. 5 [DE# 45-10]; Kelly Dec. [DE# 45-11], Ex. 13 [DE# 45-19]; Dkt. No. 36-29; Dkt. No. 36-30; Dkt. No. 36-49; Dkt. No. 36-50 |
| 213.   Redbubble's expert averred that Amazon and other "large marketplaces" are "in very different businesses than Redbubble." Kelly Dec., Ex. 12 (at ¶ 14). | Disputed but immaterial. Redbubble's expert averred that Amazon and other large marketplaces are in different businesses because they are larger and offer more and different types of products than Redbubble. Kelly Dec. [DE# 45-11], Ex. 12 [DE# 45-18] (at ¶¶ 14-18). |
| 214.   Redbubble does not offer genuine Brandy Melville goods. *E.g.*, Dkt. No. 1; Dkt. No. 36-15; Dkt. No. 36-58; Dkt. No. 36-59; Dkt. No. 36-60. | Undisputed, since Redbubble does not offer any goods. *See generally* SUF 5-7, 10, 12, 23-24, *supra*. |
| 215.   Counsel for the plaintiff in *The Ohio State University v. Redbubble* | Undisputed but immaterial. |

| | Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | *Inc.*, No. 19-3388 (6th Cir.) conceded | |
| 4 | to the Sixth Circuit Court of Appeals | |
| 5 | that the *Ohio State* plaintiff moved for | |
| 6 | summary judgment "admittedly very | |
| 7 | early" and without taking any | |
| 8 | depositions in the district court. | |
| 9 | | |
| 10 | Request for Judicial Notice, Ex. 1 (at | |
| 11 | 23:30-50, 38:40-55). | |
| 12 | 216.   The district court in *Ohio State* | Disputed. It is unclear what "one form of |
| 13 | evaluated only one form of "use" under | use" Brandy Melville is referring to, but |
| 14 | the Lanham Act and did not evaluate | the *Ohio State* opinion addressed |
| 15 | the several other forms that Brandy | manufacturing, offering, selling, |
| 16 | Melville has pursued here. | advertising on the website and outside |
| 17 | | advertising (i.e., the same direct |
| 18 | *E.g.*, Request for Judicial Notice, Ex. 1 | infringement arguments that Brandy |
| 19 | (at 28:08-29:11), Ex. C (at 16-26). *The* | Melville has raised in this case) |
| 20 | *Ohio State Univ. v. Redbubble*, 369 F. | |
| 21 | Supp. 3d 840, 845 (S.D. Ohio 2019). | *The Ohio State Univ. v. Redbubble*, 369 |
| 22 | | F. Supp. 3d 840, 844-47 (S.D. Ohio |
| 23 | | 2019) (noting that Redbubble is "not |
| 24 | | directly producing the goods;" that third- |
| 25 | | party Sellers, not Redbubble, "list goods |
| 26 | | for sale" and sell the products;  that |
| 27 | | Redbubble did not advertise the Accused |
| 28 | | |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| | Products on its Marketplace because "Redbubble is not the one placing Ohio State's marks on its website. Rather, the marks are uploaded by the independent artists;" and that Ohio State's allegations that Redbubble used the marks in advertising on third-party websites were "too conclusory" to support a claim |
| 217.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble had to rely on facts outside the record to make his oral argument before the Sixth Circuit.<br><br>Request for Judicial Notice, Ex. A (at 21:00-22:43). | Disputed and immaterial. As is apparent from the cited testimony, Redbubble's counsel referenced facts outside the record because the Court asked a question that could not be answered with facts that were in the record. |
| 218.   The International Trademark Association informed the Sixth Circuit in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.) that, in the district court, *The Ohio State* court had an incomplete factual record with respect to "whether Redbubble acted as a 'seller'" and "the | Undisputed but immaterial. |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| degree to which Redbubble advertises or encourages advertising of the allegedly infringing products."<br><br>Request for Judicial Notice, filed concurrently, Ex. 3 (at ii). | |
| 219.   As evidence by their lack of Bates numbers, Exhibits A and B of the Declaration of Rickert were never produced in this litigation.<br><br>Dkt. No. 40-15; Dkt. No. 40-16. | Disputed as to the content of the documents. Exhibits A and B to the Rickert Declaration consist primarily of excerpts from the documents that Redbubble produced bearing Bates Nos. RBBM009329-15991 and RBBM016058-99 (the latter of which was relied upon by Brandy Melville as Exhibit 64 to its motion for partial summary judgment, DE# 36-71), but were limited to reflect listings at issue for Redbubble's Motion, and updated to include listings removed by Redbubble after the reports were produced.<br><br>Dkt. No. 40-15; Dkt. No. 40-16; Rickert Supp. Decl., filed herewith, ¶ 9. |
| 220.   Redbubble offered for sale counterfeit "T-shirts, tank tops or | Disputed and unsupported. The evidence merely shows that a third-party Seller |

| | Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|---|
| 1 2 | | |
| 3 4 5 6 7 8 9 10 11 12 | sweatshirts" bearing the LA Lightning Mark on November 16, 2019.<br><br>Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465). | uploaded the listing; it does not prove that the listing was ever visible on the Marketplace. It was not. Nor does it prove that Redbubble offered any products, much less those identified by this purported "fact"; it did not.<br><br>Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 8 (work_id 42545465); Rickert Supp. Decl., filed herewith, ¶ 3 and Exh. C. |
| 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 221.   Redbubble offered for sale counterfeit clothing bearing the Brandy Melville Mark on, *inter alia*, April 28, 2020.<br><br>Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754). | Disputed and unsupported, and immaterial. The evidence merely shows that a third-party Seller uploaded the listing; it does not prove that the listing was ever visible on the Marketplace. It was not. Nor does it prove that Redbubble offered any products, much less those identified by this purported "fact"; it did not. Nor does it show that the listings are "stitch for stitch" copies of Brandy Melville clothes. No such comparison can be made because Brandy Melville did not offer evidence of its products in this Fact or what product(s) the listing in question was offered on. |
| 28 | | |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| | And Brandy Melville testified that it does not use the Brandy Heart logo on clothes, other than on tags, confirming that the products identified with this fact are not "stitch for stitch" copies, and therefore not counterfeit. |
| | DE# 38-1 at 109:22-110:4; Dkt. No. 40-14 ¶ 11; Dkt. No. 40-15 at 1 (work_id 47408754); Rickert Supp. Decl., filed herewith, ¶ 4 and Exh. D. |
| 222.   Redbubble offered for sale goods bearing the Brandy Flag Mark after January 9, 2018.<br><br>Dkt. No. 40-15 at 7 | Disputed and unsupported, and immaterial. The evidence merely shows that a third-party Seller uploaded the listing; it does not prove that the listing was ever visible on the Marketplace. It was not. Nor does it prove that Redbubble offered any products, much less those identified by this purported "fact"; it did not. Nor does it show that the listings are "stitch for stitch" copies of Brandy Melville clothes. No such comparison can be made because Brandy Melville did not offer evidence of its |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| | products in this Fact, or what products the Brandy Flag logo was purportedly offered on. |
| | DE# 38-1 at 109:22-110:4; Dkt. No. 40-15 at 7; Rickert Supp. Decl., filed herewith, ¶¶ 5-8 and Exhs. E-H. |
| 223.  ███████████<br>███████████<br>███████████<br>███████████<br><br>Dkt. No. 36-91. | Immaterial and not supported by the cited evidence, which does not relate to Brandy Melville's knowledge or website at all. To the extent that "fact" 223 is interpreted to mean that Redbubble knew in June 2018 that the search term "brandy melville" was one of the top five converting terms on redbubble.com, disputed and immaterial.  The cited evidence does not relate to June 2018; it relates to the one-year period ending June 1, 2018.  The cited evidence actually shows that "brandy melville" was *not* one of the top five converting terms on the website; rather, it shows that at least "vine" (96237 adds to cart), "parks and rec" (41892 adds to cart), |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| | "beach" (40705 adds to cart), "yellow" (40482 adds to cart), "travel" (36180 adds to cart), "preppy" (31108 adds to cart), "black and white" (30315 adds to cart), "christian" (26515 adds to cart), and "california" (24681 adds to cart), had higher conversions than "brandy melville." Moreover, the "fact" is not merely immaterial, but fundamentally irrelevant to any disputed issue of law, because allowing users to search a website for terms of their choosing does not colorably infringe any trademark right. *See, e.g.*, *Multi Time Machine, Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935-36 (2015). And the cited evidence does not relate in any way to Redbubble's general corporate knowledge, or its knowledge related to intellectual property issues; at most, it establishes that certain Redbubble employees with responsibility for search strategy were aware that searches for the term "brandy melville" were resulting in |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|---|
