KENNETH B. WILSON (SBN 130009)
  *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
  *jmasur@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
  *zdavidson@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF REDBUBBLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  June 1, 2020<br>Time:          9:00 a.m.<br>Courtroom:     850<br>Hon. R. Gary Klausner<br><br>**<span style="color:red">REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL</span>** |

Defendant Redbubble Inc. ("Defendant" or "Redbubble") respectfully submits the following Response to Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville's ("Plaintiff's" or "Brandy Melville's") Objections to Evidence Filed in Support of Redbubble's Motion for Summary Judgment [DE# 45-23].

As an initial matter, Redbubble notes that Plaintiff's Objections document is burdensome, largely boilerplate, and duplicative of its other filings, including in particular its responsive facts.  Redbubble incorporates by reference its responses to each of Plaintiff's responsive facts that respond to the paragraphs of the declarations referenced herein.  For ease of reference, Redbubble summarizes significant responses to Plaintiff's objections that are contained in its response to the responsive facts, but Redbubble in no way waives any response to any purported objection herein, all of which are meritless and facially unsupported, which responses Redbubble interjects to each objection below.

## <u>PLAINTIFF'S OBJECTIONS TO DECLARATION OF ARNAUD DESHAIS (Dkt. No. 40-3) AND DEFENDANT'S RESPONSE</u>

| <u>Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection</u> | <u>Defendant's Response</u> |
|---|---|
| 1.     Deshais Declaration ¶ 2. Paragraph  2 asserts that "[a]fter a purchase is made on the Redbubble Marketplace, the third-party manufacturer, not Redbubble, imprints the seller's design onto the product chosen by the customer." | **Brandy Melville's objections, including that Deshais Declaration ¶ 2 lacks foundation, are meritless.** Mr. Deshais's declaration states:<br><br>I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 | The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of any manufacturer's process or customer's choice of design, or whether such manufacturer is a "third party," is improperly  is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.)  Further, the Deshais Declaration is a sham declaration in that it is inconsistent with Redbubble's public disclosure to shareholders that Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent."  (Dkt. No. 36-1 ¶¶ 117, 118.) | familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:  Redbubble has a chief supply  chain officer, named Arnaud  Deshais, who is the highest  ranking person at Redbubble  responsible for the supply chain. Plaintiff's SUF 86 [DE# 36-1]. **Brandy Melville's objection that Deshais Declaration ¶ 2 is a sham declaration is meritless.** Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes."  Plaintiff's SUF 117 [DE# 36-1].  Redbubble incorporates by |
| 22 23 24 25 26 27 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
|  | reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to U.S. legal standards for liability under the Lanham Act. |
| 2.      Deshais Declaration ¶ 3. Paragraph 3 asserts that "third-party manufacturers print and pack the products before third-party shippers pick up the products and deliver them to customers. These tasks are not performed by Redbubble personnel."<br><br>The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of any manufacturers' or shippers' printing, packing, or delivering processes, or whether such manufacturers or shippers are "third | **Brandy Melville's objections, including that Deshais Declaration ¶ 3 lacks foundation, are meritless.** Mr. Deshais's declaration states:<br><br>I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| parties," is improperly speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial | Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: |
| The Deshais Declaration similarly lays no foundation as to Mr. Deshais' personal knowledge as to the assertion that "[t]hese tasks are not performed by Redbubble personnel."  It is therefore inadmissible on the same basis.  (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.) | Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain. |
| Further, the Deshais Declaration in inconsistent Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.) | Plaintiff's SUF 86 [DE# 36-1].  **Brandy Melville's objection that Deshais Declaration ¶ 3 is inconsistent with Redbubble's public disclosures is meritless.** Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes." Plaintiff's SUF 117 [DE# 36-1]. Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no |

5

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to U.S. legal standards for liability under the Lanham Act. |
| 3.    Deshais Declaration ¶ 4. Paragraph 4 asserts that [t]he third-party manufacturers who print products ordered through the Redbubble marketplace are independent of Redbubble. They are neither affiliates of Redbubble nor staffed by Redbubble."<br><br>The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of any manufacturers' independence of Redbubble and is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.) | **Brandy Melville's objections, including that Deshais Declaration ¶ 4 lacks foundation, are meritless.** Mr. Deshais's declaration states:<br><br>I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently.<br><br>Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The assertion that "[t]hey are neither affiliates of Redbubble nor staffed by Redbubble" is inadmissible on the same basis and on the additional basis that it is an improper legal conclusion and is argumentative.  (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.)  Further, the Deshais Declaration contradicts Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Deshais Declaration contradicts Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.) | Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain. Plaintiff's SUF 86 [DE# 36-1]. **Brandy Melville's objection that Deshais Declaration ¶ 4 is inconsistent with Redbubble's public disclosures is meritless.** Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes." Plaintiff's SUF 117 [DE# 36-1]. Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to U.S. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | legal standards for liability under the Lanham Act. |
| 4.     Deshais Declaration ¶ 5. Paragraph 5 asserts that "Redbubble does not own the facilities where product is manufactured by these third-party manufacturers, nor does Redbubble own any of the equipment or employ any of the personnel at those facilities." <br><br> The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of "the facilities where product is manufactured," and who owns the equipment or employs the personnel at those facilities.  Mr. Deshais' declaration as to those assertions is speculative as it assumes those facts, which are not in evidence are true, and is thus unfairly prejudicial. (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.) | **Brandy Melville's objections, including that Deshais Declaration ¶ 5 lacks foundation, are meritless.** Mr. Deshais's declaration states: <br><br>I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. <br><br>Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: <br><br>Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Further, Deshais' declaration regarding ownership of equipment and employment of personnel is neither factual nor evidentiary, and also constitutes an improper legal conclusion and is argumentative.  . (FRE 402, 403, 602; FRCP 56(c)(4); LR 7-7.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) The Deshais Declaration is inconsistent with Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Deshais Declaration also is inconsistent with Redbubble's public disclosures— including statements made by Deshais | ranking person at Redbubble responsible for the supply chain. Plaintiff's SUF 86 [DE# 36-1]. **Brandy Melville's objection that Deshais Declaration ¶ 5 is inconsistent with Redbubble's public disclosures is meritless.** Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes."  Plaintiff's SUF 117 [DE# 36-1].  Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to U.S. legal standards for liability under the Lanham Act. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| to investors—that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.) | |
| 5.      Deshais Declaration ¶ 6. Paragraph 6 asserts that "[a]fter a product ordered via the Redbubble marketplace is manufactured or printed, a third-party shipper picks up the product from the manufacturer's location and ships the product directly to the customer."  The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of any shipper picking up the product from the manufacturer's location and shipping that product directly to the customer, or whether such "shipper" is a "third-party." Indeed, Mr. Deshais' declaration as to those assertions is speculative as it assumes those facts which are not in evidence are true, is lacking in | **Brandy Melville's objections, including that Deshais Declaration ¶ 6 lacks foundation, are meritless.** Mr. Deshais's declaration states:  I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently.  Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:  Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

probative value, misleading and unfairly prejudicial.

The Deshais Declaration is inconsistent with Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Deshais Declaration also is inconsistent with Redbubble's public disclosures— including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.)  It also ignores Redbubble's agreement with users that it "will arrange for the deliver[y] of the physical product to your customer."  (Dkt. No. 36-1 ¶¶ 77, 176, 177.) ████████████

ranking person at Redbubble responsible for the supply chain.  Plaintiff's SUF 86 [DE# 36-1].  Certainly, Mr. Deshais need not know the detailed structure of a third party to know it is not part of Redbubble.

**Brandy Melville's objection that Deshais Declaration ¶ 6 is inconsistent with Redbubble's public disclosures is meritless.**

Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes."  Plaintiff's SUF 117 [DE# 36-1].  Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| ██████████████████ ██████ (Dkt. No. 36-1 ¶¶ 77-80.) | U.S. legal standards for liability under the Lanham Act. |
| 6.      Deshais Declaration ¶ 7. Paragraph 7 asserts that "[a]t all times between completion of manufacturing and the time the product is picked up by the shipper, the product remains at the location of the third-party manufacturer. The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of what happens at the location of a third-party manufacturer between completion of the production and when the product is picked up. Indeed, Mr. Deshais' declaration as to those assertions is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) The Deshais Declaration is inconsistent with Redbubble's public disclosures— | **Brandy Melville's objections, including that Deshais Declaration ¶ 7 lacks foundation, are meritless.** Mr. Deshais's declaration states: I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| including statements made by Deshais to investors—that the manufacturer/ fulfillers are Redbubble's partners. (Dkt. No. 36-1 ¶¶ 82-89.)  The Deshais Declaration is inconsistent with Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) | ranking person at Redbubble responsible for the supply chain. Plaintiff's SUF 86 [DE# 36-1]. **Brandy Melville's objection that Deshais Declaration ¶ 7 is inconsistent with Redbubble's public disclosures is meritless.** Brandy Melville's own statement of undisputed facts concedes that the purported disclosure is "for accounting purposes."  Plaintiff's SUF 117 [DE# 36-1].  Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].  In particular, Redbubble does not dispute that the quoted language appears in its 2018 Annual Report; but it has no bearing other than for purposes of Australian Accounting Standards, and in particular, is not connected to U.S. legal standards for liability under the Lanham Act. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 7.     Deshais Declaration ¶ 8. Paragraph 8 asserts that Redbubble is sometimes identified on shipping labels for products ordered via the Redbubble Marketplace. In those instances, the name on the return address is "An Artist on Redbubble," and the return address itself is Redbubble's.

The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of what content is included on shipping labels for products ordered via the Redbubble Marketplace, is speculative, and is thus lacking in probative value, misleading and is unfairly prejudicial  (FRE 402, 403, 602.)
Statements as to the contents of written shipping labels violate FRE 1002, which states that "an original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides | **Brandy Melville's objections, including that Deshais Declaration ¶ 8 lacks foundation, are meritless.**
Mr. Deshais's declaration states:
>    I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently.

Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:
>    Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain.

Plaintiff's SUF 86 [DE# 36-1]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| otherwise."  Deshais does not produce the writings as an exhibit or authenticate the relevant language.  This statement contains inadmissible hearsay as to the content of the labels.  (FRE 801, 802).<br><br>The Deshais Declaration also fails to account for Redbubble's public disclosure that Redbubble "acts" as the user's "agent specifically in relation to the sales transaction."  (Dkt. No. 36-1 ¶ 178.)<br><br>This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's "best evidence rule" and hearsay objections are meritless.**<br><br>Brandy Melville's own evidence includes photographs of shipping labels for products purchased through redbubble.com. There is no requirement that the labels be attached to Mr. Deshais's declaration.<br><br>**Brandy Melville's objection that Deshais Declaration ¶ 8 fails to account for Redbubble's public disclosures is meritless.**<br><br>Brandy Melville's objection is based on an incomplete and misleading quotation from the cited document:  "it acts your agent specifically in relation to the sales transaction *between you and the customer who buys your product*."  [DE# 36-1 ¶ 178 (emphasis added)]<br><br>Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 8.      Deshais Declaration ¶ 9. Paragraph 9 asserts that "Redbubble does not design, upload, manufacture, sell, offer for sale or distribute the content printed on finished products, and at no time during the purchasing, manufacturing or shipping process does Redbubble possess, store or physically handle finished products."

The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of Redbubble's involvement in the "design, upload, manufacture, sell, offer for sale or distribute the content printed on finished products," or what occurs during the "purchasing, manufacturing or shipping process" or whether Redbubble possesses, stores or physically handles finished products." Indeed, Mr. Deshais' declaration as to these allegations constitutes unsupported speculation without personal knowledge or foundation, and | **Brandy Melville's objections, including that Deshais Declaration ¶ 9 lacks foundation, are meritless.** Mr. Deshais's declaration states:

> I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently.

Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:

> Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain.

