BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>  Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:  June 15, 2020<br>Time:  9:00 a.m.<br>Crtrm.:  850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:  June 30, 2020 |

1551628

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

                **Page**

I.    INTRODUCTORY STATEMENT ................................................................ 1

II.   L.R. 16-4.1: CLAIMS AND DEFENSES ................................................... 2

      A.    Plaintiff's Claims: Summary Statement, Elements, and Key Supporting Evidence ............................................................................ 2

           1.    Claim 1: Trademark Infringement and Counterfeiting [15 U.S.C. § 1114] ................................................................. 2

                 a.    Elements of Claim 1 ................................................... 2

                 b.    Brief Summary of Key Evidence in Support of Claim 1 ......................................................................... 3

           2.    Claim 2: False Designation of Origin [15 U.S.C. § 1125(a)] ............................................................................. 5

                 a.    Elements of Claim 2 ................................................... 5

                 b.    Brief Summary of Key Evidence in Support of Claim 2 ......................................................................... 5

           3.    Claim 3: Common Law Unfair Competition ............................. 5

                 a.    Elements of Claim 3 ................................................... 5

                 b.    Brief Summary of Key Evidence in Support of Claim 3 ......................................................................... 6

           4.    Claim 4: Contributory Trademark Infringement ....................... 6

                 a.    Elements of Claim 4 ................................................... 6

                 b.    Brief Summary of Key Evidence in Support of Claim 4 ......................................................................... 7

           5.    Claim 5: Vicarious Trademark Infringement ............................ 7

                 a.    Elements of Claim 5 ................................................... 7

                 b.    Brief Summary of Key Evidence in Support of Claim 5 ......................................................................... 8

      B.    Defendant's Affirmative Defenses: Summary Statement, Elements, and Key Supporting Evidence ............................................... 8

           1.    First Affirmative Defense: Laches ............................................. 8

                 a.    Elements of First Affirmative Defense ........................... 9

**TABLE OF CONTENTS**
**(Continued)**

Page

      b.    Brief Summary of Key Evidence in Opposition to First Affirmative Defense ................................................................ 9

  C.    Similar Statements for All Third Parties .................................................. 10

  D.    Anticipated Evidentiary Issues and Plaintiff's Position on Those Issues ....................................................................................................... 10

      1.    Irrelevant Articles and Documents About Plaintiff and Unrelated Legal Claims and Litigation ....................................... 10

      2.    Defendant's Improper Testimony ................................................ 11

      3.    Defendant's Improper Rebuttal Expert ....................................... 11

  E.    Germaine Issues of Law and Plaintiff's Position on Those Issues ....... 12

III.  L.R. 16-4.3:  BIFURCATION OF ISSUES ...................................................... 12

IV.  L.R. 16-4.4:  JURY TRIAL ................................................................................ 12

V.  L.R. 16-4.5:  ATTORNEYS' FEES .................................................................. 12

VI.  L.R. 16-4.6:  ABANDONMENT OF ISSUES ................................................. 13

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Danjaq LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) .................................................................................. 9

*Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*,
  779 F. App'x. 471 (9th Cir. 2019) .......................................................................... 9

*Int'l Order of Job's Daughters v. Lindeburg & Co.*,
  633 F.2d 912 (9th Cir. 1980) .................................................................................. 6

*Jada Toys, Inc. v. Mattel, Inc.*,
  518 F.3d 628 (9th Cir. 2008) .............................................................................. 5, 6

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) .................................................................................. 9

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .................................................................................. 8

*Phillip Morris USA Inc. v. Shalabi*,
  352 F. Supp. 2d 1067 (C.D. Cal. 2004) .................................................................. 2

**FEDERAL STATUTES**

15 U.S.C. § 1114 ......................................................................................................... 2

15 U.S.C. § 1117(a) .................................................................................................. 12

15 U.S.C. § 1125(a) .................................................................................................... 5

