KENNETH B. WILSON  (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON  (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE'S REQUEST FOR LEAVE TO FILE SHORT REPLY TO PLAINTIFF'S SHORT RESPONSE TO REDBUBLE'S REPLY RE MOTION FOR  SUMMARY JUDGMENT**<br><br>Hearing Date: June 1, 2020<br>Time:            9:00 a.m.<br>Courtroom:   850<br>Hon. R. Gary Klausner |

Defendant Redbubble Inc. ("Redbubble") requests leave to file a two-page reply to the Response this Court has granted Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville) to file [Dkt. 81] to Redbubble's Reply in support of its Motion for Summary Judgment. Redbubble would limit any such response to the specific listing identified in Brandy Melville's papers.

As Redbubble will prove if given the opportunity, the listing identified in Brandy Melville's short response was uploaded by a third-party Seller on May 12,[1] and appeared on the Marketplace due to a human error (a member of Redbubble's MPI team who was using Redbubble's ACE proactive policing tool inadvertently clicked the wrong button). Brandy Melville apparently located that listing by 11:38 p.m. on May 26, when it filed its Request to file a Short Response (before notifying Redbubble that there was an issue). Redbubble was unaware that this listing was on the Marketplace until Brandy Melville made its filing, and did not knowingly promote the listing, or provide the search tags associated with the listing, or suggest in any way that Brandy Melville listed the product. Instead, Redbubble removed the listing within minutes after learning of it, before anyone other than Brandy Melville's counsel attempted to purchase any relevant product. The listing Seller was terminated from the Marketplace pursuant to Redbubble's repeat infringer policy. And Redbubble cannot be vicariously liable for working with fulfillers on this listing, since no order was fulfilled. Indeed, Redbubble's only knowing activity regarding this listing was to disable it immediately upon learning of it. Not surprisingly, Brandy Melville has cited no authority to support its claim that this listing subjects Redbubble to liability for anything.

In fact, while there was certainly a human error, the system worked here more or less as it should have. As courts have consistently held, a content owner like

---

[1] All of the allegedly infringing products identified in Brandy Melville's Short Response were associated with a single listing; the third-party Seller selected each of the product types when she uploaded the designs.

Brandy Melville is in the best position to police for infringements of its own trademarks, particularly since "use of an identical or similar mark does not necessarily constitute infringement." *Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F. Supp. 949, 963 (C.D. Cal 1997) (defendant "has no affirmative duty to police the Internet in search of potentially infringing uses"); *see also Academy of Motion Picture Arts & Sciences v. GoDaddy, Inc.,* 2015 WL 5311085 at *48 (C.D. Cal. 2015) (defendants are not liable for "failing to do the policing work that [plaintiff] was required (and in the better position) to do itself"). "Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary." *Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 108-09 (2d Cir. 2010). When Brandy Melville notified Redbubble of the infringement (after taking the time to prepare a pleading, rather than simply sending Redbubble a notice), the listing was removed, before any sales could take place. And the Seller, whose account Redbubble reviewed after learning of the alleged infringement, was barred from the Marketplace. While the system would have worked better if Brandy Melville had immediately notified Redbubble rather than playing litigation-driven games, it worked here nonetheless.

The Court should not disrupt this system, and inject disorder into the process, by holding (as Brandy Melville has argued) that Redbubble is strictly liable for infringement any time a third-party uploads infringing content to its Marketplace. To impose such a burden would require Redbubble to compare each of the 24,000+ listings uploaded each day with each of the millions of registered trademarks and copyrights, and further to ascertain whether the listed designs meet the additional criteria to qualify as infringing works. This would bring Redbubble's business, and by extension other Marketplaces like Amazon and Etsy, to a screeching halt, at a time where online commerce is needed more than ever.

For these reasons, Redbubble respectfully requests an opportunity to briefly address, with evidence, the allegations made by Brandy Melville in its Short Response.

Dated: June 3, 2020

**COASTSIDE LEGAL**
KENNETH B. WILSON

**ZUBER LAWLER & DEL DUCA LLP**
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
Attorneys for Defendant Redbubble Inc.