BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>       Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:   June 30, 2020 |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are:  Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville"); and Defendant Redbubble, Inc. ("Defendant" or "Redbubble").

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:  (a) Plaintiff's Complaint (Dkt. No. 1); and (b) Redbubble's Answer to Complaint (Dkt. No. 11).

2. Federal jurisdiction and venue are invoked upon the following grounds:

Plaintiff brings claims of trademark infringement under the Lanham Act (15 U.S.C. § 1051, *et seq.*), creating federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367, 1338(b).

Venue in this district is proper pursuant to 28 U.S.C. § 1391 as Plaintiff claims to have suffered injury in this district, and all parties are subject to personal jurisdiction in this district.

None of the parties contests jurisdiction or venue.

3. The trial is estimated to take 5-8 trial days.

4. Jury vs. non-jury trial:

- Plaintiff's position is that the trial is to be a jury trial.  Plaintiff seeks, *inter alia*, statutory damages, the "determination [of which] must be made by a jury." *Versace v. Awada*, No. 03-cv-3254, 2009 WL 10673371, at *1 (C.D. Cal. Sept. 4, 2009).  At least seven (7) days prior to the trial date, the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1, and (b) any special questions requested to be asked on *voir dire*.

- Defendant's position is that the trial should be a bench trial, since Plaintiff's trademark claims are equitable in nature and Plaintiff has withdrawn its prayer for actual damages, which was the only proper legal basis for its jury demand. *See* Dkt. No. 72 at 42 (citing *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1348 (11th Cir. 2019) ("The remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so we hold that a plaintiff seeking the defendant's profits in lieu of actual damages is not entitled to a jury trial"). Defendant hereby withdraws its demand for a jury trial. If the Court rules accordingly, at least seven (7) days prior to the trial date Defendant proposes that the parties lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5.    The following facts are admitted and require no proof:  None.

6.    The following facts, though stipulated, shall be without prejudice to any evidentiary objection:    None. Defendant objects that, despite representing in connection with Defendant's Motion for Summary Judgment that it did not dispute, but objected to, Facts 38, 50-54, and 64 in Defendant's Separate Statement of Undisputed Facts (Dkt. No. 45-1), Plaintiff has refused to include those facts in this Section 6.

7.    Claims and Defenses of the Parties:

<u>Plaintiff:</u>

(a)    Plaintiff plans to pursue the following claims against Defendant:

- <u>Claim 1</u>: Trademark Infringement and Counterfeiting [15 U.S.C. § 1114].  Defendant counterfeited and otherwise infringed Plaintiff's registered trademarks in violation of the Lanham Act.

- <u>Claim 2</u>:  False Designation of Origin [15 U.S.C. § 1125(a)]. Defendant infringed Plaintiff's unregistered trademarks in violation of the Lanham Act.

- <u>Claim 3</u>:  Common Law Unfair Competition.  Defendant's unauthorized use of Plaintiff's trademarks is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Defendant's products.

- <u>Claim 4</u>:  Contributory Trademark Infringement.  Defendant contributorily infringed Plaintiff's trademarks by continuing to sell or supply goods or services to its product designers and fulfillers whom Defendant knew or had reason to know were engaging in trademark infringement and Defendant had direct control and monitoring of the instrumentality that the product designers and fulfillers used to infringe Plaintiff's trademarks.

- <u>Claim 5</u>:  Vicarious Trademark Infringement.  Defendant vicariously infringed Plaintiff's trademarks as Defendant and its product designers and fulfillers have an apparent or actual partnership, Defendant and its product designers and fulfillers have authority to bind one another in transactions with third parties, or Defendant and its product designers and fulfillers exercise joint ownership or control over the infringing product.

(b)    The elements required to establish Plaintiff's claims are:

- <u>Claim 1</u>: Plaintiff states that, to establish its claim for trademark infringement, Plaintiff must demonstrate the following: (1) Plaintiff's registered trademarks are valid, protectable trademarks; (2) Plaintiff owns these trademarks; and (3) Defendant used a counterfeit of these symbols or terms or a mark similar to these symbols or terms without the consent of Plaintiff in a manner that is likely to cause confusion

among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. *See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.6. Defendant disagrees with Plaintiff's statement of element (3), in that Plaintiff must also demonstrate that Defendant's use was volitional and in commerce. *See* 15 U.S.C. § 1127; *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 264 (9th Cir. 1996); *Lorillard Tobacco Co. v. Amouri's Grand Foods*, Inc., 453 F.3d 377, 381 (6th Cir. 2006); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F. 3d 657, 666 (9th Cir. 2017). Plaintiff disagrees with Defendant's contention, which does not comport with the Ninth Circuit's Model Jury Instructions and relies on inapposite non-trademark authorities.

Plaintiff states that, to establish its claim for counterfeiting, Plaintiff must demonstrate the same elements as its claim for trademark infringement, except that the designation is identical with, or substantially indistinguishable from, a trademark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed. 15 U.S.C. § 1127. Further, "counterfeit marks are inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (collecting cases). Defendant states that counterfeiting is not a separate claim and has not been so pled by Plaintiff, and further, that to establish counterfeiting, Plaintiff must demonstrate, in addition to the elements for infringement and those identified by Plaintiff, (a) that the counterfeit is a "stitch for stitch copy" of Plaintiff's own products when viewed in the marketplace, including their packaging, such that a consumer would be tricked into believing that the counterfeit is actually one of Plaintiff's products; (b) that Defendant intentionally used a counterfeit mark in commerce, knowing it to be

counterfeit, and (c) that the registered mark must be registered on the Principal Register for, and used by the holder of the mark in connection with, the same goods in connection with which the accused mark is being used. *See, e.g.*, O'MALLEY, GRENIG, & LEE, FED. JURY. PRAC. & INSTR. CIVIL COMPANION HANDBOOK § 6:2 (2019); *Idaho Potato Comm'n v. G&T Terminal Pack, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005); *Arcona, Inc. v. Farmacy Beauty*, LLC, No. 2:17-cv-07058-ODW, 2019 WL 1260625, at *2-3 (C.D. Cal., Mar. 19, 2019). Plaintiff disagrees with Defendant's additions—they are unnecessarily confusing and duplicative of the elements Plaintiff identified, which come directly from the applicable statute. Further, the cited authorities do not support Defendant's contention—they do not limit counterfeits only to "stitch-for-stich" copies; and Defendant's intent is not an element for finding liability, it only impacts the amount and type of recoverable damages (15 U.S.C. § 1117(b), (c)).

- <u>Claim 2</u>: Plaintiff states that, to establish its claim for false designation of origin, Plaintiff must demonstrate the following: (1) Plaintiff's trademarks are valid, protectable trademarks; (2) Plaintiff owns these trademarks; and (3) Defendant used a mark similar to these symbols or terms without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. *See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.6; *see also Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631 n.1, 632 (9th Cir. 2008) ("All of Mattel's infringement claims are subject to the same test."). Defendant disagrees with Plaintiff's statement of element (3), in that Plaintiff must also demonstrate that Defendant's use was volitional and in commerce. *See* 15 U.S.C. § 1127; *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir.

1996); *Lorillard Tobacco Co. v. Amouri's Grand Foods*, Inc., 453 F.3d 377, 381 (6th Cir. 2006); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F. 3d 657, 666 (9th Cir. 2017). Defendant also objects that Plaintiff has not identified the specific unregistered trademarks it asserts have been infringed, and incorporates its Motion in Limine No. 4 (Dkt. No. 58). Plaintiff disagrees with Defendant's contention, which does not comport with the Ninth Circuit's Model Jury Instructions and relies on inapposite non-trademark authorities. Further, Defendant's Motion *in Limine* No. 4 should be denied, as Plaintiff adequately alleged and identified the trademarks that Defendant counterfeited and infringed.

- Claim 3: To establish its claim for common law unfair competition under California law, Plaintiff must satisfy the same elements governing Plaintiff's trademark infringement, counterfeiting, or false designation of origin claims under federal law. *E.g.*, *Jada*, 518 F.3d at 631 n.1, 632; *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980) (elements of state law unfair competition and unfair competition under federal Lanham Act are "substantially congruent").

- Claim 4: Plaintiff states that, to establish its claim for contributory trademark infringement, Plaintiff must demonstrate the following: (1) Defendant sold or supplied goods or services to product designers or fulfillers; (2) any of Defendant's product designers or fulfillers used the goods or services Defendant sold or supplied to infringe any of Plaintiff's trademarks; (3) Defendant knew or had reason to know one of its product designers or fulfillers would use the goods or services to infringe any of Plaintiff's trademarks or was infringing any of Plaintiff's trademarks and Defendant continued to supply its goods or services; (4) Defendant providing the goods or services to any of its

product designers or fulfillers had direct control and monitoring of the instrumentality used by those designers or fulfillers to infringe; and (5) Plaintiff was damaged by the infringement. *See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.21. Defendant states that Plaintiff's description of the elements modifies the Model Instruction improperly, including by failing to identify the "name of direct infringer"; asserting that the "product designers and fulfillers" are "Defendant's"; asserting that Defendant "sold" or "provided goods" to anyone, much less "product designers or fulfillers." Moreover, Defendant states that contributory infringement further requires proof that Defendant had some contemporary knowledge of which particular listings were infringing or would infringe in the future, and that the mere assertion of infringement in a notice letter is not sufficient to establish knowledge of infringement, and use of an identical or similar mark does not necessarily constitute infringement; and a Defendant who engages in unilateral proactive conduct, such as measures designed to identify and remove infringing materials before receiving actual notice, does not "know or have reason to know" of those specific instances that its proactive conduct identifies unless it received actual notice of those instances. *See, e.g., Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 107-09 (2d Cir. 2010); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F. Supp. 949, 963 (C.D. Cal 1997). Plaintiff disagrees with Defendant's characterization. The elements properly reflect the Ninth Circuit's Model Jury Instruction tailored to the facts of this case. Further, neither Defendant's cited authorities nor other authorities support Defendant's contentions regarding the elements for a claim for contributory trademark infringement. A notice letter of infringement can establish Defendant's knowledge. *E.g., Delta Air Lines, Inc. v.*

*Wunder*, No. 13-cv-3388, 2015 WL 11347586, at *10 (N.D. Ga. Dec. 28, 2015). "Unilateral policing" does not absolve a counterfeiting or infringing defendant from liability, particularity where the defendant is willfully blind and engages in "ostrich-like" practices. *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 109-10 (2d Cir. 2010); *see also Louis Vuitton Malletier, S.A. v. Akanoc Sols, Inc.*, 658 F.3d 936, 942-43 (9th Cir. 2011). Indeed, the defendant is liable where it has "actual knowledge that the infringing activity was occurring at [its platform] over a lengthy period of time and even knew that particular vendors were selling counterfeit . . . products." *Coach*, 717 F.3d at 505.

- Claim 5: Plaintiff states that, to establish its claim for vicarious trademark infringement, Plaintiff must demonstrate the following: (1) Defendant and its product designers or fulfillers have an apparent or actual partnership; (2) Defendant and its product designers or fulfillers have authority to bind one another in transactions with third parties; or (3) Defendant and its product designers or fulfillers exercise joint ownership or control over the infringing product. *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469, 473 (9th Cir. 2015). Defendant states that the actual or apparent partnership, the authority to bind one another in transactions with third parties, or the exercise of joint control must all pertain to the allegedly infringing goods or services; a partnership in some unrelated business would not suffice to create liability. *See, e.g.*, *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, *supra*, 601 F. App'x at 473; *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992). Moreover, the test for vicarious liability is strictly construed; simple ability to supervise combined with a financial interest in the

subject matter does not suffice to create liability.  *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d at 1150 (7th Cir. 1992); *Clearline Technologies Ltd. v. Cooper B-Line*, Inc., 871 F. Supp. 2d 607, 613-14 (S.D. Tex. 2012).  Plaintiff disagrees with Defendant's additions.  They are not supported by the cited authorities and/or rely on a district court decision from outside the Ninth Circuit. The Ninth Circuit has not recognized these as elements for a claim of vicarious trademark infringement.  *E.g.*, *Life Alert*, 601 F. App'x at 473; *Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 807-08 (9th Cir. 2007).

(c)     In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 1:

- Evidence, including screenshots, documents, and testimony, regarding Plaintiff and its registered trademarks, including but not limited to Plaintiff's products, designs and trademarks, advertising, sales, popularity and brand recognition, and customers.

- Evidence, including documents, screenshots, and testimony, demonstrating that Plaintiff has used the trademarks, including by selling and advertising products bearing the trademarks.

- Evidence, including screenshots, documents, and testimony, demonstrating the nature and extent of Plaintiff's use of its trademarks in public and in the marketplace.

- Evidence, including screenshots, documents and testimony, demonstrating the strength of Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating Defendant's use of Plaintiff's trademarks, including by advertising, soliciting, offering for sale, selling, manufacturing, and delivering counterfeit and infringing products.

- Evidence, including spreadsheets, documents, and testimony, demonstrating Defendant's revenue and financial gain from Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, showing Defendant's counterfeiting and infringement creates a likelihood of confusion.

- Evidence, including emails, screenshots, documents, and testimony, showing instances of actual confusion between Plaintiff's trademarks and Defendant's counterfeit and infringing products.

- Evidence, including emails, screenshots, documents, products, and testimony, demonstrating the similarity of Plaintiff's trademarks to Defendant's counterfeit and infringing products.

- Evidence, including emails, screenshots, documents, products, and testimony, demonstrating the proximity and relatedness of Plaintiff's and Defendant's goods.

- Evidence, including emails, screenshots, the Internet, videos, documents, and testimony, demonstrating that Plaintiff and Defendant use similar marketing channels.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Defendant's customers exercise a low degree of consumer care.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Defendant knowingly infringes Plaintiff's trademarks.

- Evidence, including testimony, the Internet, screenshots, expert testimony, and documents, evidencing the massive scale of Defendant's counterfeiting and infringement.

- Evidence of the likelihood of the parties' expansion.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Redbubble tolerates and encourages infringement and counterfeiting, and discourages customers from reporting instances of infringement.

- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating that Defendant routinely infringes Plaintiff's and others' trademarks and often does not remove counterfeit and infringing products from its website when requested by trademark-holders.

Claim 2:

- The key evidence that Plaintiff will introduce in support of Claim 2 is largely similar to the evidence it will introduce in support of Claims 1 and 3, except that the evidence in support of Claim 2 will concern Plaintiff's unregistered trademarks.

Claim 3:

- The key evidence that Plaintiff will introduce in support of Claim 3 is largely similar to the evidence it will introduce in support of Claims 1, 2, 4, and 5.

Claim 4:

- The key evidence that Plaintiff will introduce in support of Claim 4 will include evidence that is largely similar to the evidence it will introduce in support of Claims 1, 2, 3, and 5.

- Evidence of Defendant's counsel's oral admission to the Sixth Circuit Court of Appeals that Defendant engages in contributory trademark infringement.

- Evidence, including testimony, expert testimony, transcripts, documents, emails, letters, spreadsheets, and screenshots, demonstrating that Defendant has actual knowledge or is willfully blind

-12-
[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER

of the infringement on its website.

- Evidence, including testimony, spreadsheets, emails, and documents, demonstrating that Defendant has direct control and monitoring of its website and software.

Claim 5:

- The key evidence that Plaintiff will introduce in support of Claim 5 is largely similar to the evidence it will introduce in support of Claims 1, 2, 3, and 4.

- Evidence, including testimony, transcripts, videos, presentations, customer emails, screenshots, public statements, and letters, demonstrating that Defendant is partners with and has a principal-agency relationship with its product designers and fulfillers.

- Evidence, including transcripts, testimony, videos, presentations, public statements, and letters, demonstrating that Defendant and its product designers and fulfillers have the authority to bind one another in transactions with third parties.

- Evidence, including videos, customer emails, transcripts, testimony, presentations, public statements, and letters, demonstrating that Defendant and its product designers and fulfillers exercise joint ownership and control over the infringing products, including by visiting, measuring, and quality controlling its partner fulfillers.

Defendant:

(a) Defendant plans to pursue the following affirmative defenses on which it bears the burden of proof (with the exception of Defense 7, where Defendant does not have the burden):

- <u>Defense 6:</u>  Fair Use.  Plaintiff's claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of Plaintiff's asserted trademark(s) were fair uses.

- • Defense 7:  Protected Speech.  Plaintiff's claims are barred, in whole or in part, because at least some of the allegedly infringing uses of Plaintiff's asserted trademark(s) were protected speech under the First Amendment of the United States Constitution and the California Constitution.

- • Defense 8:  Failure to Mitigate.  Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages.

- • Defenses 9 and 12:  Unclean Hands and Trademark Misuse.  Plaintiff's claims are barred, in whole or in part, under the doctrines of unclean hands and trademark misuse.

- • Defense 10:  Laches/Statute of Limitations.  Plaintiff's claims are barred, in whole or in part, under the doctrine of laches and/or the relevant statute of limitations.

- • Defense 11:  Waiver and Acquiescence.  Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of waiver and acquiescence.

- • Defense 16:  Communications Decency Act.  Plaintiff's Fifth Cause of Action for Common Law Unfair Competition is barred under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

- • Defense 17:  Abandonment.  Seventeenth Affirmative Defense (Abandonment): Plaintiff's Lanham Act claims are barred because Plaintiff has abandoned the trademarks identified in the Complaint through (a) significant periods of non-use; (b) naked licensing; (c) failure to take any steps necessary to register and/or otherwise protect the Claimed Trademarks; and/or (d) other acts and/or omissions that caused the Claimed Trademarks to lose their significance as marks.

(b)    The elements required to establish Defendant's affirmative defenses

are:

- Defense 6: To prevail on its Nominative Fair Use defense, Defendant must establish that the allegedly infringing uses (a) Used the mark in connection with the plaintiff's product, which was not readily identifiable without use of that mark; (b) Used only so much of the mark as was reasonably necessary to identify the product in question; and (c) Did not do anything in connection with the trademark that would suggest sponsorship or endorsement of the defendant's product or service by the plaintiff. *See* Ninth Circuit Model Jury Instruction 15.25.  Plaintiff adds that Defendant improperly modified the Ninth Circuit's Model Jury Instruction No. 15.25, which also instructs the jury that: "You may consider whether the defendant did anything that would, in conjunction with the trademark suggest sponsorship or endorsement by the plaintiff.  A use of the plaintiff's trademark does not suggest sponsorship or endorsement of the defendant's product when the defendant does not attempt to deceive, or mislead, or capitalize on consumer confusion, or when the defendant appropriates the cachet of the plaintiff's product for the defendant's.  A defendant's use of the plaintiff's trademark to describe the plaintiff's product may not necessarily suggest plaintiff's sponsorship or endorsement, even if the defendant's ultimate goal is to describe the defendant's own product."  Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 72 at 29) and the positions it will take in the jury instruction submissions.

- Defense 7: Under Ninth Circuit law, a lack of First Amendment protection is part of the Plaintiff's case in chief.  *See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.19A (2019).  Plaintiff adds that this affirmative defense does not apply here; but even if it

does, Defendant failed to identify *any* elements of this affirmative defense.  Ninth Circuit Model Jury Instruction No. 15.19A provides that plaintiff prevails if it establishes the following elements by a preponderance of the evidence: (1) The defendant's use of the plaintiff's mark is explicitly misleading as to the source or content of defendant's infringing works; and (2) the defendant's use of the plaintiff's mark is likely to cause confusion about the source of the plaintiff's or the defendant's goods.  Defendant disagrees that the First Amendment is inapplicable, and notes that Plaintiff's separate statement supports Defendant's position that the issue is part of Plaintiff's burden, not Defendant's.  Defendant agrees that Ninth Circuit Model Jury Instruction No. 15.19A is generally appropriate, except that it refers to "defendant's infringing works" and "defendant's goods," which do not fit the facts of this case; both should be replaced with "the accused goods." Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 72 at 30) and the positions it will take in the jury instruction submissions.

- Defense 8: To prevail on its Failure to Mitigate defense, Defendant must establish (a) that the plaintiff failed to use reasonable efforts to mitigate damages; and (b) the amount by which damages would have been mitigated.  *See* Ninth Circuit Model Jury Instruction 5.3.

- Defenses 9 and 12: Defendant's Unclean Hands and Trademark Misuse claims are for the Court, not the jury, to decide.  Unclean hands and trademark misuse are closely related.  *See, e.g.*, *TSX Toys, Inc. v. 665, Inc.*, No. CV1402400-RGK-TBX, 2015 WL 12746211, at *9 (C.D. Cal. Sept. 23, 2015).  To prevail on these defenses, a defendant must prove by a preponderance of the evidence that plaintiff's conduct (a) is

inequitable and (b) relates to the subject matter of its claims. *See Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197-RSWL, 2011 WL 3809933, at *8 (C.D. Cal. Aug. 25, 2011). Plaintiff contends that no legal support is cited for Defendant's representation that these defenses—which are the same affirmative defense, *e.g.*, *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. 14-cv-609, 2014 WL 4187979, at *5 (C.D. Cal. Aug. 22, 2014)—"are for the Court, not the jury, to decide." Defendant incorporates by reference and refers the Court to its Memorandum of Contentions (Dkt. No. 72) at 44, and the *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310, 2009 WL 8591607, at *19 (C.D. Cal. July 14, 2009) case cited therein.

- Defense 10: The Statute of Limitations component of Defense 10 is for the jury; the Laches component of Defense 10 is for the Court. To prevail on its Statute of Limitations defense, Defendant must establish that Plaintiff's claimed harm began before May 28, 2016. *See* CACI 454; California Code of Civil Procedure § 338(d); *Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.* 285 F.3d 848, 857 (9th Cir. 2002). To prevail on its Laches defense, Defendant must establish that (a) Plaintiff unreasonably delayed in filing suit; and (b) Defendant suffered prejudice as a result of plaintiff's delay. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Plaintiff disagrees with Defendant's inaccurate representations. As to the statute of limitations defense, Defendant must establish that Plaintiff had actual or constructive knowledge of Defendant's wrongful

acts before May 28, 2016.  *E.g.*, *Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.* 285 F.3d 848, 857 (9th Cir. 2002) (citing *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991); Cal. Civ. Proc. Code § 338(d)).  And as to the laches defense, Defendant must show that (1) Plaintiff filed suit over 3 years after it knew or should have known about its trademark infringement claims, (2) Plaintiff's delay in filing suit was unreasonable, and (3) Defendant suffered prejudice as a result.  But regardless of Defendant's showing, the laches defense cannot apply if Defendant's counterfeiting or direct, contributory, or vicarious trademark infringement was deliberate or willful.  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 945 (9th Cir. 2001); *see also Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x 471, 474 (9th Cir. 2019). Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 72 at 33) and the positions it will take in the jury instruction submissions.

- Defense 11: The defenses of Waiver and Acquiescence are for the Court, not the jury.  To prevail on its Waiver defense, Defendant must establish that Plaintiff intentionally relinquished a known right. *See AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 957 (N.D. Cal. 2015). To prevail on its Acquiescence defense, Defendant must establish that (a) Plaintiff gave its assent or express/implied assurance that it would not assert a right or claim; (b) the delay between Plaintiff's assent and the assertion of the right or claim was not excusable; and (c) the delay caused the Defendant undue prejudice based on defendant's reasonable reliance on Plaintiff's affirmative act or deed.  *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981,

1   988 (9th Cir. 2010).  Plaintiff adds that Defendant's characterization of

2   the waiver and acquiescence defenses are inaccurate.  The complete

3   standard for the waiver defense is: "'Waiver is the intentional

4   relinquishment of a known right with knowledge of its existence and

5   the intent to relinquish it.'"  *AirWair, Int'l Ltd.*, 84 F. Supp. 3d at 957

6   (quoting *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir.

7   1988)).  And the precise elements for acquiescence are: "(1) the senior

8   user actively represented that it would not assert a right or a claim;

9   (2) the delay between the active representation and assertion of the

10   right or claim was not excusable; and (3) the delay caused the

11   defendant undue prejudice."  *Seller Agency*, 621 F.3d at 989. Defendant

12   disagrees with Plaintiff's objections, and incorporates by reference its

13   Memorandum of Contentions (Dkt. No. 72 at 34).

14   • Defense 16: To prevail on its Communications Decency Act Immunity

15   defense against Plaintiff's Common Law Unfair Competition claim,

16   Defendant must establish that it is an information service, system, or

17   access software provider that provides or enables computer access by

18   multiple users to a computer server; that Plaintiff's claim treats

19   Defendant as the publisher or speaker of the accused information; and

20   that Plaintiff's claim is based on information provided by another

21   person or entity.  *See* 47 U.S.C. § 230(c)(1), (f)(2); *Perfect 10, Inc. v.*

22   *CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (CDA immunity

23   applies to common law unfair competition claims).  Plaintiff disagrees

24   with Defendant.  To prevail, Defendant must also prove that it does not

25   sell a product and that it does not do more than just provide the online

26   marketplace where third-parties can list and sell goods to their

27   customers..  *E.g.*, *Parisi v. Sinclair*, 774 F. Supp. 2d 310, 318 n.3 (D.

28   D.C. 2011) (noting "[l]iability for sales of a product do not . . . fall

under the province of the CDA because such claims do not treat the defendants 'as the publisher or speaker' of third-party information"); *Atari Interactive, Inc. v. SunFrog, LLC*, No. 18-cv-4949, 2019 WL 3804462, at *2 (N.D. Cal. Aug. 13, 2019); *accord also Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1169 (9th Cir. 2008). Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 72 at 36-37) and the positions it will take in the jury instruction submissions.

- Defense 17: To prevail on its Abandonment defense, Defendant must establish that Plaintiff discontinued its use of a claimed trademark in the ordinary course of trade, intending not to resume using it, or registered it but never actually used it in a class of products; or acted or failed to act so that the trademark's primary significance to prospective consumers has become the product itself and not the producer of the product. *See* Ninth Circuit Model Jury Instruction 15.22; *Shutemdown Sports, Inc. v. Carl Dean Lacy*, 102 U.S.P.Q.2d 1036 (T.T.A.B. 2012). Plaintiff disagrees with Defendant's characterization. Defendant's second purported ground for abandonment—"registered it but never actually used it in a class of products"—is not provided in the Ninth Circuit's Model Jury Instruction No. 15.22 or in Defendant's cited authority. Moreover, Defendant also fails to recognize that it must satisfy "a clear and convincing standard of proof" for the abandonment defense to apply. Comment of Ninth Circuit Model Jury Instruction 15.22 (citing 3 J. Thomas McCarthy, Trademarks and Unfair Competition § 17:12 (4th ed. 2015)). Defendant disagrees with Plaintiff's objections. Plaintiff's citation to the Ninth Circuit Comment is particularly misleading, because it ignores that the first sentence of

the paragraph from which it quotes states unequivocally: "No Ninth Circuit case establishes the standard of proof required to prove abandonment as between 'clear and convincing' and 'preponderance.'" Defendant further incorporates by reference its Memorandum of Contentions (Dkt. No. 72 at 37-38) and the positions it will take in the jury instruction submissions.

(c)    In brief, the key evidence Defendant relies on for each affirmative defense is, in addition to evidence rebutting Plaintiff's case in chief:

- Defense 6: Testimony and documents describing or showing each allegedly infringing work, including the database reports produced by Defendant, and that relate to the lack of source-identification of the alleged marks, or to the extent that they identify Plaintiff, do so for purposes of criticism.

- Defense 7: Testimony and documents describing or showing each allegedly infringing work, including the database reports produced by Defendant, and the listings and search results on the Redbubble Marketplace, which identify sources other than Plaintiff and therefore preclude consumer confusion regarding whether Plaintiff sponsored or is somehow associated with the allegedly infringing work, or that relate to the lack of source-identification of the alleged marks, or to the extent that they identify Plaintiff, do so for purposes of criticism, as well as evidence that neither Defendant nor the third-party Sellers did anything to explicitly mislead consumers into believing that Plaintiff is somehow associated with the Accused Products.

- Defense 8: Testimony and documents showing that, other than brief correspondence in May 2018, Plaintiff failed to timely identify specific alleged infringements when Plaintiff located them or to identify any specific infringements prior to filing suit; and that Plaintiff failed to

cooperate with Defendant to help Defendant develop policing guidelines that would have facilitated identification of properties over which Plaintiff claimed rights.

- Defenses 9 and 12: Testimony and documents showing that Plaintiff has claimed rights in works that it did not originate or create, or that it misappropriated from others (including the "Have a Nice Day" graphic that predated Plaintiff's existence and to which Plaintiff had no rights, for which Plaintiff demanded that Defendant remove one or more listings), shirts and other materials that used intellectual property belonging to others (including a shirt bearing the famous "you can't sit with us" language misappropriated from the movie "Mean Girls"), and complaints and other materials asserting that Plaintiff's products infringed intellectual property rights of others; and showing that Plaintiff registered the Registered Marks for uses that it has not made (and notwithstanding its representations to the Trademark Office, never intended to make), including the registrations, Plaintiff's documentation of its own products, and its deposition testimony.

- Defense 10: Testimony and documents, including the database reports produced by Defendant that identify each allegedly infringing work and each allegedly infringing sale, showing that alleged infringement predates the limitations period.

- Defense 11: Testimony and documents showing that Plaintiff delayed in asserting its rights, including the database reports produced by Defendant that identify each allegedly infringing work and each allegedly infringing sale, and including the takedown notices sent to Defendant more than a year before Plaintiff filed suit, during which time Plaintiff never contacted Defendant, and the policing guidelines that Defendant developed after Plaintiff filed suit.

- Defense 16: Testimony and documents showing that Defendant is unquestionably an "interactive computer service," and to the extent Plaintiff's trademarks appear on the Marketplace, those marks are "provided by another information content provider" – namely, the third-party Sellers.

- Defense 17: Testimony and documents showing that Plaintiff registered the Registered Marks for uses that it has not made, including the registrations, Plaintiff's documentation of its own products, and its deposition testimony.

8.    In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried: (1) Whether Defendant is liable for counterfeiting in connection with the three registered trademarks under the federal Lanham Act; (2) Whether Defendant directly infringed the three registered trademarks under the federal Lanham Act; (3) Whether any of Plaintiff's claimed marks are invalid; (4) Whether Defendant is liable for false designation of origin under the federal Lanham Act; (5) Whether Defendant is liable for unfair competition under California common law; (6) Whether Defendant is liable for contributory trademark infringement; (7) Whether Defendant is liable for vicarious trademark infringement; (8) Whether Defendant's affirmative defense of Fair Use bars some or all of Plaintiff's claims; (9) Whether Defendant's affirmative defense of Protected Speech bars some or all of Plaintiff's claims; (10) Whether Plaintiff's Failure to Mitigate bars some or all of the remedies sought by Plaintiff; (11) Whether Unclean Hands and Trademark Misuse bar some or all of Plaintiff's claims; (12) Whether Laches and/or the Statute of Limitations bar some or all of Plaintiff's claims; (13) Whether the equitable doctrines of Waiver and Acquiescence bars some or all of Plaintiff's claims; (14) Whether Communications Decency Act Immunity bars Plaintiff's common law unfair competition claim; (15) Whether Defendant's affirmative defense of Abandonment bars some or all of Plaintiff's

claims; (16) Whether any counterfeiting or infringement by Defendant was willful; (17) Whether Plaintiff is entitled to injunctive relief against Defendant's further use of its registered and unregistered trademarks; (18) Whether Plaintiff is entitled to an order requiring the destruction of all of Defendant's infringing and/or counterfeit products and all marketing, advertising, or promotional materials depicting Defendant's infringing and/or counterfeit products; (19) Whether Plaintiff is entitled to disgorgement of Defendant's profits, and if so, in what amount; (20) Whether Plaintiff is entitled to statutory damages for Plaintiff's registered trademarks, and if so, in what amount; (21) Whether Defendant engaged in common law unfair competition with malice, oppression, or reckless disregard of Plaintiff's rights; (22) Whether Plaintiff is entitled to exemplary and punitive damages, and if so, in what amount; (23) Whether Plaintiff is entitled to pre-judgment interest on all damages awarded, and if so, in what amount; and (24) Whether either party is entitled to recover its attorneys' fees and costs, and if so, in what amount.

9.     Plaintiff states that all discovery is complete except Plaintiff's outstanding notice and request to depose Michael Masnick, as well as Plaintiff's ongoing informal investigation of Defendant's ongoing infringement, counterfeiting, and unlawful competition.  If the Court denies Plaintiff's Motion *in Limine* No. 4 (Dkt. No. 53), Plaintiff request the opportunity to depose Mr. Masnick before trial begins.  Defendant states, as required by Local Rule 16-7 and Appendix A, that all discovery is complete; and further states that the putative notice of deposition, which was served after the close of discovery, is a nullity, and that it does not understand what "ongoing informal investigation" Plaintiff refers to, and that if the Court denies Defendant's Motion in Limine No. 7 (Dkt. No. 61), Defendant requests the opportunity to take depositions of such witnesses of not more than two hours each before trial begins.

10.     All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The First Amended Joint Exhibit List of the parties has been filed under

separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. 2, 3, 4, 11 through 32, 34 through 115, 118 through 123, 125, 128, 140 through 143, 155 through 159, 161, 163 through 171, 174 through 196, 226 through 264, 269, 272, 273, 276, 277, 278, 282 through 287, 295, 297 through 326, 330 through 342, 344, 345, 346, 347, 350 through 356, 358 through 363, 366, 367, 368 through 400, 501 through 507, 581, and 584 through 612.

Defendant objects to Exhibit Nos. 25, 107, 110 through 127, 140 through 217, 221 through 270, 273 through 285, 288 through 355, 357 through 359, and 362 through 400.

The objections and grounds therefor are:

Plaintiff objects to the admission of all exhibits referenced in its Motions *in Limine* Nos. 1-4.  Plaintiff further incorporates its objections to exhibits contained in the First Amended Joint Exhibit List as set forth in Exhibit A.

Defendant objects to the admission of all exhibits referenced in its Motions *in Limine* Nos. 1-7 (Dkt. Nos. 55-61).  Defendant further incorporates its objections to exhibits contained in First Amended Joint Exhibit List as set forth in Exhibit A. Defendant further notes that Plaintiff has objected to Exhibits that it has itself proffered. Defendant further objects to all of Plaintiff's exhibits (101-400) on the grounds that Plaintiff failed to comply with L.R. 16-6.1, which requires that "An asterisk shall be placed next to the exhibits which a party may offer if the need arises."

11.    Witness lists of the parties have been filed with the Court (Dkt. Nos. 71, 74, 75).  Plaintiff objects to Defendant calling any of the witnesses identified in the untimely Redbubble Inc.'s Separate Local Rule 16-5 Witness List (Dkt. No. 75) for failure to comply with Local Rule 16-5. Defendant responds that

its Separate Local Rule 16-5 Witness List (Dkt. No. 75) was filed on May 24, 2020, 22 days before the June 15, 2020 Final Pretrial Conference, consistent with Local Rule 16-4 and 16-5's requirement that the list be filed at least 21 days before the Conference; and furthermore, that the same information was contained in the parties' Joint Witness List (Dkt. No. 71).

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Defendant reserves the right to call its declarant in support of its filing pursuant to the Court's order, Dkt. No. 84, if needed to rebut evidence newly-offered by Plaintiff.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk by Plaintiff as required by L.R. 32-1: None.

12.    The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

- Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 36;
- Defendant's Motion for Summary Judgment, Dkt. No. 40;
- Plaintiff's Motions *in Limine* Nos. 1-4, Dkt. Nos. 50-53; and
- Defendant's Motions *in Limine* Nos. 1-7, Dkt. Nos. 55-61.

13.    Bifurcation of the following issues for trial is ordered:  None.
Defendant reserves the right to request bifurcation after the Court decides the pending motions for summary judgment.  *See* Dkt. No. 72 at 42.

14.    The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED:  June __, 2020

_____
Honorable R. Gary Klausner
United States District Judge


        Approved as to form and content.


        _/s/ Keith J. Wesley_____
Attorney for Plaintiff


        _/s/ Joshua M. Masur_____
Attorney for Defendant

## **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

I, Keith J. Wesley, am the ECF User whose identification and password are being used to file this stipulation.  Per Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 4, 2020          By:     */s/ Keith J. Wesley*

_____
Keith J. Wesley

1588380

-28-

Case No. 2:19-cv-04618-RGK (JPRx)