KENNETH B. WILSON  (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON  (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REDBUBBLE INC.,<br><br>　　　　Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE'S REPLY TO PLAINTIFF'S RESPONSE TO REDBUBBLE'S REPLY RE MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: June 1, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Hon. R. Gary Klausner |

2911-1006 / 1627614.1

1

Brandy Melville makes unsupported accusations about Redbubble's purported conduct, without offering any genuine evidence beyond the fact that a listing appeared on the Marketplace, and without providing any case law to support its conclusions. The truth paints a different picture. While Redbubble admittedly provided a tool that millions of third-party Sellers, including the Seller who uploaded the listing in question, can use to upload and offer products bearing their designs, Redbubble did nothing else regarding the listing in question, other than removing it within ten minutes of learning about it. That cannot serve as a basis for liability under any of the claims asserted by Brandy Melville.

Redbubble has now submitted evidence establishing that the listing identified in Brandy Melville's short response was uploaded by a third-party Seller on May 12,[1] and accidentally appeared on the Marketplace when a member of Redbubble's MPI team inadvertently clicked the wrong button in Redbubble's ACE proactive policing tool. [Malaviya Decl. ¶¶ 3-7] Redbubble was unaware that this listing was on the Marketplace until after Brandy Melville made its filing, and did not knowingly promote the listing, or provide the search tags associated with the listing, or suggest that Brandy Melville listed the product. [Toy Supp. Decl. ¶¶ 4-8] Instead, Redbubble removed the listing within minutes after learning of it, before anyone other than Brandy Melville's counsel attempted to purchase any relevant product. [Toy Supp. Decl. ¶¶ 4, 6] The listing Seller was then terminated from the Marketplace pursuant to Redbubble's repeat infringer policy. [Toy Supp. Decl. ¶ 4 ]

As set forth in Redbubble's summary judgment briefs, this evidence does not raise a triable fact that **Redbubble**, as opposed to third-parties, itself offered, sold or advertised the listing in question, and Redbubble therefore cannot be directly liable for this listing. [DE# 40 at 10-13; DE# 68 at 4-7] There is no dispute that Redbubble

---

[1] All of the allegedly infringing products identified in Brandy Melville's Short Response were associated with a single listing; the third-party Seller selected each of the product types when she uploaded the designs. [Toy Supp. Decl. ¶ 5]

immediately removed the listing upon learning that it was accessible through the Marketplace and terminated the listing Seller, thereby precluding any possibility of contributory infringement. [DE# 40 at 13-15; DE# 68 at 7-9] And there is not, nor could there be, any argument that Redbubble is vicariously liable for working with fulfillers on this listing, since no order was fulfilled. [DE# 40 at 15; DE# 68 at 9-10]

It is hard to imagine what else Redbubble reasonably could have done to prevent this listing from appearing on its Marketplace. Redbubble certainly didn't knowingly or intentionally make it available. Redbubble had procedures in place to keep this design from being listed, but any procedures is subject to human error. And once Redbubble learned of the error, it immediately corrected it. In recognition of these challenges, courts have consistently held that marketplaces like Redbubble are not directly liable because they do not themselves offer or sell the products, and cannot be held liable for "failing to do the policing work that [plaintiff] was required (and in the better position) to do itself." *Academy of Motion Picture Arts & Sciences v. GoDaddy, Inc.,* 2015 WL 5311085 at *48 (C.D. Cal. 2015); *see also Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 107-09 (2d Cir. 2010) (granting summary judgment even though infringing listings continued after thousands of notices); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F. Supp. 949, 963 (C.D. Cal 1997) ("no affirmative duty to police the Internet in search of potentially infringing uses").

While Redbubble made this argument in its Request to file this document, it bears repeating that it would be unreasonable and unprecedented to hold Redbubble strictly liable for infringement any time a third-party uploads infringing content to its Marketplace. To impose such a burden would require Redbubble to compare each of the 24,000+ listings uploaded each day with each of the millions of registered trademarks and copyrights, and further to ascertain whether the listed designs meet the additional criteria to qualify as infringing works. This would bring Redbubble's business, and by extension other Marketplaces like Amazon and Etsy, to a screeching halt, at a time where online commerce is needed more than ever.

Dated: June 5, 2020

**COASTSIDE LEGAL**
Kenneth B. Wilson

**ZUBER LAWLER & DEL DUCA LLP**
Joshua M. Masur
Zachary S. Davidson

By: */s/ Joshua M. Masur*
      Joshua M. Masur