KENNETH B. WILSON (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1ˢᵗ Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 *zdavidson@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32ⁿᵈ Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S OPPOSITION TO PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*<br><br>Hearing Date: June 30, 2020<br>Time:          9:00 a.m.<br>Courtroom:  850 |

1

**TABLE OF CONTENTS**

2    I.    INTRODUCTION ........................................................................................ 1

3    II.   BACKGROUND ......................................................................................... 1

4          A.    Plaintiff Was Not Diligent in Scheduling Defendant's Deposition........ 1

5          B.    Despite Objection, Defendant Answered Plaintiff's Questions ............. 2

6          C.    The Parties Dispute Whether Defendant Is Vicariously Liable.............. 3

7    III.  LEGAL ARGUMENT ................................................................................. 4

8          A.    Defendant Adequately Prepared Mr. Toy................................................ 4

9                1.    *The Defendant Adequately Answered Plaintiff's Questions*......... 5

10               2.    *Even a Failure to Testify About the Contested Statement*

11                     *Does Not Render Mr. Toy Inadequately Prepared*....................... 6

12               3.    *Any Deficiencies in Preparation Are Attributable to*

13                     *Plaintiff* ...................................................................................... 7

14         B.    Defendant Is Not Bound by Any Purported Refusal to Testify.............. 8

15               1.    *Under No Circumstances Is the Contested Statement*

16                     *Binding* ........................................................................................ 8

17               2.    *Rule 37 Sanctions Are Far from Warranted*................................ 9

18   IV.   CONCLUSION ......................................................................................... 11

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Agniel v. Cent. Park Boathouse LLC,*
No. 12 CIV. 7227 NRB, 2015 WL 463971 (S.D.N.Y. Jan. 26, 2015) ..........10

*Crystal Lakes v. Bath & Body Works, LLC,*
No. 2:16-CV-2989 MCE GGH, 2018 WL 10467489 (E.D. Cal. Aug. 15, 2018).............................................................................................6

*DarbeeVision, Inc. v. C&A Mktg., Inc.,*
No. CV 18-0725 AG (SSX), 2019 WL 2902697 (C.D. Cal. Jan. 28, 2019)...............................................................................................7

*Fleurimond v. New York Univ.,*
No. CV 09-3739 ADS AKT, 2011 WL 3273876 (E.D.N.Y. July 29, 2011)..............................................................................................10

*Goldie v. Hartford Ins. Co.,*
No. CV053801RSWLSSX, 2006 WL 8451352 (C.D. Cal. Feb. 16, 2006)..............................................................................................7

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.,*
No. C 03-5340 JF (RS), 2006 WL 2318803 (N.D. Cal. Aug. 10, 2006) ..........5

*Holloman v. Trinity Railcar Repair, Inc.,*
No. 1:03-CV-3461-RWS, 2006 WL 8431262 (N.D. Ga. June 21, 2006).......11

*In re Body Sci. LLC Patent Litig.,*
No. CV 12-11668-FDS, 2014 WL 12644298 (D. Mass. Oct. 31, 2014) ..........6

*Jenkins v. XpresSpa Grp., Inc.,*
No. 19CIV1774VECSLC, 2020 WL 1644012 (S.D.N.Y. Apr. 2, 2020) .........9

*Kelly v. Provident Life & Accident Ins. Co.,*
No. 04CV807-CAB (BGS), 2012 WL 12845616 (S.D. Cal. Mar. 16, 2012)................................................................................6, 7

*Lebron v. Royal Caribbean Cruises, Ltd.*,

No. 16-24687-CIV, 2018 WL 4258269 (S.D. Fla. Sept. 6, 2018) .......... 8, 9, 10

*McArthur v. Rock Woodfired Pizza & Spirits*,

318 F.R.D. 136 (W.D. Wash. 2016) ................................................................. 8

*McCoy v. Kazi*,

No. CV0807244SJOCWX, 2010 WL 11465179 (C.D. Cal. Aug. 27,

2010) ................................................................................................................. 5

*Moughler v. Abbott Labs.*,

No. CV 14-81-WOB-CJS, 2017 WL 10636888 (E.D. Ky. Mar. 21,

2017) ............................................................................................................... 10

*Snapp v. United Transportation Union*,

889 F.3d 1088 (9th Cir. 2018) ................................................................... 9, 10

*U.S. Bank, N.A. v. Recovery Servs. Nw., Inc.*,

No. 213CV01254APGGWF, 2016 WL 11566486 (D. Nev. Oct. 13,

2016) ........................................................................................................... 9, 10

*U.S. ex rel. Roach Concrete, Inc. v. Veteran Pac. JV*,

No. 10-C-826, 2013 WL 1729277 (E.D. Wis. Apr. 22, 2013) ........................ 5

*Venture Corp. Ltd. v. Barrett*,

No. 5:13-CV-03384-PSG, 2015 WL 2088999 (N.D. Cal. May 5, 2015) ....... 11

*Wallis v. Centennial Ins. Co.*,

927 F. Supp. 2d 909 (E.D. Cal. 2013) ............................................................. 9

**OUT OF STATE CASES**

Fed. R. Civ. P. 30(b)(6) ....................................................................... passim

I. **INTRODUCTION**

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") contends in its pending motion for partial summary judgment that Defendant Redbubble Inc. ("Defendant") is a vicarious trademark infringer because Defendant supposedly represented in Deposition Exhibit 118 ("Exhibit 118") that it "partners" with alleged infringers (the "Contested Statement").  However, Defendant's Fed. R. Civ. P. ("Rule") 30(b)(6) witness, Mr. James N. Toy, explained that the Contested Statement was an "inaccurate" comment made by an employee of Defendant's *Australian parent company*, Redbubble Limited ("Australian Parent").

Plaintiff thus brings Motion in Limine No. 3 ("MIL No. 3") to bind Defendant to the Contested Statement in lieu of Mr. Toy's testimony, arguing struthiously that Defendant failed to testify about Exhibit 118.  However, Plaintiff's preference for the Contested Statement over Mr. Toy's testimony does not mean Defendant inadequately prepared Mr. Toy, much less justify Rule 37 evidentiary sanctions, which are imposed when parties *wholly fail* to provide information.  Also, even if Defendant breached Rule 30(b)(6), the Contested Statement would not be binding because: (1) Plaintiff cannot compel Defendant to adopt the testimony of a Rule 30(b)(6) witness, much less *out-of-court, non-party* statements; and (2) Plaintiff's construction of the Contested Statement—that Defendant "partners" with fulfillers so as to be a joint tortfeasor—is an ultimate legal conclusion, which can never be binding.  In sum, MIL No. 3 is a thinly-veiled renewed motion for summary judgment on the issue of vicarious liability that should be denied entirely.

II. **BACKGROUND**

   A.   **Plaintiff Was Not Diligent in Scheduling Defendant's Deposition**

Plaintiff asserts it "appl[ied] *ex parte*" to compel a remote deposition because Defendant "refused to appear."  (Dkt. No. 52 at 4.)  However, Plaintiff's need for remote deposition was caused by its own decision-making and lack of diligence, whereas Defendant repeatedly cooperated to address Plaintiff's discovery needs.

1     Although the Parties had been discussing Defendant's deposition since

2  *January 2020* and discovery was set to close on *April 1, 2020*, Plaintiff unilaterally

3  declined to take depositions until *mid-March 2020*.  (Dkt. Nos. 16, 29-2 at 1, 29-3

4  at 1.)  Then, when Plaintiff finally noticed Defendant's deposition for March 27,

5  2020, coronavirus lock-down measures[1] rendered oral discovery impossible.  (Dkt.

6  No. 24 at 2-3.)  Defendant thus stipulated to extend discovery, which was continued

7  to April 20, 2020.  (*Id.*; Dkt. No. 26 at 2.)

8     Under this new discovery timeline, ongoing shelter-in-place orders only

9  allowed for remote depositions, such that Defendant's corporate representative

10 could not be deposed with Defendant counsel physically present.  (Dkt. No. 28-11

11 at 1.)  Having undertaken significant efforts to learn about remote depositions, the

12 undersigned concluded that such a scenario was inappropriate for a Rule 30(b)(6)

13 deposition.  (Dkt. No. 28-10 at 1.)  Defendant thus repeatedly offered to stipulate to

14 continue discovery until in-person depositions were possible, including by adopting

15 Plaintiff's proposed language.  (Dkt. No. 28-10 at 1 & 28-11 at 1.)  Plaintiff elected

16 instead to move *ex parte* to compel a remote deposition.  (Dkt. No. 28.)

17         **B.     Despite Objection, Defendant Answered Plaintiff's Questions**

18     During Defendant's Rule 30(b)(6) deposition, Plaintiff sought testimony

19 about Exhibit 118, a video where Ms. Kate McBride—*an employee of the*

20 *Australian Parent*, not of Defendant—made the Contested Statement and referenced

21 "fulfillers"[2] as "partners."  (Dkt. Nos. 36-1 ¶ 82, 52-5 at 132:3-6.)  Defendant

22 objected because Exhibit 118 was neither produced nor identified with particularity

23 in Plaintiff's deposition topics ("Topics").  (Dkt. No. 52-5 at 139:16-20; *see also*

24 Dkt. Nos. 52-2, 52-3; Section III.A, *infra*.)  In response, Plaintiff asserted that

25

26
───────────────────
27 [1] Plaintiff had served a notice for deposing Defendant in San Francisco, even though
the city already had stringent lock-down measures. (Dkt. No. 29 at 4-5.)

28 [2] Per Plaintiff, fulfillers "create [allegedly] infringing products."  Dkt. No. 36 at 19.

1  Exhibit 118 fell within an ever-shifting list of Topics.  During deposition, Plaintiff

2  initially claimed that Exhibit 118 fell under Topic 2, and then asserted that the video

3  was covered by Topics 2-3, but *not Topic 1*.  (Dkt. No. 52-5 at 137:16-18, 140:12-

4  16, & 149:13-21.)  Plaintiff now asserts, contrary to earlier representations, that

5  *Topic 1*, as well as 2-3, 7-8, and 17 encompass Exhibit 118.

6       Mr. Toy, as Defendant's corporate representative, nonetheless did his best to

7  answer Plaintiff's problematic questions.  For example, Plaintiff asked Mr. Toy to

8  recall every inaccuracy within Exhibit 118.  (Dkt. No. 52-5 at 142:1-6.)  In response,

9  Mr. Toy explained that because he had "watched the *video [only] one time*," it was

10  "*challenging to . . . identify everything*" Defendant believed to be inaccurate.  (*Id.* at

11  142:8-16 (emphases added).)  However, Mr. Toy did state that the Contested

12  Statement was inaccurate:  "*[O]ne thing [Defendant] believes is inaccurate is the*

13  *reference to fulfillers as partners*." (*Id.* (emphasis added)).

14       **C.**    **The Parties Dispute Whether Defendant Is Vicariously Liable**

15       In May 2020, the Parties cross-moved for partial summary judgment,

16  including as to whether Defendant is a vicarious trademark infringer.  (Dkt. No. 52

17  at 8.)  Plaintiff asserts that Defendant is secondarily liable because it "partners" with

18  "fulfillers" (Dkt. No. 36 at 19), whereas Defendant points out that courts repeatedly

19  deem such statements to be "off-hand references" that are "insufficient to exhibit . . .

20  an actual or apparent partnership" for purposes of establishing vicarious liability.

21  (Dkt. No. 47-2 at 13 (internal quotation marks and citations omitted).)

22       Plaintiff's position relies heavily on imputing to Defendant Ms. McBride's

23  casual reference to "fulfillers" as "partners," which she made in the Contested

24  Statement.  (Dkt. No. 36 at 19 (citing Dkt. No. 36-1 ¶ 82).)  The spuriousness of this

25  position is evidenced by Plaintiff's deposition questions.  For example, Plaintiff

26  asked Mr. Toy whether the Australian Parent had "informed" Australian securities

27  regulators "about the inaccuracy [of the Contested Statement]."  (Dkt. No. 52-5 at

28  144:25-145:3.)  Plaintiff's own questioning thus confirms it ***knows*** that:

1  (1) Defendant **answered** Plaintiff's questions about the Contested Statement's

2  accuracy by stating that the reference to "partners" is inaccurate; and (2) **the**

3  **Contested Statement was made by any employee of the Australian Parent**, not

4  Defendant.

5         However, Plaintiff ignores and obfuscates the fact that Ms. McBride is

6  "employed by" the Australian Parent, not Defendant.  Tellingly, although Plaintiff

7  attaches to MIL No. 3 excerpts from Defendant's Rule 30(b)(6) transcript (*see* Dkt.

8  No. 52-5), Plaintiff has selectively omitted the portion explaining that Defendant "is

9  a subsidiary of Redbubble Limited," which is "based in Australia."  (Declaration of

10  Joshua M. Masur ("Masur Decl.") ¶ 3, Exh. A at 14:3-8.)

11  **III.   LEGAL ARGUMENT**

12         MIL No. 3 seeks relief under Rule 37 to: (1) bind Defendant to the Contested

13  Statement's casual reference to partnering with fulfillers; and (2) bar Defendant

14  from introducing evidence about the Contested Statement's accuracy.  Plaintiff

15  contends that this extreme sanction is appropriate because Defendant's supposed

16  refusal to testify about Exhibit 118 meant that Defendant so wholly failed to prepare

17  for deposition as to be constructively absent.  MIL No. 3 should be denied.

18         Preliminarily, even though Defendant is not obligated to prepare testimony

19  about its parent company's activities, Defendant answered Plaintiff's questions

20  about Exhibit 118's accuracy.  Also, even if Defendant's preparation had been

21  inadequate, Defendant could not be compelled to adopt a non-party's testimony,

22  particularly where Plaintiff construes the Contested Statement as a legal conclusion.

23  Moreover, Defendant's supposed failure to answer a narrow line of questioning

24  about a single exhibit does not warrant Rule 37 sanctions; courts do not impose such

25  sanctions even where deponents fail to address entire deposition topics.

26         **A.     Defendant Adequately Prepared Mr. Toy**

27         Under Rule 30(b)(6), Defendant "must testify about information known or

28  reasonably available to" it about the topics "describe[d] with reasonable

2911-1006 / 1628105.2                                    4

1   particularity" in the notice.  Defendant satisfies this obligation if it makes "a

2   conscientious, good-faith effort to designate knowledgeable persons" and prepares

3   them to fully "answer questions about the designated matter."  *McCoy v. Kazi*, No.

4   CV0807244SJOCWX, 2010 WL 11465179, at *10 (C.D. Cal. Aug. 27, 2010).

5   Defendant satisfied Rule 30(b)(6).  Mr. Toy answered Plaintiff's questions about the

6   Contested Statement and Plaintiff has adduced no facts showing that he was

7   unprepared for Plaintiff's Topics.  Also, Defendant has no duty to prepare testimony

8   for Exhibit 118 because Rule 30(b)(6) does not require it to either gather evidence

9   from its Australian Parent or anticipate every possible line of questioning,

10  particularly when Exhibit 118 was neither identified nor produced by the Plaintiff.

11              1.      *The Defendant Adequately Answered Plaintiff's Questions*

12          Plaintiff's MIL No. 3 is entirely premised on Defendant's purported refusal to

13  testify about the Contested Statement's accuracy.  (Dkt. No. 52 at 7-9.)  However,

14  Mr. Toy testified that the Contested Statement is inaccurate.  (Dkt. No. 52-5 at

15  142:8-16.)  Thus, Plaintiff lacks any factual basis to contend that Defendant violated

16  Rule 30(b)(6).  Therefore, MIL No. 3 should be denied.  *See U.S. ex rel. Roach*

17  *Concrete, Inc. v. Veteran Pac. JV*, No. 10-C-826, 2013 WL 1729277, at *11 (E.D.

18  Wis. Apr. 22, 2013) (denying motion to exclude even though the Rule 30(b)(6)

19  deponent "was not able to answer some questions" because "on the whole, his

20  answers were sufficiently responsive," thus "illustrat[ing] that he was adequately

21  prepared").

22          Plaintiff's dissatisfaction with Mr. Toy's response neither renders his

23  testimony inadequate nor justifies relief.  Indeed, Plaintiff fails to identify any

24  specific follow-up information it needs.  *See, e.g.*, *Google Inc. v. Am. Blind &*

25  *Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 2318803, at *3 (N.D.

26  Cal. Aug. 10, 2006) (denying motion to compel Rule 30(b)(6) testimony because "it

27  was incumbent on [movant] to *identify with some specificity* the nature of the

28  information it believes it" did not obtain).  Also, the question Defendant supposedly

1  did not answer is simple: whether one could accurately state that Defendant has a

2  partnership relationship with its fulfillers because its parent company's employee

3  casually referenced partnering with business entities.  Defendant's answer is in the

4  negative, and it is difficult to see how one can expand on that.[3]

5              2.      *Even a Failure to Testify About the Contested Statement Does*

6                      *Not Render Mr. Toy Inadequately Prepared*

7      Defendant would not be derelict in preparing Mr. Toy *even if* he had failed to

8  testify about Exhibit 118 because Defendant has no obligation to obtain information

9  about this video.  Rule 30(b)(6) does not require subsidiaries to acquire information

10  from parent entities because subsidiaries do not control their parents.  *See, e.g.*, *In re*

11  *Body Sci. LLC Patent Litig.*, No. CV 12-11668-FDS, 2014 WL 12644298, at *1 (D.

12  Mass. Oct. 31, 2014) (declining to "compel" a subsidiary "to acquire the knowledge

13  of a parent company that it does not control").  Here, Exhibit 118 originates from

14  Defendant's parent company.  (Dkt. Nos. 36-1 ¶ 82 & 52-5 at 132:3-4.)

15      Also, there would be no issue even if information about Exhibit 118 was

16  within Defendant's control.  A Rule 30(b)(6) deponent is obligated to become

17  familiar with deposition *topics*, *not* every document that could conceivably fall

18  within a topic.  *See, e.g.*, *Kelly v. Provident Life & Accident Ins. Co.*, No. 04CV807-

19  CAB (BGS), 2012 WL 12845616, at *2 (S.D. Cal. Mar. 16, 2012) (holding that a

20  Rule 30(b)(6) witness was adequately prepared because "she rendered substantial

21  testimony concerning [deposition] Topic 1" and noting that a failure to "answer

22  every question . . . does not equate to" inadequate preparation (internal quotation

23  marks and citation omitted)).  Since Plaintiff fails to show how Mr. Toy's *overall*

24  *testimony* for *any* Noticed Topic was inadequate, any inadequacy in testimony on

25  Exhibit 118 is insufficient to establish a breach of Rule 30(b)(6).  *See generally* Dkt.

26

27  [3] *Cf. Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989 MCE GGH,
2018 WL 10467489, at *3 (E.D. Cal. Aug. 15, 2018) (denying relief for purportedly

28  inadequate Rule 30(b)(6) testimony because the issues were not "complex").

1    No. 52.  Indeed, Plaintiff does not even attempt to explain how Mr. Toy's overall

2    testimony for any deposition topic was inadequate.  Instead, Plaintiff claims that

3    Defendant failed to prepare testimony concerning its purported "statements about

4    being partners with its fulfillers."  (Dkt. No. 52-5 at 8-9.)  However, this makes a

5    mountain out of a molehill: Defendant counsel merely explained that Mr. Toy could

6    not testify as to *Exhibit 118*.  (*See, e g.*, Dkt. No. 52 at 9 (Mr. Toy "'cannot testify as

7    to Redbubble on *this* video'") (emphasis added).)  Defendant made no blanket

8    objection to testimony about its relationships with fulfillers.  Masur Decl. ¶ 2.

9          Moreover, Defendant's ability to access Exhibit 118 is immaterial to whether

10   it adequately prepared Mr. Toy.  *Kelly*, 2012 WL 12845616, at *2 ("The rule

11   governing 30(b)(6) depositions does not expressly require the designee to personally

12   review *all* information available to the corporation." (emphasis in original)).

13   Indeed, expecting Mr. Toy to testify about Exhibit 118, which was neither noticed

14   nor produced is simply unrealistic.  *DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. CV

15   18-0725 AG (SSX), 2019 WL 2902697, at *9 (C.D. Cal. Jan. 28, 2019) (noting that

16   it was unrealistic to expect a Rule 30(b)(6) witness to "testify about every possible

17   internal communication, every possible statement on a corporate website" *etc*.).

18   Similarly, questions such as Defendant's request that Mr. Toy recall every

19   inaccuracy in Exhibit 118 are improper because Rule 30(b)(6) depositions are not

20   "memory test[s]."  *Goldie v. Hartford Ins. Co.*, No. CV053801RSWLSSX, 2006

21   WL 8451352, at *2 (C.D. Cal. Feb. 16, 2006) (internal quotation marks and citation

22   omitted); *see* Dkt. No. 52-5 at 142:8-16 (recalling an entire video is challenging).

23          3.     *Any Deficiencies in Preparation Are Attributable to Plaintiff*

24          If Exhibit 118 was truly as important as Plaintiff claims, it should have

25   provided Defendant with adequate notice, *e.g.*, by identifying said video.  Instead,

26   Plaintiff failed to even produce Exhibit 118 and propounded vague and overbroad

27   Topics, which were unbounded in time and had amorphous terms such as "YOUR

28   business model."  (Dkt. No. 52 at 3-4.)  Thus, if there were deficiencies in

1  Defendant's preparation, Plaintiff has only itself to blame.[4]  Indeed, Plaintiff's

2  indecision as to which Topics encompass Exhibit 118 demonstrates Defendant's

3  difficulties in preparing for deposition.  *See* Section II.B., *supra.*

4      In sum, Defendant was not "required to be omniscient as to the areas that the

5  deponent will be expected to testify." *Lebron v. Royal Caribbean Cruises, Ltd.*, No.

6  16-24687-CIV, 2018 WL 4258269, at *8 (S.D. Fla. Sept. 6, 2018).  Plaintiff cannot

7  complain that Defendant failed to adequately prepare to testify about casual

8  comments made by its parent company's employees when it failed to even produce

9  Exhibit 118, much less apprise Defendant that it would seek testimony about this

10  video. *See id.* (holding that a "corporate representative was adequately prepared"

11  because "many of the inadequacies" complained about "were not identified . . . with

12  'reasonable particularity'" to alert deponent of "the need to prepare").

13      **B.**   **<u>Defendant Is Not Bound by Any Purported Refusal to Testify</u>**

14      MIL No. 3 would lack merit even if Defendant inadequately prepared Mr.

15  Toy.  Under the facts at hand, the Contested Statement cannot be binding, and

16  Plaintiff comes nowhere close to showing that Rule 37 sanctions are warranted.

17      1.   *Under No Circumstances Is the Contested Statement Binding*

18      Regardless of whether Defendant's actions warrant sanctions, Defendant

19  cannot be bound by the Contested Statement because it "cannot be required to

20  designate a Rule 30(b)(6) designee who lacks authority to speak on [its] behalf."

21  And yet, Plaintiff seeks to compel Defendant to swap Mr. Toy's testimony with Ms.

22  McBride's, even though Ms. McBride was neither selected nor even employed by

23  Defendant.  Thus, Plaintiff's sought-after relief is clearly prohibited. *See, e.g.*, *id.*

24  (imposing sanctions on movant seeking to compel a corporate representative).

25

26  [4] *See, e.g.*, *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 143 (W.D.
27  Wash. 2016) (topic concerning the "nature and scope" of a "business" as well as
   topics failing to "provide any date range" were "overbroad and not particular
28  enough" for a witness to "adequately prepare").

1    Moreover, whether Defendant partners with fulfillers for vicarious-liability

2  purposes is a legal conclusion that cannot bind the Defendant.  *See Wallis v.*

3  *Centennial Ins. Co.*, 927 F. Supp. 2d 909, 916 (E.D. Cal. 2013) ("Such bare legal

4  conclusions are insufficient to show that Atlantic Mutual and Centennial are in an

5  agency relationship, partners, and/or in a joint venture."); *Snapp v. United*

6  *Transportation Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) ("[A] Rule 30(b)(6)

7  deponent's own interpretation of the facts or legal conclusions do not bind the

8  entity." (internal quotation marks and citation omitted)).

9           2.      *Rule 37 Sanctions Are Far from Warranted*

10    Generally, Defendant is not bound by any lack of knowledge expressed by

11  Mr. Toy.  His testimony "does not absolutely bind [Defendant]" like "a judicial

12  admission."  *Snapp*, 889 F.3d at 1104.  Thus, Mr. Toy's testimony "can be

13  corrected, explained and supplemented" as Defendant is "not 'irrevocably' bound to

14  what" Mr. Toy "happens to remember during the testimony."  *Id.*  Indeed, Plaintiff

15  relies on *U.S. Bank, N.A. v. Recovery Servs. Nw., Inc.*, No. 213CV01254APGGWF,

16  2016 WL 11566486, at *5 (D. Nev. Oct. 13, 2016), under which Defendant is only

17  bound if Mr. Toy's testimony is "egregious and not merely lacking in desired

18  specificity in discrete areas,"[5] such that Rule 37 sanctions are warranted.  The

19  circumstances here are a far cry from those of authorities imposing sanctions.

20    Sanctions are imposed if a party "essentially destroy[ed] a deposition."

21  *Jenkins* 2020 WL 1644012 at *6.  Courts regularly decline to impose sanctions even

22  where deponents fail to satisfactorily answer multiple deposition topics.[6]  As

23

---

24  [5] "This is so because Rule 30(b)(6) is not . . . a memory contest, and a deponent does
    not have to successfully answer every question."  *Lebron*, 2018 WL 4258269, at *3.
25

26  [6] *See, e.g.*, *Jenkins v. XpresSpa Grp., Inc.*, No. 19CIV1774VECSLC, 2020 WL
    1644012, at *5 (S.D.N.Y. Apr. 2, 2020)) (declining to find a constructive failure to
27  appear where plaintiff only complained about testimony for "two of the five"
    deposition topics); *Agniel v. Cent. Park Boathouse LLC*, No. 12 CIV. 7227 NRB,
28

1  illustrated in *U.S. Bank*, 2016 WL 11566486, at *5, courts generally impose

2  sanctions if a deponent *wholly failed* to prepare *and* violated a *discovery order*.

3        Here, Defendant did not "repeatedly fail[] to present a knowledgeable witness

4  on [its] behalf" in violation of a court order.  *Moughler v. Abbott Labs.*, No. CV 14-

5  81-WOB-CJS, 2017 WL 10636888, at *4 (E.D. Ky. Mar. 21, 2017) (declining to

6  impose sanctions where it was the "first time" the court was "presented" with the

7  issue of whether a party "properly prepared" its corporate representative).  Instead,

8  Mr. Toy appeared, answering the vast majority of questions to Plaintiff's

9  satisfaction: Plaintiff merely accuses Defendant of failing to adequately prepare for

10  a narrow line of questioning about Exhibit 118.  Courts have repeatedly held that

11  situations such as the case-at-bar do not merit sanctions.[7]

12        Nor can Plaintiff claim prejudice.  Mr. Toy's testimony, *not* the Contested

13  Statement, is attributable to Defendant.  Section III.B.1., *supra*.  Because Mr. Toy

14  testified that the Contested Statement was inaccurate, *see* Section II.B., *supra*, it is

15  entirely proper for Defendant to introduce evidence "clarifying or . . . providing full

16  context for" this testimony.[8]  *Snapp*, 889 F.3d at 1103.  Also, Plaintiff fails to

17  "identify what information that [it] does not have . . . that Plaintiff needs to

18  prosecute [its] case." *Lebron*, 2018 WL 4258269, at *10 (declining to award

19  requested relief).  Finally, Defendant should not be penalized for Plaintiff's lack of

20

---

21  2015 WL 463971, at *3 (S.D.N.Y. Jan. 26, 2015) (declining to award sanctions
    where Rule 30(b)(6) witness testified sufficiently to six of nine topics).

22

23  [7] *See, e.g.*, *Moughler*, 2017 WL 10636888, at *4 ("[E]ven if" the deponent "was
    unprepared or gave evasive and/or unresponsive answers [because, *e.g.*, she failed to

24  review a document], the remedy sought by Plaintiffs, to deem facts admitted" was
    inappropriate because it was "not a circumstance where [she] did not physically

25  appear."); *Fleurimond v. New York Univ.*, No. CV 09-3739 ADS AKT, 2011 WL
    3273876, at *3–4 (E.D.N.Y. July 29, 2011) (declining to impose sanctions where

26  "Plaintiff's claim of inadequacy is based solely on . . . answers to two questions").

27  [8] Thus the declaration that Defendant submitted "averring that Redbubble does not

28  partner with its fulfillers" is entirely appropriate.  *See* Dkt. No. 52.

1  diligence, since: (1) Plaintiff's actions necessitated a discovery extension; and

2  (2) Plaintiff reneged on its proposal to further continue discovery, thus precluding

3  itself from seeking discovery relief. Section II.A., *supra*. It would thus be patently

4  unfair to "impose artificially restrictive and severe boundaries on" Defendant's

5  "presentation of evidence." *Holloman v. Trinity Railcar Repair, Inc.*, No. 1:03-CV-

6  3461-RWS, 2006 WL 8431262, at *3–4 (N.D. Ga. June 21, 2006).

7  **IV.   CONCLUSION**

8        For the reasons discussed above, Plaintiff's MIL No. 3 should be denied.

9  Also, because Plaintiff essentially seeks to bind Defendant to a legal conclusion that

10 it partners with fulfillers as a joint tortfeasor, MIL No. 3 is essentially an untimely

11 summary-judgment motion on vicarious liability and should be denied for this

12 additional reason. *See, e.g.*, *Venture Corp. Ltd. v. Barrett*, No. 5:13-CV-03384-

13 PSG, 2015 WL 2088999, at *4 (N.D. Cal. May 5, 2015) ("These motions rehash the

14 same arguments Barrett made in support of his motion for partial summary

15 judgment . . . All are untimely dispositive motions, and must be DENIED").

16

17 Dated: June 5, 2020                Respectfully submitted,

18                                    COASTSIDE LEGAL
                                      KENNETH B. WILSON
19
                                      ZUBER LAWLER & DEL DUCA LLP
20                                    JOSHUA M. MASUR
                                      ZACHARY S. DAVIDSON
21

22                                    By:  */s/ Joshua M. Masur*
                                          Joshua M. Masur
23                                        Attorneys for Defendant
24                                        REDBUBBLE INC.

25

26

27

28