KENNETH B. WILSON (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S OPPOSITION TO PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF MICHAEL MASNICK**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*<br><br>Hearing Date: June 30, 2020<br>Time:           9:00 a.m.<br>Courtroom:  850 |

1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A. Mr. Masnick's Rebuttal Opinions Do Not Lack Foundation ................ 2

    B. Mr. Masnick's Opinions Properly Rebut the Opinions of Ms. Gerson ............................................................................................ 4

    C. Brandy Melville Sought to Depose Mr. Masnick After the Close of Discovery ........................................................................................... 5

    D. Mr. Masnick's Opinions Are Not Properly Excluded Pursuant to FRE 403 .................................................................................................. 6

    E. Mr. Masnick's Rebuttal Opinions Do Not Advance Legal Opinions or Attempt to Usurp the Province of the Judge ....................... 8

III. CONCLUSION ............................................................................................. 10

## I.    **INTRODUCTION**

The rebuttal opinions of Defendant's expert, Michael Masnick, should not be excluded.

First, Mr. Masnick's opinions do not lack foundation because his opinions are based on the facts and data specific to this case and others where Redbubble has been the Defendant, as well his own writings and other publicly available information on content moderation.

Second, Mr. Masnick's opinions are also admissible because his rebuttal opinions are limited to rebutting the positions taken by Plaintiff's expert, Ms. Gerson, including her specific opinions about Redbubble's content moderation and her more general opinions regarding content moderation across the internet.

Third, Mr. Masnick's opinions should not be excluded because Plaintiff failed to take his deposition prior to the Discovery Cutoff.  Plaintiff made the strategic decision to serve the Gerson Report only nineteen days prior to the discovery cutoff, which meant that any rebuttal report would be served after the discovery cutoff and Plaintiff would not have a chance to depose the rebuttal expert.  This was a strategic decision that backfired and Plaintiff cannot blame Defendant for its error in strategy.

Fourth, Mr. Masnick's opinions should not be excluded under FRE 403(b) because they do not create unfair prejudice, confuse the issues or mislead the jury. Mr. Masnick's opinions on content moderation are based on his evaluation of empirical data and years of experience building expertise on content moderation. Any complaints about these opinions are more about weight, not admissibility, which is the province of the fact finder.

Finally, Mr. Masnick's opinions should not be excluded because his opinions do not advance legal opinions.  His opinions represent Mr. Masnick's understanding of the fact that content moderation guidelines are based on the safe harbor provisions of the Digital Millennium Copyright Act and case law.  As the editor of a

///

1

website and expert on content moderation issues, he is qualified to opine on those facts, and it does not "usurp" any of the power of the Court for him to do so.

At most, Plaintiff's arguments for exclusion go to the weight of Mr. Masnick's opinions, not admissibility.

## II. ARGUMENT

### A. Mr. Masnick's Rebuttal Opinions Do Not Lack Foundation

Mr. Masnick's rebuttal opinions to the Gerson Report are admissible because they are "based on sufficient facts or data." FED. R. EVID. 702(b). Plaintiff's assertion that Mr. Masnick has not considered sufficient facts or data is simply not true. Mr. Masnick listed each of the discovery documents he reviewed in his report, as well as the following materials: (1) all of his writings on content moderation, including from the Techdirt website, the Copia Institute and other third-party news publications; (2) websites and public information sources regarding policies of particular companies; analytical data regarding web traffic and size of the websites compared to Redbubble.com and (3) Redbubble depositions, pleadings, and other documents and discovery from this case and other cases, including analytical data and including the Redbubble's general and specific proactive policing policies that are relevant to this case. (Dkt. No. 53-3, Masnick Report ¶¶ 4-9, 15-16, 20, 29.) Additionally, as explained in Defendant's motion *in limine* No. 1 and Mr. Masnick's expert report (Dkt. No. 53-3, ¶¶ 12-40), Ms. Gerson did not produce or make available *any* of the underlying "analytical data maintained by Counterfind" cited in support of her opinions so he could not review the same or comparable data, where the data was allegedly the expert's proprietary data, even if he wanted to review any such data. (Dkt. No. 55, Dkt. No. 55-2, Gerson Report, ¶22.) In fact, there is no evidence in the case that Ms. Gerson reviewed any specific data, other than a limited subset of Redbubble's documents, in support of her opinion. Further, Ms. Gerson did not review or rely on the intellectual property policies of any of the websites she compared to Redbubble.com or any "empirical data" other than the alleged

2

1 Counterfind data.  (Dkt. No. 55-2, ¶¶ 20-24.)  Like Ms. Gerson, Mr. Masnick relied
2 on Redbubble's documents and the data gathered from his vast experience in the
3 field of content moderation to state his rebuttals to Ms. Gerson's opinions.  (Dkt.
4 No. 53-3, ¶¶ 4-9; Dkt. No. 55-2, ¶¶ 23-24.)  As shown above, the data and
5 information considered and Mr. Masnick's experience constituted sufficient data to
6 rebut the opinions of Ms. Gerson.

7      Plaintiff's first specific argument sets up a false dichotomy because the
8 comparison between a summary opinion and the detailed rebuttals to *specific*
9 opinions is not accurate.  As admitted by Plaintiff, the quoted line from
10 Mr. Masnick's summary opinion directly rebuts Ms. Gerson's summary opinion.
11 Mr. Masnick's summary opinion and other rebuttal opinions regarding Redbubble's
12 proactive policing policies were based on his evaluation of Redbubble's data found
13 in its discovery (including Redbubble's relevant general and specific content
14 moderation policies) and pleadings in this case and others, as well as his experience
15 and knowledge of the content moderation policies of other platforms.  (Dkt. No.
16 53-3, Masnick Report ¶¶ 4-9, 15-16, 20, 29.)  Thus, if anything, Plaintiff's argument
17 actually goes to the weight of Mr. Masnick's opinions, not their admissibility.

18      Finally, Plaintiff's argument regarding the removal of search terms being an
19 "industry standard practice" is a red herring. Although described as "standard" in
20 Plaintiff's brief and the Gerson Report, the Plaintiff has not proffered a single piece
21 of evidence in support of this supposed industry standard.  And, in fact, trademark
22 law does not require a marketplace to prevent sellers from using others' marks as
23 search terms. *See, e.g.*, *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930,
24 933 (9th Cir. 2015) (upholding summary judgment of noninfringement).

25      Mr. Masnick's rebuttal opinions to the Gerson Report are admissible because
26 they are "based on sufficient facts or data" as required by FRE 702(b).
27 ///
28 ///

### B. Mr. Masnick's Opinions Properly Rebut the Opinions of Ms. Gerson

Mr. Masnick's rebuttal opinions should be allowed because they properly rebut the opinions expressed by Ms. Gerson. Mr. Masnick's opinions expressed in Section II (¶¶ 12-40) and Section VIII (¶¶ 82-97) of his report, as admitted by Plaintiff and evident from the face of Mr. Masnick's report, expressly rebut the opinions offered by Ms. Gerson in her report. (Dkt. No. 53, 6:14-19 and Footnote 5; Dkt. No. 53-3, ¶¶ 12-40, 82-97.)

Mr. Masnick's other opinions on content moderation are rebuttals of Ms. Gerson's opinions that there are standard content moderation standards across industry. For example, Mr. Masnick opined on the content moderation policies of one print on demand website, Teespring, in section IV of his report. (Dkt. No. 53-3, ¶¶ 67-70.) Mr. Masnick's other opinions also rebut the assertion that there is some common standard for content moderation by offering examples and facts based on Mr. Masnick's experiences as a writer on content moderation policies across the internet. (Dkt. No. 53-3, ¶¶ 41-81, 98-114.)

Moreover, Plaintiff fails to advise the Court of the relevant shared history of these two experts. In *Atari Interactive, Inc. v. Redbubble, Inc.*, Case No. 4:18-cv-03451-JST, pending in the Northern District of California, in which the plaintiff and defendant are represented by the same firms as in this case, Redbubble served a report from Mr. Masnick on December 20, 2019. (Masur Decl., Exh. A.) That report contains essentially every opinion that Plaintiff complains are not rebuttals to Ms. Gerson's opinions here. But on February 7, 2020, Plaintiff's counsel served a report from Ms. Gerson in the *Atari* case that purported to rebut Mr. Masnick's report in that case. (Masur Decl., Exh. B.) Ms. Gerson's opinions here are essentially verbatim copies of those expressed in her rebuttal report in *Atari*, with the sole addition being three short and foundationless sentences at the end of paragraph 26: "Brandy Melville is one of those with well-known intellectual

4

property. Brandy Melville is a popular and well-known women's brand with recognizable logos and apparel. I am familiar with the brand and their trendy clothes." *Id.* If Mr. Masnick's opinions here are not related to Ms. Gerson's, then Plaintiff's counsel improperly served Ms. Gerson's report in the *Atari* case.

Based on the above, all of Mr. Masnick's rebuttal opinions should be admitted because they rebut either Ms. Gerson's specific opinions on Redbubble's content moderation policies or her general opinions on alleged industry standards for content moderation.

### C. **Brandy Melville Sought to Depose Mr. Masnick After the Close of Discovery**

Brandy Melville's argument that Redbubble "improperly obstructed Brandy Melville's attempt to exercise its right to depose [Mr. Masnick] under the Federal Rules of Civil Procedure" is misleading and mischaracterizes both Rule 26 and this Court's Scheduling Order. Redbubble did not obstruct any right of Brandy Melville when it informed Plaintiff that a deposition notice first served after the close of discovery is invalid. (Dkt. No. 53-5, at 1.)

Plaintiff argues in this brief, as it had in its emails requesting that Mr. Masnick sit for a deposition outside of the discovery period, that this Court's Scheduling Order is improper under the Federal Rules of Civil Procedure, which is simply not true. (Dkt. No. 53, 8:10-16; Dkt. No. 53-5, at 2.) This Court set a single date for the close of expert and fact discovery in this case, April 1, 2020, which was subsequently amended by the Court to April 20, 2020 based on the Court's amendments to a stipulation of the parties. (Dkt. No. 24, 26.) Federal Rule of Civil Procedure ("FRCP") 26 (a)(2)(D)(ii) states that absent a court order to the contrary, rebuttal expert reports must be served "within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii). Plaintiff served the Gerson Report on April 1, 2020, the original discovery deadline and a mere nineteen days prior to the amended discovery cutoff. But as noted above, the opinions in her report in this

5

1 case are essentially identical to the opinions offered in the Gerson Report served by
2 Plaintiff's counsel in the *Atari* case on February 7, 2020. Plaintiff cannot seriously
3 contend that it took seven and a half weeks to add these three sentences to Ms.
4 Gerson's existing report. If Plaintiff wanted to ensure that it would be able to
5 depose any rebuttal expert proffered by Redbubble, it should have served the Gerson
6 Report before the last possible day.

Moreover, Plaintiff misrepresents the actual events surrounding its purported notice of Mr. Masnick's deposition. The undersigned counsel explicitly advised counsel for Plaintiff that, although the deposition notice was a nullity because discovery had closed, if Plaintiff obtained "a court order that reopens discovery or grants leave to take expert depositions after the close," Redbubble would make him available for deposition. (DE# 53-5.) Plaintiff chose not to do so, despite having previously sought the Magistrate Judge's intervention in order to take Redbubble's Rule 30(b)(6) deposition remotely. (DE# 31.)

And Plaintiff's representation that Mr. "Masnick did not appear at the noticed time" (DE# 53 at 8; *accord id.* at motion and at 1) is, at best, misleading. In reality, Plaintiff's counsel sent a reservation for the remote deposition in the afternoon of Tuesday, May 12, 2020, but *canceled* that reservation the following morning. (Masur Decl., Exs. C (5/12/20 reservation), D (5/13/20 cancelation).) Mr. Masnick literally could not have appeared for his deposition at the noticed time and place, because the virtual "place" where it was to occur had ceased to exist, at the direction of Plaintiff's counsel, the day before.

### D. Mr. Masnick's Opinions Are Not Properly Excluded Pursuant to FRE 403

Plaintiff's arguments that Mr. Masnick's opinions are prejudicial are misguided and, at most, go to weight, not admissibility. Mr. Masnick does not set forth any opinions for which the "probative value is substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue

6

delay, wasting time, or needlessly presenting cumulative evidence." Mr. Masnick's opinions on his impossibility theorem and Teespring's removal of the "copying is not theft" t-shirts do not represent prejudicial opinions. His opinions are not a threat to confuse the issues in the case because content moderation generally, and the suitability of Redbubble's content moderation in particular, are integral to this case and to the Gerson Report.

As for the substance underlying the "copying is not theft" catchphrase, Plaintiff either misunderstands Mr. Masnick's point or the law. Plaintiff claims that Mr. "Masnick should not be allowed to present his 'copying is not theft' arguments to the jury. The sale of a counterfeit Brandy Melville T-shirts likely deprives Brandy Melville of the sale of an authentic product and the associated money, *i.e.*, theft." (Dkt. No. 53 at 9.) But Mr. Masnick does not intend to opine – or for that matter, believe – that copying cannot be illegal; clearly, it can. Rather, he distinguishes copying – legal or illegal, and whatever the cause of action – from theft because, in the words of Justice Blackmun, copying "does [not] wholly deprive its owner of its use":

> A copyright, like other intellectual property, comprises a series of carefully defined and carefully delimited interests to which the law affords correspondingly exact protections…. [T]he property rights of a copyright holder have a character distinct from the possessory interest of the owner of simple 'goods, wares, [or] merchandise,' for the copyright holder's dominion is subjected to precisely defined limits.
>
> It follows that interference with copyright does not easily equate with theft…. The infringer invades a statutorily defined province guaranteed to the copyright holder alone. But he does not assume physical control over the copyright; nor does he wholly deprive its owner of its use. While one may colloquially link

7

1 infringement with some general notion of wrongful appropriation,
2 infringement plainly implicates a more complex set of property
3 interests than does run-of-the-mill theft, conversion, or fraud.

*Dowling v. United States*, 473 U.S. 207, 216-18 (1985) (citations omitted).

As the Masnick Report explicitly states:

> By saying "copying is not theft," I [am] attempting to underscore the distinction between copying and theft. Stealing an item deprives the rightful owner of that item, while making a copy of the item leaves the item from which the copy was made. The fact that copying is not theft does not necessarily make copying legally or morally right or defensible. But even when copying is unlawful, it is not theft. Particularly in the digital age, this distinction is often meaningful.

(DE# 53-3 at 27 n. 3.)

In reality, moreover, reviewing the Masnick Report makes it clear that his relevant opinions regarding the Copying Is Not Theft t-shirt relate not to the slogan or any underlying theory, legal or otherwise, but to his expertise with content moderation – drawing, in this particular instance, on his misfortune at being *improperly* moderated by an overbroad moderator. *See id.*, ¶¶ 67-70. Even the quoted discussion of the theory underlying the slogan is merely a footnote to avoid confusion of the type that Plaintiff's motion spreads here.

There is no threat that Mr. Masnick's testimony will mislead the jury; the jury will simply assess the weight the weight to be given to his testimony. Based on the above, Mr. Masnick's opinions should not be excluded pursuant to FRE 403(b).

**E. Mr. Masnick's Rebuttal Opinions Do Not Advance Legal Opinions or Attempt to Usurp the Province of the Judge**

Mr. Masnick does not offer a single legal opinion in his report. The opinions referenced by the Plaintiff in its argument are opinions based on facts within Mr.

8

Masnick's expertise and experience. The legal standards at issue in this case, including the standard for trademark infringement and trademark counterfeiting, are not implicated by the opinions cited by Plaintiff in its brief. (Dkt. No. 53, 10:8-16.) These opinions represent Mr. Masnick's understanding of the fact that Redbubble's content moderation guidelines – like those of other marketplaces – are based on law, including the safe harbor provisions of the Digital Millennium Copyright Act and case law. As the editor of a website and expert on content moderation issues, he is qualified to opine on those facts and it does not "usurp" any of the power of the Court for him to do so, any more than a police officer opining on whether someone was driving recklessly might.

The very portions of the Masnick Report that Plaintiff quotes establish that there is no risk of "usurpation" here. Testimony that "while many e-commerce websites do not do any proactive policing, Redbubble appears to go beyond what the law requires in removing infringing content by setting up and operating an effort to be more proactive," not only properly focuses on industry practices, but explicitly expresses uncertainty about the legal requirements: "Redbubble *appears* to go beyond what the law requires." (DE# 53 at 10.) Testimony that "many websites rely on court decisions such as those in Perfect 10 v. ccBill regarding the requirement to have rightsholders provider [*sic*; provide] specific locations for where to look for the products they allege are infringing," similarly speaks to industry practice in response to the law, not the law itself. (*Id.*) Moreover, even were these discrete statements improper, the appropriate remedy would be to bar Mr. Masnick from testifying about a legal conclusion, not to bar his testimony entirely.

///
///
///
///

9

## III. CONCLUSION

As set forth above, this Court should not exclude expert testimony by Michael Masnick.

Dated: June 5, 2020

Respectfully submitted,

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
ZACHARY S. DAVIDSON

By: */s/ Joshua M. Masur*
    Joshua M. Masur
    Attorneys for Defendant
    REDBUBBLE INC.