BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EXPERT OPINIONS OF JAMIE GOLDBERG GERSON**<br><br>*[Filed Concurrently with Declaration of Keith J. Wesley; [Proposed] Order]*<br><br>Date:    June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:                   June 30, 2020 |

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | ARGUMENT | 3 |
|   | A. The Gerson Report Complies With Rule 26. | 3 |
|   | B. Ms. Gerson's Opinions Satisfy *Daubert* and Are Admissible. | 4 |
|   |    1. The *Daubert* Standard Is Applied Liberally and Flexibly. | 4 |
|   |    2. Ms. Gerson's Expert Opinions Are Relevant. | 6 |
|   |    3. Ms. Gerson's Expert Opinions Are Based on Sufficient Facts and Data. | 7 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
  738 F.3d 960 (9th Cir. 2013) ................................................................................ 6

*Bergen v. F/V St. Patrick*,
  816 F.2d 1345 (9th Cir. 1987) .............................................................................. 8

*Bourjaily v. U.S.*,
  483 U.S. 171 (1987) .............................................................................................. 5

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..................................................................................... 4, 5, 9

*Davis v. Davison Hotel Co., LLC*,
  No. 12-cv-6327, 2013 WL 3337669 (C.D. Cal. July 1, 2013) ............................ 11

*EcoServices, LLC v. Certified Aviation Servs., LLC*,
  312 F. Supp. 3d 830 (C.D. Cal. 2019) ................................................................ 10

*Greyhound Lines Inc. v. Viad Corp.*,
  No. 15-cv-1820, 2016 WL 6577060 (D. Ariz. Nov. 7, 2016) ............................... 3

*Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*,
  955 F.2d 1143 (7th Cir. 1992) .............................................................................. 6

*Hartley v. Dillard's, Inc.*,
  310 F.3d 1054 (8th Cir. 2002) .............................................................................. 8

*IGT v. Alliance Gaming Corp.*,
  No. 04-cv-1676, 2008 WL 11450856 (D. Nev. Oct. 21, 2008) ............................ 1

*In re Paolli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ................................................................................... 5

*Kannankeril v. Terminix Int'l, Inc.*,
  128 F.3d 802 (3d Cir. 1997) ................................................................................. 8

*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999) .............................................................................................. 5

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Lass v. Cty. of Orange*,
   No. 08-cv-1132, 2010 WL 11561183 (C.D. Cal. Sept. 17, 2010) ........................ 3

*Lewert v. Boiron, Inc.*,
   212 F. Supp. 3d 917 (C.D. Cal. 2016) ................................................................ 11

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
   658 F.3d 936 (9th Cir. 2011) ................................................................................ 6

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) ..................................................................... 5, 9, 10

*Stone Brewing Co., LLC v. Millercoors LLC*,
   No. 18-cv-331, 2020 WL 907060 (S.D. Cal. Feb. 25, 2020) ....................... 5, 6, 7

*U.S. v. 14.38 Acres of Land*,
   80 F.3d 1074 (5th Cir. 1996) ................................................................................ 9

*U.S. v. 17.69 Acres of Land*,
   No. 99-cv-1248, 2004 WL 5632928 (S.D. Cal. Dec. 20, 2004) .............. 1, 2, 8, 11

*U.S. v. Heller*,
   551 F.3d 1108 (9th Cir. 2009) .............................................................................. 2

*U.S. v. St. Luke's Regional Medical Center, Ltd.*,
   No. 06-cv-498, 2011 WL 13327343 (D. Idaho Feb. 7, 2011) .............................. 4

*Wang v. Chinese Daily News, Inc.*,
   No. 04-cv-1498, 2007 WL 4355187 (C.D. Cal. Aug. 3, 2007) ............................ 8

**RULES**

Fed. R. Civ. P. 26 ............................................................................................... 1, 3, 4, 10

Fed. R. Civ. P. 26(a)(2)(B)(ii) ..................................................................................... 3, 4

Fed. R. Civ. P. 26(b)(4)(A) ............................................................................................. 4

Fed. R. Civ. P. 37 .......................................................................................................... 11

Fed. R. Evid. 401 ............................................................................................................ 7

## TABLE OF AUTHORITIES
### (Continued)

**Page**

Fed. R. Evid. 702 ................................................................................................... 5

## I. INTRODUCTION

Defendant Redbubble, Inc. improperly seeks to exclude *in limine* the admissible testimony of Plaintiff's only expert, Ms. Jamie Gerson, based on a series of overlapping grounds that lack merit because they misrepresent the law, misconstrue Ms. Gerson's expert report, and concern the weight—not the admissibility—of her testimony. Nearly all of Defendant's arguments are rooted in its failure to seek any discovery about or from Ms. Gerson. Defendant did not serve Plaintiff or Ms. Gerson with a subpoena, deposition notice, or requests for production related to Ms. Gerson's report, opinions, or testimony; and Defendant did not file any motions to compel or obtain any court orders regarding the same. This is fatal to Defendant's Motion *in Limine* No. 1 (Dkt. No. 55; the "Motion"), as "[a] motion *in limine* should not be used as a corrective tool when a party has failed to bring a motion to compel" or even serve discovery requests in the first place. *IGT v. Alliance Gaming Corp.*, No. 04-cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008).

Ms. Gerson's expert report complies with Rule 26. It identifies the documents, facts, and data that she considered to formulate her opinions, including Plaintiff-specific documents that Defendant produced and data regarding Defendant and other similarly situated companies. Defendant's arguments for exclusion conflate disclosure with production—something Defendant never requested.

Ms. Gerson's opinions are also admissible because they are relevant to several issues in this case, including Defendant's liability for contributory trademark infringement, and they are based on sufficient facts and data. Defendant's gripes regarding the evidence Ms. Gerson considered and relied on to formulate her opinions are not grounds for exclusion. Such arguments concern weight and credibility, not admissibility, and should be subjected to cross-examination for the jury's consideration. *E.g., U.S. v. 17.69 Acres of Land*, No. 99-cv-1248, 2004 WL 5632928, at *1 (S.D. Cal. Dec. 20, 2004). But first, Ms. Gerson must have the opportunity to

testify before the jury. The Motion should be denied.[1]

## II. STATEMENT OF FACTS

Ms. Jamie Gerson is Plaintiff's testifying expert, whom Plaintiff timely disclosed on April 1, 2020. (*See* Dkt. No. 55-1 ¶ 2; Dkt. No. 55-2.) Ms. Gerson has extensive experience in the space of online brand protection and the infringement of intellectual property rights in the print-on-demand arena. (*See* Dkt. No. 55-2 at 1-10.) After considering several dozens of documents that Defendant produced, the pleadings, analytical data that Ms. Gerson described in her report, and her industry experience, Ms. Gerson opines in the Gerson Report that Defendant's policing for intellectual property infringement is among the worst. (*Id.* at 7-11.)

Defendant never served Plaintiff or Ms. Gerson with a subpoena, notice of deposition, or request for production of documents regarding her expert report, opinions, or testimony. (Declaration of Keith J. Wesley, concurrently filed, ("Wesley Dec.") ¶ 2.) Defendant also never sought, moved to compel, or obtained a court order regarding the analytical data Ms. Gerson considered to formulate her opinions. (*Id.*)

On May 1, 2020, Defendant served the Rebuttal Expert Report of Michael Masnick (the "Mansick Report").[2] (Dkt. No. 55-2 ¶ 3; Dkt. No. 55-3.) Not all of the documents in the Mansick Report were identified with particularity. For instance, Mr. Masnick considered unidentified "[p]ortions of Redbubble's summary judgment briefing and factual declarations" in two other "cases" without providing, *inter alia*, a case number or court name. (Dkt. No. 55-3 at 3.) Neither Defendant nor

---

[1] The Motion also improperly asks this Court to disregard Ms. Gerson's testimony "in connection with the summary judgment motions in this case." (Dkt. No. 55 at 3.) Such argument should have been made in connection with the summary judgment motions, not in a motion *in limine*. A motion *in limine* is a pre-trial motion concerning the admissibility of evidence "before attempted use of the evidence before the jury," *U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009), not summary judgment.

[2] Defendant disclosed this same expert in another matter that asserted trademark and copyright claims against Defendant. (*See* Dkt. No. 53-1 ¶ 3.)

Mr. Masnick produced to Plaintiff a copy of any of the filings, documents, or websites that are referenced or cited in the Mansick Report. (Wesley Dec. ¶ 3.)

## III. ARGUMENT

The Motion does not challenge Ms. Gerson's qualifications; it only challenges the disclosures in her report, the relevance of her opinions, and the sufficiency of the data underlying her opinions. (*See generally* Dkt. No. 55.) None of these is grounds for excluding Ms. Gerson's testimony. The Gerson Report complies with Federal Rule of Civil Procedure 26. Also, Ms. Gerson's opinions are relevant to the issues in this case and are based on more than sufficient facts and data. Defendant's meritless arguments to the contrary are rooted in misrepresentations of Ms. Gerson's opinions and Defendant's failures to seek discovery. The Motion should be denied.

### A. The Gerson Report Complies With Rule 26.

Defendant's argument that Ms. Gerson did not comply with Rule 26(a)(2)(B)(ii) fails to understand the difference between disclosure and production. (Dkt. No. 55 at 5-6, 8-11.) Rule 26(a)(2)(B)(ii) provides that an expert's report must contain "the facts or data considered by the witness in forming [the expert's opinions]." Ms. Gerson's report complied with this requirement: it identifies the dozens of (Defendant-produced) documents on which she relies by Bates numbers, the remaining documents by title, and the analytical data through comprehensive descriptions. (Dkt. No. 55-2 ¶¶ 20-22.) *See Greyhound Lines Inc. v. Viad Corp.*, No. 15-cv-1820, 2016 WL 6577060, at *1 (D. Ariz. Nov. 7, 2016) (expert report adequately disclosed documents by identifying them). Indeed, the Motion concedes that the Gerson Report "list[ed]" the documents and data she considered. (Dkt. No. 55 at 5.)

Nevertheless, Defendant incorrectly claims—without citation to any case law—that Ms. Gerson should be excluded because she did not produce her data to Defendant. (Dkt. No. 55 at 5-6, 8-11.) But that is not what Rule 26(a)(2)(B)(ii) requires. *E.g.*, *Lass v. Cty. of Orange*, No. 08-cv-1132, 2010 WL 11561183, at *3

(C.D. Cal. Sept. 17, 2010) ("[T]he Court finds that just as Rule 26(a)(2)(B)(ii) requires, the [Expert] Report identified the documents upon which he relied. There is no obligation as part of expert disclosures to produce, rather than identify, the materials upon which the expert has relied. . . . Had [the opposing party] wished to examine on those documents, he could have requested production.").[3] Defendant could have deposed Ms. Gerson, *e.g.*, Fed. R. Civ. P. 26(b)(4)(A), and could have requested production of this data. But Defendant never sought to depose Ms. Gerson or to seek documents, data, or materials from her or Plaintiff about her opinions, report, or testimony. Defendant also never sought to meet and confer with Plaintiff regarding Ms. Gerson's opinions, never filed a motion to compel, and never obtained a court order regarding her report or opinions.[4] (Wesley Dec. ¶ 2.) Accordingly, Defendant's argument merely amounts to Defendant complaining that it sat on its own hands and did not receive discovery that it never requested in the first place. This is not a basis for excluding Ms. Gerson.

### B. Ms. Gerson's Opinions Satisfy *Daubert* and Are Admissible.

The opinions of Ms. Gerson, whose qualifications Defendant does not deny, also satisfy *Daubert* because, contrary to Defendant's narrow arguments, they are relevant and based on sufficient facts and data.

#### 1. The *Daubert* Standard Is Applied Liberally and Flexibly.

Expert testimony is liberally admissible under the Federal Rules of Evidence.

---

[3] *See also U.S. v. St. Luke's Regional Medical Center, Ltd.*, No. 06-cv-498, 2011 WL 13327343, at *9 (D. Idaho Feb. 7, 2011) (denying motion to strike expert report where expert had "not produced all the 'work papers' considered"; "While the Court finds that [expert's] report need not be accompanied by all materials considered by its experts separate from the report itself under Rule 26(a)(2)(B)(ii), this does not mean that such materials are not discoverable under other provisions of the rule. Rule 26 expressly indicates otherwise.").

[4] Defendant, likewise, never produced a copy of the documents identified in the Masnick Report (Wesley Dec. ¶ 3); and, unlike Ms. Gerson, Mr. Masnick refused to sit for deposition (Dkt. No. 53-1 ¶¶ 6-8).

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993) (confirming "the 'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to 'opinion' testimony'"). Although the proponent of expert testimony bears the burden of establishing the testimony's admissibility by a preponderance of the evidence, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note (noting the *Daubert* standard "is not intended to provide an excuse for an automatic challenge to the testimony of every expert"); *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987). If an expert satisfies the qualifications of Rule 702, the expert has "wide latitude to offer opinions." *Daubert*, 509 U.S. at 592; *see also In re Paolli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994) (proponent "does not have to demonstrate to the judge by a preponderance of evidence that their expert is correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable").

Federal Rule of Evidence 702[5] affords courts wide latitude to admit expert testimony that is both relevant and reliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 588-89. "'Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" *Stone Brewing Co., LLC v. Millercoors LLC*, No. 18-cv-331, 2020 WL 907060, at *2 (S.D. Cal. Feb. 25, 2020) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)) (denying motions to preclude trademark experts).

---

[5] "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

"The judge is 'to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable.'" *Id.* (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). Even "[s]haky but admissible evidence," which is not at issue here, "is to be attacked by cross-examination, contrary evidence, and careful instruction on the burden of proof, not exclusion." *Id.*

### 2. Ms. Gerson's Expert Opinions Are Relevant.

Defendant disingenuously claims Ms. Gerson's expert opinions regarding infringement on the Redbubble website and Redbubble's lack of policing are "not relevant." (Dkt. No. 55 at 4-5.) But Defendant's filings and its own expert's report show otherwise. In its motion for summary judgment, Defendant repeatedly referenced its "proactive policing efforts." (*E.g.*, Dkt. No. 40 at 6-7, 9, 14-15; Dkt. No. 47-2 at 3, 4, 11, 12.) These references were not limited to counterfeits of Brandy Melville products that Defendant advertised, offered to sell, and sold. (*Id.*) Further, the opinions in the Masnick Report are not specific to Brandy Melville. (*See* Dkt. No. 55-3.) Defendant cannot seek to exclude Ms. Gerson's testimony as "irrelevant" simply because it undermines what Defendant appears to have made its primary defense. To the contrary, Defendant's contention demonstrates just how relevant Ms. Gerson's opinions are.

Moreover, Ms. Gerson's opinions are relevant to, *inter alia*, Plaintiff's claim of contributory trademark infringement. Defendant is contributorily liable because it "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement" and it "had '[d]irect control and monitoring of the instrumentality used by a third party to infringe' [Plaintiff's] marks." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 942-43 (9th Cir. 2011). "'[W]illful blindness is equivalent to actual knowledge for purposes of the Lanham Act.'" *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992). Ms. Gerson's testimony makes it more probable that Defendant

knew or had reason to know that its website is used to infringe and counterfeit products, including Brandy Melville products. *Stone Brewing*, 2020 WL 907060, at *2; Fed. R. Evid. 401. For example, Ms. Gerson will testify that Defendant takes longer to respond to takedown notices, repeatedly violates intellectual property rights, and refuses to take measures to stop infringement that similarly situated companies have implemented. (Dkt. No. 55-2 at 12-15.)

Ms. Gerson's expert opinions also demonstrate that Defendant has direct control and monitoring of its website but refuses to stop its infringement and counterfeiting. Redbubble has, *inter alia*, received takedown notices, but "continues to launch the same or new products and infringe the same brand over and over again." (Dkt. No. 55-2 at 14.) Indeed, Redbubble has repeatedly done this to Plaintiff. (*E.g.*, Dkt. No. 40-15; Dkt. No. 82.)

Accordingly, Ms. Gerson's opinions satisfy the minimal "relevance" requirements. To the extent Defendant claims this admissible testimony is shaky, it can attack Ms. Gerson's opinions at trial "by cross-examination, contrary evidence, and careful instruction on the burden of proof, [but] not exclusion." *Stone Brewing*, 2020 WL 907060, at *2.

### 3. Ms. Gerson's Expert Opinions Are Based on Sufficient Facts and Data.

The balance of Defendant's arguments are meritless contentions that Ms. Gerson's expert opinions should be excluded because they are not based on sufficient facts and data. These arguments fail for two reasons.

*First*, Ms. Gerson reviewed and considered more than sufficient information to formulate her opinions. As disclosed in the Gerson Report, Ms. Gerson considered the pleadings, 45 documents produced by Defendant, over 250,000 analytical data points regarding Defendant and other similarly situated companies, and her own experience. (Dkt. No. 55-2 ¶¶ 20-24.) The Defendant-produced documents she considered included Redbubble's internal and external documents specifically related

to:  Plaintiff and Plaintiff's intellectual property, including trademarks that are at issue in this litigation (*e.g.*, RBBM016865, RBBM066611, RBBM066617); Defendant's internal intellectual property policies and presentations regarding, *inter alia*, account abuse, intellectual property infringement, account suspension, and deliberate misuse (*e.g.*, RBBM214194, RBBM214209, RBBM214293); and Defendant's public and external disclosures and policies regarding, *inter alia*, intellectual property rights, trademarks, infringement, and reporting and responding to violations of intellectual property rights (*e.g.*, RBBM214322, RBBM214335, RBBM214881).  These facts and data are sufficient for Ms. Gerson to provide her opinions.  "Unless the expert's opinion is in the realm of mere speculation or guesswork[,] the expert should be allowed to testify and should be subjected to cross-examination for the jury's consideration.  An expert's opinion should not be excluded as speculative unless it is so fundamentally unsupported that it can offer no assistance to the jury."  *17.69 Acres*, 2004 WL 5632928, at *1 (internal citations and quotations omitted).  Defendant has not claimed Ms. Gerson's opinions are mere speculation or guesswork, nor could it.

Defendant's only response is that there are even more documents Ms. Gerson could have considered. (Dkt. No. 55 at 6-8.)  These arguments go to the weight of her opinions—to be subject to cross-examination and resolved by the fact finder—not to their admissibility.  "The relative weakness or strength of the factual underpinnings of the expert's opinion goes to weight and credibility, rather than admissibility."  *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 n.5 (9th Cir. 1987); *see also Wang v. Chinese Daily News, Inc.*, No. 04-cv-1498, 2007 WL 4355187, at *1 (C.D. Cal. Aug. 3, 2007) ("questions relating to the bases and sources of an expert's opinion affect the weight of the expert's opinion").[6]  Accordingly, the Supreme Court advised that

---

[6] *See also Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807, 809 (3d Cir. 1997) (reversing exclusion of expert based on "insufficient factual foundation" and cautioning that "trial judge must be careful not to mistake credibility questions for admissibility questions"); *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir.

"[v]igorous examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

And, in any event, the Motion fails to demonstrate how any of these additional facts would have impacted Ms. Gerson's opinions. For example, Ms. Gerson's opinion that "Redbubble does not proactively remove designs" is entirely consistent with, *inter alia*, Defendant's publicly disclosed policy that Ms. Gerson considered: "It is Redbubble's policy to remove allegedly infringing works in response to valid complaints under applicable law, but content is only removed when it has been specifically identified as infringing in a legally valid takedown notice. **We generally don't go looking for similar works to remove from the marketplace**." (Emphasis added.)[7] Defendant does not identify any testimony from Mr. James Toy or Ms. Jenny Greenhough about Defendant averring false information to the public, its users, and its customers about Defendant's policies or others' intellectual property rights. Indeed, Defendant continues to represent this on its website. (*Id.*) And, contrary to Defendant's claim, Ms. Gerson can rely on, *inter alia*, her experience to opine that Defendant's intellectual property policing falls below the industry standard. *E.g.*, *Primiano*, 598 F.3d at 565-66 (recognizing that courts, including the Ninth Circuit, allow experts to offer opinions based on their experience) (collecting cases). Notably, Defendant does not challenge Ms. Gerson's qualifications or experience.

---

2002) ("'As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.'"); *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.").

[7] (Dkt. No. 36-74 (RBBM214322); *see also* Redbubble, *My Work Was Removed*, https://help.redbubble.com/hc/en-us/articles/211726403 (accessed June 3, 2020).)

(*See generally* Dkt. No. 55.)

**Second**, Defendant's disagreements with what it refers to as the "Average Turnaround Time" and "Serial Violator" opinions cannot be a basis for excluding Ms. Gerson's testimony. These opinions are sufficiently based on facts and data that were disclosed to Defendant in compliance with Rule 26.

The "Average Turnaround Time" opinion concerns Defendant's average response time to remove a product reported by an intellectual property rights owner. (Dkt. No. 55-2 at 12-13.) The Motion disingenuously misrepresents Ms. Gerson's opinions: Defendant conflates "listings" with "products" (*compare* Dkt. No. 55-2 ¶ 24 *with id.* ¶ 29), interjects an arbitrary "April 2019" temporal limitation, and incorrectly contends that an expert opinion cannot be based on a sample size, *cf. EcoServices, LLC v. Certified Aviation Servs., LLC*, 312 F. Supp. 3d 830, 840 n.10 (C.D. Cal. 2019) (denying motion to exclude expert opinion that argued expert's "limited sampling is unreliable"). (Dkt. No. 55 at 9.) Defendant also claims websites are "similar" for purposes of this case only if they receive the same amount of U.S. web traffic (*id.* at 9-10); but based on this absurd metric, Defendant would have this Court believe Wikipedia (the online encyclopedia) and PornHub (a pornographic website) are "similar" because they are the 8th and 9th most popular websites, respectively.[8]

But even under Defendant's misreading, Ms. Gerson's opinion is properly rooted in her experience. *E.g.*, *Primiano*, 598 F.3d at 565-66 (recognizing that courts, including the Ninth Circuit, allow experts to offer opinions based on their experience) (collecting cases). Indeed, she specifically references her experience in Paragraph 32 of the Gerson Report. Ms. Gerson's opinion also relies on several thousands of data points regarding Defendant that she analyzed and compared to Defendant's peers. (Dkt. No. 55-2 at 12-13.) This far exceeds the "mere speculation or guesswork"

---

[8] (SimilarWeb, *Top Websites Ranking*, https://www.similarweb.com/top-websites/united-states, accessed June 5, 2020.)

standard necessary to be presented to the jury. *17.69 Acres*, 2004 WL 5632928, at *1.

The "Serial Violator" opinion concerns Defendant allowing repeat violations of intellectual property rights. (Dkt. No. 55-2 at 13-14.) Defendant misrepresents this opinion too. (Dkt. No. 55 at 10-11.) Paragraph 35 does not state, as Defendant claims, that "75% of the sellers reported by her clients . . . were banned after a single violation." (*Id.* at 10.) In fact, the word "banned" is nowhere in that paragraph. Instead, Ms. Gerson explains that over 1,000 Redbubble users were repeat infringers of her clients' intellectual property rights. (Dkt. No. 55-2 at 14.) Redbubble could have continued to sell infringing designs solicited from the other 3,000+ users that violated others' intellectual property rights. (*Id.*) Paragraph 36 details whether and to what extent Defendant suspends repeat infringers—the Motion fails to articulate any criticism of this data—and Paragraph 37 summarizes Ms. Gerson's admissible opinions and testimony.

Because this opinion is based on Ms. Gerson's analysis of several thousands of data points (Dkt. No. 55-2 at 14), it is not "so fundamentally unsupported that it can offer no assistance to the jury." *17.69 Acres*, 2004 WL 5632928, at *1. Ms. Gerson's testimony should, therefore, not be excluded.[9]

/ / /

/ / /

---

[9] Defendant further claims Federal Rule of Civil Procedure 37 warrants exclusion of Ms. Gerson's opinions (Dkt. No. 55 at 5), but Defendant does not even attempt to analyze or prove any of the Rule 37 factors that courts use to assess whether to exclude evidence. *E.g.*, *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *1 (C.D. Cal. July 1, 2013) (collecting cases). Even if exclusion were appropriate (it is not), "wholesale exclusion of [Ms. Gerson's] testimony is not required" or warranted. *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 932 (C.D. Cal. 2016). Ms. Gerson is Plaintiff's *only* expert, and the Court "would severely prejudice Plaintiff and controvert the public policy favoring deposition of cases on their merits" if it were to exclude Ms. Gerson. *Id.*

## IV. CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court deny the Motion and Defendant's improper request to exclude relevant and admissible evidence at trial.

DATED: June 5, 2020

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Ryan Q. Keech
  Jason Y. Kelly

By: */s/ Keith J. Wesley*
       Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville