BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE FOREIGN LAWSUITS**<br><br>*[Filed Concurrently with [Proposed] Order]*<br><br>Date:   June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:   June 30, 2020 |

1564607

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE FOREIGN LAWSUITS

## I. INTRODUCTION

For no reason other than it dislikes what the decisions say, Defendant Redbubble, Inc. improperly seeks to preclude **all** mention of two highly relevant decisions by the Federal Court of Australia regarding Defendant's business practices. In Motion *in Limine* No. 2 (the "Motion"; Dkt. No. 56), Defendant denigrates the Australian judicial system and falsely asserts that there can be **no** mention of these decisions that is not either inadmissible hearsay or unfairly prejudicial. But that is simply not true. These decisions can, and will, be mentioned during trial without in any way violating the rule against hearsay and without unfairly prejudicing Defendant. As but one example, the decisions are evidence of Defendant's knowledge about its counterfeiting and infringement, as well as the absence of Defendant's mistake. This Court should deny the Motion's invitation to categorically exclude all mention of these highly relevant decisions.

## II. STATEMENT OF FACTS

On December 17, 2017, the Federal Court of Australia decided *Pokémon Co., Int'l, Inc. v. Redbubble Ltd.*, [2017] FCA 1541. (Dkt. No. 36-4). The court held that Defendant was liable for infringement of Pokémon's intellectual property rights. (*See* Dkt. No. 36-1, ¶ 129.) And on March 15, 2019, that same court decided *Hells Angels Motorcycle Corporation (Australia) Pty Limited v Redbubble Limited* [2019] FCA 355. (Dkt. No. 36-3.) There, the court held that Defendant violated the trademark holder's intellectual property rights and found that Defendant "has a detailed business model in which it derives revenue from each transaction and controls every step of the transactional engagement between [a user] and a buyer." (Dkt. No. 36-1, ¶ 130.) These cases (collectively, the "Australian Decisions") are the subject of pending Requests for Judicial Notice. (Dkt. No. 36-2; Dkt. No. 45-2.)

## III. ARGUMENT

Defendant seeks to exclude the Australian Decisions on two grounds: (1) hearsay under Federal Rule of Evidence 801(c), and (2) unfair prejudice under

1564607                                              -1-                          Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE FOREIGN LAWSUITS

Rule 403.  (Dkt. No. 56 at 2.)  Neither argument has merit.

## A. The Australian Decisions Are Not Hearsay

It is flatly not true, as Defendant asserts, that all mention of the Australian Decisions amounts to inadmissible hearsay.  For instance, evidence of the Australian Decisions is not hearsay if it is admitted for purposes other than "to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Here, Plaintiff does not intend to introduce the Australian Decisions for the truth of the matters asserted.  Instead, they are evidence of, *inter alia*, notice as well as Defendant's knowledge, state of mind, and absence of mistake.  And even were that not the case, the Australian Decisions would still be admissible under the public records exception to the hearsay rule.  *See* Fed. R. Evid. 803(8); *see also U.S. v. Garland*, 991 F.2d 328, 335 (6th Cir. 1993) (judgment of Ghanaian court should be admitted into evidence: "As with records falling under the public records exception, a foreign judgment that shows no sign of being unreliable should be admitted.").

The Australian Decisions make clear that Defendant is well aware that it routinely sells counterfeit products.  (*E.g.*, Dkt. No. 36 at 2; Dkt. No. 36-1 ¶¶ 129-30.)  They also reveal Defendant's state of mind, demonstrating that it purposefully designed its business model and software to "automatically" infringe and counterfeit trademarks; this was no mistake.  The lack of mistake is particularly relevant to demonstrating Defendant's willful blindness to the infringement on its website, which "is equivalent to actual knowledge for purposes of the Lanham Act." *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992).  This is also relevant to Plaintiff's claim of punitive damages and the amount of statutory damages that should be awarded.  Indeed, Defendant knows that advertising, offering to sell, and selling infringing and counterfeit goods on its website are the intended consequences of its business model.

/ / /

/ / /

1564607

-2-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RE FOREIGN LAWSUITS

### B. The Australian Decisions Are Not Unfairly Prejudicial

Defendant also does not meet its burden of showing that Federal Rule of Evidence 403 requires exclusion of all mention of the Australian Decisions. Indeed, "[s]ince application of Rule 403 leads to the exclusion of relevant evidence, it is 'an extraordinary remedy to be used sparingly.'" *Davis v. Davidson Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *3 (C.D. Cal. July 1, 2013) (quoting *U.S. v. Patterson*, 819 F.3d 1495, 1505 (9th Cir.1987)); *see also U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("The application of Rule 403 must be cautious and sparing."). Putting aside the hypocrisy of Defendant's position in light of its heavy reliance on the decision in *The Ohio State University v. Redbubble, Inc.*, No. 2:17-cv-1092 (S.D. Ohio), the unfair prejudice standard is far from satisfied here: the Supreme Court has long recognized the admissibility of foreign decisions. "[J]udgments rendered in . . . any other foreign country . . . are *prima facie* evidence . . . of the plaintiffs' claim." *Hilton v. Guyot*, 159 U.S. 113, 227 (1895); *see also Cerner Middle E. Ltd. v. iCapital, LLC*, 939 F.3d 1016, 1024 (9th Cir. 2019) (recognizing that *Hilton* holds "that foreign decisions should be accorded deference unless an underlying issue renders the judgment suspect"). And courts have recognized that a foreign decision is relevant in a trademark case "depend[ing] on the purpose for which it is offered." *Otokoyama Co. Ltd. v. Wine of Japan Imp., Inc.*, 175 F.3d 266, 272-73 (2d Cir. 1999) (disagreeing with district court's decision that the Japanese Patent Office's ruling about trademark rights "was irrelevant"). Notably, Defendant fails to articulate any argument that the Australian Decisions are suspect or irrelevant.

Instead, Defendant relies on *U.S. v. Sine*, 493 F.3d 1021 (9th Cir. 2007), which is inapposite. In *Sine*, the parties involved in the earlier court decision were relevant to the defendant's prosecution. In contrast, the plaintiffs in the Australian Decisions are irrelevant here, and Plaintiff was irrelevant to the Australian Decisions. Defendant, therefore, cannot be unfairly prejudiced because Plaintiff was not involved in the Australian Decisions.

At the same time, the probative value of the Australian Decisions is high, as they are relevant to, *inter alia*, Defendant's knowledge, willful blindness, and lack of mistake with respect to Defendant's sale of counterfeit and infringing products. Indeed, it cannot go unnoticed that Defendant has repeatedly cited and quoted other cases and decisions in filings related to the parties' motions for summary judgment that it believes favorably characterize Defendant's business model (*e.g.*, Dkt. No. 40 at 1, 12-13, 20), but then Defendant claims "unfair prejudice" with respect to other decisions. Defendant cannot have it both ways.

This Court should not categorically exclude all mention of such fair, relevant, and admissible evidence. Indeed, such exclusion of evidence is disfavored. *See, e.g.*, *In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litig.*, 181 F. Supp. 3d 278, 306-07 (E.D. Pa. 2016) (denying motion *in limine* to exclude evidence of "regulatory actions taken in countries outside the U.S." under Rules 401 to 403 because the "context and content of the evidence" is necessary to determine whether admission "would be appropriate"); *Hall v. Boston Scientific Corp.*, No. 12-cv-8186, 2015 WL 856786, at *4 (S.D. W.Va. Feb. 27, 2015) (denying motion *in limine* to "exclude any evidence concerning foreign regulatory actions" because "evidentiary ruling on this issue depends on the particular content of the evidence and argument"); *Wise v. C.R. Bard, Inc.*, No. 12-cv-1378, 2015 WL 541933, at *8 (S.D. W.Va. Feb. 10, 2015) (denying motion *in limine* "to exclude 'evidence of foreign regulatory action'" because "a blanket exclusion of such evidence, argument, or testimony would be premature" where "[a]n evidentiary ruling on this issue depends on the particular content of the evidence and argument, and the context in which the party seeks to introduce it"); *Tyree v. Boston Scientific Corp.*, No. 12-cv-8633, 2014 WL 5445769, at *4 (S.D. W.Va. Oct. 22, 2014) (denying motion *in limine* to exclude foreign actions because granting such motion would be "premature").

Exclusion is particularly disfavored here because the American and Australian judicial systems are so similar. Like America's founding, "the English settlers in

Australia brought with them the English common law." Ron McCallum, *Convergences and/or Divergences of Labor Law Systems: The View From Australia*, 28 COMP. LAB. L. & POL'Y J. 455, 457 (2007). And recently, legal scholars concluded that "the two [countries] having the most similar constitutions are, arguably, Australia and the United States" in large part because the "Australians modeled their 1902 constitution on the American example." Nicholas Aroney & John Kincaid, *Comparing Australian and American Federal Jurisprudence*, VOLOKH CONSPIRACY (May 12, 2017), https://www.washingtonpost.com/news/volokh-conspiracy/wp/2017/05/12/comparing-australian-and-american-federal-jurisprudence/. In this context, the Australian Decisions cannot be excluded outright.

## IV. CONCLUSION

Accordingly. Redbubble's Motion *in Limine* No. 2 should be denied in its entirety.

DATED: June 5, 2020

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Ryan Q. Keech
  Jason Y. Kelly

By: */s/ Keith J. Wesley*
  Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville