BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF DAMAGES**<br><br>*[Filed Concurrently with Declaration of Jason Y. Kelly;[Proposed] Order]*<br><br>Date:   June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:   June 15, 2020<br>Trial Date:             June 30, 2020 |

1564615

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF DAMAGES

## I. INTRODUCTION

Motion *in Limine* No. 3 (Dkt. No. 57; the "Motion"), which demands that the Court "**preclude [Plaintiff] from seeking damages in this case**" (*id.* at 5) (emphasis added), is an improper attempt to wipe out all evidence and argument of damages at trial. There is no factual or legal basis to grant the Motion's extreme and overbroad request—let alone in the context of a motion *in limine*—that, if granted, would be tantamount to dismissing this action.

The record confirms that Plaintiff has not sandbagged or prejudiced Defendant by wrongfully withholding relevant damages information. Any gripe Defendant may have in this case is the consequence of Defendant's own decision to sit on its hands, including by failing to respond to Plaintiff's offer to meet and confer regarding damages discovery for **nearly three months**. Moreover, Plaintiff did not withhold discovery related to the damages that it seeks in this case: statutory damages, Defendant's profits, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

There also is no legal basis for Defendant's sweeping ask. Defendant never moved to compel damages discovery, and the only case it relies on in the Motion concerns damages categories that Plaintiff does not seek in this case. And Defendant does not even attempt to perform the necessary Rule 37 analysis; had Defendant done so, it would have recognized that its Motion is baseless. This Court should deny the Motion.

## II. STATEMENT OF FACTS

### A. Plaintiff's Initial Disclosures

Plaintiff served its Initial Disclosures on October 11, 2019, representing that its damages consist of, *inter alia*, "statutory damages," "all profits earned by Defendant from its infringing acts," "punitive damages," "pre- and post-judgment interest," and "attorneys' fees and costs of suit." (Dkt. No. 57-2 at 2-3.) The Initial Disclosures aver that Plaintiff suffered damages in an amount to be determined at trial, and

Plaintiff could not compute the categories of damages so early in this case because the "[i]nformation necessary to compute Plaintiff's damages—including documents reflecting Defendant's sales and profits—is in the possession of Defendant and/or third parties." (*Id.*)  Nevertheless, Plaintiff disclosed that its damages include recovery of "three times Defendant's profits, together with its attorneys' fees, as well as statutory damages of $2 million per registered mark." (*Id.*)

In this case, the only types of monetary damages Plaintiff seeks are statutory damages, all profits earned by Defendant, trebled damages, and punitive damages, as well as interest, attorneys' fees, and costs. (Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, ¶ 2.)

### B. Defendant's Profiting From Its Infringement and Counterfeiting

Even though Plaintiff served its requests for production on October 21, 2019, Defendant did not produce any documents in this case until February 4, 2020. (*Id.* ¶ 3.) Defendant's document production included a spreadsheet that identifies the total amount of "service fees" Defendant collected from its sale of infringing and counterfeit Brandy Melville goods on its website through January 10, 2020. (Dkt. No. 36-71.) Defendant never produced an updated version of this spreadsheet to reflect Defendant's unlawful gains since January 10, 2020. (Kelly Dec. ¶ 4.)

### C. Plaintiff's Discovery Responses and Offer to Meet and Confer

On October 21, 2019, Defendant served Plaintiff with requests for production (*id.* ¶ 5), including Request Nos. 7-9, 12, and 28, which Defendant highlights in the Motion. (Dkt. No. 57 at 3.) Plaintiff responded on November 25, 2019; as to Request Nos. 7-9, 12, and 28—each of which is overbroad and objectionable—Plaintiff responded "that it is willing to meet and confer regarding the scope of Defendant's Request." (Dkt. No. 57-3 at 10-12, 15, 28.) Subject to its objections and requests to meet and confer, Plaintiff produced responsive documents. (Kelly Dec. ¶ 5.)

Thanksgiving, Christmas, Hanukah, New Year's Day, Presidents Day, and Valentine's Day all passed without Defendant responding to Plaintiff's offer to meet

and confer. Not until 8:38 p.m. on Sunday, February 23, 2020—just days before Defendant was scheduled to depose Plaintiff's witnesses on February 27 and 28, 2020—did Defendant respond to Plaintiff's November 25, 2019 offer to meet and confer about Request Nos. 7-9, 12, and 28. (*Id.* ¶¶ 6, 8, Ex. 1.) Per Defendant's request, Plaintiff met and conferred the next day, noting that Defendant "did not take issue with" Plaintiff's responses that were served nearly three months earlier, Plaintiff's offer therein to meet and confer regarding the scope of certain of Defendant's requests, and the nearly 2,400 pages of relevant documents that Plaintiff had already produced. (*See id.* ¶ 7, Ex. 2.) Nevertheless, Plaintiff agreed to produce another 800+ pages of documents that same day. (*Id.*)

On February 27 and 28, 2020, Defendant deposed two of Plaintiff's employees. (*Id.* ¶ 8.) After continued meet-and-confer discussions, Plaintiff produced on March 12, 2020 the financial data that Defendant highlights in the Motion. (*Id.* ¶ 9; Dkt. No. 36-94.) This data reflects four years' worth of Plaintiff's sales information, divided in multiple categories. (Dkt. No. 36-94.)

Despite an April 1, 2020 discovery cut-off that was subsequently continued to April 20, 2020 (Dkt. Nos. 16, 26), Defendants neither moved to compel nor obtained a court order requiring amended or supplemental initial disclosures, amended or supplemental interrogatory responses,[1] or the supplemental production of any documents, including financial documents. (Kelly Dec. ¶ 10.) Defendant also never sought or moved to compel another deposition of Plaintiff or its witnesses, including after Plaintiff made its March 12, 2020 document production. (*Id.*) In fact, only one discovery motion has been filed in this case: Plaintiff's *ex parte* application to compel

---

[1] Separately, Interrogatory No. 9, which Defendant highlights in the Motion, has nothing to do with financial information or damages. (Dkt. No. 57 at 4.) Instead, this interrogatory concerns "communications that You have had with Redbubble relating to any use of any of a Plaintiff Mark by Redbubble, or by others using a Plaintiff Mark on the Redbubble marketplace." (Dkt. No. 57-4 at 14-15.)

Defendant's deposition, which the Court granted. (Dkt. No. 31.)

## III. ARGUMENT

This Court should deny the Motion to exclude evidence and argument of damages pursuant to Federal Rule of Civil Procedure 37 for two separate reasons: (1) Defendant never requested or obtained a court order compelling **any** damages discovery or information; and (2) the Rule 37 factors do not favor exclusion of Plaintiff's evidence and argument of damages.

### A. Defendant Did Not Seek or Obtain an Order Compelling Discovery

The sanction of exclusion is inappropriate when the movant "never moved to compel production of" the discovery and never obtained "a prior court order requiring production" of the discovery. *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013); *see also Dugan v. Cty. of L.A.*, No. 11-cv-8145, 2013 WL 3863979, at *3 (C.D. Cal. July 23, 2013) (denying motion to preclude trial exhibits because "courts have found that 'a prior court order requiring production is [generally] a necessary prerequisite to invoking . . . the sanction of exclusion'").

In *Susilo v. Wells Fargo Bank, N.A.*, No. 11-cv-1814, 2012 WL 12894745 (C.D. Cal. Nov. 26, 2012), the defendants sought to exclude *in limine* "evidence of damages." *Id.* at *1-2. The plaintiff had served initial disclosures that "plainly did not comply with Rule 26(a)," failed to produce any damages documents, and stated in interrogatory responses that its damages calculations relied on expert testimony that admittedly would not be available at trial. *Id.* at *1-2. The court, nevertheless, denied the defendants' motion. "Although defendants are not satisfied with plaintiff's discovery disclosures, and plaintiff's discovery responses may be inadequate, defendants have never moved to compel discovery with respect to plaintiff's damages computation or any other matter." *Id.* at *2. Further, the defendants "offer[ed] no excuse for why they waited until the eve of trial to complain about plaintiff's inadequate initial disclosure." *Id.*; *see also IGT v. Alliance Gaming Corp.*, No. 04-

cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008) ("A motion *in limine* should not be used as a corrective tool when a party has failed to bring a motion to compel."). Because the defendants "fail[ed] to seek other remedies prior to seeking the drastic remedy of exclusion," the *Susilo* court concluded "it would be improper to exclude evidence, especially where granting Defendants' requested relief would leave plaintiff with no evidence of damages." 2012 WL 12894745, at *2 (collecting cases).

The same is true here. Defendant **never** moved to compel **any** discovery—*e.g.*, initial disclosures, documents, depositions, interrogatory responses, requests for production, or requests for admission—in this case, including about Plaintiff's damages. (*See generally* Docket; *see also* Kelly Dec. ¶ 10.) Instead, Defendant sat on its hands for nearly three months after Plaintiff offered to meet and confer regarding responses to certain requests for production. (*See* Kelly Dec., Exs. 1, 2.) And, after Plaintiff made additional document productions in February and March 2020, Defendant did not file any discovery motions or seek to re-open any depositions. (*See generally* Docket; *see also* Kelly Dec. ¶ 10.) It is thus "improper" for Defendant to now seek the "drastic remedy of exclusion" of *all* damages arguments and evidence, especially when that "would leave plaintiff with no evidence of damages." *Susilo*, 2012 WL 12894745, at *2. Indeed, "courts are often reluctant to order preclusion . . . where the aggrieved party could have sought the court's assistance in correcting the failure within the discovery period, but instead chose to 'sleep' on their rights." *Thornton v. Crazy Horse, Inc.*, No. 06-cv-251, 2011 WL 13234967, at *21 (D. Alaska Sept. 26, 2011). Accordingly, the Motion should be denied in its entirety.

### B.      The Only Case Defendant Relies on Is Obviously Inapposite

The Motion recognizes that Rule 37 governs whether evidence should be excluded, but it does not identify the Rule 37 factors or explain how they apply. (Dkt. No. 57 at 2-3.) Instead, the Motion relies on two orders from *Hsu v. Thorsen Tool Co.*, No. 13-cv-8248 (C.D. Cal.), that granted motions *in limine* to preclude a plaintiff

1564615                                              -5-                          Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF DAMAGES

from introducing testimony and evidence regarding two types of damages: (1) "a reasonable royalty," *Hsu*, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), and (2) "lost profits," *Hsu*, 2014 WL 12607679, at *1 (C.D. Cal. Nov. 10, 2014). *Hsu* is inapposite for two reasons. *First*, Plaintiff in this case does not seek either of these types of damages. (Kelly Dec. ¶ 2.) *Second*; unlike Plaintiff, the *Hsu* plaintiff withheld discovery and information that impacted the amount of damages that could be recovered:

<u>Reasonable Royalty.</u>  The amount of any royalty would turn on, *inter alia*, the "established profitability of the product" and the "portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Hsu*, 2014 WL 12607677, at *1 (citing *Georgia-Pacific*, 318 F. Supp. at 1120). The *Hsu* plaintiff failed to produce such information, leaving the defendants "to do no more than speculate as to the royalty computation Plaintiff may present at trial." *Hsu*, 2014 WL 12607677, at *1.

<u>Lost Profits.</u>  The amount of lost profits the *Hsu* plaintiff could recover could only be calculated by relying on financial information that it either did not produce or it produced in "preliminary, speculative, and incomplete" form. *Hsu*, 2014 WL 12607679, at *1-2 (finding plaintiff's "gross margin figure is not final, as the cost of goods sold is incomplete"). As a result, the defendants "would be surprised by the offer of [lost profits] evidence for the first time at trial." *Id.* at *2.

That is not the case here. The amount of damages Plaintiff seeks in this case neither can nor will surprise Defendant. Plaintiff has made clear from the outset that it seeks statutory damages, which the jury will decide based on the trial evidence, as well as Defendant's profits, which are based on documents and evidence that Defendant produced in this case.

Indeed, *Select Export Corp. v. Richeson*, No. 10-cv-80526, 2011 WL 13227934 (S.D. Fla. Apr. 29, 2011), is instructive. There, the plaintiff asserted claims of

trademark infringement and false designation, and identified in its initial disclosures the categories of damages it sought, but not the specific amounts. *Id.* at *1-2. The defendant moved to exclude any evidence of damages due to "Plaintiff's failure to disclose its computation of compensatory damages to Defendants, or to provide Defendants with documents supporting that claim for compensatory damages." *Id.* at *1. The plaintiff opposed, arguing that (1) it sought only statutory damages and damages based on the defendant's sale of infringing products and (2) exclusion under Rule 37 "is extreme and unwarranted because all of the relevant information is in the exclusive possession, custody or control of the defending party." *Id.* at *1-2.

The *Richeson* court agreed with the plaintiff and denied the defendant's motion for "fail[ing] to meet the high burden to warrant striking from consideration Plaintiff's claim for damages and to exclude any evidence of the same for all purposes in this." *Id.* at *2. There was "little harm, if any, to Defendants by Plaintiff's failure to disclose its calculations and supporting evidence for damages based on defendant's profits." *Id.* at *3.[2] The same would not be true if the *Richeson* plaintiff—like the *Hsu* plaintiff, but unlike Plaintiff—sought "actual damages." *Id.* at *3.

Indeed, several courts have denied requests like Defendant's. *E.g.*, *Undiscovered Corp. v. Heist Studios*, No. 18-cv-5719, 2019 WL 8219489, at *5 (C.D. Cal. Oct. 1, 2019) (holding no computation of statutory damages required); *Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1046 (D. Alaska 2013) (same); *Reyes v. City of Glendale*, No. 05-cv-253, 2009 WL 2579614, at *6 (C.D. Cal.

---

[2] *See also Fashion Exchange LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2019 WL 6838672, at *5-6 (S.D.N.Y. Dec. 16, 2019) (recognizing that, even when a trademark plaintiff displayed "stunning" incompetence in preserving evidence of lost profits, the plaintiff "can still seek relief other than actual loss, such as statutory damages or disgorgement of Defendants' profits"); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) ("[A copyright] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'").

Aug. 19, 2009) (same). Likewise, this Court should not exclude evidence and argument of damages at trial.

### C. The Rule 37 Factors Overwhelmingly Weigh Against Exclusion

The "purpose" of Rule 37 "'is to prevent the practice of 'sandbagging' an adversary with new evidence.'" *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017). Rule 37 uses five factors to determine "whether evidence should be excluded": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" *Davis*, 2013 WL 3337669, at *1 (collecting cases).

Rule 37 sanctions are inappropriate where the lack of disclosure "was 'substantially justified or is harmless.'" *Id.* (citing Fed. R. Civ. P. 37). But even if the lack of disclosure were not substantially justified or harmless, evidentiary sanctions should not be granted "in all instances." *Hoffman v. Cty. of L.A.*, No. 15-cv-3724, 2017 WL 3476772, at *2 (C.D. Cal. Feb. 18, 2017). At bottom, "preclusion" under Rule 37 "is not generally ordered." *Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005), *aff'd on other grounds sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) (collecting cases).

Had Defendant analyzed the Rule 37 factors, it would have recognized that Rule 37 does not favor exclusion in this case:

**Factors 1 and 2.** The Motion does not assert or cite evidence demonstrating that Defendant is "surprised" or "prejudiced" by the evidence of damages in this case, nor could Defendant. *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 734 (movant "has not identified any prejudice it has suffered"). Defendant cannot be surprised that Plaintiff intends to seek statutory damages and damages based on Defendant's profits because they were disclosed in Plaintiff's Initial Disclosures. (Dkt. No. 57-2 at 2-3.) Moreover, Defendant cannot claim to be prejudiced or

surprised by the amount of damages: the jury will determine the amount of statutory damages based on the relevant statutes and evidence at trial, and Defendant's profit information comes straight out of the documents Defendant produced in this case. *E.g.*, *Goold v. Hilton Worldwide*, No. 13-cv-438, 2014 WL 4629083, at *3 (E.D. Cal. Sept. 15, 2014) (finding plaintiff could not be surprised by evidence that "is within his knowledge" or "by emails he drafted and received"); *see also Richmond v. Mission Bank*, No. 14-cv-184, 2015 WL 1291365, at *3 (E.D. Cal. Mar. 13, 2015).  In fact, Defendant has already provided this Court with the total amount of its unlawful gains through January 10, 2020. (Dkt. No. 68 at 1; *see also* Kelly Dec. ¶ 4.)

**Factor 3.**  Defendant does not claim that admission of this evidence would disrupt trial.  (*See generally* Dkt. No. 57.)  Defendant has long been aware of the damages evidence in this case and still has time to prepare for trial.  *E.g.*, *Richmond*, 2015 WL 1291365, at *3.

**Factor 4.**  Defendant does not dispute that the damages evidence is critical. This evidence is essential to Plaintiff's claims and to resolving Defendant's unlawful counterfeiting and infringement of Plaintiff's products and rights.  If this Court were to grant this Motion, Plaintiff would have no evidence of monetary damages and the Court's decision would be tantamount to dismissal of this action.  *See Susilo*, 2012 WL 12894745, at *2 (collecting cases).  Terminating sanctions are "very severe" and "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Defendant does not claim, argue, or prove that such sanctions are appropriate in this case.

**Factor 5.**  The Motion also does not state or demonstrate that Plaintiff acted in bad faith.  *E.g.*, *Hoffman*, 2017 WL 3476772, at *2 (denying motion *in limine* pursuant to Rule 37 where there was "no indication that plaintiff acted in bad faith").  Plaintiff offered to meet and confer with Defendant regarding Defendant's requests for production on November 25, 2019, and Plaintiff produced more documents after

Defendant's (belated) agreement to meet and confer. (*E.g.*, Kelly Dec. ¶¶ 6-9, Exs. 1-2.)  Further, it was only due to its inadvertence that Plaintiff did not supplement its initial disclosures and responses to certain interrogatories.  (*Id.* ¶ 11.)  The fact that Defendant did not feel the need to move to compel any discovery is convincing proof that not even Defendant believes Plaintiff intended to "'sandbag[ ]' an adversary with new evidence,'" *West*, 323 F.R.D. at 303 n.9, particularly when the relevant damages evidence came directly from Defendant's own production.

## IV. CONCLUSION

Accordingly, this Court should deny this Motion *in Limine* and should not exclude evidence or argument regarding Plaintiff's damages, which are critical and highly relevant.

DATED: June 5, 2020

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Ryan Q. Keech
  Jason Y. Kelly

By: */s/ Keith J. Wesley*
  Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville