# EXHIBIT 1

# Jason Kelly

| | |
|---|---|
| **From:** | Joshua Masur <JMasur@zuberlawler.com> |
| **Sent:** | Sunday, February 23, 2020 8:38 PM |
| **To:** | Jason Kelly; Keith Wesley; Ryan Q. Keech; Lachmin Singh |
| **Cc:** | Ken Wilson; Zachary S. Davidson; Debora Sanfelippo |
| **Subject:** | Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc. |

Counsel –

Brandy Melville's responses to Redbubble's requests for production did not agree to produce documents related to key issues, instead purporting to offer to offer meet and confer.

Most egregiously, notwithstanding that Brandy Melville's initial disclosures specifically purported to identify "[d]ocuments related to Plaintiff's sales and channels of marketing and distribution" as supporting its claims, those responses did not agree to produce documents in response to requests specifically targeted at those very documents.  Indeed, despite using the same or indistinguishable terms in its own disclosures, Brandy Melville objected that RFPs 7 and 28's use of "marketing channels" and "sales," respectively, were vague and ambiguous.

Our review of the documents Brandy Melville produced at the end of January establishes that Brandy Melville has indeed withheld these documents, despite identifying "[d]ocuments related to Plaintiff's sales and channels of marketing and distribution" pursuant to FRCP 26(a)(1)(A)(ii), and has not produced any financial documentation whatsoever.  As you know, this is prohibited by the Federal Rules.

Brandy Melville also did not agree to produce document related to types of goods sold (RFP 8), degree of care by purchasers (RFP 9), uses of the asserted marks (RFP 12), communications with the PTO (RFP 14), Redbubble (RFP 26), periods of use and disuse of the asserted marks (RFPs 28-29). and internal communications about Redbubble's alleged infringement (RFP 34).  Many of these topics relate to issues on which a plaintiff bears the burden of proof.

Please produce the requested information – especially the financial information – no later than noon, February 25, 2020, to permit them to be used at the depositions of Brandy Melville's personnel on February 27 and 28, 2020.  Otherwise, Redbubble intends to move the Court to compel production, additional depositions, preclusion, and other remedies.

I am available on Monday, February 24, to discuss this by phone, outside 11am-2pm.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com  |  www.zuberlawler.com

The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to

1

Ex. 1
Page 4

whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. This email may be an attorney advertisement. Should you not wish to receive such communications from me, please reply to this email requesting to be removed.