BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING TRADEMARKS NOT IDENTIFIED IN DISCOVERY**<br><br>*[Filed Concurrently with [Proposed] Order]*<br><br>Date:      June 30, 2020<br>Time:     9:00 a.m.<br>Crtrm.:   850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:                    June 30, 2020 |

## I. INTRODUCTION

Motion *in Limine* No. 4 (the "Motion"; Dkt. No. 58) improperly seeks to dismiss all of Plaintiff's claims as to specific trademarks that Plaintiff identified in the Complaint (Dkt. No. 1). Although Defendant concedes Plaintiff should be able to seek relief for all infringed trademarks identified in the Complaint, Defendant still seeks to exclude certain trademarks. (*Compare* Dkt. No. 45 at 4 *with id.* at 2.) Armed with nothing but two inapposite cases, Defendant argues the jury should never hear about these trademarks or about Defendant infringing them. But neither the law nor the record supports this meritless argument. Defendant does not even attempt to make its case for such a drastic order under the appropriate standard. Nor can it. If this Court were to grant the Motion, it would be tantamount to dismissal of Plaintiff's infringement and unlawful competition claims with respect to those trademarks. *E.g.*, *Susilo v. Wells Fargo Bank, N.A.*, No. 11-cv-1814, 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012). Terminating sanctions are "very severe" and "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). There is no evidence that such sanctions are appropriate in this case. Accordingly, the Motion should be denied.

## II. STATEMENT OF FACTS

Plaintiff filed the Complaint on May 28, 2019, identifying with particularity the trademarks at issue in this case through descriptions, USPTO registration numbers, and images; the Complaint also alleges Defendant's infringement and counterfeiting of those trademarks. (Dkt. No. 1 at 2-7.) On November 25, 2019, Plaintiff served unverified interrogatory responses. (Dkt. No. 58-2.) Defendant never moved to compel or obtained a court order compelling supplemental interrogatory responses or a Rule 33 verification of the interrogatory responses.[1] (*See generally*

---

[1] Defendant's reliance on Plaintiff's *unverified* interrogatory responses is fatal to the

Docket.)

## III. ARGUMENT

The Motion should be denied for two independent reasons.

***First***, the Complaint properly alleged the trademarks in dispute with particularity. (*See* Dkt. No. 1.) Indeed, Defendant never moved to dismiss the Complaint or for judgment on the pleadings. (*See generally* Docket.) Defendant moved for summary judgment without contending it was unclear what trademarks were at issue in this litigation. (*See* Dkt. No. 40.) Accordingly, Defendant's reliance on *Louisiana Pacific Corp. v. James Hardie Building Products*, No. 12-cv-3433, 2012 WL 5520394, at *1 (N.D. Cal. Nov. 14, 2012), is misplaced. (Dkt. No. 58 at 3.) The court in that case, upon a motion to dismiss, held that the defendant failed to include the "requisite specificity" in the complaint, 2012 WL 5520394, at *1; no such claim or motion has been made in this case. Indeed, Plaintiff did "identify every allegedly infringed mark at the pleading stage." (*See* Dkt. No. 58 at 3.)

***Second***, even if Defendant's contention regarding Plaintiff's interrogatory response had merit, Defendant's demand for exclusion is inappropriate because it "never moved to compel production of" any supplemental discovery responses and never obtained "a prior court order requiring production" of discovery. *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013) (denying motion *in limine* to exclude documents that movant claimed

---

Motion. "[A]ll responses to interrogatories . . . must be verified—that is, bear plaintiff's signature attesting under penalty of perjury that his responses are true and correct—in order to be an admissible form at summary judgment or trial." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1212 (N.D. Cal. 2017); *Blevins v. Marin*, No. 11-cv-3475, 2013 WL 5718869, at *1 (E.D. Cal. Oct. 11, 2013) (same); *see also Uschold v. Carriage Servs., Inc.*, No. 17-cv-4424, 2020 WL 1466172, at *3 (N.D. Cal. Mar. 6, 2020); *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 571 (6th Cir. 2014). As the Motion relies exclusively on unverified and inadmissible interrogatory responses, this Motion should be denied.

"should have been disclosed and produced"); *Dugan v. Cty. of L.A.*, No. 11-cv-8145, 2013 WL 3863979, at *3 (C.D. Cal. July 23, 2013); *Susilo v. Wells Fargo Bank, N.A.*, No. 11-cv-1814, 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012).  In fact, "courts are often reluctant to order preclusion . . . where the aggrieved party could have sought the court's assistance in correcting the failure within the discovery period, but instead chose to 'sleep' on their rights." *Thornton v. Crazy Horse, Inc.*, No. 06-cv-251, 2011 WL 13234967, at *21 (D. Alaska Sept. 26, 2011); *see also IGT v. Alliance Gaming Corp.*, No. 04-cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008) ("A motion *in limine* should not be used as a corrective tool when a party has failed to bring a motion to compel.").

Even if exclusion were a permissible remedy (it is not), evidence of Defendant's infringement and counterfeiting should not be excluded because the Rule 37 factors weigh against exclusion.  Courts use five factors to determine "whether evidence should be excluded pursuant to Rule 37": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'"  *Davis*, 2013 WL 3337669, at *1 (collecting cases).  "[T]he 'purpose of the rule is to prevent the practice of 'sandbagging' an adversary with new evidence.'"  *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017).

These factors favor Plaintiff and disfavor exclusion.  *One*, Defendant neither is nor can be surprised that Plaintiff has claimed Defendant is liable for infringing the trademarks alleged in the Complaint.  The lack of surprise is underlined by the fact that Defendant moved for summary judgment on the trademarks alleged in the Complaint, which demonstrates Defendant was well aware of the scope of this case.  (*See* Dkt. No. 40.)  *E.g.*, *Hoffman v. Cty. of L.A.*, No. 15-cv-3724, 2017 WL 3476772, at *2 (C.D. Cal. Feb. 18, 2017) (denying motion *in limine* because "failure to comply

with Rule 26 was harmless" where movant "should not have been surprised by" the addition of nonmovant's witness); *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (concluding movant could not be surprised that nonmovant would rely on declarations from its members about a central issue in the case).

*Two and Three*, because there is no "surprise," there is no need to cure and there is no danger of disruption. The scope of this case has been clear since the outset, and Defendant's summary judgment motion confirms that Defendant was well aware of this. *E.g.*, *Davis*, 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013) (refusing to preclude evidence where movant failed to show "disruption in connection with trial preparation or other aspects of this litigation").

*Four*, the evidence is important. Plaintiff included them in the Complaint and opposed Defendant's summary-judgment efforts to remove them from this case. Also, there is no merit to Defendant's claim that this evidence is unimportant because it was not included in Plaintiff's motion for partial summary judgment (Dkt. No. 36). (Dkt. No. 58 at 4.) The scope of Plaintiff's motion was based on whether there were genuine disputes of material fact (*see* Fed. R. Civ. P. 56), not whether specific instances of Defendant's infringement and counterfeiting were more "important" than others.

*Five*, there is no evidence that Plaintiff acted in bad faith, particularly here where Defendant's motion for summary judgment demonstrated it understood the scope of the case and where even the Motion recognizes Plaintiff should be able to seek relief as to all infringed trademarks in the Complaint (*see* Dkt. No. 58 at 4). *E.g.*, *Hoffman*, 2017 WL 3476772, at *2 (denying motion *in limine* pursuant to Rule 37 where there was "no indication that plaintiff acted in bad faith"). Accordingly, Rule 37 does not favor exclusion.[2]

---

[2] *Enovsys LLC v. AT&T Mobility LLC*, No. 11-cv-5210, 2015 WL 12857466, at *6

## IV. CONCLUSION

Accordingly, this Court should deny the Motion in its entirety.

DATED: June 5, 2020 

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By:     */s/ Keith J. Wesley*
        Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

---

(C.D. Cal. June 11, 2015), is inapposite, concerning surprise expert opinions regarding non-obviousness in a patent case. (Dkt. No. 58 at 3-4.) In contrast, this case concerns infringement that Plaintiff identified, from the outset, in the Complaint.