1 | BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
2 |   kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
3 |   rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
4 |   jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
5 | Los Angeles, California 90067
Telephone: (310) 274-7100
6 | Facsimile: (310) 275-5697

7 | Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | Y.Y.G.M. SA d.b.a. BRANDY
MELVILLE, a Swiss corporation,

| Case No. 2:19-cv-04618-RGK (JPRx)
Judge:  Hon. R. Gary Klausner

12 |

Plaintiff, | **PLAINTIFF Y.Y.G.M. SA D.B.A.**
13 | **BRANDY MELVILLE'S**
**OPPOSITION TO DEFENDANT**
14 | vs. | **REDBUBBLE, INC.'S MOTION *IN***
***LIMINE* NO. 5 TO EXCLUDE**
REDBUBBLE, INC., a Delaware | **EVIDENCE AND ARGUMENT OF**
15 | corporation, | **ALLEGED ACTUAL CONFUSION**

16 | Defendant.

17 | *[Filed Concurrently with Declaration of*
*Jason Y. Kelly; [Proposed] Order]*

18 |
Date:    June 30, 2020
19 | Time:    9:00 a.m.
Crtrm.:  850

20 |

21 | Pre-Trial Conference:   June 15, 2020
Trial Date:             June 30. 2020

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1564624

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENT OF ALLEGED ACTUAL CONFUSION

## I.   __INTRODUCTION__

Defendants have it backwards.   There is no reason to exclude admissible evidence of actual customer confusion in this case—evidence that Defendant withheld in violation of its own discovery obligations for months.  Motion *in Limine* No. 5 (the "Motion"; Dkt. No. 59) claims Defendant Redbubble, Inc. is "surprise[d]" that Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville intends to introduce Defendant's very own documents (collectively, the "Confusion Documents")[1] at trial.  This argument is baseless.   The Confusion Documents contain years' worth of communications between Defendant and its customers regarding the infringing and counterfeit Brandy Melville products that Defendant advertised, offered for sale, and sold on its website. Indeed, Defendant fails to cite or include any facts or evidence to support its feigned "surprise."  Nor could it.  Defendant has long known about the Confusion Documents: Defendant created these documents and must have reviewed them before designating them "Confidential" and producing them to Plaintiff on February 4, 2020.

At bottom, the Confusion Documents are relevant and admissible and should not be excluded.  Exclusion of evidence is improper absent a court order compelling production of the discovery.  Here, Defendant neither moved to compel nor obtained a court order regarding any discovery or documents.  Further, exclusion is improper under Federal Rule of Civil Procedure 37's five-factor analysis.  Defendant was not—

---

[1]   The Motion does not identify, with any particularity, what specific documents Defendant intends to exclude.  This alone is grounds for dismissing the Motion in its entirety.  *Shenon v. N.Y. Life Ins. Co.*, No. 18-cv-240, 2020 WL 1317722, at *1 (C.D. Cal. Mar. 16, 2020) ("'[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible.'  The 'failure to specify the evidence' that a motion *in limine* 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'") (internal citation omitted).  Plaintiff speculates that the Motion concerns the documents filed as Exhibits 65, 75, 77, 79, 80, and 82 in support of Plaintiff's Motion for Partial Summary Judgment (collectively, the "Confusion Documents").  (Dkt. Nos. 46-72, -82, -84, -86, -87, -89.)  Plaintiff reserves its right to amend this response to the Motion to the extent Defendant's poorly articulated intention is different than Plaintiff's understanding.

1564624

-1-                                    Case No. 2:19-cv-04618-RGK (JPRx)

1 and could not have been—surprised by the Confusion Documents; and any feigned
2 surprise could have been, and still can be, cured without disrupting trial.  Moreover,
3 the Confusion Documents are persuasive and strong evidence in this case, and there
4 is no evidence of Plaintiff's bad faith.  If anything, it is Plaintiff that is entitled to
5 sanctions in light of Defendant's months-long withholding of the Confusion
6 Documents.  Accordingly, the Motion must be denied.

7 **II.    <u>STATEMENT OF FACTS</u>**

8         On October 21, 2019, Defendant served its initial set of interrogatories.
9 (Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, ¶ 2.)  Interrogatory
10 No. 4 demanded "all facts of which You ***are aware***" as of that date regarding "any
11 person [that] has been actually confused, mistaken or deceived" by Defendant's
12 infringement and counterfeiting of Brandy Melville products.  (Dkt. No. 59-2 at 8
13 (emphasis added).)   Plaintiff substantively responded to the interrogatory on
14 ***November 25, 2019***, noting that, *inter alia*, Plaintiff had not yet received discovery
15 from Defendant.  (*Id.* at 9.)

16         Plaintiff served its requests for production on October 21, 2019, but Defendant
17 did not produce any documents in this case until ***February 4, 2020***—months after
18 Defendant served its interrogatory demanding Plaintiff provide all facts of which it
19 was aware.   (Kelly Dec. ¶ 3.)   Defendant's production included the Confusion
20 Documents, which are Defendant's communications with its customers dating back
21 to 2015 regarding the infringing and counterfeit Brandy Melville products that
22 Defendant advertised, offered to sell, or sold on its website.  (*E.g.*, Dkt. Nos. 46-72,
23 -82, -84, -86, -87, -89.)   Defendant marked all of the Confusion Documents
24 "Confidential" pursuant to the Stipulated Protective Order, which prohibits "[m]ass,
25 indiscriminate, or routinized designations" and requires the parties to "take care to
26 limit [its] designation to specific material that qualifies under the appropriate
27 standards." (*Id.*; Dkt. No. 22 ¶ 5.1.)

28         Defendant never moved to compel further discovery from Plaintiff, including

1 further disclosures, interrogatory responses, document productions, or depositions.
2 (Kelly Dec. ¶ 4; *see also generally* Docket.)  Indeed, the only discovery motion either
3 party filed was Plaintiff's *ex parte* application to compel Defendant's deposition,
4 which the Court granted.  (Dkt. No. 31.)

5 ## III.   ARGUMENT

6      This Motion *in Limine* to exclude the Confusion Documents should be denied
7 for two independent reasons: (1) Defendant never sought or obtained a court order
8 compelling discovery or documents regarding customer confusion, and (2) none of
9 the Rule 37 factors weigh in favor of excluding the Confusion Documents.

10      ### A.   Defendant Never Sought or Obtained an Order Compelling
11           Discovery

12      The sanction of exclusion is inappropriate when the movant "never moved to
13 compel production of" the discovery and never obtained "a prior court order requiring
14 production" of the discovery.  *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327,
15 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013) (denying motion *in limine* to
16 exclude documents that movant claimed "should have been disclosed and
17 produced").[2]  Indeed, "courts are often reluctant to order preclusion . . . where the
18 aggrieved party could have sought the court's assistance in correcting the failure
19 within the discovery period, but instead chose to 'sleep' on their rights."  *Thornton v.*
20 *Crazy Horse, Inc.*, No. 06-cv-251, 2011 WL 13234967, at *21 (D. Alaska Sept. 26,
21 2011); *see also Susilo*, 2012 WL 12894745, at *2; *IGT v. Alliance Gaming Corp.*,
22 No. 04-cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008) ("A motion *in*

---

24 [2] *See also Dugan v. Cty. of L.A.*, No. 11-cv-8145, 2013 WL 3863979, at *3 (C.D. Cal.
25 July 23, 2013) (denying motion to preclude trial exhibits because "courts have found
that 'a prior court order requiring production is [generally] a necessary prerequisite to
26 invoking . . . the sanction of exclusion'"); *Susilo v. Wells Fargo Bank, N.A.*, No. 11-
cv-1814, 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012) (denying motion *in*
27 *limine* because "it would be improper to exclude evidence" where movant "fail[ed] to
28 seek other remedies prior to seeking the drastic remedy of exclusion").

1564624

*limine* should not be used as a corrective tool when a party has failed to bring a motion to compel.").

Here, Defendant moves to exclude documents evidencing customers' actual confusion; but Defendant never sought or obtained any court order compelling the Confusion Documents or supplemental disclosures or discovery responses regarding the Confusion Documents or evidence of actual confusion.   This is fatal to Defendant's request for the "drastic remedy of exclusion."   *Susilo*, 2012 WL 12894745, at *2.

### B.   The Rule 37 Factors Overwhelmingly Weigh Against Exclusion

Courts use five factors to determine "whether evidence should be excluded pursuant to Rule 37": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" *Davis*, 2013 WL 3337669, at *1 (collecting cases).  "[T]he 'purpose of the rule is to prevent the practice of 'sandbagging' an adversary with new evidence.'" *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017).

Rule 37 sanctions are inappropriate where the lack of disclosure "was 'substantially justified or is harmless.'" *Davis*, 2013 WL 3337669, at *1 (citing Fed. R. Civ. P. 37).   But even if the court finds that the lack of disclosure were not substantially justified or harmless, evidentiary sanctions should not be granted "in all instances." *Hoffman v. Cty. of L.A.*, No. 15-cv-3724, 2017 WL 3476772, at *2 (C.D. Cal. Feb. 18, 2017) (quoting *Jackson v. United Artists Theater Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011)).   Indeed, "preclusion" under Rule 37 "is not generally ordered." *Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005), *aff'd on other grounds sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) (collecting cases).

Here, the Motion must be denied because none of the five factors weighs in

favor of exclusion.

1. **Defendant Was Not Surprised by the Confusion Documents**

Defendant offers *no evidence whatsoever* that it was surprised by ***its own documents***; its conclusory statement in the Motion about surprise lacks citation to a shred of evidence.  (Dkt. No. 59 at 4.)   Nor could Defendant.   The Confusion Documents are several documents that Defendant produced to Plaintiff in this litigation on February 4, 2020.  (*E.g.*, Dkt. Nos. 46-72, -82, -84, -86, -87, -89; Kelly Dec. ¶ 3.)  The documents date back to 2015 and reflect Defendant's communications with its customers who were confused by Defendant's infringing and counterfeit Brandy Melville products.  (Dkt. Nos. 46-72, -82, -84, -86, -87, -89.)   Defendant presumably reviewed the Confusion Documents before producing them because they were designated Confidential under the Protective Order, which prohibits "[m]ass, indiscriminate, or routinized designations."  (Dkt. No. 22 ¶ 5.1.)

Defendant also cannot claim it is surprised because the Confusion Documents are "within [its] knowledge" and Defendant drafted, maintained, and produced them in this litigation ***months*** after serving interrogatories asking Plaintiff about its then-current knowledge.  *Goold v. Hilton Worldwide*, No. 13-cv-438, 2014 WL 4629083, at *3 (E.D. Cal. Sept. 15, 2014) (finding plaintiff could not be surprised by evidence that "is within his knowledge" or "by emails he drafted and received").   Indeed, courts have repeatedly found no surprise when the movant was aware of the evidence at issue, especially when the evidence comes from the movant.  *E.g.*, *Davis*, 2013 WL 3337669, at *2 ("Evidentiary sanctions are therefore inappropriate because plaintiff . . . knew of their existence."); *Richmond v. Mission Bank*, No. 14-cv-184, 2015 WL 1291365, at *3 (E.D. Cal. Mar. 13, 2015) (concluding that "there can be no argument that the information is surprising" to movant when the information is movant's own statements); *Johansen v. Am. Gen. Life Ins. Co.*, No. 11-cv-6668, 2012 WL 12894865, at *2 (C.D. Cal. Oct. 3, 2012) (refusing to impose evidentiary sanctions with respect to documents that were identical to documents produced by movant).

1   Similarly, Defendant cannot feign surprise when it created and belatedly produced the

2   Confusion Documents.

3          There also is no surprise because it should have been obvious to Defendant that

4   Plaintiff would use the Confusion Documents given the substance of that evidence

5   and the issues in dispute in this litigation.  *Hoffman*, 2017 WL 3476772, at *2

6   (denying motion *in limine* because "failure to comply with Rule 26 was harmless"

7   where movant "should not have been surprised by" the addition of nonmovant's

8   witness); *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D.

9   Cal. 2011) (concluding movant could not be surprised that nonmovant would rely on

10  declarations from its members about a central issue in the case).   Both parties

11  recognize that "evidence of actual confusion" is relevant to, *inter alia*, a claim of

12  trademark infringement.  (Dkt. No. 36 at 12-13 n.4 (quoting *So Cal. Darts Ass'n v.*

13  *Zaffina*, 762 F.3d 921, 930 (9th Cir. 2014)); Dkt. No. 47-2 at 15 n.15 (quoting *AMF,*

14  *Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)).)  Of course Plaintiff

15  would rely on Defendant's communications with its confused customers about

16  Defendant's infringing and counterfeit Brandy Melville products.  This could not have

17  surprised anyone.

18                  **2.      <u>Any Purported Surprise Can Be Cured</u>**

19         Without explanation, Defendant claims the non-existent surprise "cannot be

20  cured now."  (Dkt. No. 59 at 4.)   This is false.  Besides the fact that there is no

21  "surprise" to "cure," this factor favors Plaintiff because Defendant has not identified

22  any prejudice it has suffered.  *E.g.*, *Meggitt (Orange Cty.), Inc. v. Nie*, No. 13-cv-239,

23  2015 WL 12743695, at *2 (C.D. Cal. Feb. 17, 2015) (denying Rule 37 motion where

24  there was no evidence of prejudice to movant); *S.F. Baykeeper*, 791 F. Supp. 2d at

25  734 (this factor did not favor movant where movant "has not identified any prejudice

26  it has suffered").   Nothing in the Motion or the supporting declaration even attempts

27  to aver prejudice.  (*See* Dkt. Nos. 59; 59-1.)

28         Moreover, there is no prejudice to Defendant.   Defendant knew of the

1   Confusion Documents, has custody of them, and would know better than anyone how
2   to obtain any additional information about them.    Defendant also could have
3   mitigated, and still can mitigate, any purported surprise by "seeking leave to take
4   additional discovery" from itself—the one and only party who produced the
5   Confusion Documents. *Meggitt*, 2015 WL 12743695, at *2.

6   ### 3.    Admission of This Evidence Would Not Disrupt Trial

7       Defendant also fails to articulate how admission of the Confusion Documents
8   would disrupt trial. (Dkt. No. 59 at 4.)  That is because it would not. *E.g.*, *Richmond*,
9   2015 WL 1291365, at *3 (concluding trial would not be disrupted by defendant's
10  introduction of plaintiff's own statements as affirmative evidence at trial); *see also*
11  *Davis*, 2013 WL 3337669, at *2 (refusing to preclude evidence where movant failed
12  to show "disruption in connection with trial preparation or other aspects of this
13  litigation").    Defendant can still prepare for trial.    Admission of the Confusion
14  Documents would not, *inter alia*, result in idle time or delay.

15  ### 4.    The Confusion Documents Are Important

16      There is no dispute that "evidence of actual confusion" is a *Sleekcraft* factor
17  relevant to determining whether two marks create a likelihood of confusion.  (Dkt.
18  No. 36 at 12-13 n.4 (quoting *So Cal. Darts*, 762 F.3d at 930); Dkt. No. 47-2 at 15 n.15
19  (quoting *Sleekcraft*, 599 F.2d at 348-49).)  Indeed, "'[e]vidence of actual confusion
20  constitutes persuasive proof that future confusion is likely.'"  *Conversive, Inc. v.*
21  *Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1092 (C.D. Cal. 2006) (quoting *Thane*
22  *Intern., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 902 (9th Cir. 2002)); *see also FAZE*
23  *Apparel, LLC v. Faze Clan, Inc.*, No. 18-cv-2052-RGK, 2018 WL 3830027, at *6
24  (C.D. Cal. May 22, 2018) ("Evidence of actual confusion is **strong evidence** of a
25  likelihood of confusion in the future[.]") (emphasis added).  Here, the Confusion
26  Documents are important and strong evidence of actual customer confusion that
27  supports, *inter alia*, Plaintiff's trademark infringement and common law unfair
28  competition claims.  (*See* Dkt. No. 36 at 15-16; Dkt. No. 65 at 4-6.)

1   Defendant misleadingly claims this *Sleekcraft* factor is "relatively
2   unimportant" because "a step-by-step *Sleekcraft* examination is unnecessary." (Dkt.
3   No. 59 at 4.)   This is false for two reasons: (1) the step-by-step examination is
4   unnecessary only as to Plaintiff's counterfeiting claim—which concerns only the
5   three registered trademarks—because "counterfeit marks are inherently confusing";
6   and (2) the *Sleekcraft* factors are still relevant to Plaintiff's claims regarding the
7   unregistered trademarks, as well as the registered trademarks to the extent confusion
8   is not presumed. (*E.g.*, Dkt. No. 36 at 12-17.)

9   There also is no merit to Defendant's characterization of the Confusion
10  Documents as insufficient as a matter of law.[3]  (Dkt. No. 59 at 4-5.)  For example,
11  when the plaintiff in *FAZE Apparel* represented that it had been contacted by
12  "multiple customers" to complain about the defendant's "merchandise or customer
13  service," this Court concluded that this was "evidence that consumers are confused
14  between the two brands." 2018 WL 3830027, at *6.  The evidence in this case is even
15  more compelling:   the Confusion Documents are Defendant's own documents
16  showing Defendant's customers contacting Defendant about its infringing and
17  counterfeit Brandy Melville products.  This is admissible, and powerful, evidence of
18  actual confusion.  *E.g.*, *Conversive*, 433 F. Supp. 2d at 1091 (rejecting defendant's
19  argument that "evidence offered by plaintiff regarding potential clients' actual

---

20
21  [3]   Further, Defendant's cited authorities do not support their averred proposition.
22  (Dkt. No. 59 at 5.)  Unlike Plaintiff in this case, the plaintiff in *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1094 (C.D. Cal. 2003),
23  could not "substantiate its claims of actual confusion" with the defendant's own
24  documents that memorialize customer communications reflecting actual customer
25  confusion.  And *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004), does not state that "significant numbers of
26  consumers" are required to show actual confusion.  Instead, *Playboy* provides that "a showing of actual confusion among significant numbers of consumers" effectively
27  makes analysis of the remaining *Sleekcraft* factors unnecessary.  *Id.*  Indeed, *FAZE Apparel* demonstrates how ***any*** evidence of actual confusion "is strong evidence of a
28  likelihood of confusion in the future."  2018 WL 3830027, at *6.

confusion" is inadmissible hearsay) (collecting cases); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 452 F. Supp. 2d 772, 786 (W.D. Mich. 2006) ("Courts have generally held that testimony regarding statements by customers evidencing confusion are admissible either because they are not hearsay or because they are admissible under Fed. R. Evid. 803(3) to show the declarant's state of mind, *i.e.*, confusion between two trademarks.") (collecting cases); *see also FAZE Apparel*, 2018 WL 3830027, at *6 (statements by non-party customers were admitted as evidence of actual confusion).

## 5.    There Was No Bad Faith

The final factor also favors Plaintiff.  The Motions fails to identify any evidence that Plaintiff acted in bad faith.  *Hoffman*, 2017 WL 3476772, at *2 (denying motion *in limine* pursuant to Rule 37 where there was "no indication that plaintiff acted in bad faith"); *Davis*, 2013 WL 3337669, at *2 (refusing to exclude evidence where nonmovants "proffered a good faith explanation regarding why the documents were not turned over").   Plaintiff inadvertently did not supplement its response to Interrogatory No. 4 to include Defendant's own Confusion Documents.  (Kelly Dec. ¶ 5.)  Plaintiff did not intend to "'sandbag[ ]' an adversary with new evidence,'" *West*, 323 F.R.D. at 303 n.9, particularly when that evidence was created by, produced by, and reflects the communications of Defendant with its customers.

## IV.    CONCLUSION

Accordingly, this Court should deny this motion *in limine* in its entirety.

DATED:  June 5, 2020          BROWNE GEORGE ROSS LLP
                             Keith J. Wesley
                             Ryan Q. Keech
                             Jason Y. Kelly

                    By:    _/s/  Keith J. Wesley_
                             Keith J. Wesley
                    Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                    Brandy Melville

1564624