BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge: Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE REFERENCE TO THIRD PARTY INTELLECTUAL PROPERTY**<br><br>*[Filed Concurrently with [Proposed] Order]*<br><br>Date: June 30, 2020<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference: June 15, 2020<br>Trial Date: June 30, 2020 |

Defendant Redbubble, Inc.'s Motion *in Limine* No. 6 (Dkt. No. 60; the "Motion") misunderstands the purpose for which Plaintiff intends to offer the Additional Infringed Marks and fails to grasp the plain relevance of this evidence. The Motion should be denied for failing to carry Defendant's burden.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." If evidence is relevant, absent certain exception, it is admissible. Fed. R. Evid. 402. "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. ***All that is required is a 'tendency' to establish the fact at issue***." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (emphasis added).

The Additional Infringed Marks are relevant and admissible. The overwhelming amount of infringement and counterfeiting of Plaintiff's trademarks and the Additional Infringed Marks on the Redbubble website evidences Defendant's knowledge, state of mind, lack of mistake, and willful blindness. This evidence is relevant to, *inter alia*, Plaintiff's claim for contributory trademark infringement and demand for punitive and statutory damages.

Further, as Defendant is surely aware, this evidence is also relevant to whether Defendant's infringing and counterfeit products create a likelihood of confusion. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 930 (9th Cir. 2014). Among the factors the Ninth Circuit uses to analyze whether there is a likelihood of confusion, "proof of intent to cause confusion is entitled to *great weight*." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1080 (C.D. Cal. 2012) (emphasis in original). As alleged in the complaint and as Plaintiff will prove at trial, Defendant's counterfeiting and infringement of Plaintiff's trademarks is intentional and systemic to its business model. (Dkt. No. 1; *see also* Dkt. No. 36 at 4-7.) The Additional Infringed Marks make it more probable that Defendant's infringement and counterfeiting in this case was not accidental or inadvertent. This evidence is also necessary to give context to

and rebut Defendant's misleading characterization of its "policing" efforts that Defendant repeatedly touted in its summary judgment briefing. (*E.g.*, Dkt. No. 40 at 6.) Defendant cannot exclude evidence simply because it demonstrates the falsity of Defendant's assertions.

The only basis Defendant proffers to exclude the Additional Infringed Marks is Federal Rule of Evidence 403, which provides that relevant evidence should only be excluded if the probative value of the evidence is "substantially outweighed" by a danger of, *inter alia*, unfair prejudice. Excluding relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. First Smoke*, 35 F. App'x 337, 339 (9th Cir. 2002); *see also Davis v. Davidson Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *3 (C.D. Cal. July 1, 2013) (quoting *United States v. Patterson*, 819 F.3d 1495, 1505 (9th Cir.1987)). "The application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Here, the probative value of the evidence is so clearly not "substantially outweighed" by any alleged prejudicial effect by including the evidence. Any "guilt-by-association" argument Defendant fears can be quelled by Defendant arguing that there purportedly is an insufficient basis to show that the Additional Infringed Marks actually infringe others' intellectual property rights.[1] And the alleged inability of Plaintiff to prove that the Additional Infringed Marks are in fact infringing materials

---

[1] Defendant insinuates that the Additional Infringed Marks may not infringe on the ownership rights of the trademark holder. (Dkt. No. 60 at 3.) But Defendant's own website conspicuously displays its "Current Brand Partnerships," and noticeably absent are the trademark holders of the Additional Infringed Marks. (Dkt. No. 36-15.)

goes to the weight of the evidence, not its propriety or admissibility.[2]  Further, any purported prejudice to Defendant can also be addressed in the jury instructions, which will instruct jurors to determine whether Defendant is liable to Plaintiff for counterfeiting and infringing the trademarks at issue in this case.

Given the high probative value of the evidence of the Additional Infringed Marks to prove, *inter alia*, that Defendant intentionally infringes upon Plaintiff's trademarks, any speculative prejudicial effect is outweighed by the evidence's probative value.  Simply, Defendant has failed to meet its burden of showing that the prejudice of this evidence "substantially outweighs" its probative value.  The Motion must be denied.

DATED:  June 5, 2020	BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Ryan Q. Keech
    Jason Y. Kelly

By:	*/s/  Keith J. Wesley*
    Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

---

[2] Although not necessary to indulge Defendant, the questions they raise with respect to the Additional Infringed Marks' infringement can be established through witness testimony and cross examination.