BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>         Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE USE OF UNDISCLOSED WITNESSES**<br><br>*[Filed Concurrently with Declaration of Keith J. Wesley; [Proposed] Order]*<br><br>Date:   June 30, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conference:  June 15, 2020<br>Trial Date:            June 30, 2020 |

1    Defendant Redbubble, Inc.'s Motion *in Limine* No. 7 (the "Motion"; Dkt. No. 61) to exclude undisclosed witnesses from testifying at trial is all hat and no cattle. Defendant acknowledges the plain exception to disclosure under Federal Rule of Civil Procedure 26—witnesses should be permitted to testimony where the non-disclosure is "harmless" (*see id.* at 2)—but fails to articulate any appreciable harm it would suffer by allowing the witnesses to testify. And for good reason. Testimony from Mr. Phillip Paley and Ms. Terri Walters will, indeed, be harmless.

    As Plaintiff's counsel explained to Defendant's counsel during meet-and-confer discussions, Plaintiff only intends to offer Mr. Paley and Ms. Walters to authenticate evidence, if Defendant refuses to so stipulate.[1] (Wesley Dec. ¶ 2.) The evidence for which Plaintiff intends to call Mr. Paley and Ms. Walters to authenticate were produced to Defendant during discovery and/or submitted in connection with the parties' summary judgment briefing. (*Id.* ¶ 3.) Indeed, Defendant has known of Ms. Walter's relevance—Plaintiff produced several documents that identified her and showed that she made purchases from Defendant. (*Id.* ¶ 4, Ex. 1.) And the lack of disclosure as to Mr. Paley was justified because Defendant continues to counterfeit and infringe Plaintiff's trademarks, and Mr. Paley accessed and purchased knockoff Brandy Melville products from Defendant after the discovery cut-off. (*E.g.*, Dkt. No. 36-62.)

    Courts in this circuit and beyond have repeatedly seen this fact pattern and consistently denied similar motions because the failure to disclose a witness who is only being offered to authenticate evidence is harmless. In *L.A. Printex Indus., Inc. v. Target Corp.*, No. 06-cv-4641, 2008 WL 11342964, at *3 (C.D. Cal. Aug. 11,

---

[1] The Motion's contention that "it is unclear what testimony Brandy Melville plans to proffer from these witnesses" is disingenuous at best given that Plaintiff explained to Defendant that these witnesses will only be offered for purposes of authentication. (*Compare* Dkt. No. 61 at 3 *with* Declaration of Keith J. Wesley, filed concurrently, ("Wesley Dec.") ¶ 2.) Plaintiff further confirmed this in the Joint Witness List. (Dkt. No. 71.)

2008), the court denied the plaintiff's motion *in limine* to exclude witnesses who were not included in the plaintiff's Rule 26 initial disclosures because the witnesses were only being offered to authenticate documents. In so holding, the court noted that the failure to disclose these witnesses was "harmless, as their testimony is limited to authentication of documents that were disclosed to plaintiff over a year ago. Plaintiff was provided an adequate opportunity to inquire into the foundation for those documents, including to seek depositions of persons who could speak to such foundation. As it did not notice such depositions, it appears certain plaintiff would not have deposed [the authenticating witnesses at issue] had they been identified earlier." *Id*.

An identical result was reached in *Viveros v. Donahoe*, No. 10-cv-8593, 2012 WL 12883966, at *6 (C.D. Cal. May 22, 2012), where the court denied the defendant's motion *in limine* to exclude two witnesses who were not included on the plaintiff's Rule 26's initial disclosures because the witnesses were only offered to authenticate documents. Given that their only purpose for testifying at trial was authentication, the court held their nondisclosure was harmless. *Id.*[2]

/ / /

/ / /

/ / /

---

[2] *See also Smith v. Loudoun Cty. Pub. Sch.,* No. 15-cv-956, 2016 WL 9943214, at *2 (E.D. Va. Jan. 21, 2016) ("The Court finds Defendant's failed to disclose [witness] is harmless. Defendant intends to call [witness] only to authenticate School Board personnel documents, if necessary. Allowing [her] testimony for this purpose would not disrupt the trial, as authentication of these documents is likely not a contentious issue. Additionally, Plaintiff should not be surprised that Defendant would retain a potential witness to authenticate school personnel documents. These documents are also highly relevant to questions of Defendant's liability . . . ."); *TransPro, Inc. v. Leggett & Platt, Inc.,* No. 02-cv-2329, 2006 WL 2987724, at *3 (N.D. Ohio Oct. 17, 2006) ("This court finds that [defendant's] failure to disclose that it would call the records custodian from [the company] to authenticate documents is harmless.").

Simply put, Defendant has failed to identify any actual harm[3] it would suffer by allowing Plaintiff to call witnesses who will merely authenticate evidence that Defendant knows Plaintiff would be relying upon to prove its case. Defendant has known of Ms. Walters, and Mr. Paley's relevance was recently precipitated by Defendant's ongoing counterfeiting and infringement. Defendant has had ample opportunity to object to the evidence's foundation, but has waited until after discovery closed to raise improper objections over simple witnesses who will not disrupt trial or cause any prejudice to Defendant. Accordingly, this Court should deny Defendant's Motion.

If this Court grants the Motion, this Court should also preclude Defendant from calling the following witnesses at trial:

- Drew Brosnan
- Corina Davis
- Arnaud Deshais
- Peter Frolio
- Jenny Greenhough
- Anuj Luthra
- Michael Masnick
- Kate Rickert
- James Toy
- Salvatore Rianna
- Madison Elkins

Defendant identified these witnesses in its untimely Separate Local Rule 16-5 Witness List. (Dkt. No. 75.) The Local Rules required this list to be filed "at the same time as the Memorandum of Contentions of Fact and Law," L.R. 16-5; but Defendant failed to comply, filing the witness list several days late.[4] (*Id.*; Dkt.

---

[3] To the extent Plaintiff is truly concerned about the authentication testimony Ms. Walters or Mr. Paley intends to offer, Plaintiff will allow Defendant to depose each witness for the limited purpose of ascertaining the purpose of their trial testimony.

[4] Although Defendant filed the witness list on Saturday, May 24, 2020, the court was not open to accept Defendant's filing until Tuesday, May 26, 2020. And, in any event, it was not filed on the same day as Defendant's Memorandum of Contentions of Fact and Law.

No. 72.)  This Court's Order for Jury Trial confirms that "<u>STRICT COMPLIANCE WITH THE . . . LOCAL RULES ARE REQUIRED BY THE COURT</u>." (Dkt. No. 17 at 3.)  As Defendant has flouted this Local Rule, it should also be precluded from offering any of these witnesses at trial.

DATED:  June 5, 2020       BROWNE GEORGE ROSS LLP
                                                 Keith J. Wesley
                                                 Ryan Q. Keech
                                                 Jason Y. Kelly

                                      By:     */s/ Keith J. Wesley*
                                                     Keith J. Wesley
                                      Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville