UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Parties' Applications to Seal [DE 34, 37, 43, 47, 63, 66]

## I.  INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville," or "Plaintiff") filed a complaint against Redbubble, Inc. ("Redbubble," or "Defendant") for claims arising from the unauthorized sale of goods bearing Brandy Melville's trademarks through Redbubble's website. Plaintiff's complaint alleges (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

The parties subsequently filed cross-motions for summary judgment. (ECF No. 36, 40.)

Presently before the Court are the parties' respective applications to seal portions of each of their moving papers, oppositions and replies, totaling six documents, as well as numerous exhibits. (ECF Nos. 34, 37, 43, 47, 63, and 66.) For the following reasons, the Court **Grants in part** and **Denies in part** the parties' motions.

## II.  JUDICIAL STANDARD

The Court begins with a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access may only be overcome based on "articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

There are generally two standards governing motions to file documents under seal: the "good cause" standard and the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). The use of each standard turns on whether a "motion is more than tangentially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Under the compelling reasons standard, the party requesting a seal must show "compelling reasons supported by specific factual findings . . . [which] outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678. It is not enough to assert that documents are highly confidential; this standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Typically, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

## III. DISCUSSION

All of the material the parties have requested to seal is attached to dispositive motions, and the compelling reasons standard therefore applies.

Prior to addressing the merits of the parties' individual requests, the Court makes the following preliminary observations:

(1) While the Court acknowledges that proprietary business information may warrant sealing in some instances, the basic, publicly available details of the parties' businesses will not be sealed. For instance, the parties have requested to seal the following phrases:

   a. "The Redbubble Website is a marketplace for people ("artists" or "users") to upload their works (e.g., designs, arts) and for customers to buy it on different products."

   b. "Through the Redbubble Website, customers can purchase clothing, cell phone cases, and stickers."

   c. "Brandy Melville has invested in promoting its brand and logo through, inter alia, its retail stores and on social media."

These are basic, readily accessible facts about the parties' businesses which are necessary for even a cursory understanding of this litigation. They will not be sealed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

(2) Relatedly, more detailed facts regarding the operation of the parties' businesses that are essential to their claims or defenses in this litigation will not be sealed. For instance, information related to the structure of Redbubble's operations that bears directly on its knowledge or lack thereof with respect to the production of allegedly infringing products will not be sealed. The same is true of Redbubble's anti-infringement efforts generally, as well as the size and operation of its marketplace integrity team.

(3) Statements or characterizations that the parties' find objectionable but are not themselves proprietary trade secrets will not be sealed. This includes, for instance, the desire to redact the phrase "and operates" from the sentence "Redbubble, Inc. ("Redbubble") is a for-profit business that owns and operates the website, www.redbubble.com". Likewise, the phrase "Brandy Melville actively polices for intellectual property infringement" would seem fairly self-evident at this stage of the litigation, and will also not be sealed.

(4) The above statements are contrasted with information such as the companies' specific sales figures, the names of Redbubble's individual fulfillers, personally identifying information ("PII") for employees or third parties, and details of Brandy Melville's advertising strategy that are not directly at issue in the litigation.

(5) The Court's Order re: Summary Judgment will not be sealed. Therefore, the parties' requests are denied as to any information contained in that Order.

Unless specified in greater detail below, any request that is denied is denied for the reasons set forth above. The Court rules on the parties' individual applications as follows:

A. **Plaintiff's Application for Leave to File Under Seal Portions of It's Motion for Partial Summary Judgment (ECF No. 34.)**

(1) Material Brandy Melville Requests to Seal:

    a. Memorandum of Points and Authorities: **Denied without Prejudice**.

    b. Separate Statement in Support of Partial Summary Judgment: **Denied without Prejudice.**

    c. The following exhibits to the Declaration of Jason Y. Kelly ("Kelly Decl.") ECF No. 36-70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

      i. Kelly Decl. Ex 87: Brandy Melville Sales Analysis: **GRANTED.**
     ii. Kelly Decl. Ex 88: Deposition of Salvatore Rianna: **GRANTED.**
    iii. Kelly Decl. Ex 89: Deposition of Madison Elkins: **GRANTED.**

(2) Material Redbubble requests to seal:

  a. Kelly Decl. Ex. 65, 68, 72, 73. 74, 75, 76, 77, 78, 79, 80 , 81, 82: **Denied without prejudice.** The parties may refile with PII appropriately redacted.

  b. Kelly Decl. Ex. 64, 67, 69, 70 and 71: **DENIED** as Redbubble does not oppose their public filing.

  c. Kelly Decl. Ex. 66: **GRANTED.**

  d. Kelly Decl. Ex. 84: **GRANTED.**

  e. Kelly Decl. Ex. 90. Deposition of James Toy: **Denied without prejudice.** There is no need to file this entire document under seal. Redbubble may redact PII and nonpublic information related to its corporate structure and organization, but there is no justification for sealing of information directly at issue in this litigation.

  f. Kelly Decl. Ex. 91: Deposition of Arnaud Deshais: **Denied without prejudice.** The Court finds the redacted material appropriate for sealing with the exception of lines 4-14 on page 91. (Bates No. 433.)

  g. Kelly Decl. Ex. 92: Deposition of Jenny Greenhouh: **Denied without prejudice.** Redbubble may redact the names of parties with which it corresponded as well as any personal identifying information, but its practices with regard to preventing infringement are directly at issue in this litigation, and Redbubble has not presented compelling reasons why they should be sealed

  h. Kelly Decl. Ex 93: James Toy Decl.: **Denied without Prejudice** for the same reasons described with respect to Exhibit 92 above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

**B. Plaintiff's Application for Leave to File Under Seal Portions of it's Opposition to Redbubble's Motion for Summary Judgment (ECF No. 43.)**

**DENIED** as to all documents (ECF No. 43: 2-4) for the reasons described in the Court's introductory statements. Argumentative material that casts a party's actions in an unfavorable light, or general business operations information that goes to the heart of a party's defense will not be sealed.

**C. Plaintiff's Application for Leave to File Under Seal Portions of its' Reply in Support of its Motion for Summary Judgment (ECF No. 63.)**

(1) Plaintiff's Reply Brief in Support of its Motion for Summary Judgment: **DENIED**.

(2) Plaintiff's Reply Separate Statement of Uncontroverted Facts in Support of Its Motion for Summary Judgment: **Denied without Prejudice**.

**D. Defendant's Application Under Protest to File Under Seal Documents in Support of Defendant Redbubble Inc.'s Motion for Summary Judgment (ECF No. 37.)**

(1) Deposition of Madison Elkins, Exhibit F to the Declaration of Joshua M Masur: **Denied without Prejudice**. Lines 100:25-102:7 are appropriate for sealing. Lines 109:22-110:8, which pertain to a policy at issue in this case, are not.

**E. Defendant's Application to File Under Seal Documents in Support of Defendant Redbubble Inc.'s Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 47.)**

(1) Defendant Redbubble's Opposition to Plaintiff's Motion for Summary Judgment: **DENIED**. While similar to the sealable portion of the Elkins Deposition sealed directly above, the quote excerpted describes only what is relevant to this litigation without delving into the broader terms of Brandy Melville's marketing strategy.

(2) Statement of Genuine Disputes of Material Fact In Support of Defendant Redbubble Inc.'s Opposition to Plaintiff's Motion for Partial Summary Judgment: **Denied without Prejudice.**

**F. Application to File Under Seal Documents in Support of Defendant Redbubble Inc's Reply Re Motion for Summary Judgment (ECF No. 66.)**

(1) Defendant Redbubble Inc.'s Reply to Plaintiff's Statement of Genuine Disputes of Material Fact and Objections/Responses to Plaintiff's Additional Uncontroverted Facts:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 10, 2020 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

**Denied without Prejudice**. The Court reiterates that statements regarding the size and operation of Redbubble's Marketplace integrity team are unlikely to be sealed.

(2) Defendant Redbubble Inc.'s Response to Plaintiff's Objections to Evidence Filed in Support of Redbubble's Motion for Summary Judgment: **DENIED**.

To the extent either party has objected to the sealing of any document ordered sealed above for procedural reasons, those objections are overruled. The Court notes that due to a breakdown in the meet and confer process, numerous documents that could have been filed with minor redactions were instead filed under seal in their entirety. The Court encourages the parties to work together on the next stage of this process, as there will not be a third opportunity.

For those documents the sealing of which this Court has denied without prejudice and which the parties wish to refile with appropriate redactions, the parties will submit **one joint omnibus application to seal**. This application will be separately supported by one declaration from each party attesting to why the proposed material is sealable.

The omnibus application will be contain a chart that identifies every statement proposed to be sealed in spreadsheet form, accompanied by an explanation of why its sealing is justified. The chart will be divided according to each individual filing (exhibit, brief or statement of facts) and the material within it that the parties propose to seal.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the parties' applications.

The parties shall make any further filing seeking to place materials under seal no later than **seven (7) days** from the issuance of this order.

**IT IS SO ORDERED.**