| | |
|---|---|
| 1 | KENNETH B. WILSON (SBN 130009) |
| | ken@coastsidelegal.com |
| 2 | COASTSIDE LEGAL |
| | 455 1st Avenue |
| 3 | Half Moon Bay, California 94019 |
| | Telephone: (650) 440-4211 |
| 4 | |
| 5 | JOSHUA M. MASUR (SBN 203510) |
| | jmasur@zuberlawler.com |
| 6 | ZUBER LAWLER & DEL DUCA LLP |
| | 2000 Broadway Street, Office 154 |
| 7 | Redwood City, California 94063 |
| | Telephone: (650) 866-5901 |
| 8 | Facsimile: (213) 596-5621 |
| 9 | |
| | JEFFREY J. ZUBER (SBN 220830) |
| 10 | *jzuber@zuberlawler.com* |
| | RASHEED M. McWILLIAMS (SBN 281832) |
| 11 | *rmcwilliams@zuberlawler.com* |
| | ZUBER LAWLER & DEL DUCA LLP |
| 12 | 350 S. Grand Ave., 32nd Fl. |
| | Los Angeles, California 90071 |
| 13 | Telephone: (213) 596-5620 |
| | Facsimile: (213) 596-5621 |
| 14 | |
| 15 | Attorneys for Defendant |
| | REDBUBBLE INC. |
| 16 | |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>          Plaintiff,<br><br>  v.<br><br>REDBUBBLE INC.,<br><br>          Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 8 TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT OF PRE-NOTICE ALLEGED INFRINGEMENT**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur; [Proposed] Order]*<br><br>Hearing Date: October 6, 2020<br>Time:         9:00 a.m.<br>Courtroom:    850<br>Hon. R. Gary Klausner |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 6, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order barring plaintiff Y.Y.G.M. SA dba Brandy Melville ("Brandy Melville") from introducing (a) any pre-notice evidence of alleged infringement of unregistered marks, (b) any pre-registration evidence of alleged infringement of registered marks; and (c) any argument based on either.

This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.

This motion is made following counsel for Redbubble's requests to schedule a meet and confer pursuant to L.R. 7-3, which requests were sent on August 12, 13, and 14, 2020. Counsel for the parties disagreed regarding whether additional motions in limine are timely based on the Court's Order continuing the Jury Trial to October 6, 2000 (DE#99) and paragraph 1 of the Court's Civil Jury Trial Order, or whether the deadlines based on the original trial date survived the continued trial date, and counsel for Plaintiff did not agree to meet and confer. A true and correct copy of the relevant correspondence is attached as Exhibit H to the Masur Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court's recent Order [DE 139] on Defendant Redbubble's Motion for Summary Judgment [DE 40] dismissed all affirmative claims of Plaintiff Brandy Melville except its fourth claim, for contributory infringement and counterfeiting. Thus, Brandy Melville's remaining claim hinges upon Plaintiff proving contributory infringement by Redbubble, including that "Redbubble has been and continues to be aware of – and has been and continues to contribute to – the infringement of Brandy Melville's trademarks and the use of counterfeit Brandy Melville products on its site." [DE 1 at 10:25-27].

To prove a case of contributory infringement, a claimant must prove in part that the defendant "knows or has reason to know [that the direct infringer] is engaging in trademark infringement" and defendant continued to supply its services. *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 106 (2d Cir. 2010) (citation omitted); *see also* Ninth Circuit Model Jury Instruction 15.21 (2019), *Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F. Supp. 949, 963 (C.D. Cal 1997). Moreover, the mere assertion of infringement in a notice letter "is not sufficient to impute knowledge of infringement" to a defendant, and "use of an identical or similar mark does not necessarily constitute infringement." *Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F. Supp. 949, 963 (C.D. Cal 1997). Generalized knowledge of infringing activity is not sufficient: "the law demands more specific knowledge of individual instances of infringement and infringing sellers before imposing a burden upon [a party] to remedy the problem." *Tiffany (NJ) Inc. v. eBay Inc., supra,* 600 F.3d at 107 (2d Cir. 2010). "Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary." *Id.* at 108-09.

Here, because all of Plaintiff Brandy Melville's remaining allegations depend upon a finding of contributory infringement, it must prove Redbubble had notice, and therefore knowledge, of each specific instance of alleged infringement. Further, any instances of infringement occurring before such notice – actual, in the case of

unregistered marks; constructive, in the case of registered marks – to Redbubble would be completely irrelevant, and would likely confuse the issues as to why such instances of infringement are being raised. Proffering such irrelevant evidence would only be done to unduly prejudice the Court and jury against Redbubble while offering no probative value whatsoever to any remaining claim at issue in this action. Fed. R. Evid. 401-403.

Brandy Melville should not be permitted to pile on irrelevant and inflammatory accusations of infringement. Instead, it should be required to offer evidence of notice of specific infringement of a mark by a particular direct infringer, and then be limited to offering evidence that post-dates that respective notice.

## I. <u>PLAINTIFF SHOULD BE BARRED FROM INTRODUCING ANY EVIDENCE OF ALLEGED COUNTERFEITING OF REGISTERED MARKS THAT PREDATES REGISTRATION OR FALLS OUTSIDE A REGISTERED CLASS</u>

This Court's Order [DE 139] on Defendant Redbubble's Motion for Summary Judgment [DE 40] permits Plaintiff Brandy Melville to pursue contributory infringement by counterfeiting. Counterfeiting requires that a direct infringer use a non-genuine mark that is identical with, or substantially indistinguishable from, a registered mark. *See* O'MALLEY, GRENIG, & LEE, FED. JURY. PRAC. & INSTR. CIVIL COMPANION HANDBOOK § 6:2 (2019); *Idaho Potato Comm'n v. G&T Terminal Pack, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005). Accordingly, where there is no registered mark, there is no counterfeiting. Furthermore, the infringing goods must match the category(s) of goods or services claimed in the actual registration. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011).

Here, Plaintiff Brandy Melville asserts very recently registered marks. The Brandy Heart Mark (USPTO Reg. No. 5,238,856) was registered on July 11, 2017. [DE#40-19] The Brandy Flags Mark (USPTO Reg. No. 5,373,397) was registered on January 9, 2018. [DE#40-20] And the LosAngeles Lightning Mark (USPTO

1  Reg. No. 5,748,883) was registered on May 14, 2019. [DE#40-19] Moreover, each
2  of these registrations are limited to particular classes of use. [*See* DE#40-19,
3  DE#40-20, DE#40-21.]

4        Plaintiff Brandy Melville should be precluded from offering any evidence or
5  argument as to any alleged infringement of those registered marks that either
6  precedes the respective registration date, or falls outside the categories of goods
7  claimed in the registration. Since such sales could not constitute counterfeiting, the
8  offering of such evidence could only cause prejudice against Redbubble, with no
9  associated probative value whatsoever since it cannot be relevant, and exposing the
10 jury to such evidence would be purely prejudicial. Fed. R. Evid. 401-403.

11 **II.  PLAINTIFF SHOULD BE BARRED FROM INTRODUCING ANY**
12      **EVIDENCE OF ALLEGED COUNTERFEITING OF**
13      **UNREGISTERED MARKS THAT PREDATES ACTUAL NOTICE TO**
14      **REDBUBBLE**

15       This Court's Order [DE 139] on Defendant Redbubble's Motion for Summary
16 Judgment [DE 40] also appears to permit Plaintiff Brandy Melville to pursue
17 contributory infringement of unregistered marks. Contributory infringement
18 liability falls on a defendant that "continues to supply its product [or services] to one
19 whom it knows or has reason to know is engaging in trademark infringement."
20 *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 854 (1982). By
21 definition, the requirement that a contributory infringer "continues" in such activity
22 after it gains such knowledge presumes that the contributory infringer has obtained
23 knowledge or reason therefor that the mark in question is an actual trademark. But
24 unlike registered marks, for which Plaintiff may be able to rely on, *inter alia*,
25 statutory notice, *see, e.g.*, Ninth Cir. Model J. Instr. 15.26, contributory infringement
26 liability for unregistered marks necessarily requires that the defendant have actual
27 knowledge of the unregistered mark. *Compare, e.g.*, *Perfect 10, Inc. v.*
28 *Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) (citing *A & M Records,*

*Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001); contributory liability for copyright infringement requires actual knowledge).

As with alleged pre-registration infringement of registered marks, because pre-notice direct infringement of unregistered marks cannot form the basis for contributory infringement, any evidence thereof could only cause prejudice against Redbubble, with no associated probative value whatsoever since it cannot be relevant, and exposing the jury to such evidence would be purely prejudicial.  Fed. R. Evid. 401-403.  It should be excluded accordingly.

Dated: August 21, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR


By: */s/ Joshua M. Masur*
    Joshua M. Masur
    Attorneys for Defendant
    REDBUBBLE INC.