KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlawler.com*
RASHEED M. McWILLIAMS  (SBN 281832)
 *rmcwilliams@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>REDBUBBLE INC.,<br><br>            Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 9 TO BAR PLAINTIFF FROM INTRODUCING UNDISCLOSED EVIDENCE OR ARGUMENT OF COUNTERFEITING**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur; [Proposed] Order]*<br><br>Hearing Date:  October 6, 2020<br>Time:                 9:00 a.m.<br>Courtroom:       850<br>Hon. R. Gary Klausner |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 6, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order barring plaintiff Y.Y.G.M. SA dba Brandy Melville ("Brandy Melville") from introducing any evidence that either (a) falls outside a registered class, or (b) for which plaintiff failed to proffer "sufficiently detailed evidence to make judgments regarding the similarity of items" [DE#103 (Summary Judgment Order), at 15], is a counterfeit.

This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.

This motion is made following counsel for Redbubble's requests to schedule a meet and confer pursuant to L.R. 7-3, which requests were sent on August 12, 13, and 14, 2020. Counsel for the parties disagreed regarding whether additional motions *in limine* are timely based on the Court's Order continuing the Jury Trial to October 6, 2000 (DE#99) and paragraph 1 of the Court's Civil Jury Trial Order, or whether the deadlines based on the original trial date survived the continued trial date, and counsel for Plaintiff did not agree to meet and confer. A true and correct copy of the relevant correspondence is attached as Exhibit H to the Masur Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

"The mere use of [another's] trademarks is not itself counterfeiting." [Order on Motions for Summary Judgment, DE#103 at 14.] In particular, and as set forth in Redbubble's Motion for Summary Judgment:

counterfeiting requires a showing that defendant used an "identical or substantially indistinguishable" copy of a mark that is "registered on the principal register … for such goods or services sold, offered for sale, or distributed and that is in use." A counterfeit product must be a "stitch for stitch copy" of plaintiff's own products when viewed in the marketplace (considering such factors as surrounding packaging and any house labels), such that a consumer "would be tricked into believing that the [Accused P]roduct is actually one of Plaintiff's [] products."

[DE#40 at 17-18 (citations omitted; citing 15 U.S.C. § 1116(d)(1)(B)(i); *see also Kaloud, Inc. v. Shisha Land Wholesale, Inc.*, No. 15-3706-RGK, 2016 WL 7444600, at *2 (C.D. Cal. July 11, 2016), *aff'd*, 741 F. App'x 393 (9th Cir. 2018); *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-07058-ODW, 2019 WL 1260625, at *2-3 (C.D. Cal., Mar. 19, 2019).]

Thus, to prove counterfeiting, Plaintiff was required to produce during discovery evidence both (a) that established its own use of an asserted registered mark on products to which the alleged counterfeits were similar, and (b) that the alleged counterfeits fall within a class for which each such asserted mark was registered. Plaintiff's failure to do so violated its obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

The briefing on Redbubble's motion for summary judgment establishes Plaintiff's failure to produce the evidence it needs to prove counterfeiting. Redbubble moved for summary judgment that it could not be liable for counterfeiting because "none of the Accused Products are copies of products on which Brandy Melville uses its registered trademarks." [DE#40 at 1; *accord, e.g., id.* at 17-18; DE#40-1 at 31-32, ¶ 27 (same).] Plaintiff opposed Redbubble's motion, asserting, in relevant part, that:

> Brandy Melville also places the Brandy Melville Mark—which was registered on July 11, 2017 and protects clothing—on its apparel, and the record confirms that Redbubble offered for sale counterfeit clothing bearing the mark on, *inter alia*, April 28, 2020. (SUF ¶¶ 24, 221.) Redbubble also offered to counterfeit signs and other pieces of furniture and home goods bearing the Brandy Melville Mark. (*Id.* ¶¶ 32, 160, 162.)

[*Id.* at 14.]

But Plaintiff proffered no admissible evidence to support these assertions. The only exhibit proffered by Plaintiff at summary judgment that arguably shows "any decorative items that Brandy Melville has actually offered for sale" [DE#103 at 15[1]] is Exhibit 85. [DE#36-92.] Exhibit 85 is described by an attorney declaration as "a true and correct copy of pictures from Brandy Melville." [DE#37-70, ¶ 23.] On its face, Exhibit 85 appears to depict physical objects that feature a variation of the Brandy Heart Mark on wooden signs and a loose-leaf notebook. [DE#36-92.] However, the document bears no bates numbers, and does not appear to have been produced before the close of discovery, nor does it appear that Plaintiff has proffered "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Rule 26(a)(1)(A)(ii) required that Plaintiff disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for

---

[1] Indeed, the Court's order adjudicating the parties' cross motions for summary judgment expressly finds, in relevant part, that Plaintiff's evidence was insufficient to meet its burden: "with regard to the Brandy Mark, the Court lacks sufficiently detailed evidence to make judgments regarding the similarity of items such as the wall hangings offered on Redbubble to any decorative items that Brandy Melville has actually offered for sale." [DE#103 at 15.]

impeachment." "Rule 37(c)(1) provides that '[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … at a trial, unless the failure was substantially justified or harmless.' 'The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless.'" *Hsu v. Thorsen Tool Co.*, No. CV 13-08248-RGK, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), *clarified on denial of reconsideration*, 2014 WL 12608311 (C.D. Cal. Nov. 17, 2014) (citations omitted).

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiff's initial disclosures represented that "[p]ictures and samples of Plaintiff's trademarks and products" were "in Plaintiff's possession, custody, or control and may be used to support Plaintiff's claims." [Masur Decl., Exh. I (Plaintiff's Initial Disclosures), at 2.] Redbubble requested that those documents be produced – including, in particular, "[a]ll documents that relate to, refer to, or evidence the similarity of the Plaintiff Marks and the allegedly infringing marks," and "[d]ocuments sufficient to identify all uses, licensed or unlicensed, of any Plaintiff Mark of which you are aware, including the timing of, manner of, substance of, and natural or fictional persons associated with each such use." [Masur Decl., Exh. J (Plaintiff's Responses to Requests for Production), Nos. 5, 12.] Plaintiff's failure to produce the sole exhibit on which it relied at summary judgment speaks for itself.

Even had that exhibit been produced in discovery, and even were it authenticated, the uses it arguably depicts still would not fall within the registered classes. In particular, the registration for the Brandy Heart mark does not cover Class 27 (Floor Coverings), the class in which the PTO classifies non-textile wall hangings like wooden signs:

> **CLASS 27**
>
> **(Floor coverings)**

> Carpets, rugs, mats and matting, linoleum and other materials for covering existing floors; wall hangings (non-textile).
>
> *Explanatory Note*
>
> Class 27 includes mainly products intended to be added as furnishings to previously constructed floors and walls….

[Masur Decl., Ex. K (TMEP § 1401.02), at 1400-22 (highlighting added).]

The Federal Rules of Civil Procedure preclude trial by ambush by setting forth a specific sanction for a party's failure to produce evidence supporting its claims as part of its pre-trial disclosures or discovery. Plaintiff failed to produce "sufficiently detailed evidence to make judgments regarding the similarity of items" [DE#103 at 15] to prove counterfeiting, or to proffer any evidence that the alleged counterfeits fall within a class for which each such asserted mark was registered. Plaintiff should not be permitted to introduce them at trial.

Dated: August 21, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR


By: */s/ Joshua M. Masur*
   Joshua M. Masur
   Attorneys for Defendant
   REDBUBBLE INC.