# EXHIBIT J

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>            Defendant. | Case No. 2:19-cv-04618-RGK (FFMx)<br><br>**PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

PROPOUNDING PARTY:      Defendant Redbubble, Inc.

RESPONDING PARTY:       Plaintiff, Y.Y.G.M. SA d.b.a. Brandy Melville

SET NO.:                One (1)

1361509

-1-                                     Case No. 2:19-cv-04618-RGK (FFMx)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") hereby provides the following responses and objections to Defendant Redbubble, Inc.'s ("Defendant") First Set of Requests for Production to Plaintiff (the "Requests").

## GENERAL STATEMENT

Plaintiff's investigation of the facts relating to this case is still ongoing.  As such, Plaintiff has not completed its investigation, discovery, or preparation for trial. All of the responses contained herein are based upon the information presently available, and specifically known, to Plaintiff.  It is anticipated that further discovery and further independent investigation will supply additional facts which may clarify and add meaning to facts presently known, as well as establish new factual matters, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.  The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts or documents.

The responses contained herein are made in a good-faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Plaintiff in relationship to further discovery, research, or analysis. Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time, including at or during trial, in light of facts revealed through discovery, further investigation, or further legal analysis.  Plaintiff also reserves the right to amend or supplement these responses with any information that has been inadvertently or unintentionally omitted and/or to introduce such information into evidence at the time of hearing or trial.

Plaintiff makes these responses to the Requests subject to, and without waiving in any way, any objections as to competence, relevance, materiality, propriety, or admissibility, or to any and all other objections and grounds, all of which are reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual response, regardless of whether specific reference to them is made, and Plaintiff does not waive any of the general or specific objections made herein:

1.      Plaintiff objects to each and every Request to the extent that it purports, through instructions or otherwise, to impose burdens and duties on Plaintiff that exceed the proper scope of discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Plaintiff objects to each and every Request to the extent it seeks information that is not relevant to any claim or defense in this action.

3.      Plaintiff objects to each and every Request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Request to the extent it seeks information that is disproportionate to the needs of the case pursuant to Federal Rule of Civil Procedure 26.

5.      Plaintiff objects to each and every Request to the extent that it seeks the production of information subject to the attorney-client privilege, the work-product doctrine, or other applicable privileges, protections, or immunities.  Any disclosure of such information is inadvertent and shall not be deemed a waiver of any applicable privilege, protection, or immunity.

6.      Plaintiff objects to each and every Request to the extent that it seeks information protected by the United States or California Constitutions, federal or California statutes, or case law that establishes a right of privacy or forbids the discovery and dissemination of confidential, sensitive, or financial information. Plaintiff will not reveal such information where doing so would violate the privacy rights of Plaintiff or of third parties.

7.      Plaintiff objects to each and every Request to the extent that it is

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

repetitive, redundant, or overlapping.

8.     Plaintiff objects to each and every Request to the extent that it is unduly burdensome, oppressive, annoying, or harassing.

9.     Plaintiff objects to each and every Request to the extent that it is vague and ambiguous, compound, confusing, unintelligible, unclear, or amenable to different meanings, understandings, or interpretations.  Plaintiff responds to each and every Request as it interprets and understands it, with respect to the issues framed in connection with this action.  If Plaintiff asserts an interpretation of any part of any Request that differs from the understanding of Defendant, Plaintiff reserves the right to supplement, amend, or modify its responses.

10.    Plaintiff objects to each and every Request to the extent that it is unlimited in time or seeks information beyond the time-frame relevant to this action on the grounds that it is overbroad and unduly burdensome, and it seeks information that is irrelevant to the subject matter of this action.

11.    Plaintiff objects to each and every Request to the extent that it seeks information, documents, or things that do not exist or purports to require Plaintiff to create documents or things that do not already exist.

12.    Plaintiff objects to each and every Request to the extent that it seeks information, documents, or things that are not in Plaintiff's possession, custody, or control.

13.    Plaintiff objects to each and every Request to the extent that it is not reasonably particularized.

14.    Plaintiff objects to each and every Request to the extent that it seeks information that is subject to requirements, disclosures, and/or other applicable laws pertaining to expert discovery.

15.    Plaintiff objects to each and every Request to the extent that it seeks to impose duties or obligations different from, additional to, or otherwise beyond those required by the Federal Rules of Civil Procedure.

16.    Plaintiff objects to each and every Request to the extent that it seeks information that is equally available to or within Defendant's possession, custody, or control on the grounds that such Request is unduly burdensome and oppressive.

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including assignments, contracts, licenses, employee agreements, and work made for hire agreements, on which You may rely to establish or contend that Plaintiff owns or otherwise has rights in each Plaintiff Mark, registered or unregistered, that Plaintiff alleges that Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace, has infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "including assignments, contracts, licenses, employee agreements, and work made for hire agreements," "may rely," "establish or contend," "owns or otherwise has rights," "registered or unregistered," "alleges that," "anyone," "who has created an allegedly infringing listing or otherwise used," "marketplace," and "has infringed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff

1   objects that this Request is overbroad because it is not limited to any relevant time

2   period.

3     Subject to, and without waiving, its General and Specific Objections, Plaintiff

4   responds that documents responsive to this Request that are in Plaintiff's possession,

5   custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

6   and to which no objection is being made will be produced.

7   **REQUEST FOR PRODUCTION NO. 2:**

8     All documents that refer or relate to Your contention that Redbubble, or anyone

9   who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on

10  the Redbubble marketplace, or has infringed any of the Plaintiff Marks.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

12    Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

13  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

14  trial preparation.   Plaintiff objects that this Request is overbroad and unduly

15  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

16  therein, including but not limited to "refer," "relate," "contention," "who has created

17  an allegedly infringing listing or otherwise used," "marketplace," and "has infringed,"

18  are vague, ambiguous, and reasonably subject to multiple meanings and

19  interpretations.  Plaintiff objects to this Request to the extent it seeks information that

20  is not relevant to any claim or defense in this action.  Plaintiff objects that this Request

21  calls for legal conclusions and opinions.   Plaintiff reserves the right to rely on

22  documents in addition to, or different from, those which may be produced in response

23  to this Request.  Plaintiff objects to this Request to the extent it calls for information

24  protected by the attorney-client privilege, the work-product protection, or any other

25  applicable privileges, immunities, or protections.  Plaintiff objects that this Request

26  is overbroad because it is not limited to any relevant time period.

27    Subject to, and without waiving, its General and Specific Objections, Plaintiff

28  responds that documents responsive to this Request that are in Plaintiff's possession,

1  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

2  and to which no objection is being made will be produced.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      All documents that relate to, refer to, or evidence whether anyone has been

5  confused, mistaken or deceived about whether goods originate from or are affiliated

6  with, sponsored by, licensed by or endorsed by Plaintiff by an alleged use of a Plaintiff

7  Mark by Redbubble, or by anyone who has created an allegedly infringing listing or

8  otherwise used a Plaintiff Mark on the Redbubble marketplace.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10     Plaintiff incorporates its General Objections herein. Plaintiff reserves the right

11  to rely on documents in addition to, or different from, those which may be produced

12  in response to this Request. Plaintiff objects that this Request is overbroad and unduly

13  burdensome. Plaintiff objects that this Request, and the undefined terms and phrases

14  therein, including but not limited to "relate to," "refer to," "evidence," "whether,"

15  "anyone," "confused, mistaken or deceived," "goods," "originate," "affiliated with,"

16  "sponsored by," "licensed by," "endorsed by," "alleged use," "created," "allegedly

17  infringing listing," "otherwise," and "marketplace," are vague, ambiguous, and

18  reasonably subject to multiple meanings and interpretations. Plaintiff objects to this

19  Request to the extent it seeks information that is not relevant to any claim or defense

20  in this action. Plaintiff objects that this Request calls for legal conclusions and

21  opinions. Plaintiff objects to this Request on the grounds that discovery is ongoing

22  and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request

23  to the extent it calls for information protected by the attorney-client privilege, the

24  work-product protection, or any other applicable privileges, immunities, or

25  protections. Plaintiff objects that this Request is overbroad because it is not limited

26  to any relevant time period.

27     Subject to, and without waiving, its General and Specific Objections, Plaintiff

28  responds that documents responsive to this Request that are in Plaintiff's possession,

custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that relate to, refer to, or evidence the proximity of Plaintiff's goods and the allegedly infringing goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the proximity," "goods," and "allegedly infringing" are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that relate to, refer to, or evidence the similarity of the Plaintiff Marks and the allegedly infringing marks.

-8-

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the similarity," and "allegedly infringing marks," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to, refer to, or evidence actual confusion between the Plaintiff Marks and the allegedly infringing marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "actual confusion," "between," and "allegedly infringing marks" are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to, refer to, or evidence the marketing channels used for Plaintiff's goods or the allegedly infringing goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request

1  is overbroad because it is not limited to any relevant time period.  Plaintiff objects

2  that this Request, and the undefined terms and phrases therein, including but not

3  limited to "relate to," "refer to," "evidence," "marketing channels," "used," "goods,"

4  and "allegedly infringing goods" are vague, ambiguous, and reasonably subject to

5  multiple meanings and interpretations.  Plaintiff objects that this Request calls for

6  legal conclusions and opinions.

7       Subject to, and without waiving, its General and Specific Objections, Plaintiff

8  responds that it is willing to meet and confer regarding the scope of Defendant's

9  Request.

10 **REQUEST FOR PRODUCTION NO. 8:**

11      All documents that relate to, refer to, or evidence the type of goods sold or

12 licensed by Plaintiff.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

15 Request to the extent it seeks information that is not relevant to any claim or defense

16 in this action.  Plaintiff objects to this Request on the grounds that discovery is

17 ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this

18 Request, and the undefined terms and phrases therein, including but not limited to

19 "relate to," "refer to," "evidence," "type of goods," "sold," and "licensed," are vague,

20 ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

21 objects that this Request calls for legal conclusions and opinions.  Plaintiff reserves

22 the right to rely on documents in addition to, or different from, those which may be

23 produced in response to this Request.  Plaintiff objects that this Request is overbroad

24 and unduly burdensome.  Plaintiff objects to this Request to the extent it calls for

25 information protected by the attorney-client privilege, the work-product protection,

26 or any other applicable privileges, immunities, or protections.  Plaintiff objects that

27 this Request is overbroad because it is not limited to any relevant time period.

28      Subject to, and without waiving, its General and Specific Objections, Plaintiff

1  responds that it is willing to meet and confer regarding the scope of Defendant's
2  Request.

3  **REQUEST FOR PRODUCTION NO. 9:**

4      All documents that relate to, refer to, or evidence the degree of care likely to
5  be exercised by purchasers of Plaintiff's goods or the allegedly infringing goods.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7      Plaintiff incorporates its General Objections herein.  Plaintiff objects that this
8  Request is overbroad because it is not limited to any relevant time period.  Plaintiff
9  objects to this Request on the grounds that discovery is ongoing and Plaintiff has not
10  completed its trial preparation.  Plaintiff objects that this Request, and the undefined
11  terms and phrases therein, including but not limited to "relate to," "refer to,"
12  "evidence," "degree of care," "likely," "exercised," "purchasers," "goods," and
13  "allegedly infringing goods," are vague, ambiguous, and reasonably subject to
14  multiple meanings and interpretations.   Plaintiff reserves the right to rely on
15  documents in addition to, or different from, those which may be produced in response
16  to this Request.  Plaintiff objects to this Request to the extent it seeks information that
17  is not relevant to any claim or defense in this action.  Plaintiff objects that this Request
18  is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal
19  conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for
20  information protected by the attorney-client privilege, the work-product protection,
21  or any other applicable privileges, immunities, or protections.

22      Subject to, and without waiving, its General and Specific Objections, Plaintiff
23  responds that it is willing to meet and confer regarding the scope of Defendant's
24  Request.

25  **REQUEST FOR PRODUCTION NO. 10:**

26      All documents that relate to, refer to, or evidence any alleged infringer's intent
27  in allegedly selecting the Plaintiff Marks or the allegedly infringing marks.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "alleged infringer's intent," "allegedly selecting," and "allegedly infringing marks," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that relate to, refer to, or evidence the likelihood of expansion of Plaintiff's product lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the likelihood," "expansion," and "product lines," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all uses, licensed or unlicensed, of any Plaintiff Mark of which you are aware, including the timing of, manner of, substance of, and natural or fictional persons associated with each such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "all uses," "licensed or unlicensed," "aware," "timing of," "manner of," "substance of," "natural or fictional," "associated," and "each such use," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection,

1  or any other applicable privileges, immunities, or protections.  Plaintiff objects that

2  this Request is overbroad because it is not limited to any relevant time period.

3       Subject to, and without waiving, its General and Specific Objections, Plaintiff

4  responds that it is willing to meet and confer regarding the scope of Defendant's

5  Request.

6  **REQUEST FOR PRODUCTION NO. 13:**

7       A copy of each registration certificate for each Plaintiff Mark.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

10  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

11  trial preparation.  Plaintiff objects that this Request calls for legal conclusions and

12  opinions.  Plaintiff objects to this Request to the extent it seeks information that is not

13  relevant to any claim or defense in this action.  Plaintiff objects that this Request is

14  overbroad and unduly burdensome.  Plaintiff objects that this Request, and the

15  undefined terms and phrases therein, including but not limited to "copy,"

16  "registration," "certificate," and "each," are vague, ambiguous, and reasonably

17  subject to multiple meanings and interpretations.  Plaintiff objects to this Request to

18  the extent it calls for information protected by the attorney-client privilege, the work-

19  product protection, or any other applicable privileges, immunities, or protections.

20  Plaintiff objects that this Request is overbroad because it is not limited to any relevant

21  time period.  Plaintiff reserves the right to rely on documents in addition to, or

22  different from, those which may be produced in response to this Request.

23       Subject to, and without waiving, its General and Specific Objections, Plaintiff

24  responds that documents responsive to this Request that are in Plaintiff's possession,

25  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

26  and to which no objection is being made will be produced.

27  **REQUEST FOR PRODUCTION NO. 14:**

28       All documents that relate to, refer to, or evidence any communications,

1361509

-15-

Case No. 2:19-cv-04618-RGK (FFMx)

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

1 including with the Patent & Trademark Office, regarding any Plaintiff Mark.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

3     Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

4 Request as it calls for information protected by the attorney-client privilege, the work-

5 product protection, or other applicable privileges, immunities, or protections.

6 Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff

7 has not completed its trial preparation.  Plaintiff objects that this Request, and the

8 undefined terms and phrases therein, including but not limited to "relate to," "refer

9 to," and "evidence," are vague, ambiguous, and reasonably subject to multiple

10 meanings and interpretations.  Plaintiff objects to this Request as it seeks information

11 that is not relevant to any claim or defense in this action.  Plaintiff reserves the right

12 to rely on documents in addition to, or different from, those which may be produced

13 in response to this Request.  Plaintiff objects that this Request calls for legal

14 conclusions and opinions.  Plaintiff objects that this Request is overbroad because it

15 is not limited to any relevant time period.  Plaintiff objects that this Request is

16 overbroad and unduly burdensome.

17     Subject to, and without waiving, its General and Specific Objections, Plaintiff

18 responds that it is willing to meet and confer regarding the scope of Defendant's

19 Request.

20 **REQUEST FOR PRODUCTION NO. 15:**

21     All documents related to any allegation that Redbubble had the right or ability

22 to supervise or control the allegedly infringing activity of anyone who has created an

23 allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble

24 marketplace.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26     Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

27 Request to the extent it seeks information that is not relevant to any claim or defense

28 in this action.  Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "related to," "allegation," "had the right," "ability to," "supervise," "control," "allegedly infringing activity," "anyone," "has created," "allegedly infringing listing," "otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.   Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to any allegation that Redbubble failed to exercise any alleged right or ability to supervise or control the allegedly infringing activity of anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request

to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "failed to exercise," "alleged," "right," "ability," "supervise," "control," "allegedly infringing," "activity," "anyone," "created," "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.   Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request calls for legal conclusions and opinions.   Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any allegation that Redbubble knew or had reason to know of the allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.   Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "knew or had

reason to know," "allegedly infringing activity," "anyone," "who has created an allegedly infringing listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any allegation that Redbubble intentionally induced or materially contributed to allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates its General Objections herein. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "intentionally," "induced," "materially," "contributed," "allegedly infringing activity," "anyone," "created," "listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information

protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 19:**

All documents on which You may rely to establish or contend that Redbubble is not engaged in transmitting, routing, or providing connections for online communication, between points specified by a user, of material of the user's choosing, without modification to the content of the material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "not engaged in," "transmitting," "routing," "providing," "connections," "online," "between," "points," "specified," "by a user," "material," "user's choosing," "without," "modification," "content," and "material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other

applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All documents on which You may rely to establish or contend that Redbubble is not a service provider of online services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "service provider," and "online services," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff

responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All documents on which You may rely to establish or contend that your claims against Redbubble are not based on information residing on Redbubble's systems or networks at the direction of users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "claims," "based," "information," "residing," "systems," "networks," and "direction of users," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All documents on which You may rely to establish or contend that Redbubble had actual knowledge that any allegedly infringing listing on the Redbubble marketplace, was actually infringing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "actual knowledge," "allegedly infringing listing," "marketplace," "actually," and "infringing," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents on which You may rely to establish or contend that Redbubble was aware of facts or circumstances from which specific infringing activity was apparent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "aware," "facts," "circumstances," "specific," "infringing activity," and "apparent," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All documents on which You may rely to establish or contend that, upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, Redbubble failed to act expeditiously to remove or disable access to the allegedly infringing material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "upon obtaining knowledge," "awareness," "upon receiving a," "valid," "notification," "claimed infringement," "failed," "act expeditiously," "remove or disable," "access," and "allegedly infringing material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All documents on which You may rely to establish or contend that, Redbubble acted with reckless disregard for, or willful blindness to, Plaintiff's rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

Request.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "acted with," "reckless," "disregard," "willful," "blindness," and "rights," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that refer or relate to Redbubble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer" and

1  "relate to," are vague, ambiguous, and reasonably subject to multiple meanings and

2  interpretations.

3      Subject to, and without waiving, its General and Specific Objections, Plaintiff

4  responds that it is willing to meet and confer regarding the scope of Defendant's

5  Request.

6  **REQUEST FOR PRODUCTION NO. 27:**

7      All documents that refer or relate to anyone who has created an allegedly

8  infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

11  Request to the extent it calls for information protected by the attorney-client privilege,

12  the work-product protection, or any other applicable privileges, immunities, or

13  protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

14  and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely

15  on documents in addition to, or different from, those which may be produced in

16  response to this Request.  Plaintiff objects that this Request is overbroad and unduly

17  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

18  therein, including but not limited to "refer," "relate to," "anyone," "who has created

19  an allegedly infringing listing or otherwise used," and "marketplace," are vague,

20  ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

21  objects to this Request to the extent it seeks information that is not relevant to any

22  claim or defense in this action.  Plaintiff objects that this Request is overbroad because

23  it is not limited to any relevant time period.  Plaintiff objects that this Request calls

24  for legal conclusions and opinions.

25      Subject to, and without waiving, its General and Specific Objections, Plaintiff

26  responds that documents responsive to this Request that are in Plaintiff's possession,

27  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

28  and to which no objection is being made will be produced.

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION NO. 28:**

For each Plaintiff Mark, documents sufficient to show all time periods in which You used each such mark, including the beginning and end of each such period, including dates of first use, invoices, purchase orders, inventories, and current and historical sales figures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "each," "sufficient," "show," "time periods," "used," "such mark," "including," "the beginning and end," "such period," "dates of first use," "invoices," "purchase orders," "inventories," "current," "historical," "sales," and "figures," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 29:**

For each Plaintiff Mark that You ceased or paused using for any time period, to the extent that you contend that you intended to resume such use, all documents

1  related to any such intended resumption of use.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

3        Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right

4  to rely on documents in addition to, or different from, those which may be produced

5  in response to this Request.  Plaintiff objects to this Request to the extent it seeks

6  information that is not relevant to any claim or defense in this action.  Plaintiff objects

7  that this Request is overbroad and unduly burdensome.  Plaintiff objects that this

8  Request calls for legal conclusions and opinions.  Plaintiff objects that this Request,

9  and the undefined terms and phrases therein, including but not limited to "ceased,"

10  "paused," "using," "time period," "to the extent," "contend," "intended," "resume

11  such use," "related to," "resumption," and "use," are vague, ambiguous, and

12  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

13  Request to the extent it calls for information protected by the attorney-client privilege,

14  the work-product protection, or any other applicable privileges, immunities, or

15  protections.  Plaintiff objects that this Request is overbroad because it is not limited

16  to any relevant time period.  Plaintiff objects to this Request on the grounds that

17  discovery is ongoing and Plaintiff has not completed its trial preparation.

18        Subject to, and without waiving, its General and Specific Objections, Plaintiff

19  responds that it is willing to meet and confer regarding the scope of Defendant's

20  Request.

21  **REQUEST FOR PRODUCTION NO. 30:**

22        All documents that constitute, refer or relate to any studies, including formal or

23  informal analysis, investigation, surveys, focus groups, consumer research, or other

24  information or reports that You contend support any of Your claims in this lawsuit.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

26        Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

27  Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

28  grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "studies," "including," "formal," "informal," "analysis," "investigation," "surveys," "focus groups," "consumer research," "information," "report," "contend," "support," and "lawsuit," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All documents that refer or relate to whether Redbubble was aware of any specific instance of alleged infringement or use of any Plaintiff Mark, including but not limited to alleged infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate to," "whether," "aware,"

"specific," "instance," "alleged infringement," "use of," "including but not limited to," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that constitute, refer or relate to communications that You have had with Redbubble relating to any alleged infringement or use of any Plaintiff Mark, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks

information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "alleged infringement," "use of," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.   Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that constitute, refer or relate to communications that You have had with third parties relating to any alleged infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "third parties," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this

1   Request is overbroad and unduly burdensome.  Plaintiff objects to this Request to the

2   extent it seeks information that is not relevant to any claim or defense in this action.

3   Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff

4   objects to this Request to the extent it calls for information protected by the attorney-

5   client privilege, the work-product protection, or any other applicable privileges,

6   immunities, or protections.  Plaintiff objects that this Request is overbroad because it

7   is not limited to any relevant time period.  Plaintiff reserves the right to rely on

8   documents in addition to, or different from, those which may be produced in response

9   to this Request.

10      Subject to, and without waiving, its General and Specific Objections, Plaintiff

11   responds that documents responsive to this Request that are in Plaintiff's possession,

12   custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

13   and to which no objection is being made will be produced.

14   **REQUEST FOR PRODUCTION NO. 34:**

15      All documents that constitute, refer or relate to internal communications that

16   You have had relating to any alleged infringement or use of any Plaintiff Mark by

17   Redbubble, or anyone who has created an allegedly infringing listing or otherwise

18   used a Plaintiff Mark on the Redbubble marketplace.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

21   Request on the grounds that discovery is ongoing and Plaintiff has not completed its

22   trial preparation.  Plaintiff objects that this Request, and the undefined terms and

23   phrases therein, including but not limited to "constitute," "refer," "relate to,"

24   "internal," "alleged infringement," "use," "anyone," "who has created an allegedly

25   infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and

26   reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

27   Request to the extent it seeks information that is not relevant to any claim or defense

28   in this action.  Plaintiff reserves the right to rely on documents in addition to, or

different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that relate to any alleged damage or harm caused by any alleged infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "alleged," "damage," "harm," "caused by," "alleged infringement," "use of," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff

objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show all revenue and profits generated by Plaintiff from each good or service sold in connection with any of the Plaintiff Marks, by year, quarter and/or month, including any revenue generated from licensing one of more of the Plaintiff Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "revenue," "profits," "generated," "each," "good," "service," "sold," "connection," "year," "quarter," "month," "including," "licensing," and "one of more," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that constitute, refer or relate to any analyses (including, by way of example, studies, reports, investigations, research and email commentary) relating to any reasons for increases or decreases in Plaintiff revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "analyses," "including," "by way of example," "studies," "reports," "investigations," "research," "email," "commentary," "reasons," "increases," "decreases," "revenue," and "profits," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to the strength, validity or enforceability of any Plaintiff Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates its General Objections herein. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects to this Request on the grounds that

discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "strength," "validity," and "enforceability," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that constitute, refer or relate to any challenge or dispute relating to the strength, validity or enforceability of any Plaintiff Mark, including lawsuits, arbitrations, mediations, or administrative proceedings (including TTAB proceedings), as well as any letters or other threats of legal actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "constitute," "refer," "relate to," "challenge," "dispute," "strength," "validity," "enforceability," "lawsuits," "arbitrations," "mediations," "administrative," "proceedings," "TTAB," "letters," "threats," and "legal actions," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the date, time and circumstances under which You learned of each alleged instance of infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "date," "time," "circumstances," "under," "learned," "each," "alleged

instance," "infringement," "anyone," "who," "created," "allegedly infringing," "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All documents of which You are aware that support Your contention that Redbubble has sold, offered for sale, manufactured, printed, or shipped any products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "aware," "support," "contention," "sold," "offered for sale," "manufactured," "printed," "shipped," and "products," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession,

custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

All documents that constitute, refer or relate to any purchase of any product from Redbubble or via the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "purchase," "product," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request because it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 43:**

All documents that constitute, refer or relate to the purchase by You or anyone acting on Your behalf of any product from Redbubble or via the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information

that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "purchase," "anyone," "acting," "behalf," "product," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request because it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 44:**

All documents that relate to, refer to, or evidence Your contention that Redbubble encourages third parties to upload infringing designs to the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "contention," "encourages," "third parties," "upload," "infringing designs," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

1  Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.

2  Plaintiff objects that this Request is overbroad because it is not limited to any relevant

3  time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing

4  and Plaintiff has not completed its trial preparation.

5       Subject to, and without waiving, its General and Specific Objections, Plaintiff

6  responds that documents responsive to this Request that are in Plaintiff's possession,

7  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

8  and to which no objection is being made will be produced.

9  **REQUEST FOR PRODUCTION NO. 45:**

10      All documents that constitute, refer or relate to any litigation, attempts to

11  enforce, or any other dispute involving the alleged infringement of any of the Plaintiff

12  Marks, including but not limited to copies of any settlement agreements, pleadings,

13  and correspondence (including cease-and-desist letters and responses thereto).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

15      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

16  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

17  trial preparation.  Plaintiff objects to this Request as it seeks information that is not

18  relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on

19  documents in addition to, or different from, those which may be produced in response

20  to this Request.   Plaintiff objects that this Request is overbroad and unduly

21  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

22  therein, including but not limited to "constitute," "refer," "relate to," "litigation,"

23  "attempts to enforce," "other dispute," "involving," "alleged infringement,"

24  "including," "not limited to," "copies," "settlement agreements," "pleadings,"

25  "correspondence," "cease-and-desist," "letters," and "responses thereto," are vague,

26  ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

27  objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to

28  this Request as it calls for information protected by the attorney-client privilege, the

1  work-product protection, or other applicable privileges, immunities, or protections.

2  Plaintiff objects that this Request is overbroad because it is not limited to any relevant

3  time period.

4  **REQUEST FOR PRODUCTION NO. 46:**

5  　　All documents that constitute, refer or relate to Your attempts to exercise

6  quality control of any goods or services sold under the Plaintiff Marks.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8  　　Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

9  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

10  trial preparation.  Plaintiff objects that this Request calls for legal conclusions and

11  opinions.  Plaintiff objects to this Request to the extent it seeks information that is not

12  relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on

13  documents in addition to, or different from, those which may be produced in response

14  to this Request.  Plaintiff objects that this Request is overbroad because it is not

15  limited to any relevant time period.  Plaintiff objects that this Request, and the

16  undefined terms and phrases therein, including but not limited to "constitute," "refer,"

17  "relate to," "attempts," "exercise quality control," "goods," "services," and "sold

18  under," are vague, ambiguous, and reasonably subject to multiple meanings and

19  interpretations.  Plaintiff objects that this Request is overbroad and unduly

20  burdensome.  Plaintiff objects to this Request to the extent it calls for information

21  protected by the attorney-client privilege, the work-product protection, or any other

22  applicable privileges, immunities, or protections.

23  　　Subject to, and without waiving, its General and Specific Objections, Plaintiff

24  responds that documents responsive to this Request that are in Plaintiff's possession,

25  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

26  and to which no objection is being made will be produced.

27  **REQUEST FOR PRODUCTION NO. 47:**

28  　　All documents that constitute, refer or relate to any transfer or grant of rights

1  in any of the Plaintiff Marks, including but not limited to any licenses to or from

2  Plaintiff.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

4       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

5  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

6  trial preparation.  Plaintiff objects that this Request, and the undefined terms and

7  phrases therein, including but not limited to "constitute," "refer or relate to,"

8  "transfer," "grant," "rights," "including but not limited to," and "licenses," are vague,

9  ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff

10 reserves the right to rely on documents in addition to, or different from, those which

11 may be produced in response to this Request.  Plaintiff objects that this Request is

12 overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal

13 conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks

14 information that is not relevant to any claim or defense in this action.  Plaintiff objects

15 that this Request is overbroad because it is not limited to any relevant time period.

16 Plaintiff objects to this Request as it calls for information protected by the attorney-

17 client privilege, the work-product protection, or other applicable privileges,

18 immunities, or protections.

19       Subject to, and without waiving, its General and Specific Objections, Plaintiff

20 responds that documents responsive to this Request that are in Plaintiff's possession,

21 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

22 and to which no objection is being made will be produced.

23 **REQUEST FOR PRODUCTION NO. 48:**

24       All documents that constitute, refer or relate to any alleged use of any Plaintiff

25 Mark by Redbubble or on the Redbubble marketplace, including any electronic

26 captures or printouts of such alleged uses.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer or relate to," "alleged use," "marketplace," "including," "electronic captures," "printouts," "such," "alleged," and "uses," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that constitute, refer or relate to any investigation regarding whether the Plaintiff Marks are being used by Redbubble or on the Redbubble marketplace, including but not limited to investigations performed by Plaintiff's counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff

1  objects to this Request to the extent it seeks information that is not relevant to any

2  claim or defense in this action.  Plaintiff objects that this Request, and the undefined

3  terms and phrases therein, including but not limited to "constitute," "refer or relate

4  to," "investigation," "whether," "being used," "marketplace," "including but not

5  limited," "investigations," "performed," and "counsel," are vague, ambiguous, and

6  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

7  Request as it calls for information protected by the attorney-client privilege, the work-

8  product protection, or other applicable privileges, immunities, or protections.

9  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff

10  objects that this Request is overbroad because it is not limited to any relevant time

11  period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

12      Subject to, and without waiving, its General and Specific Objections, Plaintiff

13  responds that documents responsive to this Request that are in Plaintiff's possession,

14  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

15  and to which no objection is being made will be produced.

16

17  DATED:  November 25, 2019          BROWNE GEORGE ROSS LLP

18                                     Keith J. Wesley
                                       Jason Y. Kelly
19

20                                     By: _____

21                                         Keith J. Wesley

22                                     Attorneys for Y.Y.G.M. SA d.b.a. BRANDY
                                       MELVILLE
23

24

25

26

27

28

**PROOF OF SERVICE**

*Y.Y.G.M. SA d.b.a. BRANDY MELVILLE v REDBUBBLE, INC.*
USDC – Central Case No. 2:19-cv-04618 RGK (FFMx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On November 25, 2019, I served a true copy of the following document described as **PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** on the interested parties in this action as follows:

Joshua M. Masur ZUBER LAWLER          *Counsel for Defendant REDBUBBLE,*
2000 Broadway Street, Suite 154          *INC.*
Redwood City, CA  94063
T: 650-434-8538 F: 213-596-5621
*imasur@zuberlaw.com*

Kenneth B Wilson                              *Co-Counsel for Defendant*
COASTSIDE LEGAL                           *REDBUBBLE, INC.*
455 1st Avenue
Half Moon Bay, CA 94019
T: 650-440-4211 F: 650-440-4851
*ken@coastsidelegal.com*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  On November 25, 2019, I caused a copy of the document to be sent from e-mail address lsingh@bgrfirm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.

_____
Lachmin Singh

1361509

Case No. 2:19-cv-04618-RGK (FFMx)

PROOF OF SERVICE