KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlawler.com*
RASHEED M. McWILLIAMS  (SBN 281832)
 *rmcwilliams@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>REDBUBBLE INC.,<br><br>              Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 10 TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OF OR ARGUMENT REGARDING ITS OWN OPERATIONS THAT WAS NOT PRODUCED OR DISCLOSED IN DISCOVERY**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur; [Proposed] Order]*<br><br>Hearing Date:  October 6, 2020<br>Time:                 9:00 a.m.<br>Courtroom:     850<br>Hon. R. Gary Klausner |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 6, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant Redbubble Inc. ("Redbubble") will move, and hereby moves, for an Order barring plaintiff Y.Y.G.M. SA dba Brandy Melville ("Brandy Melville") from introducing any documentary or other physical evidence of its own operations that was not produced in discovery (including but not limited to any evidence that Plaintiff has offered or sold decorative products bearing the registered marks, or any products bearing the Brandy Heart or Brandy Flags marks), and from any argument based on same.

This motion will be heard in the courtroom of the Honorable R. Gary Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor. The motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Joshua M. Masur, and the pleadings, papers and other documents on file in this action, along with any evidence and argument presented at the hearing on this matter.

This motion is made following counsel for Redbubble's requests to schedule a meet and confer pursuant to L.R. 7-3, which requests were sent on August 12, 13, and 14, 2020.  Counsel for the parties disagreed regarding whether additional motions *in limine* are timely based on the Court's Order continuing the Jury Trial to October 6, 2000 (DE#99) and paragraph 1 of the Court's Civil Jury Trial Order, or whether the deadlines based on the original trial date survived the continued trial date, and counsel for Plaintiff did not agree to meet and confer.  A true and correct copy of the relevant correspondence is attached as Exhibit H to the Masur Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

During discovery, Brandy Melville did not disclose or offer evidence that it offered or sold products that featured two of the three asserted registered

trademarks, the Brandy Heart logo or the Brandy Flag logo. This omission is critical, since Plaintiff Brandy Melville's contributory trademark counterfeiting claim requires a showing that products offered or sold through the Redbubble Marketplace were "virtually identical" to products: 1) that Brandy Melville itself offered or sold; 2) that bear the registered trademark(s) in suit; and 3) that are a product type listed in the trademark registration. [Summary Judgment Order, DE#103, at 14-15]

The Federal Rules of Civil Procedure preclude trial by ambush by setting forth a specific sanction for a party's failure to produce evidence supporting its claims as part of its pre-trial disclosures or discovery, which should be applied here: Brandy Melville should be precluded from presenting evidence or argument that it offered or sold products featuring the Brandy Heart logo or the Brandy Flag logo.

Rule 26(a)(1)(A)(ii) required that Plaintiff disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." "Rule 37(c)(1) provides that '[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … at a trial, unless the failure was substantially justified or harmless.' 'The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless.'" *Hsu v. Thorsen Tool Co.*, No. CV 13-08248-RGK, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), *clarified on denial of reconsideration*, 2014 WL 12608311 (C.D. Cal. Nov. 17, 2014) (citations omitted).

Plaintiff's initial disclosures list "[p]ictures and samples of Plaintiff's trademarks and products," as well as "[d]ocuments relating to Plaintiff's sales." [Masur Decl., Ex. I (Plaintiff's Initial Disclosures), at 2] However, Plaintiff provided no substantive information in response to an interrogatory that asked for an

identification of "each product that Plaintiff has offered for sale or sold" that has used the trademarks-in-suit, and sales information for such products. [Masur Decl., Exh. L (Plaintiff's Interrogatory Responses), No. 14] Similarly, Plaintiff refused to produce documents in response to requests that called for "[d]ocuments sufficient to identify all uses . . . of any Plaintiff mark" [Masur Decl., Exh. J (Plaintiff's Responses to Requests for Production), No. 12]; documents "sufficient to show all time periods in which [Plaintiff] used each such mark," including "invoices, purchase orders, inventories, and current and historical sales figures" [*Id.*, No. 28]; and "[d]ocuments sufficient to show all revenue and profits generated by Plaintiff from each good or service sold in connection with any of the Plaintiff Marks" [*Id.*, No. 36]. Indeed, in total, Plaintiff never provided any discovery responses or documents confirming that it offered decorative (or other) products featuring the Brandy Flag or Brandy Heart logo, and it produced only a single page of unexplained summary financial data, which was not provided until two weeks after Redbubble took Plaintiff's Rule 30(b)(6) deposition. [*See* Masur Decl., ¶ 3, Exhs. M (2/29/2020 letter from J. Masur); N (3/17/2020 email chain)]

      Under the circumstances, it would be unfair to allow Plaintiff to rely on evidence that it steadfastly refused to provide during discovery. This court's opinion in *Hsu v. Thorsen Tool Co.* is instructive. There, the plaintiff refused to provide disclosures or discovery evidencing an element of its prima face case (in that instance damages). 2014 WL 12607677, at *1. Unlike Brandy Melville, that plaintiff at least "produced … bits and pieces of evidence pertaining to [relevant] subjects such as gross margins and marketing activities" *id.*, and provided a partial substantive response to an interrogatory seeking its "average gross and net profit obtained from a sale of a unit." 2014 WL 12607679, at *2 (C.D. Cal. Nov. 10, 2014). Nonetheless, this Court held that such evidence "would enable Defendants to do no more than speculate as to the [damages] computation Plaintiff may present at trial," and therefore precluded "Plaintiff from introducing testimony and evidence

regarding a reasonable royalty" on defendants' sales or "claimed lost profits" based on plaintiff's own sales. 2014 WL 12607677, at *1; 2014 WL 12607679, at *2.

      Brandy Melville's flouting of its disclosure and discovery obligations is even more blatant and uniform than *Hsu*. Rule 37(c)(1) mandates that the Court should preclude Brandy Melville from offering documentary evidence or testimony that it offered or sold products bearing the Brandy Flag or Brandy Hearts marks.

Dated: August 21, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR


By: */s/ Joshua M. Masur*
    Joshua M. Masur
    Attorneys for Defendant
    REDBUBBLE INC.