# EXHIBIT I

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (FFMx)<br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S INITIAL DISCLOSURES** |

1311881

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") hereby submits the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**I.     Preliminary Statement**

Plaintiff makes these disclosure to the best of its present ability.  These disclosures are based on the information reasonably available to Plaintiff or in Plaintiff's possession currently, following a good-faith inquiry.  Plaintiff's investigation of possible witnesses, documents, and damages is ongoing, and it therefore reserves the right to supplement and/or amend these disclosures to include information acquired during the course of discovery and to rely on such information or evidence in this action.  Such supplementation and/or amendments will be provided by supplemental and/or amended disclosures, during the discovery process, or in writing as authorized by Rule 26(e).  These disclosures do not include the identification of expert witnesses, as disclosure of such matters is outside the scope of Rule 26(a)(1).

These disclosures are made without waiver of, or prejudice to, any objection Plaintiff may raise at trial to any information or evidence disclosed in this document.  By making these disclosures, Plaintiff does not waive any applicable privilege, work product protection, or other objection.  Plaintiff reserves the right to object to the production or admissibility of any information or evidence referenced herein.

**II.     Rule 26(a)(1)(A)(i):  Individuals Likely to Have Discoverable Information**

1.  <u>Current and former officers, agents, employees, and contractors of Defendant Redbubble, Inc. ("Defendant")</u>.  Contact through counsel for Defendant.

    <u>Subjects</u>:  Plaintiff's business, including its trademarks, customers, marketing, and sales; Defendant's use of Plaintiff's trademarks; and the harm to Plaintiff's business and benefits to Defendant's business caused by Defendant's unfair competition, counterfeiting, and use of Plaintiff's trademarks.

2.  <u>Salvatore Rianna</u>.  Contact only through counsel for Plaintiff.

    <u>Subjects</u>:   Plaintiff's business; Plaintiff's trademarks, customers, marketing,

and sales; and the harm to Plaintiff's business caused by Defendant's unfair competition, counterfeiting, and use of Plaintiff's trademarks.

3. <u>Madison Elkins</u>.  Contact only through counsel for Plaintiff.

<u>Subjects</u>:  Plaintiff's business; Plaintiff's trademarks, customers, and marketing; and the harm to Plaintiff's business caused by Defendant's unfair competition, counterfeiting, and use of Plaintiff's trademarks.

### III. **Rule 26(a)(1)(A)(ii):  Documents, Electronically Stored Information, and Tangible Things**

The following categories of documents, electronically stored information, and tangible things are in Plaintiff's possession, custody, or control and may be used to support Plaintiff's claims:

1. Pictures and samples of Plaintiff's trademarks and products.  These documents are located at Plaintiff's counsel's office and at Plaintiff's office.

2. Pictures and printouts from the Internet related to Plaintiff's and Defendant's businesses, trademarks, and products.  These documents are located at Plaintiff's counsel's office, Plaintiff's office, and online.

3. Documents related to Plaintiff's sales and channels of marketing and distribution.  These documents are located at Plaintiff's counsel's office and at Plaintiff's office.

4. Plaintiff's trademark registrations.  These documents are located at Plaintiff's counsel's office and at the USPTO website.

Discovery is ongoing.  Plaintiff expressly reserves the right to supplement the aforementioned categories of documents, electronically stored information, and tangible things.  Plaintiff also reserves the right to use and/or rely upon documents produced in discovery by Defendant and third parties to support Plaintiff's claims.

### IV. **Rule 26(a)(1)(A)(iii):  Computation of Damages**

Plaintiff has suffered damages in an amount to be determined at trial.  Plaintiff's damages consist of, *inter alia*:  compensatory damages based on its lost sales, profits,

and customers; statutory damages; actual damages; all profits earned by Defendant from its infringing acts; damage to the value of Plaintiff's business, commercial assets, and goodwill; exemplary and punitive damages; pre- and post-judgment interest; attorneys' fees and costs of suit; and all other monetary relief to which Plaintiff is entitled.  These damages include recovery of three times Plaintiff's actual damages or three times Defendant's profits, whichever is greater, together with its attorneys' fees, as well as statutory damages of $2 million per registered mark.

Plaintiff is unable to compute the foregoing categories of damages at this time. Information necessary to compute Plaintiff's damages—including documents reflecting Defendant's sales and profits—is in the possession of Defendant and/or third parties.  Expert testimony may be required to compute certain categories of Plaintiff's damages.

### V.     Rule 26(a)(1)(A)(iv):  Insurance

Plaintiff is unaware of any insurance agreement under which an insurance business may be liable to satisfy all, or part, of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

DATED:  October 11, 2019         BROWNE GEORGE ROSS LLP
                                  Keith J. Wesley
                                  Jason Y. Kelly


                                 By:   */s/Keith J. Wesley*
                                       Keith J. Wesley
                                 Attorneys for Plaintiff
                                 Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

# PROOF OF SERVICE

**Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble, Inc.**
**Case No. 2:19-cv-04618 RGK (FFMx)**

State of California   )
                      )
County of Los Angeles )

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On October 11, 2019, I served true copies of the following document described as **PLAINTIFF'S INITIAL DISCLOSURES** on the interested parties in this action as follows:

| | |
|---|---|
| Joshua M. Masur<br>ZUBER LAWLER<br>2000 Broadway Street, Suite 154<br>Redwood City, CA  94063<br>Tel: (650) 434-8538<br>Fax: (213) 596-5621<br>jmasur@zuberlaw.com | Attorneys for Defendant<br>REDBUBBLE, INC. |
| Kenneth B. Wilson<br>COASTSIDE LEGAL<br>455 1st Avenue<br>Half Moon Bay, CA  94019<br>Tel: (650) 440-4211<br>ken@coastsidelegal.com | |

**BY E-MAIL:**  On October 11, 2019, I caused a copy of the document to be sent from e-mail address lsingh@bgrfirm.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2019, at Los Angeles, California.

Lachmin Singh

1311881