# EXHIBIT J

1
2
3
4
5

BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

6
7

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. BRANDY MELVILLE

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation, <br><br> Plaintiff, <br><br> vs. <br><br> REDBUBBLE, INC., a Delaware corporation, <br><br> Defendant. | Case No. 2:19-cv-04618-RGK (FFMx) <br><br> **PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

11
12
13
14
15
16
17

18

PROPOUNDING PARTY:     Defendant Redbubble, Inc.

19

RESPONDING PARTY:      Plaintiff, Y.Y.G.M. SA d.b.a. Brandy Melville

20

SET NO.:               One (1)

21
22
23
24
25
26
27
28

1361509

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Y.Y.G.M. SA

2   d.b.a. Brandy Melville ("Plaintiff") hereby provides the following responses and

3   objections to Defendant Redbubble, Inc.'s ("Defendant") First Set of Requests for

4   Production to Plaintiff (the "Requests").

5                              **<u>GENERAL STATEMENT</u>**

6    Plaintiff's investigation of the facts relating to this case is still ongoing.  As

7   such, Plaintiff has not completed its investigation, discovery, or preparation for trial.

8   All of the responses contained herein are based upon the information presently

9   available, and specifically known, to Plaintiff.  It is anticipated that further discovery

10  and further independent investigation will supply additional facts which may clarify

11  and add meaning to facts presently known, as well as establish new factual matters,

12  all of which may lead to substantial additions to, changes in, and variations from the

13  responses set forth herein.  The following responses are given without prejudice to

14  Plaintiff's right to produce evidence of any subsequently discovered facts or

15  documents.

16   The responses contained herein are made in a good-faith effort to supply as

17  much factual information as is presently known, but should in no way be to the

18  prejudice of Plaintiff in relationship to further discovery, research, or analysis.

19  Plaintiff reserves the right to alter, supplement, amend, or otherwise modify these

20  responses in any way and at any time, including at or during trial, in light of facts

21  revealed through discovery, further investigation, or further legal analysis.  Plaintiff

22  also reserves the right to amend or supplement these responses with any information

23  that has been inadvertently or unintentionally omitted and/or to introduce such

24  information into evidence at the time of hearing or trial.

25   Plaintiff makes these responses to the Requests subject to, and without waiving

26  in any way, any objections as to competence, relevance, materiality, propriety, or

27  admissibility, or to any and all other objections and grounds, all of which are reserved

28  and may be interposed at the time of trial.

1

## **GENERAL OBJECTIONS**

2    The following General Objections are incorporated by reference into each
3 individual response, regardless of whether specific reference to them is made, and
4 Plaintiff does not waive any of the general or specific objections made herein:

5    1.  Plaintiff objects to each and every Request to the extent that it purports,
6 through instructions or otherwise, to impose burdens and duties on Plaintiff that
7 exceed the proper scope of discovery under the Federal Rules of Civil Procedure or
8 the Local Rules of this Court.

9    2.  Plaintiff objects to each and every Request to the extent it seeks
10 information that is not relevant to any claim or defense in this action.

11    3.  Plaintiff objects to each and every Request to the extent it seeks
12 information that is not reasonably calculated to lead to the discovery of admissible
13 evidence.

14    4.  Plaintiff objects to each and every Request to the extent it seeks
15 information that is disproportionate to the needs of the case pursuant to Federal Rule
16 of Civil Procedure 26.

17    5.  Plaintiff objects to each and every Request to the extent that it seeks the
18 production of information subject to the attorney-client privilege, the work-product
19 doctrine, or other applicable privileges, protections, or immunities.  Any disclosure
20 of such information is inadvertent and shall not be deemed a waiver of any applicable
21 privilege, protection, or immunity.

22    6.  Plaintiff objects to each and every Request to the extent that it seeks
23 information protected by the United States or California Constitutions, federal or
24 California statutes, or case law that establishes a right of privacy or forbids the
25 discovery and dissemination of confidential, sensitive, or financial information.
26 Plaintiff will not reveal such information where doing so would violate the privacy
27 rights of Plaintiff or of third parties.

28    7.  Plaintiff objects to each and every Request to the extent that it is

1361509      -3-    Case No. 2:19-cv-04618-RGK (FFMx)
PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

1    repetitive, redundant, or overlapping.

2        8.    Plaintiff objects to each and every Request to the extent that it is unduly

3    burdensome, oppressive, annoying, or harassing.

4        9.    Plaintiff objects to each and every Request to the extent that it is vague

5    and ambiguous, compound, confusing, unintelligible, unclear, or amenable to

6    different meanings, understandings, or interpretations. Plaintiff responds to each and

7    every Request as it interprets and understands it, with respect to the issues framed in

8    connection with this action. If Plaintiff asserts an interpretation of any part of any

9    Request that differs from the understanding of Defendant, Plaintiff reserves the right

10   to supplement, amend, or modify its responses.

11       10.   Plaintiff objects to each and every Request to the extent that it is

12   unlimited in time or seeks information beyond the time-frame relevant to this action

13   on the grounds that it is overbroad and unduly burdensome, and it seeks information

14   that is irrelevant to the subject matter of this action.

15       11.   Plaintiff objects to each and every Request to the extent that it seeks

16   information, documents, or things that do not exist or purports to require Plaintiff to

17   create documents or things that do not already exist.

18       12.   Plaintiff objects to each and every Request to the extent that it seeks

19   information, documents, or things that are not in Plaintiff's possession, custody, or

20   control.

21       13.   Plaintiff objects to each and every Request to the extent that it is not

22   reasonably particularized.

23       14.   Plaintiff objects to each and every Request to the extent that it seeks

24   information that is subject to requirements, disclosures, and/or other applicable laws

25   pertaining to expert discovery.

26       15.   Plaintiff objects to each and every Request to the extent that it seeks to

27   impose duties or obligations different from, additional to, or otherwise beyond those

28   required by the Federal Rules of Civil Procedure.

16.    Plaintiff objects to each and every Request to the extent that it seeks information that is equally available to or within Defendant's possession, custody, or control on the grounds that such Request is unduly burdensome and oppressive.

**RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including assignments, contracts, licenses, employee agreements, and work made for hire agreements, on which You may rely to establish or contend that Plaintiff owns or otherwise has rights in each Plaintiff Mark, registered or unregistered, that Plaintiff alleges that Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace, has infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "including assignments, contracts, licenses, employee agreements, and work made for hire agreements," "may rely," "establish or contend," "owns or otherwise has rights," "registered or unregistered," "alleges that," "anyone," "who has created an allegedly infringing listing or otherwise used," "marketplace," and "has infringed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff

objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that refer or relate to Your contention that Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace, or has infringed any of the Plaintiff Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate," "contention," "who has created an allegedly infringing listing or otherwise used," "marketplace," and "has infringed," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request calls for legal conclusions and opinions.   Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession,

custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that relate to, refer to, or evidence whether anyone has been confused, mistaken or deceived about whether goods originate from or are affiliated with, sponsored by, licensed by or endorsed by Plaintiff by an alleged use of a Plaintiff Mark by Redbubble, or by anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates its General Objections herein. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "whether," "anyone," "confused, mistaken or deceived," "goods," "originate," "affiliated with," "sponsored by," "licensed by," "endorsed by," "alleged use," "created," "allegedly infringing listing," "otherwise," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession,

1  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

2  and to which no objection is being made will be produced.

3  **REQUEST FOR PRODUCTION NO. 4:**

4      All documents that relate to, refer to, or evidence the proximity of Plaintiff's

5  goods and the allegedly infringing goods.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

7      Plaintiff incorporates its General Objections herein. Plaintiff objects that this

8  Request is overbroad because it is not limited to any relevant time period. Plaintiff

9  objects to this Request on the grounds that discovery is ongoing and Plaintiff has not

10 completed its trial preparation. Plaintiff reserves the right to rely on documents in

11 addition to, or different from, those which may be produced in response to this

12 Request. Plaintiff objects to this Request to the extent it seeks information that is not

13 relevant to any claim or defense in this action. Plaintiff objects that this Request is

14 overbroad and unduly burdensome. Plaintiff objects that this Request, and the

15 undefined terms and phrases therein, including but not limited to "relate to," "refer

16 to," "evidence the proximity," "goods," and "allegedly infringing" are vague,

17 ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff

18 objects that this Request calls for legal conclusions and opinions. Plaintiff objects to

19 this Request to the extent it calls for information protected by the attorney-client

20 privilege, the work-product protection, or any other applicable privileges, immunities,

21 or protections.

22     Subject to, and without waiving, its General and Specific Objections, Plaintiff

23 responds that documents responsive to this Request that are in Plaintiff's possession,

24 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

25 and to which no objection is being made will be produced.

26 **REQUEST FOR PRODUCTION NO. 5:**

27     All documents that relate to, refer to, or evidence the similarity of the Plaintiff

28 Marks and the allegedly infringing marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the similarity," and "allegedly infringing marks," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to, refer to, or evidence actual confusion between the Plaintiff Marks and the allegedly infringing marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

1   and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely

2   on documents in addition to, or different from, those which may be produced in

3   response to this Request.  Plaintiff objects that this Request is overbroad because it is

4   not limited to any relevant time period.  Plaintiff objects that this Request is overbroad

5   and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms

6   and phrases therein, including but not limited to "relate to," "refer to," "evidence,"

7   "actual confusion," "between," and "allegedly infringing marks" are vague,

8   ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

9   objects to this Request to the extent it seeks information that is not relevant to any

10  claim or defense in this action.  Plaintiff objects that this Request calls for legal

11  conclusions and opinions.

12       Subject to, and without waiving, its General and Specific Objections, Plaintiff

13  responds that documents responsive to this Request that are in Plaintiff's possession,

14  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

15  and to which no objection is being made will be produced.

16  **REQUEST FOR PRODUCTION NO. 7:**

17       All documents that relate to, refer to, or evidence the marketing channels used

18  for Plaintiff's goods or the allegedly infringing goods.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

20       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

21  Request to the extent it calls for information protected by the attorney-client privilege,

22  the work-product protection, or any other applicable privileges, immunities, or

23  protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing

24  and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request

25  to the extent it seeks information that is not relevant to any claim or defense in this

26  action.  Plaintiff reserves the right to rely on documents in addition to, or different

27  from, those which may be produced in response to this Request.  Plaintiff objects that

28  this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request

1   is overbroad because it is not limited to any relevant time period.  Plaintiff objects

2   that this Request, and the undefined terms and phrases therein, including but not

3   limited to "relate to," "refer to," "evidence," "marketing channels," "used," "goods,"

4   and "allegedly infringing goods" are vague, ambiguous, and reasonably subject to

5   multiple meanings and interpretations.  Plaintiff objects that this Request calls for

6   legal conclusions and opinions.

7          Subject to, and without waiving, its General and Specific Objections, Plaintiff

8   responds that it is willing to meet and confer regarding the scope of Defendant's

9   Request.

10  **REQUEST FOR PRODUCTION NO. 8:**

11         All documents that relate to, refer to, or evidence the type of goods sold or

12  licensed by Plaintiff.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14         Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

15  Request to the extent it seeks information that is not relevant to any claim or defense

16  in this action.  Plaintiff objects to this Request on the grounds that discovery is

17  ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this

18  Request, and the undefined terms and phrases therein, including but not limited to

19  "relate to," "refer to," "evidence," "type of goods," "sold," and "licensed," are vague,

20  ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

21  objects that this Request calls for legal conclusions and opinions.  Plaintiff reserves

22  the right to rely on documents in addition to, or different from, those which may be

23  produced in response to this Request.  Plaintiff objects that this Request is overbroad

24  and unduly burdensome.  Plaintiff objects to this Request to the extent it calls for

25  information protected by the attorney-client privilege, the work-product protection,

26  or any other applicable privileges, immunities, or protections.  Plaintiff objects that

27  this Request is overbroad because it is not limited to any relevant time period.

28         Subject to, and without waiving, its General and Specific Objections, Plaintiff

1   responds that it is willing to meet and confer regarding the scope of Defendant's

2   Request.

3   **REQUEST FOR PRODUCTION NO. 9:**

4       All documents that relate to, refer to, or evidence the degree of care likely to

5   be exercised by purchasers of Plaintiff's goods or the allegedly infringing goods.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7       Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

8   Request is overbroad because it is not limited to any relevant time period.  Plaintiff

9   objects to this Request on the grounds that discovery is ongoing and Plaintiff has not

10  completed its trial preparation.  Plaintiff objects that this Request, and the undefined

11  terms and phrases therein, including but not limited to "relate to," "refer to,"

12  "evidence," "degree of care," "likely," "exercised," "purchasers," "goods," and

13  "allegedly infringing goods," are vague, ambiguous, and reasonably subject to

14  multiple meanings and interpretations.   Plaintiff reserves the right to rely on

15  documents in addition to, or different from, those which may be produced in response

16  to this Request.  Plaintiff objects to this Request to the extent it seeks information that

17  is not relevant to any claim or defense in this action.  Plaintiff objects that this Request

18  is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal

19  conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for

20  information protected by the attorney-client privilege, the work-product protection,

21  or any other applicable privileges, immunities, or protections.

22      Subject to, and without waiving, its General and Specific Objections, Plaintiff

23  responds that it is willing to meet and confer regarding the scope of Defendant's

24  Request.

25  **REQUEST FOR PRODUCTION NO. 10:**

26      All documents that relate to, refer to, or evidence any alleged infringer's intent

27  in allegedly selecting the Plaintiff Marks or the allegedly infringing marks.

28

-12-                Case No. 2:19-cv-04618-RGK (FFMx)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "alleged infringer's intent," "allegedly selecting," and "allegedly infringing marks," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that relate to, refer to, or evidence the likelihood of expansion of Plaintiff's product lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence the likelihood," "expansion," and "product lines," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify all uses, licensed or unlicensed, of any Plaintiff Mark of which you are aware, including the timing of, manner of, substance of, and natural or fictional persons associated with each such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "all uses," "licensed or unlicensed," "aware," "timing of," "manner of," "substance of," "natural or fictional," "associated," and "each such use," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection,

1  or any other applicable privileges, immunities, or protections.  Plaintiff objects that

2  this Request is overbroad because it is not limited to any relevant time period.

3       Subject to, and without waiving, its General and Specific Objections, Plaintiff

4  responds that it is willing to meet and confer regarding the scope of Defendant's

5  Request.

6  **REQUEST FOR PRODUCTION NO. 13:**

7       A copy of each registration certificate for each Plaintiff Mark.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

10  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

11  trial preparation.  Plaintiff objects that this Request calls for legal conclusions and

12  opinions.  Plaintiff objects to this Request to the extent it seeks information that is not

13  relevant to any claim or defense in this action.  Plaintiff objects that this Request is

14  overbroad and unduly burdensome.   Plaintiff objects that this Request, and the

15  undefined terms and phrases therein, including but not limited to "copy,"

16  "registration," "certificate," and "each," are vague, ambiguous, and reasonably

17  subject to multiple meanings and interpretations.  Plaintiff objects to this Request to

18  the extent it calls for information protected by the attorney-client privilege, the work-

19  product protection, or any other applicable privileges, immunities, or protections.

20  Plaintiff objects that this Request is overbroad because it is not limited to any relevant

21  time period.   Plaintiff reserves the right to rely on documents in addition to, or

22  different from, those which may be produced in response to this Request.

23       Subject to, and without waiving, its General and Specific Objections, Plaintiff

24  responds that documents responsive to this Request that are in Plaintiff's possession,

25  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

26  and to which no objection is being made will be produced.

27  **REQUEST FOR PRODUCTION NO. 14:**

28       All documents that relate to, refer to, or evidence any communications,

1   including with the Patent & Trademark Office, regarding any Plaintiff Mark.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

3       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

4   Request as it calls for information protected by the attorney-client privilege, the work-

5   product protection, or other applicable privileges, immunities, or protections.

6   Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff

7   has not completed its trial preparation.  Plaintiff objects that this Request, and the

8   undefined terms and phrases therein, including but not limited to "relate to," "refer

9   to," and "evidence," are vague, ambiguous, and reasonably subject to multiple

10  meanings and interpretations.  Plaintiff objects to this Request as it seeks information

11  that is not relevant to any claim or defense in this action.  Plaintiff reserves the right

12  to rely on documents in addition to, or different from, those which may be produced

13  in response to this Request.  Plaintiff objects that this Request calls for legal

14  conclusions and opinions.  Plaintiff objects that this Request is overbroad because it

15  is not limited to any relevant time period.  Plaintiff objects that this Request is

16  overbroad and unduly burdensome.

17      Subject to, and without waiving, its General and Specific Objections, Plaintiff

18  responds that it is willing to meet and confer regarding the scope of Defendant's

19  Request.

20  **REQUEST FOR PRODUCTION NO. 15:**

21      All documents related to any allegation that Redbubble had the right or ability

22  to supervise or control the allegedly infringing activity of anyone who has created an

23  allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble

24  marketplace.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26      Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

27  Request to the extent it seeks information that is not relevant to any claim or defense

28  in this action.  Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "related to," "allegation," "had the right," "ability to," "supervise," "control," "allegedly infringing activity," "anyone," "has created," "allegedly infringing listing," "otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to any allegation that Redbubble failed to exercise any alleged right or ability to supervise or control the allegedly infringing activity of anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request

to the extent it seeks information that is not relevant to any claim or defense in this action.   Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "failed to exercise," "alleged," "right," "ability," "supervise," "control," "allegedly infringing," "activity," "anyone," "created," "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.   Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any allegation that Redbubble knew or had reason to know of the allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "knew or had

reason to know," "allegedly infringing activity," "anyone," "who has created an allegedly infringing listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any allegation that Redbubble intentionally induced or materially contributed to allegedly infringing activity of anyone who has created an allegedly infringing listing on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "related to," "allegation," "intentionally," "induced," "materially," "contributed," "allegedly infringing activity," "anyone," "created," "listing," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information

protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 19:**

All documents on which You may rely to establish or contend that Redbubble is not engaged in transmitting, routing, or providing connections for online communication, between points specified by a user, of material of the user's choosing, without modification to the content of the material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "not engaged in," "transmitting," "routing," "providing," "connections," "online," "between," "points," "specified," "by a user," "material," "user's choosing," "without," "modification," "content," and "material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other

1  applicable privileges, immunities, or protections.  Plaintiff objects that this Request
2  is overbroad because it is not limited to any relevant time period.  Plaintiff objects to
3  this Request on the grounds that discovery is ongoing and Plaintiff has not completed
4  its trial preparation.

5        Subject to, and without waiving, its General and Specific Objections, Plaintiff
6  responds that documents responsive to this Request that are in Plaintiff's possession,
7  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
8  and to which no objection is being made will be produced.

9  **REQUEST FOR PRODUCTION NO. 20:**

10       All documents on which You may rely to establish or contend that Redbubble
11 is not a service provider of online services.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

13       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this
14 Request on the grounds that discovery is ongoing and Plaintiff has not completed its
15 trial preparation.  Plaintiff objects that this Request is overbroad because it is not
16 limited to any relevant time period.  Plaintiff objects that this Request, and the
17 undefined terms and phrases therein, including but not limited to "may rely,"
18 "establish or contend," "service provider," and "online services," are vague,
19 ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff
20 objects to this Request to the extent it seeks information that is not relevant to any
21 claim or defense in this action.  Plaintiff objects that this Request is overbroad and
22 unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and
23 opinions.  Plaintiff reserves the right to rely on documents in addition to, or different
24 from, those which may be produced in response to this Request.  Plaintiff objects to
25 this Request to the extent it calls for information protected by the attorney-client
26 privilege, the work-product protection, or any other applicable privileges, immunities,
27 or protections.

28       Subject to, and without waiving, its General and Specific Objections, Plaintiff

1 responds that documents responsive to this Request that are in Plaintiff's possession,
2 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
3 and to which no objection is being made will be produced.

4 **REQUEST FOR PRODUCTION NO. 21:**

5      All documents on which You may rely to establish or contend that your claims
6 against Redbubble are not based on information residing on Redbubble's systems or
7 networks at the direction of users.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

9      Plaintiff incorporates its General Objections herein.  Plaintiff objects that this
10 Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls
11 for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it
12 seeks information that is not relevant to any claim or defense in this action.  Plaintiff
13 reserves the right to rely on documents in addition to, or different from, those which
14 may be produced in response to this Request.  Plaintiff objects that this Request, and
15 the undefined terms and phrases therein, including but not limited to "may rely,"
16 "establish or contend," "claims," "based," "information," "residing," "systems,"
17 "networks," and "direction of users," are vague, ambiguous, and reasonably subject
18 to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent
19 it calls for information protected by the attorney-client privilege, the work-product
20 protection, or any other applicable privileges, immunities, or protections.  Plaintiff
21 objects that this Request is overbroad because it is not limited to any relevant time
22 period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and
23 Plaintiff has not completed its trial preparation.

24      Subject to, and without waiving, its General and Specific Objections, Plaintiff
25 responds that documents responsive to this Request that are in Plaintiff's possession,
26 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
27 and to which no objection is being made will be produced.

28

**REQUEST FOR PRODUCTION NO. 22:**

All documents on which You may rely to establish or contend that Redbubble had actual knowledge that any allegedly infringing listing on the Redbubble marketplace, was actually infringing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "actual knowledge," "allegedly infringing listing," "marketplace," "actually," and "infringing," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

All documents on which You may rely to establish or contend that Redbubble was aware of facts or circumstances from which specific infringing activity was apparent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "aware," "facts," "circumstances," "specific," "infringing activity," and "apparent," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

All documents on which You may rely to establish or contend that, upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, Redbubble failed to act expeditiously to remove or disable access to the allegedly infringing material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "upon obtaining knowledge," "awareness," "upon receiving a," "valid," "notification," "claimed infringement," "failed," "act expeditiously," "remove or disable," "access," and "allegedly infringing material," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

All documents on which You may rely to establish or contend that, Redbubble acted with reckless disregard for, or willful blindness to, Plaintiff's rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

Request.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "may rely," "establish or contend," "acted with," "reckless," "disregard," "willful," "blindness," and "rights," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that refer or relate to Redbubble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer" and

"relate to," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents that refer or relate to anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate to," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects that this Request calls for legal conclusions and opinions.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

For each Plaintiff Mark, documents sufficient to show all time periods in which You used each such mark, including the beginning and end of each such period, including dates of first use, invoices, purchase orders, inventories, and current and historical sales figures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "each," "sufficient," "show," "time periods," "used," "such mark," "including," "the beginning and end," "such period," "dates of first use," "invoices," "purchase orders," "inventories," "current," "historical," "sales," and "figures," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that it is willing to meet and confer regarding the scope of Defendant's Request.

**REQUEST FOR PRODUCTION NO. 29:**

For each Plaintiff Mark that You ceased or paused using for any time period, to the extent that you contend that you intended to resume such use, all documents

1 related to any such intended resumption of use.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

3     Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right

4 to rely on documents in addition to, or different from, those which may be produced

5 in response to this Request.  Plaintiff objects to this Request to the extent it seeks

6 information that is not relevant to any claim or defense in this action.  Plaintiff objects

7 that this Request is overbroad and unduly burdensome.  Plaintiff objects that this

8 Request calls for legal conclusions and opinions.  Plaintiff objects that this Request,

9 and the undefined terms and phrases therein, including but not limited to "ceased,"

10 "paused," "using," "time period," "to the extent," "contend," "intended," "resume

11 such use," "related to," "resumption," and "use," are vague, ambiguous, and

12 reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

13 Request to the extent it calls for information protected by the attorney-client privilege,

14 the work-product protection, or any other applicable privileges, immunities, or

15 protections.  Plaintiff objects that this Request is overbroad because it is not limited

16 to any relevant time period.  Plaintiff objects to this Request on the grounds that

17 discovery is ongoing and Plaintiff has not completed its trial preparation.

18     Subject to, and without waiving, its General and Specific Objections, Plaintiff

19 responds that it is willing to meet and confer regarding the scope of Defendant's

20 Request.

21 **REQUEST FOR PRODUCTION NO. 30:**

22     All documents that constitute, refer or relate to any studies, including formal or

23 informal analysis, investigation, surveys, focus groups, consumer research, or other

24 information or reports that You contend support any of Your claims in this lawsuit.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

26     Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

27 Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

28 grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "studies," "including," "formal," "informal," "analysis," "investigation," "surveys," "focus groups," "consumer research," "information," "report," "contend," "support," and "lawsuit," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

All documents that refer or relate to whether Redbubble was aware of any specific instance of alleged infringement or use of any Plaintiff Mark, including but not limited to alleged infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "refer," "relate to," "whether," "aware,"

"specific," "instance," "alleged infringement," "use of," "including but not limited to," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that constitute, refer or relate to communications that You have had with Redbubble relating to any alleged infringement or use of any Plaintiff Mark, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects to this Request to the extent it seeks

information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "alleged infringement," "use of," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that constitute, refer or relate to communications that You have had with third parties relating to any alleged infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff incorporates its General Objections herein. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "third parties," "alleged infringement," "anyone," "who has created an allegedly infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects that this

1  Request is overbroad and unduly burdensome.  Plaintiff objects to this Request to the

2  extent it seeks information that is not relevant to any claim or defense in this action.

3  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff

4  objects to this Request to the extent it calls for information protected by the attorney-

5  client privilege, the work-product protection, or any other applicable privileges,

6  immunities, or protections.  Plaintiff objects that this Request is overbroad because it

7  is not limited to any relevant time period.  Plaintiff reserves the right to rely on

8  documents in addition to, or different from, those which may be produced in response

9  to this Request.

10       Subject to, and without waiving, its General and Specific Objections, Plaintiff

11  responds that documents responsive to this Request that are in Plaintiff's possession,

12  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

13  and to which no objection is being made will be produced.

14  **REQUEST FOR PRODUCTION NO. 34:**

15       All documents that constitute, refer or relate to internal communications that

16  You have had relating to any alleged infringement or use of any Plaintiff Mark by

17  Redbubble, or anyone who has created an allegedly infringing listing or otherwise

18  used a Plaintiff Mark on the Redbubble marketplace.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20       Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

21  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

22  trial preparation.  Plaintiff objects that this Request, and the undefined terms and

23  phrases therein, including but not limited to "constitute," "refer," "relate to,"

24  "internal," "alleged infringement," "use," "anyone," "who has created an allegedly

25  infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and

26  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this

27  Request to the extent it seeks information that is not relevant to any claim or defense

28  in this action.  Plaintiff reserves the right to rely on documents in addition to, or

1  different from, those which may be produced in response to this Request.  Plaintiff

2  objects that this Request is overbroad and unduly burdensome.  Plaintiff objects to

3  this Request as it calls for information protected by the attorney-client privilege, the

4  work-product protection, or other applicable privileges, immunities, or protections.

5  Plaintiff objects that this Request is overbroad because it is not limited to any relevant

6  time period.   Plaintiff objects that this Request calls for legal conclusions and

7  opinions.

8  Subject to, and without waiving, its General and Specific Objections, Plaintiff

9  responds that it is willing to meet and confer regarding the scope of Defendant's

10  Request.

11  **REQUEST FOR PRODUCTION NO. 35:**

12  All documents that relate to any alleged damage or harm caused by any alleged

13  infringement or use of any Plaintiff Mark by Redbubble, or anyone who has created

14  an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble

15  marketplace.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

17  Plaintiff incorporates its General Objections herein.  Plaintiff objects that this

18  Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the

19  grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.

20  Plaintiff objects to this Request to the extent it seeks information that is not relevant

21  to any claim or defense in this action.  Plaintiff reserves the right to rely on documents

22  in addition to, or different from, those which may be produced in response to this

23  Request.  Plaintiff objects that this Request, and the undefined terms and phrases

24  therein, including but not limited to "relate to," "alleged," "damage," "harm," "caused

25  by," "alleged infringement," "use of," "anyone," "who has created an allegedly

26  infringing listing or otherwise used," and "marketplace," are vague, ambiguous, and

27  reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this

28  Request is overbroad because it is not limited to any relevant time period.  Plaintiff

objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show all revenue and profits generated by Plaintiff from each good or service sold in connection with any of the Plaintiff Marks, by year, quarter and/or month, including any revenue generated from licensing one of more of the Plaintiff Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "revenue," "profits," "generated," "each," "good," "service," "sold," "connection," "year," "quarter," "month," "including," "licensing," and "one of more," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that constitute, refer or relate to any analyses (including, by way of example, studies, reports, investigations, research and email commentary) relating to any reasons for increases or decreases in Plaintiff revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.   Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "analyses," "including," "by way of example," "studies," "reports," "investigations," "research," "email," "commentary," "reasons," "increases," "decreases," "revenue," and "profits," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to the strength, validity or enforceability of any Plaintiff Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that

discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "strength," "validity," and "enforceability," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad and unduly burdensome.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that constitute, refer or relate to any challenge or dispute relating to the strength, validity or enforceability of any Plaintiff Mark, including lawsuits, arbitrations, mediations, or administrative proceedings (including TTAB proceedings), as well as any letters or other threats of legal actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff objects to this Request as it seeks information that is not relevant to any claim or defense in this action. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request, and the undefined terms and phrases

therein, including but not limited to "constitute," "refer," "relate to," "challenge," "dispute," "strength," "validity," "enforceability," "lawsuits," "arbitrations," "mediations," "administrative," "proceedings," "TTAB," "letters," "threats," and "legal actions," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the date, time and circumstances under which You learned of each alleged instance of infringement by Redbubble, or anyone who has created an allegedly infringing listing or otherwise used a Plaintiff Mark on the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff incorporates its General Objections herein. Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation. Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request. Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period. Plaintiff objects that this Request is overbroad and unduly burdensome. Plaintiff objects that this Request calls for legal conclusions and opinions. Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections. Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "sufficient," "show," "date," "time," "circumstances," "under," "learned," "each," "alleged

1  instance," "infringement," "anyone," "who," "created," "allegedly infringing,"
2  "listing," "otherwise," "used," and "marketplace," are vague, ambiguous, and
3  reasonably subject to multiple meanings and interpretations.

4      Subject to, and without waiving, its General and Specific Objections, Plaintiff
5  responds that documents responsive to this Request that are in Plaintiff's possession,
6  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
7  and to which no objection is being made will be produced.

8  **REQUEST FOR PRODUCTION NO. 41:**

9      All documents of which You are aware that support Your contention that
10 Redbubble has sold, offered for sale, manufactured, printed, or shipped any products.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

12     Plaintiff incorporates its General Objections herein.  Plaintiff objects that this
13 Request is overbroad and unduly burdensome.  Plaintiff objects to this Request on the
14 grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.
15 Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff
16 objects to this Request to the extent it seeks information that is not relevant to any
17 claim or defense in this action.  Plaintiff objects that this Request, and the undefined
18 terms and phrases therein, including but not limited to "aware," "support,"
19 "contention," "sold," "offered for sale," "manufactured," "printed," "shipped," and
20 "products," are vague, ambiguous, and reasonably subject to multiple meanings and
21 interpretations.  Plaintiff objects to this Request to the extent it calls for information
22 protected by the attorney-client privilege, the work-product protection, or any other
23 applicable privileges, immunities, or protections.  Plaintiff reserves the right to rely
24 on documents in addition to, or different from, those which may be produced in
25 response to this Request.  Plaintiff objects that this Request is overbroad because it is
26 not limited to any relevant time period.

27     Subject to, and without waiving, its General and Specific Objections, Plaintiff
28 responds that documents responsive to this Request that are in Plaintiff's possession,

1  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

2  and to which no objection is being made will be produced.

3  **REQUEST FOR PRODUCTION NO. 42:**

4          All documents that constitute, refer or relate to any purchase of any product

5  from Redbubble or via the Redbubble marketplace.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

7          Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

8  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

9  trial preparation.  Plaintiff objects to this Request to the extent it seeks information

10  that is not relevant to any claim or defense in this action.  Plaintiff reserves the right

11  to rely on documents in addition to, or different from, those which may be produced

12  in response to this Request. Plaintiff objects that this Request is overbroad and unduly

13  burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

14  therein, including but not limited to "constitute," "refer," "relate to," "purchase,"

15  "product," and "marketplace," are vague, ambiguous, and reasonably subject to

16  multiple meanings and interpretations.  Plaintiff objects that this Request calls for

17  legal conclusions and opinions.  Plaintiff objects to this Request because it calls for

18  information protected by the attorney-client privilege, the work-product protection,

19  or other applicable privileges, immunities, or protections.  Plaintiff objects that this

20  Request is overbroad because it is not limited to any relevant time period.

21  **REQUEST FOR PRODUCTION NO. 43:**

22          All documents that constitute, refer or relate to the purchase by You or anyone

23  acting on Your behalf of any product from Redbubble or via the Redbubble

24  marketplace.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

26          Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

27  Request on the grounds that discovery is ongoing and Plaintiff has not completed its

28  trial preparation.  Plaintiff objects to this Request to the extent it seeks information

that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer," "relate to," "purchase," "anyone," "acting," "behalf," "product," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request because it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 44:**

All documents that relate to, refer to, or evidence Your contention that Redbubble encourages third parties to upload infringing designs to the Redbubble marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates its General Objections herein.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "relate to," "refer to," "evidence," "contention," "encourages," "third parties," "upload," "infringing designs," and "marketplace," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work-product protection, or any other applicable privileges, immunities, or protections.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this

1    Request.  Plaintiff objects that this Request is overbroad and unduly burdensome.

2    Plaintiff objects that this Request is overbroad because it is not limited to any relevant

3    time period.  Plaintiff objects to this Request on the grounds that discovery is ongoing

4    and Plaintiff has not completed its trial preparation.

5           Subject to, and without waiving, its General and Specific Objections, Plaintiff

6    responds that documents responsive to this Request that are in Plaintiff's possession,

7    custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

8    and to which no objection is being made will be produced.

9    **REQUEST FOR PRODUCTION NO. 45:**

10          All documents that constitute, refer or relate to any litigation, attempts to

11   enforce, or any other dispute involving the alleged infringement of any of the Plaintiff

12   Marks, including but not limited to copies of any settlement agreements, pleadings,

13   and correspondence (including cease-and-desist letters and responses thereto).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

15          Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

16   Request on the grounds that discovery is ongoing and Plaintiff has not completed its

17   trial preparation.  Plaintiff objects to this Request as it seeks information that is not

18   relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on

19   documents in addition to, or different from, those which may be produced in response

20   to this Request.   Plaintiff objects that this Request is overbroad and unduly

21   burdensome.  Plaintiff objects that this Request, and the undefined terms and phrases

22   therein, including but not limited to "constitute," "refer," "relate to," "litigation,"

23   "attempts to enforce," "other dispute," "involving," "alleged infringement,"

24   "including," "not limited to," "copies," "settlement agreements," "pleadings,"

25   "correspondence," "cease-and-desist," "letters," and "responses thereto," are vague,

26   ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff

27   objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to

28   this Request as it calls for information protected by the attorney-client privilege, the

1    work-product protection, or other applicable privileges, immunities, or protections.

2    Plaintiff objects that this Request is overbroad because it is not limited to any relevant

3    time period.

4    **REQUEST FOR PRODUCTION NO. 46:**

5         All documents that constitute, refer or relate to Your attempts to exercise

6    quality control of any goods or services sold under the Plaintiff Marks.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8         Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

9    Request on the grounds that discovery is ongoing and Plaintiff has not completed its

10   trial preparation.  Plaintiff objects that this Request calls for legal conclusions and

11   opinions.  Plaintiff objects to this Request to the extent it seeks information that is not

12   relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on

13   documents in addition to, or different from, those which may be produced in response

14   to this Request.  Plaintiff objects that this Request is overbroad because it is not

15   limited to any relevant time period.  Plaintiff objects that this Request, and the

16   undefined terms and phrases therein, including but not limited to "constitute," "refer,"

17   "relate to," "attempts," "exercise quality control," "goods," "services," and "sold

18   under," are vague, ambiguous, and reasonably subject to multiple meanings and

19   interpretations.   Plaintiff objects that this Request is overbroad and unduly

20   burdensome.  Plaintiff objects to this Request to the extent it calls for information

21   protected by the attorney-client privilege, the work-product protection, or any other

22   applicable privileges, immunities, or protections.

23        Subject to, and without waiving, its General and Specific Objections, Plaintiff

24   responds that documents responsive to this Request that are in Plaintiff's possession,

25   custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

26   and to which no objection is being made will be produced.

27   **REQUEST FOR PRODUCTION NO. 47:**

28        All documents that constitute, refer or relate to any transfer or grant of rights

1   in any of the Plaintiff Marks, including but not limited to any licenses to or from

2   Plaintiff.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

4        Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

5   Request on the grounds that discovery is ongoing and Plaintiff has not completed its

6   trial preparation.  Plaintiff objects that this Request, and the undefined terms and

7   phrases therein, including but not limited to "constitute," "refer or relate to,"

8   "transfer," "grant," "rights," "including but not limited to," and "licenses," are vague,

9   ambiguous, and reasonably subject to multiple meanings and interpretations. Plaintiff

10  reserves the right to rely on documents in addition to, or different from, those which

11  may be produced in response to this Request.  Plaintiff objects that this Request is

12  overbroad and unduly burdensome.  Plaintiff objects that this Request calls for legal

13  conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks

14  information that is not relevant to any claim or defense in this action.  Plaintiff objects

15  that this Request is overbroad because it is not limited to any relevant time period.

16  Plaintiff objects to this Request as it calls for information protected by the attorney-

17  client privilege, the work-product protection, or other applicable privileges,

18  immunities, or protections.

19        Subject to, and without waiving, its General and Specific Objections, Plaintiff

20  responds that documents responsive to this Request that are in Plaintiff's possession,

21  custody, or control, that are identified by Plaintiff pursuant to a reasonable search,

22  and to which no objection is being made will be produced.

23  **REQUEST FOR PRODUCTION NO. 48:**

24        All documents that constitute, refer or relate to any alleged use of any Plaintiff

25  Mark by Redbubble or on the Redbubble marketplace, including any electronic

26  captures or printouts of such alleged uses.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28        Plaintiff incorporates its General Objections herein.  Plaintiff objects to this

Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this action.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects that this Request, and the undefined terms and phrases therein, including but not limited to "constitute," "refer or relate to," "alleged use," "marketplace," "including," "electronic captures," "printouts," "such," "alleged," and "uses," are vague, ambiguous, and reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this Request as it calls for information protected by the attorney-client privilege, the work-product protection, or other applicable privileges, immunities, or protections.  Plaintiff objects that this Request is overbroad and unduly burdensome.  Plaintiff objects that this Request is overbroad because it is not limited to any relevant time period.

Subject to, and without waiving, its General and Specific Objections, Plaintiff responds that documents responsive to this Request that are in Plaintiff's possession, custody, or control, that are identified by Plaintiff pursuant to a reasonable search, and to which no objection is being made will be produced.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that constitute, refer or relate to any investigation regarding whether the Plaintiff Marks are being used by Redbubble or on the Redbubble marketplace, including but not limited to investigations performed by Plaintiff's counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff incorporates its General Objections herein.  Plaintiff reserves the right to rely on documents in addition to, or different from, those which may be produced in response to this Request.  Plaintiff objects to this Request on the grounds that discovery is ongoing and Plaintiff has not completed its trial preparation.  Plaintiff

1  objects to this Request to the extent it seeks information that is not relevant to any
2  claim or defense in this action.  Plaintiff objects that this Request, and the undefined
3  terms and phrases therein, including but not limited to "constitute," "refer or relate
4  to," "investigation," "whether," "being used," "marketplace," "including but not
5  limited," "investigations," "performed," and "counsel," are vague, ambiguous, and
6  reasonably subject to multiple meanings and interpretations.  Plaintiff objects to this
7  Request as it calls for information protected by the attorney-client privilege, the work-
8  product protection, or other applicable privileges, immunities, or protections.
9  Plaintiff objects that this Request calls for legal conclusions and opinions.  Plaintiff
10 objects that this Request is overbroad because it is not limited to any relevant time
11 period.  Plaintiff objects that this Request is overbroad and unduly burdensome.

12      Subject to, and without waiving, its General and Specific Objections, Plaintiff
13 responds that documents responsive to this Request that are in Plaintiff's possession,
14 custody, or control, that are identified by Plaintiff pursuant to a reasonable search,
15 and to which no objection is being made will be produced.

16

17 DATED:  November 25, 2019          BROWNE GEORGE ROSS LLP
18                                        Keith J. Wesley
                                          Jason Y. Kelly
19

20                                   By: _____
21                                          Keith J. Wesley
22                                   Attorneys for Y.Y.G.M. SA d.b.a. BRANDY
                                     MELVILLE
23

24

25

26

27

28

1361509

PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO
DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

**PROOF OF SERVICE**

*Y.Y.G.M. SA d.b.a. BRANDY MELVILLE v REDBUBBLE, INC.*
USDC – Central Case No. 2:19-cv-04618 RGK (FFMx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On November 25, 2019, I served a true copy of the following document described as **PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S RESPONSES AND OBJECTIONS TO DEFENDANT REDBUBBLE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** on the interested parties in this action as follows:

| | |
|---|---|
| Joshua M. Masur ZUBER LAWLER<br>2000 Broadway Street, Suite 154<br>Redwood City, CA  94063<br>T: 650-434-8538 F: 213-596-5621<br>*imasur@zuberlaw.com* | *Counsel for Defendant REDBUBBLE, INC.* |
| Kenneth B Wilson<br>COASTSIDE LEGAL<br>455 1st Avenue<br>Half Moon Bay, CA 94019<br>T: 650-440-4211 F: 650-440-4851<br>*ken@coastsidelegal.com* | *Co-Counsel for Defendant REDBUBBLE, INC.* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  On November 25, 2019, I caused a copy of the document to be sent from e-mail address lsingh@bgrfirm.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.

_____
Lachmin Singh