# EXHIBIT M

# ZUBER LAWLER

Zuber Lawler & Del Duca LLP
2033 Gateway Place · 5th Floor · San Jose, CA 95110 USA
Phone: +1 (408) 451-3980 · Fax: +1 (213) 596-5621 · www.zuberlawler.com

E-Mail: jmasur@zuberlawler.com

February 29, 2020

**VIA ELECTRONIC MAIL ONLY**
**kwesley@bgrfirm.com**

Keith Wesley
Browne George Ross LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067

      Re: **Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc.**
          **Case No. 2:19-cv-04618-RGK-FFM (C.D. Cal.)**

Dear Keith:

I write to initiate the meet and confer process, as set forth in Central District of California Civil Local Rule 37-1, in connection with certain issues related to the February 27, 2020 deposition of Salvatore Rianna as plaintiff's 30(b)(6) designee.[1] In light of the fact that I will be on vacation for the week of March 9th, we respectfully request that you extend the courtesy of meeting and conferring pursuant to L.R. 37-1 on Thursday, March 5th or Friday, March 6th.

**<u>Plaintiff Must Produce the Document that Refreshed Mr. Rianna's Recollection</u>**

Mr. Rianna explicitly testified that he had brought with him one or more documents, prepared by counsel, that had refreshed his recollection:

        Q.    Did you bring any documents with you today?

        A.    I believe I have brought some documents.

        Q.    Which documents did you bring today?

        A.    I brought I think document provided by counsel.

        Q.    Is that a document that you reviewed in order to prepare for today?

---

[1] We note that this deposition was defended by Jeffrey Mitchell, a partner in your firm's New York office, who is neither admitted to the California Bar nor admitted *pro hac vice* in this case.

Keith Wesley
February 29, 2020
Page 2 of 5

> A. It is.
>
> Q. What is -- what's the substance of the document? What's it about?
>
> > MR. MITCHELL: Don't talk about. If the document contains anything that is a communication from counsel --
>
> THE WITNESS: Yes.
>
> > MR. MITCHELL: -- then you're directed not to answer on the grounds of privilege.
>
> (Instruction not to answer.)
>
> Q. But to be clear this is a document that you reviewed in preparation for today, correct?
>
> A. Yes.
>
> Q. And that you brought with you?
>
> A. Yes.
>
> Q. Did it refresh your recollection as to any of the topics that are going to be at issue today?
>
> A. Yes.

Rough Tr., 25:17-23.  Mr. Mitchell repeatedly refused to produce the document or documents in question, and refused even to provide information equivalent to a privilege log entry that would suffice to identify the document later.  *See id.*, 26:24-27:7; 69:1-70:1; 333:12-334:22.

As you know, I also emailed you during the deposition to request that you instruct Mr. Mitchell to produce the document.  I noted that it is black-letter law that "Federal Rule of Evidence 612 expressly provides, with limited exceptions for criminal cases that do not apply here, that when a witness reviews documents in preparation for or during a deposition that refresh his recollection, any privilege is waived."  You refused to produce the document, claiming privilege and work product protection.  I followed up, reiterating that waiver had occurred, asking for contrary authority, and requesting the equivalent of a privilege log entry, but as of this writing, you have not responded to those emails.  A copy of our email chain is attached for your (and the Court's) reference.

I again direct your attention to *United States v. 22.80 Acres of Land*, 107 F.R.D. 20 (N.D. Cal. 1985), which I identified by email during the deposition, as well as *Hsingching Hsu v. Puma*

Keith Wesley
February 29, 2020
Page 3 of 5

*Biotechnology, Inc.*, No. 815CV00865AGSHK, 2018 WL 3078589, at *9–11 (C.D. Cal. June 20, 2018), and *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 565–66 (C.D. Cal. 2003), and the authorities cited therein.

Redbubble intends to seek a discovery order requiring plaintiff to produce the withheld document or documents and make Mr. Rianna available for continued deposition, and to pay Redbubble's costs and fees in so doing and in connection with the meet and confer and motion.

**Failure to Produce Financial Documents**

On February 23, 2020, I emailed you and your colleague, Jason Kelly, noting plaintiff's failure to produce financial documents:

> [N]otwithstanding that Brandy Melville's initial disclosures specifically purported to identify "[d]ocuments related to Plaintiff's sales and channels of marketing and distribution" as supporting its claims, [plaintiff's] responses [to Redbubble's requests for production] did not agree to produce documents in response to requests specifically targeted at those very documents. Indeed, despite using the same or indistinguishable terms in its own disclosures, Brandy Melville objected that RFPs 7 and 28's use of "marketing channels" and "sales," respectively, were vague and ambiguous.
>
> Our review of the documents Brandy Melville produced at the end of January establishes that Brandy Melville has indeed withheld these documents, despite identifying "[d]ocuments related to Plaintiff's sales and channels of marketing and distribution" pursuant to FRCP 26(a)(1)(A)(ii), and has not produced any financial documentation whatsoever. As you know, this is prohibited by the Federal Rules.
>
> Brandy Melville also did not agree to produce document related to types of goods sold (RFP 8), degree of care by purchasers (RFP 9), uses of the asserted marks (RFP 12), communications with the PTO (RFP 14), Redbubble (RFP 26), periods of use and disuse of the asserted marks (RFPs 28-29), and internal communications about Redbubble's alleged infringement (RFP 34). Many of these topics relate to issues on which a plaintiff bears the burden of proof.
>
> Please produce the requested information – especially the financial information – no later than noon, February 25, 2020, to permit them to be used at the depositions of Brandy Melville's personnel on February 27 and 28, 2020. Otherwise, Redbubble intends to move the Court to compel production, additional depositions, preclusion, and other remedies.

Plaintiff made a small supplemental production the following day, February 24, 2020, but that production was limited to two cease-and-desist letters, a point-of-sale photograph, and several franchise agreements. On February 25, I asked whether plaintiff intended to produce any further

Keith Wesley
February 29, 2020
Page 4 of 5

documents prior to the depositions, and on February 26, your colleague Mr. Kelly responded that plaintiff did not.

Although plaintiff produced not a single document with any sales information or the other identified missing information, plaintiff designated its Chief Financial Officer, Mr. Rianna, pursuant to Rule 30(b)(6).  Mr. Rianna specifically identified several categories of documents that plaintiff keeps in the ordinary course of business that were responsive to these requests and should have been produced, but that Mr. Rianna had not reviewed in preparation for the deposition, *see generally* Rough Tr. at 28:25-30:16, although he later testified that he "d[id]n't recall if [he] provided them specifically." *Id.* at 65:24-66:2.  Among other documents, Mr. Rianna testified that:

- He believed that he had collected "documents related to plaintiff's sales and channels of markets and distribution" in connection with the litigation.  *See, e.g.*, *id.* at 51:7-52:10.

- The collected documents included "sales records" and "sales reports," many or all of which are updated weekly, that record sales data "by time period, store, channel, … geography. These are just some."  *Id.* at 53:20-54:6.

- Plaintiff maintains "other sales reports that have [sales figures broken] down to a SKU level."  *Id.* at 54:10-13.

- Plaintiff "may have a [preexisting] report that could" be used "to determine how much sales revenue was generated in·connection with just goods that are sold using [a specific] trademark," but if not, he "would have to have a unique report put together" to show those sales data.  *Id.* at 56:6-23; *see also, e.g.*, *id.* at 78:4-14.

- Plaintiff creates "sales [reports] every week" and "[p]rofit, financial statements, every month."  *Id.* at 60:14-23.

- Plaintiff generates quarterly analyses of "how well certain trademarks or certain designs are selling" that are used to identify "good sellers" for which plaintiff will seek trademark protection.  *Id.* at 81:12-84:2.

- Brandy Melville USA generates monthly, quarterly, and annual financial statements.  *See, e.g.*, *id.* at 118:25-119:22.

Plaintiff produced none of these documents.

Particularly given that Redbubble created custom reports for sales records related to listings that plaintiff asserts infringe its trademarks – indeed, those reports alone contain more pages than plaintiff's entire document production – plaintiff's failure to produce these documents is inexcusable.  And particularly since we identified these shortcomings before the depositions, and your client did not produce them, we intend to move the Court for an order that plaintiff "is not

Keith Wesley<br>
February 29, 2020<br>
Page 5 of 5

allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). In the interest of compromise, however, if plaintiff is willing to produce these withheld documents and present Mr. Rianna for continued deposition at plaintiff's expense, Redbubble would be willing to forego the planned motion.

We look forward to learning your availability on Thursday or Friday for the required telephone conference.

Very truly yours,<br><br>
ZUBER LAWLER & DEL DUCA LLP<br><br>
Joshua M. Masur

JMM
Encl.

cc:    Jason Kelly, Ryan Q. Keech, Ashford Kneitel, Brown Greene Ross LLP
        Ken Wilson, Coastside Legal
        Zachary S. Davidson, Debora Sanfelippo, Zuber Lawler & Del Duca LLP

# Joshua Masur

| | |
|---|---|
| **From:** | Joshua Masur |
| **Sent:** | Thursday, February 27, 2020 11:27 AM |
| **To:** | 'Keith Wesley' |
| **Cc:** | 'Jason Kelly'; 'ken@coastsidelegal.com'; Zachary S. Davidson; Debora Sanfelippo; 'Ryan Q. Keech'; 'Ashford Kneitel'; Melissa Zito |
| **Subject:** | RE: URGENT re Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc. |

Also, please provide the equivalent of a privilege log entry for the document in question, to facilitate reference and identification.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Joshua Masur
**Sent:** Thursday, February 27, 2020 11:16 AM
**To:** 'Keith Wesley' <kwesley@bgrfirm.com>
**Cc:** Jason Kelly <jkelly@bgrfirm.com>; ken@coastsidelegal.com; Zachary S. Davidson <zdavidson@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Ashford Kneitel <akneitel@bgrfirm.com>; Melissa Zito <mzito@zuberlawler.com>
**Subject:** RE: URGENT re Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc.

Assuming, *arguendo*, that it is privileged – and it bears noting that you have served no privilege log, which is a separate issue – it's black letter law that FRE 612 requires that the privilege has been waived.

If you have any contrary authority, please feel free to provide it. Otherwise, if you will not produce the document, we will move to compel and for sanctions.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

Case 2:19-cv-04618-RGK-JPR   Document 111-6   Filed 08/21/20   Page 7 of 9   Page ID #:8657

---

**From:** Keith Wesley <kwesley@bgrfirm.com>
**Sent:** Thursday, February 27, 2020 11:12 AM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Jason Kelly <jkelly@bgrfirm.com>; ken@coastsidelegal.com; Zachary S. Davidson <zdavidson@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Ashford Kneitel

<akneitel@bgrfirm.com>; Melissa Zito <mzito@zuberlawler.com>
**Subject:** Re: URGENT re Y.Y.G.M. SA d.b.a. Brandy Melville v. Redbubble Inc.

The document you're referencing is privileged and work product. It will not be produced.

Keith

Sent from my iPhone

> On Feb 27, 2020, at 9:58 AM, Joshua Masur <JMasur@zuberlawler.com> wrote:
>
> Keith and Jason –
>
> I understand that your colleague, Jeffrey Mitchell, has refused to produce a document that Mr. Rinna has explicitly testified refreshed his recollection in preparation for the deposition.
>
> Federal Rule of Evidence 612 expressly provides, with limited exceptions for criminal cases that do not apply here, that when a witness reviews documents in preparation for or during a deposition that refresh his recollection, any privilege is waived. This is black letter law. See, for example, *United States v. 22.80 Acres of Land*, 107 F.R.D. 20 (N.D. Cal. 1985).
>
> Please advise Mr. Mitchell to produce the document at the next break. Otherwise, we intend to move to compel and seek sanctions, including fees.
>
> – Josh
>
> <image001.jpg>
>
> **JOSHUA M. MASUR**
> Partner
> Zuber Lawler & Del Duca LLP
> 2000 Broadway Street Suite 154
> Redwood City, CA 94063, USA
> T: +1 (650) 434-8538 | F: +1 (213) 596-5621
> jmasur@zuberlawler.com | www.zuberlawler.com

The information contained in this email message and any attachments may be confidential and privileged, and exempt from disclosure under applicable law. This email message is intended only for the exclusive use of the person or entity to whom it is addressed. If you are not the intended recipient (or someone responsible for delivering this email message to the intended recipient), please be aware that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return email or by telephone and delete or destroy this email message and any attachments to it. This email may be an attorney advertisement. Should you not wish to receive such communications from me, please reply to this email requesting to be removed.

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your

computer.

_____

3