BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S *AMENDED* MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:    September 21, 2020<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Pre-Trial Conf.:   September 21, 2020<br>Trial Date:    October 6. 2020 |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTORY STATEMENT ................................................................... 1

II. L.R. 16-4.1: CLAIMS AND DEFENSES ...................................................... 2

    A.  Plaintiff's Claims: Summary Statement, Elements, and Key Supporting Evidence .................................................................... 2

        1.  Claim 4: Contributory Trademark Infringement and Contributory Counterfeiting ................................................ 2

            a.  Elements of Claim 4 ............................................... 3

            b.  Brief Summary of Key Evidence in Support of Claim 4 .................................................................... 3

    B.  Defendant's Affirmative Defenses: Summary Statement, Elements, and Key Supporting Evidence ........................................ 5

        1.  Eighth Affirmative Defense: Failure to Mitigate ....................... 6

            a.  Elements of Eighth Affirmative Defense .......................... 6

            b.  Brief Summary of Key Evidence in Opposition to Eighth Affirmative Defense ................................. 6

        2.  Ninth and Twelfth Affirmative Defenses: Unclean Hands and Trademark Misuse ................................................ 6

            a.  Elements of Ninth and Twelfth Affirmative Defenses .............................................................. 6

            b.  Brief Summary of Key Evidence in Opposition to Ninth and Twelfth Affirmative Defenses ........................... 7

        3.  Tenth Affirmative Defense: Laches/Statute of Limitations ........ 7

            a.  Elements of Tenth Affirmative Defense ........................... 7

            b.  Brief Summary of Key Evidence in Opposition to Tenth Affirmative Defense ............................................ 7

        4.  Eleventh Affirmative Defense: Waiver, Acquiescence, or Estoppel ................................................................... 8

            a.  Elements of Eleventh Affirmative Defense ...................... 8

            b.  Brief Summary of Key Evidence in Opposition to Eleventh Affirmative Defense ........................................ 9

        5.  Seventeenth Affirmative Defense: Abandonment ...................... 9

**TABLE OF CONTENTS**
**(Continued)**

**Page**

- a. Elements of Seventeenth Affirmative Defense .................. 9
- b. Brief Summary of Key Evidence in Opposition to Seventeenth Affirmative Defense ........................................ 9
- C. Similar Statements for All Third Parties ................................................ 10
- D. Anticipated Evidentiary Issues and Plaintiff's Position on Those Issues ................................................................. 10
  - 1. Irrelevant Articles and Documents About Plaintiff .................... 10
  - 2. Defendant's Improper Testimony ............................................... 11
  - 3. Defendant's Improper Rebuttal Expert ....................................... 12
- E. Germaine Issues of Law and Plaintiff's Position on Those Issues ....... 12
- III. L.R. 16-4.3: BIFURCATION OF ISSUES ...................................................... 12
- IV. L.R. 16-4.4: JURY TRIAL ................................................................................ 12
- V. L.R. 16-4.5: ATTORNEYS' FEES ................................................................... 13
- VI. L.R. 16-4.6: ABANDONMENT OF ISSUES ................................................. 13

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*AirWair Int'l Ltd. v. Schultz*,
  84 F. Supp. 3d 943 (N.D. Cal. 2015) .................................................................. 8

*Danjaq LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) ............................................................................. 7

*Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*,
  779 F. App'x. 471 (9th Cir. 2019) ..................................................................... 7

*Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*,
  No. 14-cv-609, 2014 WL 4187979 (C.D. Cal. Aug. 22, 2014) .......................... 6

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) ............................................................................. 7

*Marketquest Grp., Inc. v. BIC Corp.*,
  316 F. Supp. 3d 1234 (S.D. Cal. 2018) ............................................................. 7

*Phillip Morris USA Inc. v. Shalabi*,
  352 F. Supp. 2d 1067 (C.D. Cal. 2004) ............................................................. 3

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*,
  621 F.3d 981 (9th Cir. 2010) ............................................................................. 9

*U.S. v. King Features Entm't, Inc.*,
  843 F.2d 394 (9th Cir. 1988) ............................................................................. 8

**FEDERAL STATUTES**

15 U.S.C. § 1117(a) ............................................................................................... 13

15 U.S.C. § 1127 ..................................................................................................... 3

**RULES**

Federal Rule of Civil Procedure 26 ....................................................................... 12

Federal Rule of Civil Procedure 30(b)(6) .............................................................. 11

Federal Rule of Civil Procedure 37 ....................................................................... 12

## TABLE OF AUTHORITIES
### (Continued)

Page

Federal Rule of Civil Procedure 38(a) ............................................................... 12

Federal Rule of Evidence 401 ............................................................................. 12

Federal Rule of Evidence 402 ............................................................................. 12

Federal Rule of Evidence 403 ............................................................................. 12

Federal Rule of Evidence 702 ............................................................................. 12

L.R. 16-4.1 ............................................................................................................ 2

L.R. 16-4.3 .......................................................................................................... 12

L.R. 16-4.4 .......................................................................................................... 12

L.R. 16-4.5 .......................................................................................................... 13

L.R. 16-4.6 .......................................................................................................... 13

Pursuant to Local Rule 16-4 and this Court's Order for Jury Trial (Dkt. No. 17), and in response to this Court's Order Re: Plaintiff's Motion for Summary Judgment [DE 36], Defendant's Motion for Summary Judgment [DE 40] (Dkt. No. 103; the "MSJ Order"), Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") respectfully submits the following *Amended* Memorandum of Contentions of Fact and Law in advance of the Pretrial Conference, currently scheduled for September 21, 2020.

## I.   INTRODUCTORY STATEMENT

Brandy Melville is an apparel brand that is very popular with teenage girls and young women. It owns numerous registered and unregistered trademarks that are widely recognized nationwide and that are used to advertise and sell Brandy Melville's clothing and products. Defendant Redbubble, Inc. ("Defendant" or "Redbubble") infringes and counterfeits Brandy Melville's products. Using its website, Redbubble advertises, solicits, offers to sell, sells, manufactures, and delivers knock-off Brandy Melville products. Redbubble is well aware of the counterfeiting and infringing that takes place on its website, and it, *inter alia*, supplies and partners with product designers and fulfillers who also infringe and counterfeit Brandy Melville's trademarks.

When a customer orders a counterfeit product on Redbubble's website, Redbubble admits that it is the seller in the transaction. Redbubble sends the order information to its "partner" fulfillers to create and package the counterfeit products with Redbubble-themed packaging and tags before they are delivered to Redbubble's customers. All communications related to the transaction go through Redbubble, who also handles customer issues related to returns, refunds, and vouchers. Redbubble discourages customers from reporting infringing designs. And Redbubble has a significant track record of brazenly selling counterfeit products of many famous brands. Brandy Melville first informed Redbubble of its counterfeiting and infringement in May 2018, but Redbubble's unlawful conduct has persisted.

In the face of this evidence, Redbubble has expressed that it intends to make a circus of this trial by focusing on irrelevant and unrelated evidence and arguments about Plaintiff, as well as by introducing improper expert testimony. Redbubble's half-hearted attempts at distraction should be ignored. This trial should focus on the key issues in dispute: Redbubble's counterfeiting and infringement of Brandy Melville's trademarks in a manner that is likely to cause confusion among consumers.

## II. L.R. 16-4.1: CLAIMS AND DEFENSES

Plaintiff asserts five claims against Defendant: (1) trademark infringement and counterfeiting under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) common law unfair competition under California law, (4) contributory trademark infringement and counterfeiting under the Lanham Act, and (5) vicarious trademark infringement and counterfeiting under the Lanham Act. (Dkt. No. 1.) Following the MSJ Order, Plaintiff's claims of contributory trademark infringement and contributory counterfeiting under the Lanham Act remain. (Dkt. No. 103.)

### A. Plaintiff's Claims: Summary Statement, Elements, and Key Supporting Evidence

#### 1. Claim 4: Contributory Trademark Infringement and Contributory Counterfeiting

The evidence shows that Redbubble engaged in ordinary contributory trademark infringement and engaged in contributory counterfeiting of Plaintiff's trademarks by, *inter alia*, continuing to sell or supply goods or services to its product designers and fulfillers whom Redbubble knew or had reason to know were engaging in trademark infringement and counterfeiting at the same time that Redbubble had direct control and monitoring of the tools its product designers and fulfillers used to infringe Plaintiff's trademarks.

1649540

-2-

Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S *AMENDED*
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### a. Elements of Claim 4[1]

To establish a claim for ordinary contributory trademark infringement and contributory counterfeiting, Plaintiff must demonstrate the following:

(1) Redbubble sold or supplied goods or services to one or more product designers or fulfillers;

(2) Any one of Redbubble's product designers or fulfillers used the goods or services Redbubble sold or supplied to infringe any of Plaintiff's trademarks;

(3) Redbubble knew or had reason to know any one of its product designers or fulfillers would use the goods or services to infringe any of Plaintiff's trademarks or was infringing any of Plaintiff's trademarks and Redbubble continued to supply its goods or services;

(4) Redbubble had direct control and monitoring of the instrumentality used by those designers or fulfillers to infringe; and

(5) Plaintiff was damaged by the infringement.

*See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.21.

### b. Brief Summary of Key Evidence in Support of Claim 4

The key evidence that Plaintiff will introduce in support of Claim 4 includes, without limitation:

- Evidence, including screenshots, documents, and testimony, regarding Plaintiff and its registered and unregistered trademarks, including but not limited to Plaintiff's products, designs and trademarks, advertising, sales, popularity and brand recognition, and customers.

---

[1] Plaintiff's claim of contributory counterfeiting has the same elements as the contributory trademark infringement claim, except that the designation is identical with, or substantially indistinguishable from, a trademark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed. 15 U.S.C. § 1127. Further, "counterfeit marks are inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (collecting cases).

- Evidence, including screenshots, documents, and testimony, demonstrating Plaintiff has used the trademarks, and the nature and extent of Plaintiff's use of its trademarks in public and in the marketplace.

- Evidence, including screenshots, documents, and testimony, demonstrating the strength of Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating Redbubble's, its product designers', and its fulfillers' use of Plaintiff's trademarks.

- Evidence, including spreadsheets, documents, and testimony, demonstrating Redbubble's revenue and financial gain from Plaintiff's trademarks.

- Evidence, including documents and testimony, demonstrating Plaintiff's injury that was caused by Redbubble's contributory infringement and contributory counterfeiting.

- Evidence, including emails, screenshots, documents, and testimony, showing Redbubble supplied services to product designers and fulfillers, who use those services to counterfeit and infringe Plaintiff's trademarks.

- Evidence, including emails, the Internet, screenshots, documents, expert testimony, and testimony, showing Redbubble's, its product designers', and its fulfillers' counterfeiting and infringement create a likelihood of confusion, including showing instances of actual confusion, similarity, proximity and relatedness, similar marketing channels, customers' low degree of consumer care, and likelihood of expansion.

- Evidence, including testimony, the Internet, screenshots, expert testimony, and documents, evidencing the massive scale of Redbubble's, its product designers', and its fulfillers' counterfeiting and infringement.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Redbubble tolerates and encourages infringement and

counterfeiting, and discourages customers from reporting instances of infringement.

- Evidence, including testimony, transcripts, videos, presentations, customer emails, screenshots, public statements, and letters, demonstrating Redbubble's relationship with its product designers and fulfillers.
- Evidence of Defendant's counsel's oral admission to the Sixth Circuit Court of Appeals that Defendant engages in contributory trademark infringement.
- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating the routine infringement of Plaintiff's and others' trademarks on Redbubble's website and Redbubble often does not remove counterfeit and infringing products from its website when requested by trademark holders.
- Evidence, including testimony, expert testimony, transcripts, documents, emails, letters, spreadsheets, and screenshots, demonstrating that Redbubble has actual knowledge or is willfully blind of the infringement and counterfeiting on its website.
- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating that Redbubble continued to supply its services to infringing and counterfeiting product designers and fulfillers.
- Evidence, including testimony, spreadsheets, emails, and documents, demonstrating that Redbubble has direct control and monitoring of its website and software.

**B.     Defendant's Affirmative Defenses: Summary Statement, Elements, and Key Supporting Evidence**

Although Defendant alleged numerous purported affirmative defenses in its Answer to Complaint (Dkt. No. 11) and Memorandum of Contentions of Fact and Law (Dkt. No. 72), the only affirmative defenses Defendant has expressed it may pursue that arguably may have survived the MSJ Order (Dkt. No. 103) are: (Eighth)

Failure to Mitigate, (Ninth & Twelfth) Unclean Hands and Trademark Misuse, (Tenth) Laches/Statute of Limitations, (Eleventh) Waiver, Acquiescence, or Estoppel, and (Seventeenth) Abandonment.

### 1. Eighth Affirmative Defense: Failure to Mitigate

Defendant contends Plaintiff has failed to mitigate its alleged damages.

#### a. Elements of Eighth Affirmative Defense

Defendant must show that:

(a) the plaintiff failed to use reasonable efforts to mitigate damages; and

(b) the amount by which damages would have been mitigated.

*See* Ninth Circuit Model Jury Instruction 5.3.

#### b. Brief Summary of Key Evidence in Opposition to Eighth Affirmative Defense

The key evidence that Plaintiff will introduce in opposition to Defendant's affirmative defense are, without limitation:

- Evidence, including emails, correspondences, documents, and testimony, demonstrating Plaintiff repeatedly and timely informed Defendant of its infringement and counterfeiting of Plaintiff's trademarks, including the infringement and counterfeiting on Defendant's website, providing specific examples of such infringement and counterfeiting.

### 2. Ninth and Twelfth Affirmative Defenses: Unclean Hands and Trademark Misuse

Defendant contends the unclean hands and trademark misuse doctrines bar, in whole or in part, Plaintiff's claims.

#### a. Elements of Ninth and Twelfth Affirmative Defenses

These affirmative defenses are the same. *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. 14-cv-609, 2014 WL 4187979, at *5 (C.D. Cal. Aug. 22, 2014). Defendant must show, by "clear, convincing evidence," that Plaintiff's conduct (1) is inequitable and (2) relates to the subject matter of its claims.

*Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1295 (S.D. Cal. 2018).

### b. Brief Summary of Key Evidence in Opposition to Ninth and Twelfth Affirmative Defenses

The key evidence that Plaintiff will introduce in opposition to Defendant's affirmative defense are, without limitation:

- Evidence, including testimony, that Plaintiff has not engaged in "inequitable" conduct as it relates to Defendant's ongoing infringement and counterfeiting of Plaintiff's trademarks.

### 3. Tenth Affirmative Defense: Laches/Statute of Limitations

Defendant contends Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. However, "laches does not bar a suit against a deliberate infringer." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001); *see also Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x. 471, 474 (9th Cir. 2019).

### a. Elements of Tenth Affirmative Defense

Defendant must show that:

(1) Plaintiff filed suit over 3 years after it knew or should have known about its trademark infringement claims;

(2) Plaintiff's delay in filing suit was unreasonable; and

(3) Defendant suffered prejudice as a result.

But regardless of Defendant's showing, this affirmative defense cannot apply if Defendant's contributory counterfeiting or contributory infringement was deliberate or willful. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835, 837-38 (9th Cir. 2002); *Danjaq LLC*, 263 F.3d at 956; *Eat Right Foods Ltd.*, 779 Fed. App'x. at 474.

### b. Brief Summary of Key Evidence in Opposition to Tenth Affirmative Defense

The key evidence that Plaintiff will introduce in opposition to Defendant's

affirmative defense of laches are, without limitation:

- Evidence, including emails, correspondences, documents, and testimony, demonstrating that the limitations period did not expire.
- Evidence, including emails, correspondences, and testimony, demonstrating that Plaintiff did not unreasonably delay in filing suit.
- Evidence, including screenshots, emails, documents, and testimony, demonstrating that Redbubble was not prejudiced by the timing of Plaintiff's lawsuit.
- Evidence, including videos, customer emails, transcripts, testimony, presentations, public statements, and letters, that Defendant's contributory counterfeiting and contributory trademark infringement were deliberate and willful.

### 4. Eleventh Affirmative Defense: Waiver, Acquiescence, or Estoppel

Defendant contends Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of waiver and acquiescence. Defendant has waived its defense of estoppel. (Dkt. No. 72 at 34.)

#### a. Elements of Eleventh Affirmative Defense

To prove waiver, Defendant must show "the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it.'" *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 957 (N.D. Cal. 2015) (quoting *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988)).

To prove acquiescence, Defendant must show:

"(1) the senior user actively represented that it would not assert a right or a claim;

(2) the delay between the active representation and assertion of the right or claim was not excusable; and

(3) the delay caused the defendant undue prejudice."

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 988-89 (9th Cir. 2010).

      b.    **Brief Summary of Key Evidence in Opposition to Eleventh Affirmative Defense**

The key evidence that Plaintiff will introduce in opposition to Defendant's affirmative defense are, without limitation:

- Evidence, including documents, email, and correspondences, and testimony, demonstrating Plaintiff repeatedly and timely informed Defendant of its infringement and counterfeiting of Plaintiff's trademarks, including the infringement and counterfeiting on Defendant's website, providing specific examples of such infringement and counterfeiting.

    5.    **Seventeenth Affirmative Defense: Abandonment**

Defendant contends Plaintiff's claims are barred because Plaintiff abandoned the trademarks identified in the Complaint.

    a.    **Elements of Seventeenth Affirmative Defense**

Defendant must show Plaintiff:

(1) discontinues its use of a trademark in the ordinary course of trade, intending not to resume using it;

(2) acts or fails to act so that the trademark's primary significant, primary meaning, principal significance, or principal meaning to prospective consumers has become the product or service itself and not the producer of the product or the provider of the service; or

(3) fails to exercise adequate quality control over the goods or services sold under the trademark by a licensee.

*See* Ninth Circuit Model Jury Instruction 15.22.

    b.    **Brief Summary of Key Evidence in Opposition to**

### Seventeenth Affirmative Defense

The key evidence that Plaintiff will introduce in opposition to Defendant's affirmative defense are, without limitation:

- Evidence, including documents and testimony, demonstrating Plaintiff has not discontinued its use of its trademarks with the intention not to resume using them.

- Evidence, including documents and testimony, demonstrating Plaintiff has not acted or failed to act in a manner that its trademarks' primary or principal significance or meaning to its prospective customers has become the product itself, rather than the producer of the product.

- Evidence, including documents and testimony, demonstrating Plaintiff exercises adequate quality control over its goods.

### C. Similar Statements for All Third Parties

There are no third parties in this action.

### D. Anticipated Evidentiary Issues and Plaintiff's Position on Those Issues

As outlined in Plaintiff's motions *in limine* (Dkt. Nos. 50, 51, 52, 53),[2] Plaintiff anticipates three types of evidentiary issues: (1) Defendant's introduction of irrelevant articles and documents about Plaintiff, (2) Defendant's introduction of testimony at trial that Defendant was unable or unwilling to provide during deposition, and (3) Defendant's improper rebuttal expert. Defendant has also filed motions *in limine* that Plaintiff has opposed, as well as untimely motions *in limine* that are improper and that Plaintiff will oppose.

#### 1. Irrelevant Articles and Documents About Plaintiff

Based on a review of evidence that Defendant has filed and added to the exhibit

---

[2] Defendant has indicated it will not oppose Plaintiff's Motion *in Limine* No. 2 to exclude evidence of unrelated legal claims and litigation (Dkt. No. 51). (Dkt. No. 89.)

list, it is clear that Defendant will attempt to introduce numerous examples of irrelevant articles and documents regarding Plaintiff. This issue is briefed in Plaintiff's Motion *in Limine* No. 1.

Defendant intends to introduce, *inter alia*, negative articles, blog posts, and online comments about Plaintiff that have no factual or legal relevance to any issue in this case. To illustrate, some of these articles accuse Plaintiff of "fat shaming" and "fuel[ing] body dysmorphia." Plainly, none of these articles relate to any element for any cause of action or affirmative defense in this action. The only purpose of introducing these articles and documents is to inflame the jury and unfairly prejudice Plaintiff. Such exhibits, and evidence and argument similar to them, are not relevant to any issue in this case, are unfairly prejudicial to Plaintiff, and should be excluded from presentation to the jury.

## 2. **Defendant's Improper Testimony**

Defendant has submitted self-serving declarations and intends to provide testimony at trial about evidence and issues that Defendant was unable or unwilling to provide during its Federal Rule of Civil Procedure 30(b)(6) deposition. This issue is briefed in Plaintiff's Motion *in Limine* No. 3.

Only after Defendant refused to sit for its Rule 30(b)(6) deposition and Plaintiff obtained an order *ex parte* compelling the deposition, Defendant designated a representative who was admittedly unprepared to testify "in any way" about evidence that squarely fits within the noticed deposition topics and is central to issues in this case.

In connection with the parties' summary judgment briefing, Defendant filed a declaration from that same representative, making improper averments about Defendant's partnership with its product fulfillers that Defendant's representative was unwilling or incapable of making at the Rule 30(b)(6) deposition. Defendant should be bound by its deposition testimony and should be precluded from offering any testimony that responds to, contradicts, rebuts, or otherwise undermines the substance

of Plaintiff's evidence about Defendant's partnership with its product fulfillers.

### 3. Defendant's Improper Rebuttal Expert

Defendant intends to call Michael Masnick, Defendant's improper rebuttal expert, to testify at trial. Mr. Masnick's testimony should be excluded pursuant to, *inter alia*, Federal Rules of Civil Procedure 26 and 37 and Federal Rules of Evidence 401, 402, 403, and 702. This issue is briefed in Plaintiff's Motion *in Limine* No. 4.

Plaintiff's expert witness will provide testimony that will establish, through the comparison of empirical data and infringement-related policies, that Redbubble is amongst the worst violators of intellectual property rights in the print-on-demand industry. In response, Defendant intends to call Mr. Masnick to testify; but Mr. Masnick's testimony should be excluded because his opinions lack foundation and are undisclosed and improper rebuttal opinions, Mr. Masnick refused to sit for deposition, and Mr. Masnick misstates the law and the requirements for Defendant to be liable, thereby invading the province of the Judge.

### E. Germaine Issues of Law and Plaintiff's Position on Those Issues

The key legal disputes regarding Plaintiff's case and claims are set forth in the pleadings, as well as the parties' briefings in connection with Plaintiff's motion for partial summary judgment (Dkt. No. 36) and Defendant's motion for summary judgment (Dkt. No. 40), which this Court decided on July 10, 2020 (Dkt. No. 103). Accordingly, Plaintiff refers to and incorporates by reference the legal arguments set forth in its briefing in support of its motion for partial summary judgment and in opposition to Defendant's motion for summary judgment.

## III. L.R. 16-4.3: BIFURCATION OF ISSUES

Plaintiff does not request bifurcation of any issues.

## IV. L.R. 16-4.4: JURY TRIAL

Plaintiff timely requested a jury trial, as provided in Federal Rule of Civil Procedure 38(a), in the complaint (Dkt. No. 1 at 14) and submits that the issues herein

are triable to a jury as a matter of right. The only non-jury issues are Plaintiff's request for injunctive relief, and any equitable affirmative defenses Redbubble may pursue.

## V.   L.R. 16-4.5:  ATTORNEYS' FEES

Plaintiff's Prayer for Relief includes "reasonable attorneys' fees and costs of suit incurred herein." (Dkt. No. 1 at 12.) The Lanham Act authorizes this Court to award reasonable attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The facts in this case, including the scope and duration of Redbubble's brazen counterfeiting and infringement of trademark rights, including Plaintiff's several registered and unregistered trademarks, are exceptional and warrant awarding Plaintiff attorneys' fees in this case.

## VI.   L.R. 16-4.6:  ABANDONMENT OF ISSUES

Plaintiff has not abandoned any pleaded claims.

DATED: August 31, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: */s/ Jason Y. Kelly*
     Jason Y. Kelly
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville