BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>               Plaintiff,<br><br>     vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>               Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**[PROPOSED AND AMENDED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Pre-Trial Conference:   Sept. 21, 2020<br>Trial:                         Oct. 6, 2020 |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1.     The parties are:  Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville"); and Defendant Redbubble, Inc. ("Defendant" or "Redbubble").

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:  (a) Plaintiff's Complaint (Dkt. No. 1); and (b) Redbubble's Answer to Complaint (Dkt. No. 11).

2.     Federal jurisdiction and venue are invoked upon the following grounds:

Plaintiff brings claims of trademark infringement under the Lanham Act (15 U.S.C. § 1051, *et seq.*), creating federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367, 1338(b).

Venue in this district is proper pursuant to 28 U.S.C. § 1391 as Plaintiff claims to have suffered injury in this district, and all parties are subject to personal jurisdiction in this district.

None of the parties contests jurisdiction or venue.

3.     The trial is estimated to take 5-8 trial days.

4.     Jury vs. non-jury trial:

- Plaintiff's position is that the trial is to be a jury trial.  Plaintiff seeks, *inter alia*, statutory damages, the "determination [of which] must be made by a jury." *Versace v. Awada*, No. 03-cv-3254, 2009 WL 10673371, at *1 (C.D. Cal. Sept. 4, 2009).  This Court's order deciding the parties' motions for summary judgment recognizes Plaintiff seeks statutory damages.  (Dkt. No. 103 at 14 n.1.)  At least seven (7) days prior to the trial date, the parties shall file and serve by e-mail, fax, or

personal delivery: (a) proposed jury instructions as required by L.R. 51-1, and (b) any special questions requested to be asked on *voir dire*.

- Defendant's position is that the trial should be a bench trial, since Plaintiff's trademark claims are equitable in nature and Plaintiff has withdrawn its prayer for actual damages, which was the only proper legal basis for its jury demand. *See* Dkt. No. 113 at 36 (citing *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1348 (11th Cir. 2019) ("The remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so we hold that a plaintiff seeking the defendant's profits in lieu of actual damages is not entitled to a jury trial"). Defendant hereby withdraws its demand for a jury trial. If the Court rules accordingly, at least seven (7) days prior to the trial date Defendant proposes that the parties lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.  Defendant incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 36-37).

5.   The following facts are admitted and require no proof:  None.  Plaintiff objects that Defendant, despite representing that it did not dispute or object to Fact No. 32 in opposition to Plaintiff's Motion for Partial Summary Judgment, has refused to stipulate that "Brandy Melville uses the Brandy Melville Mark on decorative wall hangings."  (Dkt. No. 47-3 ¶ 32.)

6.   The following facts, though stipulated, shall be without prejudice to any evidentiary objection:  None.  Defendant objects that, despite representing in connection with Defendant's Motion for Summary Judgment that it did not dispute, but objected to, Facts 38, 50-54, and 64 in Defendant's Separate Statement of Undisputed Facts (Dkt. No. 45-1), Plaintiff has refused to include those facts in this

Section 6.

7.     Claims and Defenses of the Parties:

Plaintiff:

(a)    Plaintiff plans to pursue the following claims against Defendant:

- Claim 4:  Contributory Trademark Infringement and Contributory Counterfeiting.  Defendant contributorily infringed and contributorily counterfeited Plaintiff's registered and unregistered trademarks by continuing to sell or supply goods or services to its product designers and fulfillers whom Defendant knew or had reason to know were engaging in trademark infringement or counterfeiting and Defendant had direct control and monitoring of the instrumentality that the product designers and fulfillers used to infringe and counterfeit Plaintiff's trademarks.  Defendant objects that Plaintiff's use of the phrase "its product designers and fulfillers" is fundamentally inaccurate and misleading, particularly since the Court has already explicitly determined, in granting Redbubble summary judgment of no vicarious liability, that Redbubble is not a partner with, nor an agent for, nor exercises joint ownership and control with, the designers and fulfillers. (Dkt. 103 at 9-12.)

(b)    The elements required to establish Plaintiff's claims are:

- Claim 4: Plaintiff states that, to establish its claim for contributory trademark infringement, Plaintiff must demonstrate the following: (1) Defendant sold or supplied goods or services to one or more product designers or fulfillers; (2) any one of Defendant's product designers or fulfillers used the goods or services Defendant sold or supplied to infringe any of Plaintiff's trademarks; (3) Defendant knew or had reason to know any one of its product designers or fulfillers would use the goods or services to infringe any of Plaintiff's

trademarks or was infringing any of Plaintiff's trademarks and Defendant continued to supply its goods or services; (4) Defendant had direct control and monitoring of the instrumentality used by those designers or fulfillers to infringe; and (5) Plaintiff was damaged by the infringement. *See* 9th Cir. Civ. Jury Inst. (2017) Instr. No. 15.21. Defendant states that Plaintiff's description of the elements modifies the Model Instruction improperly, including by failing to identify the "name of direct infringer"; asserting that the "product designers and fulfillers" are "Defendant's"; asserting that Defendant "sold" or "provided goods" to anyone, much less "product designers or fulfillers." Defendant further objects that Plaintiff's description of the elements fails to make clear that the third-parties referenced in element (3) must be the same one as in element (2); *i.e.*, that element (3) should read, "defendant knew or had reason to know that *such* designer or fulfiller would…." Defendant further objects that Plaintiff's use of the phrase "its product designers and fulfillers" is fundamentally inaccurate and misleading, particularly since the Court has already explicitly determined, in granting Redbubble summary judgment of no vicarious liability, that Redbubble is not a partner with, nor an agent for, nor exercises joint ownership and control with, the designers and fulfillers. (Dkt. 103 at 9-12.) Moreover, Defendant states that contributory infringement further requires proof that Defendant had some contemporary knowledge of which particular listings were infringing or would infringe in the future, and that the mere assertion of infringement in a notice letter is not sufficient to establish knowledge of infringement, and use of an identical or similar mark does not necessarily constitute infringement; and a Defendant who engages in unilateral proactive conduct, such as measures designed to identify and

remove infringing materials before receiving actual notice, does not "know or have reason to know" of those specific instances that its proactive conduct identifies unless it received actual notice of those instances. *See, e.g.*, *Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 107-09 (2d Cir. 2010); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 963 (C.D. Cal 1997). Defendant incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 13-15) and the positions it will take in the jury instruction submissions. Plaintiff disagrees with Defendant's characterization. The elements properly reflect the Ninth Circuit's Model Jury Instruction tailored to the facts of this case. Further, neither Defendant's cited authorities nor other authorities support Defendant's contentions regarding the elements for a claim for contributory trademark infringement. A notice letter of infringement can establish Defendant's knowledge. (*See* Dkt. No. 103 at 9.) *E.g.*, *Delta Air Lines, Inc. v. Wunder*, No. 13-cv-3388, 2015 WL 11347586, at *10 (N.D. Ga. Dec. 28, 2015). "Unilateral policing" also does not absolve a counterfeiting or infringing defendant from liability, particularity where the defendant is willfully blind and engages in "ostrich-like" practices. (Dkt. No. 103 at 9.) *See also Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 109-10 (2d Cir. 2010); *Louis Vuitton Malletier, S.A. v. Akanoc Sols, Inc.*, 658 F.3d 936, 942-43 (9th Cir. 2011). Indeed, the defendant is liable where it has "actual knowledge that the infringing activity was occurring at [its platform] over a lengthy period of time and even knew that particular vendors were selling counterfeit . . . products." *Coach*, 717 F.3d at 505. Plaintiff incorporates by reference its Amended Memorandum of Contentions of Fact and Law (Dkt. No. 115 at 1-3), as well as its contentions in the submissions

1  regarding jury instructions.

2  Further, Plaintiff states that, to establish its claim for contributory

3  counterfeiting, Plaintiff must demonstrate the same elements as its

4  claim for contributory trademark infringement, except that the

5  designation is identical with, or substantially indistinguishable from, a

6  trademark that is registered on the principal register in the United States

7  Patent and Trademark Office for such goods or services sold, offered

8  for sale, or distributed.  15 U.S.C. § 1127.  "[C]ounterfeit marks are

9  inherently confusing." *Phillip Morris USA Inc. v. Shalabi*, 352 F.

10  Supp. 2d 1067, 1073 (C.D. Cal. 2004) (collecting cases).  Defendant

11  states that counterfeiting is not a separate claim and has not been so

12  pled by Plaintiff, and further, that to establish counterfeiting, Plaintiff

13  must demonstrate, in addition to the elements for infringement and

14  those identified by Plaintiff, (a) that the counterfeit is a "stitch for stitch

15  copy" of Plaintiff's own products when viewed in the marketplace,

16  including their packaging, such that a consumer would be tricked into

17  believing that the counterfeit is actually one of Plaintiff's products; (b)

18  that Defendant intentionally used a counterfeit mark in commerce,

19  knowing it to be counterfeit, and (c) that the registered mark must be

20  registered on the Principal Register for, and used by the holder of the

21  mark in connection with, the same goods in connection with which the

22  accused mark is being used.  *See, e.g.*, O'MALLEY, GRENIG, & LEE,

23  FED. JURY. PRAC. & INSTR. CIVIL COMPANION HANDBOOK § 6:2 (2019);

24  *Idaho Potato Comm'n v. G&T Terminal Pack, Inc.*, 425 F.3d 708, 721

25  (9th Cir. 2005); *Arcona, Inc. v. Farmacy Beauty*, LLC, No. 2:17-cv-

26  07058-ODW, 2019 WL 1260625, at *2-3 (C.D. Cal., Mar. 19, 2019).

27  Defendant incorporates by reference its Memorandum of Contentions

28  (Dkt. No. 113 at 15-16) and the positions it will take in the jury

instruction submissions.  Plaintiff disagrees with Defendant's additions—they are unnecessarily confusing and duplicative of the elements Plaintiff identified, which come directly from the applicable statute.  Further, Defendant's cited authorities do not support its contention—they do not limit counterfeits only to "stitch-for-stich" copies; and Defendant's intent is not an element for finding liability, it only impacts the amount and type of recoverable damages (15 U.S.C. § 1117(b), (c)).  Plaintiff incorporates by reference its Amended Memorandum of Contentions of Fact and Law (Dkt. No. 115 at 1-3), as well as its contentions in the submissions regarding jury instructions.

(c)     In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 4:

- Evidence, including screenshots, documents, and testimony, regarding Plaintiff and its registered and unregistered trademarks, including but not limited to Plaintiff's products, designs and trademarks, advertising, sales, popularity and brand recognition, and customers.

- Evidence, including screenshots, documents, and testimony, demonstrating Plaintiff has used the trademarks, and the nature and extent of Plaintiff's use of its trademarks in public and in the marketplace.

- Evidence, including screenshots, documents, and testimony, demonstrating the strength of Plaintiff's trademarks.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating Defendant's, its product designers', and its fulfillers' use of Plaintiff's trademarks.

- Evidence, including spreadsheets, documents, and testimony, demonstrating Defendant's revenue and financial gain from Plaintiff's trademarks.

- Evidence, including documents and testimony, demonstrating Plaintiff's injury that was caused by Defendant's contributory infringement and contributory counterfeiting.

- Evidence, including emails, screenshots, documents, and testimony, showing Defendant supplied services to product designers and fulfillers, who use those services to counterfeit and infringe Plaintiff's trademarks.

- Evidence, including emails, the Internet, screenshots, documents, expert testimony, and testimony, showing Defendant's, its product designers', and its fulfillers' counterfeiting and infringement create a likelihood of confusion, including showing instances of actual confusion, similarity, proximity and relatedness, similar marketing channels, customers' low degree of consumer care, and likelihood of expansion.

- Evidence, including testimony, the Internet, screenshots, expert testimony, and documents, evidencing the massive scale of Defendant's, its product designers', and its fulfillers' counterfeiting and infringement.

- Evidence, including emails, screenshots, documents, and testimony, demonstrating that Defendant tolerates and encourages infringement and counterfeiting, and discourages customers from reporting instances of infringement.

- Evidence, including testimony, transcripts, videos, presentations, customer emails, screenshots, public statements, and letters, demonstrating Defendant's relationship with its product designers and fulfillers.

- Evidence of Defendant's counsel's oral admission to the Sixth Circuit Court of Appeals that Defendant engages in contributory trademark

infringement.

- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating the routine infringement of Plaintiff's and others' trademarks on Defendant's website and Defendant often does not remove counterfeit and infringing products from its website when requested by trademark holders.

- Evidence, including testimony, expert testimony, transcripts, documents, emails, letters, spreadsheets, and screenshots, demonstrating that Defendant has actual knowledge or is willfully blind of the infringement and counterfeiting on its website.

- Evidence, including emails, screenshots, documents, testimony, and expert testimony, demonstrating that Defendant continued to supply its services to infringing and counterfeiting product designers and fulfillers.

- Evidence, including testimony, spreadsheets, emails, and documents, demonstrating that Defendant has direct control and monitoring of its website and software.

Defendant:

(a)   Defendant plans to pursue the following affirmative defenses on which it bears the burden of proof (with the exception of Defense 7, where Defendant does not have the burden):

- Defense 6:  Fair Use.  Plaintiff's claim is barred, in whole or in part, because at least certain of the allegedly infringing uses of Plaintiff's asserted trademark(s) were fair uses.

- Defense 7:  Protected Speech.  Plaintiff's claim is barred, in whole or in part, because at least some of the allegedly infringing uses of Plaintiff's asserted trademark(s) were protected speech under the First Amendment of the United States Constitution and the California

Constitution.

- Defense 8:  Failure to Mitigate.  Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages.

- Defenses 9 and 12:  Unclean Hands and Trademark Misuse.  Plaintiff's claim is barred, in whole or in part, under the doctrines of unclean hands and trademark misuse.

- Defense 10:  Laches/Statute of Limitations.  Plaintiff's claim is barred, in whole or in part, under the doctrine of laches and/or the relevant statute of limitations.

- Defense 11:  Waiver and Acquiescence.  Plaintiff's claim is barred, in whole or in part, under the equitable doctrines of waiver and acquiescence.

- Defense 17:  Abandonment.  Seventeenth Affirmative Defense (Abandonment): Plaintiff's claim is barred because Plaintiff has abandoned the trademarks identified in the Complaint through (a) significant periods of non-use; (b) naked licensing; (c) failure to take any steps necessary to register and/or otherwise protect the Claimed Trademarks; and/or (d) other acts and/or omissions that caused the Claimed Trademarks to lose their significance as marks.

(b)   The elements required to establish Defendant's affirmative defenses are:

- Defense 6: To prevail on its Nominative Fair Use defense, Defendant must establish that the allegedly infringing uses (a) Used the mark in connection with the plaintiff's product, which was not readily identifiable without use of that mark; (b) Used only so much of the mark as was reasonably necessary to identify the product in question; and (c) Did not do anything in connection with the trademark that would suggest sponsorship or endorsement of the defendant's product

or service by the plaintiff. *See* Ninth Circuit Model Jury Instruction 15.25.  Plaintiff adds that Defendant improperly modified the Ninth Circuit's Model Jury Instruction No. 15.25, which also instructs the jury that: "You may consider whether the defendant did anything that would, in conjunction with the trademark suggest sponsorship or endorsement by the plaintiff.  A use of the plaintiff's trademark does not suggest sponsorship or endorsement of the defendant's product when the defendant does not attempt to deceive, or mislead, or capitalize on consumer confusion, or when the defendant appropriates the cachet of the plaintiff's product for the defendant's.  A defendant's use of the plaintiff's trademark to describe the plaintiff's product may not necessarily suggest plaintiff's sponsorship or endorsement, even if the defendant's ultimate goal is to describe the defendant's own product."  Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 21-22) and the positions it will take in the jury instruction submissions.

- Defense 7: Under Ninth Circuit law, a lack of First Amendment protection is part of the Plaintiff's case in chief.  *See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.19A (2019).  Plaintiff adds that this affirmative defense does not apply here; but even if it does, Defendant failed to identify *any* elements of this affirmative defense.  Ninth Circuit Model Jury Instruction No. 15.19A provides that plaintiff prevails if it establishes the following elements by a preponderance of the evidence: (1) The defendant's use of the plaintiff's mark is explicitly misleading as to the source or content of defendant's infringing works; and (2) the defendant's use of the plaintiff's mark is likely to cause confusion about the source of the

plaintiff's or the defendant's goods.  Defendant disagrees that the First Amendment is inapplicable, and notes that Plaintiff's separate statement supports Defendant's position that the issue is part of Plaintiff's burden, not Defendant's.  Defendant agrees that Ninth Circuit Model Jury Instruction No. 15.19A is generally appropriate, except that it refers to "defendant's infringing works" and "defendant's goods," which do not fit the facts of this case; both should be replaced with "the accused goods." Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 23) and the positions it will take in the jury instruction submissions.

- Defense 8: To prevail on its Failure to Mitigate defense, Defendant must establish (a) that the plaintiff failed to use reasonable efforts to mitigate damages; and (b) the amount by which damages would have been mitigated.  *See* Ninth Circuit Model Jury Instruction 5.3.

- Defenses 9 and 12: Defendant's Unclean Hands and Trademark Misuse claims are for the Court, not the jury, to decide.  Unclean hands and trademark misuse are closely related.  *See, e.g., TSX Toys, Inc. v. 665, Inc.*, No. CV1402400-RGK-TBX, 2015 WL 12746211, at *9 (C.D. Cal. Sept. 23, 2015).  To prevail on these defenses, a defendant must prove by a preponderance of the evidence that plaintiff's conduct (a) is inequitable and (b) relates to the subject matter of its claims.  *See Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197-RSWL, 2011 WL 3809933, at *8 (C.D. Cal. Aug. 25, 2011).  Plaintiff contends that no legal support is

cited for Defendant's representation that these defenses—which are the same affirmative defense, *e.g.*, *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. 14-cv-609, 2014 WL 4187979, at *5 (C.D. Cal. Aug. 22, 2014)—"are for the Court, not the jury, to decide." Defendant incorporates by reference and refers the Court to its Memorandum of Contentions (Dkt. No. 113) at 37, and the *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310, 2009 WL 8591607, at *19 (C.D. Cal. July 14, 2009) case cited therein.

- Defense 10: The Statute of Limitations component of Defense 10 is for the jury; the Laches component of Defense 10 is for the Court. To prevail on its Statute of Limitations defense, Defendant must establish that Plaintiff's claimed harm began before May 28, 2016. *See* CACI 454; California Code of Civil Procedure § 338(d); *Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.* 285 F.3d 848, 857 (9th Cir. 2002). To prevail on its Laches defense, Defendant must establish that (a) Plaintiff unreasonably delayed in filing suit; and (b) Defendant suffered prejudice as a result of plaintiff's delay. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Plaintiff disagrees with Defendant's inaccurate representations. As to the statute of limitations defense, Defendant must establish that Plaintiff had actual or constructive knowledge of Defendant's wrongful acts before May 28, 2016. *E.g.*, *Karl Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.* 285 F.3d 848, 857 (9th Cir. 2002) (citing *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991); Cal. Civ. Proc. Code § 338(d)). And as to the laches defense, Defendant must show that (1) Plaintiff filed suit over 3 years after it knew or should have known about its trademark infringement claims, (2) Plaintiff's delay in filing suit was unreasonable, and (3) Defendant

suffered prejudice as a result.  But regardless of Defendant's showing, the laches defense cannot apply if Defendant's counterfeiting or direct, contributory, or vicarious trademark infringement was deliberate or willful.  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 945 (9th Cir. 2001); *see also Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x 471, 474 (9th Cir. 2019). Defendant disagrees with Plaintiff's objections, and incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 26) and the positions it will take in the jury instruction submissions.

- Defense 11: The defenses of Waiver and Acquiescence are for the Court, not the jury.  To prevail on its Waiver defense, Defendant must establish that Plaintiff intentionally relinquished a known right. *See AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 957 (N.D. Cal. 2015). To prevail on its Acquiescence defense, Defendant must establish that (a) Plaintiff gave its assent or express/implied assurance that it would not assert a right or claim; (b) the delay between Plaintiff's assent and the assertion of the right or claim was not excusable; and (c) the delay caused the Defendant undue prejudice based on defendant's reasonable reliance on Plaintiff's affirmative act or deed.  *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 988 (9th Cir. 2010).  Plaintiff adds that Defendant's characterization of the waiver and acquiescence defenses are inaccurate.  The complete standard for the waiver defense is: "'Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it.'"  *AirWair, Int'l Ltd.*, 84 F. Supp. 3d at 957 (quoting *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988)).  And the precise elements for acquiescence are: "(1) the senior

1   user actively represented that it would not assert a right or a claim;

2   (2) the delay between the active representation and assertion of the

3   right or claim was not excusable; and (3) the delay caused the

4   defendant undue prejudice." *Seller Agency*, 621 F.3d at 989. Defendant

5   disagrees with Plaintiff's objections, and incorporates by reference its

6   Memorandum of Contentions (Dkt. No. 113 at 27).

7   • Defense 17: To prevail on its Abandonment defense, Defendant must

8   establish that Plaintiff discontinued its use of a claimed trademark in

9   the ordinary course of trade, intending not to resume using it, or

10  registered it but never actually used it in a class of products; or acted or

11  failed to act so that the trademark's primary significance to prospective

12  consumers has become the product itself and not the producer of the

13  product. *See* Ninth Circuit Model Jury Instruction 15.22; *Shutemdown*

14  *Sports, Inc. v. Carl Dean Lacy*, 102 U.S.P.Q.2d 1036 (T.T.A.B. 2012).

15  Plaintiff disagrees with Defendant's characterization. Defendant's

16  second purported ground for abandonment—"registered it but never

17  actually used it in a class of products"—is not provided in the Ninth

18  Circuit's Model Jury Instruction No. 15.22 or in Defendant's cited

19  authority. Moreover, Defendant also fails to recognize that it must

20  satisfy "a clear and convincing standard of proof" for the abandonment

21  defense to apply. Comment of Ninth Circuit Model Jury Instruction

22  15.22 (citing 3 J. Thomas McCarthy, Trademarks and Unfair

23  Competition § 17:12 (4th ed. 2015)). Defendant disagrees with

24  Plaintiff's objections. Plaintiff's citation to the Ninth Circuit Comment

25  is particularly misleading, because it ignores that the first sentence of

26  the paragraph from which it quotes states unequivocally: "No Ninth

27  Circuit case establishes the standard of proof required to prove

28  abandonment as between 'clear and convincing' and 'preponderance.'"

Defendant further incorporates by reference its Memorandum of Contentions (Dkt. No. 113 at 29-30) and the positions it will take in the jury instruction submissions.

(c)   In brief, the key evidence Defendant relies on for each affirmative defense is, in addition to evidence rebutting Plaintiff's case in chief:

• Defense 6: Testimony and documents describing or showing each allegedly infringing work, including the database reports produced by Defendant, and that relate to the lack of source-identification of the alleged marks, or to the extent that they identify Plaintiff, do so for purposes of criticism.

• Defense 7: Testimony and documents describing or showing each allegedly infringing work, including the database reports produced by Defendant, and the listings and search results on the Redbubble Marketplace, which identify sources other than Plaintiff and therefore preclude consumer confusion regarding whether Plaintiff sponsored or is somehow associated with the allegedly infringing work, or that relate to the lack of source-identification of the alleged marks, or to the extent that they identify Plaintiff, do so for purposes of criticism, as well as evidence that neither Defendant nor the third-party Sellers did anything to explicitly mislead consumers into believing that Plaintiff is somehow associated with the Accused Products.

• Defense 8: Testimony and documents showing that, other than brief correspondence in May 2018, Plaintiff failed to timely identify specific alleged infringements when Plaintiff located them or to identify any specific infringements prior to filing suit; and that Plaintiff failed to cooperate with Defendant to help Defendant develop policing guidelines that would have facilitated identification of properties over which Plaintiff claimed rights.

- Defenses 9 and 12: Testimony and documents showing that Plaintiff has claimed rights in works that it did not originate or create, or that it misappropriated from others (including the "Have a Nice Day" graphic that predated Plaintiff's existence and to which Plaintiff had no rights, for which Plaintiff demanded that Defendant remove one or more listings), shirts and other materials that used intellectual property belonging to others (including a shirt bearing the famous "you can't sit with us" language misappropriated from the movie "Mean Girls"), and complaints and other materials asserting that Plaintiff's products infringed intellectual property rights of others; and showing that Plaintiff registered the Registered Marks for uses that it has not made (and notwithstanding its representations to the Trademark Office, never intended to make), including the registrations, Plaintiff's documentation of its own products, and its deposition testimony.

- Defense 10: Testimony and documents, including the database reports produced by Defendant that identify each allegedly infringing work and each allegedly infringing sale, showing that alleged infringement predates the limitations period.

- Defense 11: Testimony and documents showing that Plaintiff delayed in asserting its rights, including the database reports produced by Defendant that identify each allegedly infringing work and each allegedly infringing sale, and including the takedown notices sent to Defendant more than a year before Plaintiff filed suit, during which time Plaintiff never contacted Defendant, and the policing guidelines that Defendant developed after Plaintiff filed suit.

- Defense 17: Testimony and documents showing that Plaintiff registered the Registered Marks for uses that it has not made, including the registrations, Plaintiff's documentation of its own products, and its

1    deposition testimony.

2        8.       In view of the admitted facts and the elements required to establish the

3    claims and affirmative defenses, the following issues remain to be tried: (1) Whether

4    Defendant is liable for contributory counterfeiting of the three registered

5    trademarks; (2) Whether Defendant is liable for contributory trademark

6    infringement; (3) Whether Defendant's affirmative defense of Fair Use bars some or

7    all of Plaintiff's claims; (4) Whether Defendant's affirmative defense of Protected

8    Speech bars some or all of Plaintiff's claims; (5) Whether Plaintiff's Failure to

9    Mitigate bars some or all of the remedies sought by Plaintiff; (6) Whether Unclean

10   Hands and Trademark Misuse bar some or all of Plaintiff's claims; (7) Whether

11   Laches and/or the Statute of Limitations bar some or all of Plaintiff's claims; (8)

12   Whether the equitable doctrines of Waiver and Acquiescence bars some or all of

13   Plaintiff's claims; (9) Whether Defendant's affirmative defense of Abandonment

14   bars some or all of Plaintiff's claims; (10) Whether any contributory counterfeiting

15   or infringement by Defendant was willful; (11) Whether Plaintiff is entitled to

16   injunctive relief against Defendant's further use of its registered and unregistered

17   trademarks; (12) Whether Plaintiff is entitled to an order requiring the destruction of

18   all of Defendant's contributorily infringing and/or counterfeit products and all

19   marketing, advertising, or promotional materials depicting Defendant's

20   contributorily infringing and/or counterfeit products; (13) Whether Plaintiff is

21   entitled to disgorgement of Defendant's profits, and if so, in what amount;

22   (14) Whether Plaintiff is entitled to statutory damages for Plaintiff's registered

23   trademarks, and if so, in what amount; (15) Whether Plaintiff is entitled to pre-

24   judgment interest on all damages awarded, and if so, in what amount; and

25   (16) Whether either party is entitled to recover its attorneys' fees and costs, and if

26   so, in what amount.

27       9.       Plaintiff states that all discovery is complete except Plaintiff's

28   outstanding notice and request to depose Michael Masnick, as well as Plaintiff's

ongoing informal investigation of Defendant's ongoing infringement and
counterfeiting.  If the Court denies Plaintiff's Motion *in Limine* No. 4 (Dkt. No. 53),
Plaintiff requests the opportunity to depose Mr. Masnick before trial begins.
Defendant states, as required by Local Rule 16-7 and Appendix A, that all discovery
is complete; and further states that the putative notice of deposition, which was
served after the close of discovery, is a nullity, and that it does not understand what
"ongoing informal investigation" Plaintiff refers to, and that if the Court denies
Defendant's Motion in Limine No. 7 (Dkt. No. 61), Defendant requests the
opportunity to take depositions of such witnesses of not more than two hours each
before trial begins.

      10.    All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

      The Second Amended Joint Exhibit List of the parties has been filed under
separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit
shall be withdrawn, all exhibits will be admitted without objection at trial, except
those exhibits listed below:

      Plaintiff objects to Exhibit Nos. 2, 3, 4, 11 through 32, 34 through 115, 118
through 123, 125, 128, 140 through 143, 155 through 159, 161, 163 through 171,
174 through 196, 226 through 264, 269, 272, 273, 276, 277, 278, 282 through 287,
295, 297 through 326, 330 through 342, 344, 345, 346, 347, 350 through 356, 358
through 363, 366, 367, 368 through 400, 501 through 507, and 584 through 612.

      Defendant objects to Exhibit Nos. 8, 15, 25, 107, 110 through 127, 140
through 217, 221 through 270, and 273 through 413.

      The objections and grounds therefor are:

      Plaintiff objects to the admission of all exhibits referenced in its Motions *in
Limine* Nos. 1-4.  Plaintiff further incorporates its objections to exhibits contained in
the Second Amended Joint Exhibit List as set forth in Exhibit A.

      Defendant objects to the admission of all exhibits referenced in its Motions *in
Limine* Nos. 1-7 (Dkt. Nos. 55-61).  Defendant further incorporates its objections to

exhibits contained in Second Amended Joint Exhibit List as set forth in Exhibit A. Defendant further notes that Plaintiff has objected to Exhibits that it has itself proffered. Defendant further objects to all of Plaintiff's exhibits (101-413) on the grounds that Plaintiff failed to comply with L.R. 16-6.1, which requires that "An asterisk shall be placed next to the exhibits which a party may offer if the need arises."

11.     Witness lists of the parties have been filed with the Court (Dkt. Nos. 71, 74, 75).  Plaintiff objects to Defendant calling any of the witnesses identified in the untimely Redbubble Inc.'s Separate Local Rule 16-5 Witness List (Dkt. No. 75) for failure to comply with Local Rule 16-5. Defendant responds that its Separate Local Rule 16-5 Witness List (Dkt. No. 75) was filed on May 24, 2020, 22 days before the original June 15, 2020 Final Pretrial Conference and nearly four months before the current September 21, 2020 Final Pretrial Conference, consistent with Local Rule 16-4 and 16-5's requirement that the list be filed at least 21 days before the Conference; and furthermore, that the same information was contained in the parties' Joint Witness List (Dkt. No. 71).

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Defendant reserves the right to call its declarant in support of its filing pursuant to the Court's order, Dkt. No. 84, if needed to rebut evidence newly-offered by Plaintiff.  Defendant further notes that, as set forth in its Memorandum of Contentions (Dkt. No. 113 at 32-33), coronavirus-related travel restrictions may prevent Defendant's trial witness Anuj Luthra, who resides in Australia, from traveling to the United States for trial. Moreover, because Mr. Luthra left Redbubble Ltd.'s employ in or about July 2020, Redbubble no longer has the ability to ensure Mr. Luthra's attendance at trial. Accordingly, Redbubble is attempting to identify a reasonable substitute witness for Mr. Luthra, and may seek to amend its relevant disclosures accordingly.  Redbubble expects to be able to update the Court regarding Mr. Luthra's status no later than the Final Pretrial

Conference.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk by Plaintiff as required by L.R. 32-1: None.

12. The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

- Plaintiff's Motions *in Limine* Nos. 1-4, Dkt. Nos. 50-53; and
- Defendant's Motions *in Limine* Nos. 1-10, Dkt. Nos. 55-61, 109-111.

13. Bifurcation of the following issues for trial is ordered: None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED:  September __, 2020

_____
Honorable R. Gary Klausner
United States District Judge

Approved as to form and content.

_/s/ Keith J. Wesley_____
Attorney for Plaintiff

_/s/ Joshua M. Masur_____
Attorney for Defendant

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)</u>

I, Keith J. Wesley, am the ECF User whose identification and password are being used to file this stipulation.  Per Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  September 10, 2020     By:     _____/s/ Keith J. Wesley_____

Keith J. Wesley