KENNETH B. WILSON (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
  jzuber@zuberlawler.com
RASHEED M. McWILLIAMS (SBN 281832)
  rmcwilliams@zuberlawler.com
HEMING XU (SBN 302461)
  hxu@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S AMENDED OPPOSITION TO PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Hearing Date: October 6, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

2911-1006 / 1668779.6

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1
II. BACKGROUND ............................................................................................ 1
III. LEGAL ARGUMENT .................................................................................... 3
    A. MIL No. 3 Is Moot In Light of the SJ Order .......................................... 4
    B. Redbubble Satisfied Its Obligations Under Rule 30(b)(6) ...................... 4
    C. Rule 37 Sanctions Are Inappropriate ...................................................... 6
IV. CONCLUSION ............................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Agniel v. Cent. Park Boathouse LLC*,
   No. 12 CIV. 7227 NRB, 2015 WL 463971 (S.D.N.Y. Jan. 26, 2015) ............ 7

*DarbeeVision, Inc. v. C&A Mktg., Inc.*,
   No. CV 18-0725 AG (SSX), 2019 WL 2902697 (C.D. Cal. Jan. 28,
   2019) ................................................................................................................ 6

*Fleurimond v. New York Univ.*,
   No. CV 09-3739 ADS AKT, 2011 WL 3273876 (E.D.N.Y. July 29,
   2011) ................................................................................................................ 8

*Goldie v. Hartford Ins. Co.*,
   No. CV053801RSWLSSX, 2006 WL 8451352 (C.D. Cal. Feb. 16,
   2006) ................................................................................................................ 5

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*,
   No. C 03-5340 JF (RS), 2006 WL 2318803 (N.D. Cal. Aug. 10, 2006) .......... 6

*Holloman v. Trinity Railcar Repair, Inc.*,
   No. 1:03-CV-3461-RWS, 2006 WL 8431262 (N.D. Ga. June 21, 2006) ......... 8

*In re Body Sci. LLC Patent Litig.*,
   No. CV 12-11668-FDS, 2014 WL 12644298 (D. Mass. Oct. 31, 2014) .......... 4

*Jenkins v. XpresSpa Grp., Inc.*,
   No. 19CIV1774VECSLC, 2020 WL 1644012 (S.D.N.Y. Apr. 2, 2020) ......... 7

*Kelly v. Provident Life & Accident Ins. Co.*,
   No. 04CV807-CAB (BGS), 2012 WL 12845616 (S.D. Cal. Mar. 16,
   2012) ................................................................................................................ 5

*Lebron v. Royal Caribbean Cruises, Ltd.*,
   No. 16-24687-CIV, 2018 WL 4258269 (S.D. Fla. Sept. 6, 2018) ............ 6, 7, 8

1   *McCoy v. Kazi*,
2       No. CV0807244SJOCWX, 2010 WL 11465179 (C.D. Cal. Aug. 27,
3       2010) .................................................................................................................. 5
4   *Moughler v. Abbott Labs.*,
5       No. CV 14-81-WOB-CJS, 2017 WL 10636888 (E.D. Ky. Mar. 21,
6       2017) .................................................................................................................. 7
7   *U.S. Bank, N.A. v. Recovery Servs. Nw., Inc.*,
8       No. 213CV01254APGGWF, 2016 WL 11566486 (D. Nev. Oct. 13,
9       2016) ............................................................................................................... 6, 7
10  *U.S. ex rel. Roach Concrete, Inc. v. Veteran Pac. JV*,
11      No. 10-C-826, 2013 WL 1729277 (E.D. Wis. Apr. 22, 2013) ........................... 5
12  *Venture Corp. Ltd. v. Barrett*,
13      No. 5:13-CV-03384-PSG, 2015 WL 2088999 (N.D. Cal. May 5, 2015) ......... 9

14  **<u>RULES</u>**

15  Fed. R. Civ. P. 30(b)(6) ....................................................................................... passim

16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") has moved to preclude Defendant Redbubble, Inc. ("Redbubble") from providing any evidence about the legal nature of its relationship with third-party fulfillers because its Rule 30(b)(6) witness was unprepared to testify specifically about Deposition Exhibit 118 ("Exhibit 118"), a video posted on the investor portion of the Redbubble website, in which an employee of Redbubble's Australian parent company ("Australian Parent") says that Redbubble "partners" with fulfillers (the "Contested Statement"). However, Redbubble's witness, Mr. James Toy, provided thorough testimony on the relevant Rule 30(b)(6) topics (*i.e.*, Redbubble's corporate structure and business model), and testified unequivocally that any references to fulfillers as "partners" would be "inaccurate."  Moreover, there is no authority that a corporate designee must have knowledge of all the materials generated by the company, let alone that Rule 37 evidentiary sanctions should be imposed in such a situation.  Finally, and most importantly, Plaintiff's motion has been mooted by this Court's grant of summary judgment that Redbubble has not engaged in vicarious infringement, and the Court's ruling that "off-handed statements" like those made in the video in question "are insufficient to demonstrate the type of partnership required for imposing vicarious liability." (Dkt. 103 at 10.)  Accordingly, Plaintiff's Motion in Limine ("MIL") No. 3 should be denied.

## II. BACKGROUND

During Redbubble's Rule 30(b)(6) deposition,[1] Plaintiff sought testimony about Exhibit 118, a video where Ms. Kate McBride—*an employee of Redbubble's*

---

[1] While not particularly germane to the merits of the motion, Plaintiff misleadingly attempts to cast aspersions on Redbubble by asserting that Redbubble improperly "refused to appear for its deposition," forcing Plaintiff to apply *ex parte*" to compel a remote deposition.  (Dkt. No. 52 at 4.)  In reality, although the Parties had been discussing Redbubble's deposition since *January 2020* and discovery was set to

*Australian Parent*, not of Redbubble—made the Contested Statement and referenced "fulfillers"[2] as "partners." (Dkt. Nos. 36-1 ¶ 82, 52-5 at 132:3-6.) Redbubble objected because Exhibit 118 was neither produced by either party during discovery nor identified with particularity in Plaintiff's deposition topics ("Topics"). (Dkt. No. 52-5 at 139:16-20; *see also* Dkt. Nos. 52-2, 52-3; Section III.B., *infra*.) In response, Plaintiff initially claimed that Exhibit 118 fell under Topic 2, and then asserted that the video was covered by Topics 2-3, but *not Topic 1*. (Dkt. No. 52-5 at 137:16-18, 140:12-16, & 149:13-21.) Plaintiff now asserts, contrary to earlier representations, that *Topic 1*, as well as 2-3, 7-8, and 17 encompass Exhibit 118.

Mr. Toy, as Redbubble's corporate representative, nonetheless did his best to answer Plaintiff's problematic questions. For example, Plaintiff asked Mr. Toy to recall every inaccuracy within Exhibit 118. (Dkt. No. 52-5 at 142:1-6.) In response, Mr. Toy explained that because he had "watched the *video [only] one time*," it was "*challenging to . . . identify everything*" Redbubble believed to be inaccurate. (*Id.* at 142:8-16 (emphases added).) However, Mr. Toy did state that the Contested Statement was inaccurate: "*[O]ne thing [Redbubble] believes is inaccurate is the reference to fulfillers as partners*." (*Id.* (emphasis added).)

In May 2020, the Parties cross-moved for partial summary judgment, including as to whether Redbubble is a vicarious trademark infringer. (Dkt. No. 52 at 8.) Without referencing Mr. Toy's testimony to the contrary, Plaintiff asserted

---

close on *April 1, 2020*, Plaintiff waited until *mid-March 2020* before noticing the Rule 30(b)(6) deposition for March 27, 2020. (Dkt. Nos. 16, 29-2 at 1; 29-3 at 1.) By then, the ongoing shelter-in-place orders only allowed for remote depositions, such that Redbubble's corporate representative could not be deposed with its counsel physically present: a scenario that defense counsel believed to be inappropriate for a Rule 30(b)(6) deposition. (Dkt. No. 28-10 at 1.) Redbubble proposed continuing discovery until in-person depositions were possible, including by adopting Plaintiff's proposed language, but Plaintiff elected instead to bring an *ex parte* motion to compel a remote deposition. (Dkt. No. 28-10 at 1 & 28-11 at 1.)

[2] Per Plaintiff, fulfillers "create [allegedly] infringing products." Dkt. No. 36 at 19.

that Redbubble is secondarily liable because it "partners" with "fulfillers," relying heavily on imputing to Redbubble Ms. McBride's casual reference to "fulfillers" as "partners," which she had made in the Contested Statement.  (Dkt. No. 36 at 19 (citing Dkt. No. 36-1 ¶ 82).)

On July 10, 2020, the Court issued its summary-judgment order (the "SJ Order") granting Redbubble judgment for, *inter alia*, Plaintiff's vicarious-infringement claim.  (Dkt. No. 103 at 9-11.)  In doing so, the Court overruled Plaintiff's evidentiary objections,[3] citing Mr. Toy's testimony at Dkt. 40-4 ¶ 30 to hold that Redbubble has neither "a legal partnership with its third-party manufacturers" nor "the authority to bind them in transactions with third parties." (Dkt. No. 103 at 10.)  The Court also held that Exhibit 118 did not create a triable issue, reasoning that such "'off-handed references' to customers or third-parties as 'partners' are insufficient to demonstrate the type of partnership required for the imposition of vicarious liability."  (Dkt. No. 103 at 10 (citations omitted).)  The Court further observed that Exhibit 118 was "directed toward shareholders and potential investors, not the general purchasing pubic" such that Redbubble had not "misled the public into believing that it is in a partnership with its fulfillers."  (*Id.*)

### III.   LEGAL ARGUMENT

The SJ Order moots MIL No. 3.  Moreover, although Redbubble is not obligated to prepare testimony about every document in the company or about its parent company's activities,[4] it fully answered Plaintiff's questions about Exhibit

---

[3] (*See* Dkt. 103 at 16 (If "parties have objected to any of the evidence relied upon by the Court, those objections are overruled for purposes of the [SJ] Order.").)

[4] It should also be noted that Redbubble would not have been derelict in preparing Mr. Toy *even if* he had failed to testify about Exhibit 118 because Rule 30(b)(6) does not require subsidiaries to acquire information from parent entities because subsidiaries do not control their parents.  *See, e.g.*, *In re Body Sci. LLC Patent Litig.*, No. CV 12-11668-FDS, 2014 WL 12644298, at *1 (D. Mass. Oct. 31, 2014)

118's accuracy.  Finally, Redbubble's supposed failure to answer a narrow line of questioning about a single exhibit does not warrant Rule 37 sanctions: courts do not impose such sanctions even where deponents fail to address entire deposition topics.

### A. MIL No. 3 Is Moot In Light of the SJ Order

MIL No. 3 should be denied as moot in light of the SJ Order.  In its summary-judgment briefings, Plaintiff had sought to offer Exhibit 118's Contested Statement and exclude Mr. Toy's testimony in support of its vicarious-infringement claim; Plaintiff has not argued that it is relevant to any other issue.  (*See* Dkt. No. 36 at 19, Dkt. 43-4 ¶ 64.)  By resolving the vicarious-liability claim in Redbubble's favor, the Court eliminated any relevance for Exhibit 118, or related testimony.  (Dkt. 103 at 16 (granting Redbubble judgment for, *inter alia*, Plaintiff's claim of "vicarious infringement".)  Accordingly, MIL No. 3 is moot.  *See, e.g.*, *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, No. 2:08-CV-00863-RCJ, 2013 WL 5234249, at *6 (D. Nev. Sept. 16, 2013) (Plaintiff sought "to exclude . . . any evidence of the quality of care [he] provided as irrelevant to the question of his due process rights. Because the Court has granted summary judgment against [his] § 1983 claim, it denies the motion *in limine* as moot."); *Lebron*, 2018 WL 4258269, at *5 (Rule 30(b)(6) "does not require a deponent to be prepared to testify to matters that are not relevant to any party's claim or defense.").

### B. Redbubble Satisfied Its Obligations Under Rule 30(b)(6)

A Rule 30(b)(6) designee "must testify about information known or reasonably available to" the designating party about the topics "describe[d] with reasonable particularity" in the deposition notice.  However, Rule 30(b)(6) does not

---

(declining to "compel" a subsidiary "to acquire the knowledge of a parent company that it does not control"); *see also Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 4258269, at *5 (S.D. Fla. Sept. 6, 2018) (Rule 30(b)(6) deponent "not require[d] . . . to provide testimony regarding information that the corporation does not have.").  Here, Exhibit 118 originates from Redbubble's parent company.  (Dkt. Nos. 36-1 ¶ 82 & 52-5 at 132:3-4.)

require a witness to provide specific, detailed testimony about every fact known to the company or every document contained therein. *Goldie v. Hartford Ins. Co.*, No. CV053801RSWLSSX, 2006 WL 8451352, at *2 (C.D. Cal. Feb. 16, 2006) (A Rule 30(b)(6) deposition is not a "memory test"); *Lebron*, 2018 WL 4258269, at *5 (Rule 30(b)(6) "does not require a deponent to testify with computer-like detail."). Rather, a party satisfies its obligations under Rule 30(b)(6) if it makes "a conscientious, good-faith effort to designate knowledgeable persons" and prepares them to fully "answer questions about the designated matter." *McCoy v. Kazi*, No. CV0807244SJOCWX, 2010 WL 11465179, at *10 (C.D. Cal. Aug. 27, 2010). Redbubble more than satisfied this duty.

Plaintiff vaguely argues that Redbubble violated its obligations by refusing to provide testimony about the Contested Statement. (Dkt. No. 52 at 7-9.) However, Mr. Toy directly testified that the Contested Statement was inaccurate. (Dkt. No. 52-5 at 142:8-16.) And tellingly, Plaintiff fails to identify any specific question that Mr. Toy was unable to answer, let alone a question that falls within the scope of the Rule 30(b)(6) deposition notice, nor has Plaintiff identified any specific follow-up information that it purportedly needs.

This record simply lacks any factual basis to find that Redbubble violated Rule 30(b)(6). *See U.S. ex rel. Roach Concrete, Inc. v. Veteran Pac. JV*, No. 10-C-826, 2013 WL 1729277, at *11 (E.D. Wis. Apr. 22, 2013) (denying motion to exclude even though the Rule 30(b)(6) deponent "was not able to answer some questions" because "on the whole, his answers were sufficiently responsive," such that "he was adequately prepared"); *Kelly v. Provident Life & Accident Ins. Co.*, No. 04CV807-CAB (BGS), 2012 WL 12845616, at *2 (S.D. Cal. Mar. 16, 2012) (holding that a Rule 30(b)(6) witness was adequately prepared because "she rendered substantial testimony concerning [deposition] Topic 1" and noting that a failure to "answer every question . . . does not equate to" inadequate preparation (internal quotation marks and citation omitted)); *DarbeeVision, Inc. v. C&A Mktg.,*

*Inc.*, No. CV 18-0725 AG (SSX), 2019 WL 2902697, at *9 (C.D. Cal. Jan. 28, 2019) (noting that it was unrealistic to expect a Rule 30(b)(6) witness to "testify about every possible internal communication, every possible statement on a corporate website", *etc.*); *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 2318803, at *3 (N.D. Cal. Aug. 10, 2006) (denying motion to compel Rule 30(b)(6) testimony because "it was incumbent on [movant] to *identify with some specificity* the nature of the information it believes it" did not obtain (emphasis added)).

Redbubble was not "required to be omniscient as to the areas that [it would] be expected to testify." *Lebron*, 2018 WL 4258269, at *8. Plaintiff cannot reasonably complain that Redbubble failed to adequately prepare to testify about casual comments made by its parent company's employees when it failed to even produce Exhibit 118, much less apprise Redbubble that it would seek testimony about this specific video, which had not even been produced in discovery. *See id.* (holding that a "corporate representative was adequately prepared" because "many of the inadequacies" complained about "were not identified . . . with 'reasonable particularity'" to alert deponent of "the need to prepare").

### C. Rule 37 Sanctions Are Inappropriate

Even if Redbubble had inadequately prepared Mr. Toy—which it did not—Rule 37 sanctions would not be warranted. Generally, Redbubble is not bound by any lack of knowledge expressed by Mr. Toy. His testimony "does not absolutely bind [Redbubble]" like "a judicial admission." *Snapp*, 889 F.3d at 1104. Thus, Mr. Toy's testimony "can be corrected, explained and supplemented" as Redbubble is "not 'irrevocably' bound to what" Mr. Toy "happens to remember during the testimony." *Id.* Indeed, Plaintiff relies on *U.S. Bank, N.A. v. Recovery Servs. Nw., Inc.*, No. 213CV01254APGGWF, 2016 WL 11566486, at *5 (D. Nev. Oct. 13, 2016), under which a party is only bound if its designee's testimony is "egregious

and not merely lacking in desired specificity in discrete areas,"[5] such that Rule 37 sanctions are warranted. The circumstances here are a far cry from those of authorities imposing sanctions.

Sanctions are imposed if a party "essentially destroy[ed] a deposition." *Jenkins*, 2020 WL 1644012 at *6. Courts regularly decline to impose sanctions even where deponents fail to satisfactorily answer multiple deposition topics.[6] As illustrated in *U.S. Bank*, 2016 WL 11566486, at *5, courts generally impose sanctions if a deponent *wholly failed* to prepare *and* violated a *discovery order*. Here, Redbubble did not "repeatedly fail[] to present a knowledgeable witness on [its] behalf" in violation of a court order. *Moughler v. Abbott Labs.*, No. CV 14-81-WOB-CJS, 2017 WL 10636888, at *4 (E.D. Ky. Mar. 21, 2017) (declining to impose sanctions where it was the "first time" the court was "presented" with the issue of whether a party "properly prepared" its corporate representative). Instead, Mr. Toy appeared and answered the vast majority of questions to Plaintiff's satisfaction: Plaintiff merely accuses Redbubble of failing to adequately prepare for a narrow line of questioning about Exhibit 118. Courts have repeatedly held that situations like this do not merit sanctions.[7]

---

[5] "This is so because Rule 30(b)(6) is not . . . a memory contest, and a deponent does not have to successfully answer every question." *Lebron*, 2018 WL 4258269, at *3.

[6] *See, e.g.*, *Jenkins v. XpresSpa Grp., Inc.*, No. 19CIV1774VECSLC, 2020 WL 1644012, at *5 (S.D.N.Y. Apr. 2, 2020) (declining to find a constructive failure to appear where plaintiff only complained about testimony for "two of the five" deposition topics); *Agniel v. Cent. Park Boathouse LLC*, No. 12 CIV. 7227 NRB, 2015 WL 463971, at *3 (S.D.N.Y. Jan. 26, 2015) (declining to award sanctions where Rule 30(b)(6) witness testified sufficiently to six of nine topics).

[7] *See, e.g.*, *Moughler*, 2017 WL 10636888, at *4 ("[E]ven if" the deponent "was unprepared or gave evasive and/or unresponsive answers [because, *e.g.*, she failed to review a document], the remedy sought by Plaintiffs, to deem facts admitted" was inappropriate because it was "not a circumstance where [she] did not physically appear."); *Fleurimond v. New York Univ.*, No. CV 09-3739 ADS AKT, 2011 WL

Nor can Plaintiff claim prejudice. Although Plaintiff had sought to prevail on its vicarious-infringement claim by proffering the Contested Statement and seeking to exclude Mr. Toy's testimony, the SJ Order dismissed this vicarious-liability claim and, in any event, held that the Contested Statement fails to establish any dispute of material fact supporting this secondary-liability theory. (Dkt. 103 at 10.) Moreover, Mr. Toy's testimony, *not* the Contested Statement, is attributable to Redbubble. (Section II., *supra*.) Because Mr. Toy testified that the Contested Statement was inaccurate (*id.*), it is entirely proper for Redbubble to introduce evidence "clarifying or . . . providing full context for" this testimony.[8] *Snapp*, 889 F.3d at 1103. Also, Plaintiff fails to "identify what information that [it] does not have . . . that Plaintiff needs to prosecute [its] case." *Lebron*, 2018 WL 4258269, at *10 (declining to award requested relief). Finally, Redbubble should not be penalized for Plaintiff's lack of diligence, since: (1) Plaintiff's actions necessitated a discovery extension; and (2) Plaintiff reneged on its *own* proposal to further continue discovery, thus precluding itself from seeking discovery relief. (Note 1, *supra*.) It would thus be patently unfair to "impose artificially restrictive and severe boundaries on" Redbubble's "presentation of evidence." *Holloman v. Trinity Railcar Repair, Inc.*, No. 1:03-CV-3461-RWS, 2006 WL 8431262, at *3–4 (N.D. Ga. June 21, 2006).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's MIL No. 3 should be denied as moot and substantively without merit. Also, because Plaintiff essentially seeks to bind Redbubble to a legal conclusion that it partners with fulfillers as a joint tortfeasor, MIL No. 3 is essentially an untimely renewed summary-judgment motion

---

3273876, at *3–4 (E.D.N.Y. July 29, 2011) (declining to impose sanctions where "Plaintiff's claim of inadequacy is based solely on . . . answers to two questions").

[8] Thus, the declaration that Redbubble submitted "averring that [it] does not partner with its fulfillers" is entirely appropriate. (*See* Dkt. No. 52; Dkt. No. 103 at 10, 16 (relying on the aforesaid declaration and overruling objections).)

on vicarious liability and should be denied for this additional reason. *See, e.g.*, *Venture Corp. Ltd. v. Barrett*, No. 5:13-CV-03384-PSG, 2015 WL 2088999, at *4 (N.D. Cal. May 5, 2015) ("These motions rehash the same arguments Barrett made in support of his motion for partial summary judgment . . . All are untimely dispositive motions, and must be DENIED").

Dated: September 11, 2020

Respectfully submitted,

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR
JEFFREY J. ZUBER
RASHEED M. McWILLIAMS
HEMING XU

By: *Joshua M. Masur*
Joshua M. Masur
Attorneys for Defendant
REDBUBBLE INC.