BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,

Plaintiff,

vs.

REDBUBBLE, INC., a Delaware corporation,

Defendant.

Case No. 2:19-cv-04618-RGK (JPRx)
Judge: Hon. R. Gary Klausner

**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 8 TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT OF PRE-NOTICE ALLEGED INFRINGEMENT**

*[Filed Concurrently with Declaration of Jason Y. Kelly; and [Proposed] Order in Support Thereof]*

Date: October 6, 2020
Time: 9:00 a.m.
Crtrm.: 850

Pre-Trial Conf.: September 21, 2020
Trial: October 6. 2020

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. The Motion Is Untimely and Warrants Awarding Sanctions Against Defendant and Its Counsel ........ 2

1. Relevant Background ........ 2

2. The Motion Is Untimely ........ 3

3. This Court Should Sanction Defendant and Its Counsel ........ 5

B. The Motion Is An Improper Motion for Summary Judgment or Motion for Reconsideration ........ 7

C. The Motion Must Be Denied For Seeking To Exclude Highly Relevant Evidence That Is Not Unfairly Prejudicial. ........ 8

III. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*,
146 F.3d 1071 (9th Cir. 1998) .......... 5

*B.K.B. v. Maui Police Dep't*,
276 F.3d 1091 (9th Cir. 2002) .......... 5, 6

*Centillium Commc'ns, Inc. v. Atlantic Mut. Ins. Co.*,
No. 06-cv-7824, 2008 WL 728639 (N.D. Cal. Mar. 17, 2008) .......... 6

*Davis v. Davidson Hotel Co., LLC*,
No. 12-cv-6327, 2013 WL 3337669 (C.D. Cal. July 1, 2013) .......... 10

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) .......... 5

*In re Soares*,
No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014) .......... 4

*Lamos v. Astrue*,
275 F. App'x 617 (9th Cir. 2008) .......... 6

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
985 F. Supp 949 (C.D. Cal. 1997) .......... 7, 8

*Servo v. Junginger*,
No. 13-cv-702, 2014 WL 3891751 (D. Or. Aug. 6, 2014) .......... 6

*Tiffany (NJ) Inc. v. eBay Inc.*,
600 F.3d 93 (2d Cir. 2010) .......... 7

*Torres v. County of Orange*,
No. 02-cv-223, 2005 WL 5957829 (C.D. Cal. Mar. 11, 2005) .......... 3, 5

*United States v. Curtin*,
489 F.3d 935 (9th Cir. 2007) .......... 9

*United States v. First Smoke*,
35 F. App'x 337 (9th Cir. 2002) .......... 1, 10

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*United States v. Hankey*,
203 F.3d 1160 (9th Cir. 2000) .......... 10

*United States v. Patterson*,
819 F.3d 1495 (9th Cir.1987) .......... 10

*United States v. Shipley*,
No. 16-cr-1061, 2018 WL 10016779 (D. Ariz. Jan. 12, 2018) .......... 4

**FEDERAL STATUTES**

28 U.S.C. § 1927 .......... 5, 6

**RULES**

C.D. Cal. L.Civ. R. 7-18 .......... 8

Fed. R. Evid. 401 .......... 8, 9

Fed. R. Evid. 402 .......... 9

Fed. R. Evid. 403 .......... 10

# I. INTRODUCTION

Defendant's Motion *in Limine* No. 8 (Dkt. No. 109; the "Motion") seeks to relitigate the summary judgment motions this Court decided on July 10, 2020 (Dkt. No. 103) and requests an overbroad order to exclude *all* evidence of Defendant's contributory counterfeiting and infringement before Defendant obtained "notice" of its unlawful conduct. The Motion must be denied for three reasons.

***First***, there is no dispute that the Motion is untimely, filed months after the deadline for motions *in limine*. This fatal deficiency alone warrants the Court striking the Motion and imposing monetary sanctions against Defendant and its counsel for intentionally filing an improper motion that asserts meritless argument that could have been made by the Court-imposed deadline.

***Second***, the Motion improperly seeks to reargue summary judgment issues this Court has already decided. Whether the Motion amounts to Defendant's second summary judgment motion, which is impermissible, or a motion for reconsideration that fails to comply with the Local Rules, it should be denied.

***Third***, the Motion fails to demonstrate that evidence of Defendant's contributory counterfeiting and contributory infringement is irrelevant or unfairly prejudicial. Defendant has put at issue, *inter alia*, its knowledge and efforts to stop the unlawful conduct on its website. (Dkt. No. 113 at 16.) The record demonstrates that Defendant's website has remained a hotbed for unlawful conduct both before and after Defendant had notice of Plaintiff's registered and unregistered trademarks. Evidence of what took place on Defendant's website, as well as the volume of this unlawful conduct, before Defendant had notice is essential for the jury to understand how little has changed. This evidence is also critical for the jury to assess what the Court already decided is "a jury question": whether Defendant has "maintain[ed] a state of 'willful blindness'" whereby it has "claim[ed] that its employees were doing everything in their limited power to prevent the sale of infringing products, while also enjoying the benefit of substantial revenue from the many infringing sales they were

unable to catch." (Dkt. No. 103 at 9.)

Accordingly, the Motion should be denied or struck, Plaintiff's evidence should not be excluded or limited, and this Court should impose sanctions on Defendant and its counsel.

## II. ARGUMENT

### A. The Motion Is Untimely and Warrants Awarding Sanctions Against Defendant and Its Counsel

#### 1. Relevant Background

On October 23, 2019, this Court issued the Order for Jury Trial (Dkt. No. 17), scheduling trial to begin on June 30, 2020 and setting a May 15, 2020 deadline for motions *in limine*. (Dkt. No. 17 at 1, 4 ("All motions *in limine* must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date.").) On May 15, 2020, Plaintiff filed four motions *in limine* and Defendant filed seven. (Dkt. Nos. 50-53, 55-61.)

The Court later decided the parties' motions for summary judgment, holding that this action will proceed to trial on Plaintiff's claims of contributory counterfeiting and contributory infringement. (Dkt. No. 103.) The Court also continued the pretrial conference to September 21, 2020 and trial to October 6, 2020 because of the COVID-19 pandemic. (Dkt. No. 99.)

On August 12 and 14, 2020—more than two months after the deadline to file motions *in limine*—Defendant indicated that it intended to file additional motions *in limine*. (Dkt. No. 109-2 at 2, 3.) In response, Plaintiff's counsel confirmed that the deadline to file motions *in limine* had passed and it would be especially improper for Defendant to file motions *in limine* that make arguments Defendant could have timely made before the May 15, 2020 deadline. (*Id.* at 1-3.) On August 21, 2020, Defendant filed the Motion, along with two other motions *in limine*. (Dkt. Nos. 109, 110, 111.)

/ / /

/ / /

**2. The Motion Is Untimely**

Defendant's contention that the Motion is timely misinterprets the Court's June 7, 2020 order. The deadline for either party to move *in limine* was May 15, 2020—a deadline that passed before this Court continued the pretrial conference and trial date. (Dkt. No. 99.) The Court's June 7, 2020 order did not resurrect any deadlines that had passed and did not authorize the parties to file additional motions *in limine*. (*See id.*) Case law confirms the same.

In *Torres v. County of Orange*, No. 02-cv-223, 2005 WL 5957829 (C.D. Cal. Mar. 11, 2005), the court issued the Order for Jury Trial Setting Dates, which required all motions *in limine* to be filed "no later than 45 days before the scheduled trial." *Torres*, 2005 WL 5957829, at *1. The plaintiff timely filed motions *in limine* by November 26, 2003. *Id.* On December 1, 2004, the Court issued an order continuing the trial to June 7, 2005. *Id.* The court's December 1, 2004 order did not authorize any party to file motions *in limine*. *Id.*

On February 11 and 16, 2005, the *Torres* plaintiff filed another two motions *in limine*. *Id.* The defendant opposed these motions and requested the court strike them "because the Court's most recent order to continue the trial date did not alter the briefing schedule for motions *in limine*." *Id.* The *Torres* court agreed with the defendant, striking the new motions *in limine* and confirming that "the original motions *in limine* filed November 26, 2003 are the only motions *in limine* by plaintiff pending before the Court." *Id.*

The Motion is likewise untimely.[1] This Court's Order for Jury Trial required motions *in limine* to be filed and served "a minimum of forty-five (45) days prior to the scheduled trial date" (*i.e.*, by May 15, 2020). (Dkt. No. 17 at 4.) The Court's June 7, 2020 Order continuing the pretrial conference and trial dates did not authorize

[1] This is not the first time Defendant has untimely filed a pre-trial document in this case. (Dkt. No. 75.)

either party to file new motions *in limine*. (Dkt. No. 99.) Trial was continued due to the COVID-19 pandemic, not to give the parties another opportunity to file motions *in limine*. Nevertheless, months after the May 15, 2020 deadline, Defendant untimely filed the Motion and two other motions *in limine*. (Dkt. Nos. 109, 110, 111.)

Decisions by other courts confirm that Defendant's contention lacks merits. In *In re Soares*, No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014), trial was scheduled to begin the week of April 7, 2014 and "[a]ny motions in limine should have been filed prior to that date." *Soares*, 2014 WL 3397674, at *1. The defendant timely filed four motions *in limine* before the April 7, 2014 deadline. *Id.* The Court subsequently continued the trial "to accommodate Plaintiffs' counsel, who was unable to attend trial due to illness[.]" *Id.* After April 7, 2014, the defendant filed three more motions *in limine* (on April 11, 24, and 28, 2014). *Id.* The court held that "[a]ll three of these motions are denied as untimely" because the trial was continued to accommodate Plaintiffs' counsel's illness, "not to permit the filing of additional motions." *Id.*

In *United States v. Shipley*, No. 16-cr-1061, 2018 WL 10016779 (D. Ariz. Jan. 12, 2018), trial was scheduled to begin on September 12, 2017, but the court continued the trial to January 30, 2018 to allow the defendant to obtain new counsel. *Shipley*, 2018 WL 10016779, at *1. The defendant later filed a motion to dismiss on January 8, 2018. *Id.* The *Shipley* court denied the motion to dismiss as untimely and granted the Government's motion to strike the untimely motion to dismiss. *Id.* The court confirmed that the deadline to file pretrial motions and motions *in limine* expired before the trial date was continued. *Id.* (noting that the trial was continued only "to accommodate the assignment of a new attorney for trial").

The deadline to file the Motion passed months ago. This Court should, therefore, deny the Motion as untimely or strike the Motion.

/ / /

/ / /

**3. <u>This Court Should Sanction Defendant and Its Counsel</u>**

The Court should, pursuant to 28 U.S.C. § 1927 ("Section 1927") and its inherent power, impose sanctions on Defendant and its counsel for filing the Motion.

<u>Sanctions Under Section 1927.</u> "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Ninth Circuit, a finding of "'recklessness suffices for § 1927[.]'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

Here, Defendant's counsel has multiplied the proceedings in this case by filing the Motion, even though the Court's June 7, 2020 order did not resurrect the deadline to file motions *in limine* or permit Defendant to file an untimely motion *in limine*. *E.g.*, *Torres*, 2005 WL 5957829, at *1. Defendant was well aware that the Motion was improper, not just because of the plain language of the June 7, 2020 order and relevant case law, but because Plaintiff raised this issue with Defendant twice before the Motion was filed. (Dkt. No. 109-2 at 1-3.)

The Motion is particularly unreasonable because (1) it asserts evidentiary arguments that Defendant could have raised—but elected not to raise—in a motion *in limine* filed before the May 15, 2020 deadline, and (2) Defendant's arguments are, as demonstrated below, meritless. As a result, Plaintiff has incurred excess costs, expenses, and attorneys' fees to oppose the Motion and ensure that critical evidence is not improperly excluded. These circumstances warrant sanctions under Section 1927.

<u>Sanctions Pursuant to Inherent Power.</u> "It is well established that '[d]istrict courts have inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion.'" *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (emphasis in original). It is "clear" that the Court's "inherent power includes the authority to

sanction procedural impropriety in an appropriate manner." *Servo v. Junginger*, No. 13-cv-702, 2014 WL 3891751, at *3 (D. Or. Aug. 6, 2014) (collecting cases); *see also Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) (recognizing court's inherent power to strike documents other than pleadings from the docket and to impose sanctions); *Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.*, No. 06-cv-7824, 2008 WL 728639, at *6 (N.D. Cal. Mar. 17, 2008) (striking motion for partial summary judgment pursuant to court's inherent power). Further, "the 'less severe sanction' of an assessment of attorneys fees [is] well within the court's authority as well." *B.K.B.*, 276 F.3d at 1108.

"'[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.'" *Id.* Sanctions are also available "'for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Id.*

Here, this Court should strike the Motion and award Plaintiff monetary sanctions for the attorneys' fees it incurred to respond to the Motion. The Motion was procedurally improper because it was filed after the Court-ordered deadline. Further, Defendant knew—based on the Court's orders, case law, and Plaintiff's warning—that the deadline had long passed. Moreover, the Motion asserts arguments Defendant chose not to timely make before the May 15, 2020 deadline and, in any event, the Motion's arguments are without merit. These circumstances certainly rise, at a minimum, to recklessness combined with "'frivolousness, harassment, or an improper purpose.'" *See id.*

As averred in the concurrently filed Declaration of Jason Y. Kelly ("Kelly Dec."), Plaintiff has incurred more than $2,100 in attorneys' fees and costs to respond to the Motion. (Kelly Dec. ¶ 2.) This Court should strike the Motion and award Plaintiff at least $2,100 in monetary sanctions pursuant to Section 1927 and its inherent power.

/ / /

**B. <u>The Motion Is An Improper Motion for Summary Judgment or Motion for Reconsideration</u>**

The Motion is not a proper evidentiary motion. It attempts to relitigate summary-judgment issues this Court decided in its July 10, 2020 order (Dkt. No. 103; the "Order").

The Motion again urges this Court to adopt the Second Circuit's decision in *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010), regarding the defendant's requisite knowledge for a claim of contributory infringement. (Dkt. No. 109 at 3 (quoting *eBay*, 600 F.3d at 106, 107); *see also* Dkt. No. 40 at 13-14 (Defendant relied on the same case to make the same argument in its motion for summary judgment).) But the Order already concluded eBay's online resale website is not "a perfect analogy for Redbubble's business model" because "whereas eBay provides a forum for third parties to auction or re-sell existing products, Redbubble provides a marketplace for consumers to purchase new products featuring user-uploaded artwork." (Dkt. No. 103 at 7.) The record demonstrated that "all uses of Brandy Melville's marks that appear on Redbubble's website are presumptively infringing." (*Id.* at 8.) Accordingly, this Court held that Defendant does not carry "the difficult task" that eBay had "of differentiating legitimate third-party resales of Tiffany products from illegitimate ones[.]" (*Id.* at 7.)

Further, the Motion argues that a claim of contributory trademark infringement "necessarily requires that the defendant have actual knowledge of the unregistered mark." (Dkt. No. 109 at 5.) And the Motion cites *Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp 949, 963 (C.D. Cal. 1997), multiple times—even re-quoting the same portions of the case that Defendant included in its motion for summary judgment (Dkt. No. 40 at 13-14) and its opposition to Plaintiff's motion for partial summary judgment (Dkt. No. 47-2 at 10)—regarding whether a plaintiff may provide a defendant notice via a letter that the defendant is contributorily infringing and counterfeiting the plaintiff's trademarks. (Dkt. No. 109 at 3.) But this Court

already rejected Defendant's arguments.[2] The Order denied Defendant's motion for summary judgment as to contributory counterfeiting and infringement after recognizing that Plaintiff "first notified Redbubble of infringing listings in May of 2018," but Defendant "did not begin to proactively police its website for Brandy Melville trademarks until over a year later, in May of 2019." (Dkt. No. 103 at 9 (quoting Dkt. No. 35-28).) The Court also concluded it is "a jury question" whether Defendant has "maintain[ed] a state of 'willful blindness'" about "the many infringing sales" on its website. (*Id.*)

Regardless of whether the Motion is intended to serve as a second summary judgment motion or a motion to reconsider the Order, the Motion must be denied. The deadline to file motions for summary judgment has passed (Dkt. No. 16) and Defendant did not seek permission to file a second summary judgment motion (Dkt. No. 9 at 5). The Motion also does not comply with Local Rule 7-18, which governs motions for reconsideration. In particular, motions for reconsideration cannot "in any manner repeat oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. The Motion does just that. Accordingly, the Motion should be denied for not being a proper motion *in limine*.

### C. The Motion Must Be Denied For Seeking To Exclude Highly Relevant Evidence That Is Not Unfairly Prejudicial.

The Motion also argues that this Court should exclude evidence of Defendant's contributory infringement and contributory counterfeiting that took place before Defendant had notice of its unlawful acts. (Dkt. No. 109 at 3-4.) Federal Rules of Evidence 401 to 403 are the only evidentiary bases the Motion cites for this request.

---

[2] *Lockheed Martin* also does not stand for the proposition averred in the Motion. *Lockheed Martin* concerned a defendant policing the Internet—not just its own website—for infringement based on Internet domain names. 985 F. Supp. at 963. The *Lockheed Martin* court also recognized that the defendant's "involvement with potentially infringing uses of domain names [was] remote." *Id.* at 962.

(*Id.* at 4, 5, 6.) Defendant's argument is meritless. Evidence of Defendant's contributory infringement and contributory counterfeiting is both relevant and not unfairly prejudicial.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is relevant, absent certain exception, it is admissible. Fed. R. Evid. 402. "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. ***All that is required is a 'tendency' to establish the fact at issue***." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (emphasis added).

The evidence Defendant seeks to exclude demonstrates, *inter alia*, Defendant's state of mind, lack of mistake, intent, and willful blindness. It is more probable that Defendant had—or should have had—constructive notice of its unlawful acts because of the volume of infringement and counterfeiting on its website, the evidence that "Brandy Melville" was a popular search term on Defendant's website, and the fact that Plaintiff owns several registered trademarks and the unregistered trademark of the "Brandy Melville" name and variations of the name.

Further pre-notice evidence of Defendant's contributory infringement and contributory counterfeiting is relevant and necessary to demonstrate Defendant's post-notice willful blindness. This Court concluded that it "is a jury question" whether Defendant is "simultaneously claim[ing] that its employees were doing everything in their limited power to prevent the sale of infringing products, while also enjoying the benefit of substantial revenue from the many infringing sales they were unable to catch." (Dkt. No. 103 at 9.) Evidence of Defendant's infringement, counterfeiting, and sales pre-notice is essential to measuring and recognizing the importance of Defendant's post-notice infringement, counterfeiting, and sales. The fact that Defendant's website remains a hotbed for unlawful conduct even after Plaintiff provided Defendant notice demonstrates that Defendant has intentionally sat

on its hands.

Pre-notice evidence is also critical to showing that, even after Plaintiff provided notice, Defendant continues to empower its product designers and fulfillers with the same tools to infringe and counterfeit Plaintiff's trademarks. Most notably, as this Court recognized, Defendant "has not disabled a shopper's ability to search for the keywords 'Brandy Melville' as Brandy Melville has requested." (Dkt. No. 103 at 9.) Further, a cursory review of Defendant's website shows that Defendant's product designers can still tag their infringing and counterfeiting designs so that the designs will result in a "hit" when a shopper searches "Brandy Melville." This evidence shows that Defendant has intentionally "limited [its] power to prevent the sale of infringing products" on its website." (Dkt. No. 103 at 9.)

The evidence also is not unfairly prejudicial. Under Federal Rule of Evidence 403, relevant evidence should only be excluded if the probative value of the evidence is "substantially outweighed" by a danger of, *inter alia*, unfair prejudice. The exclusion of relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. First Smoke*, 35 F. App'x 337, 339 (9th Cir. 2002); *see also Davis v. Davidson Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *3 (C.D. Cal. July 1, 2013) (quoting *United States v. Patterson*, 819 F.3d 1495, 1505 (9th Cir.1987)). Indeed, "[t]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Here, the evidence is not "unfairly prejudicial" and its probative value is clearly not "substantially outweighed" by any allegedly prejudicial effect from admitting the evidence. Defendant has put at issue in this case its knowledge, state of mind, and (lack of) effort to stop infringement and counterfeiting. (*E.g.*, Dkt. Nos. 40, 109.) It recently represented that its "key evidence" in this case includes evidence that it has

"implemented proactive procedures to prevent allegedly infringing content from being sold" and has "always removed allegedly infringing listings promptly." (Dkt. No. 113 at 16.) The jury will only be able to evaluate Defendant's arguments and evidence after assessing evidence that Defendant's contributory counterfeiting and infringement on its website was substantial before notice of Plaintiff's trademarks and continues to be substantial now. Without this evidence, Plaintiff will be incredibly prejudiced and unduly deprived of a fair trial as the jury will not have the opportunity to evaluate the depths of Defendant's knowledge, willful blindness, and intentional failure to stop the counterfeiting and infringement that it unlawfully empowers.

Given that the evidence Defendant seeks to exclude is highly probative and relevant to prove Plaintiff's claims and far outweighs any speculative and boilerplate argument Defendant has put forward of prejudice, this Court should deny the Motion and should not exclude Plaintiff's evidence.

## III. CONCLUSION

Accordingly, this Court should strike the Motion and/or deny the Motion, should not exclude Plaintiff's evidence, and should award Plaintiff monetary sanctions in the amount of $2,100.

DATED: September 11, 2020

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Ryan Q. Keech
Jason Y. Kelly

By: */s/ Keith J. Wesley*
Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville