1  BROWNE GEORGE ROSS LLP
   Keith J. Wesley (State Bar No. 229276)
2    kwesley@bgrfirm.com
   Ryan Q. Keech (State Bar No. 280306)
3    rkeech@bgrfirm.com
   Jason Y. Kelly (State Bar No. 274144)
4    jkelly@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
   Brandy Melville

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  Y.Y.G.M. SA d.b.a. BRANDY          Case No. 2:19-cv-04618-RGK (JPRx)
    MELVILLE, a Swiss corporation,     Judge:  Hon. R. Gary Klausner
12
                Plaintiff,             **PLAINTIFF Y.Y.G.M. SA D.B.A.
13                                     BRANDY MELVILLE'S
         vs.                           OPPOSITION TO DEFENDANT
14                                     REDBUBBLE, INC.'S MOTION *IN
    REDBUBBLE, INC., a Delaware        LIMINE* NO. 9 TO BAR PLAINTIFF
15  corporation,                       FROM INTRODUCING
                                       UNDISCLOSED EVIDENCE OR
16              Defendant.             ARGUMENT OF
                                       COUNTERFEITING**
17
                                       *[Filed Concurrently with Declaration of
18                                     Jason Y. Kelly; and [Proposed] Order
                                       in Support Thereof]*
19
                                       Date:     October 6, 2020
20                                     Time:     9:00 a.m.
                                       Crtrm.:   850
21
22
                                       Pre-Trial Conf.:   September 21, 2020
23                                     Trial:             October 6. 2020

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................... 1

II.   ARGUMENT ......................................................................................... 2

    A.    The Motion Is Untimely and Warrants Sanctions ................................. 2

        1.    Background ............................................................................ 2

        2.    The Motion Is Untimely ....................................................... 3

        3.    This Court Should Sanction Defendant and Its Counsel ............. 5

    B.    The Motion Is an Improper Motion for Reconsideration ...................... 7

    C.    The Motion Should Be Denied Because Defendant Never Sought or Obtained an Order Compelling The Evidence at Issue in the Motion ......................................................................................... 9

    D.    The Motion Should Be Denied Because the Rule 37 Factors Weigh Heavily Against Exclusion .......................................................... 11

        1.    Defendant Was Not Surprised ................................................ 12

        2.    Admission of This Evidence Would Not Disrupt Trial ............. 12

        3.    Evidence of Defendant's Counterfeiting Is Important .............. 13

        4.    There Was No Bad Faith ....................................................... 13

III.  CONCLUSION ................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>FEDERAL CASES</u>

4
5

*Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*,
    146 F.3d 1071 (9th Cir. 1998) ................................................................. 6

6
7

*Atkins v. Cty. of Orange*,
    372 F. Supp. 2d 377 (S.D.N.Y. 2005), *aff'd on other grounds sub nom.*
    *Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) .............................. 12

8
9

*B.K.B. v. Maui Police Dep't*,
    276 F.3d 1091 (9th Cir. 2002) ....................................................... 5, 6, 7

10
11

*Centillium Commc'ns, Inc. v. Atlantic Mut. Ins. Co.*,
    No. 06-cv-7824, 2008 WL 728639 (N.D. Cal. Mar. 17, 2008) ............................ 6

12
13

*Davis v. Davison Hotel Co., LLC*,
    No. 12-cv-6327, 2013 WL 3337669 (C.D. Cal. July 1, 2013) .....................*passim*

14
15

*Dugan v. Cty. of L.A.*,
    No. 11-cv-8145, 2013 WL 3863979 (C.D. Cal. July 23, 2013) ............................ 9

16
17

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) .................................................................. 5

18
19

*Hoffman v. Cty. of L.A.*,
    No. 15-cv-3724, 2017 WL 3476772 (C.D. Cal. Feb. 18, 2017) ................... 12, 13

20

*IGT v. Alliance Gaming Corp.*,
    No. 04-cv-1676, 2008 WL 11450856 (D. Nev. Oct. 21, 2008) ......................... 10

21
22

*In re Soares*,
    No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014)...........4, 5

23
24

*Lamos v. Astrue*,
    275 F. App'x 617 (9th Cir. 2008) ............................................................. 6

25
26

*S.F. Baykeeper v. W. Bay Sanitary Dist.*,
    791 F. Supp. 2d 719 (N.D. Cal. 2011)...................................................... 12

27
28

*Servo v. Junginger*,
    No. 13-cv-702, 2014 WL 3891751 (D. Or. Aug. 6, 2014)................................ 6

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Susilo v. Wells Fargo Bank, N.A.*,
   No. 11-cv-1814, 2012 WL 12894745 (C.D. Cal. Nov. 26, 2012)..............9, 10, 11

*Thornton v. Crazy Horse, Inc.*,
   No. 06-cv-251, 2011 WL 13234967 (D. Alaska Sept. 26, 2011) .......................11

*Torres v. County of Orange*,
   No. 02-cv-223, 2005 WL 5957829 (C.D. Cal. Mar. 11, 2005).....................3, 4, 5

*United States v. Shipley*,
   No. 16-cr-1061, 2018 WL 10016779 (D. Ariz. Jan. 12, 2018) ..............................5

*West v. Cal. Servs. Bureau, Inc.*,
   323 F.R.D. 295 (N.D. Cal. 2017) .......................................................................11

**FEDERAL STATUTES**

28 U.S.C. § 1927....................................................................................................5, 6, 7

**RULES**

C.D. Cal. L. Civ. R. 7-18........................................................................................2, 8

Fed.R.Civ.P. 26(a) .........................................................................................................9

Fed.R.Civ.P. 37.........................................................................................2, 11, 12, 13

Fed.R.Civ.P. 56.............................................................................................................8

## I.      **INTRODUCTION**

Defendant Redbubble, Inc.'s Motion *in Limine* No. 9 (Dkt. No. 110; the "Motion") improperly seeks to exclude evidence of Defendant's contributory counterfeiting, including evidence Plaintiff submitted in connection with the parties' motions for summary judgment.  The Motion must be denied for four independent reasons.

*First*, the Motion is fatally untimely.  The deadline to file motions *in limine* was May 15, 2020—the date by which Plaintiff filed four motions *in limine* and Defendant filed seven. (Dkt. Nos. 50-53, 55-61.)  Defendant filed the Motion, as well as two other motions *in limine*, months after the May 15, 2020.  (Dkt. Nos. 109, 110, 111.)  Defendant incorrectly claims it had another opportunity to file these evidentiary motions because the Court continued the pretrial conference and trial date due to the COVID-19 pandemic (Dkt. No. 99). (*See* Dkt. No. 110 at 2.)  Defendant is wrong.  A continuance of the pretrial conference and trial date does not resurrect deadlines that have passed.

The Motion is especially improper because it asserts arguments Defendant could have timely made—but chose not to make—by the May 15, 2020 deadline. Specifically, the Motion focuses on evidence Plaintiff filed in connection with its summary judgment motion on May 4, 2020.  (Dkt. No. 110 at 4 (citing Dkt. No. 36-92).)  Because Defendant filed the Motion untimely based on a meritless excuse and because, as demonstrated below, the Motion is improper and asserts baseless evidentiary arguments, this Court should deny the Motion and should award Plaintiff monetary sanctions for having to oppose the Motion.

*Second*, the Motion is not a proper motion *in limine*.  It is an improper motion for reconsideration of this Court's July 10, 2020 order deciding the parties' motions for summary judgment. (Dkt. No. 103; the "Order").  The Order denied Defendant's motion for summary judgment (Dkt. No. 40) in part, holding that there were genuine disputes of material fact as to Plaintiff's claims of contributory infringement and

contributory counterfeiting.  (Dkt. No. 103 at 5, 15.)  Nevertheless, the Motion attempts to re-litigate the issue of contributory counterfeiting, arguing that Plaintiff, *inter alia*, "fail[ed] to produce the evidence it needs to prove counterfeiting."  (Dkt. No. 110 at 3.)  This is improper for a motion *in limine* and fails to comply with Local Rule 7-18's requirements for a motion for reconsideration.

***Third***, the Motion improperly intends to exclude evidence that Defendant failed to pursue in discovery.  As Plaintiff explains in opposition to several of Defendant's motions *in limine*, the record confirms that Plaintiff did not prejudice Defendant by wrongfully withholding relevant information.  Tellingly, Defendant never obtained a court order compelling discovery or information that the Motion seeks to exclude. Exclusion is inappropriate when, as in this case, the movant "never moved to compel production of" the discovery and never obtained "'a prior court order requiring production'" of the discovery.  *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013).

***Fourth***, the Motion fails to conduct the appropriate five-factor analysis under Federal Rule of Civil Procedure 37 for excluding evidence.  (*See generally* Dkt. No. 110.)  The analysis demonstrates that Rule 37 weighs considerably against excluding Plaintiff's highly relevant evidence of Defendant's counterfeiting.  *Davis*, 2013 WL 3337669, at *1 (collecting cases).

This Court should, therefore, deny or strike the Motion and award Plaintiff monetary sanctions for the attorneys' fees it incurred to respond to the Motion.

## II.   ARGUMENT

### A.   The Motion Is Untimely and Warrants Sanctions

#### 1.   Background

On October 23, 2019, this Court issued the Order for Jury Trial (Dkt. No. 17), scheduling trial to begin on June 30, 2020 and setting a May 15, 2020 deadline for motions *in limine*.  (Dkt. No. 17 at 1, 4 ("All motions *in limine* must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date.").)  On

1  May 15, 2020, Plaintiff filed four motions *in limine* and Defendant filed seven.  (Dkt.
2  Nos. 50-53, 55-61.)

3       The Court later decided the parties' motions for summary judgment, holding
4  that this action will proceed to trial on Plaintiff's claims of contributory counterfeiting
5  and contributory infringement.  (Dkt. No. 103.)  The Court also continued the pretrial
6  conference to September 21, 2020 and trial to October 6, 2020 because of the COVID-
7  19 pandemic.  (Dkt. No. 99.)

8       On August 12 and 14, 2020—more than two months after the deadline to file
9  motions *in limine*—Defendant's counsel indicated that Defendant intended to file
10  additional motions *in limine*.  (Dkt. No. 110-2 at 2, 3.)  In response, Plaintiff's counsel
11  confirmed that the deadline to file motions *in limine* had passed and it would be
12  especially improper for Defendant to file motions *in limine* that make arguments
13  Defendant could have timely made before the May 15, 2020 deadline.  (*Id.* at 1-3.)
14  On August 21, 2020, Defendant filed the Motion, along with two other motions *in*
15  *limine*.  (Dkt. Nos. 109, 110, 111.)

16            **2.    <u>The Motion Is Untimely</u>**

17       Defendant's contention that the Motion is timely misinterprets the Court's
18  June 7, 2020 order.  The deadline for either party to move *in limine* was May 15,
19  2020—a deadline that passed before this Court continued the pretrial conference and
20  trial date.  (Dkt. No. 99.)  The Court's June 7, 2020 order did not resurrect any
21  deadlines that had passed or authorize the parties to file additional motions *in limine*.
22  (*See id.*)  Case law confirms the same.

23       In *Torres v. County of Orange*, No. 02-cv-223, 2005 WL 5957829 (C.D. Cal.
24  Mar. 11, 2005), the court issued the Order for Jury Trial Setting Dates, which required
25  all motions *in limine* to be filed "no later than 45 days before the scheduled trial."
26  2005 WL 5957829, at *1.  The plaintiff timely filed motions *in limine* by
27  November 26, 2003.  *Id.*  On December 1, 2004, the Court ordered the trial be
28  continued to June 7, 2005 but did not authorize any party to file motions *in limine*.

1    *Id.*

2    On February 11 and 16, 2005, the *Torres* plaintiff filed another two motions *in*

3 *limine*. *Id.* The defendant opposed these motions and requested the court strike them

4 "because the Court's most recent order to continue the trial date did not alter the

5 briefing schedule for motions *in limine*." *Id.* The *Torres* court agreed with the

6 defendant, striking the new motions *in limine* and confirming that "the original

7 motions *in limine* filed November 26, 2003 are the only motions *in limine* by plaintiff

8 pending before the Court." *Id.*

9    The Motion is likewise untimely.[1] This Court's Order for Jury Trial required

10 motions *in limine* to be filed and served "a minimum of forty-five (45) days prior to

11 the scheduled trial date" (*i.e.*, by May 15, 2020). (Dkt. No. 17 at 4.) The Court's

12 June 7, 2020 Order continuing the pretrial conference and trial dates did not authorize

13 either party to file new motions *in limine*. (Dkt. No. 99.) Trial was continued due to

14 the COVID-19 pandemic, not to give the parties a second chance to file motions *in*

15 *limine*. Nevertheless, months after the May 15, 2020 deadline, Defendant untimely

16 filed the Motion and two other motions *in limine*. (Dkt. Nos. 109, 110, 111.)

17    Decisions by other courts confirm that Defendant's contention lacks merits. In

18 *In re Soares*, No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014),

19 trial was scheduled to begin the week of April 7, 2014 and "[a]ny motions in limine

20 should have been filed prior to that date." 2014 WL 3397674, at *1. The defendant

21 timely filed four motions *in limine* before the April 7, 2014 deadline. *Id.* The court

22 subsequently continued the trial "to accommodate Plaintiffs' counsel, who was unable

23 to attend trial due to illness[.]" *Id.* After the April 7, 2014 deadline for motions *in*

24 *limine*, the defendant filed three more motions *in limine* (on April 11, 24, and 28,

25 2014). *Id.* The court held that "[a]ll three of these motions are denied as untimely"

26

27 ───────────────
[1]    This is not the first time Defendant has untimely filed a pre-trial document in this

28 case. (Dkt. No. 75.)

1  because the trial was continued "not to permit the filing of additional motions." *Id.*

2      In *United States v. Shipley*, No. 16-cr-1061, 2018 WL 10016779 (D. Ariz.

3  Jan. 12, 2018), trial was scheduled to begin on September 12, 2017, but the Court

4  continued the trial to January 30, 2018 to allow the defendant to obtain new counsel.

5  2018 WL 10016779, at *1.  The defendant filed a motion to dismiss on January 8,

6  2018.  *Id.*  The *Shipley* court denied the motion to dismiss as untimely and granted the

7  Government's motion to strike the untimely motion to dismiss.  *Id.*  The court

8  confirmed that the deadline to file pretrial motions and motions *in limine* expired

9  before the trial date was continued.  *Id.*

10     The deadline to file the Motion passed in May 2020.  This Court should,

11  therefore, deny the Motion as untimely or strike the Motion.

12          **3.    This Court Should Sanction Defendant and Its Counsel**

13     The Court should, pursuant to 28 U.S.C. § 1927 ("Section 1927") and its

14  inherent power, impose sanctions on Defendant and its counsel for filing the Motion.

15     Sanctions Under Section 1927.  "Any attorney . . . who so multiplies the

16  proceedings in any case unreasonably and vexatiously may be required by the court

17  to satisfy personally the excess costs, expenses, and attorneys' fees reasonably

18  incurred because of such conduct."  28 U.S.C. § 1927.  In the Ninth Circuit, a finding

19  of "'recklessness suffices for § 1927.'"  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091,

20  1107 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

21     Here, Defendant's counsel has multiplied the proceedings in this case by filing

22  the Motion, even though the Court's June 7, 2020 order did not resurrect the deadline

23  to file motions *in limine* or permit Defendant to file an untimely motion *in limine*.

24  *E.g.*, *Torres*, 2005 WL 5957829, at *1.  Defendant was well aware that the Motion

25  was improper, not just because of the plain language of the June 7, 2020 order and

26  relevant case law, but because Plaintiff raised this issue with Defendant twice.  (Dkt.

27  No. 110-2 at 1-3.)

28  / / /

1    The Motion is particularly unreasonable because (1) it asserts evidentiary and

2    discovery arguments Defendant could have raised—but did not raise—in a motion *in*

3    *limine* filed before the May 15, 2020 deadline, and (2) Defendant's arguments are, as

4    demonstrated below, meritless.   Plaintiff consequently has incurred excess costs,

5    expenses, and attorneys' fees to oppose the Motion and ensure that critical evidence

6    is not improperly excluded.  Sanctions under Section 1927 are warranted.

7    <u>Sanctions Pursuant to Inherent Power.</u>  "It is well established that '[d]istrict

8    courts have inherent power to control their dockets and may impose sanctions,

9    *including dismissal*, in the exercise of that discretion.'"  *Atchison, Topeka and Santa*

10   *Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (emphasis in

11   original).   It is "clear" that the Court's "inherent power includes the authority to

12   sanction procedural impropriety in an appropriate manner."  *Servo v. Junginger*,

13   No. 13-cv-702, 2014 WL 3891751, at *3 (D. Or. Aug. 6, 2014) (collecting cases); *see*

14   *also Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) (recognizing court's

15   inherent power to strike documents other than pleadings from the docket and to

16   impose sanctions); *Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.*, No. 06-cv-7824,

17   2008 WL 728639, at *6 (N.D. Cal. Mar. 17, 2008) (striking motion for partial

18   summary judgment pursuant to court's inherent power).  Further, "the 'less severe

19   sanction' of an assessment of attorneys fees [is] well within the court's authority as

20   well." *B.K.B.*, 276 F.3d at 1108.

21   "'[S]anctions are available if the court specifically finds bad faith or conduct

22   tantamount to bad faith.'"  *Id.*  Sanctions are also available "'for a variety of types of

23   willful actions, including recklessness when combined with an additional factor such

24   as frivolousness, harassment, or an improper purpose.'" *Id.*

25   Here, this Court should strike the Motion and award Plaintiff monetary

26   sanctions for the attorneys' fees it incurred to respond to the Motion.  The Motion was

27   procedurally improper because it was filed after the Court-ordered deadline.

28   Defendant knew the deadline had long passed based on the Court's orders, case law,

and Plaintiff's warning.  Further, the Motion asserts arguments Defendant chose not to timely make before the May 15, 2020 deadline and, in any event, the Motion's arguments are without merit.  These circumstances certainly rise, at a minimum, to recklessness combined with "'frivolousness, harassment, or an improper purpose.'" *Id.*

As averred in the concurrently filed Declaration of Jason Y. Kelly ("Kelly Dec."), Plaintiff has incurred more than $2,362.50 in attorneys' fees and costs to respond to the Motion.  (Kelly Dec. ¶ 3.)  This Court should strike the Motion and award Plaintiff at least $2,362.50 in monetary sanctions pursuant to Section 1927 and its inherent power.

### B.   <u>The Motion Is an Improper Motion for Reconsideration</u>

The Motion is an improper motion for reconsideration masquerading as a motion *in limine*.  The Motion urges the Court to reconsider the Order's holding that there are genuine issues of material fact regarding Defendant's counterfeiting. Defendant re-argues that "Plaintiff proffered no admissible evidence to support" its counterfeiting arguments and contends—despite the Order's finding to the contrary— that Plaintiff "fail[ed] to produce the evidence it needs to prove counterfeiting." (Dkt. No. 110 at 3, 4.)

The Motion also accuses this Court of admitting that it incorrectly denied Defendant's summary judgment motion.  In footnote 1, Defendant avers this Court knew "Plaintiff's evidence was insufficient to meet its burden," but nevertheless denied Defendant summary judgment on the counterfeiting claim.  (Dkt. No. 110 at 4 n.1; *see also id.* at 6.)[2]   The Motion then highlights the evidence of Defendant's

---

[2]   The Motion exhibits Defendant's fundamental misunderstanding of the summary judgment standard.  The language Defendant quotes in the footnote does not show the Court made an error.  It explains why this Court did not grant Plaintiff's motion for partial summary judgment on Plaintiff's counterfeiting claim.  (Dkt. No. 36.)  Had Plaintiff's evidence been sufficient to "meet its burden," this Court would have

counterfeiting that Plaintiff presented at summary judgment and attempts to re-litigate whether Plaintiff's evidence is sufficient to survive summary judgment. (Dkt. No. 110 at 4 (citing Dkt. No. 36-92).)[3]

These arguments are inappropriate. Defendant already filed a summary judgment motion (Dkt. No. 40); it cannot file another one (Dkt. No. 9 at 5 ("no party may file more than one motion pursuant to Fed.R.Civ.P. 56")). Defendant's summary judgment arguments are also untimely. (Dkt. No. 17 at 1 ("Motions for summary judgment . . . shall be filed . . . in no event later than the motion cut-off date.").) Defendant's arguments are also inappropriate for an evidentiary motion Defendant untimely filed over a month after this Court decided the parties' motions for summary judgment. (*See* Dkt. No. 99.)

Further, the Motion cannot operate as a motion for reconsideration of the Order. Among other things, a motion for reconsideration can only be filed in three limited circumstances and the motion must not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Here, the Motion does not state that any of Local Rule 7-18's three circumstances applies. The Motion also improperly reiterates—and even quotes and cites— arguments Defendant made in its motion for summary judgment. (Dkt. No. 110 at 2 (asserting counterfeiting argument "as set forth in Redbubble's Motion for Summary

_____

*granted* Plaintiff summary judgment. Only because "Plaintiff's evidence was insufficient to meet its burden" will this issue go to a jury to decide.

[3]   Even worse, the Motion mischaracterizes the evidence Plaintiff submitted. The Motion represents that the wall hangings featuring the Brandy Heart Mark are "the sole exhibit on which [Plaintiff] relied at summary judgment" to prove Defendant's counterfeiting. (Dkt. No. 110 at 5.) That is false. (Dkt. No. 36-61.) Further, the evidence of Plaintiff's use of the Brandy Heart Mark on women's clothing (Dkt. Nos. 36-10; 36-61) puts to rest any untimely summary-judgment argument Defendant might fabricate about its counterfeiting not extending to the trademark's registered classes. (*See* Dkt. No. 110 at 5-6 (raising an untimely summary judgment argument in an attempt to circumvent liability for counterfeiting the Brandy Heart Mark).)

1  Judgment"), at 3 (quoting Defendant's summary judgment argument regarding why
2  "[Defendant] could not be liable for counterfeiting").)

3      The Motion's request that the Court reconsider its summary judgment decision
4  and re-evaluate Plaintiff's evidence of Defendant's counterfeiting must be denied.

5  **C.**   **The Motion Should Be Denied Because Defendant Never Sought or**
6         **Obtained an Order Compelling The Evidence at Issue in the**
7         **Motion**

8      The Motion asks this Court to preclude Plaintiff from introducing evidence of
9  Defendant's counterfeiting that Defendant claims Plaintiff failed to produce "as part
10 of its pre-trial disclosures or discovery." (Dkt. No. 110 at 6.) But the sanction of
11 exclusion is inappropriate when the movant "never moved to compel production of"
12 the discovery and never obtained "a prior court order requiring production" of the
13 discovery. *Davis*, 2013 WL 3337669, at *2; *see also Dugan v. Cty. of L.A.*, No. 11-
14 cv-8145, 2013 WL 3863979, at *3 (C.D. Cal. July 23, 2013) (denying motion to
15 preclude trial exhibits because "courts have found that 'a prior court order requiring
16 production is [generally] a necessary prerequisite to invoking . . . the sanction of
17 exclusion'").

18     In *Susilo v. Wells Fargo Bank, N.A.*, the defendants sought to exclude
19 "evidence of damages" *in limine*. *Susilo v. Wells Fargo Bank, N.A.*, No. 11-cv-1814,
20 2012 WL 12894745, at *1-2 (C.D. Cal. Nov. 26, 2012). The court denied the
21 defendant's motion even though the plaintiff in that case had (1) served initial
22 disclosures that "plainly did not comply with Rule 26(a)," (2) failed to produce any
23 damages documents, and (3) stated in interrogatory responses that its damages
24 calculations relied on expert testimony that admittedly would not be available at trial.
25 *Id.* "Although defendants are not satisfied with plaintiff's discovery disclosures, and
26 plaintiff's discovery responses may be inadequate, ***defendants have never moved to***
27 ***compel discovery with respect to plaintiff's damages computation or any other***
28 ***matter***." *Id.* at *2 (emphasis added). Further, the defendants "offer[ed] no excuse for

why they waited until the eve of trial to complain about plaintiff's inadequate initial disclosure." *Id.*[4]   Accordingly, the *Susilo* court concluded that, because the defendants "fail[ed] to seek other remedies prior to seeking the drastic remedy of exclusion, it would be improper to exclude evidence, especially here where granting Defendants' requested relief would leave plaintiff with no evidence of damages." 2012 WL 12894745, at *2 (collecting cases).

Exclusion of evidence is even more inappropriate in this case.  Defendants neither moved to compel nor obtained a court order requiring amended or supplemental initial disclosures, amended or supplemental interrogatory responses, or the supplemental production of any documents.  (Kelly Dec. ¶ 2.)  In fact, only one discovery motion has been filed in this case:  Plaintiff's *ex parte* application to compel Defendant's deposition, which the Court granted.  (Dkt. No. 31.)

Further, Plaintiff did not wrongfully withhold any information or discovery. Plaintiff's Initial Disclosures identified "Pictures and samples of Plaintiff's trademarks ***and products***" as one of several categories of "documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control [that] may be used to support Plaintiff's claims."  (Dkt. No. 110-3 at 2 (emphasis added); *see also id.* (also identifying "Pictures and printouts from the Internet related to Plaintiff's . . . products" as evidence that "may be used to support Plaintiff's claims").)[5]  Evidence of Defendant's counterfeiting was—as the Motion concedes— filed in support of Plaintiff's motion for partial summary judgment (Dkt. No. 110 at

---

[4]   *See also IGT v. Alliance Gaming Corp.*, No. 04-cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008) ("A motion in limine should not be used as a corrective tool when a party has failed to bring a motion to compel.").

[5]   Defendant's reliance on its Request for Productions Nos. 5 and 12 is misplaced. (Dkt. No. 110 at 5.)  The evidence is not responsive to the overbroad Request No. 5, and Plaintiff only offered to meet and confer regarding Request No. 12.  (Dkt. No. 110-4 at 9, 14-15.)

4; *see also* Dkt. Nos. 36-61, 36-92), and Defendant did not object to the evidence. Indeed, regarding the "decorative wall hangings,"[6] Defendant's response to the fact that "Brandy Melville uses the Brandy Melville Mark on decorative wall hangings" was "Undisputed."  (Dkt. No. 47-3 ¶ 32.)  Regarding Plaintiff's use of the Brandy Melville Mark on women's clothing, Defendant did not dispute or object to the fact that Plaintiff uses its registered marks on women's clothing.  (Dkt. No. 47-3 ¶ 31 (Defendant only disputed that the evidence does not demonstrated that "every" Brandy Melville product displays the Brandy Melville Mark or LA Lighting Mark).)

Accordingly, it is "improper" for Defendant to now seek the "drastic remedy of exclusion" of evidence of Plaintiff's products that bear the trademarks Defendant infringed and counterfeited.  *Susilo*, 2012 WL 12894745, at *2.  Indeed, "courts are often reluctant to order preclusion . . . where the aggrieved party could have sought the court's assistance in correcting the failure within the discovery period, but instead chose to 'sleep' on their rights." *Thornton v. Crazy Horse, Inc.*, No. 06-cv-251, 2011 WL 13234967, at *21 (D. Alaska Sept. 26, 2011).  Here, Defendant has overslept on its rights after failing to pursue discovery and to object to evidence.  The Motion should, therefore, be denied in its entirety.

### D.   The Motion Should Be Denied Because the Rule 37 Factors Weigh Heavily Against Exclusion

Courts use five factors to determine "whether evidence should be excluded pursuant to Rule 37": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence.'" *Davis*, 2013 WL 3337669, at *1 (collecting cases).  "[T]he 'purpose of the rule is to

---

[6]   The Motion also overlooks products besides non-textile wall hangings that Defendant contributorily counterfeited.  (*E.g.*, Dkt. No. 36-92.)

1  prevent the practice of 'sandbagging' an adversary with new evidence.'" *West v. Cal.*
2  *Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017).

3      Rule 37 sanctions are inappropriate where the lack of disclosure "was
4  'substantially justified or is harmless[.]'"  *Davis*, 2013 WL 3337669, at *1 (quoting
5  Fed. R. Civ. P. 37).  But even if the court finds that the lack of disclosure were not
6  substantially justified or harmless, evidentiary sanctions should not be granted "in all
7  instances."  *Hoffman v. Cty. of L.A.*, No. 15-cv-3724, 2017 WL 3476772, at *2 (C.D.
8  Cal. Feb. 18, 2017).  In fact, "preclusion" under Rule 37 "is not generally ordered."
9  *Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005), *aff'd on other*
10 *grounds sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007)
11 (collecting cases).

12     Here, the Motion does not even attempt to conduct the five-factor analysis.  But
13 if it had, Defendant would recognize that exclusion of evidence and argument of its
14 counterfeiting is improper.

15          **1.     Defendant Was Not Surprised**

16     The first two factors weigh against exclusion.  The Motion does not assert or
17 cite evidence demonstrating that Defendant is "surprised" or "prejudiced" by the
18 evidence Defendant now seeks to exclude.  *S.F. Baykeeper v. W. Bay Sanitary Dist.*,
19 791 F. Supp. 2d 719, 734 (N.D. Cal. 2011) (movant "has not identified any prejudice
20 it has suffered").  Tellingly, in connection with summary judgment, Defendant did
21 not object to the evidence it highlights in the Motion.  (Dkt. No. 47-3 ¶ 32 (conceding
22 it is "Undisputed" that "Brandy Melville uses the Brandy Melville Mark on decorative
23 wall hangings").)

24          **2.     Admission of This Evidence Would Not Disrupt Trial**

25     Defendant also fails to articulate how admission of its counterfeiting, including
26 evidence of wall hangings and clothing tags, would disrupt trial.  And for good
27 reason—this evidence will not disrupt trial.  *Davis*, 2013 WL 3337669, at *2 (refusing
28 to preclude evidence where movant failed to show "disruption in connection with trial

1  preparation or other aspects of this litigation").

2  **3.   Evidence of Defendant's Counterfeiting Is Important**

3       There can be no dispute that, in a case asserting claims of contributory

4  counterfeiting and trademark infringement, evidence of the defendant's counterfeiting

5  is important.  Defendant effectively agrees, as it would not attempt to re-litigate this

6  issue in the Motion or ask the Court to exclude this highly probative evidence if it

7  were not critical.

8  **4.   There Was No Bad Faith**

9       Rule 37's final factor also favors Plaintiff.  The Motion does not state or

10  demonstrate that Plaintiff acted in bad faith.  *E.g.*, *Hoffman*, 2017 WL 3476772, at *2

11  (denying motion *in limine* pursuant to Rule 37 where there was "no indication that

12  plaintiff acted in bad faith").  Further, Plaintiff introduced evidence of Defendant's

13  counterfeiting in connection with its motion for partial summary judgment.  (Dkt.

14  Nos. 36-61, 36-92.)  And Defendant did not respond with any objection or accusation

15  of bad faith.  (Dkt. No. 47-3 ¶¶ 31, 32.)

16  **III.   CONCLUSION**

17       Accordingly, this Court should strike the Motion and/or deny the Motion,

18  should not exclude Plaintiff's evidence of Defendant's counterfeiting, and should

19  award Plaintiff monetary sanctions in the amount of $2,362.50.

20

21  DATED:  September 11, 2020          BROWNE GEORGE ROSS LLP

22                                      Keith J. Wesley
                                        Ryan Q. Keech
23                                      Jason Y. Kelly

24
                                   By:  ___*/s/ Keith J. Wesley*___
25                                      Keith J. Wesley
26                                      Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                                        Brandy Melville
27

28