BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>                Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:   Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO DEFENDANT REDBUBBLE, INC.'S MOTION *IN LIMINE* NO. 10 TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OF OR ARGUMENT REGARDING ITS OWN OPERATIONS THAT WAS NOT PRODUCED OR DISCLOSED IN DISCOVERY**<br><br>*[Filed Concurrently with Declaration of Jason Y. Kelly; and [Proposed] Order in Support Thereof]*<br><br>Date:     October 6, 2020<br>Time:     9:00 a.m.<br>Crtrm.:   850<br><br>Pre-Trial Conf.:   September 21, 2020<br>Trial:               October 6, 2020 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   ARGUMENT ................................................................................................. 3

    A.    The Motion Must Be Denied As It Is Untimely and Warrants
         Sanctions ........................................................................................... 3

        1.    Background ........................................................................... 3

        2.    The Motion Is Untimely ...................................................... 3

        3.    This Court Should Sanction Defendant and Its Counsel ............. 5

    B.    The Motion Should Be Denied Because Defendant Never Sought
         or Obtained an Order Compelling The Evidence It Now Claims
         Was Withheld .................................................................................... 7

    C.    The Motion Should Be Denied Because Rule 37
         Overwhelmingly Weighs Against the Wholesale Exclusion of
         Evidence. ......................................................................................... 11

III.  CONCLUSION ........................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*,
    146 F.3d 1071 (9th Cir. 1998) .................................................................. 6

*Atkins v. Cty. of Orange*,
    372 F. Supp. 2d 377 (S.D.N.Y. 2005), *aff'd on other grounds sub nom.*
    *Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) ............................. 11

*B.K.B. v. Maui Police Dep't*,
    276 F.3d 1091 (9th Cir. 2002) ............................................................ 6, 7

*Centillium Commc'ns, Inc. v. Atlantic Mut. Ins. Co.*,
    No. 06-cv-7824, 2008 WL 728639 (N.D. Cal. Mar. 17, 2008) .......................... 6

*Davis v. Davison Hotel Co., LLC*,
    No. 12-cv-6327, 2013 WL 3337669 (C.D. Cal. July 1, 2013) ..................... *passim*

*Dugan v. Cty. of L.A.*,
    No. 11-cv-8145, 2013 WL 3863979 (C.D. Cal. July 23, 2013) .......................... 7

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ................................................................ 6

*Hoffman v. Cty. of L.A.*,
    No. 15-cv-3724, 2017 WL 3476772 (C.D. Cal. Feb. 18, 2017) ................... 11, 12

*Hsu v. Thorsen Tool Co.*,
    No. 13-cv-8248 (C.D. Cal.) ............................................................... 10

*IGT v. Alliance Gaming Corp.*,
    No. 04-cv-1676, 2008 WL 11450856 (D. Nev. Oct. 21, 2008) ......................... 10

*In re Soares*,
    No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014) .............. 5

*Lamos v. Astrue*,
    275 F. App'x 617 (9th Cir. 2008) .......................................................... 6

*Richmond v. Mission Bank*,
    No. 14-cv-184, 2015 WL 1291365 (E.D. Cal. Mar. 13, 2015) .......................... 12

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*S.F. Baykeeper v. W. Bay Sanitary Dist.*,
  791 F. Supp. 2d 719 (N.D. Cal. 2011) ................................................................ 12

*Servo v. Junginger*,
  No. 13-cv-702, 2014 WL 3891751 (D. Or. Aug. 6, 2014) ...................................... 6

*Susilo v. Wells Fargo Bank, N.A.*,
  No. 11-cv-1814, 2012 WL 12894745 (C.D. Cal. Nov. 26, 2012) .................... 8, 10

*Thornton v. Crazy Horse, Inc.*,
  No. 06-cv-251, 2011 WL 13234967 (D. Alaska Sept. 26, 2011) ........................ 10

*Torres v. County of Orange*,
  No. 02-cv-223, 2005 WL 5957829 (C.D. Cal. Mar. 11, 2005) ......................... 4, 6

*United States v. Shipley*,
  No. 16-cr-1061, 2018 WL 10016779 (D. Ariz. Jan. 12, 2018) ............................. 5

*West v. Cal. Servs. Bureau, Inc.*,
  323 F.R.D. 295 (N.D. Cal. 2017) ................................................................. 11, 13

## FEDERAL STATUTES

28 U.S.C. § 1927 ............................................................................................ 5, 6, 7

## RULES

Fed. R. Civ. P. 26(a) ............................................................................................. 8

Fed. R. Civ. P. 37 ........................................................................................ 2, 11, 12

## I.   __INTRODUCTION__

Recognizing that the record is replete with evidence of its contributory counterfeiting and contributory trademark infringement,[1] Defendant Redbubble, Inc. attempts to circumvent liability by asking this Court to exclude evidence of Plaintiff's products that bear the trademarks that Defendant counterfeited and infringed.  Motion *in Limine* No. 10 (Dkt. No. 111; the "Motion") concedes this evidence is "critical" (*id.* at 3), but nevertheless seeks an untimely and overbroad order to exclude highly relevant evidence without any factual or legal basis.  Indeed, the Motion would, if granted, improperly amount to granting summary judgment on significant aspects of this action.  The Motion must be denied for three independent reasons.

***First***, the Motion is fatally untimely.  The deadline to file motions *in limine* was May 15, 2020.  (Dkt. No. 17 at 1, 4.)  Defendant filed the Motion, as well as two other motions *in limine*, months after the deadline.  (Dkt. Nos. 109, 110, 111.)  Over Plaintiff's objection and in the face of case law demonstrating Defendant's timeliness argument lacks merit, Defendant claims it had another opportunity to file these evidentiary motions because the Court continued the pretrial conference and trial date due to the COVID-19 pandemic (Dkt. No. 99).  (*See* Dkt. No. 111 at 2.)  That is not true.  A continuance of the pretrial conference and trial date does not resurrect deadlines that have passed.  Indeed, according to Defendant's meritless contention, a large enough continuance could, *inter alia*, re-open fact and expert discovery and permit the parties to file dispositive motions and more motions *in limine* in this case. That would be improper.

The Motion is especially improper because it asserts arguments Defendant could have timely made—but chose not to make—by the May 15, 2020 deadline. Because Defendant filed the Motion well after the deadline for doing so based on a

---

[1]   (*E.g.*, Dkt. Nos. 36-33, 36-34, 36-35, 36-36, 36-63, 36-64, 36-65, 36-66, 36-67, 36-68, 36-69, 40-16, 82-2, 82-3, 82-4, 82-5, 82-6, 82-7, 82-8, 82-9, 82-10, 82-11, 82-12, 82-13, 82-14, 82-15, 82-16, 82-17, 82-18.)

meritless excuse and because, as explained below, the Motion asserts baseless evidentiary arguments Defendant could have made months ago, this Court should deny or strike the Motion and should award Plaintiff monetary sanctions for having to oppose the Motion.

*Second*, the Motion should be denied because it intends to exclude evidence that Defendant failed to pursue in discovery. The record demonstrates that Plaintiff did not prejudice Defendant by wrongfully withholding relevant information. Any frustration Defendant may have is the direct consequence of its own decision to sit on its hands and its failure to pursue discovery. Tellingly, Defendant never obtained a court order compelling discovery or information that the Motion seeks to exclude. This fact is fatal to the Motion because the sanction of exclusion is inappropriate when the movant "never moved to compel production of" the discovery and never obtained "'a prior court order requiring production'" of the discovery. *Davis v. Davison Hotel Co., LLC*, No. 12-cv-6327, 2013 WL 3337669, at *2 (C.D. Cal. July 1, 2013).

*Third*, Federal Rule of Civil Procedure 37 does not favor exclusion of the evidence of Redbubble's contributory counterfeiting and contributory infringement. Rule 37's five-factor analysis strongly favors denying the Motion's request to exclude highly relevant evidence from trial. *Davis*, 2013 WL 3337669, at *1 (collecting cases).

For each—and any—of these reasons, this Court should deny the Motion and should not exclude Plaintiff's evidence that is probative of Defendant's contributory counterfeiting and contributory trademark infringement. Moreover, this Court should sanction Defendant and its counsel for filing the Motion by awarding Plaintiff monetary sanctions.

/ / /

/ / /

/ / /

/ / /

## II.   ARGUMENT

### A.   The Motion Must Be Denied As It Is Untimely and Warrants Sanctions

#### 1.   Background

On October 23, 2019, this Court issued the Order for Jury Trial (Dkt. No. 17), scheduling trial to begin on June 30, 2020 and setting a May 15, 2020 deadline for motions *in limine*. (Dkt. No. 17 at 1, 4 ("All motions *in limine* must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date.").) On May 15, 2020, Plaintiff filed four motions *in limine* and Defendant filed seven. (Dkt. Nos. 50-53, 55-61.)

The Court subsequently decided the parties' motions for summary judgment and held that this action will proceed to trial on Plaintiff's claims of contributory counterfeiting and contributory infringement. (Dkt. No. 103.) The Court also continued the pretrial conference to September 21, 2020 and trial to October 6, 2020 because of the COVID-19 pandemic. (Dkt. No. 99.)

On August 12 and 14, 2020—nearly three months after the deadline to file motions *in limine*—Defendant's counsel indicated that Defendant intended to file additional motions *in limine*. (Dkt. No. 111-2 at 2, 3.) In response, Plaintiff's counsel confirmed that the deadline to file motions *in limine* had passed and it would be especially improper for Defendant to file motions *in limine* that make arguments Defendant could have timely made before the May 15, 2020 deadline. (*Id.* at 1-3.) Plaintiff's counsel warned that, if Defendant filed its untimely and improper motions, Plaintiff reserved its right to seek, *inter alia*, sanctions. (*Id.* at 1.) On August 21, 2020, Defendant filed the Motion, along with two other motions *in limine*. (Dkt. Nos. 109, 110, 111.)

#### 2.   The Motion Is Untimely

Defendant's contention that the Motion is timely misinterprets the Court's June 7, 2020 order. The deadline for the parties to move *in limine* was May 15, 2020,

1  and that deadline passed before this Court continued the pretrial conference and trial

2  date on June 7, 2020 (Dkt. No. 99).  The Court's June 7, 2020 order did not resurrect

3  any deadlines that had passed and did not authorize the parties to file additional

4  motions *in limine*.  (*See id.*)  Case law confirms the same.

5       In *Torres v. County of Orange*, No. 02-cv-223, 2005 WL 5957829 (C.D. Cal.

6  Mar. 11, 2005), the court issued the Order for Jury Trial Setting Dates, which required

7  all motions *in limine* to be filed "no later than 45 days before the scheduled trial."

8  *Torres*, 2005 WL 5957829, at *1.  The plaintiff timely filed motions *in limine* by

9  November 26, 2003.  *Id.*  On December 1, 2004, the Court issued an order continuing

10  the trial to June 7, 2005.  *Id.*  The court's December 1, 2004 order did not authorize

11  any party to file motions *in limine*.  *Id.*

12       On February 11 and 16, 2005, the *Torres* plaintiff filed another two motions *in*

13  *limine*.  *Id.*  The defendant opposed these motions and requested the court strike them

14  "because the Court's most recent order to continue the trial date did not alter the

15  briefing schedule for motions *in limine*."  *Id.*  The *Torres* court agreed with the

16  defendant, striking the new motions and confirming that "the original motions *in*

17  *limine* filed November 26, 2003 are the only motions *in limine* by plaintiff pending

18  before the Court."  *Id.*

19       Likewise, the Motion is untimely.[2]  This Court's Order for Jury Trial required

20  motions *in limine* to be filed and served "a minimum of forty-five (45) days prior to

21  the scheduled trial date" (*i.e.*, by May 15, 2020).  (Dkt. No. 17 at 4.)  The Court's

22  June 7, 2020 Order continuing the pretrial conference and trial dates did not authorize

23  either party to file new motions *in limine*.  (Dkt. No. 99.)  Trial was continued due to

24  the COVID-19 pandemic, not to give the parties another opportunity to file motions

25  *in limine*.  Nevertheless, months after the May 15, 2020 deadline, Defendant untimely

26

27  _____

28  [2]  This is not the first time Defendant has untimely filed a pre-trial document in this case.  (Dkt. No. 75.)

1   filed the Motion and two other motions *in limine*.  (Dkt. Nos. 109, 110, 111.)

2          Decisions by other courts confirm that Defendant's position lacks merits.  In *In*
3   *re Soares*, No. 09-cv-55986, 2014 WL 3397674 (Bankr. N.D. Cal. July 11, 2014),
4   trial was scheduled to begin the week of April 7, 2014 and "[a]ny motions in limine
5   should have been filed prior to that date."  *Soares*, 2014 WL 3397674, at *1.  The
6   defendant timely filed four motions *in limine*.  *Id.*  The Court subsequently continued
7   the trial "to accommodate Plaintiffs' counsel, who was unable to attend trial due to
8   illness[.]"  *Id.*  After the April 7, 2014 deadline for motions *in limine*, the defendant
9   filed three more motions *in limine* (on April 11, 24, and 28, 2014).  *Id.*  The court held
10  that "[a]ll three of these motions are denied as untimely" because the trial was
11  continued to accommodate Plaintiffs' counsel's illness, "not to permit the filing of
12  additional motions."  *Id.*

13          In *United States v. Shipley*, No. 16-cr-1061, 2018 WL 10016779 (D. Ariz.
14  Jan. 12, 2018), trial was scheduled to begin on September 12, 2017, but the court
15  continued the trial to January 30, 2018 to allow the defendant to obtain new counsel.
16  2018 WL 10016779, at *1.  The defendant later filed a motion to dismiss on January 8,
17  2018.  *Id.*  The *Shipley* court denied the motion to dismiss as untimely and granted the
18  Government's motion to strike the untimely motion.  *Id.*  The court confirmed that the
19  deadline to file pretrial motions and motions *in limine* expired before the trial date
20  was continued.  *Id.* (noting that the trial was continued only "to accommodate the
21  assignment of a new attorney for trial").

22          The deadline to file the Motion passed months ago.  Accordingly, this Court
23  should deny the Motion as untimely or strike the Motion.

24          **3.      This Court Should Sanction Defendant and Its Counsel**

25          The Court should, pursuant to 28 U.S.C. § 1927 ("Section 1927") and its
26  inherent power, impose sanctions on Defendant and its counsel for filing the Motion.

27          Sanctions Under Section 1927.  Per Section 1927, "[a]ny attorney . . . who so
28  multiplies the proceedings in any case unreasonably and vexatiously may be required

by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A finding of "'recklessness suffices for § 1927[.]'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

Here, Defendant's counsel has multiplied the proceedings in this case by filing the Motion, even though the Court's June 7, 2020 order did not resurrect the deadline to file motions *in limine* or permit Defendant to file an untimely motion. *E.g.*, *Torres*, 2005 WL 5957829, at *1. Defendant was well aware that the Motion was improper, not just because of the plain language of the June 7, 2020 order and relevant case law, but because Plaintiff raised this issue with Defendant twice before. (Dkt. No. 111-2 at 1-3.)

The Motion is particularly unreasonable because (1) it asserts evidentiary and discovery arguments that Defendant could have raised—but elected not to raise—in a motion *in limine* filed before the May 15, 2020 deadline, and (2) Defendant's arguments are, as explained below, meritless. As a result, Plaintiff has incurred excess costs, expenses, and attorneys' fees to oppose the Motion and ensure that critical evidence is not improperly excluded. Sanctions under Section 1927 are warranted.

<u>Sanctions Pursuant to Inherent Power.</u> "It is well established that '[d]istrict courts have inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion.'" *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (emphasis in original). It is "clear" that the Court's "inherent power includes the authority to sanction procedural impropriety in an appropriate manner." *Servo v. Junginger*, No. 13-cv-702, 2014 WL 3891751, at *3 (D. Or. Aug. 6, 2014) (collecting cases); *see also Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) (recognizing court's inherent power to strike documents other than pleadings from the docket and to impose sanctions); *Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.*, No. 06-cv-7824, 2008 WL 728639, at *6 (N.D. Cal. Mar. 17, 2008) (striking motion for partial

summary judgment pursuant to court's inherent power).  Further, "the 'less severe sanction' of an assessment of attorneys fees [is] well within the court's authority as well."  *B.K.B.*, 276 F.3d at 1108.

"'[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.'"  *Id.*  They are also available "'for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.'"  *Id.*

Here, the Court should strike the Motion and award Plaintiff monetary sanctions for the attorneys' fees it incurred to respond to the Motion.  The Motion was procedurally improper because it was filed after the Court-ordered deadline.  Further, Defendant knew—based on the Court's orders, case law, and Plaintiff's warning—that the deadline had long passed.  The Motion also makes arguments Defendant chose not to timely make before the May 15, 2020 deadline and, in any event, the Motion's arguments are patently meritless.  These circumstances rise, at a minimum, to recklessness combined with "'frivolousness, harassment, or an improper purpose.'"  *See B.K.B.*, 276 F.3d at 1108.

As averred in the concurrently filed Declaration of Jason Y. Kelly ("Kelly Dec."), Plaintiff has incurred more than $2,362.50 in attorneys' fees and costs to respond to the Motion.  (Kelly Dec. ¶ 4.)  This Court should strike the Motion and award Plaintiff at least $2,362.50 in monetary sanctions pursuant to Section 1927 and its inherent power.

### B.   The Motion Should Be Denied Because Defendant Never Sought or Obtained an Order Compelling The Evidence It Now Claims Was Withheld

The sanction of exclusion is inappropriate when the movant "never moved to compel production of" the discovery and never obtained "a prior court order requiring production" of the discovery.  *Davis*, 2013 WL 3337669, at *2; *see also Dugan v. Cty. of L.A.*, No. 11-cv-8145, 2013 WL 3863979, at *3 (C.D. Cal. July 23, 2013)

(denying motion to preclude trial exhibits because "courts have found that 'a prior court order requiring production is [generally] a necessary prerequisite to invoking . . . the sanction of exclusion'").

In *Susilo v. Wells Fargo Bank, N.A.*, the defendants sought to exclude *in limine* "evidence of damages." *Susilo v. Wells Fargo Bank, N.A.*, No. 11-cv-1814, 2012 WL 12894745, at *1-2 (C.D. Cal. Nov. 26, 2012). The court denied the defendant's motion even though the plaintiff had (1) served initial disclosures that "plainly did not comply with Rule 26(a)," (2) failed to produce any damages documents, and (3) stated in interrogatory responses that its damages calculations relied on expert testimony that admittedly would not be available at trial. *Id.* "Although defendants are not satisfied with plaintiff's discovery disclosures, and plaintiff's discovery responses may be inadequate, ***defendants have never moved to compel discovery with respect to plaintiff's damages computation or any other matter***." *Id.* at *2 (emphasis added). Further, the defendants "offer[ed] no excuse for why they waited until the eve of trial to complain about plaintiff's inadequate initial disclosure." *Id.* Accordingly, the *Susilo* court concluded that, because the defendants "fail[ed] to seek other remedies prior to seeking the drastic remedy of exclusion, it would be improper to exclude evidence, especially here where granting Defendants' requested relief would leave plaintiff with no evidence of damages." *Id.* (collecting cases).

Exclusion in this case is even more inappropriate. The Motion concedes Plaintiff's Initial Disclosures identified "Pictures and samples of Plaintiff's trademarks ***and products***" as one of several categories of "documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control [that] may be used to support Plaintiff's claims." (Dkt. No. 111-3 at 2 (emphasis added).) Defendant subsequently served a battery of objectionable discovery requests, prompting Plaintiff to respond in November 2019 substantively where possible and to object and offer to meet and confer about the scope of many of Defendant's requests. (*See* Dkt. Nos. 111-4, 111-5.) For example, Plaintiff identified

the registered and unregistered trademarks that Defendant infringed directly and indirectly.   (Dkt. No. 111-5 at 5-6.)   But Plaintiff only objected to Defendant's Interrogatory No. 14[3] and Plaintiff, in response to most objectionable document requests—including Request for Production Nos. 12 and 28, which the Motion highlights—offered to "meet and confer regarding the scope of Defendant's Request." (Dkt. No. 111-4 at 14-15, 28.)   Subject to its November 2019 objections and requests to meet and confer, Plaintiff produced thousands of pages of responsive documents to Defendant.   (Kelly Dec. ¶ 2.)

It was not until Sunday, February 23, 2020—just days before Defendant was scheduled to depose Plaintiff's witnesses on February 27 and 28, 2020—did Defendant respond to Plaintiff's November 25, 2019 offer to meet and confer about certain document requests.   (Dkt. No. 94-1 ¶¶ 6, 8, Ex. 1.)   Notably, Defendant did not seek to meet and confer regarding Request for Production No. 36, which the Motion highlights, or any of Defendant's interrogatories.   (*Id.*, Ex. 1.)   And as Plaintiff explains in opposition to Defendant's Motion *in Limine* No. 3, Plaintiff produced financial information after Defendant belatedly agreed to accept Plaintiff's offer to meet and confer about Defendant's objectionable discovery requests.   (Dkt. No. 94; *see also* Dkt. No. 94-1 ¶ 9; Dkt. No. 36-94.)

Despite an April 1, 2020 discovery cut-off that was subsequently continued to April 20, 2020 (Dkt. Nos. 16, 26), Defendants neither moved to compel nor obtained a court order requiring amended or supplemental initial disclosures, amended or

---

[3]   This interrogatory demanded that Plaintiff "Identify with each *[sic]* specificity each product that Plaintiff has offered for sale or sold, or that Plaintiff contends is a licensed product offered or sold by a third party, that has used one or more of the Plaintiff Marks, including the product type, the period in which the product was offered and sold, the geographic region in which the product was offered and sold, and all revenue and profits generated by Plaintiff from each such good or service sold, by year, quarter and/or month, including any revenue generated from licensing one of more of the Plaintiff Marks."   (Dkt. No. 111-5 at 19.)

supplemental interrogatory responses, or the supplemental production of any documents, including financial documents.  (Kelly Dec. ¶ 3.)  In fact, only one discovery motion has been filed in this case:  Plaintiff's *ex parte* application to compel Defendant's deposition, which the Court granted.  (Dkt. No. 31.)

Defendant sat on its hands during discovery: it did not pursue information disclosed in Plaintiff's Initial Disclosure, it relied on objectionable discovery requests, it unduly delayed accepting Plaintiff's offer to meet and confer regarding Defendant's objectionable discovery requests, it did not file any discovery motions, and it did not secure any court orders compelling discovery.  For this reason, it is "improper" for Defendant to now seek the "drastic remedy of exclusion" of evidence showing Plaintiff's products that bear the trademarks Defendant infringed and counterfeited. *Susilo*, 2012 WL 12894745, at *2.  Indeed, "courts are often reluctant to order preclusion . . . where the aggrieved party could have sought the court's assistance in correcting the failure within the discovery period, but instead chose to 'sleep' on their rights." *Thornton v. Crazy Horse, Inc.*, No. 06-cv-251, 2011 WL 13234967, at *21 (D. Alaska Sept. 26, 2011).[4]  Accordingly, the Motion should be denied in its entirety.

The Motion relies on only one case—*Hsu v. Thorsen Tool Co.*, No. 13-cv-8248 (C.D. Cal.)—to support exclusion.  (Dkt. No. 111 at 4.)  In *Hsu*, the court granted motions *in limine* to preclude a plaintiff from introducing testimony and evidence regarding two types of damages: (1) "a reasonable royalty," *Hsu*, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014), and (2) "lost profits," *Hsu*, 2014 WL 12607679, at *1 (C.D. Cal. Nov. 10, 2014).  *Hsu* is inapposite for two reasons.  *First*, Plaintiff in this case does not seek either of these types of damages.  (Dkt. No. 94-1 ¶ 2.)  *Second*, Plaintiff responded to Defendant's discovery requests with substantive responses and objections, produced discovery in response to Defendant's discovery requests, and

---

[4]   *See also IGT v. Alliance Gaming Corp.*, No. 04-cv-1676, 2008 WL 11450856, at *2 (D. Nev. Oct. 21, 2008) ("A motion in limine should not be used as a corrective tool when a party has failed to bring a motion to compel.").

even offered to meet and confer about the scope of Defendant's requests.  (Dkt. Nos. 111-3, 111-4; Kelly Dec. ¶ 2.)  But Defendant did not pursue the discovery it now seeks to exclude.  (*E.g.*, Kelly Dec. ¶ 3.)

It would be patently unfair to allow Defendant to exclude an overbroad category of "any documentary or other physical evidence" (Dkt. No. 111 at 2) at the last hour, especially when certain of this evidence was submitted in connection with the parties' motions for summary judgment (*e.g.*, Dkt. Nos. 36-92, 36-93).

## C.   <u>The Motion Should Be Denied Because Rule 37 Overwhelmingly Weighs Against the Wholesale Exclusion of Evidence.</u>

The "purpose" of Rule 37 "'is to prevent the practice of 'sandbagging' an adversary with new evidence.'"  *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017).  Rule 37 uses five factors to determine "whether evidence should be excluded": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence.'"  *Davis*, 2013 WL 3337669, at *1 (collecting cases).

Rule 37 sanctions are inappropriate where the lack of disclosure "was 'substantially justified or is harmless[.]'"  *Id.* (quoting Fed. R. Civ. P. 37).  But even if the lack of disclosure were not substantially justified or harmless, evidentiary sanctions should not be granted "in all instances."  *Hoffman v. Cty. of L.A.*, No. 15-cv-3724, 2017 WL 3476772, at *2 (C.D. Cal. Feb. 18, 2017).  At bottom, "preclusion" under Rule 37 "is not generally ordered."  *Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005), *aff'd on other grounds sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) (collecting cases).

Had the Motion analyzed the Rule 37 factors (it did not), Defendant would have recognized that Rule 37 does not favor exclusion of evidence in this case:

/ / /

<u>Factors 1 and 2.</u>  The Motion does not assert or cite evidence demonstrating that Defendant is "surprised" or "prejudiced" by evidence of Plaintiff's products that Defendant contributorily counterfeited, nor could Defendant.  *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 734 (N.D. Cal. 2011) (movant "has not identified any prejudice it has suffered").  Plaintiff's Initial Disclosures identified "Pictures and samples of Plaintiff's trademarks ***and products***" as one of several categories of "documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control [that] may be used to support Plaintiff's claims." (Dkt. No. 111-3 at 2 (emphasis added).)  Plaintiff also submitted evidence of these products in connection with the parties' summary judgment motions (*e.g.*, Dkt. No. 36-92), which this Court evaluated to decide the dispositive motions (Dkt. No. 103).   Under these circumstances, Defendant cannot be surprised by this evidence; and tellingly, the Motion does not claim Defendant was surprised.  (Dkt. Nos. 111, 111-1.)

<u>Factor 3.</u>  Defendant does not claim that admission of this evidence would disrupt trial.  (*See generally* Dkt. No. 111.)  Defendant has long been aware of this evidence (*see* Dkt. Nos. 111-3 at 2; *see also* Dkt. No. 36-92) and still has time to prepare for trial.  *E.g.*, *Richmond v. Mission Bank*, No. 14-cv-184, 2015 WL 1291365, at *3 (E.D. Cal. Mar. 13, 2015).

<u>Factor 4.</u>  Defendant concedes this evidence is important, characterizing its purported "omission" from discovery as "critical."  (Dkt. No. 111 at 3.)

<u>Factor 5.</u>  The Motion also does not state or demonstrate that Plaintiff acted in bad faith.  *E.g.*, *Hoffman*, 2017 WL 3476772, at *2 (denying motion *in limine* pursuant to Rule 37 where there was "no indication that plaintiff acted in bad faith").  Plaintiff disclosed this information in its Initial Disclosures and even offered to meet and confer with Defendant regarding several of Defendant's objectionable requests for production on November 25, 2019.  (Dkt. Nos. 111-3, 111-4; *see also* Dkt. No. 94-1 ¶¶ 6-9, Exs. 1-2.)  The fact that Defendant did not feel the need to pursue discovery,

diligently engage in the meet-and-confer process, or move to compel any discovery is convincing proof that not even Defendant believes Plaintiff intended to "'sandbag[ ]' an adversary with new evidence.'" *West*, 323 F.R.D. at 303 n.9.

## III.    CONCLUSION

Accordingly, this Court should strike the Motion and/or deny the Motion for being untimely and for lacking merit, should not exclude any of Plaintiff's evidence, and should award Plaintiff monetary sanctions in the amount of $2,362.50.

DATED:  September 11, 2020          BROWNE GEORGE ROSS LLP
                                    Keith J. Wesley
                                    Ryan Q. Keech
                                    Jason Y. Kelly

                                    By:    */s/ Keith J. Wesley*
                                    Keith J. Wesley
                                    Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville