KENNETH B. WILSON  (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1ˢᵗ Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 jzuber@zuberlawler.com
RASHEED M. McWILLIAMS  (SBN 281832)
 rmcwilliams@zuberlawler.com
HEMING XU  (SBN 302461)
 hxu@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32ⁿᵈ Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT REDBUBBLE INC. FOR PARTIAL RECONSIDERATION OF ORDER RE MOTIONS FOR SUMMARY JUDGMENT [DE 103]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          December 14, 2020<br>Time:          9:00 a.m.<br>Courtroom:   850<br>Hon. R. Gary Klausner |

1 | **TO PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELVILLE AND ITS**

2 | **COUNSEL OF RECORD:**

3 |     **PLEASE TAKE NOTICE THAT** on December 14, 2020, at 9:00 a.m., or as

4 | soon thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary

5 | Klausner, located in the Roybal Federal Building and U.S. Courthouse, 255 East

6 | Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Defendant

7 | Redbubble Inc. will and hereby does move this Court for Partial Reconsideration of

8 | Its Order re Motions for Summary Judgment [DE 103].

9 |     This Motion is made on the grounds that the Ninth Circuit's precedential

10 | opinion on October 1, 2020 in *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074

11 | (9th Cir. 2020), constitutes a material difference in law and/or change of law from

12 | that presented to the Court, which requires a reassessment of the Court's denial of

13 | Redbubble's Motion for Summary Judgment on the limited issue of whether

14 | Redbubble can be liable for counterfeiting products bearing the Brandy Flags and

15 | Brandy Heart registered marks.

16 |     This Motion is based on this Notice of Motion, the attached Memorandum of

17 | Points and Authorities, all of the pleadings, files, and records in this proceeding (in

18 | particular, in connection with Redbubble's motion for summary judgment), all other

19 | matters of which the Court may take judicial notice, and any argument or evidence

20 | that may be presented to or considered by the Court prior to its ruling.

21 |     This Motion is made following the conference of counsel pursuant to L.R. 7-3

22 | which took place on October 27, 2020.

23 | Dated: November 10, 2020

24 |         COASTSIDE LEGAL     ZUBER LAWLER & DEL DUCA LLP

        KENNETH B. WILSON   JOSHUA M. MASUR

25 |

26 |                 By: */s/ Joshua M. Masur*

                    Joshua M. Masur

27 |                     Attorneys for Defendant

                    REDBUBBLE INC.

28 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In response to Redbubble's Motion for Summary Judgment [DE#40], Plaintiff failed to present any evidence that decorative products offered through the Redbubble Marketplace and bearing the Brandy Flag or Brandy Heart marks were likely to be confused with similar products that Plaintiff offered or sold with those marks. Indeed, at summary judgment, Plaintiff failed to present evidence that it ever offered or sold any such products, which is not surprising, since such evidence was not produced to Redbubble during discovery or at any other point during this case. [*See* Redbubble MIL #10, DE#111].  While this Court acknowledged that it "lacks sufficiently detailed evidence to make judgments regarding the similarity of items such as the wall hangings offered on Redbubble to any decorative items that [Plaintiff] Brandy Melville has actually offered for sale" [DE 103 at 15], it nonetheless decided that Plaintiff would be permitted to try its counterfeiting allegations regarding these marks to a jury.

However, on October 1, 2020, the Ninth Circuit issued a precedential opinion in *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (*Arcona*), which compels the finding that Plaintiff's showing was insufficient under the now-current state of the law. Specifically, *Arcona* held that "a counterfeit claim requires" that plaintiff proffer "a showing of likelihood of confusion."  976 F.3d at 1079.  Moreover, *Arcona* confirmed that "a court must review the product as a whole in determining whether an allegedly counterfeit product will likely cause confusion," and that this review requires an assessment of both plaintiff's products and defendant's, not just the marks.  *Id.* at 1080-81.  The Ninth Circuit went on to affirm Judge Wright's grant of summary judgment to defendant, noting (among other things) that there were significant differences between the parties' products, and that the products had their respective housemarks prominently on the packaging, which minimized any potential confusion.  *Id.*

1  Plaintiff's case here is even weaker than the claim dismissed on summary

2  judgment in *Arcona*, since Plaintiff has proffered no evidence whatsoever showing

3  the Brandy Heart or Brandy Flags marks[1] on Plaintiff's allegedly counterfeited

4  products, and therefore no way that a finder of fact could find a likelihood of

5  confusion on the record before the Court on summary judgment.  Accordingly,

6  Redbubble respectfully suggests that the Court should (1) reconsider the portion of

7  the Order that permits Plaintiff's claim that Redbubble counterfeited the Brandy

8  Flag and Brandy Heart Marks to proceed to a jury, and (2) grant partial judgment

9  accordingly.  [*See* DE#103 at 12–15]

10 **II.**   **RELEVANT PROCEDURAL HISTORY**

11  On May 4, 2020, Redbubble filed its motion for summary judgment.

12 [DE 40.]  Among other grounds, Redbubble asserted that it could not be liable for

13 counterfeiting because "none of the Accused Products are copies of products on

14 which Brandy Melville uses its registered trademarks."  [*Id*. at 1; *accord, e.g.*, *id.* at

15 17-18 ("A counterfeit product must be a 'stitch for stitch copy' of plaintiff's own

16 products when viewed in the marketplace…, such that a consumer 'would be tricked

17 into believing that the [Accused P]roduct is actually one of Plaintiff's [] products'")

18 (citation omitted); DE 40-1 at 31-32, ¶ 27 (same).]

19  On May 11, 2020, Plaintiff filed its opposition to Redbubble's motion.

20 [DE 45.]  In response to Redbubble's no-counterfeiting argument, Plaintiff

21 contended that Redbubble offered to sell counterfeit signs and other pieces of

22 furniture and home goods bearing the Brandy Heart Mark. [*Id.* at 14 (citing

23 DE#36-1, ¶¶ 32, 160, 162.)][2]  However, the only exhibit proffered by Plaintiff that

24 _____

25 [1] The U.S. Reg. Nos. for the "Brandy Flag Mark" and "Brandy Heart Mark" are
   5,373,397 and 5,238,856, respectively.  [DE#1 ¶ 11]

26
27 [2] To the extent that Plaintiff argued that Redbubble offered clothing with the Brandy
   Heart mark that copied Brandy Melville garments, it cited no evidence that

28 supported this claim, and its deponent explicitly testified that Plaintiff "has a policy

purportedly showed "any decorative items that Brandy Melville has actually offered for sale" (Plaintiff's Exh. 85, DE#36-92) was a handful of photographs that (1) were not produced during discovery, (2) were authenticated by Plaintiff's *outside counsel*, rather than by an employee of Plaintiff, and (3) depicted an apparent variation of the Brandy Heart Mark on wooden signs and a loose-leaf notebook without any evidence or suggestion that Plaintiff ever offered these products for sale.  [DE 36-92.]  And Plaintiff offered no evidence whatsoever showing that it offered products, decorative or otherwise, with the Brandy Flag mark. [DE##35-25–35-27, 36, 36-10–36-11, 36-19–36-23, 36-25–36-28, 36-31–36-36, 36-38–36-39, 36-42, 36-46, 36-53–36-60, 36-94–36-96 (documents produced or testimony proffered by plaintiff that plaintiff submitted in connection with summary judgment motions); *accord, e.g.*, DE#114 (2d Am. Joint Exhibit List) (exhibits produced with bates prefix "BRANDY_"); *see also* DE#111 (Redbubble MIL #10, raising Plaintiff's failure to produce relevant evidence of the products it sells or offers for sale); DE#120 (Plaintiff's Opp. to MIL #10, raising only procedural defenses)]

On May 18, 2020, Redbubble filed its reply brief in support of its motion, which reiterated that "none of the Accused Products sold through the Redbubble Marketplace are 'counterfeits,' since they are not stitch for stitch copies of products both listed in the trademark registrations and on which Brandy Melville uses its registered trademarks."  [DE 68 at 1.]  Redbubble reiterated that a number of district courts, including the *Arcona* district court, had held that "[c]ounterfeiting requires a showing that Redbubble used **stitch for stitch** copies of a Brandy Melville trademarked product that falls within the **listed product classes** on a federal trademark registration."  [*Id.* at 2 (emphasis in original)]

––––––––––––––––

that it doesn't put its logos on apparel."  [DE#37-2 (Elkins Depo. Tr.) at 109:25-110:4; *accord* DE#35-26 (Rianna Depo. Tr.) at 225:3-22]

Redbubble continued:

> Brandy Melville also argues that Redbubble "offered to counterfeit signs and other pieces of furniture and home goods" bearing the Brandy Heart logo, citing to exhibits showing variants of the logo used by Brandy Melville on wood or metal signs or wall hangings, and separately on a wall hanging offered on the Redbubble Marketplace. But Brandy Melville's registration does not [*sic*; does not cover] these products. While the registration claims products in Class 20 (Furniture), the PTO separately classifies non-textile wall hangings in Class 27 (Floor Coverings). TMEP § 1401.02. There is no colorable argument that either the Brandy Melville signs or the decorative wall hanging offered through the Redbubble Marketplace are covered by this registration.

[*Id.* at 3.]

On July 10, 2020, without the benefit of the Ninth Circuit's *Arcona* opinion, the Court issued its Order adjudicating the parties' cross motions for summary judgment.  [DE 103.]  The Order finds, in relevant part, that, "with regard to the Brandy [Heart] Mark,[3] the Court lacks sufficiently detailed evidence to make judgments regarding the similarity of items such as the wall hangings offered on Redbubble to any decorative items that Brandy Melville has actually offered for sale. As such, the Court will leave the subject of specific instances of counterfeiting to be determined by a jury…." [*Id.* at 15.]

---

[3] The Order does not explicitly address the Brandy Flag mark, but Redbubble understands its analysis of the Brandy Heart mark to apply equally to the Flag mark.

### III. **LEGAL STANDARDS**

Local Rule 7-18(b) specifies that a motion for reconsideration may be made where there is "a change of law occurring after the time of [the original] decision." And as a district court has inherent power to amend its interlocutory orders, Redbubble's motion is timely brought. *See Kaloud, Inc. v. Shisha Land Wholesale, Inc.*, No. 15-3706-RGK, DE 139, at 3 (C.D. Cal. Aug. 16, 2016) (motions for reconsideration may be brought at any time within 28 days after final judgment).

Here, there can be little question that the Ninth Circuit's opinion in *Arcona* comprises a change of law, as it specifically represents that relevant aspects of the requirements to prove counterfeiting are issues of first impression for the court. *See, e.g.,* 976 F.3d at 1079 ("our court has not yet expressly held that a counterfeiting claim requires a likelihood of confusion"). Indeed, although the Ninth Circuit ultimately affirmed the district court's result, it clearly arrives at its conclusion, at least in part, via a separate and novel rationale. *See generally Arcona, Inc. v. Farmacy Beauty, LLC,* No. 217CV07058ODWJPR, 2019 WL 1260625, at *1 (C.D. Cal. Mar. 19, 2019), *aff'd,* 976 F.3d 1074 (9th Cir. 2020) (discussion of "likelihood of confusion" standard entirely absent from the district court opinion).

After examining the issue *de novo*, the *Arcona* court held, among other things, that a plaintiff claiming counterfeiting **must** proffer evidence sufficient to show a likelihood of confusion, else the claim fails. No such unambiguous statement of law existed in the Ninth Circuit prior to *Arcona*. *See e.g.,* 4 McCarthy on Trademarks and Unfair Competition § 25:15.50 (5th ed.) (September 2020 Update) (citing cases from district courts in the Ninth Circuit to illustrate the nebulousness of the counterfeiting similarity standard versus the similarity analysis in applying the likelihood of confusion standard).

Accordingly, it is appropriate for the Court to now reexamine whether Plaintiff presented sufficient evidence to proceed to trial in light of the newly-articulated standard for its counterfeiting claims.

IV.   **ARGUMENT**

To prove counterfeiting under *Arcona*, Plaintiff was required to establish a likelihood of confusion between the products it actually offers for sale, as described in and covered by the trademark registration, and the accused products sold through the Redbubble Marketplace.  976 F.3d at 1077-79.  *Arcona* specifies that this analysis requires "comparing the products as a whole" as they appear in the marketplace.  *Id.* at 1080-81.  A plaintiff must therefore offer evidence that permits its own products to be compared to the alleged counterfeits, which necessarily requires a plaintiff to present evidence of relevant products that it offered or sold. Unlike the *Arcona* plaintiff, which proffered evidence of its own packaging, including photographs, *see id.* at 1076 (depictions of Arcona products), Plaintiff here presented no such evidence.

To begin with, Plaintiff's failure to proffer any evidence whatsoever of any products offered for sale by Plaintiff with the Brandy Flag mark warrants reconsideration under *Arcona*, which mandates entry of partial summary judgment of no counterfeiting with respect to at least that mark.

With respect to the Brandy Heart mark, Plaintiff's evidence is inadequate as a matter of law to satisfy *Arcona's* now-applicable likelihood of confusion analysis. As this Court observed in its summary judgment order, only one type of product bearing a version of that mark was both offered by sellers using the Redbubble Marketplace, *and* depicted in any putative evidence submitted by Plaintiff of its own products: metal or wood wall hangings.  [*See* DE#36-92; DE#103 at 15]  But Plaintiff presented no evidence that it ever actually offered for sale these wall hangings or any other decorative products that bear the Brandy Heart mark – nor can it, as no such evidence has been produced during discovery or elsewhere during this litigation. [DE##35-25–35-27, 36, 36-10–36-11, 36-19–36-23, 36-25–36-28, 36-31–36-36, 36-38–36-39, 36-42, 36-46, 36-53–36-60, 36-94–36-96; *accord, e.g.*, DE#114 (2d Am. Joint Exhibit List); *see also* DE##111, 120 (Redbubble MIL #10

1 and Opp.)][4]  Indeed, the Court expressly found that Plaintiff failed to proffer
2 "sufficiently detailed evidence to make judgments regarding the similarity of items
3 such as the wall hangings offered on Redbubble to any decorative items that Brandy
4 Melville has actually offered for sale."  [DE 103 at 15.]  Under *Arcona,* this failure
5 of proof on an issue where Plaintiff bears the burden, standing alone, mandated
6 summary judgment that Plaintiff cannot establish a likelihood of confusion as
7 required for a counterfeiting theory, and that Redbubble therefore could not be liable
8 for counterfeiting the Brandy Heart mark.
9       Finally, under *Arcona*, Plaintiff's own evidence of Redbubble's
10 "housemarks" precludes a finding of likelihood of confusion sufficient to support
11 Plaintiff's counterfeiting claim.
12       [I]t is implausible that a consumer would be deceived [where] products
13       had their respective housemarks … prominently on the packaging.
14       Arcona does not present evidence to dispute this, but states in a
15       conclusory fashion that "[c]onsumers would have no way of knowing"
16       that Arcona did not sponsor Farmacy's product.  In trademark
17       infringement cases, the "use of a housemark can reduce the likelihood
18       of confusion."
19 *Arcona*, 976 F.3d at 1081 (quoting *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 351
20 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mtn.*
21
22 [4] The wall hangings shown in Plaintiff's Exhibit 85 and the wall hangings offered
23 through the Redbubble Marketplace should also be excluded from the Court's
24 analysis under *Arcona* of "likelihood of confusion" for the purposes of
counterfeiting because they do not fall within a registered class. The registration for
25 the Brandy Heart mark covers products in Class 20 (Furniture) [DE 68 at 3], but the
26 Trademark Office does not classify the non-textile wall hangings shown in
Plaintiff's Exhibit 85 as "furniture"; to the contrary, "the PTO separately classifies
27 non-textile wall hangings in Class 27 (Floor Coverings)."  [*Id.* (citing TMEP §
28 1401.02.]  Thus, Plaintiff's Ex. 85 does not constitute relevant evidence in support
of its position.

1  *Prods.*, 353 F.3d 792, 810 (9th Cir. 2003), and citing, *inter alia*, *Pignons S.A. de*

2  *Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981)

3  ("[O]therwise similar marks are not likely to be confused where used in conjunction

4  with the clearly displayed name and/or logo of the manufacturer")).  Plaintiff's *own*

5  evidence submitted in support of its *own* summary judgment motion prominently

6  features Redbubble's own logos and other housemarks in connection with the

7  alleged counterfeits in advertising [DE##36-17–36-22], on Marketplace listings,

8  [DE##36-32–36-36, 36-38, 36-63–36-65, 36-68–36-69], on clothing hangtags

9  [DE##36-23, 36-27], and on packaging [DE##36-26, 36-28].  Here, as in *Arcona*,

10  those housemarks "'reduce the likelihood of confusion'" and make it "implausible

11  that a consumer would be deceived," and the lack of *any* evidence to support actual

12  consumer confusion supports summary judgment of no counterfeiting.  *Arcona*, 976

13  F.3d at 1081 (quoting *Sleekcraft*, 599 F.2d at 351).

14       Redbubble therefore respectfully requests that the Court reconsider the

15  portion of its Order permitting Plaintiff to press its claim for counterfeiting of the

16  Brandy Flag and Brandy Heart Marks before the jury.

17

18  Dated:  November 10, 2020          Respectfully submitted,

19
                                       COASTSIDE LEGAL
20                                     KENNETH B. WILSON

21
                                       ZUBER LAWLER & DEL DUCA LLP
22                                     JOSHUA M. MASUR

23

24                          By:   */s/ Joshua M. Masur*
                                  Joshua M. Masur
25                                Attorneys for Defendant
                                  REDBUBBLE INC.
26

27

28