BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
    kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
    rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
    jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S OPPOSITION TO MOTION OF DEFENDANT REDBUBBLE, INC. FOR PARTIAL RECONSIDERATION OF ORDER RE MOTIONS FOR SUMMARY JUDGMENT [DE 103]**<br><br>Date:      December 14, 2020<br>Time:      9:00 a.m.<br>Courtroom: 850<br><br>PTSC Date: December 14, 2020<br>Trial Date:  January 12. 2021 |

# I.    **INTRODUCTION**

> *"Part of being a winner is knowing when enough is enough.*
> *Sometimes you have to give up the fight and walk away, and*
> *move on to something that's more productive."*

- President Donald J. Trump

Defendant Redbubble, Inc. has not yet learned when enough is enough. Three months after this Court decided the parties' voluminous summary judgment motions, Redbubble improperly seeks to relitigate issues this Court put to rest in its lengthy dispositive order (Dkt. No. 103; the "Order"). Its attempt should be rejected.

Redbubble's Motion for Reconsideration (Dkt. No. 126; the "Motion") claims the Ninth Circuit's decision in *Arcona, Inc. v. Farmacy Beauty, LLC*, --- F.3d ---, 2020 WL 5834748 (9th Cir. Oct. 1, 2020) (the "*Arcona* Opinion") is a "change of law" with respect to counterfeiting claims that warrants reconsidering the Order under Local Rule 7-18. But the *Arcona* Opinion does no such thing: it actually ***affirmed*** the district court's order cited by Redbubble ***several*** times in connection with the parties' summary judgment motions. (Dkt. Nos. 40 at 18; 47-2 at 15; 68 at 2.) The Ninth Circuit's rationale in the *Arcona* Opinion does not constitute a "change of law." The Ninth Circuit relied on the plain language of the relevant statute and is admittedly consistent with the Ninth Circuit's and other appellate courts' previous decisions.

Unsurprisingly, this Court's Order is entirely consistent with the *Arcona* Opinion: Plaintiff Brandy Melville argued and submitted evidence that Redbubble's counterfeiting is likely to cause confusion (*e.g.*, Dkt. No. 36 at 12-17); this Court recognized that counterfeiting requires trademarks to be applied "to the same product which they were registered" (Dkt. No. 103 at 14); and this Court held that Brandy Melville "demonstrated adequate similarity in the marks" after assessing evidence that Redbubble uses the trademarks on "numerous items" (*id.* at 15).

The truth is that this Court's Order was as correct then as it is now. There has been no intervening change in the law to alter that reality. That is the end of the

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT FOR PARTIAL RECONSIDERATION OF ORDER
RE MOTIONS FOR SUMMARY JUDGMENT [DE 103]

1  matter.  And not only does the Motion fail to meet "the high standard to be entitled to

2  reconsideration," *CTC Global Corp. v. Huang*, No. 17-cv-2202, 2019 WL 6357273,

3  at *2 (C.D. Cal. Sept. 16, 2019), it violates Local Rule 7-18 by regurgitating *ad*

4  *nauseam* the parties' summary judgment arguments and evidence.   At bottom,

5  Redbubble's "suggestion that the Court failed to consider material facts or applicable

6  law is not supported by the record or the reality of this Court's thoughtful

7  consideration of the parties' summary judgment briefing."  *Id.*

8      Brandy Melville warned Redbubble of the Motion's fatal deficiencies **weeks**

9  **before it filed the Motion**.  Redbubble, nevertheless, filed anyway, forcing Brandy

10 Melville and this Court to needlessly expend time and resources.  This frivolous

11 conduct must stop.  The Motion must be denied, and this Court should impose $5,250

12 in monetary sanctions on Redbubble and its counsel for needlessly multiplying these

13 proceedings.

14 **II.    BACKGROUND**

15      Brandy Melville and Redbubble filed motions for summary judgment on

16 May 4, 2020.  (Dkt. Nos. 36; 40.)  Redbubble repeatedly cited two district court orders

17 in connection with these motions to argue that it did not counterfeit Brandy Melville's

18 registered trademarks: (1) *Kaloud, Inc. v. Shisha Land Wholesale, Inc.*, No. 15-cv-

19 3706-RGK, 2016 WL 7444600 (C.D. Cal. July 11, 2016), and (2) *Arcona, Inc. v.*

20 *Farmacy Beauty, LLC*, No. 17-cv-7058, 2019 WL 1260625 (C.D. Cal. Mar. 19,

21 2019).  (Dkt. Nos. 40 at 18; 47-2 at 15; 68 at 2.)  For example, Redbubble cited these

22 orders to argue that "[c]ounterfeiting requires a showing that Redbubble used stitch

23 for stitch copies of a Brandy Melville trademarked product that falls within the listed

24 product classes on a federal trademark registration."  (Dkt. No. 68 at 2 (emphasis

25 removed).)  Redbubble also cited the orders in opposition to Brandy Melville's motion

26 to contend that there was a lack of evidence that Brandy Melville's trademarks were

27 counterfeited for various product classes.  (Dkt. No. 47-2 at 15.)

28 / / /

On July 10, 2020, the Court entered the Order, denying Brandy Melville's motion and granting in part Redbubble's motion. (Dkt. No. 103.) Regarding Brandy Melville's counterfeiting claim, this Court held that the question "is best left to the jury." (*Id.* at 12.) The Order specifically discussed and relied upon the *Kaloud* order for the proposition that there is no counterfeiting where the "defendant had not applied the marks to the same product for which they were registered." (*Id.* at 14.)

On October 1, 2020, the Ninth Circuit issued its *Arcona* Opinion, holding that "a counterfeit claim requires a showing of likelihood of confusion under [15 U.S.C. § 1114]" and, ultimately, affirming the very same district court order Redbubble repeatedly cited at summary judgment. *Arcona*, 2020 WL 5834748, at *1-2. The Ninth Circuit relied on "the plain language" of the statute, followed "[s]everal of our decisions" concerning "claims under that section," and agreed with the decisions of "[o]ther circuits." *Id.* at *2-4.

After the parties met and conferred on October 27, 2020, Redbubble filed the Motion on November 10, 2020, implausibly citing the *Arcona* Opinion as a "change of law" requiring reconsideration of the Order under Local Rule 7-18(b). (Dkt. No. 126.)

## III. ARGUMENT

In this district, "[m]otions for reconsideration are disfavored and rarely granted." *Self v. Equinox Holdings, Inc.*, No. 14-cv-4241, 2015 WL 13298571, at *3 (C.D. Cal. May 1, 2015). "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." *Lorenzo Vargas v. City of Los Angeles*, No. 16-cv-8684, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original) (collecting cases). The Motion relies only on Local Rule 7-18(b), which applies when there is "the emergence of new material facts or a change of law occurring after the time of such decision," L.R. 7-18(b). (Dkt. No. 126 at 7.)

/ / /

Under this authority, the Motion must be denied.  The *Arcona* Opinion is not a change of law, the Order is entirely consistent with the *Arcona* Opinion, and the Motion violates Local Rule 7-18.  Redbubble and its counsel are well aware of all of this and should thus be sanctioned for filing the Motion.

### A.   The Ninth Circuit's *Arcona* Opinion Is Not a Change of Law

The Ninth Circuit clearly articulated that the *Arcona* Opinion does not represent a change or new development in the law under Local Rule 7-18(b).  ***First***, the Ninth Circuit affirmed the district court order in *Arcona*.  *Arcona*, 2020 WL 5834748, at *6 ("The district court's decision granting summary judgment for Farmacy is **AFFIRMED**.").  ***Second***, the Ninth Circuit did not take a novel approach to interpret 15 U.S.C. § 1114.  The *Arcona* Opinion started with "the language of the statute itself," relied on "a fundamental canon of statutory construction," and rested on the "plain language of the statute."  *Id.* at *2-3.  ***Third***, the Ninth Circuit admitted its decision was consistent with "[s]everal of our decisions [that] have followed the plain meaning of Section 1114 and have required a likelihood of confusion for claims under that section."  *Id.* at *4.  ***And fourth***, the Ninth Circuit recognized that "[o]ther circuits" have come to the same conclusion and did not identify a single circuit court that has come to a different conclusion.  *Id.*[1]

None of this would have been possible if the *Arcona* Opinion were a "change of law.  If it were, the Ninth Circuit would have reversed the district court's order, not "affirm the grant of summary judgment" because "the district court properly found that . . . Farmacy's use of the 'EYE DEW' mark would not likely cause consumer confusion."  *Arcona*, 2020 WL 5834748, at *1, *6.

/ / /

[1]  *See also Golden v. O'Melveny & Meyers LLP*, No. 14-cv-8725, 2016 WL 4168853, at *5 (C.D. Cal. Aug. 3, 2016) (denying motion for reconsideration; subsequent decision was not a "change in law" because the purportedly "novel" rule of law had been established by courts previously).

1     Case law confirms the same.  In *Kaiser Foundation v. Abbott Laboratories*,

2  No. 02-cv-2443, 2006 WL 8439695 (C.D. Cal. Jan. 20, 2006), the court denied a

3  motion to reconsider a summary judgment order where—as in *Arcona*—the court

4  relied on a E.D.N.Y. order that the Second Circuit subsequently affirmed.  *Id.* at *1.

5  The *Kaiser* court held that the Second Circuit opinion was "not an intervening change

6  in law" in part because it did not "cast[ ] doubt" on the summary judgment order.  *Id.*

7  The same is true in this case: the *Arcona* Opinion affirms the district court order, and

8  it does not cast doubt on the *Arcona* district court order or this Court's Order.  *See*

9  *also Hinojos v. Kohl's Corp.*, No. 10-cv-7590, 2011 WL 13127550, at *2 (C.D. Cal.

10  Mar. 15, 2011) (rejecting argument that California Supreme Court decision

11  "represents 'a change in law' warranting reconsideration of the Court's . . . Order").

12     The only authority the Motion cites to argue that the *Arcona* Opinion is a new

13  "unambiguous statement of law" is a treatise that purportedly cites "***cases*** from

14  district courts in the Ninth Circuit" to show there was "nebulousness" in this circuit.

15  (Dkt. No. 126 at 7 (citing 4 McCarthy on Trademarks and Unfair Competition

16  § 25:15.50 (5th ed.) (September 2020 Update)) (emphasis added).)  But that is not

17  true: the authority Redbubble cites refers to only ***one*** district court case from the Ninth

18  Circuit, in a string citation, buried in a footnote.  4 McCarthy on Trademarks and

19  Unfair Competition § 25:15.50 (5th ed.) (September 2020 Update).  There was no

20  ambiguity.

21     Redbubble also argues the *Arcona* Opinion amounts to a "change of law"

22  because the Ninth Circuit "arrives at its conclusion, at least in part, via a separate and

23  novel rationale."  (Dkt. No. 126 at 7.)  That is not true; but even if it were, this Court

24  has already recognized that this does not amount to a "change of law."  In *In re Katz*

25  *Interactive Call Processing Patent Litigation*, No. 07-cv-2134-RGK, 2012 WL

26  12906389 (C.D. Cal. Dec. 18, 2012), the movant demanded reconsideration on the

27  grounds that a recent Federal Circuit decision ("*Typhoon Touch*") "adds significant

28  new guidance" to an issue that was decided at summary judgment.  *Katz Interactive*,

1  2012 WL 12906389, at *4.  The non-movant opposed, arguing that *Typhoon Touch*

2  "simply restates the law" under an earlier Federal Circuit decision ("*Finisar*").  *Id.*

3  This Court denied the motion for reconsideration under Local Rule 7-18(b)

4  because "although *Typhoon Touch* takes a slightly different approach than *Finisar*, it

5  does not represent a change in the law."  *Id.* at *5.  Both *Typhoon Touch* and *Finisar*

6  explained what "courts need to look at" to make the necessary determination, and

7  *Typhoon Touch* comprised a "small refinement [that] does not represent a change in

8  the law."  *Id.* at *5.  *See also Flores v. City of San Gabriel*, No. 12-cv-4884, 2018 WL

9  8017788, at *3 (C.D. Cal. Nov. 5, 2018) (denying motion for reconsideration because

10 the Supreme Court's recent decision would not "change the outcome of this Court or

11 the Ninth Circuit's decision").

12 Similarly, this Court denied another motion for reconsideration in *Katz*

13 *Interactive* where the movant argued a recent Federal Circuit decision gave rise to a

14 "material difference in . . . law from that presented to the Court."  *In re Katz*

15 *Interactive Call Processing Patent Litig.*, No. 07-cv-4965-RGK, 2011 WL 8472380,

16 at *1 (C.D. Cal. Sept. 7, 2011).  Although the Federal Circuit "recently decided" that

17 case, this Court denied reconsideration because the movant "d[id] not rely on the

18 decision for any new proposition."  *Id.* at *4.  Redbubble, likewise, neither has nor

19 can rely on the *Arcona* Opinion for a "new proposition."

20 The Motion, therefore, must be denied for failing to satisfy Local Rule 7-18(b).

21 **B.    The *Arcona* Opinion Does Not Alter This Court's Order**

22 The record in this case, including the Court's Order, further confirms that the

23 *Arcona* Opinion is not a change in law.  Redbubble claims the Ninth Circuit now

24 requires that the "plaintiff proffer 'a showing of likelihood of confusion.'"  (Dkt.

25 No. 126 at 3.)  But not only is that proposition not new, Brandy Melville proffered

26 just such a showing, arguing and submitting evidence that, *inter alia*, "Redbubble's

27 Counterfeiting Creates a Likelihood of Confusion" under the *Sleekcraft* factors, which

28

1  courts use to "determine whether confusion is likely.'"  (*E.g.*, Dkt. No. 36 at 12-17.)[2]
2  All of this was taken into account by the Court in its Order.

3     Redbubble also claims the Ninth Circuit now requires courts to assess "both
4  plaintiff's products and defendant's, not just the marks."  (Dkt. No. 126 at 3.)  But
5  Redbubble already cited *Kaloud* to argue this point in connection with the parties'
6  summary judgment motions.  (Dkt. Nos. 40 at 18; 47-2 at 15; 68 at 2.)  And this
7  Court's Order already recognized this: the Order cites *Kaloud* for the proposition that
8  a counterfeiting claim fails "as a matter of law" where the "defendant had not applied
9  the marks to the same product for which they were registered."  (Dkt. No. 103 at 14.)
10  This Court also evaluated the trademarks at issue to conclude "that the Plaintiff has
11  demonstrated adequate similarity in the marks" and assessed the parties' evidence that
12  Redbubble uses these marks on "numerous items."  (*Id.* at 13-15.)[3]

13     The Court did all this in the Order because the *Arcona* Opinion is not a change
14  of law under Local Rule 7-18(b).

15  **C.    The Motion Improperly Regurgitates the Parties' Previous**
16         **Arguments**

17     Local Rule 7-18 "[i]mportantly" mandates that "[n]o motion for
18  reconsideration shall in any manner repeat any oral or written argument made in
19  support of or in opposition to the original motion."  *Lorenzo Vargas*, 2018 WL
20  10231166, at *1 (quoting L.R. 7-18); *see also Katz*, 2012 WL 12906389, at *5
21

22  _____
23  [2]  Notably, Redbubble did not discuss or cite *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d
24  341 (9th Cir. 1979)—the seminal case on likelihood of confusion—once in support
    of its summary judgment motion.  (*See generally* Dkt. Nos. 40; 68.)

25  [3]  This Court concluded it "lacks sufficiently detailed evidence" to grant either
26  party's summary judgment motion; accordingly, "the Court will leave the subject of
    specific instances of counterfeiting to be determined by a jury."  (Dkt. No. 103 at 15.)
27  The *Arcona* Opinion does not stand for the proposition, as Redbubble appears to aver,
    that a defendant is entitled to summary judgment where a district court concludes it
28  cannot grant either party's summary judgment motion.  (*See* Dkt. No. 126 at 3.)

(concluding "there is no basis for this Court to reconsider its prior ruling" where the movant "raise[d] the same arguments that this court previously addressed").

The Motion violates this mandate by repeating Redbubble's written arguments and rehashing evidence the parties submitted during summary judgment.  The Motion unapologetically relies—"in particular"—on "Redbubble's motion for summary judgment."  (Dkt. No. 126 at 2.)  The Motion also details a blow-by-blow account of the parties' summary judgment arguments and evidence.  For example, Redbubble explains:

- "Among other things, Redbubble asserted [in its motion for summary judgment] . . . ." (*Id.* at 4.)

- "In response to Redbubble's no-counterfeiting argument, Plaintiff contended . . . ." (*Id.*)

- "To the extent that Plaintiff argued that . . ., it cited no evidence that supported this claim . . . ." (*Id.* at 4 n.2.)

- "[T]he only exhibit proffered by Plaintiff that . . . ." (*Id.* at 4-5.)

- "On May 18, 2020, Redbubble filed its reply brief in support of its motion, which reiterated that . . . ." (*Id.* at 5.)

- "Redbubble reiterated that a number of district courts, including the *Arcona* district court, had held that . . . ." (*Id.* at 5.)

- "But Plaintiff presented no evidence that . . . ." (*Id.* at 8.)

The Motion even features a prominent half-page block quote from Redbubble's reply brief in support of its summary judgment motion (*id.* at 5-6), and it is replete with lengthy string citations to evidence the parties submitted and this Court evaluated in the Order (*id.* at 5:8-11, 8:26-227, 10:7-9).  This is fatal to the Motion.  L.R. 7-18.

### D.   This Court Should Sanction Redbubble and Its Counsel for Filing the Motion

Redbubble was well aware that the Motion was meritless and fatally deficient *weeks before it filed the Motion*.  On October 27, 2020, Brandy Melville's counsel detailed—in writing—that the Motion violates Local Rule 7-18 and that, if Redbubble pursued needless motion practice, Brandy Melville would seek sanctions.

1  (Declaration of Jason Y. Kelly ("Kelly Dec."), filed concurrently, ¶ 2, Ex. 1.)
2  Redbubble, nevertheless, persisted and has forced Brandy Melville to expend time
3  and resources to oppose the Motion.

4       This is not the first time Redbubble has filed improper and meritless motions
5  in recent months.  On August 21, 2020, Redbubble filed three motions *in limine*—
6  months after their due date.  (Dkt. Nos. 109; 110; 111.)  As Brandy Melville detailed
7  in its oppositions to those motions, monetary sanctions against Redbubble and its
8  counsel are warranted pursuant to 28 U.S.C. § 1927 and this Court's inherent power
9  because they are frivolous, lack merit, and unreasonably and vexatiously multiply the
10 proceedings in this case.  (Dkt. Nos. 118 at 5-6; 119 at 5-7; 120 at 5-7.)

11      The same is true here.  Redbubble knew the Motion's arguments are meritless,
12 but it nevertheless filed the Motion to unreasonably and vexatiously multiply the
13 proceedings in this case.  Monetary sanctions are also warranted under Local Rule 83-
14 7.  As a result, Brandy Melville has incurred more than $5,250 in attorneys' fees and
15 costs to respond to the Motion.  (Kelly Dec. ¶ 3.)  This Court should award Brandy
16 Melville monetary sanctions for the expense it has incurred to oppose the Motion.

17 **IV.    CONCLUSION**

18      Accordingly, Redbubble's Motion must be denied in its entirety.  This Court
19 should also impose monetary sanctions on Redbubble and its counsel in the
20 reasonable amount of $5,250 for attorneys' fees and costs Brandy Melville incurred
21 to respond to the Motion.

22 DATED:  November 23, 2020            BROWNE GEORGE ROSS
23                                      O'BRIEN ANNAGUEY & ELLIS LLP
                                           Keith J. Wesley
24                                         Ryan Q. Keech
25                                         Jason Y. Kelly

26                                      By:    */s/ Keith J. Wesley*
27                                             Keith J. Wesley
                                        Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
28                                      Brandy Melville

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT FOR PARTIAL RECONSIDERATION OF ORDER
RE MOTIONS FOR SUMMARY JUDGMENT [DE 103]