# EXHIBIT 1

## Jason Kelly

| | |
|---|---|
| **From:** | Joshua Masur <JMasur@zuberlawler.com> |
| **Sent:** | Tuesday, October 27, 2020 3:47 PM |
| **To:** | Jason Kelly |
| **Cc:** | Keith Wesley; Ken Wilson; Rasheed M. McWilliams; Jeff Zuber; Heming Xu; Debora Sanfelippo; Ryan Q. Keech; Ashford Kneitel |
| **Subject:** | RE: LR 7-3 Request: Y.Y.G.M. SA v. Redbubble, Inc. (2:19-cv-04618-RGK-JPR) |

Thanks, Jason. I'll look forward to your call shortly.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Tuesday, October 27, 2020 2:41 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ken Wilson <ken@coastsidelegal.com>; Rasheed M. McWilliams <rmcwilliams@zuberlawler.com>; Jeff Zuber <jzuber@zuberlawler.com>; Heming Xu <hxu@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ryan Q. Keech <rkeech@bgrfirm.com>; Ashford Kneitel <akneitel@bgrfirm.com>
**Subject:** RE: LR 7-3 Request: Y.Y.G.M. SA v. Redbubble, Inc. (2:19-cv-04618-RGK-JPR)

Josh,

In an advance of our discussion, I write to provide Brandy Melville's initial response to your email. This initial response neither limits nor is intended to limit Brandy Melville's response to Redbubble's anticipated motion for reconsideration.

Brandy Melville would oppose Redbubble's anticipated motion because it is not a proper motion for reconsideration and it lacks merit. In this district, "[m]otions for reconsideration are disfavored and rarely granted." *Self v. Equinox Holdings, Inc.*, 2015 WL 13298571, at *3 (C.D. Cal. May 1, 2015). "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." *Lorenzo Vargas v. City of Los Angeles*, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (collecting cases). A motion for reconsideration may only be brought on three grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. "Importantly," Local Rule 7-18 mandates that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Lorenzo Vargas*, 2018 WL 10231166, at *1 (quoting L.R. 7-18).

Your email does not identify any basis for reconsideration that complies with Local Rule 7-18. It appears Redbubble is pinning its hopes on Local Rule 7-18(b), contending that *Arcona, Inc. v. Farmacy Beauty, LLC*, --- F.3d ---, 2020 WL 5834748 (9th Cir. Oct. 1, 2020), amounts to a "change of law occurring after" the Court's summary judgment order. But

*Arcona* does not.  The Ninth Circuit in *Arcona* relied on and applied 15 U.S.C. § 1114's "plain language," just as it had in several previous cases.  2020 WL 5834748, at *3 ("we have repeatedly held that the plain language of Section 1114"); *id.* at *4 ("Several of our decisions have followed the plain meaning of Section 1114 and have required a likelihood of confusion for claims under that section.").  The Ninth Circuit's decision also affirmed the district court's order—which Redbubble cited in its summary judgment papers multiple times—concluding that "the district court properly found that there is no genuine issue of material fact that [defendant's] use of the 'EYE DEW' mark would not likely cause consumer confusion."  *Id.* at *6.  None of this amounts to a "***change*** of law."  L.R. 7-18 (emphasis added); *see also Hinojos v. Kohl's Corp.*, 2011 WL 13127550, at *2 (C.D. Cal. Mar. 15, 2011) (rejecting the argument that "the California Supreme Court's decision in *Kwikset* represents 'a change in law' warranting reconsideration of the Court's December 1, 2010 Order").  If it did, the Ninth Circuit would have reversed and remanded the district court's order in *Arcona*, not "affirm the grant of summary judgment."  2020 WL 5834748, at *1; *see also Kaiser Found. v. Abbott Labs.*, 2006 WL 8439695, at *1 (C.D. Cal. Jan. 20, 2006) (denying motion to reconsider summary judgment order that considered a district court order, which the Second Circuit affirmed; the Second Circuit's opinion did not amount to "an intervening change in the law").

And, in any event, Redbubble's anticipated motion violates Local Rule 7-18 because it repeats written argument Redbubble made in connection with the parties' summary judgment motions.  Your email confirms the same, acknowledging that Redbubble has already presented this argument (and authority) to the Court:  Redbubble "has consistently asserted" this argument; Redbubble "repeatedly made [this] argument to Judge Klausner at summary judgment"; and Redbubble cited "Judge Wright's opinion in *Arcona*" in its summary judgment papers.  This alone is fatal to any request for reconsideration.  L.R. 7-18.

Further, even if reconsideration could be granted, it would not mandate summary judgment for Redbubble in this case.  The parties' summary judgment submissions were lengthy, this issue was already presented to the Court, the *Sleekcraft* analysis was conducted, and evidence of the parties' products was submitted and evaluated.

Accordingly, Redbubble is hereby on notice that its anticipated motion for reconsideration is not meritorious and violates Local Rule 7-18 in several respects.  Brandy Melville strongly urges Redbubble to avoid needless motion practice.  If Redbubble decides, nevertheless, to file its anticipated motion, Brandy Melville would oppose and anticipates it will seek sanctions against Redbubble and its counsel.  Brandy Melville reserves all rights to seek sanctions, including monetary sanctions and its attorneys' fees and costs, under, *inter alia*, federal statute, Local Rule 83-7, and the Court's inherent authority.  *E.g.*, *Lorenzo Vargas*, 2018 WL 10231166, at *3 (imposing sanctions on party for violating L.R. 7-18 where the party "had prior notice of her motion's deficiencies" and the motion repeated arguments made previously); *Graves v. Atlantic Express*, 2008 WL 11342884, at *4 (C.D. Cal. May 27, 2008) (imposing monetary sanctions on party for filing meritless motions for reconsideration).

Please let me know if you would still like to proceed with a meet and confer this afternoon.  If you think it would be beneficial, we could continue the discussion until you have had an opportunity to consider this initial response—whatever you think makes the best use of everyone's time.

Thank you.

**Jason Kelly**

**BGR | BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California  90067
Main 310.274.7100 | Fax 310.275.5697
jkelly@bgrfirm.com
www.bgrfirm.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Monday, October 26, 2020 3:33 PM

**To:** Jason Kelly <jkelly@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ken Wilson <ken@coastsidelegal.com>; Rasheed M. McWilliams <rmcwilliams@zuberlawler.com>; Jeff Zuber <jzuber@zuberlawler.com>; Heming Xu <hxu@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ryan Q. Keech <rkeech@bgrfirm.com>
**Subject:** RE: LR 7-3 Request: Y.Y.G.M. SA v. Redbubble, Inc. (2:19-cv-04618-RGK-JPR)

I can talk at 4pm tomorrow.  Feel free to call my direct line at 650.434.8538.

– Josh



**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com  |  www.zuberlawler.com

---

**From:** Jason Kelly <jkelly@bgrfirm.com>
**Sent:** Monday, October 26, 2020 3:23 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Ken Wilson <ken@coastsidelegal.com>; Rasheed M. McWilliams <rmcwilliams@zuberlawler.com>; Jeff Zuber <jzuber@zuberlawler.com>; Heming Xu <hxu@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Ryan Q. Keech <rkeech@bgrfirm.com>
**Subject:** Re: LR 7-3 Request: Y.Y.G.M. SA v. Redbubble, Inc. (2:19-cv-04618-RGK-JPR)

Josh,

We are not available to meet and confer this afternoon, but I am available tomorrow after 4:00 pm and on Wednesday morning.  Please let me know what time works for your schedule.

Thank you.

Jason Kelly


> On Oct 26, 2020, at 3:16 PM, Joshua Masur <JMasur@zuberlawler.com> wrote:
>
> Jason and Keith –
>
> Following up on this, I just tried to call what I believe to be your firm's main number (310-274-7100) from two different phones, and both times, I received a prerecorded message to the effect of "the phone number you called is unallocated."
>
> – Josh
>
> <image001.jpg>
>
> **JOSHUA M. MASUR**
> Partner
> Zuber Lawler & Del Duca LLP
> 2000 Broadway Street Suite 154
> Redwood City, CA 94063, USA
> T: +1 (650) 434-8538 | F: +1 (213) 596-5621
> jmasur@zuberlawler.com  |  www.zuberlawler.com

**From:** Joshua Masur
**Sent:** Monday, October 26, 2020 12:14 PM
**To:** 'Jason Kelly' <jkelly@bgrfirm.com>; Keith Wesley <kwesley@bgrfirm.com>
**Cc:** Ken Wilson (ken@coastsidelegal.com) <ken@coastsidelegal.com>; Rasheed M. McWilliams <rmcwilliams@zuberlawler.com>; Jeff Zuber <jzuber@zuberlawler.com>; Heming Xu <hxu@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>
**Subject:** LR 7-3 Request: Y.Y.G.M. SA v. Redbubble, Inc. (2:19-cv-04618-RGK-JPR)

Jason and Keith –

As you know, Redbubble has consistently asserted that Plaintiff's counterfeiting claims for the Brandy Heart and Brandy Flags marks should not go to the jury. We repeatedly made that argument to Judge Klausner at summary judgment, including by citation to Judge Wright's opinion in *Arcona, Inc. v. Farmacy Beauty* case – which, for reasons unknown to us, you made no attempt to distinguish.

The Ninth Circuit's opinion in *Arcona, Inc. v. Farmacy Beauty, LLC*, ___ F.3d ___, No. 19-55586, 2020 WL 5834748 (9th Cir., Oct. 1, 2020), removes any arguable doubt about the state of the controlling law. The Ninth Circuit has now explicitly held that a plaintiff that asserts counterfeiting may not rely on a presumption of confusion; rather "a counterfeit claim requires" that plaintiff proffer "a showing of likelihood of confusion." 2020 WL 5834748 at *4. It has confirmed that "a court must review the product as a whole in determining whether an allegedly counterfeit product will likely cause confusion," and that this review requires an assessment of both plaintiff's products and defendant's, not just the marks. *Id.* at *4-5. And it has determined that, especially where the allegedly infringing uses feature a defendant's housemarks, a plaintiff's failure to present evidence of confusion, rather than mere argument, mandates summary judgment for the defendant.

Put simply, *Arcona* requires summary judgment for Redbubble on Plaintiff's contributory infringement claim, to the extent that Plaintiff alleges that Redbubble has contributed to counterfeiting of the Brandy Heart or Brandy Flags marks. We intend to move the Court for reconsideration accordingly.

I am available to meet and confer pursuant to Local Rule 7-3 until 3:15pm and after 4:30pm today.

– Josh

<image001.jpg>

**JOSHUA M. MASUR**
Partner
Zuber Lawler & Del Duca LLP
2000 Broadway Street Suite 154
Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | F: +1 (213) 596-5621
jmasur@zuberlawler.com | www.zuberlawler.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have

received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____