KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
jzuber@zuberlawler.com
RASHEED M. McWILLIAMS (SBN 281832)
rmcwilliams@zuberlawler.com
HEMING XU (SBN 302461)
hxu@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>REDBUBBLE INC.,<br><br>        Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT REDBUBBLE INC. FOR PARTIAL RECONSIDERATION OF ORDER RE MOTIONS FOR SUMMARY JUDGMENT [DE#103]**<br><br>Date: December 14, 2020<br>Time: 9:00 a.m.<br>Crtrm.: 850 |

In opposition to Redbubble's Motion for Partial Reconsideration, Plaintiff does not dispute that it failed to produce evidence of products it offered for sale with the Brandy Hearts or Brandy Flags marks, let alone present a comparison of those products with the accused products, as required by the Ninth Circuit's recent *Arcona* opinion to establish a likelihood of confusion in a counterfeiting case. Instead, Plaintiff points to purported procedural issues, arguing that *Arcona* is not a change in law, and that Redbubble should be sanctioned because its Motion "improperly regurgitates" its previous arguments. Plaintiff is wrong.

Redbubble's Motion is procedurally proper and narrowly-drawn to issues resolved by the Ninth Circuit after the Order issued, and should be granted.

## I. The Ninth Circuit's *Arcona* Opinion Rejected the Precedent on Which Plaintiff Repeatedly Relied

Plaintiff's assertion in its Opposition that *Arcona* did not change the law is wholly inconsistent with its own characterizations of the law to this Court, both at summary judgment and in its pretrial Memoranda of Contentions of Fact and Law.

On May 4, 2020, Plaintiff filed its motion for summary judgment, representing that, "[b]ecause Redbubble is [an alleged] counterfeiter, likelihood of confusion is presumed, and a step-by-step *Sleekcraft* examination is unnecessary." (DE#36 at 12 (quoting *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) ("'[I]n cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination … because counterfeit marks are inherently confusing'")). Plaintiff reiterated this position on reply: "Likelihood of confusion is presumed in 'cases involving counterfeit marks.'" (DE#64 at 4 (quoting *Shalabi*).

Plaintiff filed its original Contentions Memorandum on May 22, 2020, quoting the same passage from *Shalabi* that it relied on at summary judgment to affirmatively assert that no proof of likelihood of confusion is required where counterfeiting is at issue, because "counterfeit marks are inherently confusing." (DE#70 at 2 n. 1.) On July 10, 2020, the Court issued its Order adjudicating the parties' cross-motions for

summary judgment, which is the subject of the instant Motion. (DE#103.) Subsequently, on August 31, 2020, Plaintiff filed its Amended Contentions Memorandum, containing the identical reference to *Shalabi*. (DE#115 at 3 n. 1.)

Just over one month later, on October 1, 2020, the Ninth Circuit issued its opinion in *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (9th Cir. 2020). The *Arcona* plaintiff – like Plaintiff here – had argued in detail "that it need not show a likelihood of confusion to pursue its trademark counterfeiting claim." *Id.* at 1078. Noting that "our court has not yet expressly held that a counterfeiting claim requires a likelihood of confusion," the Ninth Circuit panel rejected that plaintiff's interpretation of the relevant statutes and held "that a counterfeit claim requires a **showing** of likelihood of confusion under Section 1114." *Id.* at 1079 (emphasis added).

In opposition to Redbubble's limited Motion for Partial Reconsideration, Plaintiff now insists that, because the Ninth Circuit's *Arcona* opinion "actually *affirmed* the district court's order cited by Redbubble *several* times in connection with the parties' summary judgment motions… it does not constitute a 'change of law.'" (DE#128 at 2 (emphasis in original).) However, Plaintiff fails to reconcile its new representation – that *Arcona* is not a change in law – with its repeated explicit representations to this Court, at summary judgment and in its Contentions Memoranda, that the law was precisely the opposite: "Likelihood of confusion is presumed in 'cases involving counterfeit marks.'" (DE#64 at 4 (quoting *Shalabi*, 352 F. Supp. 2d at 1073); *accord* DE#36 at 12; DE#70 at 2 n. 1; DE#115 at 3 n. 1.)

Plaintiff cannot have it both ways. Having argued repeatedly – and subject to the requirements of Rule 11(b)(2) – that the law in this Circuit does not require a showing of likelihood of confusion or a comparison of Plaintiff's own products with the accused products in a counterfeiting case, Plaintiff cannot credibly dispute that *Arcona* settled a previously-unsettled legal landscape.[1]

---

[1] Redbubble does not wish to burden the Court with collateral litigation regarding rule

## II. *Arcona* Changed Controlling Law

Nothing in Plaintiff's opposition actually supports its argument that *Arcona* did not change controlling law.

### A. Affirmations on Appeal Can Present Intervening Changes in Law

Plaintiff conspicuously fails to provide any authority for its central position, that only *reversals* of lower court rulings can qualify as "changes in law." *See* Dkt No. 128 at 5:19-23. Unsurprisingly, there is no such *per se* rule, and courts in this district have frequently found intervening changes in law where appellate panels both affirmed and reversed lower court decisions.

For example, in *Red.com, Inc. v. Jinni Tech Ltd.,* No. 17-cv-382-CJC, 2017 WL 8223610 (C.D. Cal. Nov. 29, 2017), the court granted a motion for reconsideration, holding a Ninth Circuit affirmation of a lower court "'presents an intervening change in the controlling law,' as the Ninth Circuit had not previously spoken to the application of the Supreme Court's *Walden v. Fiore*, 134 S. Ct. 1115 (2014) decision on personal jurisdiction in infringement cases." *Id.* at *4. Notwithstanding that the *Walden* Supreme Court precedent necessarily controlled prior to the Ninth Circuit's opinion in *Red.com*, that opinion was found to constitute a change in controlling law. *See also Mangino v. First Found., Inc.,* No. 16-cv-268-AG, 2017 WL 7833635, at *2 (C.D. Cal. June 27, 2017) (Ninth Circuit affirmation of lower court was a "new change in the controlling law" justifying grant of the motion to reconsider).

---

violations, but notes that Plaintiff's irreconcilable positions on this issue fit a pattern of litigation conduct – including its failure to disclose its damages evidence or theories, its attempt to assert marks not identified in discovery, its attempt to use witnesses who were not disclosed, what the Court has described as its "'gotcha' litigation" tactics (DE#103 at 14), and its election to proceed with trial after four of its five claims were adjudicated against it at summary judgment, leaving its realistic potential recovery below the cost of trial – that make this an exceptional case justifying fee shifting under 15 U.S.C. § 1117(a). *See, e.g.*, *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016); *see generally* Redbubble 2d Am. Contentions Mem. (DE#129) at 41-42. If any party should be sanctioned, it is not Redbubble.

## B. The Ninth Circuit's Analysis in *Arcona* Was Distinct From the District Court's Analysis and From the Preexisting Law

*Arcona* explicitly represents that its analysis differs from the lower court's ruling in that case: "The district court appeared to base its ruling in part on the ground that the "EYE DEW" mark is not even a counterfeit…. We need not resolve this issue because, even if the mark is a counterfeit, no reasonable juror would find a likelihood of consumer confusion under Section 1114." 976 F.3d at 1078 n. 3. The Ninth Circuit contrasted its analysis, which focused on likelihood of confusion, with the lower court's attempts to "construe Section 1127 to allow a court to look beyond the mark and examine the product as a whole in determining whether the 'spurious mark' is 'identical with, or substantially indistinguishable' from the registered mark." *Id.* The Ninth Circuit's own analysis establishes that it did not merely affirm the district court.

## C. *Arcona* Is Distinct From the Prevailing Law

*Arcona* explicitly represents that, although the Ninth Circuit had previously "repeatedly held that the plain language of Section 1114 requires a likelihood of confusion for a trademark infringement claim, … we have not directly addressed it in the context of a counterfeit claim." *Arcona,* 976 F.3d at 1079. Cases decided by Ninth Circuit trial courts as recently as August 2020 reflect that "courts in this district and around the Ninth Circuit hold that in cases involving counterfeiting, 'it is unnecessary to perform the eight-factor evaluation because counterfeit marks are inherently confusing.'" *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.,* No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *7 (N.D. Cal. Aug. 17, 2020) (citing, *inter alia*, *Shalabi*, 352 F.Supp.2d at 1073). And the district court in *Arcona* nowhere considered the concept of "likelihood of confusion" in its opinion. *See* Dkt No. 126 at 7. Even putting aside the Ninth Circuit's unequivocal representation that this has not been previously addressed at the Circuit, the fact that courts have inconsistently required a showing of likelihood of confusion is itself proof that the law was previously ambiguous at the very least.

5

REDBUBBLE'S REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

### D. Plaintiff's Authority Does Not Support Its Position

Plaintiff's reliance on expedient soundbites is also unavailing. *Golden v. O'Melveny & Meyers LLP*, No. 14-cv-8725, 2016 WL 4168853 (C.D. Cal. Aug. 3, 2016), concerned a matter of state contract law that was actually well-settled in binding precedent and the Witkin treatise. *Id.* at *5 (quoting 1 Witkin, *Summary of the Law, Contracts* § 450 (10th ed. 2005)"). *Kaiser Foundation v. Abbott Laboratories,* No. 02-cv-2443, 2006 WL 8439695 (C.D. Cal. Jan. 20, 2006), addressed the terms of a specific contract, holding that a new appellate opinion "did not establish 'new law' but simply concluded that based on its interpretation of the settlement agreement at issue in that case, there was no violation of the Sherman Act § 1." *Id.* at *1. The court there found "nothing about the Second Circuit's opinion casts doubt on [the] order granting summary judgment in favor of Plaintiff" for no reason other than that the Second Circuit opinion articulated no standard relevant to the case before it. *Id. Hinojos v. Kohl's Corp.*, No. 10-cv-7590, 2011 WL 13127550 (C.D. Cal. Mar. 15, 2011), concerns a California Supreme Court decision that, unlike *Arcona*, explicitly recited and referenced the same standard as another recent opinion issued by the *same court*. *See id.* at *2; *see Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336 (2011) ("As we recently have noted, however, the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct…."). Finally, *In re Katz Interactive Call Processing Patent Litigation,* 07-cv-2134-RGK, 2012 WL 12906389 (C.D. Cal. Dec. 18, 2012), found that a Federal Circuit case that merely required the district court to consider the context of each factor of a test previously articulated by the Federal Circuit, predictably enough, did not constitute new law. *See id.* at *5.

None of Plaintiff's cases address a situation analogous to *Arcona*, which explicitly held that no binding precedent controlled the relevant issues in the counterfeiting context – and indeed, acknowledged that "case law on counterfeit claims is 'understandably thin.'" 976 F.3d at 1079.

### III. *Arcona* Requires Partial Summary Judgment of No Counterfeiting of the Brandy Marks

As Plaintiff notes, "[t]his Court … evaluated the trademarks at issue to conclude 'that the Plaintiff has demonstrated adequate *similarity in the marks*' and assessed the parties' evidence that Redbubble uses these marks on 'numerous items.'" (DE#128 at 8 (emphasis added).) That is, of course, exactly the point: *Arcona* specifically and explicitly forbids merely assessing "similarity in the *marks*," rather comparing the *products as a whole*:

> But even *assuming the marks are identical*, there may be no presumption of consumer confusion if the products themselves are not identical. Put another way, a court must review the product as a whole in determining whether an allegedly counterfeit product will likely cause confusion.

976 F.3d at 1080 (emphasis added).

With regards to the LosAngeles Lightning mark, the Court's Summary Judgment Order performed the analysis contemplated by *Arcona*, comparing a listing on redbubble.com not just to the USPTO Registration specimen, but also to Plaintiff's own product:




Brandy MelvilleRedbubble

(DE#103 at 15.) Accordingly, Redbubble has not moved the Court to reconsider its decision to permit counterfeiting of the LosAngeles Lightning logo to be tried.

By contrast, the Court compared a listing on redbubble.com containing a Brandy Logo only to the USPTO Registration, not to any product of Plaintiff:

**Brandy ♥ Melville** — USPTO Registration    **BRANDY ♥ MELVILLE** — Redbubble

(DE#103 at 14.) And rather than pointing to similarities in the products as a whole (an issue on which Plaintiff bore the burden), the Court explicitly noted that "with regard to the Brandy Mark, the Court lacks sufficiently detailed evidence to make judgments regarding the similarity of items such as the wall hangings offered on Redbubble to any decorative items that Brandy Melville has actually offered for sale." (*Id.* at 15.) Under the *Arcona* standard, Plaintiff's failure to adduce "sufficiently detailed evidence to make judgments regarding the similarity of [those] items" mandates partial summary judgment be entered accordingly. *See also Collins v. U.S. Dep't of Veterans Affairs,* No. 19-CV-00867-H-MSB, 2020 WL 6287452, at *9 (S.D. Cal. Oct. 27, 2020) (insufficient evidence of likelihood of confusion to demonstrate triable issue of material fact).

Plaintiff's opposition criticizes Redbubble for not discussing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), in its summary judgment motion. (DE#128 at 8 n. 2.) That merely underscores, however, that *Arcona* did indeed represent a change in law. Had existing binding precedent expressly and unambiguously required that likelihood of confusion be proven for alleged counterfeits, Redbubble would have pointed to Plaintiff's failure and inability to do so. And indeed, Redbubble's post-*Arcona* Contentions Memorandum confirms as much, by essentially adding a new paragraph based entirely on *Arcona*:

> Recent Ninth Circuit case law requires the plaintiff to prove likelihood of confusion, even where counterfeiting is alleged. "[E]ven assuming the marks are identical, there may be no presumption of consumer confusion if the products themselves are not identical…. Further, it is implausible that a consumer would be deceived [where] products had their respective

housemarks … prominently on the packaging." *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1080-81 (9th Cir. 2020) (citations omitted). (DE#129 at 19; *compare* DE#113 at 15.)

## IV. Redbubble Did Not "Improperly Regurgitate" Its Prior Arguments

In claiming Redbubble's Motion inappropriately restates arguments made at summary judgment, Plaintiff assumes its premise. Redbubble is in fact obligated to advance the same fundamental position it put forth in its original briefing. Courts have routinely held that a motion for reconsideration is not a vehicle for raising new arguments. *Self v. Equinox Holdings, Inc.*, No. 14-cv-4241, 2015 WL 13298571, at *4 (C.D. Cal. May 1, 2015) (collecting cases). Redbubble merely referenced its prior arguments to provide the proper procedural context for the instant Motion.

Moreover, even if Redbubble's Motion were procedurally questionable under Civ. L.R. 7-18 – and it is not – "an interlocutory decision, such as a grant of partial summary judgment, is not final and may be considered at any time." *National Rural Telecomms. Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1085 (C.D. Cal. 2003) (citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976); *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425 (9th Cir. 1995)).

## V. Conclusion

In their cross-motions for summary judgment, because no controlling precedent decided whether counterfeiting required a product-to-product comparison and whether a counterfeiting claim presumed confusion, the parties proffered competing district court case law. The Court effectively declined to rule on these issues, perhaps intending to resolve them under Rule 50 after the evidence had been presented to the jury. But in the interim, the Ninth Circuit resolved both issues, emphatically rejecting the arguments that this Plaintiff previously made, and adopting the positions urged by Redbubble.

Plaintiff's belated acknowledgement that the statutory language supports Redbubble's position, rather than the position it repeatedly urged the Court to adopt,

does not mean that the law hasn't changed.  It has, and the Court should reconsider the relevant portion of its Order accordingly.

Dated:  November 30, 2020.                    Respectfully submitted,

**ZUBER LAWLER & DEL DUCA LLP**

By:  */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.