# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04618-RGK-JPR | Date | December 15, 2020 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Partial Reconsideration [DE 126]**

## I. INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville," or "Plaintiff") filed a complaint against Redbubble, Inc. ("Redbubble," or "Defendant") for claims arising from the unauthorized sale of goods bearing Brandy Melville's trademarks through Redbubble's website. Plaintiff's complaint alleged (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

On May 4, 2020, Defendant filed a motion for summary judgment as to all five of Plaintiff's claims (ECF No. 40.) On July 10, 2020, the Court granted summary judgment in favor of Defendant with respect to all of Plaintiff's claims except for Plaintiff's contributory infringement and counterfeiting claims (ECF No. 103.)

Presently before the Court is Defendant's motion for partial reconsideration of the Court's order granting in part and denying in part Defendant's motion for summary judgment ("Motion") (ECF No. 126.) For the following reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's Order of July 10, 2020 (ECF No. 103.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | December 15, 2020 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

### III.  JUDICIAL STANDARD

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *Sch. Dist. No. 1J Multnomah Cty., Or. v. A CandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is only appropriate where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id.* at 1263.

Local Rule 7-18 supplements the Federal Rules and provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

### IV.  DISCUSSION

Defendant seeks reconsideration of the Court's order granting in part and denying in part Defendant's motion for summary judgment, pursuant to Local Rule 7-18(b). Specifically, Defendant asserts that the Ninth Circuit's opinion in *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (9th Cir. 2020), which issued on October 1, 2020, constitutes an intervening change in the law "on the limited issue of whether Redbubble can be liable for counterfeiting products bearing the Brandy Flags and Brandy Heart registered marks." (Motion at 2.) The Court disagrees.

Defendant argues that the *Arcona* court decided, as a matter of first impression for the Ninth Circuit, "that a counterfeiting claim requires a likelihood of confusion." Motion at 7 (quoting *Arcona*, 976 F.3d at 1079). To the contrary, fifteen years ago the Ninth Circuit held that "[i]n order to invoke § 1117's special civil monetary remedies against counterfeiting, [a plaintiff] must establish that" a defendant's use of a "counterfeit mark in commerce . . . was likely to confuse or deceive." *State of Idaho*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04618-RGK-JPR | Date | December 15, 2020 |
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

*Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005). The Court therefore finds that *Arcona*'s express holding "that a counterfeit claim requires a showing of likelihood of confusion[,]" 976 F.3d at 1079, does not amount to a change in controlling law. Accordingly, Defendant has failed to establish that reconsideration is warranted.

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

Plaintiff argues that Defendant acted unreasonably and vexatiously in filing its motion for reconsideration, and requests that the Court therefore sanction Defendant pursuant to 28 U.S.C. § 1927 and Local Rule 83-7. Upon consideration of the Motion, it does not appear that Defendant acted unreasonably and vexatiously in filing the Motion. Accordingly, the Court **DENIES** Plaintiff's request.

**IT IS SO ORDERED.**

                                                                                    :
                         Initials of Preparer            vrv