BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
    kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
    rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
    jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION FOR RECONSIDERATION OF JULY 10, 2020 ORDER (DKT. NO. 103)**<br><br>Date:        April 12, 2021<br>Time:        9:00 a.m.<br>Courtroom:  850<br><br>PTSC Date:  May 24, 2021<br>Trial Date:  June 15. 2021 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, April 12, 2021, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner, in Courtroom 850 – Roybal of this Court located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville") will move, and hereby does move, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7-18, for reconsideration of portions of the Court's July 10, 2020 Order Re: Plaintiff's Motion for Summary Judgment [DE 36], Defendant's Motion for Summary Judgment [DE 40] (Dkt. No. 103; the "Order").

This Motion is made on the grounds that the Sixth Circuit's February 25, 2021 opinion in *The Ohio State Univ. v. Redbubble, Inc.*, --- F.3d ---, 2021 WL 728348 (6th Cir. Feb. 25, 2021), constitutes "a change of law occurring after the Order was entered," L.R. 7-18(b), warranting reconsideration of the Court's decision to deny Brandy Melville's Motion for Summary Judgment and to grant Redbubble's Motion for Summary Judgment as to the following three claims: direct trademark infringement, false designation of origin, and common-law unfair competition.  (Dkt. No. 103 at 4–5.)

This Motion is based on this notice, the accompanying memorandum of points and authorities, the proposed order, all of the pleadings, files, and records in this proceeding, and such other further papers, evidence, and oral and written argument as may be submitted in connection with this Motion.

//

//

//

//

//

//

//

1    This Motion is made following the conference of counsel pursuant to L.R. 7-3
2  which took place on Monday, March 8, 2021.

3

4  DATED:  March 15, 2021           BROWNE GEORGE ROSS
5                                   O'BRIEN ANNAGUEY & ELLIS LLP
                                       Keith J. Wesley
6                                      Ryan Q. Keech
                                       Jason Y. Kelly
7

8                                  By:    */s/ Keith J. Wesley*
9                                         Keith J. Wesley
                                   Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
10                                 Brandy Melville

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2

**Page**

3  I.   INTRODUCTION ........................................................................ 1

4  II.   BACKGROUND ......................................................................... 3

5      A.   Redbubble's Reliance on the *Ohio State* Order ...................... 3

6      B.   This Court's Reliance on the *Ohio State* Order ...................... 3

7      C.   The *Ohio State* Opinion Reversed the *Ohio State* Order ........................ 4

8  III.   ARGUMENT ............................................................................. 6

9      A.   Legal Standard ...................................................................... 6

10      B.   The Sixth Circuit's *Ohio State* Opinion Is a Change of Law ................ 7

11      C.   This Court Should Deny Redbubble Summary Judgment and
12          Grant Brandy Melville Summary Judgment ............................. 8

13  IV.   CONCLUSION .......................................................................... 9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION FOR RECONSIDERATION OF
JULY 10, 2020 ORDER (DKT. NO. 103)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>FEDERAL CASES</u>

*Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water*
  *District*, No. 13-cv-883, 2019 WL 4565178 (C.D. Cal. Aug. 14, 2019) ............... 6

*Balla v. Idaho State Bd. of Corrections*,
  869 F.2d 461 (9th Cir. 1989) .................................................................................. 6

*Burnham v. Ruan Transp.*,
  No. 12-cv-688, 2014 WL 12597505 (C.D. Cal. Oct. 8, 2014)....................... 6, 7, 8

*Johnson & Johnson v. South Pointe Wholesale, Inc.*,
  No. 08-cv-1297, 2014 WL 12558573 (E.D.N.Y. Mar. 8, 2014)........................... 3

*Lorenzo Vargas v. City of Los Angeles*,
  No. 16-cv-8684, 2018 WL 10231166 (C.D. Cal. Nov. 14, 2018)......................... 6

*Ohio State Univ. v. Redbubble, Inc.*,
  369 F. Supp. 3d 840 (S.D. Ohio 2019)...........................................................*passim*

*The Ohio State Univ. v. Redbubble, Inc.*,
  --- F.3d ---, 2021 WL 728348 (6th Cir. Feb. 25, 2021).............................. 1, 2, 4, 7

## <u>FEDERAL STATUTES</u>

Lanham Act...................................................................................................... 1, 4, 5, 7

## <u>RULES</u>

Fed. R. Civ. P.
  Rule 54(b) ............................................................................................................ 1, 2

Local Rules
  7-18 .............................................................................................................. 1, 2, 6, 7, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   **INTRODUCTION**

Since this Court's July 10, 2020 order deciding the parties' summary judgment motions (Dkt. No. 103; the "Order"), there has been a change of law that warrants reconsideration of this Court's decision.  Fed. R. Civ. P. 54(b); L.R. 7-18(b).

The Order granted Defendant Redbubble summary judgment on, *inter alia*, Plaintiff Brandy Melville's direct trademark infringement claim (the "Direct Infringement Claim"), false designation of origin claim (the "False Designation Claim"), and common-law unfair competition claim (the "Unfair Competition Claim") (collectively, the "Claims").  (Dkt. No. 103 at 4–5.)  This Court's decision relied extensively on the district court's order in *Ohio State University v. Redbubble, Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019) (the "*Ohio State* Order").  (*Id.* at 5–6.) The Order described the *Ohio State* Order as, *inter alia*, a "thorough analysis of Redbubble's business model and potential liability for direct infringement." (*Id.* at 4.)  This Court also "agree[d] with the *Ohio State* Court that" Redbubble is more like "an 'auction house' . . . that will generally be free from liability for direct infringement."  (*Id.*)  Accordingly, the Order denied Brandy Melville summary judgment and granted Redbubble summary judgment as to the Claims, all of which "require proof of the same elements."  (*Id.* at 5–6.)

But the law has changed.  On February 25, 2021, the Sixth Circuit reversed the *Ohio State* Order, holding that "the district court strayed from [the correct] understanding of the Lanham Act"—"appl[ying] Lanham Act liability too narrowly"—and "wrongly entered summary judgment for Redbubble on the direct Lanham Act liability claim."  *The Ohio State Univ. v. Redbubble, Inc.*, --- F.3d ---, 2021 WL 728348, at *8, *10 (6th Cir. Feb. 25, 2021) (the "*Ohio State* Opinion"). Despite *Ohio State*'s "sparse" record, the Sixth Circuit concluded Redbubble is "more than just a passive facilitator."  *Id.* at *8.  Because "products [1] ordered on Redbubble's website do not yet exist, [2] come into being only when ordered through

1    Redbubble, and [3] are delivered in Redbubble packaging with Redbubble tags, the

2    Sixth Circuit held that "the district court erred in affirmatively placing Redbubble on

3    the passive end of the liability spectrum." *Id.*

4         Following the logic of the Sixth Circuit, this Court should similarly reconsider

5    the Order, pursuant to Rule 54(b) and Local Rule 7-18, and ***deny*** Redbubble summary

6    judgment on the Claims.  The record in this case pushes Redbubble out of the "passive

7    end of the liability spectrum." *Id.*

8         But by the same token, this Court should also ***grant*** Brandy Melville summary

9    judgment on the Claims.  The Sixth Circuit clarified that liability for direct trademark

10   infringement turns on "the degree to which the party represents itself, rather than a

11   third-party vendor, as the seller, or somehow identifies the goods as its own." *Id.*  The

12   only reason the Sixth Circuit did not "affirmatively decide this issue" on appeal was

13   because the record "lack[ed] sufficient development of the facts." *Id.*  In particular,

14   the *Ohio State* record was inadequate as to "the degree of control and involvement

15   exercised by Redbubble over the manufacturing, quality control, and delivery of

16   goods to consumers," which are relevant to decide "whether the offending goods can

17   fairly be tied to Redbubble for the purpose of liability." *Id.*  The same cannot be said

18   about the record before this Court, which details Redbubble's control over the

19   manufacturing, quality control, and delivery of Redbubble goods that Redbubble's

20   customers purchase on the Redbubble website.

21        Accordingly, this Court should grant this Motion and, as to the Claims, deny

22   Redbubble summary judgment and grant Brandy Melville summary judgment.[1]

23   //

24   //

25

26   _____

27   [1]  Cognizant of Local Rule 7-18's prohibition against repeating arguments in a motion
     for reconsideration, Brandy Melville requests, in the alternative, that the parties
28   submit supplemental briefing applying the *Ohio State* Opinion to the record evidence.

## II.   BACKGROUND

### A.   Redbubble's Reliance on the *Ohio State* Order

On May 4, 2020, Brandy Melville and Redbubble filed motions for summary judgment as to, *inter alia*, the Claims.  (Dkt. Nos. 36; 40.)  In connection with those motions, Redbubble relied extensively on the *Ohio State* Order to argue that it could not be liable for the Direct Infringement Claim.  (*E.g.*, Dkt. Nos. 40; 47-2.) Redbubble characterized the *Ohio State* Order as already holding—on a "virtually identical" claim—that Redbubble "as a matter of law . . . does not . . . engage in conduct that could subject it to liability for direct trademark infringement."  (Dkt. No. 40 at 1, 12.)  The *Ohio State* Order, Redbubble averred, relied on "the similarities between [Redbubble's] business model and Amazon's."  (Dkt. No. 47-2 at 1, 7.)[2] Accordingly, Redbubble argued that, based on the *Ohio State* Order, this Court should "properly reject[ ]" "Brandy Melville's argument that Redbubble 'advertises and offers for sale' products on its website (*i.e.*, through the listings)."  (Dkt. No. 47-2 at 8; *see also* Dkt. No. 68 at 6.)  Redbubble further urged this Court to hold that it "cannot be liable for direct infringement as a matter of law," just "as the district court specifically held in the *Ohio State v. Redbubble* case."  (Dkt. No. 40 at 13; *see also* Dkt. No. 47-2 at 9.)

### B.   This Court's Reliance on the *Ohio State* Order

On July 10, 2020, this Court entered the Order, denying Brandy Melville's motion and granting Redbubble's motion as to the Claims.  (Dkt. No. 103.)  The Order relied extensively on the *Ohio State* Order to decide the Direct Infringement Claim. Specifically, this Court:

---

[2] Redbubble also relied on the *Ohio State* Order to distinguish Brandy Melville's citation to *Johnson & Johnson v. South Pointe Wholesale, Inc.*, No. 08-cv-1297, 2014 WL 12558573 (E.D.N.Y. Mar. 8, 2014).  (Dkt. No. 47-2 at 8 n.3; Dkt. No. 68 at 6 n.6.)

- Concluded that the *Ohio State* Order "considered arguments similar to those presented here."[3]  (*Id.* at 4.)

- Determined that the *Ohio State* Order "conducted a thorough analysis of Redbubble's business model and potential liability for direct infringement." (*Id.*)

- Recognized that the *Ohio State* Order acknowledged "Redbubble does not fit neatly into the category of either an 'auction house' on the one hand, that will generally be free from liability for direct infringement, or a company that itself manufactures and ships products on the other, on which liability for direct infringement can be readily imposed." (*Id.*)

- "[A]gree[d] with the *Ohio State* Court that Redbubble is nearer to the former category [of an auction house]" and granted "summary judgment for Redbubble as to Brandy Melville's [Direct Infringement Claim]." (*Id.* at 4, 5.)

This Court also granted Redbubble summary judgment as to the False Designation and Unfair Competition Claims because they "require proof of the same elements" as the Direct Infringement Claim.  (*Id.* at 5.)

## C.     The *Ohio State* Opinion Reversed the *Ohio State* Order

On February 25, 2021, the Sixth Circuit changed the law, reversing the *Ohio State* Order for applying "an overly narrow reading of the Lanham Act."  *Ohio State*, 2021 WL 728348, at \*1.  The *Ohio State* Opinion addressed whether Redbubble "enjoys similar immunity [as Amazon] from trademark-infringement claims arising from products displayed on and sold through its digital marketplace."  *Id.*  The Sixth Circuit held that Redbubble does not "[b]ecause Redbubble's marketplace involves creating Redbubble products and garments that would not have existed but for Redbubble's enterprise."  *Id.*

---

[3] These arguments include "Redbubble's position that it never takes title to the products sold through its site, nor does it pack, ship, inspect or take custody of them prior to their delivery to the purchaser" and Brandy Melville's contention that Redbubble "uses the marks in commerce because it establishes quality standards, provides fulfillers with Redbubble packaging in which to ship its products, displays the infringing marks on its website and on others, and handles returns, including through shipment to its own business address." (*Id.* at 4.)

The *Ohio State* Opinion disagrees with the *Ohio State* Order's finding that "Redbubble's participation in the creation, manufacturing, and sale of the offending goods [is] too indirect for Lanham Act liability because Redbubble acted more like Amazon or an auction house than a company that designs, manufactures, and sells its own goods." *Id.* at *6. While the Sixth Circuit held that "the district court correctly presented this question as a spectrum, . . . it ultimately applied Lanham Act liability too narrowly." *Id.* at *7. Because there is "no reason to restrict [Lanham Act] liability to those who actually create, manufacture[,] or package the infringing items," the question remained "as to when, exactly, a party avoids liability by acting as a passive facilitator." *Id.*

The Sixth Circuit answered that question, holding that "the district court erred in affirmatively placing Redbubble on the passive end of the liability spectrum." *Id.* at *8. "[O]ne key distinction between a direct seller who 'uses' a trademark under the [Lanham] Act and a mere facilitator of sales who does not is the degree to which the party represents itself, rather than a third-party vendor, as the seller, or somehow identifies the goods as its own." *Id.* Despite a "sparse" record, the *Ohio State* Opinion recognized that Redbubble is "more than just a passive facilitator":

- "[P]roducts ordered on Redbubble's website do not yet exist, come into being only when ordered through Redbubble, and are delivered in Redbubble packaging with Redbubble tags." *Id.*

- "Redbubble brings trademark-offending products into being by working with third-party sellers to create new Redbubble products, not to sell the artists' products." *Id.*

- "Redbubble classifies its goods as 'Redbubble products' and makes clothes identifiable as 'Redbubble garments.'" *Id.*

Accordingly, Redbubble "differs from Amazon's marketplace." *Id.*

The Sixth Circuit further explained that, instead of going on to "affirmatively decide this issue," it would remand the case "for factfinding and for consideration of [the plaintiff's] claims under a standard consistent with this opinion" because the record "lack[ed] sufficient development of the facts" regarding Redbubble's "degree

of control and involvement exercised . . . over the manufacturing, quality control, and delivery of goods to consumers." *Id.* at *8, *11. Such facts are relevant to assess "whether the offending goods can fairly be tied to Redbubble for the purpose of liability." *Id.* at *8.

## III. <u>ARGUMENT</u>

### A. <u>Legal Standard</u>

"The Ninth Circuit has explained that [Federal Rule of Civil Procedure] 54(b) 'explicitly grants courts the authority to modify their interlocutory orders.'" *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. 13-cv-883, 2019 WL 4565178, at *1 (C.D. Cal. Aug. 14, 2019) (quoting *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 465 (9th Cir. 1989)). In the Central District of California, "[a] motion for reconsideration of an interlocutory order is governed by Local Rule 7-18." *Id.* at *2 (collecting cases); *see also Lorenzo Vargas v. City of Los Angeles*, No. 16-cv-8684, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) ("[T]he grounds for reconsideration specified in L.R. 7-18 are the exclusive grounds for reconsideration in the Central District of California.") (emphasis omitted).

Local Rule 7-18 permits parties to file a motion for reconsideration of an order deciding any motion "on the grounds of . . . (b) . . . a change of law occurring after the Order was entered[.]" L.R. 7-18(b).

A circuit court's decision to reverse a district court order qualifies as a change of law warranting reconsideration. In *Burnham v. Ruan Transportation*, the court reconsidered an order granting the defendant partial summary judgment. *Burnham v. Ruan Transp.*, No. 12-cv-688, 2014 WL 12597505 (C.D. Cal. Oct. 8, 2014). The *Burnham* court relied on a "lead decision" district court order that was later reversed. *Id.* at *1. The *Burnham* court concluded the reversal "qualifie[d] as a material change in law that supports reconsideration" of the partial-summary-judgment order. *Id.* Upon reconsideration, the *Burnham* court denied the defendant partial summary judgment because the law had changed. *Id.* at *2.

## B.   The Sixth Circuit's *Ohio State* Opinion Is a Change of Law

For four reasons, this Court should reconsider the Order as to all three of the Claims because the *Ohio State* Opinion is "a change of law occurring after the Order was entered."  L.R. 7-18(b).

**First**, the *Ohio State* Opinion was entered more than six months after this Court entered the Order.  (*Compare* Dkt. No. 103 *with Ohio State*, 2021 WL 728348.)

**Second**, the *Ohio State* Opinion is a clear change of law.  The Sixth Circuit held that the district court "wrongly entered summary judgment for Redbubble on the direct Lanham Act liability claim" and reversed the *Ohio State* Order's "grant of summary judgment in favor of Redbubble." *Ohio State*, 2021 WL 728348, at *8, *11. "The reversal of [a] case qualifies as a material change in law that supports reconsideration." *Burnham*, 2014 WL 12597505, at *1.

**Third**, this Court's Order relied extensively on the *Ohio State* Order to decide the Direct Infringement Claim.  This Court recognized the *Ohio State* Order's (1) "thorough analysis" and consideration of "arguments similar to those presented" by Brandy Melville and Redbubble, (2) understanding that trademark liability is evaluated on a spectrum that "Redbubble does not fit neatly into," and (3) conclusion that Redbubble is "nearer to" an auction house that "will generally be free from liability for direct infringement."  (Dkt. No. 103 at 4-5.)  But the Sixth Circuit has since held that the *Ohio State* Order's conclusions are erroneous: Redbubble is not just a "passive facilitator." *Ohio State*, 2021 WL 728348, at *7.  Because "products ordered on Redbubble's website do not yet exist, come into being only when ordered through Redbubble, and are delivered in Redbubble packaging with Redbubble tags," Redbubble cannot be placed "on the passive end of the liability spectrum." *Id.* at *8.

Likewise, the *Burnham* court "relied upon" a district court order to frame its analysis of the material issues at summary judgment.  2014 WL 12597505, at *1. When the Ninth Circuit reversed the district court's order, the *Burnham* court

-7-
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S MOTION FOR RECONSIDERATION OF
JULY 10, 2020 ORDER (DKT. NO. 103)

reconsidered its summary-judgment decision. *Id.* at *1-*2. This Court should do the same with the Order.

**Fourth**, the Order's decision as to the False Designation and Unfair Competition Claims also should be reconsidered because they were based on the Direct Infringement Claim. The Court granted Redbubble summary judgment as to those two claims because all of the Claims "require proof of the same elements." (Dkt. No. 103 at 5.)

### C.  <u>This Court Should Deny Redbubble Summary Judgment and Grant Brandy Melville Summary Judgment</u>

Given Local Rule 7-18's prohibition against repeating arguments in a motion for reconsideration, Brandy Melville does not regurgitate the arguments it made in connection with the parties' summary judgment motions. Brandy Melville notes, however, that the record is replete with the evidence the Sixth Circuit (1) relied on to reverse summary judgment for Redbubble and (2) would have needed to "affirmatively decide" the issue of direct trademark infringement had the *Ohio State* record not been so "sparse" and insufficiently developed. (*E.g.*, Dkt. No. 36-1 ¶¶ 38-43, 48-58, 61-95, 102-109, 116, 159-166, 176-180, 196-198, 201, 202; Dkt. No. 65-1 ¶¶ 205-209, 213, 215-218, 230-246.)

If doing so would be helpful for the Court, Brandy Melville would gladly provide supplemental briefing applying the *Ohio State* Opinion to the record evidence.

//

//

//

//

//

//

//

## IV.    <u>CONCLUSION</u>

Accordingly, this Court should reconsider the July 10, 2020 Order as to the Claims.   Additionally, this Court should deny Redbubble summary judgment, and grant Brandy Melville summary judgment, as to the Claims or, in the alternative, permit supplemental briefing.


DATED:  March 15, 2021              BROWNE GEORGE ROSS
                                    O'BRIEN ANNAGUEY & ELLIS LLP
                                        Keith J. Wesley
                                        Ryan Q. Keech
                                        Jason Y. Kelly

                                    By:    _/s/ Keith J. Wesley_
                                             Keith J. Wesley
                                    Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                                    Brandy Melville