KENNETH B. WILSON (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 *jmasur@zuberlawler.com*
FRANCESCA M.S. GERMINARIO (SBN 326208)
 *fgerminario@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REDBUBBLE INC.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF JULY 10, 2020 ORDER (DKT. NO. 103)**<br><br>Date:  April 19, 2021<br>Time: 9:00 a.m.<br>Ctrm: 850 |

## I. INTRODUCTION

Plaintiff's Motion for Reconsideration ("Motion") asserts that the Sixth's Circuit's decision in *The Ohio State Univ. v. Redbubble, Inc.*, --- F.3d ---, 2021 WL 728348 (6th Cir. Feb. 25, 2021) constitutes a "change of law" as set forth in Local Rule 7-18(b). However, Plaintiff nowhere explains how an out of Circuit opinion applying its own Circuit's legal standards for direct trademark infringement can constitute a change of law in this Circuit: it cannot. *See Zakaria v. Gerber Prod. Co.,* No. LACV1500200JAKEX, 2015 WL 4379743, at *2 (C.D. Cal. July 14, 2015) (denying motion for reconsideration where the purported change of law was a Fourth Circuit opinion). Instead, Plaintiff suggests that rather than performing its own analysis of Ninth Circuit law, this court blindly relied on an Ohio district court opinion. Even a cursory review of this Court's opinion belies Plaintiff's argument.

Plaintiff has failed to point to a change in controlling law or identify any flaw in the Court's analysis that would fulfill Local Rule 7-18's requirements for motions for reconsideration. Moreover, even if the Sixth Circuit's opinion were somehow considered a change of law in the Ninth Circuit, it would not require reconsideration of this Court's opinion. Because the Motion has no legitimate basis, it should be denied.

## II. ARGUMENT

### A. The Sixth Circuit Decision is Not a Change in Law for this Court

Plaintiff's position that the Sixth Circuit's decision in *Ohio State* "changed the law" by which this Court is bound, Mot. at 4:14, is patently indefensible as a matter of law. A decision of the Sixth Circuit "is not a decision of the Ninth Circuit Court of Appeals, the Federal Circuit Court of Appeals, or the U.S. Supreme Court…[,]" and "contrary to plaintiff's assertion, it is not binding upon this court." *Goldstein v. Colvin*, No. 5:13-CV-03504-HRL, 2015 WL 8027671, at *1 (N.D. Cal. Dec. 7, 2015); *see also Zakaria,* 2015 WL 4379743, at *2 ("Out-of-circuit decisions are not binding on courts of the Ninth Circuit"); *accord Int'l Chem. Workers Union*

*Council v. N.L.R.B.,* 467 F.3d 742, 748 n.3 (9th Cir.2006). Rather, an out of Circuit opinion, like an out of Circuit district court case, is "at most, persuasive authority, [which] does not present an 'intervening change in controlling law'" and therefore does not support reconsideration." *Zakaria*, 2015 WL 4379743, at *2; see also McNamara v. Royal Bank of Scotland Grp., PLC,* 2013 WL 1942187, at *3 (S.D. Cal. May 9, 2013) (holding for purposes of motion for reconsideration under Rule 59(e) that Second Circuit opinion "is not an intervening change in controlling law that warrants granting reconsideration" because "controlling law" refers to "binding precedent only").

Plaintiff's reliance on the district court opinion in *Burnham v. Ruan Transportation*. No. SACV120688AGANX, 2014 WL 12597505 (C.D. Cal. Oct. 8, 2014), which involved the Ninth Circuit's reversal of a district court case, is misplaced. Unlike here, *Burnham* concerns a change in binding precedent – a decision from the same Court of Appeals to which the case before it would be appealed. Nowhere does *Burnham* hold, or even discuss the possibility, that an out of Circuit opinion amounts to a "change in law." Plaintiff's authority is inapposite and cannot support a conclusion that an out of Circuit case can constitute a change of law under Local Rule 7-18(b), which is the only basis for reconsideration asserted in Plaintiff's Motion.

### B. This Court Did Not Substitute its Own Analysis for the *Ohio State* District Court's Analysis

Plaintiff's reliance on *Burnham* is misplaced for a second, independent reason. Unlike in *Burnham,* where the court admitted that "[t]he district court's decision in [the subsequently overturned opinion had] framed the Court's analysis," *Burnham,* 2014 WL 12597505, at *1, this Court clearly conducted its own independent analysis of the facts before it. While it appears from this Court's opinion that it found the reasoning of the *Ohio State* district court opinion persuasive, this Court drew its own conclusion, based on the facts before it, that

Redbubble falls nearer to the entities that have been found not liable for direct infringement (like auction houses or marketplaces like Amazon and eBay) than to "a company that itself manufactures and ships products, on which liability for direct infringement can readily be imposed." In doing so, it relied on a variety of facts (such as that Redbubble receives a service fee that is unrelated to the price of the goods sold), and acknowledged that "the law provides a well-developed legal doctrine for imposing liability on the proprietor of a marketplace for infringement by a third-party seller. That doctrine is contributory trademark infringement." Dkt. No. 103 (July 10, 2020 Order) at 5. That an appellate court in a different Circuit came to a different conclusion on different facts and under its own legal standard is irrelevant to whether this Court's initial determination was accurate.

Indeed, Plaintiff itself concedes that the facts before this Court differed extensively from those available to the Sixth Circuit in *Ohio State*. Motion at 5:16-17 ("Despite a 'sparse' record, the *Ohio State* Opinion recognized…") & 5:28-6:1 ("the record 'lack[ed] sufficient development of the facts' regarding Redbubble's degree of control and involvement exercised . . . over the manufacturing, quality control, and delivery of goods to consumers"). By contrast to *Ohio State*, in which the plaintiff took no discovery before the summary judgment motions were filed, this Court based its Order on cross-motions presented after the close of all discovery. As Plaintiff correctly notes in its Motion at 2:18-20, the record before this Court detailed the extent of "Redbubble's control over the manufacturing, quality control, and delivery of Redbubble goods that Redbubble's customers purchase on the Redbubble website." Of necessity, the Court did not blindly "rely upon" the findings of the *Ohio State* district court, but made its own findings that Plaintiff failed to present evidence that Redbubble had a sufficient degree of control to be liable for direct infringement.

///

///

### C. The Sixth Circuit Opinion Does Not Demand a Different Result

Even if this Court concludes that the Sixth Circuit *Ohio State* opinion constitutes a change of law, it would make no difference, as Redbubble would still be entitled to summary judgment on the record in this case. As Plaintiff pointed out in its Motion, the Sixth Circuit did not decide whether Redbubble was liable, nor did it find triable issues of fact. Rather, the Sixth Circuit concluded that the record below had "factual gaps" and "does not permit an informed ruling about whether Redbubble 'used' OSU's marks under the Lanham Act." *Ohio State* at 18. The Sixth Circuit specifically pointed to, among other things, "facts regarding the precise nature of Redbubble's contractual relationships with third-party manufacturers and shippers; the precise degree to which Redbubble is involved in selecting and imprinting trademark-infringing designs upon its products; details as to Redbubble's involvement in the process for returning goods; [and] detail[s] on how Redbubble characterizes its own services." *Id.* The Sixth Circuit also found that the record there lacked sufficient development regarding "the degree of control and involvement exercised by Redbubble over the manufacturing, quality control, and delivery of goods to consumers is relevant to an assessment of whether the offending goods can fairly be tied to Redbubble for the purpose of liability." *Id.* at 14.

As an initial matter, the Sixth Circuit's assertion that the nature of Redbubble's contractual relationships with third-party manufacturers (who the Sixth Circuit notes would be direct infringers) and the degree of control exercised by Redbubble over the manufacturing and delivery of goods (which is unquestionably done by third-parties) is central to a determination of *direct* infringement highlights the differences between the Sixth Circuit's new standard and the Ninth Circuit's standard. Under Ninth Circuit law, the nature of contractual relationships with a third-party manufacturer and control over third-party manufactured infringing products is relevant to *vicarious* infringement, not to *direct* infringement. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007)

1  (vicarious infringement depends on "a finding that the defendant and the infringer
2  have an apparent or actual partnership, have authority to bind one another in
3  transactions with third parties or exercise joint ownership or control over the
4  infringing party"). Indeed, this Court applied this standard in granting summary
5  judgment to Redbubble on Plaintiff's vicarious infringement claim. Dkt. No. 103 at
6  9-12.

7  Moreover, as Plaintiff itself represented, this Court assessed a "record that is
8  substantially more complete than in *Ohio State*," *See* Dkt. No. 62-3 (Plaintiff's
9  Reply in Support of Plaintiff's MSJ) at 3. The record before this Court was, as a
10 result, substantially more favorable to Redbubble. For example, this Court has
11 already found on the record before it that Redbubble does not have a legal
12 partnership with the fulfillers and cannot bind them in transactions, based on the
13 facts before it regarding the nature of Redbubble's relationships with fulfillers. Dtk.
14 103 at 10. This Court has also concluded, based on evidence regarding "the degree
15 of control and involvement exercised by Redbubble over the manufacturing, quality
16 control, and delivery of goods to consumer, that manufacturers "can make the
17 unilateral decision whether or not to fulfill an order that is routed to them by the
18 Platform software." *Id.* This Court further considered Plaintiff's arguments and
19 evidence regarding "the quality standards and inspections that Redbubble imposes
20 on its fulfillers," as well as the extent to which "Redbubble controls how the
21 products are packaged as well as the processing of returns," finding this evidence
22 insufficient to support Plaintiff's claims. Dkt. 103 at 11-12. These are the very types
23 of factors the Sixth Circuit found needed further development in the *Ohio State* case.

24 Thus, even in the unlikely event that the Sixth Circuit's new direct
25 infringement standard were deemed applicable in this Circuit, the evidence that the
26 Sixth Circuit found wanting on the record in that case is present and supports the
27 existing grant of summary judgment in favor of Redbubble in this case.
28 ///

### D. **Plaintiff's Motion is at Odds With its Prior Position Before the Court**

Finally, Plaintiff's about-face regarding the relevance of the *Ohio State* case to the claims at issue here merits some attention. Plaintiff expressly represented to this Court that "[t]he *Ohio State* decision is not persuasive in this case." *See* Dkt. No. 45 (Plaintiff's Opposition to Redbubble's MSJ), at 13 (Page ID #:3866). Plaintiff insisted that (1) "the claims in the *Ohio State* case were different"; (2) "the [*Ohio State*] district court evaluated only one form of 'use' under the Lanham Act and did not evaluate the several other forms that Brandy Melville has proved in this case"; and (3) "the [*Ohio State*] district court's decision was made on an incomplete record." *Id.* On reply, Plaintiff doubled down, distinguishing *Ohio State* on the grounds that, *inter alia*, the Court had the benefit of a "record that is substantially more complete than in *Ohio State*." *See* Dkt. No. 62-3 (Plaintiff's Reply in Support of Plaintiff's MSJ) at 3.

What's good for the goose is good for the gander – if *Ohio State* was not relevant then, it is at least indecorous[1] for Plaintiff to advocate its applicability as an affirmative and precedential "change in law" simply because the current posture now suits Plaintiff.

///
///
///
///
///
///

---

[1] If not quite rising to the level of an inconsistent position that can be judicially estopped. *See e.g., Humetrix, Inc., v. Gemplus S.C.A.,* 268 F.3d 910, 917 (9th Cir. 2001) ("'preclusion of inconsistent positions,' prohibits a litigant from asserting inconsistent positions in the same litigation").

## III. CONCLUSION

Plaintiff has failed to make the threshold showing of an "intervening change in controlling law," much less that the July 10, 2020 Order should be reconsidered in light of *Ohio State*. Therefore, Redbubble respectfully requests that the Motion be denied.

Dated: March 29, 2021

Respectfully submitted,

**COASTSIDE LEGAL**
KENNETH B. WILSON

**ZUBER LAWLER LLP**
JOSHUA M. MASUR
HEMING XU
FRANCESCA M.S. GERMINARIO
JEFFREY J. ZUBER

By: */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.