BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS AMENDED MOTION FOR RECONSIDERATION OF JULY 10, 2020 ORDER (DKT. NO. 103)**<br><br>Date:   April 19, 2021<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>PTSC Date:   May 24, 2021<br>Trial Date:   June 15, 2021 |
|---|---|

## I. INTRODUCTION

The record in this case shows that Defendant Redbubble's website is a hotbed for trademark infringement and counterfeiting, where Redbubble profits from the intellectual property of others. Redbubble has used the same approach to oppose Plaintiff Brandy Melville's Amended Motion for Reconsideration (Dkt. No. 144).[1] Rather than make an original attempt to show why reconsideration is not warranted in this case, Redbubble manufactures and knocks down a series of straw-man arguments that are, at best, cheap and unmeritorious knockoffs of the meritorious arguments Brandy Melville previously made in different circumstances. Redbubble vehemently argues that a Sixth Circuit opinion is not a decision of the Ninth Circuit, Federal Circuit, or Supreme Court (Dkt. No. 145 at 2); Brandy Melville never said it was. Redbubble protests that Sixth Circuit opinions are not binding on courts in the Ninth Circuit (*id.* at 2-3); Brandy Melville never said they were. Redbubble insists that this Court did not "blindly rel[y]" on the *Ohio State* Order (*id.* at 2); Brandy Melville never said this Court did.

The *Ohio State* Opinion is far from the dubiously relevant piece of out-of-circuit jurisprudence that Redbubble now wishes it were. After all, it was Redbubble itself that repeatedly cited the now-reversed opinion for the legally incorrect proposition that "Redbubble cannot be liable for direct trademark infringement, because Redbubble does not make or sell Accused Products or otherwise use the marks in question." (Dkt. No. 40 at 1)[2] As Brandy Melville explained in its Motion,

---

[1] This brief uses the same defined terms as Dkt. No. 144.

[2] (*See also id.* at 12 ("Indeed, Redbubble recently prevailed on summary judgment on a virtually identical direct infringement claim . . . . This ruling is consistent with other cases assessing liability for online marketplaces or transactional intermediaries like Redbubble, which have uniformly held that such entities are immune from direct infringement liability because they do not 'use' the marks in question.") (citing *Ohio State Univ. v. Redbubble, Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019)); *id.* at 13 ("[A]s the district court specifically held in the *Ohio State v. Redbubble* case, . . . Redbubble

the *Ohio State* Opinion is a change of law that warrants reconsideration of this Court's Order (Dkt. No. 103) under Federal Rule of Civil Procedure 54 and Local Rule 7-18. The Sixth Circuit reversed the *Ohio State* Order that Redbubble repeatedly urged the Court to adopt and that this Court relied on to decide the parties' summary judgment motions. Redbubble may not now reverse its position because the result of the Sixth Circuit's consideration of the *Ohio State* Order is not to its liking. Based on the *Ohio State* Opinion, this Court should reconsider the Court's Order and should both deny Redbubble summary judgment and grant Brandy Melville summary judgment on the Claims. Alternatively, this Court should order the parties to submit supplemental briefing applying the *Ohio State* Opinion to the record evidence.

## II.     ARGUMENT

### A.     Brandy Melville's Motion Is a Proper Motion for Reconsideration

In the Central District of California, "[a] motion for reconsideration of an interlocutory order is governed by Local Rule 7-18." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. 13-cv-883, 2019 WL 4565178, at *2 (C.D. Cal. Aug. 14, 2019) (collecting cases). Local Rule 7-18 permits motions for reconsideration of an order deciding any motion "on the grounds of . . . (b) . . . ***a change of law*** occurring after the Order was entered[.]" L.R. 7-18(b) (emphasis added). And that is exactly what has occurred: Brandy Melville's Motion establishes that it is a proper motion for reconsideration under Local Rule 7-18 because the *Ohio State* Opinion is a change of law that, as Redbubble has already acknowledged, is applicable to several summary judgment issues relied on by this Court. (Dkt. No. 144 at 3-8; Dkt. No. 40 at 1, 12-13, 20.)

//

---

did not sell or otherwise 'use' the Brandy Melville trademarks at issue in this case, and therefore cannot be liable for direct infringement as a matter of law."); *id.* at 20 ("Indeed, Redbubble has prevailed in both U.S. cases against it that have gone to judgment.") (citing *Ohio State*, 369 F. Supp. 3d at 840).)

In response, Redbubble contends that the *Ohio State* Opinion is not a basis for reconsideration because it is "an out of Circuit opinion." (Dkt. No. 145 at 3.) That is wrong on several levels. Local Rule 7-18(b) applies when there is "a change of law"; the Local Rule does not limit reconsideration to recent binding Ninth Circuit opinions. *See* L.R. 7-18(b). There is no basis in the text of Local Rule 7-18 for Redbubble's artificial limitation on the Court's reconsideration power.

Other courts in this district have rejected Redbubble's position. In *National Credit Union Administration Board v. Goldman Sachs and Co.*, No. 11-cv-6521, 2013 WL 12306438 (C.D. Cal. July 11, 2013), the district court concluded "it does have this power" to "reconsider a previous order based on a recent change in merely persuasive, as opposed to binding, precedent." *Id.* at *3. "The Central District of California's Local Rule 7-18 supports this conclusion": it does not "mention that 'controlling' or 'binding' law is needed for reconsideration; indeed, there need only be a 'material difference in . . . law' or a 'change of law' to warrant reconsideration." *Id.* And in *In re DirecTV Early Cancellation Litigation*, 738 F. Supp. 2d 1062 (C.D. Cal. 2010), the district court acknowledged "grant[ing] several Plaintiffs' motion for reconsideration of this Court's previous order compelling arbitration" based on an unpublished Ninth Circuit opinion. *Id.* at 1069.

This is for good reason. Redbubble's view would lead to absurd results. It would make it impossible for courts in this district to reconsider orders that, among other things, (1) relied on a leading decision by an out-of-circuit court, (2) cited only out-of-circuit decisions, (3) decided issues that the Ninth Circuit had not yet addressed, or—as in this case—(4) relied, at least in part, on an order or decision that was later reversed. The results are even more absurd in the context of district courts deciding issues of California state law in diversity cases. In such cases, California Supreme Court decisions "are binding . . . as to California law," while "[d]ecisions of the six district appellate courts are persuasive but do not bind each other or [federal courts]." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir.

2018). Federal courts "should nevertheless follow a published intermediate state court decision regarding California law unless [they] are convinced that the California Supreme Court would reject it." *Id.* Redbubble's reading of Local Rule 7-18 would prohibit a district court from reconsidering an order deciding an issue of California law based on a recent California appellate court decision—even if the district court is convinced the California Supreme Court would agree with the appellate decision—simply because it is "persuasive" and not binding. Nothing in Local Rule 7-18 supports or compels such a nonsensical result.

It comes as no surprise then that the Opposition musters citation to only one case from this district—a case that is neither comparable nor instructive. (Dkt. No. 145 at 2 (citing *Zakaria v. Gerber Prod. Co.*, No. 15-cv-200, 2015 WL 4379743 (C.D. Cal. July 14, 2015)).) In *Zakaria*, the defendant contended that a recent Fourth Circuit opinion—concerning a "multidistrict putative class action" asserting claims under seven states' laws, including California's—warranted reconsideration of an order denying a motion to dismiss California state-law claims. 2015 WL 4379743, at *1-2. The *Zakaria* court denied the motion for reconsideration because the Fourth Circuit's opinion was "not persuasive." *Id.* at *3. The Fourth Circuit's understanding of California law was inconsistent with the interpretation of "district courts here," it included "little analysis" of the California claims—"only a brief citation to an unpublished [district court] decision"—and, instead, it looked to "federal common law . . . [to] constru[e] the state laws at issue." *Id.* at *2-3. The Fourth Circuit's conclusion was also inapposite: the opinion held that "'plaintiffs must allege that all reasonable experts in the field agree that the representations are false,'" but the *Zakaria* plaintiffs' claim was not based on experts' opinions about a representation's veracity. *Id.* In contrast, the *Ohio State* Opinion reversed the *Ohio State* Order— deciding Redbubble's liability for trademark violations under federal law—after this Court's Order relied on the *Ohio State* Order to decide Plaintiffs' Claims of trademark infringement under federal and California law against Redbubble.

1    Redbubble's reliance on cases decided by courts outside this district—applying
2 standards besides Local Rule 7-18—further highlights the weakness of its argument.
3 (Dkt. No. 145 at 2 (citing *Goldstein v. Colvin*, No. 13-cv-3504, 2015 WL 8027671
4 (N.D. Cal. Dec. 7, 2015); *McNamara v. Royal Bank of Scotland Grp., PLC*, No. 11-
5 cv-2137, 2013 WL 1942187 (S.D. Cal. May 9, 2013)).)  *Goldstein* applied Northern
6 District of California Civil Local Rule 7-9, 2015 WL 8027671, at *1; and *McNamara*
7 concerned Federal Rules of Civil Procedure 59 and 60, 2013 WL 1942187, at *1.
8 Brandy Melville has not moved for reconsideration under any of those authorities.
9 And in any event, courts in other districts have rejected Redbubble's argument too.
10 *E.g.*, *Rojas v. Marko Zaninovich, Inc.*, No. 09-cv-705, 2013 WL 1326582, at *2
11 (E.D. Cal. Mar. 29, 2013); *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112,
12 1119 (D. Nev. 2013); *Tongson v. Cty. of Maui*, No. 05-cv-683, 2007 WL 2377355, at
13 *2 (D. Haw. Aug. 15, 2007); *Colaprico v. Sun Microsystems, Inc.*, No. 90-cv-20610,
14 1991 WL 330923, at *1 (N.D. Cal. July 12, 1991).

15    Redbubble's narrow understanding and application of this Court's
16 reconsideration powers also fails to acknowledge that Federal Rule of Civil
17 Procedure 54(b) "clearly gives the Court the authority to reconsider its prior ruling
18 <u>sua sponte</u>."  *Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp.*, No. 09-cv-
19 3852, 2011 WL 13128435, at *2 (C.D. Cal. May 2, 2011) (emphasis in original); *see*
20 *also Nat'l Credit Union*, 2013 WL 12306438, at *2 (recognizing that "Rule 54(b)
21 provides that an interlocutory order 'may be revised at any time before the entry of a
22 judgment adjudicating all the claims and all the parties' rights and liabilities'").
23 "[B]efore final judgment, the Court has the authority to reconsider and reverse its
24 decision on an interlocutory order for any reason it deems sufficient, even without
25 any new evidence or an intervening change of law."  *Deutsche Bank*, 2011 WL
26 13128435, at *2 (deciding to "depart[ ] from Local Rule 7-18 to grant [party] leave to
27 file a motion for reconsideration"); *Nat'l Credit Union*, 2013 WL 12306438, at *2-3
28 ("Indeed, as Rule 54(b)'s language suggests, '[a] district court has the inherent power

to reconsider and modify its interlocutory orders prior to the entry of judgment[.]' [Citations omitted.]  Because the power of reconsideration of interlocutory orders is 'inherent,' binding precedent is not needed for the Court to modify a prior order.").

This Court can—and should—therefore reconsider its July 10, 2020 Order.

### B.     This Court Relied on the *Ohio State* Order to Decide Summary Judgment on the Claims.

Brandy Melville did not—as Redbubble's next straw man attests—claim this Court substituted its own analysis for the *Ohio State* District Court's analysis. (Dkt. No. 145 at 2, 3.)  Brandy Melville also did not suggest this Court "blindly 'rel[ied] upon' the findings of the *Ohio State* district court." (*Id.* at 4.)  Nor would Brandy Melville—Redbubble's characterizations are not true and they misrepresent the relevant standard.

As Brandy Melville explained in its Motion, a district court should reconsider its order under Local Rule 7-18 when that order relies on an order that a circuit court later reverses. (Dkt. No. 144 at 6-7 (citing *Burnham v. Ruan Transp.*, No. 12-cv-688, 2014 WL 12597505, at *1-2 (C.D. Cal. Oct. 8, 2014)).)  For example, in *Hamid v. Nike Retail Services, Inc.*, No. 17-cv-600, 2018 WL 1684316 (C.D. Cal. Apr. 6, 2018), the district court granted a plaintiff's motion for reconsideration because the district court "did rely at least in part on [a subsequently reversed district-court order's] analysis of the facts as they applied to the [legal issue in question]." *Id.* at *4 (acknowledging that the subsequently reversed district-court order was "only persuasive," non-binding authority but still was "a 'change in law' under Local Rule 7-18(b)").  This Court's Order likewise relied, "at least in part" on the *Ohio State* Order to decide summary judgment on the Claims.  (*See* Dkt. No. 144 at 3-4.)

### C.     Redbubble's Arguments Misrepresenting the *Ohio State* Opinion Are Improper and Meritless

Being cognizant of Local Rule 7-18's prohibition against repeating arguments in a motion for reconsideration, Brandy Melville avoided regurgitating arguments the

parties submitted in their summary judgment motions.  (*See id.* at 8.)  In contrast, much ink has been spilled in Redbubble's Opposition re-arguing the parties' summary judgment arguments and misapplying the *Ohio State* Opinion.  (Dkt. No. 145 at 3-6.)

Brandy Melville remains happy to submit supplemental briefing applying the *Ohio State* Opinion to the record evidence, if the Court would find that helpful.  (*See* Dkt. No. 144 at 8.)  But it must be clarified that Redbubble cannot make the *Ohio State* Opinion any less a change of law by misrepresenting the Sixth Circuit's decision.

Redbubble claims the Sixth Circuit did not "find triable issues of fact."  (Dkt. No. 145 at 5.)  That is false.  The Sixth Circuit acknowledged that, for the *Ohio State* district court to have properly granted Redbubble summary judgment, Redbubble must have shown that "'there is no genuine dispute as to any material fact'" and that Redbubble "'is entitled to judgment as a matter of law.'"  *The Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 441-42 (6th Cir. 2021).  But Redbubble failed to show that there was "'no genuine dispute as to any material fact'" and, therefore, the Sixth Circuit "REVERSE[D] the lower court's grant of summary judgment in favor of Redbubble."  *Id.* at 441, 451-52.

Redbubble also talks out of both sides of its mouth in an effort to manufacture a non-existent circuit split between the Sixth Circuit and the Ninth Circuit.  On the one hand, Redbubble claims the *Ohio State* Opinion is not a change of law and the Sixth Circuit's decision turned on the lack of record evidence; but at the same time, Redbubble claims the Sixth Circuit has created a "new standard" that differs from the "Ninth Circuit's standard."  (Dkt. No. 145 at 5.)  Neither contention is true: the *Ohio State* Opinion is a change of law, and the Sixth Circuit does not apply a standard that is "new" or different from the Ninth Circuit's.  Redbubble's direct infringement argument relied on Sixth Circuit authority (Dkt. No. 40 at 10) and on the same facts about Redbubble's role in the manufacturing and delivery process that the *Ohio State* Opinion focused on (Dkt. No. 47-2 at 6-9).  In fact, Redbubble's Opposition makes

this very point, arguing that Redbubble's level of "'control over the manufacturing, quality control, and delivery of Redbubble's goods'" to Redbubble's customers is insufficient for liability for direct trademark infringement. (Dkt. No. 145 at 4.)

Further, there is no merit to Redbubble's throwaway argument that Brandy Melville's view of the *Ohio State* Order is inconsistent. (*Id.* at 7.) The parties' views and opinions of the *Ohio State* Order are irrelevant to whether the *Ohio State* Opinion is a change of law (it is) and whether this Court's Order relied, at least in part, on the *Ohio State* Order (it did). And in any event, Brandy Melville's position has been consistent since the outset: the *Ohio State* Order is not persuasive and should not be followed. (*E.g.*, Dkt. No. 45 at 13). The only difference now is that the Sixth Circuit agrees with Brandy Melville. *The Ohio State Univ.*, 989 F.3d at 440.

## III.   **CONCLUSION**

Accordingly, this Court should reconsider the July 10, 2020 Order and deny Redbubble summary judgment, and grant Brandy Melville summary judgment, as to the Claims.

DATED: April 5, 2021

Respectfully submitted,

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
    Keith J. Wesley
    Ryan Q. Keech
    Jason Y. Kelly

By:   */s/ Keith J. Wesley*
        Keith J. Wesley
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville