UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 20, 2021 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Amended Motion for Reconsideration of July 10, 2020 Order [DE 144]

## I.   INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") filed a complaint against Redbubble, Inc. ("Defendant") for claims arising from the unauthorized sale of goods bearing Plaintiff's trademarks through Defendant's website. Plaintiff alleged (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

Both parties then moved for summary judgment. On July 10, 2020, the Court denied Plaintiff's motion and granted summary judgment in favor of Defendant with respect to all of Plaintiff's claims except for Plaintiff's contributory infringement and counterfeiting claims. ("July 10, 2020 Order") (ECF No. 103).

Presently before the Court is Plaintiff's amended motion for reconsideration of the July 10, 2020 Order. ("Motion") (ECF No. 144). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's July 10, 2020 Order.

## III.   JUDICIAL STANDARD

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *Sch. Dist. No. 1J Multnomah Cty., Or. v. A CandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is only appropriate where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id.* at 1263.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 20, 2021 |
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

Local Rule 7-18 supplements the Federal Rules and provides, as relevant here, that "[a] motion for reconsideration of the decision on any motion may be made . . . on the grounds of . . . (b) . . . a change of law occurring after the time of such decision[.]" C.D. Cal. L.R. 7-18(b).

### IV.   DISCUSSION

Plaintiff seeks reconsideration of the July 10, 2020 Order, in which the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. Plaintiff moves under Local Rule 7-18(b), which permits a party to move for reconsideration of a court's decision based on "a change of law occurring after the time of such decision."

In the July 10, 2020 Order, the Court cited an opinion of the U.S. District Court for the Southern District of Ohio and agreed with its reasoning with regard to whether Redbubble, Inc. could be held liable to a plaintiff for direct trademark infringement under the Lanham Act. (*See* July 10, 2020 Order at 4–5) (citing *Ohio State Univ. v. Redbubble, Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019)). On February 25, 2021, the *Ohio State* opinion was reversed by the Sixth Circuit. *See Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 440 (6th Cir. 2021) ("[T]he district court erred by entering summary judgment for Redbubble under an overly narrow reading of the Lanham Act.").

Here, Plaintiff asserts that the Sixth Circuit's February 25, 2021 opinion constitutes a change in the law. Plaintiff's assertion is incorrect: a change in the law in the Sixth Circuit does not amount to a change in the law that governs this case. *See Fid. Nat. Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948, 969 (D. Ariz. 2012) ("[U]nlike Ninth Circuit case law, cases outside this Circuit . . . are not binding on this court."); *cf. Burnham v. Ruan Transp.*, No. 12-CV-00688-AG (ANX), 2014 WL 12597505, at *1 (C.D. Cal. Oct. 8, 2014) (granting motion for reconsideration due to change in governing law established by intervening opinion from the Ninth Circuit). Accordingly, the Court denies Plaintiff's Motion.

### V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer
