KENNETH B. WILSON  (SBN 130009)
  *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
  *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
  *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>REDBUBBLE INC.,<br><br>               Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Pre-Trial Conf.:  May 24, 2021<br>Trial Date:       June 15, 2021 |

1

1    Defendant Redbubble Inc. hereby submits the Parties' Joint Agreed Proposed

2  Jury Instructions pursuant to the Court's Order for Jury Trial (DE#17), Local

3  Rule 51, and the Court's orders continuing the Pretrial Conference and Jury Trial

4  (DE##99, 123, 138, 141).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF INSTRUCTIONS

2

3

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | Duty of Jury | 9th Cir. 1.2 | 6 |
| 2 | Duty of Jury | 9th Cir. 1.3 | 8 |
| 3 | Duty of Jury | 9th Cir. 1.4 | 10 |
| 4 | Burden of Proof | 9th Cir. 1.6 | 12 |
| 5 | What is Evidence | 9th Cir. 1.9 | 14 |
| 6 | What is Not Evidence | 9th Cir. 1.10 | 16 |
| 7 | Evidence for Limited Purpose | 9th Cir. 1.11 | 18 |
| 8 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 20 |
| 9 | Ruling on Objections | 9th Cir. 1.13 | 22 |
| 10 | Credibility of Witnesses | 9th Cir. 1.14 | 24 |
| 11 | Conduct of the Jury | 9th Cir. 1.15 | 27 |
| 12 | Publicity During Trial | 9th Cir. 1.16 | 30 |
| 13 | No Transcript Available to Jury | 9th Cir. 1.17 | 32 |
| 14 | Taking Notes | 9th Cir. 1.18 | 34 |
| 15 | Questions to Witnesses by Jurors During Trial | 9th Cir. 1.19 | 36 |
| 16 | Bench Conferences and Recesses | 9th Cir. 1.20 | 38 |
| 17 | Outline of Trial | 9th Cir. 1.21 | 40 |
| 18 | Stipulations of Fact | 9th Cir. 2.2 | 42 |
| 19 | Judicial Notice | 9th Cir. 2.3 | 44 |
| 20 | Impeachment Evidence—Witness | 9th Cir. 2.9 (modified) | 46 |
| 21 | Use of Interrogatories | 9th Cir. 2.11 | 48 |
| 22 | Expert Opinion | 9th Cir. 2.13 | 50 |
| 23 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 52 |
| 24 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 54 |

| **No.** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 25 | Evidence in Electronic Format | 9th Cir. 2.16 | 56 |
| 26 | Duty to Deliberate | 9th Cir. 3.1 | 59 |
| 27 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 61 |
| 28 | Communication with Court | 9th Cir. 3.3 | 64 |
| 29 | Return of Verdict | 9th Cir. 3.5 | 66 |
| 30 | Liability of Corporations—Scope of Authority Not in Issue | 9th Cir. 4.2 | 68 |
| 31 | Definition—Trademark | 9th Cir. 15.2 (modified) | 71 |
| 32 | Damages—Mitigation | 9th Cir. 5.3; *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV 14-09224, 2016 WL 7638112, at *2 n.1 (C.D. Cal. Mar. 21, 2016) | 74 |
| 33 | Trademark Damages—Actual or Statutory Notice | 9th Cir. 15.2 (modified to correct grammatical error) | 77 |

# I.      GENERAL INSTRUCTIONS

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 1.</u>

### 1.2 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.2.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 2.</u>**

**1.3  DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority/Source:  Ninth Circuit Model Jury Instruction 1.3

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## JOINT PROPOSED JURY INSTRUCTION NO. 3.

### 1.4 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.4.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 4.**

### **1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.6.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

# JOINT PROPOSED JURY INSTRUCTION NO. 5.

2

3

## 1.9 WHAT IS EVIDENCE

4

5     The evidence you are to consider in deciding what the facts are consists of:

6     1. the sworn testimony of any witness;

7     2. the exhibits that are admitted into evidence;

8     3. any facts to which the lawyers have agreed; and

9     4. any facts that I [may instruct] [have instructed] you to accept as proved.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.9.

Requesting Party:  Joint




_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 6.**

### **1.10 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.10.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 7.</u>

### 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.11.

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## JOINT PROPOSED JURY INSTRUCTION NO. 8.

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.12 (modified).

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 9.

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.13.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## **<u>JOINT PROPOSED JURY INSTRUCTION NO. 10.</u>**

2

3

## **1.14 CREDIBILITY OF WITNESSES**

4

5   In deciding the facts in this case, you may have to decide which testimony to

6   believe and which testimony not to believe. You may believe everything a witness

7   says, or part of it, or none of it.

8   In considering the testimony of any witness, you may take into account:

9   1. the opportunity and ability of the witness to see or hear or know the things

10  testified to;

11  2. the witness's memory;

12  3. the witness's manner while testifying;

13  4. the witness's interest in the outcome of the case, if any;

14  5. the witness's bias or prejudice, if any;

15  6. whether other evidence contradicted the witness's testimony;

16  7. the reasonableness of the witness's testimony in light of all the evidence;

17  and

18  8. any other factors that bear on believability.

19  Sometimes a witness may say something that is not consistent with something

20  else he or she said. Sometimes different witnesses will give different versions of

21  what happened. People often forget things or make mistakes in what they remember.

22  Also, two people may see the same event but remember it differently. You may

23  consider these differences, but do not decide that testimony is untrue just because it

24  differs from other testimony.

25  However, if you decide that a witness has deliberately testified untruthfully

26  about something important, you may choose not to believe anything that witness

27  said. On the other hand, if you think the witness testified untruthfully about some

28

1 things but told the truth about others, you may accept the part you think is true and

2 ignore the rest.

3       The weight of the evidence as to a fact does not necessarily depend on the

4 number of witnesses who testify. What is important is how believable the witnesses

5 were, and how much weight you think their testimony deserves.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.14.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 11.**

### **1.15 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.15.

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 12.

3

### 1.16  PUBLICITY DURING TRIAL

4

5          If there is any news media account or commentary about the case or anything

6    to do with it, you must ignore it.  You must not read, watch or listen to any news

7    media account or commentary about the case or anything to do with it.  The case

8    must be decided by you solely and exclusively on the evidence that will be received

9    in the case and on my instructions as to the law that applies.  If any juror is exposed

10   to any outside information, please notify me immediately.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Circuit Model Jury Instruction 1.16

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 13.</u>

2

3

## 1.17 NO TRANSCRIPT AVAILABLE TO JURY

4

5
     I urge you to pay close attention to the trial testimony as it is given. During

6
deliberations you will not have a transcript of the trial testimony.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.17.

Requesting Party:  Joint



_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 14.

## 1.18 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.18.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 15.**

### **1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.19.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## JOINT PROPOSED JURY INSTRUCTION NO. 16.

### 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.20.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 17.**

### **1.21 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 1.21.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 18.

## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.2.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

2

3

## **JOINT PROPOSED JURY INSTRUCTION NO. 19.**

### **2.3 JUDICIAL NOTICE**

4

5

6

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.3

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 20.

## 2.9 IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.9 (modified).

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

# **JOINT PROPOSED JURY INSTRUCTION NO. 21.**

2

3

## **2.11  USE OF INTERROGATORIES**

4

5        Evidence [will now be] [was] presented to you in the form of answers of one

6   of the parties to written interrogatories submitted by the other side.  These answers

7   were given in writing and under oath before the trial in response to questions that

8   were submitted under established court procedures.  You should consider the

9   answers, insofar as possible, in the same way as if they were made from the witness

10   stand.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Circuit Model Jury Instruction 2.11

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## **JOINT PROPOSED JURY INSTRUCTION NO. 22.**

2

3

### **2.13 EXPERT OPINION**

4

5   You [have heard] [are about to hear] testimony from [name] who [testified]

6  [will testify] to opinions and the reasons for [his] [her] opinions. This opinion

7  testimony is allowed, because of the education or experience of this witness.

8   Such opinion testimony should be judged like any other testimony. You may

9  accept it or reject it, and give it as much weight as you think it deserves, considering

10  the witness's education and experience, the reasons given for the opinion, and all the

11  other evidence in the case.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.13.

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 23.**

### **2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority/Source: Ninth Cir. Manual of Model Jury Instructions 2.14.

Requesting Party: Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 24.

## 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.15.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## JOINT PROPOSED JURY INSTRUCTION NO. 25.

### 2.16 EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the

1   computer to obtain access to such materials. If you discover that the computer
2   provides or allows access to such materials, you must inform the court immediately
3   and refrain from viewing such materials. Do not remove the computer or any
4   electronic data [disk] from the jury room, and do not copy any such data.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 2.16.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **JOINT PROPOSED JURY INSTRUCTION NO. 26.**

### **3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 3.1.

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 27.

## 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1    These rules protect each party's right to have this case decided only on
2    evidence that has been presented here in court. Witnesses here in court take an oath
3    to tell the truth, and the accuracy of their testimony is tested through the trial
4    process. If you do any research or investigation outside the courtroom, or gain any
5    information through improper communications, then your verdict may be influenced
6    by inaccurate, incomplete or misleading information that has not been tested by the
7    trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if
8    you decide the case based on information not presented in court, you will have
9    denied the parties a fair trial. Remember, you have taken an oath to follow the rules,
10   and it is very important that you follow these rules.

11   A juror who violates these restrictions jeopardizes the fairness of these
12   proceedings. If any juror is exposed to any outside information, please notify the
13   court immediately.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 3.2.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# JOINT PROPOSED JURY INSTRUCTION NO. 28.

## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 3.3.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# **JOINT PROPOSED JURY INSTRUCTION NO. 29.**

## **3.5 RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 3.5.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 30.</u>

## 4.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 4.2.

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## II.    TRADEMARK PRELIMINARY INSTRUCTIONS

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 31.</u>

### 15.2 DEFINITION—TRADEMARK
### (15 U.S.C. § 1127)

As I just explained, a trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

Authority/Source:  Ninth Cir. Manual of Model Jury Instructions 15.2 (modified).

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## III.   REDBUBBLE'S EIGHTH AFFIRMATIVE DEFENSE (FAILURE TO MITIGATE)

## **JOINT PROPOSED JURY INSTRUCTION NO. 32.**

### **5.3  DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Redbubble has the burden of proving by a preponderance of the evidence:

      1.    that Brandy Melville failed to use reasonable efforts to mitigate damages; and

      2.    the amount by which damages would have been mitigated.

Authority/Source:  Ninth Circuit Model Jury Instruction 5.3; *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV 14-09224, 2016 WL 7638112, at *2 n.1 (C.D. Cal. Mar. 21, 2016)

Requesting Party:  Joint




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1  **IV.   DAMAGES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JOINT PROPOSED JURY INSTRUCTION NO. 33.**

### **15.26  TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE (15 U.S.C.  § 1111)**

In order for plaintiff to recover damages, the plaintiff has the burden of proving by a preponderance of the evidence that Redbubble had either statutory or actual notice that the plaintiff's trademark was registered.

Redbubble had statutory notice if:

1.      Brandy Melville displayed the trademark with the words "Registered in U.S. Patent and Trademark Office";

2.      Brandy Melville displayed the trademark with the words "Reg. U.S. Pat. & Tm. Off."; or

3.      Brandy Melville displayed the trademark with the letter R enclosed within a circle, thus ®.

Authority/Source:  Ninth Circuit Model Jury Instruction 15.26 (modified to correct grammatical error)

Requesting Party:  Joint

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

Respectfully submitted,

Dated:  May 28, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP


By: /s/ Jason Y. Kelly
    Jason Y. Kelly
    Attorneys for Plaintiff
    Y.Y.G.M. SA d.b.a. BRANDY MELVILLE


Dated:  May 28, 2021

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER LLP
JOSHUA M. MASUR
JEFFREY J. ZUBER
HEMING XU

By: /s/ Joshua M. Masur
    Joshua M. Masur
    Attorneys for Defendant
    REDBUBBLE INC.


**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(A)(2)(I)**

I, Joshua M. Masur, am the ECF User whose identification and password are being used to file these Joint Proposed Jury Instructions.  Per Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 28, 2021           By: /s/ Joshua M. Masur
                                  Joshua M. Masur