KENNETH B. WILSON  (SBN 130009)
  *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
  *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
  *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>REDBUBBLE INC.,<br><br>   Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT'S AMENDED OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 1, 2, AND 7 (DE#160)**<br><br>Pre-Trial Conf.:  May 24, 2021<br>Trial Date:       June 15, 2021 |

2911-1006 / 1817794.1

Plaintiff Y.Y.G.M. SA ("Plaintiff") waited until after 2:30 P.M. on the day jury instructions were required to be filed, and three days after the meet and confer deadline, to identify any potential amendments to its proposed instructions, which were last revised on September 1, 2020. (DE#160 at 14.) Plaintiff's late substantive changes denied Defendant Redbubble, Inc. ("Redbubble") the opportunity to meaningfully respond. Accordingly, Redbubble hereby amends its objections to Plaintiff's Disputed Jury Instructions Nos. 1, 2, and 7.

*[remainder of page intentionally left blank]*

**Defendant's Objection to Plaintiff's Disputed Instruction No. 1**

First, Plaintiff's use of the phrase "Redbubble's product designers and fulfillers, who use Redbubble's service," is fundamentally inaccurate and misleading. The Court has already determined, in granting Redbubble summary judgment of no vicarious liability and explicitly holding that Redbubble is not a partner with, nor an agent for, nor exercises joint ownership and control with, the designers and fulfillers. (Dkt. 103 at 9-12.) Put simply, for purposes of this case, although they may fairly be described as "Redbubble users," the designers and fulfillers are not "Redbubble's." Second, the proposed instruction is too broad as to the phrase "exclusive right to use" because Plaintiff does not have such an unqualified right. Plaintiff seeks to imply a monopoly on such use without respect to what actually constitutes "use" as well as issues of fair use, generic use, and license. Third, Plaintiff improperly implies that Defendant actually makes "use" of the mark, for which Plaintiff provided no evidence. Defendant provides a marketplace without actually making actual use of any of Plaintiff's alleged marks. Fourth, Plaintiff's use of "in connection with the creation, advertising, and sale of products" is not an accurate description of trademark rights, which require source identification, not merely use. Fifth, because Plaintiff's rights exist *only to the extent* a mark has a "'source-denoting function,'" *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 900 (9th Cir. 2002), it has the burden of proving: (1) it acquired trademark rights by using marks as source-identifiers (as opposed to, *e.g.*, ornaments); and (2) infringers used confusingly similar marks in a source-identifying sense (and not, *e.g.*, for aesthetic, expressive, and/or nominative reasons). *Bobosky v. Adidas AG*, 843 F. Supp. 2d 1134, 1142–43 (D. Or. 2011) (ornamental use); *Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912 (9th Cir. 1980) (aesthetic functionality); *Mattel*, 296 F.3d at 900 (expressive use protected by First Amendment); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (nominative fair use). Plaintiff thus errs: (1) stating

1 | Redbubble has the "burden" of proving nominative fair use; and (2) omitting the
2 | First Amendment defense (for which Plaintiff also bears the burden). *See id.*
3 | (claimant must "bear the burden"); *Mattel*, 296 F.3d at 900 (First Amendment
4 | triggers distinct "likelihood-of-confusion test" to "account" for "free expression").
5 |     Redbubble incorporates by reference its own Disputed Instruction No. 1,
6 | which appropriately adapts Ninth Circuit Model Instruction No. 1.5 to the case at
7 | hand.

**Defendant's Objection to Plaintiff's Disputed Instruction No. 2**

Plaintiff's use of the phrase "defendant's product designers and fulfillers," is fundamentally inaccurate and misleading. The Court has already determined, in granting Redbubble summary judgment of no vicarious liability and explicitly holding that Redbubble is not a partner with, nor an agent for, nor exercises joint ownership and control with, the designers and fulfillers. (Dkt. 103 at 9-12.) Put simply, for purposes of this case, although they may fairly be described as "Redbubble users," the designers and fulfillers are not "defendant's."

Plaintiff identifies "counterfeiting" as a claim to support damages, but it is not a claim in itself (as reflected in the Complaint, DE# 1) but merely supports certain remedies; this language should be stricken. *State of Idaho Potato Commission v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720-21 (9th Cir. 2005) (referring to Section 1117's "special civil monetary remedies against counterfeiting"). Plaintiff's proposed instruction also misstates the law regarding counterfeiting. For example, "variations" of a registered mark cannot be counterfeits; rather, as the Court held at summary judgment, "[a] counterfeit is a spurious mark which is *identical with, or substantially indistinguishable from*, a registered mark." (DE#103 at 13 (quoting *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 608 (C.D. Cal. 2017) (emphasis added).)

The proposed instruction also inappropriately omits the following language regarding registration: "These presumptions in favor of the owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate." This language should be included, especially since the marks are not incontestable. Relatedly, Redbubble does not bear the burden of proving invalidity: Plaintiff has the "ultimate burden of persuasion", which includes the "threshold" issue of "validity." *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002). Thus, because Redbubble will produce evidence showing Plaintiff did not use marks as source identifiers, Plaintiff

has the burden of proving it acquired trademark rights by using marks as source-identifiers (as opposed to, *e.g.*, ornaments).  *See, e.g., id*; *Bobosky* 843 F. Supp. 2d at 1142–43 (ornamental use).

      Redbubble incorporates by reference its own Disputed Instruction No. 2, which appropriately adapts Ninth Circuit Model Instruction No. 15.1 to the case at hand.

Case 2:19-cv-04618-RGK-JPR   Document 161   Filed 06/01/21   Page 7 of 8   Page ID #:10432

**Defendant's Objection to Plaintiff's Disputed Instruction No. 7**

Plaintiff's proposed instruction fails to fill in the text between the brackets for certain of the phrases. Moreover, Plaintiff's proposed instruction presumes incontestability, which has not been established for any of the marks at issue. Accordingly, Plaintiff must use the alternative fifth paragraph as set forth in the comments to model instruction 15.8:

> [Unless the defendant proves by a preponderance of the evidence that [*insert § 1115(b) defense[s] raised by defendant, e.g., that the mark was abandoned*], you must consider the trademark to be conclusively proved as [[valid] [and] [owned by the plaintiff]], [if the mark has been in continuous use for five consecutive years after the date of registration in the certificate and other statutory formalities have been observed]. However, if the defendant shows that [*insert § 1115(b) defense[s] raised, e.g., that the mark was abandoned*] by a preponderance of the evidence, then the facts stated in the certificate [*summarize certificate entries disputed by defendant's proof*] are no longer conclusively presumed to be correct. [You should then consider whether all of the evidence admitted in this case, in addition to this certificate of registration, shows by a preponderance of the evidence that the mark is [[valid] [and] [owned by the plaintiff]], as I explain in Instruction] [*insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.6*].]

The instruction misleadingly implies registrations are "absolute" and "not subject to rebuttal" even though Plaintiff has the "burden of persuasion" on "validity," *Tie Tech*, 296 F.3d at 78, which requires continued *bona fide* use. *E.g.*, *Bobosky*, 843 F. Supp. 2d at 1142–43 (ornamental use cannot support rights); *Dak Indus., Inc. v. Daiichi Kosho Co.*, 35 U.S.P.Q.2d 1434, 1438 (Trademark Tr. & App. Bd. 1995) (partial abandonment results from "nonuse" as to "particular goods or services.").

/ / /

/ / /

/ / /

/ / /

/ / /

2911-1006 / 1817794.1

7

Redbubble incorporates by reference its own Disputed Instruction No. 5, which appropriately adapts Ninth Circuit Model Instruction No. 15.8 to the case at hand.

Dated: June 1, 2021                                   Respectfully submitted,

                                                **ZUBER LAWLER LLP**
                                                HEMING XU

                                  By:   */s/ Heming Xu*
                                                Attorneys for Defendant
                                                REDBUBBLE INC.