BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY TO DEFENDANT'S AMENDED OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 1, 2, AND 7**<br><br>Pre-Trial Conf.:  May 24, 2021<br>Trial Date:         June 15. 2021 |
|---|---|

1833217

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY TO DEFENDANT'S AMENDED
OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 1, 2, AND 7

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") hereby submits its reply in response to Defendant Redbubble's belatedly filed Amended Objections to Plaintiff's Disputed Jury Instruction Nos. 1, 2, and 7. (Dkt. No. 161.)  Brandy Melville requests and reserves the right to add to, amend, modify, withdraw, and/or supplement this reply before or during trial of this matter based on, *inter alia*, the rulings issued in connection with motions *in limine* and other pre-trial or trial motions, as well as the evidence and theories proffered by the parties during the course of trial.

1833217

-1-   Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY TO DEFENDANT'S AMENDED OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 1, 2, AND 7

**Plaintiff's Reply in Response to Defendant's Amended Objection Regarding Plaintiff's Disputed Instruction No. 1**

This Court should overrule Defendant's objection. Plaintiff's proposed instruction accurately and succinctly summarizes the issues at trial, including Plaintiff's relationship with the relevant marks. Defendant's objection reflects what it wishes the law in the Ninth Circuit provided, rather than what the law actually is. The Ninth Circuit's Model Civil Jury Instruction Nos. 15.1 and 15.9 support the proposed instruction's "exclusive right to use" language. Plaintiff's proposed instruction also does not state or imply a theory of direct infringement; it makes clear that Plaintiff "claims that the defendant, Redbubble, has engaged in contributory trademark infringement and contributory counterfeiting."

Contrary to Defendant's contention, the proposed instruction makes no mention of Defendant's partners, agents, or joint ownership or control of anything or anyone. The proposed jury instruction refers to "Redbubble's product designers or fulfillers" because that will avoid jury confusion, is specific, and clarifies that the instruction refers to the product designers and fulfillers for the products sold on Defendant's website.

Furthermore, there is no merit to Defendant's timeliness argument. Plaintiff gave Defendant advance notice that it intended to edit certain proposed instructions, and the limited edits that were made to this proposed instruction did not deprive Defendant of "the opportunity to meaningfully respond." (Dkt. No. 161 at 2.) Indeed, Defendant could have timely submitted its amended objections; but, instead, Defendant chose to submit its objections well before the deadline. Defendant also argues that Plaintiff improperly made changes to its proposed jury instructions "after the meet and confer deadline" (*id.*); however, Defendant did the same—it too made changes to its proposed jury instructions after the parties met and conferred. At bottom, there is no basis for Defendant to submit its objections untimely.

1833217                                              -2-                              Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY TO DEFENDANT'S AMENDED
OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 1, 2, AND 7

1  Defendant's new argument also lacks merit.  As explained in its objections to
2  Defendant's Disputed Jury Instruction Nos. 11 and 12, neither the fair use nor the
3  expressive works defense applies in this case.  There is no basis for mentioning them
4  in this proposed instruction.
5  Plaintiff incorporates by reference its objection to Defendant's Disputed Jury
6  Instruction Nos. 1, 11, and 12.

**Plaintiff's Reply in Response to Defendant's Amended Objection Regarding Plaintiff's Disputed Instruction No. 2**

This Court should overrule Defendant's objection. As an initial matter, Plaintiff's original proposed jury instructions—served over a year ago—articulated Plaintiff's proposed instructions, the relevant authority and source for those instructions (including the Ninth Circuit's Manual of Model Jury Instructions), and whether the instructions were "modified" from the Model Civil Jury Instructions. Plaintiff amended this proposed jury instruction in light of Defendant's arguments, the record evidence and issues in dispute at trial, and the parties' meet-and-confer efforts with respect to the jury instructions.

Plaintiff gave Defendant advance notice that it intended to edit certain proposed instructions, and the edits that were made to this proposed instruction did not deprive Defendant of "the opportunity to meaningfully respond." (Dkt. No. 161 at 2.) Indeed, Defendant could have timely submitted its amended objections; but, instead, Defendant chose to submit its objections well before the deadline. Defendant also argues that Plaintiff improperly made changes to its proposed jury instructions "after the meet and confer deadline" (*id.*); however, Defendant did the same—it made changes to its proposed jury instructions after the parties met and conferred. At bottom, there is no basis for Defendant to submit its objections untimely.

Contrary to Defendant's contention, the proposed instruction makes no mention of Defendant's partners, agents, or joint ownership or control of anything or anyone. The proposed jury instruction refers to "Redbubble's product designers or fulfillers" because that will avoid jury confusion, is specific, and clarifies that the instruction refers to the product designers and fulfillers for the products sold on Defendant's website.

This Court has already rejected Defendant's tired argument regarding Plaintiff's counterfeiting claim. (*E.g.*, Dkt. 103 at 16 ("The Court **DENIES**

Redbubble's motion as to Brandy Melville's claims for contributory infringement and counterfeiting.") (emphasis in original)).)

Defendant's "variations" argument mischaracterizes the proposed jury instruction, which addresses unregistered and registered trademarks, as well as two "Brandy Melville" registered trademarks (*i.e.*, what the parties have referred to as the Brandy Heart Mark and the Brandy Flags Mark). Moreover, the record evidence does not support any purported argument Defendant claims it can make to overcome the presumptions tied to the certificates of registration.

Defendant's argument regarding "source identifiers" is inapplicable to this case and is not rooted in the Model Civil Jury Instructions. (*E.g.*, Dkt. No. 159 at 37, 75-77.)

Plaintiff incorporates by reference its objection to Defendant's Disputed Jury Instruction Nos. 2, 5, and 11.

**Plaintiff's Reply in Response to Defendant's Amended Objection Regarding Plaintiff's Disputed Instruction No. 7**

This Court should overrule Defendant's objection. Plaintiff's original proposed jury instructions—served over a year ago—provided Plaintiff's proposed instructions, the relevant authority and source for those instructions (including the Ninth Circuit's Manual of Model Jury Instructions), and whether the instructions were "modified" from the Model Civil Jury Instructions. Plaintiff amended this proposed instruction in light of Defendant's arguments, the record evidence and issues in dispute at trial, and the parties' meet-and-confer efforts with respect to the jury instructions.

Plaintiff gave Defendant advance notice that it intended to edit certain proposed instructions, and the edits made to this proposed instruction did not deprive Defendant of "the opportunity to meaningfully respond." (Dkt. No. 161 at 2.) Defendant could have timely submitted its amended objections, but instead chose to submit its objections well before the deadline. Defendant also argues that Plaintiff improperly made changes to its proposed jury instructions "after the meet and confer deadline" (*id.*); however, Defendant did the same—it too made changes to its proposed jury instructions after the parties met and conferred. There is no basis for Defendant to submit its objections untimely.

This proposed instruction accurately tailors the Ninth Circuit's Model Civil Jury Instruction No. 15.8 to the circumstances of this case. There is no merit to Defendant's belated argument because the proposed instruction neither states nor suggests that "registrations are 'absolute' and 'not subject to rebuttal.'" (*Id.* at 7.) Plaintiff did not add anything substantive to the proposed instruction. Again, Defendant's objection reflects what it wishes the law in the Ninth Circuit provided, rather than what the law actually is. Plaintiff incorporates by reference its objection to Defendant's Disputed Jury Instruction No. 5.

| | | |
|---|---|---|
| 1 | DATED:  June 4, 2021 | BROWNE GEORGE ROSS |
| 2 | | O'BRIEN ANNAGUEY & ELLIS LLP |
| 3 | | Keith J. Wesley |
| | | Ryan Q. Keech |
| 4 | | Jason Y. Kelly |
| 5 | | |
| 6 | | By: _____/s/ Jason Y. Kelly_____ |
| | | Jason Y. Kelly |
| 7 | | Attorneys for Plaintiff |
| 8 | | Y.Y.G.M. SA d.b.a. Brandy Melville |