BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge: Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF NEGATIVE PUBLICITY ABOUT PLAINTIFF**<br><br>Date: June 15, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>PTSC Date: May 24, 2021<br>Trial Date: June 15, 2021 |

## I. INTRODUCTION

Redbubble's Opposition (Dkt. No. 88) to Brandy Melville's Motion *in Limine* No. 1 (Dkt. No. 50; the "Motion") confirms that Redbubble intends to introduce 13 exhibits (Dkt. Nos. 50-2 to 50-15; collectively, the "Exhibits") at trial for improper purposes. The Exhibits are selective online postings, articles, videos, and webpages about Brandy Melville that Redbubble intends to introduce for the truth of the matters asserted therein to "show[ ] that Brandy Melville does not have a 'good reputation[.]'" (Dkt. No. 88 at 3.) Redbubble argues that the Exhibits show Brandy Melville has racial biases, "does everything it can to prey on" the concerns of "teenage girls," and contributes to body dysmorphia through the size of its clothing. (*Id.* at 1-2.) Besides being untrue, the Exhibits are irrelevant, unfairly and substantially prejudicial to Brandy Melville, and inadmissible hearsay and character evidence.

The Exhibits are not relevant to the issues in this case—specifically, that Redbubble contributorily counterfeits and infringes Brandy Melville's trademarks in violation of the Lanham Act. Redbubble's arguments and evidence about whether Brandy Melville is a "good" company or has a "good" reputation are also irrelevant to the reputational harm Brandy Melville suffered (*i.e.*, Redbubble and its knock-offs cheapening the value of Brandy Melville's brand). Further, litigating issues like the size of Brandy Melville's clothing would be unfairly prejudicial, cause undue delay, and waste time and judicial resources: this case is about the design on those products, not their size.

The Exhibits are also inadmissible hearsay, comprised of third persons' out-of-court statements (several made anonymously through posts or statements on the Internet) that Redbubble intends to introduce for the truth of the matters asserted. These third persons are not on the parties' witness lists. Additionally, the Exhibits are inadmissible character evidence that do not fit any exception under Federal Rule of Evidence 803(21).

/ / /

Accordingly, the Motion should be granted and the Exhibits excluded under Federal Rules of Evidence 401 through 404.

## II.     ARGUMENT

### A.     The Exhibits Are Irrelevant

The Motion demonstrates that the Exhibits are irrelevant because "[t]hey have nothing to do with whether Redbubble infringes and counterfeits" Brandy Melville's trademarks. (Dkt. No. 50 at 5.) In response, Redbubble claims the Exhibits show that its infringement and counterfeiting has not harmed Brandy Melville's "good reputation" because "Brandy Melville does not have a 'good reputation' to harm." (Dkt. No. 88 at 1-3.) Redbubble's argument is misplaced and false, and the Exhibits are irrelevant for two reasons.

*First*, Redbubble incorrectly conflates Brandy Melville's brand with "good reputation." The record shows that Brandy Melville is a "popular fashion and lifestyle brand" that is "popular nationwide" and "is particularly popular with celebrities who wear the brand." (*E.g.*, Dkt. No. 1 ¶¶ 6, 9; Dkt. No. 36 at 3.) At trial, Brandy Melville will introduce evidence proving that its brand and clothing are popular amongst girls and women, as well as celebrities. (*E.g.*, Dkt. Nos. 36-56, 36-57.) Brandy Melville will also demonstrate that Redbubble's infringement and counterfeiting has, *inter alia*, cheapened the Brandy Melville brand by placing Brandy Melville's trademarks on products that do not fit Brandy Melville's line of products (*e.g.*, on men's clothing).

The Exhibits are not relevant to this harm that Redbubble has inflicted on Brandy Melville. And Redbubble concedes the same. The Opposition specifically represents that Redbubble intends to use the Exhibits to show Brandy Melville "does not have a 'good reputation'" because Brandy Melville "prey[s] on" teenage girls' "important" concern with "body image." (Dkt. No. 88 at 1, 3.) Besides being untrue, this has nothing to do with whether Brandy Melville's brand is well known and has been cheapened by Redbubble's infringement and counterfeiting. This evidence is relevant only to whether Brandy Melville is a "good" company that promotes what

Redbubble contends is positive body image and mental health—such issues are not relevant in this action.

**Second**, neither of the cases Redbubble cites in the Opposition demonstrates that the Exhibits are relevant to the *Sleekcraft* analysis. (*Id.* at 3.) In *Icebreaker Ltd. v. Gilmar S.P.A.*, 911 F. Supp. 2d 1099, 1104-05 (D. Or. 2011), the parties made markedly different types of clothing ("performance active wear" vs. clothing for "models in the Milan fashion show"). Here, both parties sell clothing like t-shirts. (*E.g.*, Dkt. No. 36-31; Dkt. No. 82-10.) And *Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1150-51 (C.D. Cal. 1998), concerned the age of people who purchased the parties' dolls and products. Nowhere in the Opposition does Redbubble even suggest that it intends to use the Exhibits to show any age difference between Brandy Melville's and Redbubble's customers.

Accordingly, the Exhibits are not relevant and must be excluded from trial. Fed. R. Evid. 402 ("[i]rrelevant evidence is not admissible").

### B.  The Exhibits Are Unfairly Prejudicial Under Rule 403

Even if the Exhibits were relevant, they are still subject to—and inadmissible under—Federal Rule of Evidence 403 because any probative value they may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay, and waste of time and judicial resources. The Opposition confirms that Redbubble intends to introduce the Exhibits to unfairly paint Brandy Melville as one who "does everything it can to prey on" the "body image" concerns of teenage girls who feel they are under pressure to "use unhealthy weight control behaviors like skipping meals, fasting or smoking cigarettes, vomiting, or taking laxatives." (Dkt. No. 88 at 1.) Such evidence and argument are false, incredibly prejudicial, and intended to encourage the jury to make decisions based on averments that have no bearing on whether Redbubble contributorily infringes and counterfeits Brandy Melville's trademarks. Admission of the Exhibits will cause unfair prejudice to Brandy Melville and confuse the issues and the jury.

Further, the Exhibits will cause undue delay and waste. If Redbubble is permitted to introduce the Exhibits at trial, Brandy Melville will be compelled to introduce evidence that demonstrates the falsity of Redbubble's unfairly prejudicial contentions. None of the parties' lengthy arguments and evidence will, however, relate to whether Redbubble contributorily infringes and counterfeits Brandy Melville's trademarks.

### C. Redbubble's Exhibits Are Inadmissible Hearsay

The Opposition concedes the Exhibits are inadmissible hearsay because Redbubble intends to introduce them for the truth of the matter asserted. The Opposition repeatedly quotes and relies on the truth of the matters asserted in the Exhibits, which are replete with negative statements, accusations, and criticisms about Brandy Melville's representatives, employees, and clothing sizes. (*See* Dkt. Nos. 50-2 to 50-15.) For example, Redbubble quotes one journal entry to adopt the author's characterization of Brandy Melville's models as "strategically selected 'young, white, skinny, and long-legged' girls." (Dkt. No. 88 at 1 (quoting Dkt. No. 50-10 at 122).)

A statement is "hearsay" when it is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay is not admissible" unless an exception applies. Fed. R. Evid. 802. Here, the declarants who created the Exhibits and are quoted therein did not make their statements while testifying in court. Fed. R. Evid. 801(c)(1). Rather, all of the Exhibits are online postings, articles, videos, and webpages. (Dkt. Nos. Nos. 50-2 to 50-15.) The Exhibits are hearsay, and Redbubble has not identified any exception to their inadmissibility.

Redbubble claims it can circumvent hearsay's evidentiary bar by "us[ing] these documents with Brandy Melville's own identified witnesses." (Dkt. No. 88 at 4.) But that does not advance Redbubble's position: the Exhibits remain inadmissible hearsay because Brandy Melville's witnesses did not create the Exhibits or utter the out-of-

court statements therein. (*See generally* Dkt. Nos. 50-2 to 50-15.)[1]

Federal Rule of Evidence 803(21) also does Redbubble no favors. That rule provides that evidence of "[a] reputation among a person's associates or in the community concerning the person's character" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(21). The Advisory Committee Notes confirm that this rule concerns "reputation evidence as a means of proving **human character**." Fed. R. Evid. 803 advisory committee's note (emphasis added). Brandy Melville is a corporation. And in any event, the Exhibits are not from Brandy Melville's "associates" or "community." (*See generally* Dkt. Nos. 50-2 to 50-15.)

### D. The Exhibits Are Improper Character Evidence That Are Irrelevant and Unfairly Prejudicial

The Opposition does not dispute that the Exhibits are character evidence subject to Federal Rule of Evidence 404's prohibition of character evidence.[2] (Dkt. No. 88 at 4.) Instead, Redbubble argues that an exception applies because Redbubble intends to use the Exhibits to show Brandy Melville's "brand and recognition" are narrower, and its "target market is different[,] than it has portrayed." (*Id.*)

Redbubble's argument is meritless. The Exhibits do not prove anything of the sort. But even if they did, the Exhibits remain irrelevant and subject to—and inadmissible pursuant to—Federal Rule of Evidence 403. Fed. R. Evid. 404 advisory committee's notes (explaining that the admissibility of character evidence "offered for another purpose" is still subject to "Rule 403").

---

[1] In a throwaway argument, Redbubble claims the Exhibits are admissible because "some" of them come from the same sources as Brandy Melville's exhibits. (Dkt. No. 88 at 6.) But Redbubble fails to identify which of Brandy Melville's exhibits it is referencing; and in any event, the Exhibits are still inadmissible because the Opposition confirms Redbubble improperly intends to introduce them for the truth of the matter asserted.

[2] Brandy Melville inadvertently quoted 29 C.F.R. § 18.404, instead of Federal Rule of Evidence 404, in the Motion. (Dkt. No. 50 at 6.)

### III. CONCLUSION

Accordingly, this Court should grant Brandy Melville's Motion *in Limine* No. 1 and exclude Exhibits 584 through 594 and Exhibits 597, 598, and 999, as well as any other similar evidence or argument Redbubble intends to introduce at trial.

DATED: June 4, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
    Keith J. Wesley
    Ryan Q. Keech
    Jason Y. Kelly

By:    */s/ Jason Y. Kelly*
       Jason Y. Kelly
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville