KENNETH B. WILSON  (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT OF DAMAGES**<br><br>Trial Date:  June 15, 2021<br>Time:  9:00 a.m.<br>Courtroom:  850<br>Hon. R. Gary Klausner |

1

## I.   __INTRODUCTION__

When opposing Redbubble's Motion *in Limine* No. 3 ("MIL 3"), [D.E. 57] Plaintiff tacitly admitted to violating Rule 26. In silent recognition of its duties to investigate its damages and supplement its disclosures and discovery accordingly, Plaintiff claimed its failure to provide anything more than vague damages categories was "inadverten[t]." [D.E. 94 at 10.] Plaintiff also dropped its claims for actual damages, presumably because it understood that its Rule 26 violations inexcusably and prejudicially harmed Redbubble, and now "only" seeks disgorgement as well as trebled, statutory, and punitive damages. [D.E. 94-1 ¶ 2.] Yet, despite having had ***almost a year*** to cure its "inadvertent" disclosure failures, Plaintiff ***still*** has neither disclosed *any* analysis of its damages (much less provide theories, evidence, computations, and guidance) nor identified and produced *any* supporting documents.

Plaintiff thus neither does nor can seriously dispute that it is withholding information that Rule 26 requires disclosure of and instead relies on two meritless arguments: (1) its damages are exempt from Rule 26 (although the rule's language has no such exemption); and (2) non-disclosure was justified or harmless. Even if disgorgement relies on Redbubble's sales records, the law requires Plaintiff to apprise Redbubble as to *what specific sales* Plaintiff seeks disgorgement for. Nor does the law absolve Plaintiff of explaining why it believes that this instance of "gotcha" litigation supports maximal statutory damages [D.E. 103 at 14]; the fact that these damages are not computable in the traditional sense does not eliminate the reality that Plaintiff's disclosure failures would, absent court order, force Redbubble to defend, "in the dark", against a potentially large judgment. Indeed, Plaintiff's disclosure failures are particularly egregious when one considers that they would not survive a motion to dismiss, much less support even a default judgment.[1]

---

[1] Also, because Plaintiff's remaining claim is under the Lanham Act, "punitive damages are not available." *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996) [*See* D.E. 115 at 2.] Redbubble thus focuses on the other damages categories.

1    To be clear, Redbubble does not contend that Rule 37(c) mandates dismissal;

2  Plaintiff may still present its liability claims to a jury, and seek injunctive relief,

3  which is, in any event, "the remedy of choice for trademark" cases. *Century 21 Real*

4  *Estate Corp. v. Sandlin,* 846 F. 2d 1175, 1180 (9th Cir. 1988); *see, e.g.*, *Ketab*

5  *Corp. v. Mesriani L. Grp.*, No. CV-1407241-RS-WLM-RWX, 2016 WL 5921767,

6  at *1-2 (C.D. Cal. Mar. 18, 2016) (excluding statutory damages and disgorgement

7  and permitting trial on injunctive relief). However, at this late date—eleven days

8  before trial—Plaintiff's repeated refusal to disclose its damages is neither justified

9  nor harmless. Thus, the only appropriate remedy for Plaintiff's failure to provide

10  required information on an issue where it bears the burden of proof is an order

11  establishing that Plaintiff cannot meet its burden of proving damages as a matter of

12  law, and precluding presentation of Plaintiff's undisclosed damages theories at trial.

13  **II.    <u>PLANTIFF FAILED TO MAKE RULE 26 DISCLOSURES</u>**

14    Rule 26 does not merely require mathematical "damages calculations" (which

15  Plaintiff did not do). *Grouse River Outfitters, Ltd. v. Oracle Corp.*, No. 19-16602,

16  2021 WL 754839, at *3 (9th Cir. Feb. 26, 2021). Rather, Plaintiff was obligated to

17  provide damages "***analys[e]s and explanation[s]***." *Id.* (emphasis added) (citation

18  omitted). It was also required to "disclose" and produce "particularized" supporting

19  documents; and to supplement the aforesaid under Rule 26(e). *Van v. Wal-Mart*

20  *Stores, Inc.*, 678 F. App'x 616, 617 (9th Cir. 2017). These duties exist even if the

21  relief sought relies on defendants' records or asserts uncertain statutory amounts.

22  *See, e.g.*, *id.* (affirming exclusion of defendant's "financial[s]"); *Colombini v.*

23  *Empire Coll. Sch. of L.*, No. C-9704500-CRB, 2001 WL 1006785, at *8 (N.D. Cal.

24  Aug. 17, 2001) (barring "statutory penalties"), *aff'd*, 61 F. App'x 387 (9th Cir.

25  2003); *Agence France Presse v. Morel*, 293 F.R.D. 682, 684–85 (S.D.N.Y. 2013)

26  (barring undisclosed copyright statutory-damages theory even though it was based

27  on information derived "from [defendant-produced] materials"). Notwithstanding

28  Rule 26's express requirement of "a computation of ***each category*** of damages

claimed," Plaintiff argues that disgorgement and statutory damages are exempt from the rule. But neither the rule's language nor this Circuit's law provide for such an exception. *See, e.g.*, *Ketab*, 2016 WL 5921767, at *2. (barring Lanham-Act claimant from seeking statutory damages and disgorgement).

### A.    Computation of Statutory Damages and Supporting Documents

Plaintiff erroneously contends that a party seeking statutory damages need only assert that it is entitled to something within the statutory range to satisfy Rule 26, and that it need not identify any supporting evidence. This ignores the language of Rule 26, Plaintiff's burden of proof for such a claim, and Ninth Circuit authority requiring a relationship between statutory damages and actual damages.

Preliminarily, Plaintiff has failed to identify even the number of statutory damage awards that it seeks, which is uniquely within its possession. Its disclosures merely request "$2 million per registered mark",[2] [D.E. 57-2 at 3] and Plaintiff fails to specify *anywhere* the specific "type[s] of goods" it claims are infringing. 15 U.S.C. § 1117. More fundamentally, Plaintiff's assertion that Rule 26 does not apply to statutory damages simply because they are not computed in the traditional sense ignores the rule that such relief cannot result in "windfall[s]." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) ("[A] plaintiff in a trademark or copyright infringement suit . . . is not entitled to a windfall."); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 615 (C.D. Cal. 2017) (concluding that a statutory-damages "award of $2,000,000" under the Lanham Act "would be a windfall"). [D.E. 94 at 7.] Indeed, since "'[s]tatutory damages are intended as a substitute for profits or actual damage' and should not provide . . . a windfall", *Desiree, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir. 2021), any such "award must bear a plausible relationship to Plaintiff's actual damages," *Michael*

---

[2] Such "conclusory statements" would not even survive a motion to dismiss, much less to satisfy disclosure obligations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK, 2020 WL 7227199, at \*10 (N.D. Cal. Dec. 8, 2020), and requires considering various factual and evidentiary issues, including, *inter alia*, "revenues lost by the plaintiff," the value of the trademark-in-suit, *etc.  Coach Inc. v. Envy*, No. 1:11-CV-1029 LJO GSA, 2012 WL 78238, at \*4 (E.D. Cal. Jan. 10, 2012) (discussing seven factors). Rule 26 thus necessarily requires statutory-damages "computation[s]" that account for the above factual considerations, and courts have properly barred inadequately disclosed statutory-damages claims. *See, e.g.*, *Ketab*, 2016 WL 5921767, at \*2; *see also Monarch Const., Inc. v. Cooper*, No. 8:04-CV-519, 2006 WL 328420, at \*2 (D. Neb. Feb. 10, 2006) ("Referring to the statutory range . . . and stating that" one "will seek something within . . . is not disclosing either the amount or the calculation").

In sum, Plaintiff has the burden of proof on damages, statutory and otherwise, and Rule 26 required it to provide at least "guidance as to the amount of statutory damages it seeks." *Ketab*, 2016 WL 5921767, at \*2.  Plaintiff clearly failed to do so.

## B.    Plaintiff's Disgorgement Disclosures Are Inadequate.

Plaintiff also contends that Rule 26 disclosure requirements do not apply to its disgorgement claim, incorrectly asserting that Redbubble has all relevant information. [D.E. 94 at 7.] Again, this argument ignores not only the language of Rule 26—which contains no exception for disgorgement—but the parties' respective burdens of proof for such a claim, and the information exclusively within *Plaintiff's* possession: namely, which products it claims are infringing. Indeed, since hundreds of potentially accused products may be at issue [*see* D.E. 34-71, D.E. 40-15], it is particularly important for Plaintiff to identify which "subset" of sales it seeks disgorgement of. *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 4169487, at \*3 (N.D. Cal. Nov. 20, 2007) (excluding disgorgement, holding "the mere fact" that evidence "comes from [d]efendants d[id] not excuse" claimant's Rule 26 duties, and noting that although "Defendants [had] information

1  about their own profits in general, that d[id] not mean [they] could determine which

2  subset of their profits in particular Plaintiffs were" seeking disgorgement of).

3        C.    **Plaintiff Improperly Failed to Identify and Produce Documents**

4              **Supporting Its Damages and to Supplement Its Disclosures.**

5        Plaintiff attempts to justify its disclosure failures by falsely accusing

6  Redbubble of withholding information about its own profits. However, in two

7  separate reports, Redbubble promptly produced and updated voluminous sales

8  records in February and May of 2020, which had respectively, 330 potentially-

9  infringing items and an additional 64 accused products;[3] these detailed spreadsheets

10 had every listing Redbubble understood to be potentially at issue, provided seller

11 contact information, total sales, and an estimate of Redbubble's gross profits.

12 [D.E. 34-71, D.E. 40-15.] Even a cursory review of these reports evinces that

13 Redbubble provided far more information than Plaintiff requested. Thus, if

14 anything, Plaintiff's reference to Redbubble's discovery efforts merely highlights

15 Plaintiff's failure to supplement its disclosures under Rule 26(e) with Redbubble's

16 documents.[4]

17 **III.   PLAINTIFF'S FAILURE TO COMPLY WITH ITS RULE 26**

18       **OBLIGATIONS WAS NEITHER HARMLESS NOR JUSTIFIED**

19       Plaintiff has offered no substantial justification for failing to provide any

20 substantive Rule 26 damages disclosure. Preliminarily, Plaintiff's assertion that its

21 disclosure failures were "inadverten[t]" establishes that there was no justification.

22 *See, e.g., Evenflow Plumbing Co. v. Pac. Bell Directory*, No. C-3:04-CV-00795

23 EDL, 2005 WL 954469, at *2 (N.D. Cal. Apr. 26, 2005) (no "justification" where

24

25 ―――――――――――

   [3] Redbubble had produced "most" of its profits data in the February Report. The

26 May Report was necessarily produced later because it concerns goods that

27 Redbubble had subsequently "moderated." [D.E. 68-1 ¶ 9.]

28 [4] Indeed, if necessary, Plaintiff must "supplement" its disclosures with materials
   produced even "after" the discovery "deadline." *Use*, 2007 WL 4169487, at *3

failure "was an oversight"). Nor can Plaintiff excuse itself by blaming Redbubble for not moving to compel. Rule 26 disclosures are explicitly required "without awaiting a discovery request." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019); *see, e.g.*, *Ketab*, 2016 WL 5921767, at *2 (rejecting claimant's argument that it "should be permitted to present evidence of damages because Defendants never conducted discovery"); *Use*, 2007 WL 4169487, at *3 (rejecting argument that defendants "should have simply called [claimant's] counsel to ask about the damages calculation"). Furthermore, Plaintiff's continued refusal to provide basic information necessary for obtaining statutory damages is inconsistent with its stated intention to seek such relief at trial; Plaintiff thus clearly has no excuse for violating Rule 26 on the eve of trial. *See, e.g., Coach, Inc. v. Trendy Texas, LLC*, No. H-16-3150, 2017 WL 4652444, at *5 (S.D. Tex. Oct. 17, 2017) (noting that the "court cannot ascertain the appropriate amount of [statutory] damages" under the Lanham Act "without information about how many marks were infringed"). Also, as explained *supra*, Plaintiff's attempt to blame its own failures on Redbubble's alleged discovery misconduct is both legally and factually meritless.

Finally, Plaintiff's assertion that its Rule 26 violations were harmless because Redbubble can supposedly divine Plaintiff's damages is legally and factually meritless. Even were Redbubble obligated to compute Plaintiff's damages on its own—notwithstanding  the plain language of Rule 26[5]—a statutory-damages computation is not formulaic. Plaintiff has inexplicably failed to include in its Rule 26 disclosures the information needed to assess statutory-damages awards, namely each infringing product type and corresponding trademark registration. And as noted *supra*, although calculating disgorgement requires the Plaintiff to identify specific

---

[5] *See also Ketab*, 2016 WL 5921767, at *3 (Plaintiff cannot "shift" its "mandatory" Rule 26 duties); *accord Reed Constr., Inc. v. James River Ins. Co.*, No. C11-960 MJP, 2012 WL 13024803, at *2 (W.D. Wash. Apr. 6, 2012) (defendant need not "guess at" damages and/or "analyze" documents to "reach its" own assessment).

products, Plaintiff has also refused to do that. Plaintiff should not be allowed to go to the jury with an analysis that it has, to date, refused to provide, since Redbubble has had no opportunity to challenge or test this theory or, if the claim is substantial enough, to retain an expert to rebut it. *See Use*, 2007 WL 4169487, at *3 (barring disgorgement); *Ketab*, 2016 WL 5921767, at *1-2 ("[T]o allow Defendants to prepare an adequate defense . . . the Court would need to reopen fact and expert discovery. . . . Plaintiff's failure to provide a computation of damages is not harmless precisely because it results in the need to reopen discovery"). Indeed, Redbubble would be harmed even if it were, theoretically, able to calculate damages because it is not required to "guess" as to Plaintiff's claimed damages: instead, Redbubble is entitled to *rely on* Plaintiff's disclosures so that it may properly engage in discovery and prepare a defense. *See, e.g.*, *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 4848229, at *7 (W.D. Wash. Sept. 29, 2014).

## IV.    **CONCLUSION**

Plaintiff has unabashedly sought to maximize its potential recovery. Under the federal rules, it must do so by diligently investigating and disclosing the legal and factual bases for any potential monetary relief. However, Plaintiff has willfully

///
///
///
///
///
///
///
///
///
///
///
///

2911-1006 / 1819397

elected, in bad faith, the precise opposite strategy: to sandbag Redbubble on the eve of trial with an undisclosed universe of accused goods, damages theories, and evidence.[6] Redbubble thus respectfully asks that the Court bar Plaintiff from seeking damages.

Dated: June 4, 2021                              COASTSIDE LEGAL
                                                 KENNETH B. WILSON

                                                 ZUBER LAWLER LLP
                                                 JOSHUA M. MASUR
                                                 JEFFREY J. ZUBER
                                                 HEMING XU


                                         By:    _/s/ Joshua M. Masur_____
                                                 Attorneys for Defendant
                                                 REDBUBBLE INC.

---

[6] Redbubble also notes that since Plaintiff has long had access to data probative of damages, its failure to provide adequate disclosures is clearly willful and deserving of sanction. *See, e.g.*, *Rodman v. Safeway, Inc.*, No. 11-CV-03003-JST, 2015 WL 5315940, at *3 (N.D. Cal. Sept. 11, 2015) (finding that even a "failure to look in time" as to information that should have been disclosed is "willful").