KENNETH B. WILSON  (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT OF ALLEGED ACTUAL CONFUSION**<br><br>Trial Date:  June 15, 2021<br>Time:        9:00 a.m.<br>Courtroom:   850<br>Hon. R. Gary Klausner |

1

2911-1006 / 1819047

1  Although Plaintiff Y.Y.G.M. SA ("Plaintiff") never disclosed any "evidence of actual confusion" responsive to Defendant Redbubble, Inc.'s ("Redbubble") discovery requests or in its Initial Disclosures [D.E. 59 at 2–3], Plaintiff has now identified—in its Opposition to Redbubble's Motion *in Limine* No. 5—specific documents cited in its summary judgment papers that it claims establish actual confusion: "Dkt. Nos. [3]6-72, -82, -84, -86, -87, -89."[1]  [D.E. 96 at 1 n.1.]  These documents—a series of vague, electronic communications from a handful of actual or potential buyers of products offered through the Marketplace—are both inadmissible hearsay and irrelevant because they fail to reflect any source confusion. *See, e.g.*, *Matrix Motor Co. v. Toyota Jidosha Kabushiki*, 290 F. Supp. 2d 1083, 1094 (C.D. Cal. 2003) (vague third-party communications, which were "unreliable and nothing more than inadmissible hearsay", could not "substantiate . . . claims of actual confusion"); *Playboy Enters. v. Netscape Comms. Corp.*, 354 F.3d 1020, 1026 (9th Cir. 2004) (requiring "significant numbers of consumers" to show actual confusion).

///
///
///
///
///
///
///
///

---

[1] Plaintiff erroneously refers to these documents as part of D.E. 46; however, in light of the Docket, Plaintiff is clearly referring to D.E. 36.  [*See* D.E 96 at 1 n.1.]  These materials correspond with: (1) "Exhibits 65, 75, 77, 79, 80, and 82", which were filed to support Plaintiff's "Motion for Partial Summary Judgment"; [*ibid*.] and (2) Trial Exhibit Nos. 121, 122, 297, 298, 312, 318, 321, 322, and 324.  [*See* D.E. 149.]

2911-1006 / 1819047

1  However, since Plaintiff has now specified the particular exhibits it plans to
2  introduce at trial to support allegations of actual confusion, Redbubble intends
3  contest the admissibility of these exhibits by raising objections in connection with
4  those specific documents.

6  Dated: June 4, 2021                    COASTSIDE LEGAL
7                                         KENNETH B. WILSON

8                                         ZUBER LAWLER LLP
                                          JOSHUA M. MASUR
9                                         JEFFREY J. ZUBER
                                          HEMING XU

11                                  By:   */s/ Joshua M. Masur*
                                          Attorneys for Defendant
12                                        REDBUBBLE INC.