KENNETH B. WILSON (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8 [D.E. 109] TO BAR PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT OF PRE-NOTICE ALLEGED INFRINGEMENT**<br><br>Trial Date: June 15, 2021<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Hon. R. Gary Klausner |

1

## I. INTRODUCTION

Redbubble's Motion *in Limine* No. 8 [D.E. 109] seeks to exclude evidence of alleged infringements (the "Excluded Evidence") that are legally incapable of supporting Plaintiff's surviving claim, for contributory liability. Courts have repeatedly applied Fed. R. Evid. ("FRE") 401-03 to bar evidence of collateral infringements ("Unrelated Violations") because such evidence: (1) is not probative of whether infringements *at issue* occurred ("Violations-At-Issue"); (2) prejudicially invites juries to infer liability for Violations-At-Issue based on Unrelated Violations; and (3) requires mini-trials as to whether Unrelated Violations are infringements.

## II. THE EXCLUDED EVIDENCE IS INADMISSIBLE UNDER FRE 401-403.

### A. The Excluded Evidence only concerns Unrelated Violations.

Even if someone had previously infringed other assets of the same claimant,[1] evidence of Unrelated Violations is "facially irrelevant" as to "whether" specific Violations-At-Issue "occurred." *Creative Co-Op, Inc. v. Elizabeth Lucas Co., LLC*, No. CV 11-116-REB, 2012 WL 761732, at *3 (D. Idaho Mar. 7, 2012). There is also "ample authority excluding" such evidence under FRE 403 (*id.* at *3 n.2.), because it paints defendants as serial lawbreakers, invites juries to find liability based on past acts, and requires confusing and dilatory mini-trials regarding Unrelated Violations. *See, e.g.*, *Carlsson v. Barnes*, No. CV156049DMGAJWX, 2017 WL 10378340, at *2 (C.D. Cal. May 9, 2017) ("evidence" of "unrelated" infringement "would cause

---

[1] *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544-KAM-GRB-, 2019 WL 2330855, at *15 (E.D.N.Y. May 31, 2019) (excluding evidence defendant "was aware of" and had "copied other [claimant] patents" since "copying [of] materials unconnected" to "patents-in-suit" was not "probative of willful infringement"); *Santrayll v. Burrell*, No. 91 CIV. 3166 (PKL), 1998 WL 24375, at *3 (S.D.N.Y. Jan. 22, 1998) (barring copyright claimant from introducing "evidence of copying by [defendant] in his prior works" because it had "no relevance").

. . . prejudice, undue delay, and confusion"); *Solvay, S.A. v. Honeywell Int'l Inc.*, 886 F. Supp. 2d 396, 410 (D. Del. 2012) (same).

The Excluded Evidence is inadmissible to support Plaintiff's claim because it only concerns Unrelated Violations. The Excluded Evidence includes: (1) pre-notice evidence of infringements, *i.e.*, evidence pre-dating Redbubble's awareness of *specific marks* at issue and accused *goods* ("Unrelated-Infringement Evidence");[2] (*see* notes 3-4, *infra*.) and (2) evidence of activities that legally cannot constitute counterfeiting ("Unrelated-Counterfeiting Evidence"). *See* note 6, *infra*. A counterfeiting claim "requires that [an infringing] mark" be "'identical to [a] registered, genuine mark of another,'" where "'the genuine mark was registered for use on the same goods to which the infringer applied [its] mark.'" [D.E. 103 at 12 (citation omitted).] Thus, for any mark Plaintiff asserts ("Asserted Registered Mark"), activities either pre-dating registration or regarding goods not covered by the registration cannot support counterfeiting. *Id.* As a result, Unrelated-Infringement and Unrelated-Counterfeiting Evidence are inadmissible under FRE 401-03 to support Plaintiff's claim.

B.   **The Excluded Evidence is inadmissible for showing state of mind.**

Despite Plaintiff's reliance on inapposite authority, [*see* D.E. 118 at 9] courts have repeatedly held evidence like the Excluded Evidence irrelevant to contributory-liability scienter. Unrelated-Infringement Evidence is irrelevant because it concerns times when Redbubble lacked notice of Violations-At-Issue; thus, this evidence—which at most shows general knowledge of possible infringement[3] or of Unrelated

---

[2] [*See also* D.E. 103 at 6 ("'[C]ontemporary knowledge of which particular listings are infringing or will infringe in the future is necessary.'") (citation omitted).]

[3] *E.g.*, *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020) (claimant's copyright-infringement notices to defendant only provided a "'generalized knowledge . . . of the possibility of infringement'" instead of "'actual knowledge of *specific acts* of infringement'", such that the notices were "legally

Violations[4]—fails to apprise Redbubble of *specific* Violations-At-Issue.[5] Unrelated-Counterfeiting Evidence is also irrelevant because it cannot support Plaintiff's claim and thus cannot give notice of any counterfeiting. Evidence of events pre-dating registration of Asserted Registered Marks also concerns timeframes where there could not have been counterfeiting; similarly, evidence of goods *not* covered by said registrations cannot support counterfeiting claims either.[6] Moreover, even if the Excluded Evidence were probative of scienter, courts have consistently applied FRE 403 to exclude it.[7]

---

irrelevant" to contributory-liability issues (citations omitted) (emphasis in original)).

[4] *E.g.*, *Free Kick Master LLC v. Apple Inc*, No. 15-CV-3403-PJH, 2016 WL 777916, at *14 (N.D. Cal. Feb. 29, 2016) (cease-and-desist "letter" was "irrelevant" since it "identifie[d] only [allegedly infringing] two apps" and "neither [app] use[d] asserted] marks", such that the letter "failed to" give requisite "knowledge"); *Fabric Selection, Inc. v. NNW Imp., Inc.*, No. 2:16-CV-08558-CAS-MRWx, 2018 WL 1779334, at *7 (C.D. Cal. Apr. 11, 2018) (excluding evidence because "each defendant's involvement in unrelated [copyright] claims" was "irrelevant to" a contributory-copyright infringement claim of "willfulness").

[5] Similarly, willful blindness also requires deliberate, subjective avoidance as to "specific facts" that "would establish knowledge." *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013) ("Willful blindness of *specific* facts would establish knowledge for contributory liability." (emphasis added)); *see, e.g.*, *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085, at *49 (C.D. Cal. Sept. 10, 2015) (no liability where defendant was not "willfully blind to any specific evidence of infringement").

[6] *E.g.*, *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000) (evidence pre-dating "registration" not "probative of . . . intent or willfulness"); *Coach, Inc. v. Citi Trends, Inc.*, No. CV 17-4775 DMG (KSX), 2019 WL 6354367, at *8–10 (C.D. Cal. Oct. 23, 2019) (barring counterfeiting theory based on accused goods not covered by registration); *Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 325 (S.D.N.Y.) (rejecting argument defendant behaved in "bad faith" based on constructive notice of registrations, which were "irrelevant" to "intent" since they did not cover allegedly infringing uses), *aff'd sub nom. Paco Sport, Ltd. v Paco Rabanne Perfumes*, 234 F.3d 1262 (2d Cir. 2000).

[7] *E.g.*, *Fahmy v. Jay Z*, No. 207CV05715CASPJWX, 2015 WL 5680299, at *15

Plaintiff nevertheless contends that the Excluded Evidence is relevant to show Redbubble's purported "constructive notice." [D.E. 118 at 9.] However, since none of Plaintiff's rationales are sufficient to apprise Redbubble of *specific* Violations-At-Issue, Plaintiff's argument in favor of relevancy is unavailing. Awareness that a mark may be infringed is irrelevant since this notifies Redbubble of neither specific asserted marks nor particular infringing listings at issue;[8] indeed, even a history of Unrelated Violations of Plaintiff's marks on Redbubble's Marketplace would be irrelevant to whether Redbubble had specific notice of Violations-At-Issue.[9] Nor is there specific knowledge merely because Redbubble was aware its offerings had been used in connection with an allegedly large volume of Unrelated Violations of Plaintiff intellectual property. *See, e.g.*, *ALS*, 819 F. App'x at 524 ("number of" notices sent by claimant "legally irrelevant" where they gave "at most a general knowledge" of "likely" future infringement). Also, Plaintiff's position—that the Excluded Evidence is relevant because Redbubble's awareness of Unrelated Violations supports an inference it knowingly contributed to Violations-At-Issue—is

---

(C.D. Cal. Sept. 24, 2015) (barring evidence of "unrelated copyright infringement" under FRE 403 and rejecting contention it was "relevant to" scienter); *Coach, Inc. v. Citi Trends, Inc.*, No. CV 17-4775-DMG (KSX), 2019 WL 944577, at *3 (C.D. Cal. Jan. 10, 2019) (barring discovery of accused goods not at issue under FRE 403).

[8] *E.g.*, *Fancaster, Inc. v. Comcast Corp.*, 832 F. Supp. 2d 380, 418–19 (D.N.J. 2011) ("cease and desist letters" as to use of "fancaster mark" for amateur broadcasting "not probative" of scienter for Violation-At-Issue, *i.e.*, whether use of "FANCAST mark" for "premium mainstream media" infringed claimant's "fancaster mark", because letters concerned "an entirely different product and mark than FANCAST [did]"), *vacated on other grounds* (July 31, 2012).

[9] *See, e.g.*, *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493–94 (D. Del. 2010) (excluding evidence of "alleged prior copying" by defendant of other claimant products because it was "irrelevant" even though claimant "argue[d] that" such evidence is "directly tied to [defendant's] awareness of and intent to copy" the patented product at issue because defendant had "followed [its] products and patents closely, and routinely c[a]me out with similar ones" (last alteration in original)).

2911-1006 / 1690160

clearly barred by FRE 403. Allowing such a theory before the jury would create "sideshow[s]" as to whether Unrelated Violations were truly illegal. *E.g.*, *Coach*, 2019 WL 944577, at *3 (rejecting argument Unrelated Violations of counterfeiting shows defendants' willfulness since this requires "jury "to make . . . finding[s] regarding whether" these violations actually constituted counterfeiting).

Plaintiff further argues that "*pre*-notice evidence of" Redbubble's role in Unrelated Violations is relevant to its alleged "*post*-notice willful blindness" because pre-notice evidence can supposedly show that Redbubble intentionally fails to prevent infringement. [D.E. 109 at 9-10 (emphases added).] However, logic and case law hold that *pre*-notice evidence of *past* Unrelated Violations is irrelevant to Redbubble's scienter regarding *subsequent* Violations-At-Issue.[10] This argument also violates FRE 403 because: (1) Plaintiff essentially wants to rely on character evidence; and (2) evidence of Redbubble's sales and/or profits unrelated to Violations-At-Issue may confuse the jury as to damages.[11]

Plaintiff next argues that the Excluded Evidence is relevant to whether Redbubble addressed Violations-At-Issue. However, since the Excluded Evidence neither concerns nor apprises Redbubble of any specific Violations-At-Issue, it is

---

[10] *Fabric* rejected an argument very similar to Plaintiff's. 2018 WL 1779334, at *7 (barring contributory-infringement claimant from using evidence of "each defendant's involvement in" Unrelated Violations to show willfulness because such evidence was "irrelevant", and rejecting argument that evidence was "directly relevant to: "(1) defendants' knowledge of their obligations under the Copyright Act; (2) [a defendant's] business plan of intentionally not instituting measures to prevent copyright infringement; and [(3)] [defendants'] desire to make certain business changes only when it bec[a]me[] economical to do so").

[11] *Fabric*, 2018 WL 1779334, at *7 (evidence of "habit of infringing" was "prejudicial"); *Nat'l Prod., Inc. v. Arkon Res., Inc.*, No. C15-1553-JPD, 2017 WL 5499801, at *13 (W.D. Wash. Nov. 16, 2017) (barring claimant from using pre-notice evidence of "financial" information concerning Unrelated Violations because it would inflate defendant's reported sales figures, so as to "result in substantial confusion for the jury regarding the available damages and profits").

1 irrelevant to the sufficiency of any responses to Violations-At-Issue.[12] Plaintiff also
2 fails to explain why it must use Unrelated Violations to show that Redbubble
3 purportedly facilitates Violations-At-Issue.[13] Indeed, Plaintiff's Opposition shows it
4 can make such arguments without discussing Unrelated Violations. [*See* D.E. 109 at
5 10.]
6       Finally, even if the Excluded Evidence were probative of Redbubble's
7 scienter and operations, FRE 403 would still bar such evidence.[14] Although Plaintiff
8 contends that FRE 403 is no bar because the Excluded Evidence is relevant, this
9 argument merely rehashes Plaintiff's meritless relevancy arguments. *See* Section
10 II.1., supra. Nor does Plaintiff address the prejudices that would arise from
11 introducing the Excluded Evidence, even though Redbubble's Motion *in Limine*
12 No. 8 expressly contended that Plaintiff "should not be permitted on pile on
13 irrelevant and inflammatory accusations of infringement." [D.E 109 at 4.]
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[12] *E.g.*, *ALS*, 819 F. App'x at 524 (rejecting contention that contributory-liability defendant's duty to take action varies with "the number of [infringement] notices [sent by copyright claimant]" wherein said notices concerned Unrelated Violations).

[13] *E.g.*, *United States v. Ulbricht*, 79 F. Supp. 3d 466, 492 (S.D.N.Y. 2015) ("Evidence of uncharged contraband" was "not probative of [defendant website operator's] knowledge and intent" as to the "policies governing" the sale of contrabands for which he was charged because prosecutors could "present" evidence of said policies "without referencing any uncharged contraband").

[14] Also, none of Plaintiff's FRE 403 cases has remotely close facts. [D.E. 118 at 10.]

## III. CONCLUSION

For the above reasons, Redbubble respectfully asks that MIL No. 8 be granted [D.E. 109] and Plaintiff's request for sanctions be denied. [D.E. 118 at 5-6.]

Dated: June 4, 2021

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER LLP
JOSHUA M. MASUR
JEFFREY J. ZUBER
HEMING XU

By: */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.