BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:  Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION**<br><br>Date:    June 15, 2021<br>Time:   9:00 a.m.<br>Crtrm.:  850<br><br>PTSC Date:   May 24, 2021<br>Trial Date:   June 15, 2021 |

1832248.1

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION

## I. INTRODUCTION

Redbubble's Amended Opposition (Dkt. No. 117) to Brandy Melville's Motion *in Limine* No. 3 (Dkt. No. 52; the "Motion") mischaracterizes the record in an effort to introduce evidence that it wrongfully withheld from discovery. This Court should grant Brandy Melville's Motion and preclude Redbubble from providing testimony at trial that it was unable or unwilling to provide during its Rule 30(b)(6) deposition.

## II. ARGUMENT

### A. The Issue Is Not Moot

There is no merit to Redbubble's argument that the Motion should be denied because "[t]he SJ Order moots [this Motion]." (Dkt. No. 117 at 3; *see also id.* at 1 (characterizing this issue as "mooted by this Court's grant of summary judgment that Redbubble has not engaged in vicarious infringement").) This Court denied Redbubble's motion for summary judgment as to Brandy Melville's claim for contributory infringement and counterfeiting based on the theory that, among other things, Redbubble "maintain[s] a state of 'willful blindness' simply by understaffing its marketplace integrity organization relative to the amount of content on its site." (Dkt. No. 103 at 9.) The video in question—and the testimony Redbubble's corporate representative was unwilling and unable to provide—concerned "Redbubble's corporate structure and business model, particularly with respect to Redbubble's production, sale, and distribution of products purchased on the Redbubble website." (Dkt. No. 52 at 5.) That evidence is directly relevant to Brandy Melville's claims which the jury will decide. Brandy Melville will prove Redbubble's willful blindness by, among other things, showing that Redbubble knows about what it is selling on its website, but willingly turns a blind eye to the counterfeiting and infringement on the Redbubble website in order to grow its profits.

Because such evidence is relevant to the remaining claims, the Motion should not be denied on mootness grounds.

/ / /

B. **<u>Redbubble Did Not Satisfy Its Rule 30(b)(6) Obligations and Should, Therefore, Be Sanctioned</u>**

The Opposition incorrectly contends that the record "lacks any factual basis to find that Redbubble violated Rule 30(b)(6). (Dkt. No. 117 at 5.) In its Motion, Brandy Melville spelled out Redbubble's discovery obligations, Redbubble's failure to adequately prepare its witness to testify, and the information Redbubble failed to provide at deposition. (Dkt. No. 52 at 3-6.) More specifically, Redbubble agreed to testify about its corporate structure and business model, but then its witness failed to testify about a video Redbubble created for its shareholders—which the witness was familiar with—that detailed elements of Redbubble's business model that are critical to this case. (*Id.* at 8-9.)

Because these facts are so clear and on point, Redbubble attempts to change the context by arguing that it "was not 'required to be omniscient as to the areas that [it would] be expected to testify.'" (Dkt. No. 117 at 6.) But that is not what Brandy Melville or the case law demands, and Redbubble's witness was nowhere near "omniscient" on the topic at hand. To the contrary, the witness—as Redbubble's counsel admitted on the record—had "not been educated." (Dkt. No. 52 at 8-9.)

In such cases, presenting an unprepared witness "is tantamount to a failure to appear." *U.S. v. Taylor*, 166 F.R.D. 356, 363 (M.D. N.C. 1996). And "the testimony given by the non-responsive deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial." *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) (citing *Taylor*, 166 F.R.D. at 362; *Rainey v. v. Am. Forest and Paper Assoc.*, 26 F. Supp. 2d 82, 94-95 (D. D.C. 1998)); *see also* Fed. R. Civ. P. 37; *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268-69 (2d Cir. 1999). To allow Redbubble to stray from its deposition testimony would be unfairly prejudicial to Brandy Melville, Fed. R. Evid. 403, particularly because Redbubble did not produce its witness for deposition until the close of discovery. *Cf. LA Printex Indus., Inc. v. Target Corp.*, No. 06-cv-4641, 2008 WL

11342964, at *4 (C.D. Cal. Aug. 11, 2008) (denying motion *in limine* where unprepared witness's deposition occurred almost four months before the close of discovery).

### III. CONCLUSION

Accordingly, this Court should grant Brandy Melville's Motion *in Limine* No. 3.

DATED: June 4, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Keith J. Wesley
   Ryan Q. Keech
   Jason Y. Kelly

By:    */s/ Jason Y. Kelly*
      Jason Y. Kelly
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

1832248.1

-4-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 3 TO PRECLUDE TESTIMONY NOT PROVIDED IN DEPOSITION