KENNETH B. WILSON  (SBN 130009)
  *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
  *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
  *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>REDBUBBLE INC.,<br><br>                    Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 9 [D.E. 110] TO BAR PLAINTIFF FROM INTRODUCING UNDISCLOSED EVIDENCE OR ARGUMENT OF COUNTERFEITING**<br><br>Trial Date:      June 15, 2021<br>Time:              9:00 a.m.<br>Courtroom:      850<br>Hon. R. Gary Klausner |

I.  **INTRODUCTION**

Redbubble's Motion *in Limine* No. 9 [D.E. 110] seeks to bar Plaintiff from introducing undisclosed evidence supporting its contributory-counterfeiting claim ("Undisclosed Evidence"). Fed. R. Civ. P. ("Rule") 37(c) sanctions are routinely and automatically imposed where, as here, Plaintiff violated Rule 26 by failing—and indeed, refusing in bad faith—to timely provide Undisclosed Evidence, only to ambush Redbubble on summary judgment with these materials.

II.  **PLAINTIFF FAILED TO TIMELY PRODUCE EVIDENCE**

Plaintiff's Rule 26(a)(1)(A)(ii) disclosures identify: "[p]ictures and samples of [its] trademarks and products", "[p]ictures and [Internet] printouts" concerning the Parties' "businesses, trademarks, and products", and "[d]ocuments related to [its] sales and channels of marketing and distribution." [D.E. 94 at 10; 110-3 at 4.] Redbubble thus served requests for production ("RFPs") for Undisclosed Evidence that encompassed these disclosed materials. [D.E. 110-4 (*see, e.g.*, RFP Nos. 5, 8, 12, 14, 26, 28-29, 34).] However, Plaintiff refused to produce, *inter alia*, documents regarding goods sold under its asserted marks, uses for said marks, and accused products. [D.E. 94-2 at 1.] Ultimately, Plaintiff neither adduced *any* evidence of use for the Brandy Flag Mark, nor provided enough evidence of use for the LA Lightning and Brandy Heart Marks to enable a comprehensive comparison of Plaintiff's products with alleged counterfeit ones.[1] [*See* D.E. 103 at 14–16).]

In addition, with regard to its purported evidence of use for the Brandy Heart Mark, Plaintiff sandbagged Redbubble at summary judgment with photos of wall hangings and clothing tags that were not produced even though Plaintiff's own disclosures clearly identify these materials as in its possession.[2] Nor can this

_____

[1] The Brandy Flag, Brandy Heart, and LA Lightning Marks are covered by, respectively, USPTO Reg. Nos. 5,373,397, 5,238,856, and 5,748,883. [D.E. 103.]

[2] [*See* D.E. 36-61 (clothing tags); 103 at 14–16 (discussing counterfeiting evidence); 110-3 at 4 (disclosures); 119 at 10-11 (evidence "filed" at summary judgment).]

1 evidence support counterfeiting because: (1) the corresponding registration does not

2 cover wall hangings; and (2) there is no evidence of any accused products using the

3 mark on clothing *tags*. [*See* D.E. 103 at 14–16; D.E. 110 at 5-6.]

4 **III.   PLAINTIFF VIOLATED RULE 26.**

5        Plaintiff had to provide "a copy" or "description" of "all documents" in "its

6 possession" that it "may use to support its claims", Rule 26(a)(1)(A)(ii), and thus

7 had a duty to identify the Undisclosed Evidence, which is relevant to, and needed

8 for, "prov[ing] the elements of [its counterfeit] claim[]." *Marin v. Evans*, No. CV-

9 06-3090-RWH, 2008 WL 2937424, at *7 (E.D. Wash. July 23, 2008). Also, despite

10 Plaintiff's contrary arguments, mere identification of such evidence is insufficient:

11 in response to Redbubble's RFPs, Plaintiff had to produce what it had disclosed,

12 and, if necessary, supplement its RFP responses.[3] Rule 26(e). Here, Plaintiff

13 violated Rule 26 by failing to timely identify and produce Undisclosed Evidence in

14 its "possession." *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287,

15 311 (S.D.N.Y. 2015). Specifically, Plaintiff failed to timely: (1) identify what

16 accused products are alleged counterfeits;[4] and (2) produce evidence of its own use

17

18 ────────────────

19 [3] *E.g.*, *Farouk Sys., Inc. v. Chi Nail Franchises, LLC*, No. CV 13-7533 FMO (SHX),

20 2015 WL 12781705, at *4 (C.D. Cal. Nov. 19, 2015) (sanctioning mark owner for failing to "produc[e]" items that were "identified" in its "disclosures"); *BWP Media*

21 *USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015 WL 347197, at *3–4 (W.D. Wash. Jan. 23, 2015) (excluding "materials" that were disclosed and

22 requested for, but unproduced; disclosed documents must be produced in response

23 to even "informal requests"); *Capitol Fed. Sav. Bank v. E. Bank Corp.*, No. CIV.A. 07-11342-RCL, 2007 WL 7309743, at *6 (D. Mass. Dec. 3, 2007) (excluding

24 evidence because trademark owner failed to "supplement" RFP responses).

25 [4] *E.g.*, *Exclaim Mktg., LLC v. Directv, LLC*, No. 5:11-CV-684-FL, 2014 WL

26 12626359, at *2–3 (E.D.N.C. Nov. 18, 2014) (excluding untimely "evidence of [trademark] infringement" claim); *Codename Enterprises, Inc. v. Fremantlemedia*

27 *N. Am., Inc.*, No. 16CIV1267ATSN, 2018 WL 3407709, at *3 (S.D.N.Y. Jan. 12,

28 2018) (excluding "documents" pertinent to "trademark infringement analysis").

of the Brandy Flag and Heart Marks to allow, with regard to *registered goods*, a stitch-for-stitch comparison of copying.[5] Section II, *supra*.

## IV.   THE UNDISCLOSED EVIDENCE SHOULD BE EXCLUDED.

### A.   Rule 37(c)(1) sanctions are self-executing.

"Rule 37(c)(1) provides a self-executing sanction" for Rule 26 violations. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 409 (E.D.N.C. 2014). Thus, where, as here, Plaintiff "fails to", *inter alia* "properly supplement or correct its responses to a[n RFP as required by Rule 26(e), [it] faces the automatic sanctions" unless "'the failure was substantially justified or is harmless.'" *Id.* (quoting Rule 37(c)). Plaintiff's argument that Rule 37(c) should not apply because Redbubble did not move to compel is thus meritless and contradicts *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, which held that such sanctions apply even absent "violat[ions]" of discovery "order[s]." 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted); 8B Wright & Miller, Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.) (Rule 37(c) sanctions apply "automatic[ally]" without "mov[ing] to compel). Also, Plaintiff's assertion that preclusion is only rarely granted is meritless: in "'the *ordinary* case, violations of Rule 26 may warrant evidence preclusion.'"[6] *Ingenco Holdings, LLC v. ACE Am. Ins. Co.*, C13-543RAJ, 2016 WL 4703758, at *2 (W.D. Wash. Sept. 7, 2016) (emphasis added). Courts have often imposed sanctions where, as here, Plaintiff failed to produce disclosed information until long after the discovery cut-off; under such circumstances, exclusion is "'not only permissible, but salutary.'" *Taylor v.*

---

[5] *Farouk*, 2015 WL 12781705, at *4 (excluding evidence of goods offered under asserted marks where, although claimant "had identified" said evidence in its Rule 26(a) disclosures", it had failed to timely produce them); *Specht v. Google Inc.*, 758 F. Supp. 2d 570, 578–79 (N.D. Ill. 2010) (refusing to consider trademark owner's "late-produced material" proffered "to show bona fide uses"); *FLP LLC v. Wolf*, No. CV-17-00214-PHX-DGC, 2019 WL 283648, at *6–7 (D. Ariz. Jan. 22, 2019) (excluding mark owner's "evidence of use" it had "fail[ed] to disclose").

[6] *Accord Hagan*, 2009 WL 689740, at *3 ("'[E]xclusion is the ordinary remedy.'").

2911-1006 / 1701303

1  *Thomas*, 624 F. App'x 322, 329 (6th Cir. 2015) (affirming exclusion of undisclosed
2  testimony "first disclosed" in "response to [a] motion for summary judgment").

3         **B.    Plaintiff shows neither justification nor harmlessness.**

4         Plaintiff may avoid exclusion *only if* it meets *its* "burden" of showing that its
5  Rule 26 violations were "substantially justified or harmless." *Yeti*, 259 F.3d at
6  1106–07. It is an "abuse[ of] discretion" to "plac[e] the burden of proof on
7  [movants] to prove" the propriety of Rule 37(c) sanctions. *In re Souza*, No. AP 14-
8  01082, 2016 WL 7436452, at *4 (B.A.P. 9th Cir. Nov. 17, 2016).

9         However, Plaintiff cannot justify its failure to timely produce Undisclosed
10  Evidence: producing evidence for the first time after discovery closed to support
11  summary-judgment briefing is *per se* unjustified.[7] Also, given Redbubble's repeated
12  requests for this evidence and its importance to Plaintiff's quest for statutory
13  damages, it was inconceivable for Plaintiff not to have realized the need to timely
14  produce this information.[8] Indeed, its failures are particularly egregious because its
15  disclosures identified Undisclosed Evidence as in its possession. *E.g.*, *Farouk*, 2015
16  WL 12781705, at *5 (failure to produce various "items" not "substantially justified"
17  given that trademark owner had identified these items in its disclosures).

18         Tellingly, Plaintiff does not explain why it failed to produce the Undisclosed
19  Evidence and instead argues that Redbubble should have moved to compel. [D.E.
20  119 at 11-13.] However, Plaintiff cannot "justif[y]" its failures by "blaming"

---

22  [7] *See Codename* 2018 WL 3407709, at *3 (excluding evidence where, "in an
23  attempt to rebut the arguments in [d]efendant's [summary judgment motion],"
trademark claimant "made additional searches of the unproduced documents").
24  [8] *E.g.*, *Exclaim,* 2014 WL 12626359, at *2–3 (mark owner's failure to disclose
25  "evidence of the infringement" unjustified where defendant "had propounded one or
26  more" RFPs); *Hagan*, 2009 WL 689740, at *1–2 (excluding undisclosed testimony
*necessary* to support "[a]n essential element of [claimant's] claim" and holding the
27  disclosure failure unjustified because "no reasonable person could have believed
28  that[, under the circumstances,] disclosure was not required").

Redbubble. *Ingenco*, 2016 WL 4703758, at \*3; *accord Beach Mart*, 302 F.R.D. at 410–11 ("[T]he rule is not that [Redbubble] must go out and find responsive documents. Rather . . . [Plaintiff] may not withhold.") Thus, because Redbubble's RFPs "covered" the Undisclosed Evidence, Plaintiff "had the duty to . . . produce."[9] *Id.* Plaintiff's arguments to the contrary "improperly attempt to shift the burden of discovery" and contradict "the spirit and purpose of the discovery rules." *Id.*

Nor was Plaintiff's failure to produce Undisclosed Evidence harmless: this evidence, which is "highly probative" of the merits of Plaintiff's counterfeiting claim, was not produced until discovery "close[d]" such that Plaintiff's Rule 26 violations "deprive[d] [Redbubble] of the ability to investigate or rebut the evidence" through, *e.g.*, a deposition or otherwise investigating the evidence."[10] *Codename*, 2018 WL 3407709, at \*3. Moreover, Plaintiff's failures prevented Redbubble from conducting "discovery that could 'be used to refute'" the Undisclosed Evidence. *Hagan*, 2009 WL 689740, at \*2. Indeed, despite Plaintiff's contrary assertions, Redbubble has already been harmed. "[U]ntimely disclos[ed]" evidence may prejudicially "impact[] decisions already" during litigation. *Farouk*, 2015 WL 12781705, at \*5. Here, Redbubble's discovery decisions were informed

---

[9] Nor is it a defense to argue that Redbubble's RFPs are "overbroad." [D.E. 119 at 10 n.5.] Plaintiff's duty to produce responsive documents exists regardless of whether Redbubble had "fail[ed] to narrow the scope of any" formal or informal discovery requests, where, as here, the Undisclosed Evidence is "obviously relevant." *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12CV2079-GPC KSC, 2014 WL 2919518, at \*11–12 (S.D. Cal. June 27, 2014) (compelling production of documents identified in claimant's Rule 26 disclosures).

[10] *Accord Moroccanoil*, 2014 WL 5797541, at \*8 (excluding evidence of confusion disclosed "nearly four months after" discovery closed, such that defendant had "not been left with adequate time to investigate or rebut this new evidence"); *Ferrellgas, L.P. v. Best Choice Prod.*, No. 1:16CV259, 2017 WL 3142044, at \*3–4 (M.D.N.C. July 24, 2017) (Rule 26 disclosures were not harmless where movant was lost it "opportunity to test" the excluded evidence because "discovery" had long closed.).

1   by Plaintiff's inability to produce counterfeiting evidence and testimony by its

2   personnel that such evidence did not exist as to clothing. [*See* D.E. 126 at 4 n.2

3   (apart from clothing tags, the Brandy Heart Mark does not appear on clothing).]

4   Thus, it would be especially harmful for Plaintiff to now proffer Undisclosed

5   Evidence.[11] Furthermore, introducing such evidence would be disruptive since the

6   only way to cure the above harms would be to re-open discovery, which itself would

7   cause more prejudice to Redbubble and the Court.[12]

8          Finally, Plaintiff's contention—that the Undisclosed Evidence is important—

9   actually favors exclusion. Assessments "concerning the importance of the evidence"

10  to be excluded must be made "'from the perspective of both'" parties because "the

11  fact that certain evidence is helpful to a party's case . . . also shows 'why it should

12  have been disclosed in a timely manner.'" *Exclaim*, 2014 WL 12626359, at *3

13  (citation omitted). Thus, exclusion is appropriate even if the Undisclosed Evidence

14  is important to Plaintiff, particularly since: (1) despite this evidence's purported

15  importance, Plaintiff still failed to timely produce it; and (2) this failure prevented

16  Redbubble from investigating and rebutting this information.[13] Also, "[t]o permit

17  entirely unexplained Rule 26 violations to go unsanctioned whenever" evidence "is

18  sufficiently important" would "perverse[ly] incentiv[ize]" Plaintiff to continue

19

20  _____

21  [11] *E.g.*, *Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, No. 14 C 206, 2018 WL
    3533315, at *9 (N.D. Ill. July 23, 2018) (finding prejudice where party "focused its
22  discovery" in light of trade-dress claimant's "testimony).

23  [12] *E.g.*, *Farouk*, 2015 WL 12781705, at *5 (reopening discovery imposes "'financial
    cost[s]'" and "'disrupt[s]'" "schedules'" (citation omitted)); *Toyo*, 2018 WL
24  3533315, at *9 ("reopening fact discovery" would "result in further delay and
    litigation costs"); *Hagan*, 2009 WL 689740, at *2 (reopening discovery would
25  require "significant[ly] modif[ying] . . . th[e C]ourt's and the [P]arties' schedules").

26  [13] *E.g.*, *Codename*, 2018 WL 3407709, at *3 (excluding evidence even though it was
27  "important" because the untimely production of "highly probative evidence . . .
    deprive[d d]efendant of the ability to investigate or rebut the evidence").

28

1  "spring[ing] especially large and surprising disclosures" so as to "'sandbag[]'"

2  Redbubble. *Agence France Presse v. Morel*, 293 F.R.D. 682, 687 (S.D.N.Y. 2013).

3  **C.    Plaintiff behaved in bad faith.**

4  Plaintiff also argues that it did not act in bad faith and merely introduced the

5  Undisclosed Evidence "in connection with" its summary-judgment briefings. [D.E.

6  119 at 13.] However, Rule 37 "applies irrespective of . .. bad faith." *Farouk*,  2015

7  WL 12781705, at *6. Also, Plaintiff's conduct was manifestly in bad faith: despite

8  repeated requests from Redbubble, Plaintiff failed to timely produce Undisclosed

9  Evidence, only to sandbag Redbubble during summary judgment.[14] Indeed, even

10  Plaintiff's arguments in its Opposition regarding, *e.g.*, Redbubble's supposed

11  "failure to move to compel" and Plaintiff's "objections" to Redbubble's RFPs,

12  [D.E. 119 at 9-10] "amount to . . . gamesmanship." *Beach Mart*, 302 F.R.D. at 411.

13

14  Dated: June 4, 2021                    COASTSIDE LEGAL
                                          KENNETH B. WILSON
15
16                                        ZUBER LAWLER LLP
                                          JOSHUA M. MASUR
17                                        JEFFREY J. ZUBER
                                          HEMING XU
18
19                                   By:  */s/ Joshua M. Masur*
                                          Attorneys for Defendant
20                                        REDBUBBLE INC.
21
22
23
—————————————
24  [14] *E.g.*, *BWP*, 2015 WL 347197, at *5–6 (refusal "to provide" materials despite "informal discovery request" and reliance on said materials "g[a]ve the appearance of gamesmanship"); *Tablizo v. City of Las Vegas*, No. 214CV00763APGVCF, 2018 WL 4258504, at *1 (D. Nev. Sept. 6, 2018) ("[r]epeated failures to comply with Rule 26(a)[]" and the movant's requests gave "the appearance of bad faith."), *aff'd*, 800 F. App'x 612 (9th Cir. 2020); *New World*, 150 F. Supp. 3d at 309 (finding "bad faith" where claimant had "submit[ted] a declaration in connection with [its] Summary Judgment Motions with highly relevant information").