KENNETH B. WILSON  (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 jmasur@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
 jzuber@zuberlawler.com
HEMING XU  (SBN 302461)
 hxu@zuberlawler.com
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>REDBUBBLE INC.,<br><br>            Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE OF AND ARGUMENT REGARDING PLAINTIFF'S OWN OPERATIONS THAT WAS NOT PRODUCED OR DISCLOSED IN DISCOVERY**<br><br>Trial Date:   June 15, 2021<br>Time:            9:00 a.m.<br>Courtroom:   850<br>Hon. R. Gary Klausner |

2911-1006 / 1819046

1

In response to Defendant Redbubble, Inc.'s ("Redbubble") Motion *in Limine* No. 10 ("MIL 10")—which seeks to exclude only evidence of Plaintiff Y.Y.G.M. SA's ("Plaintiff") ***offer or sale*** of products displaying two of its registered marks (*i.e.*, the "Brandy Heart" and "Brandy Flags" marks)—Plaintiff does not dispute that it had failed to produce evidence of any such offers or sale during discovery, or at any other point so far in this case.  [*See* D.E. 111 (MIL 10); D.E. 120 (Opposition).] Instead, Plaintiff relies solely on three procedural objections: (1) MIL 10, which was filed last August, is untimely; (2) Redbubble did not move to compel this evidence (although Plaintiff still has not revealed whether any such evidence exists); and (3) purported evidence of Plaintiff's ***offer or sale*** of products displaying either the Brandy Heart or Brandy Flags marks should not be precluded because Plaintiff had disclosed "pictures and samples of [its] trademarks and products" (although not evidence of any offer or sale).[1]  [D.E. 120 at 8.]  Plaintiff's Opposition misses the point.

Redbubble does not believe that Plaintiff offered or sold products that featured either the Brandy-Heart or Brandy-Flags registration, let alone products within the scope of the registrations.  [*See* D.E. 103 at 12–14.]  But if there is evidence of such offers or sales, Plaintiff should have produced it long ago, since Plaintiff bears the burden of proof on this issue.  [*See id.* at 12–16 (In its summary-judgment order, this Court noted that to assess whether Plaintiff is entitled to "remedies against counterfeiting" with respect to wall hangings offered through the Marketplace, it must compare these goods "to any decorative items [Plaintiff] has actually offered for sale").]  More specifically, Plaintiff should have identified such evidence in its Initial Disclosures, or produced it in response to Redbubble's

---

[1] Plaintiff argues that it generically identified as a document category "Pictures and samples of Plaintiff's trademarks and products" as part of its Initial Disclosures, but this reference does not disclose an intent to rely on documents reflecting the ***offer or sale*** of such products.  [*See* D.E. 120 at 8; D.E. 111-3 (Initial Disclosures).]  This is because no such disclosure exists anywhere in the record.  [*See, e.g. id.*]

discovery requests, or at least referenced it in response to MIL 10. But Plaintiff did none of these things. Indeed, it is now more than nine months since Redbubble squarely raised this issue in MIL 10, and Plaintiff still has not disclosed evidence that it had offered or sold products featuring these two marks.

If Plaintiff doesn't plan to offer any such evidence, that's fine, and it should have just said so. But if Plaintiff does plan to introduce such evidence on an issue where it bears the burden of proof, it's too late now. The federal discovery and disclosure rules are designed to prevent precisely this type of gamesmanship. *See, e.g.*, *Ollier v. Sweetwater Union High School Dist.*, 768 F. 3d 843, 863 (9th Cir. 2014) (noting both the Ninth Circuit and "Advisory Committee on the Federal Rules of Civil Procedure" have "warned litigants not to indulge in gamesmanship with respect to the disclosure obligations of Rule 26" and holding that a failure to identify witnesses in initial disclosures and subsequently trying to call them at trial "was just this sort of gamesmanship"). Accordingly, Redbubble reiterates its request that this Court protect Redbubble from unfair surprise at trial by precluding Plaintiff from either offering documents "evidencing", or proffering testimony stating, that it has actually offered for sale or sold products featuring these two trademarks.

Dated: June 4, 2021

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER LLP
JOSHUA M. MASUR
JEFFREY J. ZUBER
HEMING XU

By: */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.