BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
　kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
　rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
　jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
Brandy Melville

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Judge:　Hon. R. Gary Klausner<br><br>**PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4 TO EXCLUDE THE TESTIMONY OF MICHAEL MASNICK**<br><br>Date:　　June 15, 2021<br>Time:　　9:00 a.m.<br>Crtrm.:　850<br><br>PTSC Date:　May 24, 2021<br>Trial Date:　June 15, 2021 |

## I. INTRODUCTION

Defendant Redbubble's Opposition to Brandy Melville's Motion *in Limine* No. 4 effectively concedes that Redbubble's rebuttal expert, Michael Masnick, must be barred from testifying at trial. The Opposition (Dkt. No. 91) confirms that neither Redbubble nor its expert understands the difference between proper expert testimony and inadmissible legal conclusions.

Redbubble argues that Masnick's opinions are admissible the same way that "a police officer opin[es] on whether someone was driving recklessly." (*Id.* at 9.) Brandy Melville agrees: **both forms of testimony are inadmissible**. "[I]n civil suits, courts have precluded witnesses from testifying that one of the parties to a highway accident drove 'recklessly.'" *State v. Winborne*, 4 Wash. App. 2d 147, 178 (2018) (citing *Guedon v. Rooney*, 160 Or. 621 (1939); *Newman v. Stocker*, 161 Md. 552 (1932); *Jackson v. Vaughn*, 204 Ala. 543 (1920)) (remanding for a new trial because trial court erred in its "allowance of police officers to use the words 'reckless' and 'eluding' in their testimony"); *see also Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (expert's opinion testimony that police department "tolerates this kind of reckless use of firearms" was "received in violation of the Federal Rules of Evidence"); *Cone v. Davis*, 66 Ga. App. 229, 234-35 (1941) (holding it was error to ask investigating officer if a certain driver were "driving in a reckless manner and not in regard to safety"); *Emory v. Dobson*, 206 Ga. App. 482, 484 (1992) (citing *Cone*, 66 Ga. App. at 234-35) (holding "the officer's opinion may not suggest negligence").

The fatal deficiencies of Masnick's opinions are deep and real. To admit his testimony at trial will be error as Masnick's opinions—based on grossly insufficient facts and the wrong legal standards—will only confuse and mislead the jury. Redbubble has left this Court with no choice other than to exclude Michael Masnick from trial.

/ / /

/ / /

## II. ARGUMENT

### A. The Masnick Report Is Replete With Inadmissible Legal Opinions

"[T]he Ninth Circuit has explained that 'instructing the jury as to the applicable law is the distinct and exclusive province of the court.'" *Morton & Bassett, LLC v. Organic Spices, Inc.*, No. 15-cv-1849, 2017 WL 3838097, at *7 (N.D. Cal. Sept. 1, 2017) (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)); *see also Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law."). Moreover, "'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'" *Morton & Bassett*, 2017 WL 3838097, at *7 (quoting *Nationwide Transp.*, 523 F.3d at 1058) (emphasis in original).

In *Morton & Bassett*, the court excluded an expert's testimony regarding the likelihood of confusion between the parties' product packaging because those opinions concerned "legal conclusions about ultimate issues of law." 2017 WL 3838097, at *8. The expert opined that certain evidence of confusion from a survey "is, essentially by definition, not evidence of infringement." *Id.* at *7.

In response to Brandy Melville's Motion *in Limine* No. 4, Redbubble represented that "Mr. Masnick does not offer a single legal opinion in his report." (Dkt. No. 91 at 8.) That is false. The Masnick Report (Dkt. No. 53-3) professes several inadmissible legal opinions, some of which rely on mischaracterizations of the law and apply the wrong legal standard.

His most obvious legal opinion is "copying is not theft." (*See* Dkt. No. 53 at 6, 9.) Not only is this an improper legal opinion, it is wrong. In an effort to salvage Masnick's testimony, Redbubble relies extensively on copyright law in an attempt to make a tortured distinction between "theft," "use," "copying," "legal," and "illegal." (Dkt. No. 91 at 7-8.) Redbubble even goes so far as to include a lengthy block quote of the Supreme Court's discussion about copyright law from *Dowling v. United*

*States*, 473 U.S. 207 (1985).  (*Id.*)  However, this opinion and Redbubble's related argument are irrelevant because Brandy Melville never asserted a copyright claim in this case.  Masnick's and Redbubble's reliance on copyright law, opinions about copyright issues, and arguments based on moderation related to copyright claims fail to "logically advance a material aspect of the party's case," *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).[1]  Masnick's opinions are, therefore, inadmissible.

### B. Masnick's Opinions Are Not Reliable

"The Supreme Court has made it abundantly clear that reliability is the lynchpin" of the Rule 702 analysis.  *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).  Reliability requires the expert's testimony to have "'a reliable basis in the knowledge and experience of the relevant discipline.'"  *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).  "The duty falls squarely upon the district court to 'act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'"  *Id.*  "[A] district court abdicates its gatekeeping role, and necessarily abuses its discretion, when it makes no reliability findings."  *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).

Brandy Melville's Motion demonstrated that Masnick's opinions are inadmissible for lack of foundation.  (Dkt. No. 53 at 3-5.)  Most notably, Masnick repeatedly opines about other print-on-demand websites and compares them to Redbubble when he has not considered their empirical data, infringement-related policies, or otherwise.  (*Id.*)

In response, Redbubble inadvertently highlights the inadmissibility of Masnick's opinions.  Redbubble lists the types of documents Masnick purportedly

---

[1]  The relevance analysis is referred to "as the 'fit' requirement."  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir. 1995).

reviewed and considered to form his opinions, which **do not include** any empirical data, infringement-related policies, or other data from other print-on-demand websites. (Dkt. No. 91 at 2.) Redbubble also concedes Masnick never reviewed the data Ms. Jamie Gerson reviewed to formulate her opinions, which includes data about Redbubble and other print-on-demand websites. (*Id.*) Oddly enough, Redbubble complains that Ms. Gerson did not share the data with Masnick and that there is no evidence that "Ms. Gerson reviewed any specific data." (*Id.*) Both statements are meritless. Redbubble never requested or moved to compel production of that data,[2] and Ms. Gerson's report specifically says she reviewed and relied upon the data that Masnick never bothered to request. Indeed, the Opposition admits that Ms. Gerson's report "cited" the "underlying 'analytical data' . . . in support of her opinions." (Dkt. No. 91 at 2.)

Because Masnick did not review or consider (1) any data or policies from other print-on-demand websites or (2) any data Ms. Gerson considered to formulate her opinions, his opinions are not reliable rebuttal expert opinions. This is fatal to his testimony and does not—as Redbubble argues—go to weight, rather than admissibility (Dkt. No. 91 at 3) because Masnick is an experience-based expert. Although "*Daubert* and *Kumho Tire* may be harder to apply when the expert

---

[2] *Black v. Hansen*, No. 11-cv-2782, 2014 WL 1671624, at *2-3 (E.D. Cal. Apr. 28, 2014) (finding "no basis on which to grant plaintiff's motion [to compel]" where "plaintiff failed to show he ever asked for these documents during discovery"); *Palmer v. Crotty*, No. 07-cv-148, 2010 WL 4279423, at *1 (E.D. Cal. Oct. 22, 2010) (denying motion to compel because, "[i]f there were no discovery requests served, there is no basis for a motion to compel"); *Guy v. City of San Diego*, No. 06-cv-766, 2008 WL 81002, at *6 (S.D. Cal. Jan. 8, 2008) ("[B]ecause the documents were never requested of [the City], there is no basis to compel its compliance with Plaintiff's document request because the documents were only requested from the individuals and not the City."); *see also United States v. Henderson*, No. 16-cr-142, 2017 WL 386372, at *2 (N.D. Cal. Jan. 27, 2017) (holding that the Government's duty to disclose expert "was not triggered" where "there is no evidence on the record that Defendant ever requested expert discovery material").

testimony is 'experience-based' rather than 'science-based,'" "any such difficulty cannot simply lead to a 'that goes to weight, not admissibility' default, as here." *Valencia-Lopez*, 971 F.3d at 898. "[R]eliability becomes more, not less, important when the 'experience-based' expert opinion is perhaps not subject to routine testing, error rate, or peer review type analysis, like science-based expert testimony." *Id.* (holding trial court erred by permitting expert testimony without finding why an expert's "experience, by itself, equals reliability for his testimony"). To allow Masnick to testify at trial and confuse the jury with unreliable opinions, unmoored from sufficient fact and data, would amount to the Court abandoning its "gatekeeper" role and committing error. *Id.*

Masnick's testimony would also be unfairly prejudicial. "The admissibility of expert testimony is also subject to Rule 403 of the Federal Ruels of Evidence. 'Rule 403 and *Daubert* address different aspects of evidence and therefore act independently.'" *U.S.A. v. Cruikshank*, No. 04-cr-836, 2006 WL 8439699, at *7 (C.D. Cal. May 5, 2006) (excluding testimony under Rule 403 because there is "an analytical gap between the facts to which she will testify . . . and the ultimate fact at issue in this case"); *see also Morton & Bassett*, 2017 WL 3838097, at *9 (excluding expert testimony under Rule 403). The jury will be confused by Masnick's opinions about copyright law that are irrelevant, unreliable, and based on insufficient evidence.

### C. Redbubble Concedes It Violated Federal Rule of Civil Procedure 26(b)(4)(A)

The Motion demonstrated that Redbubble refused to make Masnick available for deposition in violation of Federal Rule of Civil Procedure 26(b)(4)(A). (Dkt. No. 54 at 7-8.) Rule 26(b)(4)(A) authorizes Brandy Melville to "depose any person who has been identified as an expert whose opinions may be presented at trial . . . ***only after*** the [Rule 26 expert] report is provided." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added); *see also* D. Expert Witness Disclosure and Discovery, Rutter Grp. Prac. Guide Fed. Civ. Pro. Before Trial ¶ 11:456 ("If a report from the expert is

required under Rule 26(a)(2)(B), the deposition shall not be conducted until after the report is provided.") (citations omitted).

The Opposition does not dispute that (1) Brandy Melville timely served the expert report of Ms. Jamie Gerson on April 1, 2020, (2) Redbubble identified Masnick as a rebuttal expert on May 1, 2020, (3) Brandy Melville noticed Masnick for a May 14, 2020 deposition, and (4) Redbubble refused to produce Masnick for deposition absent a court order. (*Compare* Dkt. No. 53 at 7-8 *with* Dkt. No. 91 at 5-6.) These undisputed facts confirm Redbubble's violation of Rule 26(b)(4)(A) and are grounds for excluding Masnick's testimony.

Recognizing the record is fatal to its position, Redbubble resorts to inconsistent and misleading arguments. On the one hand, Redbubble pins its hopes on the Federal Rules of Civil Procedure to argue that the Masnick Report was timely because it complied with Rule 26(a)(2)(D)(ii)—despite being served more than a week after the April 20, 2020 discovery cut-off—but, on the other hand, Redbubble dismisses the Federal Rules of Civil Procedure to claim that any deposition of Masnick was untimely despite Rule 26(b)(4)(A). Redbubble cannot have it both ways.

Redbubble also avers, without any legal citation, that its compliance with Rule 26(b)(4)(A) was contingent on Brandy Melville obtaining a court order or securing Redbubble's failure to appear for deposition even though Redbubble unequivocally represented it would not produce Masnick (Dkt. No. 53-5). (Dkt. No. 91 at 6.) Redbubble's positions are meritless.[3]

---

[3] Brandy Melville also did not state or suggest that this Court's Scheduling Order was "improper" under the Federal Rules of Civil Procedure. (*See* Dkt. No. 91 at 5.) To the contrary, the Scheduling Order properly neither limits the rights that the Federal Rules of Civil Procedure afford the parties nor contravenes Rule 26(b)(4)(A). The only "improper" thing here is Redbubble's characterization of the Scheduling Order in an attempt to hide its deliberate violation of Rule 26(b)(4)(A).

## III. CONCLUSION

Accordingly, this Court should grant the Motion and exclude the testimony of Redbubble's purported rebuttal expert, Michael Masnick.

DATED: June 4, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Keith J. Wesley
   Ryan Q. Keech
   Jason Y. Kelly

By:   */s/ Jason Y. Kelly*
      Jason Y. Kelly
Attorneys for Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

1684857

-8-

Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
NO. 4 TO EXCLUDE THE TESTIMONY OF MICHAEL MASNICK