| 3 4 | | addition of products to customers' shopping carts. |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 | 224.   At the oral argument in *The Ohio State University v. Redbubble Inc.*, No. 19-3388 (6th Cir.), counsel for Redbubble conceded:  "[W]hat Redbubble does in that transaction is it facilitates. . . .  There's a very well-developed doctrine of contributory trademark infringement. . . . But Ohio State didn't bring a contributory infringement claim. . . . To the extent Redbubble has a role, the role is as a facilitator, and under the law, as set forth in *Coach*, which set forth these distinctions, to the extent there might be liability as a facilitator, it's under a doctrine of contributory infringement that wasn't asserted in this case."  Request for Judicial Notice, Ex. 1 (at 31:36-34:03; *see also id.* at 25:30-42). | Undisputed but immaterial and incomplete, since contributory infringement was not asserted in that case, and is specific to the case at hand (i.e., the defendant must have notice of specific infringing listings).  *Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93 (2nd Cir. 2010). |
| 25 26 27 | 225. ███████████ ███████████ ███████████ | Disputed and unsupported. The cited evidence does not show that a user uploaded designs that allegedly infringe |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| ███████████████████ ███████████████████ ████████████████████ ████████████ <br><br>*E.g.*, Kelly Dec., Ex. 14; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571). | the marks in suit after being taken down (it shows that all but one of those listings were made within 7 minutes of one another, suggesting that they were made in a single session, and the user did not relist these listings after they were removed in response to Brandy Melville's Complaint) or that Redbubble continues to advertise, offer for sale or sell designs from that user that allegedly infringe Brandy Melville's trademarks. Nor does it show that Redbubble itself advertised offer for sale or sold anything, or solicited designs from this user. <br><br>Kelly Dec. [DE# 45-11], Ex. 14 [DE# 45-20]; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571). |
| 226. ███████████████ ███████████████████ | Disputed and unsupported. The cited evidence, which shows data concerning |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ <br><br> *E.g.*, Kelly Dec., Ex. 15; Dkt. No. 36-71 at RBBM016069 (work_id 43331716). | a single uploaded listing, does not show either that the user uploaded designs infringing Brandy Melville's intellectual property rights more than once, or that Redbubble continues to advertise, offer for sale or sell designs from that user that allegedly infringe Brandy Melville's trademarks; in fact, the cited evidence explicitly shows that work_id 43331716, which was created on December 18, 2019, was proactively moderated by Redbubble's MPI team on December 19, 2019, and does not establish whether that listing was ever visible to potential customers. Nor does it show that Redbubble itself advertised offer for sale or sold anything, or solicited designs from this user. <br><br> Kelly Dec. [DE# 45-11], Ex. 15 [DE# 45-21]; Dkt. No. 36-71 at RBBM016069 (work_id 43331716). |
| 227. ████████████████ ████████████████ ████████████████ | Disputed and unsupported. The cited evidence, which shows data concerning a single uploaded listing (which is |

| Plaintiff's Uncontroverted Fact / Supporting Evidence | Defendant's Response |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮<br><br>*E.g.*, Kelly Dec., Ex. 16; Dkt. No. 36-71 at RBBM016074 (work_id 99640306). | work_id 40867379, not 99640306), does not show either that the user uploaded designs infringing Brandy Melville's intellectual property rights more than once, or that Redbubble continues to advertise, offer for sale or sell designs from that user that allegedly infringe Brandy Melville's trademarks; in fact, the cited evidence explicitly shows that work_id 40867379, which was created on August 29, 2019, was proactively moderated by Redbubble's MPI team on August 30, 2019, and does not establish whether that listing was ever visible to potential customers. Nor does it show that Redbubble itself advertised offer for sale or sold anything, or solicited designs from this user.<br><br>Kelly Dec. [DE# 45-11], Ex. 16 [DE# 45-22]; Dkt. No. 36-71 at RBBM016074 (work_id 99640306). |

Dated: May 18, 2020

**COASTSIDE LEGAL**
KENNETH B. WILSON

**ZUBER LAWLER & DEL DUCA LLP**
JOSHUA M. MASUR / ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
Attorneys for Defendant Redbubble Inc.