Plaintiff's SUF 86 [DE# 36-1]. |

16

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| is thus lacking in probative value, misleading and is unfairly prejudicial(FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Moreover, Mr. Deshais' declaration as to the "design, upload, manufacture, sell, offer for sale or distribut[ion]" of content constitutes an improper legal conclusion of issues in dispute in this action, lacks factual content and is argumentative.  LR 7-7; FRCP 56(c)(4). The Deshais Declaration also contradicts the record evidence that demonstrates Redbubble solicits infringing designs, sells counterfeits, offers for sale counterfeits, manufactures counterfeits, and distributes counterfeits.  (*E.g.*, Dkt. No. 36 at 9-12; Dkt. No. 36-1 ¶¶ 36-95, 102-118, 159-169.) | **Brandy Melville's objection that Deshais Declaration ¶ 9 constitutes an improper legal conclusion of issues in dispute in this action, lacks factual content and is argumentative is meritless.** Brandy Melville's conveniently mischaracterizes these factual assertions as legal argument. These assertions are commonly used in a business context, regardless of any theoretical legal implications. **Brandy Melville's objection that Deshais Declaration ¶ 9 fails to account for the record evidence is meritless.** Brandy Melville's objection is based on improper conclusions of law.  *See generally* Redbubble's Motion for Summary Judgment and Opposition to Brandy Melville's Motion for Partial Summary Judgment. [DE## 40, 47-2] Redbubble incorporates by reference its |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 9.     Deshais Declaration ¶ 10. Paragraph 10 asserts that "I am familiar with the products that plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville") has alleged are infringing in its Complaint and discovery responses (the "Accused Products")."<br><br>The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of the products Brandy Melville has alleged are infringing in its Complaint and discovery responses. (FRE 402, 403.)  In fact, the Deshais Declaration confirms this, averring that, *inter alia*, "No Redbubble personnel reviewed the designs for the Accused Products prior to printing" and "Redbubble was unaware of the content of those listings prior to their upload, and it had no involvement with the | **Brandy Melville's objections, including that Deshais Declaration ¶ 10 lacks foundation, are meritless.**<br>Mr. Deshais's declaration states:<br>    I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently.<br>Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:<br>    Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
| --- | --- |
| decision to offer the Accused Products."  (Dkt. No. 40-3 ¶ 11.) Statements as to the contents of written pleadings, discovery requests or responses violate FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise." Deshais does not specify the portions of the writings to which he is referring as an exhibit or even reprint the relevant language.<br><br>To the extent that Deshais is relying on the oral or written statements of others, the statements are inadmissible hearsay (FRE 801, 802) | ranking person at Redbubble responsible for the supply chain. Plaintiff's SUF 86 [DE# 36-1]. The quoted statements from Dkt. No. 40-3 explicitly relate to Redbubble's knowledge of products *prior to printing* and listings *prior to upload*. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** There is no requirement that Brandy Melville's complaint or discovery responses be attached to Mr. Deshais's declaration. |
| 10.    Deshais Declaration ¶ 11. Paragraph 11 asserts that "[a]ll content offered for sale on the Redbubble Marketplace, including those designs | **Brandy Melville's objections, including that Deshais Declaration ¶ 11 lacks foundation, are meritless.** Mr. Deshais's declaration states: |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | displayed on the Accused Products, was designed and uploaded solely by third-party Sellers, without any participation by Redbubble. Redbubble was unaware of the content of those listings prior to their upload, and it had no involvement with the decision to offer the Accused Products. Furthermore, no Redbubble personnel participated in the manufacturing process, packed or shipped the Accused Products, performed quality control on them prior to shipment, or viewed or handled them at any time before they were picked up from the manufacturer by third-party shippers and delivered to the end customers. No Redbubble personnel reviewed the designs for the Accused Products prior to printing." | I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | Deshais Declaration ¶ 1 [DE# 40-3]. Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain. |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | Plaintiff's SUF 86 [DE# 36-1]. |
| 24 | The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge regarding any of the declaration in Paragraph 11.  Indeed, | **Brandy Melville's objection that Deshais Declaration ¶ 11 fails to account for the record evidence is meritless.** |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| | the declaration is filled with argumentative statements that assume facts not in evidence, legal conclusions, speculation, and unfairly prejudicial assertions.  This Paragraph is devoid of any indicia of personal knowledge and truth and should be inadmissible. *Lewis v. Pac. Mar. Ass'n*, 2007 WL 2429554, at *5 (N.D. Cal. Aug. 24, 2007) (plaintiff's statement that white employees were treated more favorably in grievance process was inadmissible because she did not have personal knowledge of the events; she must state the source of her knowledge); *Ward v. First Ded'l Savings Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999) (witness statement that he was "aware" of alleged instruction to not hire African-Americans not sufficient to lay proper foundation).  The statements provide no probative value and should be excluded as being prejudicial and misleading, as | Brandy Melville's objection is based on improper conclusions of law. *See generally* Redbubble's Motion for Summary Judgment and Opposition to Brandy Melville's Motion for Partial Summary Judgment. [DE## 40, 47-2]<br><br>Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| well as for causing undue delay.  LR 7-7; FRCP 56(c)(4). The Deshais Declaration also contradicts the record evidence that demonstrates Redbubble solicits infringing designs, sells counterfeits, offers for sale counterfeits, manufactures counterfeits, and distributes counterfeits.  (*E.g.*, Dkt. No. 36 at 9-12; Dkt. No. 36-1 ¶¶ 36-95, 102-118, 159-169.)  Further, Redbubble's agents, which can bind Redbubble to a contract, manufacture the infringing and counterfeit products. (Dkt. No. 36-1 ¶¶ 117, 118.) To the extent that Deshais is relying on the oral or written statements of others, the statements are inadmissible hearsay (FRE 801, 802) | |
| 11.    Deshais Declaration ¶ 12. Paragraph 12 asserts that "[t]hird-party manufacturers sometimes place hang tags on products ordered via the Redbubble marketplace. Hang tags are | **Brandy Melville's objections, including that Deshais Declaration ¶ 12 lacks foundation, are meritless.** Mr. Deshais's declaration states: |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 | intended to be temporary and removed by the customer prior to use of the purchased product. Hang tags include a statement to the customer that the artwork is '[c]reated just for you by an independent artist' or 'by [NAME OF ARTIST].'"<br><br>The Deshais Declaration lays no foundation as to Mr. Deshais' personal | I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | knowledge of "[t]hird-party manufacturers" practices regarding product orders nor the intention surrounding hang tags or the content of the tags.  Indeed, Mr. Deshais' declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br>The Deshais Declaration also is inconsistent with Mr. Deshais' own | Deshais Declaration ¶ 1 [DE# 40-3].<br>Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise:<br>    Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain.<br>Plaintiff's SUF 86 [DE# 36-1].<br>**Brandy Melville's objection that Deshais Declaration ¶ 12 is inconsistent with his own testimony is meritless except to the extent that** |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| testimony that Redbubble's fulfillers use the Redbubble-themed hangtags, tags, and stickers because Redbubble asks that they use them. (Dkt. No. 36-1 ¶¶ 74-75; *see also* Dkt. Nos. 36-62 to 36-69.) | **Brandy Melville's proffer of such testimony is inconsistent with its objection that Mr. Deshais testimony lacks foundation.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 12.  Deshais Declaration ¶ 13. Paragraph 13 asserts that "[n]either Redbubble's name nor logo appear on any permanent branding on finished garments shipped to customers."  The Deshais Declaration lays no foundation as to Mr. Deshais' personal knowledge of what the alleged third-party manufacturers and shippers include on "any permanent branding or finished garments shipped to customers," is speculative as it assumes those facts which are not in evidence are true and is thus lacking in probative value, misleading and is unfairly | **Brandy Melville's objections, including that Deshais Declaration ¶ 13 lacks foundation, are meritless.** Mr. Deshais's declaration states: I am the Chief Supply Chain Officer of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. As such, I am very familiar with the details of the operation of the Redbubble Marketplace. I have personal knowledge of the facts set forth in this Declaration and can testify competently. Deshais Declaration ¶ 1 [DE# 40-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | Brandy Melville's own statement of undisputed facts describes Mr. Deshais's expertise: |
| In any event, Mr. Deshais' statement confirms that Redbubble intends to pass off the infringing products as counterfeits and that Redbubble exercises control and oversight over the products created by its partner fulfillers to know what brandings are on the final counterfeit products delivered to Redbubble's customers.  Further, the Deshais Declaration is vague and ambiguous, as it does not identify what is a "permanent branding" or differentiate such "branding" from the Redbubble-themed tags, hangtags, and stickers that accompany the counterfeit products. | Redbubble has a chief supply chain officer, named Arnaud Deshais, who is the highest ranking person at Redbubble responsible for the supply chain. |
| | Plaintiff's SUF 86 [DE# 36-1]. |
| | **Brandy Melville's objection that Deshais Declaration ¶ 13 fails to account for the record evidence is meritless.** |
| | Brandy Melville's objection is based on improper conclusions of law.  *See generally* Redbubble's Motion for Summary Judgment and Opposition to Brandy Melville's Motion for Partial Summary Judgment. [DE## 40, 47-2] |
| Statements as to the contents of writings violate FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  Deshais | **Brandy Melville's "best evidence rule" objection is meritless.** |
| | Brandy Melville's own evidence includes photographs of finished garments purchased through |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| does not provide the "permanent branding" to which he is appearing to refer. | redbubble.com. There is no requirement that the labels be attached to Mr. Deshais's declaration. |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANUJ LUTHRA (Dkt. No. 40-2) AND DEFENDANT'S RESPONSE**

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 13.    Luthra Declaration ¶ 2. Paragraph 2 asserts that "Redbubble Marketplace software automatically performs various online services to facilitate the transactions that occur through the Marketplace."<br><br>         The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of whether the Redbubble Marketplace software allegedly performs various services to facilitate transactions.  It is further speculative as | **Brandy Melville's objections, including that Luthra Declaration ¶ 2 lacks foundation, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system, much irrelevant to the current issues, in order to identify or explain particular functionality. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)The Luthra Declaration is further vague and ambiguous as it fails to define "automatically" or specify the "various online services."  Further, the declaration contains improper legal conclusions from a lay witness, particularly with respect to "facilitate." This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's objections that Luthra Declaration ¶ 2 is speculative, vague, and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the phrases in question. **Brandy Melville's objection that Luthra Declaration ¶ 2 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in its failure to support its claim that "facilitate" is a legal term or conclusion of law, particularly where that term has a relevant lay meaning, which Mr. Luthra used. |
| 14.    Luthra Declaration ¶ 3. Paragraph 3 asserts that "Marketplace software connects third-party Sellers to third-party Manufacturers who print the products, and such software also transmits purchase order and shipping | **Brandy Melville's objections, including that Luthra Declaration ¶ 3 lacks foundation or is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| information to such third-party Manufacturers. Marketplace software also provides third-party Sellers access to third-party payment processors who collect and process customer payments. Each transaction is entirely directed by Seller and customer and is automated by the Redbubble Marketplace software." <br><br> The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the "Marketplace software," how it functions, or who it connects.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br><br> Moreover, Mr. Luthra's declaration as to whether the sellers are | him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. <br> **Brandy Melville's objection that Luthra Declaration ¶ 3 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. <br> **Brandy Melville's objection that Luthra Declaration ¶ 3 is inconsistent with Redbubble's public disclosures is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 4 5 6 7 8 9 10 | third-parties and the assertion that "[e]ach transaction is entirely directed by the Seller and customer and is automated" constitutes an improper legal conclusion of issues in dispute in this action, lacks factual content and is argumentative. | |
| 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | The Luthra Declaration is inconsistent with Redbubble's public disclosures that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.)  The Luthra Declaration is inconsistent with Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Luthra Declaration also contradicts record evidence that | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| when a customer purchases a knockoff on Redbubble's website, Redbubble (1) collects the customer's payment, (2) sends a "partner" fulfiller the order information, and (3) holds the user's portion of the sale until the order is shipped.  (Dkt. No. 36-1 ¶¶ 55-69, 179-180.)  Redbubble also collects and remits the sales taxes, is the principal in the sale, and acts as the fulfiller's principal.  (Dkt. No. 36-1 ¶¶ 71, 114-118.) | |
| 15.    Luthra Declaration ¶ 4. Paragraph 4 asserts that "[b]efore a third-party Seller can upload designs and sell products on the Redbubble Marketplace, he or she must become a registered user."<br><br>    The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the process involved to "upload designs and sell products" or becoming a "registered user" on the | **Brandy Melville's objections, including that Luthra Declaration ¶ 4 lacks foundation and is speculative, are meritless.**<br>Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Redbubble Marketplace.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>   This statement is irrelevant and inadmissible.  (FRE 401, 402.)  Moreover, Mr. Luthra's declaration as to whether the "sellers" are third-parties constitutes an improper legal conclusion of an issue at dispute in this action from a lay witness and is argumentative.  It further contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | system in order to identify or explain particular functionality.<br>**Brandy Melville's objections, including that Luthra Declaration ¶ 4 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used.<br>**Brandy Melville's objection that Luthra Declaration ¶ 4 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 16. Luthra Declaration ¶ 5.<br>Paragraph 5 asserts that "[f]urthermore, a third-party Seller must check a box confirming the following statement each time he or she uploads a design to | **Brandy Melville's objections, including that Luthra Declaration ¶ 5 lacks foundation and is speculative, are meritless.** |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | the Redbubble Marketplace: "I have the right to sell products containing this artwork, including (1) any featured company's name or logo, (2) any featured person's name or face, and (3) any featured words or images created by someone else." | Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of whether sellers "must check a box" or the contents of any related statements before uploading a design to the Redbubble Marketplace. Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | **Brandy Melville's objections, including that Luthra Declaration ¶ 5 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are in evidence, and there is no requirement that they be attached to Mr. Luthra's declaration. **Brandy Melville's objection that Luthra Declaration ¶ 5 is inconsistent** |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Mr. Luthra's declaration also violates the best evidence rule as it purports to describe what appears to be | |
| 26 | | |
| 27 | | |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| an online contract or agreement rather than attaching the contract or agreement itself.  It also constitutes inadmissible hearsay.  (FRE 801, 802.)<br><br>    The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  Luthra does not produce the writings as evidence.<br><br>    This statement is irrelevant and inadmissible.  (FRE 401, 402.)  Moreover, Mr. Luthra's declaration as to whether the "sellers" are third-parties and his allegations regarding purported agreements constitutes improper legal conclusions of issues at dispute in this action and is argumentative.  This declaration further contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | **with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 17.    Luthra Declaration ¶ 6. Paragraph 6 asserts that "[a] third-party Seller uploading a design to the Redbubble Marketplace has exclusive control over the design he or she uploads and must (among other things) set the purchase price specify the physical product type(s) to which the design may be applied, and if desired by the Seller input a title, one or more keyword "tags" and a description."

The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of whether a "seller" (1) has "exclusive control over the design" they upload, (2) sets the purchase price, (3) specifies the physical product types, or (4) inputs titles, keyword tags, or descriptions.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, | **Brandy Melville's objections, including that Luthra Declaration ¶ 6 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. **Brandy Melville's objections, including that Luthra Declaration ¶ 6 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's objection that Luthra Declaration ¶ 6 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| misleading, lacks factual content and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  Moreover, Mr. Luthra's declaration as to whether the "sellers" are third-parties and allegations regarding sellers' purported "exclusive control" over designs constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.  This declaration further contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 18.    Luthra Declaration ¶ 7. Paragraph 7 asserts that "The title and tags enable potential customers to search the Redbubble Marketplace for the Seller's design. Search results made available through the Marketplace are based on the title and tags, which are created solely by the uploading Seller, not Redbubble. The Marketplace search | **Brandy Melville's objections, including that Luthra Declaration ¶ 7 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| function does not search the listing's description field." <br><br> The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of titles, tags, or search functionality of the Redbubble Marketplace.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts, particularly with regards to the actions of a purported "uploading Seller" which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br><br> The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  Luthra does not produce the writings as evidence. | highly inefficient tutorial on the entire system in order to identify or explain particular functionality. <br><br> **Brandy Melville's objections, including that Luthra Declaration ¶ 7 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's "best evidence rule" objection is meritless.** The relevant documents are in evidence, and there is no requirement that they be attached to Mr. Luthra's declaration. **Brandy Melville's objection that Luthra Declaration ¶ 7 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Luthra Declaration violates the sham declaration rule because it contradicts Redbubble's own deposition testimony that Redbubble can ▇▇—make certain keyword tags (*e.g.*, "Brandy Melville") unavailable to users.  (Dkt. No. 36-1 ¶¶ 182-189.)  Further, Mr. Luthra's averment that tags "are created solely by the uploading Seller, not Redbubble" is misleading, as Redbubble can and has filtered controversial keywords, but refuses to do so for keywords that are profitable to Redbubble.  (*See id.*)  Indeed, the Luthra Declaration confirms that Redbubble can stop designs from being uploaded onto the Redbubble webpage based on the keywords that are used.  (Dkt. No. 40-2 ¶ 8.) | |
| 19.     Luthra Declaration ¶ 8. Paragraph 8 asserts that "[o]nce a third-party Seller uploads a design and creates a listing page, it is automatically publicly displayed for sale on the | **Brandy Melville's objections, including that Luthra Declaration ¶ 8 lacks foundation and is speculative, are meritless.** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Marketplace, unless a proprietary software tool called "ACE" prevents such immediate display due to the presence of an applicable keyword in the listing's title, tag and/or description.<br><br>    The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of how a seller uploads designs, creates a listing page, whether it is automatically publicly displayed or of the "proprietary software tool called 'ACE'" and its processes and functionality.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br>Moreover, Mr. Luthra's declaration as to whether the sellers are third-parties constitutes an improper legal | Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. **Brandy Melville's objections that Luthra Declaration ¶ 8 is vague and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the terms in question.  **Brandy Melville's objections, including that Luthra Declaration ¶ 8 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| conclusion of an issue at dispute in this action and is argumentative.  This declaration further contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.)  The Luthra Declaration is further vague and ambiguous as it fails to define "automatically."  This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's objection that Luthra Declaration ¶ 8 is inconsistent with record evidence is meritless.**  Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 20.    Luthra Declaration ¶ 9. Paragraph 9 asserts that "[s]ome listing pages contain to the right of the design the listing's title followed by the phrase 'by [Seller].'"  The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the content of "[s]ome listing pages" or "the right of the design."  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts | **Brandy Melville's objections, including that Luthra Declaration ¶ 9 lacks foundation and is speculative, are meritless.**  Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>    The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  Luthra does not produce the writings as evidence.  It also constitutes inadmissible hearsay.  (FRE 802.)<br><br>    The Luthra Declaration is vague and ambiguous, failing to specify what "listing pages" are being addressed, including whether they are relevant listing pages that include Redbubble's counterfeit Brandy Melville products.<br><br>    Moreover, Mr. Luthra's declaration as to "the right of the design" constitutes an improper legal | **Brandy Melville's objections that Luthra Declaration ¶ 9 is vague and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the terms in question.<br><br> **Brandy Melville's objections, including that Luthra Declaration ¶ 9 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.**<br>The relevant documents are in evidence, and there is no requirement that they be attached to Mr. Luthra's declaration.<br>**Brandy Melville's objection that Luthra Declaration ¶ 9 is inconsistent with record evidence is meritless.**<br>Redbubble incorporates by reference its |

40

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| conclusion of issues at dispute in this action and is argumentative. Further, the Luthra Declaration is misleading:  Redbubble's listing pages say individual designs are "Designed by [username]," not "Sold by [username] or "Offered for sale by [username]." (*E.g.*, Dkt. No. 40-13.)  Moreover, the Redbubble listing pages display the user's username and make no mention of them being a "Seller."  (*Id.*)  And for good reason—Redbubble is the seller, as it told its investors.  (*E.g.*, Dkt. No. 36-1 ¶¶ 114, 115.) | Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 21.    Luthra Declaration ¶ 10. Paragraph 10 asserts that "[t]he upper limit on which a third-party Seller can set the price for his or her design is a percentage increase over the base price (or base amount) of five thousand percent (5000%)."       The Luthra Declaration lays no foundation as to Mr. Luthra's personal | **Brandy Melville's objections, including that Luthra Declaration ¶ 10 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| knowledge of the upper limit of a price or what a base price is.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>       Moreover, Mr. Luthra's declaration as to whether the sellers are third-parties or to whom the design belongs constitutes improper legal conclusions of issues at dispute in this action and is argumentative. Further, this averment is irrelevant, as it is of no consequence in determining the action.  (FRE 401, 402.) | highly inefficient tutorial on the entire system in order to identify or explain particular functionality.<br><br>   **Brandy Melville's objections, including that Luthra Declaration ¶ 10 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. |
| 22.     Luthra Declaration ¶ 11. Paragraph 11 asserts that "[w]hen an order is placed on the Redbubble Marketplace, third party payment processors, like PayPal, Stripe, or Amazon Payments, receive payment | **Brandy Melville's objections, including that Luthra Declaration ¶ 11 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | directly from purchasing customers, and Marketplace software automatically facilitates the payment processing of sale proceeds from customers to Sellers." | him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the payment process on the Redbubble Marketplace, particularly the allegations regarding who the third party payment processors are, and that the processors "receive payment directly from purchasing customers, and Marketplace software automatically facilitates the payment processing of sale proceeds from customers to Sellers."  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. | **Brandy Melville's objections, including that Luthra Declaration ¶ 11 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are in evidence, and there is no requirement that they be attached to Mr. Luthra's declaration. **Brandy Melville's objections that Luthra Declaration ¶ 11 is vague and ambiguous are unsupported and meritless**, particularly given Brandy |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>Moreover, Mr. Luthra's declaration as to payments concerning customers, processors, and sellers constitutes an improper legal conclusion of issues at dispute in this action and is argumentative. Further, this averment is irrelevant, as it is of no consequence in determining the action. (FRE 401, 402.) The Luthra Declaration is further vague and ambiguous as it fails to define "automatically." | Melville's failure to specify the purported alternative meanings of the terms in question.<br><br>**Brandy Melville's objection that Luthra Declaration ¶ 11 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 23.    Luthra Declaration ¶ 12. Paragraph 12 asserts that "[m]arketplace software also automatically routes the order information to a third-party Manufacturer based on certain criteria, such as location of the customer and the product type he or she ordered." | **Brandy Melville's objections, including that Luthra Declaration ¶ 12 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge of the marketplace software, its routing processes, or third-party manufacturers.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  Moreover, Mr. Luthra's declaration as to third-party manufacturers constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.  The Luthra Declaration is inconsistent with Redbubble's public disclosure to shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a | highly inefficient tutorial on the entire system in order to identify or explain particular functionality.  **Brandy Melville's objections, including that Luthra Declaration ¶ 12 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are in evidence, and there is no requirement that they be attached to Mr. Luthra's declaration. **Brandy Melville's objections that Luthra Declaration ¶ 12 is vague and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the terms in question. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Luthra Declaration also is inconsistent with Redbubble's public disclosures—including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.)  The Luthra Declaration is further vague and ambiguous as it fails to define "automatically."  And the Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers.  (Dkt. No. 36-1 ¶ 62.) | **Brandy Melville's objection that Luthra Declaration ¶ 12 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 24.    Luthra Declaration ¶ 13.  Paragraph 13 asserts that "[m]arketplace software is also involved in proactive policing activities conducted by the Redbubble Marketplace Integrity Team or MPI | **Brandy Melville's objections, including that Luthra Declaration ¶ 13 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Team. In addition to the ACE tool, | him fully competent to testify about |
| 5 | which the MPI Team uses for proactive | general functionality of its software. |
| 6 | policing, the MPI Team uses another | Luthra Declaration ¶ 1 [DE# 40-2]. Mr. |
| 7 | proprietary software tool to review and | Luthra is not required to provide a |
| 8 | potentially disable or remove listings | highly inefficient tutorial on the entire |
| 9 | generated by third-party Sellers. | system in order to identify or explain |
| 10 | | particular functionality. |
| 11 | The Luthra Declaration lays no | **Brandy Melville's objections,** |
| 12 | foundation as to Mr. Luthra's personal | **including that Luthra Declaration ¶** |
| 13 | knowledge of any policing activities, | **13 is an improper legal conclusion** |
| 14 | software tools, or actions of the MPI | **from a lay witness are unsupported** |
| 15 | Team, or even what the MPI Team is | **and meritless,** particularly in that the |
| 16 | and whether "third-party Sellers" | language in question has a relevant lay |
| 17 | generate listings.   Indeed, Mr. Luthra's | meaning, which Mr. Luthra used. |
| 18 | declaration to these allegations is | **Brandy Melville's objection that** |
| 19 | speculative as it assumes those facts | **Luthra Declaration ¶ 13 is** |
| 20 | which are not in evidence are true, and | **inconsistent with record evidence is** |
| 21 | is thus lacking in probative value, | **meritless.** Redbubble incorporates by |
| 22 | misleading and is unfairly prejudicial. | reference its Response to the cited |
| 23 | (FRE 402, 403, 602; LR 7-7; FRCP | paragraphs of Plaintiff's SUF [DE# 47- |
| 24 | 56(c)(4).) | 3]. |
| 25 | Moreover, Mr. Luthra's declaration | |
| 26 | regarding purported "third-party | |
| 27 | Sellers" generating listings constitutes | |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| an improper legal conclusion of issues at dispute in this action by a lay witness and is argumentative.  This statement is irrelevant and inadmissible.  (FRE 401, 402.) This declaration further contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | |
| 25.    Luthra Declaration ¶ 14. Paragraph 14 asserts that "[p]olicing keywords are input into this tool, which automatically and continuously monitors for changes in a dynamic database of Seller-generated titles, tags and descriptions on the Marketplace. In near real-time (i.e., approximately up to a minute from design upload to detection) the tool displays an image and other relevant information of a Seller's listing based on a match between applicable policing keywords and the listing's title, tags and/or description." | **Brandy Melville's objections, including that Luthra Declaration ¶ 14 lacks foundation and is speculative, are meritless.** Mr. Luthra's declaration states that he is Vice President of Engineering, making him fully competent to testify about general functionality of its software. Luthra Declaration ¶ 1 [DE# 40-2]. Mr. Luthra is not required to provide a highly inefficient tutorial on the entire system in order to identify or explain particular functionality. **Brandy Melville's objections, including that Luthra Declaration ¶** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Luthra Declaration lays no foundation as to Mr. Luthra's personal knowledge regarding policing keywords, the tool's functionality, or the assertion that the seller generates titles, tags, and descriptions.  Indeed, Mr. Luthra's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  Moreover, Ms. Rickert's [*sic*; Mr. Luthra's] declaration regarding purported "third-party sellers" constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.  This declaration further contradicts record evidence that the "sellers" are in a | **14 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Mr. Luthra used. **Brandy Melville's objections that Luthra Declaration ¶ 14 is vague and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the terms in question. **Brandy Melville's objection that Luthra Declaration ¶ 14 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 | principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.)  The Luthra Declaration is further vague and ambiguous as it fails to define "automatically."  The Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers.  (Dkt. No. 36-1 ¶ 62.)  This statement is irrelevant and inadmissible.  (FRE 401, 402.) | |

## PLAINTIFF'S OBJECTIONS TO DECLARATION OF KATE RICKERT (Dkt. No. 40-14) AND DEFENDANT'S RESPONSE

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 26.     Rickert Declaration ¶ 2. Paragraph 2 asserts that "[a]s of April 27, 2020, there were approximately 2,161,420 third-party sellers, defined as active users of the Redbubble | **Brandy Melville's objections, including that Rickert Declaration ¶ 2 lacks foundation and is speculative, are meritless.** Ms. Rickert's declaration states: |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | marketplace who have published at least one design to the marketplace." | I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |
| 5 | | |
| 6 | | |
| 7 | The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge regarding "third-party sellers" nor as to how that term is defined or whether the "internal databases" she reviewed covers data from April 27, 2020.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.) | Rickert Declaration ¶ 1 [DE# 40-14]. **Brandy Melville's objections, including that Rickert Declaration ¶ 2 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Moreover, Ms. Rickert's declaration regarding purported "third-party sellers" constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.  This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) | language in question has a relevant lay meaning, which Ms. Rickert used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006.  *See* Rickert Suppl. Decl., ¶ 2. **Brandy Melville's objections that Rickert Declaration ¶ 2 is vague and ambiguous are unsupported and meritless**, particularly given Brandy Melville's failure to specify the purported alternative meanings of the terms in question. **Brandy Melville's objection that Rickert Declaration ¶ 2 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 27.    Rickert Declaration ¶ 3. Paragraph 3 asserts that "[a]s of April 27, 2020, purchasers could browse through approximately 27,062,051 listings on the Redbubble marketplace."

The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge as to the assertion that "purchasers could browse through approximately 27,062,051 listings on the Redbubble marketplace" or that the "internal databases" she reviewed covers listing data from April 27, 2020. Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | **Brandy Melville's objections, including that Rickert Declaration ¶ 3 lacks foundation and is speculative, are meritless.**

Ms. Rickert's declaration states:

I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise." It also constitutes inadmissible hearsay. (FRE 802.) This statement is irrelevant and inadmissible. (FRE 401, 402.) | can testify competently to those facts.<br>Rickert Declaration ¶ 1 [DE# 40-14].<br>**Brandy Melville's "best evidence rule" and hearsay objections are meritless.**<br>The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006. *See* Rickert Suppl. Decl., ¶ 2. |
| 28.    Rickert Declaration ¶ 4. Paragraph 4 asserts that "[b]etween November 2014 and April 27, 2020, Redbubble received approximately 91,553 takedown requests from content owners, and pursuant to those requests, Redbubble removed approximately 755,826 listings.<br><br>The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge regarding how many | **Brandy Melville's objections, including that Rickert Declaration ¶ 4 lacks foundation and is speculative, are meritless.**<br>Ms. Rickert's declaration states:<br>I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| takedown notices Redbubble received and listings it removed and whether the purported requests were from "content owners."  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |
| The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.) | Rickert Declaration ¶ 1 [DE# 40-14].  **Brandy Melville's objections, including that Rickert Declaration ¶ 4 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Ms. Rickert used. |
| Moreover, Ms. Rickert's declaration regarding purported "content owners" constitutes an improper legal conclusion of issues at dispute in this action and is argumentative. | **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are millions of database records that cannot practically |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| This statement is irrelevant and inadmissible.  (FRE 401, 402.) | be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006.  *See* Rickert Suppl. Decl., ¶ 2. |
| 29.    Rickert Declaration ¶ 5. Paragraph 5 asserts that "On average, approximately 24,040 listings are uploaded to the Redbubble marketplace each day, based on the daily average number of uploads for the twelve months prior to April 28, 2020." The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of the "daily average number of uploads" nor the alleged time period.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | **Brandy Melville's objections, including that Rickert Declaration ¶ 5 lacks foundation and is speculative, are meritless.** Ms. Rickert's declaration states: I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) | set forth in this Declaration and can testify competently to those facts. Rickert Declaration ¶ 1 [DE# 40-14]. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006.  *See* Rickert Suppl. Decl., ¶ 2. |
| 30.     Rickert Declaration ¶ 6. Paragraph 6 asserts that "[t]he average number of individual listings reviewed by the Marketplace Integrity Team or MPI Team each day is approximately 6,345, for the twelve month period prior to April 28, 2020.  The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of the "average number of | **Brandy Melville's objections, including that Rickert Declaration ¶ 6 lacks foundation and is speculative, are meritless.** Ms. Rickert's declaration states:      I am a Paralegal with Redbubble      Inc. ("Redbubble"), the defendant      in this lawsuit. In that role, I      support Redbubble's Marketplace      Integrity Team ("MPI Team"),      which is involved with |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| individual listings reviewed by the Marketplace Integrity Team" nor the alleged time period.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.) There is no foundation regarding what the Marketplace Integrity Team or MPI Team is, or regarding Ms. Rickert's personal knowledge about what these people did. This statement is irrelevant and inadmissible.  (FRE 401, 402.) | preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Rickert Declaration ¶ 1 [DE# 40-14]. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006.  *See* Rickert Suppl. Decl., ¶ 2. **Brandy Melville's objection that Rickert Declaration ¶ 6 is** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| This statement is false. ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 36-1 ¶ 140.) | **inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 31.    Rickert Declaration ¶ 7. Paragraph 7 asserts that "[a]s of April 29, 2020, Redbubble's proactive policing efforts have resulted in the disabling or removal of approximately 1,357,829 listings on the Redbubble marketplace. These numbers do not include listings in user accounts disabled by Sift Science, a commercially available software tool used by the MPI Team to fight repeat infringement, fraud and other abuses on the Redbubble marketplace."

The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of Redbubble's policing efforts, the results, or her knowledge of | **Brandy Melville's objections, including that Rickert Declaration ¶ 7 lacks foundation and is speculative, are meritless.**

Ms. Rickert's declaration states:

I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Sift Science or its uses.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.) Ms. Rickert lacks personal knowledge facts, and also makes inadmissible conclusions, regarding Redbubble's proactive policing efforts and whether they actually caused the "disabling or removal" of listings.  Ms. Rickert lacks personal knowledge facts, and also makes inadmissible conclusions, | preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Rickert Declaration ¶ 1 [DE# 40-14]. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 803(6); 1006.  *See* Rickert Suppl. Decl., ¶ 2. **Brandy Melville's objections that Rickert Declaration ¶ 7 is "fatally vague and ambiguous" are unsupported and meritless**, particularly given the abundant record evidence about Redbubble's proactive policing efforts. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 | regarding Sift Science actually causing user accounts to be disabled. The Rickert Declaration is fatally vague and ambiguous regarding what these purported "proactive policing efforts" are. This statement is irrelevant and inadmissible. (FRE 401, 402.) | |
| 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 32.    Rickert Declaration ¶ 8. Paragraph 8 asserts that "[a]s of April 29, 2020, Redbubble has disabled or removed approximately 390 listings under its proactive removal guidelines for Brandy Melville."

The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of how many listings it has disabled or removed or what the removal guidelines are. Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts, which are not in evidence | **Brandy Melville's objections, including that Rickert Declaration ¶ 8 lacks foundation and is speculative, are meritless.** Ms. Rickert's declaration states: <br><br>   I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.)<br><br>The Rickert Declaration is fatally vague and ambiguous regarding what the purported "proactive removal guidelines for Brandy Melville" are, and is speculative as to whether accounts were "disabled or removed" as a result of these guidelines.<br><br>This statement is irrelevant and inadmissible.  (FRE 401, 402.) | Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br><br>Rickert Declaration ¶ 1 [DE# 40-14].<br><br>**Brandy Melville's objection that Rickert Declaration ¶ 8 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Ms. Rickert used.<br><br>**Brandy Melville's "best evidence rule" and hearsay objections are meritless.**<br><br>The relevant records are attached as Exhibit A. Fed. R. Evid. 803(6).  *See* Rickert Suppl. Decl., ¶ 2.<br><br>**Brandy Melville's objections that Rickert Declaration ¶ 8 is vague and** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | **ambiguous are unsupported and meritless**, particularly given the record evidence about Redbubble's proactive removal guidelines, including the guidelines themselves. |
| 33.    Rickert Declaration ¶ 9. Paragraph 9 asserts that "[i]f removal numbers account for Sift Science, then as of April 29, 2020, Redbubble's proactive policing efforts have resulted in the disabling or removal of approximately 3,692,040 listings on the Redbubble marketplace." <br><br> The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of disabling or removal numbers, Sift Science, or Redbubble's policing efforts.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. | **Brandy Melville's objections, including that Rickert Declaration ¶ 9 lacks foundation and is speculative, are meritless.** <br><br> Ms. Rickert's declaration states: <br><br> I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It also constitutes inadmissible hearsay. (FRE 802.)  The Rickert Declaration is fatally vague and ambiguous regarding what the purported "Redbubble's proactive policing efforts" are and is speculative as to whether they actually caused "the disabling or removal" of listings.  This statement is irrelevant and inadmissible.  (FRE 401, 402.) | personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.  Rickert Declaration ¶ 1 [DE# 40-14].  **Brandy Melville's "best evidence rule" and hearsay objections are meritless.**  The relevant documents are millions of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 1006. Even if hearsay, the records reviewed fall within at least the business records exception and residual exception to the hearsay rule. Fed. R. Evid. 803(6) and 807. *See* Rickert Suppl. Decl., ¶ 2.  **Brandy Melville's objections that Rickert Declaration ¶ 9 is vague and ambiguous are unsupported and meritless**, particularly given the record evidence about Redbubble's proactive policing efforts. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 34.    Rickert Declaration ¶ 10. Paragraph 10 asserts that "[a]s of April 29, 2020, Redbubble has disabled and/or terminated approximately 666,329 user accounts for violation of Redbubble policies, including its IP/Publicity Rights Policy. <br><br> The Rickert Declaration lays no foundation as to Ms. Rickert's personal knowledge of disabling or terminating numbers or policies.  Indeed, Ms. Rickert's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) The statement violates FRE 1002, which states that "An original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  It | **Brandy Melville's objections, including that Rickert Declaration ¶ 10 lacks foundation and is speculative, are meritless.** <br> Ms. Rickert's declaration states: <br> > I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br> Rickert Declaration ¶ 1 [DE# 40-14]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| also constitutes inadmissible hearsay. (FRE 802.)<br>Ms. Rickert's declaration also lacks foundation regarding the IP/Publicity Rights Policy, is vague about what other "policies" exists, and is speculative and lacks foundation regarding whether Redbubble took any action as a result of any "violation." This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's "best evidence rule" and hearsay objections are meritless.**<br>The relevant documents are hundreds of thousands of database records that cannot practicably be produced or attached, and therefore, Ms. Rickert has summarized them. Fed. R. Evid. 1006.<br>**Brandy Melville's objections that Rickert Declaration ¶ 10 is hearsay is meritless.**<br>Even if hearsay, the records reviewed fall within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807. *See* Rickert Suppl. Decl., ¶ 2.<br>**Brandy Melville's objections that Rickert Declaration ¶ 10 is vague are unsupported and meritless**, particularly given the record evidence of such policies. |
| 35.     Rickert Declaration ¶ 11. Paragraph 11 asserts that "[a]ttached to this Declaration as Exhibit A is a true | **Brandy Melville's objections, including that Rickert Declaration ¶** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| and correct copy of a report prepared from Redbubble's business records that shows information about each listing that Redbubble is aware of that was uploaded by third-party sellers…" <br><br> The Rickert Declaration only now discloses the report attached as Exhibit A for the first time in this litigation.  It has never been produced by Redbubble and admitting it as evidence now is unfairly prejudicial to Brandy Melville.  (FRE 403.) Moreover, Ms. Rickert's declaration regarding purported "third-party sellers" constitutes an improper legal conclusion of issues at dispute in this action and is argumentative.  This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) Ms. Rickert lacks foundation to introduce Exhibit A—she does not | **11 lacks foundation and is speculative, are meritless.** <br> Ms. Rickert's declaration states: <br> I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br> Rickert Declaration ¶ 1 [DE# 40-14]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| declare where the report came from, who created it, when it was created, or how it was created.  It is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  Exhibit A is inadmissible hearsay, as it contains out-of-court statements made by Redbubble.  The Rickert Declaration lacks foundation to admit Exhibit A as a "business record."  Exhibit A cannot be introduced for the truth of the matter asserted. | **Brandy Melville's objection that Rickert Declaration ¶ 11 is an improper legal conclusion from a lay witness are unsupported and meritless**, particularly in that the language in question has a relevant lay meaning, which Ms. Rickert used. **Brandy Melville's "best evidence rule" and hearsay objections are meritless.** Exhibit A to the Rickert Declaration consists primarily of excerpts from the documents that Redbubble produced bearing Bates Nos. RBBM016058-99 (which was relied upon by Brandy Melville as Exhibit 64 to its motion for partial summary judgment, DE# 36-71), but were limited to reflect listings at issue for Redbubble's Motion, and updated to include listings removed by Redbubble after the reports were produced.  Fed. R. Evid. 803(6); 1006. *See* Rickert Suppl. Decl., ¶¶ 2, 9. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | **Brandy Melville's objection that Rickert Declaration ¶ 11 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 36.    Rickert Declaration ¶ 12. Paragraph 12 asserts that "[a]Attached to this Declaration as Exhibit B is a true and correct copy of a report prepared from Redbubble's business records that shows information about each purchase that Redbubble is aware of involving a product sold by third-party sellers…"  The Rickert Declaration only now discloses the report attached as Exhibit B for the first time in this litigation.  It has never been produced by Redbubble and admitting it as evidence now is unfairly prejudicial to Brandy Melville.  (FRE 403.) | **Brandy Melville's objections, including that Rickert Declaration ¶ 12 lacks foundation and is speculative, are meritless.** Ms. Rickert's declaration states: I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Moreover, Ms. Rickert's declaration | activities, which I reviewed in |
| 5 | regarding purported "third-party sellers" | preparing this Declaration. I have |
| 6 | constitutes an improper legal conclusion | personal knowledge of the facts |
| 7 | of issues at dispute in this action and is | set forth in this Declaration and |
| 8 | argumentative.  This declaration | can testify competently to those |
| 9 | contradicts record evidence that the | facts. |
| 10 | "sellers" are in a principal-agency | Rickert Declaration ¶ 1 [DE# 40-14]. |
| 11 | relationship with Redbubble.  (Dkt. | **Brandy Melville's objection that** |
| 12 | No. 36-1 ¶ 178.) | **Rickert Declaration ¶ 12 is an** |
| 13 | Ms. Rickert lacks foundation to | **improper legal conclusion from a lay** |
| 14 | introduce Exhibit B—she does not | **witness are unsupported and** |
| 15 | declare where the report came from, | **meritless**, particularly in that the |
| 16 | who created it, when it was created, or | language in question has a relevant lay |
| 17 | how it was created. | meaning, which Ms. Rickert used. |
| 18 | Exhibit B is inadmissible hearsay, as it | **Brandy Melville's "best evidence** |
| 19 | contains out-of-court statements made | **rule" and hearsay objections are** |
| 20 | by Redbubble.  The Rickert Declaration | **meritless.** |
| 21 | lacks foundation to admit Exhibit B as a | Exhibit B to the Rickert Declaration |
| 22 | "business record."  Exhibit B cannot be | consists primarily of excerpts from the |
| 23 | introduced for the truth of the matter | documents that Redbubble produced |
| 24 | asserted. | bearing Bates Nos. RBBM009329- |
| 25 | | 15991, but were limited to reflect |
| 26 | | listings at issue for Redbubble's |
| 27 | | Motion, and updated to include |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
|  | Redbubble's information created after the reports were produced. Fed. R. Evid. 803(6); 1006. *See* Rickert Suppl. Decl., ¶¶ 2, 9. **Brandy Melville's objection that Rickert Declaration ¶ 12 is inconsistent with record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF JAMES TOY (Dkt. No. 40-4) AND DEFENDANT'S RESPONSE**

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 37.    Toy Declaration ¶ 3.  Paragraph 3 asserts: "Attached to this Declaration as Exhibit A is a true and correct copy of the current version of the "Our Business" page from the Redbubble Investor Centre web site . . . ." | To the extent that Exhibit A to the Toy Declaration may be deemed hearsay, it is admissible under at least Fed. R. Evid. 803(6) and 807. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Exhibit A is inadmissible hearsay that cannot be admitted for the truth of the matter asserted.  It is an out-of-court statement by Redbubble. The "Our Business" page as it existed on the date that it was printed lacks any relevance to the claims and defenses in this action, is irrelevant, misleading, prejudicial and subject to exclusion. (FRE 403, LR 7-7; FRCP 56(c)(4)). | |
| 38.    Toy Declaration ¶ 4.  Paragraph 4 asserted: "Attached to this Declaration as Exhibit B is a true and correct copy of the "About" page from Redbubble's web site . . . ."  Exhibit B is inadmissible hearsay that cannot be admitted for the truth of the matter asserted.  It is an out-of-court statement by Redbubble. The "About" page as it existed on the date that it was printed lacks any relevance to the claims and defenses in | To the extent that Exhibit B to the Toy Declaration may be deemed hearsay, it is admissible under at least Fed. R. Evid. 803(6) and 807. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| this action, is irrelevant, misleading, prejudicial and subject to exclusion. (FRE 403, LR 7-7; FRCP 56(c)(4)). | |
| 39.    Toy Declaration ¶ 5. Paragraph 5 asserts, "Attached to this Declaration as Exhibit C is a true and correct copy of Redbubble's User Agreement, which includes the Redbubble Services Agreement, which was produced in this litigation under Bates numbers RBBM214887-902 . . . ."<br><br>Exhibit C is inadmissible hearsay that cannot be admitted for the truth of the matter asserted.  It is an out-of-court statement by Redbubble; additionally, it is a legal document.<br>The "User Agreement" as it existed on the date that it was printed lacks any relevance to the claims and defenses in this action, is irrelevant, misleading, prejudicial and subject to exclusion. (FRE 403, LR 7-7; FRCP 56(c)(4)). | Exhibit C to the Toy Declaration is a legal agreement, and therefore is not hearsay.  To the extent that Exhibit C to the Toy Declaration may be deemed hearsay, it is admissible under at least Fed. R. Evid. 803(6) and 807. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 40.     Toy Declaration ¶ 5.  Paragraph 5 asserts that "[e]ach registered Redbubble user must consent to this Agreement to be able to use the Redbubble Marketplace."<br><br>The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge of conditions precedent for registered Redbubble users to utilize the "Redbubble Marketplace."  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br>Moreover, Mr. Toy's declaration constitutes an improper legal conclusion and is argumentative. This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's objections, including that Toy Declaration ¶ 5 lacks foundation and is speculative, are meritless.**<br>Mr. Toy's declaration states:<br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objection that Toy Declaration ¶ 5 is an improper legal conclusion is unsupported and meritless.** This paragraph contains factual assertions regardless of whether those facts have legal implications. |
| 41.    Toy Declaration ¶ 6.  Paragraph 6 asserts that "Redbubble enforces this Policy with the goal of minimizing the improper use of the Redbubble Marketplace." The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge of Redbubble's alleged enforcement or "goal of minimizing improper use of the Redbubble Marketplace."  Indeed, Mr. Toy's declaration to these allegations is argumentative, | **Brandy Melville's objections, including that Toy Declaration ¶ 6 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 | speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Further, the Toy Declaration contradicts the record evidence, including the head of Redbubble's Marketplace Integrity Team's testimony that Redbubble's goal is not to stop intellectual property infringement on the Redbubble Website.  (Dkt. No. 36-1 ¶ 142.)  The Toy Declaration is further inconsistent with Redbubble's public disclosure that it does not proactively identify infringing content and ███████ ████████████████████ ████████████ (Dkt. No. 36-1 ¶¶ 121, 122.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) | matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.  **Brandy Melville's objection that Toy Declaration ¶ 6 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 26 27 | 42.    Toy Declaration ¶ 7.  Paragraph 7 asserts that "[i]f a content owner like | **Brandy Melville's objections, including that Toy Declaration ¶ 7** |
| 28 | | |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Brandy Melville provides notice that | **lacks foundation and is speculative,** |
| 5 | particular listings infringe their | **are meritless.** |
| 6 | intellectual property or publicity rights, | Mr. Toy's declaration states: |
| 7 | Redbubble promptly (i.e., typically | I am the Assistant General |
| 8 | within one business day) removes those | Counsel of Redbubble Inc. |
| 9 | listings and notifies the third-party | ("Redbubble"), the defendant in |
| 10 | Seller who uploaded them. In | this lawsuit. I am directly |
| 11 | accordance with that practice, | responsible for the |
| 12 | Redbubble will also "disable and/or | implementation of Redbubble's |
| 13 | terminate the accounts of users who | IP/Publicity Rights Policy and |
| 14 | repeatedly infringe or are repeatedly | other intellectual property |
| 15 | charged with infringing the copyrights, | matters. I also work closely with |
| 16 | trademark rights, other intellectual | the Marketplace Integrity Team |
| 17 | property rights or publicity rights of | ("MPI Team") and have direct |
| 18 | others." | supervisory involvement in their |
| 19 | | activities, including their |
| 20 | Mr. Toy's declaration as to the | proactive activities. I have |
| 21 | allegations that "Redbubble promptly | personal knowledge of the facts |
| 22 | (i.e., typically within one business day) | set forth in this Declaration and |
| 23 | removes those listings" is speculative as | can testify competently to those |
| 24 | it assumes those facts which are not in | facts. |
| 25 | evidence are true, and is thus lacking in | Toy Declaration ¶ 1 [DE# 40-4]. Mr. |
| 26 | probative value, misleading and is | Toy's knowledge about these issues is |
| 27 | | further supported by his designation as |
| 28 | | |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 4 | unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | Redbubble's 30(b)(6) deponent on related topics. |
| 6 | The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge of any Redbubble practice to disable or terminate user accounts. (FRE 402, 403.) | **Brandy Melville's objection that Toy Declaration ¶ 7 is an improper legal conclusion is unsupported and meritless.** This paragraph contains factual assertions regardless of whether those facts have legal implications. |
| 11 | Moreover, Mr. Toy's declaration regarding the purported "third-party Seller" constitutes an improper legal conclusion of issues at dispute in this action and is argumentative. This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble. (Dkt. No. 36-1 ¶ 178.) | **Brandy Melville's objection that Toy Declaration ¶ 7 contradicts the record evidence is meritless.** Redbubble's removal actions are documented by, *inter alia*, the reports of moderated listings produced by Redbubble, which evidence the date of which a listing was created and the date and reason it was disabled. *See, e.g.*, DE# 36-71. |
| 20 | The Toy Declaration is contradicted by the record evidence that demonstrates Redbubble does not, in fact, timely remove infringing designs and content. (E.g., Dkt. No. 136-1 ¶¶ 127, 171, 172.) | Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 25 | The Toy Declaration is inconsistent with Redbubble's own IP/Publicity Rights Policy that states that account | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| termination only occurs in certain "circumstances" of repeat infringement. The record evidence also contradicts Mr. Toy's statement that Redbubble terminates accounts that repeatedly infringe intellectual property rights. That is not true.  (Declaration of Jason Y. Kelly, filed concurrently, Exs. 14, 15, 16; Dkt. No. 36-71 at RBBM016064 (work_id 32473546), at RBBM016061 (work_id 30013252), at RBBM016071 (work_id 32473562), at RBBM016072 (work_id 32473593), at RBBM016073 (work_id 32473571), at RBBM016069 (work_id 43331716), at RBBM016074 (work_id 99640306).) | |
| 43.     Toy Declaration ¶ 8.  Paragraph 8 asserts that "[i]n addition to enforcing the notice and takedown provisions of the IP/Publicity Rights Policy, for certain content owners, Redbubble's 13-person MPI Team provides further assistance by proactively policing the Redbubble Marketplace for potentially | **Brandy Melville's objections, including that Toy Declaration ¶ 8 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states:<br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| infringing content, using screening criteria established by Redbubble, based on information from content owners, and almost always created in collaboration with those content owners." <br><br> The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge Redbubble's 13-pereson MPI team's activities or duties, the screening criteria established by Redbubble—or even what that is.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br> Further, the Toy Declaration contradicts the testimony of Jenny Greenhough, the head of Redbubble's MPI Team, that only five people at Redbubble are | this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br> Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| responsible for handling takedown notices Redbubble receives.  (Dkt. No. 36-1 ¶ 153.)<br><br>Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is further illuminated by ▉▉▉ ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉.  (Dkt. No. 36-1 ¶ 194.)<br><br>Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."  (Dkt. No. 40-4 ¶ 21.) ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉ (Dkt. No. 36-1 ¶ 140.) | **Brandy Melville's objection that Toy Declaration ¶ 8 contradicts the record evidence is meritless.**<br><br>Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 44.    Toy Declaration ¶ 9.  Paragraph 9 asserts that "Redbubble performs this | **Brandy Melville's objections, including that Toy Declaration ¶ 9** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| type of proactive screening for Brandy Melville, but Brandy Melville has refused to reasonably cooperate in the process, making implementation of effective screening criteria more difficult." <br><br> The Toy Declaration lays no foundation as to Mr. Toy's personal knowledge as to any "proactive screening" or the allegation that "Brandy Melville has refused to reasonably cooperate in the process" or that Brandy Melville's alleged lack of cooperation makes "implementation of effective screening criteria more difficult."  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | **lacks foundation and is speculative, are meritless.** <br> Mr. Toy's declaration states: <br>     I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br> Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Moreover, Mr. Toy's declaration regarding whether Brandy Melville has refused to reasonably cooperate and whether Redbubble proactively screens for infringement lacks facts, constitutes improper legal conclusions, and is argumentative. This statement is irrelevant and inadmissible. (FRE 401, 402.) Mr. Toy's declaration is contradicted by the record itself. Brandy Melville gave Redbubble notice of its infringement of the Brandy Melville Mark on May 14, 2018, but that mark was still on Redbubble's website in September 2018. (Dkt. No. 36-1 ¶¶ 44, 45, 170.) Brandy Melville has brought several designs and instances of infringement to Redbubble's attention, and yet Redbubble was still selling counterfeits of the LA Lightning Mark in April 2020—a year after this litigation started. (E.g., Dkt. No. 36-1 ¶¶ 159-161; see also Dkt. No. 36-62.) | Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objections that Toy Declaration ¶ 9 "lacks facts, constitutes improper legal conclusions, and is argumentative" are meritless and facially unsupported.** This paragraph contains factual assertions regardless of whether those facts have legal implications. **Brandy Melville's objection that Toy Declaration ¶ 9 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. **Brandy Melville's objection that Toy Declaration ¶ 9 contains hearsay is meritless.** To the extent that this paragraph may be deemed hearsay, it is admissible under the business records exception. Fed. R. Evid. 803(6) and 807. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ (Dkt. No. 136-1 ¶¶ 174, 199.) The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is the result of inadmissible hearsay. | |
| 45.    Toy Declaration ¶ 10.  Paragraph 10 asserts that "[i]n Redbubble's proactive policing process, a member of the MPI Team creates a list of terms to use to search for potentially infringing listings that are related to protected words or images provided by a content owner, such as trademarks, copyright-protected images, name and likeness. Redbubble selects proactive search | **Brandy Melville's objections, including that Toy Declaration ¶ 10 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | terms in this way, because the terms | implementation of Redbubble's |
| 5 | may be used by third-party Sellers in | IP/Publicity Rights Policy and |
| 6 | listings they create on the Redbubble | other intellectual property |
| 7 | Marketplace. This list of search terms is | matters. I also work closely with |
| 8 | typically based on a list of claimed | the Marketplace Integrity Team |
| 9 | trademarks and other protected content | ("MPI Team") and have direct |
| 10 | provided by the content owner for this | supervisory involvement in their |
| 11 | purpose, and the content owner | activities, including their |
| 12 | sometimes assists in providing common | proactive activities. I have |
| 13 | misspellings of its trademarks to make | personal knowledge of the facts |
| 14 | the search keywords more effective." | set forth in this Declaration and |
| 15 | | can testify competently to those |
| 16 | The Toy Declaration lays no foundation | facts. |
| 17 | as to Mr. Toy's personal knowledge as | Toy Declaration ¶ 1 [DE# 40-4]. Mr. |
| 18 | to any "proactive screening process," or | Toy's knowledge about these issues is |
| 19 | actions Redbubble's MPI Team, what | further supported by his designation as |
| 20 | "proactive search term[s]" are, the | Redbubble's 30(b)(6) deponent on |
| 21 | allegation that "[t]he list of search terms | related topics. |
| 22 | is typically based on a list of claimed | |
| 23 | trademarks," that "content owner[s] | **Brandy Melville's objection that Toy** |
| 24 | sometimes assist" Redbubble," the | **Declaration ¶ 10 contradicts the** |
| 25 | increased efficacy of the process via | **record evidence is meritless.** |
| 26 | search keywords, or the allegation | |
| 27 | regarding "third-party Sellers," and | |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| how listings are created.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)  Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illuminated by ██ ███████████████████ ███████████████████ ████████████████████ ███████████████████ █████████████ ████████████████ (Dkt. No. 36-1 ¶ 194.)  Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."  (Dkt. No. 40-4 ¶ 21.) ████████████████ | Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| ███████████████ ███████████████ ███████████████ ███████ (Dkt. No. 36-1 ¶ 140.) Moreover, Mr. Toy's declaration regarding whether Redbubble proactively screens for infringement and characterization of users as "third-party Sellers" and the allegation regarding who creates listings constitutes improper legal conclusions and is argumentative. This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble. (Dkt. No. 36-1 ¶ 178.) This statement is irrelevant and inadmissible. (FRE 401, 402.) | |
| 46. Toy Declaration ¶ 11. Paragraph 11 asserts that "[i]t is important that the content owner collaborate with Redbubble by providing it with a complete list of what it believes its protected content is, whether that be | **Brandy Melville's objections, including that Toy Declaration ¶ 11 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | logos, trademarks, characters, etc., so that Redbubble can most effectively search for it and remove it from the Marketplace. For content owners like Brandy Melville who have refused to provide a reasonable level of cooperation with Redbubble in this process, however, Redbubble is forced to use its best judgment as to what terms a content owner might use to identify colorable infringement." | I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |
| | The Toy Declaration also lays no foundation as to Mr. Toy's personal knowledge as to the allegation regarding content owner collaboration with Redbubble to effectively combat trademark infringement on Redbubble' website or the assertion that Brandy Melville has refused to provide a reasonable level of cooperation with Redbubble.  Indeed, Mr. Toy's declaration to these allegations constitutes improper opinion evidence, | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>This statement is irrelevant and inadmissible.  (FRE 401, 402.)<br><br>Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illuminated by ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ (Dkt. No. 36-1 ¶ 194.)<br><br>Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."  (Dkt. No. 40-4 ¶ 21.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | **Brandy Melville's objections that Toy Declaration ¶ 11 "constitutes improper opinion evidence, is speculative as it assumes those facts which are not in evidence are true" are meritless and facially unsupported.**<br><br>**Brandy Melville's objections that Toy Declaration ¶ 11 is hearsay is meritless.**<br><br>Even if hearsay, the records reviewed fall within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807.<br><br>**Brandy Melville's objection that Toy Declaration ¶ 11 contradicts the record evidence is meritless.**<br><br>Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| ████████████████ ████████████ ██████████████ ████████ (Dkt. No. 36-1 ¶ 140.) The Toy Declaration lacks foundation regarding the level of cooperation from Brandy Melville, which is in any event inadmissible because it is irrelevant. (FRE 401, 402.) The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is the result of inadmissible hearsay. | |
| 47.    Toy Declaration ¶ 12.  Paragraph 12 asserts that "During the proactive policing process, search terms are input into a proprietary software tool, which automatically and continuously monitors for changes in a dynamic database of Seller-generated titles, tags and descriptions in the Redbubble Marketplace, and displays the results of | **Brandy Melville's objections, including that Toy Declaration ¶ 12 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 | its searches in a user interface for the MPI Team to review and access. The MPI Team manually reviews these search results, which include images of the artwork for the listing, to identify content that matches the policing guidelines, and is therefore potentially infringing, based on information provided by the content owner." | responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their |
| 14 15 16 17 18 19 20 21 22 23 24 | The Toy Declaration lays no foundation to Mr. Toy's personal knowledge as to the "policing process," search results, or the MPI's review of those results. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |
| 25 26 27 | This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **Brandy Melville's objection that Toy Declaration ¶ 12 contradicts the record evidence is meritless.** |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illuminated by ▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (Dkt. No. 36-1 ¶ 194.) Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." (Dkt. No. 40-4 ¶ 21.) ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ (Dkt. No. 36-1 ¶ 140.) This declaration also contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble. (Dkt. No. 36-1 ¶ 178.) | Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 48.    Toy Declaration ¶ 13.  Paragraph 13 asserts that "[l]ike the search terms, these guidelines are typically created in collaboration with the content owner, because policing functions most effectively if Redbubble has a full understanding of what designs a content owner considers infringing and how broadly the content owner wishes to enforce any rights it has in such content, in part because various content owners have different approaches to policing, particularly as it relates to fan art, mashups, artwork that makes critical commentary on the content owner's brand, and sensitivity to upsetting the content owner's fans when their artwork is removed.

The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding guidelines, how they are typically created, what makes them most effective or his understanding of | **Brandy Melville's objections, including that Toy Declaration ¶ 13 lacks foundation and is speculative, are meritless.**

Mr. Toy's declaration states:

I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| owners' wishes regarding enforcement of their trademarks or that "various content owners have different approaches to policing."  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Moreover, Mr. Toy's declaration regarding the efficacy of Redbubble guidelines and policing functions is improperly argumentative and constitutes improper opinion testimony. (FRE 701.) Mr. Toy's declaration contains inadmissible hearsay with respect to communications within Redbubble, as well as communications with third parties, that are offered for the truth of the matter asserted. | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.<br><br>**Brandy Melville's objections that Toy Declaration ¶ 13 "is argumentative and constitutes improper opinion testimony" are meritless and facially unsupported.** **Brandy Melville's objections that Toy Declaration ¶ 13 is hearsay is meritless.** Even if hearsay, the records reviewed fall within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807. **Brandy Melville's objection that Toy Declaration ¶ 13 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 | This statement is irrelevant and inadmissible.  (FRE 401, 402.) | |
| 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 49.    Toy Declaration ¶ 14.  Paragraph 14 asserts that "[i]f (as in the case of Brandy Melville) a content owner is unwilling to work with Redbubble to create policing guidelines, Redbubble typically attempts to use its best judgment as to what the content owner might consider colorably infringing and therefore might want removed."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding the assertion that Brandy Melville was unwilling to work with Redbubble or how Redbubble typically attempts to remove infringing items without the content owner's input. Indeed, Mr. Toy's declaration to these allegations is argumentative, speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, | **Brandy Melville's objections, including that Toy Declaration ¶ 14 lacks foundation and is speculative, are meritless.**<br>Mr. Toy's declaration states:<br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | can testify competently to those facts. |
| 5 | | |
| 6 | | Toy Declaration ¶ 1 [DE# 40-4]. Mr. |
| 7 | The Toy Declaration lacks foundation that Mr. Toy ever spoke with Brandy Melville, meaning any statement regarding Brandy Melville's cooperation is the result of inadmissible hearsay. | Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | **Brandy Melville's objections that Toy** |
| 12 | hearsay. | **Declaration ¶ 14 is hearsay is** |
| 13 | This statement is irrelevant and inadmissible. (FRE 401, 402.) | **meritless.** |
| 14 | | Even if hearsay, the records reviewed |
| 15 | | fall within at least the business records |
| 16 | | exception of the hearsay rule. Fed. R. |
| 17 | | Evid. 803(6) and 807. |
| 18 | | Brandy Melville's other objections are |
| 19 | | meritless and facially unsupported. |
| 20 | | |
| 21 | 50.    Toy Declaration ¶ 15.  Paragraph 15 asserts that "[i]f the policing tool displays user-generated content that matches the content contained in policing guidelines, the MPI Team will promptly remove the listing containing such content proactively and without | **Brandy Melville's objections,** |
| 22 | | **including that Toy Declaration ¶ 15** |
| 23 | | **lacks foundation and is speculative,** |
| 24 | | **are meritless.** |
| 25 | | Mr. Toy's declaration states: |
| 26 | | I am the Assistant General |
| 27 | | Counsel of Redbubble Inc. |
| 28 | | |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 | receiving a specific takedown notice from the rightsholder. In addition, the third-party Seller is automatically notified upon removal and is otherwise treated in accordance with the IP/Publicity Rights Policy. | ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property |
| 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | The Toy Declaration lays no foundation to Mr. Toy's personal knowledge as to his declaration regarding the MPI Team's actions regarding removal of content or notification to sellers. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) This statement is irrelevant and inadmissible.  (FRE 401, 402.) Moreover, Mr. Toy's declaration regarding proactive removal and characterization of users as "third-party | matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |
| 28 | | |



| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Sellers" is argumentative.  Mr. Toy's characterizations of a user being a "third-party Seller" is an improper legal conclusion.<br><br>Mr. Toy's lack of personal knowledge regarding the MPI Team and its work at Redbubble is illuminated by ███ ███████████████ █████████████████ ████████████████████ ███████████████████. (Dkt. No. 36-1 ¶ 194.)<br><br>Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."  (Dkt. No. 40-4 ¶ 21.) ███████████████ ███████████████ ██████████████████ ██████████████████ ██████ (Dkt. No. 36-1 ¶ 140.) | **Brandy Melville's objections that Toy Declaration ¶ 15 constitutes improper legal conclusions or is argumentative are meritless and facially unsupported.**<br><br>This paragraph contains factual assertions regardless of whether those facts have legal implications.<br><br>**Brandy Melville's objection that Toy Declaration ¶ 15 contradicts the record evidence is meritless.**<br><br>Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].<br><br>Brandy Melville's other objections are meritless and facially unsupported. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | |
| 51.    Toy Declaration ¶ 16.  Paragraph 16 asserts that "[i]n 2017, Redbubble began testing a new internally developed tool that allows a small volume of listings to be screened for potentially infringing titles or tags immediately after upload but before they become publicly visible on the Redbubble Marketplace, which Redbubble refers to as the "ACE" tool. This tool has limitations, because it is keyword based and does not rely on image matching. Thus, an objectionable image that lacks the applicable search keywords may get through, and even if the uploaded content is caught by the ACE tool, a human must still review each upload prior to removal to determine whether the design matches any of the protected words or images in | **Brandy Melville's objections, including that Toy Declaration ¶ 16 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| the policing guidelines created in collaboration with the content owner." | set forth in this Declaration and can testify competently to those facts. |
| The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding his declaration as to when Redbubble began testing the ACE tool, that it was "internally developed," its alleged limitations, or its functionality." Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Mr. Toy's characterizations of users being "third-party Sellers" is an improper legal conclusion.  This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble. (Dkt. No. 36-1 ¶ 178.) | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objections that Toy Declaration ¶ 16 constitutes improper legal conclusions or is argumentative are meritless and facially unsupported.** This paragraph contains factual assertions regardless of whether those facts have legal implications. **Brandy Melville's objection that Toy Declaration ¶ 16 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| This statement is irrelevant and inadmissible.  (FRE 401, 402.) | |
| 52.    Toy Declaration ¶ 17.  Paragraph 17 asserts that "[t]]he content offered for sale on the Redbubble Marketplace, including those designs displayed on the Accused Products, is designed and uploaded to the Redbubble Marketplace by third-party Sellers. Because content is uploaded by third parties without participation by Redbubble, and content is uploaded by these Sellers at such a high volume, any pre-screening on a broad scale is currently logistically impractical. The ACE Tool would not mitigate this impracticability. Broad pre-upload screening of all uploaded content with the ACE Tool could not be accomplished within a reasonable time frame. And even if Redbubble were able to use this technology to attempt to pre-screen all content uploaded to the Marketplace, it would still need information from content owners | **Brandy Melville's objections, including that Toy Declaration ¶ 17 lacks foundation and is speculative, are meritless.** <br> Mr. Toy's declaration states: <br> I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| regarding what content to remove and the scope of their rights." <br><br> The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding his declaration that the content on its site is designed and uploaded by third-party Sellers, that content is uploaded by third parties without Redbubble's participation, that pre-screening on a broad scale is impractical or that the ACE tool fails to mitigate its failure to pre-screen. Indeed, Mr. Toy's declaration to these allegations is argumentative, speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br> This declaration contradicts record evidence that the "sellers" are in a | can testify competently to those facts. <br> Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. <br><br> Brandy Melville's other objections are meritless and facially unsupported. <br><br> **Brandy Melville's objection that Toy Declaration ¶ 17 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. <br> **Brandy Melville's objections that Toy Declaration ¶ 17 constitutes improper opinion testimony or is argumentative are meritless and facially unsupported.** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.)  Mr. Toy's declaration regarding software, feasibility, technology, pre-screening, and the need for information from content owners is improperly argumentative and constitutes improper opinion testimony.  (FRE 701.)  This statement is irrelevant and inadmissible.  (FRE 401, 402.) | This paragraph contains factual assertions regardless of whether those facts support or pertain to opinions. |
| 53.    Toy Declaration ¶ 18.  Paragraph 18 asserts that "Redbubble has also attempted to develop image matching and optical character recognition software. While Redbubble has not yet been able to create a viable scalable solution, and therefore has not used any such application on a significant scale, it continues to work toward such a solution in the hope that its efforts will bear fruit."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge | **Brandy Melville's objections, including that Toy Declaration ¶ 18 lacks foundation and is speculative, are meritless.**<br>Mr. Toy's declaration states:<br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | regarding his declaration concerning | the Marketplace Integrity Team |
| 5 | Redbubble's alleged attempt to | ("MPI Team") and have direct |
| 6 | "develop image matching and optical | supervisory involvement in their |
| 7 | character recognition software" or its | activities, including their |
| 8 | viability or Redbubble's hopes | proactive activities. I have |
| 9 | regarding that alleged attempt.  Indeed, | personal knowledge of the facts |
| 10 | Mr. Toy's declaration to these | set forth in this Declaration and |
| 11 | allegations is speculative as it assumes | can testify competently to those |
| 12 | those facts which are not in evidence | facts. |
| 13 | are true, and is thus lacking in probative | Toy Declaration ¶ 1 [DE# 40-4]. Mr. |
| 14 | value, misleading and is unfairly | Toy's knowledge about these issues is |
| 15 | prejudicial.  (FRE 402, 403, 602; LR 7- | further supported by his designation as |
| 16 | 7; FRCP 56(c)(4).) | Redbubble's 30(b)(6) deponent on |
| 17 | Mr. Toy's declaration regarding | related topics. |
| 18 | software, feasibility, and technology is | |
| 19 | improperly argumentative and | |
| 20 | constitutes improper opinion testimony. | **Brandy Melville's objections that** |
| 21 | (FRE 701.) | **"Mr. Toy's declaration regarding** |
| 22 | Mr. Toy's declaration regarding | **software, feasibility, and technology is** |
| 23 | Redbubble's purported efforts and use | **improperly argumentative and** |
| 24 | of technology is irrelevant and | **constitutes improper opinion** |
| 25 | inadmissible.  (FRE 401, 402.) | **testimony lacks facts, constitutes** |
| 26 | | **improper legal conclusions, and is** |
| 27 | | **argumentative" are meritless and** |
| 28 | | **facially unsupported.** Mr. Toy is fully |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | competent to testify regarding Redbubble's efforts to find technological solutions, and the extent to which those efforts have succeeded to date. **Brandy Melville's objection that Toy Declaration ¶ 18 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 54.    Toy Declaration ¶ 19.  Paragraph 19 asserts that "Redbubble also uses a combination of proprietary and third-party software tools that seek to identify scaled and/or repeated abusers of the Redbubble user agreement. For instance, Redbubble uses third-party machine learning software called Sift Science to search for user accounts that are linked to other accounts that have already been restricted or deleted for repeat infringement, as the existence of such accounts might indicate that the | **Brandy Melville's objections, including that Toy Declaration ¶ 19 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states:      I am the Assistant General      Counsel of Redbubble Inc.      ("Redbubble"), the defendant in      this lawsuit. I am directly      responsible for the      implementation of Redbubble's      IP/Publicity Rights Policy and      other intellectual property |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
| --- | --- |
| applicable Sellers have attempted to circumvent Redbubble Policies by simply creating new accounts. These tools also look for other Seller behavior that may indicate that a Seller is a scaled abuser or repeat infringer, such as high content upload rates, which might indicate that the user is not a legitimate human artist, but rather a software robot designed to upload content in bulk."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding his declaration concerning Redbubble's alleged "third-party software tools," their uses, or his knowledge of Sift Science or its functionality.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. | matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.<br><br>**Brandy Melville's objection that Toy Declaration ¶ 19 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3].<br>**Brandy Melville's objections that Toy Declaration ¶ 19 constitutes improper** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br><br>This declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.)<br><br>Mr. Toy's declaration is irrelevant, improperly argumentative and constitutes improper opinion testimony.  (FRE 701.)<br><br>This statement is irrelevant and inadmissible.  (FRE 401, 402.) | **opinion testimony or is argumentative are meritless and facially unsupported.**<br><br>This paragraph contains factual assertions regardless of whether those facts support or pertain to opinions. |
| 55.     Toy Declaration ¶ 20.  Paragraph 20 asserts that "[w]hen Sift Science detects a high-risk account, it may automatically disable the account or put it on a watch list to be monitored by the MPI Team. When an account is disabled, all listings offered for sale by that account are automatically removed from the Redbubble Marketplace."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge | **Brandy Melville's objections, including that Toy Declaration ¶ 20 lacks foundation and is speculative, are meritless.**<br><br>Mr. Toy's declaration states:<br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| regarding his declaration concerning Sift Science, its functionality, or what happens when an account is disabled. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) This statement is irrelevant and inadmissible. (FRE 401, 402.) Mr. Toy further lacks personal knowledge regarding the MPI Team and its work at Redbubble. ███ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ██████████ (Dkt. No. 36-1 ¶ 194.) Mr. Toy's lack of personal knowledge is further illuminated by the fact that he | other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts." Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objection that Toy Declaration ¶ 20 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 | claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." (Dkt. No. 40-4 ¶ 21.) ████████████████ ███████████████ █████████████████ ████████████████ ██████ (Dkt. No. 36-1 ¶ 140.) | |
| 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 56.    Toy Declaration ¶ 21. Paragraph 21 asserts that "Redbubble's MPI Team currently conducts proactive policing for marks belonging to Brandy Melville and roughly 335 other content owners, including some of the largest content owners in the world. Many of these companies have a large and diverse portfolio of properties (i.e., copyrights, trademarks and publicity rights), like TV shows and individual movies, and some represent a large roster of musical artists. In total, Redbubble's MPI team proactively polices for more than 2,350 individual properties for these content owners, and on any given day, the MPI | **Brandy Melville's objections, including that Toy Declaration ¶ 21 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Team will typically review over 6,000 individual designs and compare them against the policing and removal guidelines established (in the vast majority of cases) in collaboration with these content owners." | supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |
| The Toy Declaration is false, lacks foundation, and is irrelevant.  The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding his declaration as to Redbubble's policing efforts, the content owner and their portfolios, the number of individual properties it polices or the number of designs the MPI Team "typically" reviews.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.

Brandy Melville's objections that Toy Declaration ¶ 21 "is false" are meritless and facially unsupported and should be struck.

**Brandy Melville's objection that Toy Declaration ¶ 21 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Mr. Toy further lacks personal knowledge regarding the MPI Team and its work at Redbubble. ▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (Dkt. No. 36-1 ¶ 194.) Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day." (Dkt. No. 40-4 ¶ 21.) ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮ (Dkt. No. 36-1 ¶ 140.) This statement is irrelevant and inadmissible. (FRE 401, 402.) | |
| 57.   Toy Declaration ¶ 22.  Paragraph 22 asserts that "I understand that if | **Brandy Melville's objections, including that Toy Declaration ¶ 22** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| listings in user accounts disabled by Sift Science are accounted for, then Redbubble's proactive policing efforts to date have resulted in the disabling or removal of approximately 3,692,040 listings from the Redbubble Marketplace, covering just over 87,000,000 products. These removals were accomplished by detecting and predicting patterns of abuse at the account level, rather than via the MPI Team's manual review of each listing. Redbubble always strives to increase the scalability of its proactive measures, so it can more efficiently police the Redbubble Marketplace for violations of its user agreement."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge concerning his alleged understanding of accounts disabled by Sift Science, the number of disabled or removed listings, the number of products impacted, how | **lacks foundation and is speculative, are meritless.**<br>Mr. Toy's declaration states:<br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| the removals were accomplished, or the assertion that "Redbubble always strives to increase the scalability of its proactive measures" to "efficiently police" the Redbubble site.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br> This statement is irrelevant and inadmissible.  (FRE 401, 402.) <br> Mr. Toy further lacks personal knowledge regarding the MPI Team and its work at Redbubble. ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 36-1 ¶ 194.) | Redbubble's 30(b)(6) deponent on related topics. <br><br> **Brandy Melville's objection that Toy Declaration ¶ 22 contradicts the record evidence is meritless.** <br> Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 | Mr. Toy's lack of personal knowledge is further illuminated by the fact that he claimed the MPI Team "will typically review over 6,000 individual designs" "on any given day."  (Dkt. No. 40-4 ¶ 21.) ███████████ ███████████ ███████████ ███████████ ████████  (Dkt. No. 36-1 ¶ 140.) | |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 58.    Toy Declaration ¶ 24.  Paragraph 24 asserts that "[a]ttached to this Declaration as Exhibit F and G are a true and correct copy of additional correspondence between Brandy Melville and Redbubble on May 14-15, 2018, and which were produced in this litigation under Bates numbers RBBM176733-35 and RBBM175967. After May 15, 2018, Redbubble did not hear from Brandy Melville again until after this lawsuit was filed." | **Brandy Melville's objections, including that Toy Declaration ¶ 24 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration regarding the allegation that "[a]fter May 15, 2018, Redbubble did not hear from Brandy Melville again until after this lawsuit was filed." Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br><br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.<br><br>Brandy Melville's objection that Toy Declaration ¶ 24 is speculative and assumes facts ignores that proof of a negative, of necessity, reflects the absence of evidence, and is expressly permitted by Fed. R. Evid. 803(7). |
| 59.     Toy Declaration ¶ 25.  Paragraph 25 asserts that "[i]n each instance in which Brandy Melville provided | **Brandy Melville's objections, including that Toy Declaration ¶ 25** |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | Redbubble with notice of specific allegedly infringing content, Redbubble promptly removed any listings containing the images identified in the notice. Redbubble also repeatedly offered to work with Brandy Melville to establish proactive policing criteria. However, Brandy Melville has never agreed to work with Redbubble on reasonable criteria for proactively policing the Redbubble Marketplace on an ongoing basis." <br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration regarding the allegations that Redbubble removed listings or that Redbubble repeatedly offered to work with Brandy Melville, who never agreed to work with Redbubble. Indeed, Mr. Toy's declaration to these allegations is argumentative, speculative as it assumes those facts which are not in evidence are true, and | **lacks foundation and is speculative, are meritless.** <br><br>Mr. Toy's declaration states: <br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br><br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as |
| 28 | | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | Redbubble's 30(b)(6) deponent on related topics. |
| Mr. Toy's declaration is contradicted by the record itself. Brandy Melville gave Redbubble notice of its infringement of the Brandy Melville Mark on May 14, 2018, but that mark was still on Redbubble's website in September 2018. (Dkt. No. 36-1 ¶¶ 44, 45, 170.) Brandy Melville has brought several designs and instances of infringement to Redbubble's attention, and yet Redbubble was still selling counterfeits of the LA Lightning Mark in April 2020—a year after this litigation started. (*E.g.*, Dkt. No. 36-1 ¶¶ 159-161; *see also* Dkt. No. 36-62.) | **Brandy Melville's objection that Toy Declaration ¶ 25 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| ███████████████ ███████████████. (Dkt. No. 136-1 ¶¶ 174, 199.) This statement is irrelevant and inadmissible.  (FRE 401, 402.) The Toy Declaration is argumentative, lacks foundations, and contains legal conclusions regarding discussions and agreements with Brandy Melville. | |
| 60.    Toy Declaration ¶ 26.  Paragraph 26 asserts that "[d]espite Brandy Melville's unwillingness to reasonably cooperate with Redbubble, immediately after receiving notice of this lawsuit, Redbubble unilaterally implemented proactive screening for the content identified by Brandy Melville. Redbubble subsequently expanded its policing criteria based on additional information provided by Brandy Melville regarding what it considered its trademark rights to be." | **Brandy Melville's objections, including that Toy Declaration ¶ 26 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration in Paragraph 26. Indeed, Mr. Toy's declaration to these allegations, particularly the declaration regarding Brandy Melville's alleged "unwillingness to reasonably cooperate with Redbubble," is argumentative, speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) This statement is irrelevant and inadmissible. (FRE 401, 402.) Mr. Toy's declaration is contradicted by the record itself. Brandy Melville gave Redbubble notice of its infringement of the Brandy Melville Mark on May 14, 2018, but that mark was still on Redbubble's website in September 2018. (Dkt. No. 36-1 ¶¶ 44, 45, 170.) Brandy Melville has brought several | ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objections that Toy Declaration ¶ 26 is speculative or argumentative are meritless and facially unsupported.** This paragraph contains factual assertions regardless of whether those facts support or pertain to opinions. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| designs and instances of infringement to Redbubble's attention, and yet Redbubble was still selling counterfeits of the LA Lightning Mark in April 2020—a year after this litigation started.  (*E.g.*, Dkt. No. 36-1 ¶¶ 159-161; *see also* Dkt. No. 36-62.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 136-1 ¶¶ 174, 199.) | **Brandy Melville's objection that Toy Declaration ¶ 26 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 61.     Toy Declaration ¶ 27.  Paragraph 27 asserts that "[t]hird party payment processors like PayPal, Stripe, or Amazon Payments receive payment directly from customers who purchase products through the Redbubble Marketplace and forward those funds directly to Redbubble." | **Brandy Melville's objections, including that Toy Declaration ¶ 27 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states:      I am the Assistant General     Counsel of Redbubble Inc.     ("Redbubble"), the defendant in     this lawsuit. I am directly |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration in Paragraph 26. Indeed, Mr. Toy's declaration to these allegations, particularly the declaration regarding "third party payment processors" and the assertion that they "receive payment directly from customers," is argumentative, speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |
| 62.    Toy Declaration ¶ 28. Paragraph 28 asserts that "[a]fter the purchaser's funds are collected, Redbubble's platform software then automatically | **Brandy Melville's objections, including that Toy Declaration ¶ 28 lacks foundation and is speculative, are meritless.** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| facilitates the payment of the Seller's margin to the Seller, with such margin being determined entirely by the Seller.<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of his declaration in Paragraph 28.  Indeed, Mr. Toy's declaration to these allegations, particularly the declaration regarding "payment of the Seller's margin to the Seller," is argumentative, speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)<br>The Toy Declaration contains improper legal conclusions in its use of "facilitates," and is vague and ambiguous as to "automatically."  The Toy Declaration is speculative and lacks foundation regarding what third parties do.  It further contradicts record | Mr. Toy's declaration states:<br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br><br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) | Brandy Melville's objections that Toy Declaration ¶ 28 contains improper legal conclusions regarding "facilitates" is improper for failing to identify any context in which that term is a legal term or conclusion of law, particularly where that term has a relevant lay meaning. Its vagueness and ambiguity objections are particularly improper given Brandy Melville's failure to specify the purported alternative meanings of the term in question.<br><br>**Brandy Melville's objection that Toy Declaration ¶ 28 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 63.     Toy Declaration ¶ 29.  Paragraph 29 asserts that "Redbubble retains a fixed service fee for its facilitation | **Brandy Melville's objections, including that Toy Declaration ¶ 29 lacks foundation and is speculative, are meritless.** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| services, which varies by product type but not by the price set by the Seller." <br><br> The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding his declaration in Paragraph 29.  Mr. Toy's declaration to these allegations, particularly the declaration regarding service fees and facilitation services, is argumentative, speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br> The Toy Declaration contains improper legal conclusions in its use of "facilitation." | Mr. Toy's declaration states: <br><br> I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br><br> Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| | Brandy Melville's objections that Toy Declaration ¶ 29 contains improper legal conclusions regarding "facilitation" is improper for failing to identify any context in which that term is a legal term or conclusion of law, particularly where that term has a relevant lay meaning. |
| 64.    Toy Declaration ¶ 30.  Paragraph 30 asserts that "Redbubble does not enter a legally-registered partnership with any third-party manufacturers of products purchased through the Redbubble Marketplace. The manufacturers operate independently, and can and do decide unilaterally whether to fulfill orders routed to them by platform software. Redbubble does not have the authority to bind the manufacturers in transactions with third parties, and the manufacturers do not have the authority to bind Redbubble in transactions with third parties." | **Brandy Melville's objections, including that Toy Declaration ¶ 30 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states:<br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding alleged partnerships with manufacturers, whether they operate independently, or the authority of Redbubble or manufacturers.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) | ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |
| | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |
| Mr. Toy's declaration as to partnerships, independent operation of manufacturers, their unilateral decision-making capabilities, and authority to bind constitutes improper legal conclusions of issues at dispute in this action, is opinion testimony, and is argumentative. | Brandy Melville's objections that Toy Declaration ¶ 30 contains improper legal conclusions reflect and summarize a disagreement among the parties regarding the legal consequences of certain underlying facts. |
| The Toy Declaration contradicts Redbubble's public disclosure to | **Brandy Melville's objection that Toy Declaration ¶ 30 contradicts the record evidence is meritless.** |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| shareholders that (1) Redbubble "is acting as a principal with respect to fulfillers as opposed to as an agent" (Dkt. No. 36-1 ¶¶ 117, 118) and (2) Redbubble "controls a substantial part of the process and is construed to be the party primarily responsible for satisfying the performance obligation" (Dkt. No. 36-1 ¶¶ 114-116.)  The Deshais Declaration contradicts Redbubble's public disclosures— including statements made by Deshais to investors—that the manufacturer/fulfillers are Redbubble's partners.  (Dkt. No. 36-1 ¶¶ 82-89.) Redbubble's agents, which can bind Redbubble to a contract, manufacture the infringing and counterfeit products. (Dkt. No. 36-1 ¶¶ 117, 118.) This statement is misleading, irrelevant, and inadmissible, as legally registered partnerships are but one way Redbubble and its fulfillers have a relationship. (FRE 401, 402.) | Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| 65.    Toy Declaration ¶ 31.  Paragraph 31 asserts that "[p]roduct listing pages on the Redbubble Marketplace are dynamically generated by automated platform software when a third-party Seller fills in a generic electronic template with information specific to the Seller's particular listing. As a result, the entire listing page consists of (i) information input by the Seller, (ii) information automatically generated by platform software based on information input by the Seller or other users of the Marketplace, and (iii) generic listing page features. For example, the listing's image is uploaded by the Seller; the title, tags, price, and description are input by the Seller; the "Similar designs" carousel is dynamically generated based on tagging behavior of the Seller and other Marketplace users; and the banners, footers, and functional buttons are generic page features that are consistent irrespective of the | **Brandy Melville's objections, including that Toy Declaration ¶ 31 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| information input by the Seller or the behavior of other Marketplace users. The images of products that appear on listing pages (such as a shirt bearing the Seller's design being worn by a model) are dynamically generated by automated platform software from a generic template (such as a stock model wearing a blank shirt) when the third-party Seller uploads a design and chooses the product type(s) they want to sell, without any involvement or intervention by Redbubble."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding product listing pages, their functionality, or whether sellers are third parties who act "without any involvement or intervention by Redbubble.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts, which are not in evidence are true, and | Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.<br><br>Brandy Melville's objections that Toy Declaration ¶ 31 contains improper legal conclusions reflect and summarize a disagreement among the parties regarding the legal consequences of certain underlying facts.<br><br>**Brandy Melville's objection that Toy Declaration ¶ 31 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| | Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|---|
| | is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Moreover, Mr. Toy's declaration as to alleged "third-party" sellers and Redbubble's involvement or intervention constitutes improper legal conclusions of issues at dispute in this action and is argumentative. The declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) The Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers. (Dkt. No. 36-1 ¶ 62.)  Mr. Toy's representation that things occur on the Redbubble website "without any involvement or intervention by Redbubble" lacks foundation. The Toy Declaration is vague and ambiguous as to its use of "automated" | |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| and "automatically."  The Toy Declaration is speculative and lacks foundation regarding what third parties do. | |
| 66.     Toy Declaration ¶ 32.  Paragraph 32 asserts that "[a]ttached to this Declaration as Exhibit H is a true and correct copy of a search results page on the Redbubble Marketplace for the search term "brandy heart." The content within the green boxes is content directly input by the applicable Seller of a corresponding listing. The content within the dotted blue boxes is dynamically generated by automated platform software based on information input by Marketplace users; and in particular, the image within the dotted blue box is generated from a generic template of a blank sticker when the third-party Seller uploads a design and chooses to sell stickers printed with their design, without any involvement or intervention by Redbubble.. The | **Brandy Melville's objections, including that Toy Declaration ¶ 32 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| content within the pink "double boxes" is content input by the user conducting the search."

The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding the search results page, who inputs content or how it is generated. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).)
The declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) The Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers. (Dkt. No. 36-1 ¶ 62.)  The Toy Declaration is speculative and lacks | set forth in this Declaration and can testify competently to those facts.
Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.

Brandy Melville's objections that Toy Declaration ¶ 32 lacks foundation for his personal knowledge regarding the results page belies the fact that the exhibit was created by Mr. Toy to illustrate the particular content shown.

**Brandy Melville's objection that Toy Declaration ¶ 32 contradicts the record evidence is meritless.**
Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| foundation regarding what third parties do.<br><br>Exhibit H is inadmissible hearsay. | **Brandy Melville's objections that Toy Declaration ¶ 32, Exh. H is hearsay is meritless.**<br><br>Exh. H is not offered to prove the truth of any matter asserted therein. Rather, Mr. Toy is using Exh. H as a demonstrative device to explain the operation of the system underneath. Even if hearsay, the record falls within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807. |
| 67.    Toy Declaration ¶ 33. Paragraph 33 asserts that "[a]ttached to this Declaration as Exhibit I is a true and correct copy of a product listing page on the Redbubble Marketplace for a product located using the search term "brandy heart." The content within the green boxes is content directly input by the user. The content within the dotted blue boxes is content dynamically generated by automated platform software based on information input by | **Brandy Melville's objections, including that Toy Declaration ¶ 33 lacks foundation and is speculative, are meritless.**<br><br>Mr. Toy's declaration states:<br><br>I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| the Seller. The remaining content on this page is generic listing page features, some of which is also displayed automatically by the Marketplace software in response to user-generated information. For example, the "Features" section is generic information displayed for all stickers, but the sticker Features are displayed in response to the user's decision to sell stickers printed with their design, without any involvement or intervention by Redbubble."<br><br>The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding the products listing page, who inputs content or how it is generated. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly | other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.<br><br>Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics.<br><br>Brandy Melville's objections that Toy Declaration ¶ 33 lacks foundation for his personal knowledge regarding the listing page belies the fact that the exhibit was created by Mr. Toy to illustrate the particular content shown. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Exhibit I is inadmissible hearsay. The declaration contradicts record evidence that the "sellers" are in a principal-agency relationship with Redbubble.  (Dkt. No. 36-1 ¶ 178.) The Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers. (Dkt. No. 36-1 ¶ 62.)  The Toy Declaration is speculative and lacks foundation regarding what third parties do. | **Similarly, Brandy Melville's objections that Toy Declaration ¶ 33, Exh. I is hearsay is meritless.** Exh. I is not offered to prove the truth of any matter asserted therein. Rather, Mr. Toy is using Exh. I as a demonstrative device to explain the operation of the system underneath. Even if hearsay, the record falls within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807. **Brandy Melville's objection that Toy Declaration ¶ 33 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 68.     Toy Declaration ¶ 34.  Paragraph 34 asserts that "Redbubble facilitates advertising on behalf of artists by connecting the Redbubble platform to third-party advertising platforms, such as Google, through a continually- | **Brandy Melville's objections, including that Toy Declaration ¶ 34 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| updating "product feed" of Seller listings hosted on the Marketplace. The third-party advertising platform—not Redbubble—determines the specific listing that gets displayed in an advertisement." <br><br> The Toy Declaration lays no foundation to Mr. Toy's personal knowledge regarding connecting the Redbubble platform to advertising platforms or how those listings are displayed in advertisements.  Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial. (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) <br> The Redbubble software performs as Redbubble intends it to, as it was developed by Redbubble's engineers. (Dkt. No. 36-1 ¶ 62.)  The Toy | I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. <br> Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| Declaration is speculative and lacks foundation regarding what third parties do. | **Brandy Melville's objection that Toy Declaration ¶ 34 contradicts the record evidence is meritless.** Redbubble incorporates by reference its Response to the cited paragraphs of Plaintiff's SUF [DE# 47-3]. |
| 69.    Toy Declaration ¶ 35.  Paragraph 35 asserts that" [t]he sales data attached as Exhibits A and B to the Rickert declaration confirm that no product bearing the Brandy Flags mark has ever been sold through the Redbubble Marketplace. Those data also confirm that there has never been a sale through the Marketplace of any product displaying the LosAngeles Lightning mark on clothing. Those data establish that AU\$7,830.17 (approximately US\$5,000 at today's exchange rates) of products featuring the Brandy Hearts mark have been sold through the Marketplace, and those sales were limited either to stickers or to products | **Brandy Melville's objections, including that Toy Declaration ¶ 35 lacks foundation and is speculative, are meritless.** Mr. Toy's declaration states: I am the Assistant General Counsel of Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. I am directly responsible for the implementation of Redbubble's IP/Publicity Rights Policy and other intellectual property matters. I also work closely with the Marketplace Integrity Team ("MPI Team") and have direct supervisory involvement in their activities, including their |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| that are not covered by the Brandy Hearts trademark registration." The Toy Declaration lays no foundation to Mr. Toy's personal knowledge of the contents of Exhibits A and B to the Rickert declaration, nor have those exhibits been produced in this litigation. Indeed, Mr. Toy's declaration to these allegations is speculative as it assumes those facts which are not in evidence are true, and is thus lacking in probative value, misleading and is unfairly prejudicial.  (FRE 402, 403, 602; LR 7-7; FRCP 56(c)(4).) Mr. Toy lacks foundation to introduce or testify as to Exhibit A—he does not declare where the report came from, who created it, when it was created, or how it was created.  Exhibit A is inadmissible hearsay, as it contains out-of-court statements made by Redbubble.  Exhibit A cannot be | proactive activities. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts. Toy Declaration ¶ 1 [DE# 40-4]. Mr. Toy's knowledge about these issues is further supported by his designation as Redbubble's 30(b)(6) deponent on related topics. **Brandy Melville's objections that Toy Declaration ¶ 35 is hearsay and lacks foundation for his personal knowledge regarding the content of the exhibit to the Rickert Declaration are meritless.** Even if hearsay, the records reviewed fall within at least the business records exception of the hearsay rule. Fed. R. Evid. 803(6) and 807.  Rickert Decl. at ¶¶ 1-12 [Dkt. 40-14]. Redbubble incorporates by reference its responses |

| Plaintiff's Objectionable Portion of Declaration and Evidentiary Basis for the Objection | Defendant's Response |
|---|---|
| introduced for the truth of the matter asserted.<br><br>Mr. Toy lacks foundation to introduce Exhibit B—he does not declare where the report came from, who created it, when it was created, or how it was created.  Exhibit B is inadmissible hearsay, as it contains out-of-court statements made by Redbubble.<br><br>Exhibit A cannot be introduced for the truth of the matter asserted.<br><br>This statement is misleading, irrelevant, and inadmissible, as selling infringing and counterfeit goods is but one way Redbubble can—and has—violated the Lanham Act.  (FRE 401, 402.) | above, including to paragraphs 35 and 36. |

Dated: May 18, 2020

**COASTSIDE LEGAL**    **ZUBER LAWLER & DEL DUCA LLP**
KENNETH B. WILSON    JOSHUA M. MASUR / ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
    Attorneys for Defendant Redbubble Inc.