15 U.S.C. § 1127 ......................................................................................................... 2

**RULES**

Federal Rule of Civil Procedure 26 .......................................................................... 11

Federal Rule of Civil Procedure 30(b)(6) ................................................................. 11

Federal Rule of Civil Procedure 37 .......................................................................... 11

Federal Rule of Civil Procedure 38(a) ...................................................................... 12

# TABLE OF AUTHORITIES
## (Continued)

| | Page |
|---|---|
| Federal Rule of Evidence 401 | 11 |
| Federal Rule of Evidence 402 | 11 |
| Federal Rule of Evidence 403 | 11 |
| Federal Rule of Evidence 702 | 11 |
| Local Rule 16-4 | 1 |
| Local Rule 16-4.1 | 2 |
| Local Rule 16-4.3 | 12 |
| Local Rule 16-4.4 | 12 |
| Local Rule 16-4.5 | 12 |
| Local Rule 16-4.6 | 13 |

Pursuant to Local Rule 16-4 and this Court's Order for Jury Trial (Dkt. No. 17), Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") respectfully submits the following Memorandum of Contentions of Fact and Law in advance of the Pretrial Conference, currently scheduled for June 15, 2020.

## I. INTRODUCTORY STATEMENT

Brandy Melville is an apparel brand that is very popular with teenage girls and young women. It owns numerous registered and unregistered trademarks that are widely recognized nationwide and that are used to advertise and sell Brandy Melville's clothing and products. Defendant Redbubble, Inc. ("Defendant" or "Redbubble") infringes and counterfeits Brandy Melville's products. Using its website, Redbubble advertises, solicits, offers to sell, sells, manufactures, and delivers knock-off Brandy Melville products. Redbubble is well aware of the counterfeiting and infringing that takes place on its website, and it, *inter alia*, supplies and partners with product designers and fulfillers who also infringe Brandy Melville's trademarks.

When a customer orders a counterfeit product on Redbubble's website, Redbubble admittedly is the seller in the transaction. Redbubble sends the order information to its partner fulfillers to create and package the counterfeit products with Redbubble-themed packaging and tags before they are delivered to Redbubble's customers. All communications related to the transaction go through Redbubble, who also handles customer issues related to returns, refunds, and vouchers. Further, Redbubble discourages customers from reporting infringing designs and has a significant track record of brazenly selling counterfeit products of many famous brands. Brandy Melville first informed Redbubble of its counterfeiting and infringement in May 2018, but Redbubble's unlawful conduct has persisted.

In the face of this evidence, Redbubble has expressed that it intends to make a circus of this trial by focusing on irrelevant and unrelated evidence and arguments about Plaintiff and previous legal claims and litigation about Plaintiff, as well as by introducing improper expert testimony. This trial should focus on the key issues in

dispute: Redbubble's counterfeiting, unfair competition, and use of Brandy Melville's trademarks in a manner that is likely to cause confusion among consumers.

## II. L.R. 16-4.1: CLAIMS AND DEFENSES

Plaintiff asserts five claims against Defendant: (1) trademark infringement and counterfeiting under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) unfair competition under California common law, (4) contributory trademark infringement under the Lanham Act, and (5) vicarious trademark infringement under the Lanham Act. (Dkt. No. 1.)

### A. Plaintiff's Claims: Summary Statement, Elements, and Key Supporting Evidence

#### 1. Claim 1: Trademark Infringement and Counterfeiting [15 U.S.C. § 1114]

Redbubble counterfeited and infringed Plaintiff's registered trademarks by, *inter alia*, advertising, offering to sell, and selling counterfeit and infringing products on its website in violation of the Lanham Act.

##### a. Elements of Claim 1[1]

To establish a claim for trademark infringement and counterfeiting, Plaintiff must demonstrate the following:

(1) Plaintiff's registered trademarks are valid, protectable trademarks;

(2) Plaintiff owns these trademarks; and

(3) Redbubble used a counterfeit of these symbols or a mark similar to these symbols without the consent of Plaintiff in a manner that is likely to cause confusion

---

[1] Plaintiff's claim of counterfeiting has the same elements as the trademark infringement claim, except that the designation is identical with, or substantially indistinguishable from, a trademark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed. 15 U.S.C. § 1127. Further, "counterfeit marks are inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (collecting cases).

among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

See 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.6.

### b. Brief Summary of Key Evidence in Support of Claim 1

The key evidence that Plaintiff will introduce in support of Claim 1 includes, without limitation:

- Evidence, including screenshots, documents, and testimony, regarding Plaintiff and its registered trademarks, including but not limited to Plaintiff's products, designs and trademarks, advertising, sales, popularity and brand recognition, and customers.

- Evidence, including documents, screenshots, and testimony, demonstrating that Plaintiff has used the trademarks, including by selling and advertising products bearing the trademarks.

- Evidence, including screenshots, documents, and testimony, demonstrating the nature and extent of Plaintiff's use of its trademarks in public and in the marketplace.

- Evidence, including screenshots, documents and testimony, demonstrating the strength of Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating Defendant's use of Plaintiff's trademarks, including by advertising, soliciting, offering for sale, selling, manufacturing, and delivering counterfeit and infringing products.

- Evidence, including spreadsheets, documents, and testimony, demonstrating Defendant's revenue and financial gain from Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, showing Defendant's counterfeiting and infringement creates a likelihood of confusion.

- Evidence, including emails, screenshots, documents, and testimony, showing instances of actual confusion between Plaintiff's trademarks and Defendant's counterfeit and infringing products.

- Evidence, including emails, screenshots, documents, products, and testimony, demonstrating the similarity of Plaintiff's trademarks to Redbubble's counterfeit products.

- Evidence, including emails, screenshots, documents, products, and testimony, demonstrating the proximity and relatedness of Plaintiff's and Defendant's goods.

- Evidence, including emails, screenshots, the Internet, videos, documents, and testimony, demonstrating that Plaintiff and Redbubble use similar marketing channels.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Redbubble's customers exercise a low degree of consumer care.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Defendant knowingly infringes Plaintiff's trademarks.

- Evidence, including testimony, the Internet, screenshots, expert testimony, and documents, evidencing the massive scale of Defendant's counterfeiting and infringement.

- Evidence of the likelihood of the parties' expansion.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Redbubble tolerates and encourages infringement and counterfeiting, and discourages customers from reporting instances of infringement.

- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating that Defendant routinely infringes

Plaintiff's and others' trademarks and often does not remove counterfeit and infringing products from its website when requested by trademark holders.

### 2. Claim 2: False Designation of Origin [15 U.S.C. § 1125(a)]

Redbubble infringed Plaintiff's unregistered trademarks by, *inter alia*, advertising, offering to sell, and selling infringing products on its website in violation of the Lanham Act.

#### a. Elements of Claim 2

To establish a claim for trademark infringement, Plaintiff must demonstrate the following:

(1) Plaintiff's trademarks are valid, protectable trademarks;

(2) Plaintiff owns these trademarks; and

(3) Redbubble used a mark similar to these symbols or terms without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.6; *see also Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631 n.1, 632 (9th Cir. 2008) ("All of Mattel's infringement claims are subject to the same test.").

#### b. Brief Summary of Key Evidence in Support of Claim 2

The key evidence that Plaintiff will introduce in support of Claim 2 is largely similar to the evidence it will introduce in support of Claims 1 and 3, except that the evidence in support of Claim 2 will concern Plaintiff's unregistered trademarks.

### 3. Claim 3: Common Law Unfair Competition

Redbubble's unauthorized use of Plaintiff's trademarks is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Redbubble's products.

#### a. Elements of Claim 3

To establish a claim for common law unfair competition under California law,

Plaintiff must satisfy the same elements governing Plaintiff's trademark infringement and counterfeiting claims under federal law.

*E.g.*, *Jada*, 518 F.3d at 631 n.1, 632; *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980) (elements of state law unfair competition and unfair competition under federal Lanham Act are "substantially congruent").

### b. Brief Summary of Key Evidence in Support of Claim 3

The key evidence that Plaintiff will introduce in support of Claim 3 is largely similar to the evidence it will introduce in support of Claims 1, 2, 4, and 5.

### 4. Claim 4: Contributory Trademark Infringement

Redbubble contributorily infringed Plaintiff's trademarks by continuing to sell or supply goods or services to its product designers and fulfillers whom Redbubble knew or had reason to know were engaging in trademark infringement and Redbubble had direct control and monitoring of the instrumentality that the product designers and fulfillers used to infringe Plaintiff's trademarks.

### a. Elements of Claim 4

To establish a claim for contributory trademark infringement, Plaintiff must demonstrate the following:

(1) Redbubble sold or supplied goods or services to product designers or fulfillers;

(2) Any of Redbubble's product designers or fulfillers used the goods or services Redbubble sold or supplied to infringe any of Plaintiff's trademarks;

(3) Redbubble knew or had reason to know any of its product designers or fulfillers would use the goods or services to infringe any of Plaintiff's trademarks or was infringing any of Plaintiff's trademarks and Redbubble continued to supply its goods or services;

(4) Redbubble had direct control and monitoring of the instrumentality used by those designers or fulfillers to infringe; and

(5) Plaintiff was damaged by the infringement.

See 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.21.

### b. Brief Summary of Key Evidence in Support of Claim 4

The key evidence that Plaintiff will introduce in support of Claim 4 is largely similar to the evidence it will introduce in support of Claims 1, 2, 3, and 5. In addition, Plaintiff will introduce, without limitation:

- Evidence of Defendant's counsel's oral admission to the Sixth Circuit Court of Appeals that Defendant engages in contributory trademark infringement.
- Evidence, including testimony, expert testimony, transcripts, documents, emails, letters, spreadsheets, and screenshots, demonstrating that Defendant has actual knowledge or is willfully blind of the infringement on its website.
- Evidence, including testimony, spreadsheets, emails, and documents, demonstrating that Defendant has direct control and monitoring of its website and software.

### 5. Claim 5: Vicarious Trademark Infringement

Redbubble vicariously infringed Plaintiff's trademarks as Redbubble and its product designers and fulfillers have an apparent or actual partnership, Redbubble and its product designers and fulfillers have authority to bind one another in transactions with third parties, or Redbubble and its product designers and fulfillers exercise joint ownership or control over the infringing product.

### a. Elements of Claim 5

To establish a claim for vicarious trademark infringement, Plaintiff must demonstrate the following:

(1) Redbubble and its product designers or fulfillers have an apparent or actual partnership;

(2) Redbubble and its product designers or fulfillers have authority to bind one

another in transactions with third parties; or

(3) Redbubble and its product designers or fulfillers exercise joint ownership or control over the infringing product.

*See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007).

### b. Brief Summary of Key Evidence in Support of Claim 5

The key evidence that Plaintiff will introduce in support of Claim 5 is largely similar to the evidence it will introduce in support of Claims 1, 2, 3, and 4. In addition, Plaintiff will introduce, without limitation:

- Evidence, including testimony, transcripts, videos, presentations, customer emails, screenshots, public statements, and letters, demonstrating that Redbubble is partners with and has a principal-agency relationship with its product designers and fulfillers.

- Evidence, including transcripts, testimony, videos, presentations, public statements, and letters, demonstrating that Redbubble and its product designers and fulfillers have the authority to bind one another in transactions with third parties.

- Evidence, including videos, customer emails, transcripts, testimony, presentations, public statements, and letters, demonstrating that Redbubble and its product designers and fulfillers exercise joint ownership and control over the infringing product, including by visiting, measuring, and quality controlling its partner fulfillers.

## B. Defendant's Affirmative Defenses: Summary Statement, Elements, and Key Supporting Evidence

Although Defendant alleged numerous purported affirmative defenses in its Answer to Complaint (Dkt. No. 11), laches is the only affirmative defense Defendant has expressed that it may pursue.

### 1. First Affirmative Defense: Laches

Defendant contends that the claims asserted in the Complaint are barred, in

whole or in part, by the doctrine of laches. However, "laches does not bar a suit against a deliberate infringer." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001); *see also Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x. 471, 474 (9th Cir. 2019).

### a. Elements of First Affirmative Defense

Defendant must show that:

(1) Plaintiff filed suit over 3 years after it knew or should have known about its trademark infringement claims;

(2) Plaintiff's delay in filing suit was unreasonable; and

(3) Defendant suffered prejudice as a result.

But regardless of Defendant's showing, this affirmative defense cannot apply if Defendant's counterfeiting or direct, contributory, or vicarious trademark infringement was deliberate or willful.

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835, 837-38 (9th Cir. 2002); *Danjaq LLC*, 263 F.3d at 956; *Eat Right Foods Ltd.*, 779 Fed. App'x. at 474.

### b. Brief Summary of Key Evidence in Opposition to First Affirmative Defense

The key evidence that Plaintiff will introduce in opposition to Defendant's affirmative defense of laches are, without limitation:

- Evidence, including emails, correspondences, documents, and testimony, demonstrating that the limitations period did not expire.

- Evidence, including emails, correspondences, and testimony, demonstrating that Plaintiff did not unreasonably delay in filing suit.

- Evidence, including screenshots, emails, documents, and testimony, demonstrating that Redbubble was not prejudiced by the timing of Plaintiff's lawsuit.

- Evidence, including videos, customer emails, transcripts, testimony,

presentations, public statements, and letters, that Defendant's counterfeiting and direct, contributory, and vicarious trademark infringement was deliberate and willful.

### C. Similar Statements for All Third Parties

There are no third parties in this action.

### D. Anticipated Evidentiary Issues and Plaintiff's Position on Those Issues

As outlined in Plaintiff's motions *in limine* (Dkt. Nos. 50, 51, 52, 53), Plaintiff anticipates three types of evidentiary issues: (1) Defendant's introduction of irrelevant articles and documents about Plaintiff and unrelated legal claims and litigation, (2) Defendant's introduction of testimony at trial that Defendant was unable or unwilling to provide during deposition, and (3) Defendant's improper rebuttal expert. Defendant has also filed motions *in limine* that Plaintiff will oppose.

#### 1. Irrelevant Articles and Documents About Plaintiff and Unrelated Legal Claims and Litigation

Based on a review of evidence that Defendant has filed and added to the exhibit list, it is clear that Defendant will attempt to introduce numerous examples of irrelevant articles and documents regarding Plaintiff and unrelated legal claims and litigation. This issue is briefed in Plaintiff's Motions *in Limine* Nos. 1 and 2.

Defendant intends to introduce, *inter alia*, negative articles, blog posts, and online comments about Plaintiff that have no factual or legal relevance to any issue in this case. For instance, some of these articles accuse Plaintiff of "fat shaming" and "fuel[ing] body dysmorphia." But none of these articles relate to any element for any cause of action or affirmative defense in this action. Further, Defendant intends to introduce documents (*e.g.*, a pleading, article, and notice document) and argument about other litigation and claims brought against Plaintiff that do not relate to any issue in this case. The only purpose of introducing these articles and documents is to inflame the jury and unfairly prejudice Plaintiff. Such exhibits, and evidence and

argument similar to them, are not relevant to any issue in this case, are unfairly prejudicial to Plaintiff, and should be excluded from presentation to the jury.

### 2. Defendant's Improper Testimony

Defendant has submitted self-serving declarations and intends to provide testimony at trial about evidence and issues that Defendant was unable or unwilling to provide during its Federal Rule of Civil Procedure 30(b)(6) deposition. This issue is briefed in Plaintiff's Motion *in Limine* No. 3.

Only after Defendant refused to sit for its Rule 30(b)(6) deposition and Plaintiff obtained an order *ex parte* compelling the deposition, Defendant designated a representative who was admittedly unprepared to testify "in any way" about evidence that squarely fits within the noticed deposition topics and is central to issues in this case.

In connection with the parties' summary judgment briefing, Defendant filed a declaration from that same representative, making improper averments about Defendant's partnership with its product fulfillers that Defendant's representative was unwilling or incapable of making at the Rule 30(b)(6) deposition. Defendant should be bound by its deposition testimony and should be precluded from offering any testimony that responds to, contradicts, rebuts, or otherwise undermines the substance of Plaintiff's evidence about Defendant's partnership with its product fulfillers.

### 3. Defendant's Improper Rebuttal Expert

Defendant intends to call Michael Masnick, Defendant's improper rebuttal expert, to testify at trial. Mr. Masnick's testimony should be excluded pursuant to, *inter alia*, Federal Rules of Civil Procedure 26 and 37 and Federal Rules of Evidence 401, 402, 403, and 702. This issue is briefed in Plaintiff's Motion *in Limine* No. 4.

Plaintiff's expert witness will provide testimony that will establish, through the comparison of empirical data and infringement-related policies, that Redbubble is amongst the worst violators of intellectual property rights in the print-on-demand industry. In response, Defendant intends to call Mr. Masnick to testify; but

Mr. Masnick's testimony should be excluded because his opinions lack foundation and are undisclosed and improper rebuttal opinions, Mr. Masnick refused to sit for deposition, and Mr. Masnick misstates the law and the requirements for Defendant to be liable, thereby invading the province of the Judge.

### E. Germaine Issues of Law and Plaintiff's Position on Those Issues

The key legal disputes regarding Plaintiff's claims are set forth in the pleadings, as well as the parties' briefings in connection with Plaintiff's motion for partial summary judgment (Dkt. No. 36) and Defendant's motion for summary judgment (Dkt. No. 40), which are scheduled to be heard by this Court on June 1, 2020. These legal disputes include Redbubble's "use" of Plaintiff's trademarks. Accordingly, Plaintiff refers to and incorporates by reference the legal arguments set forth in its briefing in support of its motion for partial summary judgment and in opposition to Defendant's motion for summary judgment.

## III.   L.R. 16-4.3:  BIFURCATION OF ISSUES

Plaintiff does not request bifurcation of any issues. However, Plaintiff notes that it moved for partial summary judgment as to liability on two of its registered trademarks. (Dkt. No. 36.) Accordingly, this Court's decision to grant that motion would leave only the issue of damages to be tried.

## IV.   L.R. 16-4.4:  JURY TRIAL

Plaintiff timely requested a jury trial, as provided in Federal Rule of Civil Procedure 38(a), in the complaint (Dkt. No. 1 at 14) and submits that the issues herein are triable to a jury as a matter of right. The only non-jury issues are Plaintiff's request for injunctive relief, and any equitable affirmative defenses Redbubble may pursue.

## V.   L.R. 16-4.5:  ATTORNEYS' FEES

Plaintiff's Prayer for Relief includes "reasonable attorneys' fees and costs of suit incurred herein." (Dkt. No. 1 at 12.) The Lanham Act authorizes this Court to award reasonable attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The facts in this case, including the scope and duration of

Redbubble's brazen counterfeiting and infringement of trademark rights, including Plaintiff's several registered and unregistered trademarks, are exceptional and warrant awarding Plaintiff attorneys' fees in this case.

## VI. L.R. 16-4.6:  ABANDONMENT OF ISSUES

Plaintiff has not abandoned any pleaded claims.

DATED:  May 22, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: */s/  Keith J. Wesley*
       Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville