KENNETH B. WILSON  (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1ˢᵗ Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU  (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32ⁿᵈ Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE, INC.'S TRIAL BRIEF**<br><br>Trial Date:  June 15, 2021<br>Time:  9:00 a.m.<br>Courtroom:  850<br>Hon. R. Gary Klausner |

## **TABLE OF CONTENTS**

**Page**

I.   PLAINTIFF WILL NOT PREVAIL ON ITS FOURTH CLAIM, FOR CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING.......................................................................1

   A.   Plaintiff will be unable to prove direct infringement.............................1

      1.   Plaintiff cannot prove it owns valid trademark rights. ..............................................................................2

      2.   Plaintiff will be unable to prove trademark use by direct infringers.................................................................3

      3.   Plaintiff will be unable to prove any likelihood of confusion.....................................................................3

   B.   Plaintiff will be unable to prove that Redbubble continued to supply relevant services to any specific third party whom it knew or had reason to know would use those services to directly infringe.......................................5

      1.   Plaintiff will be unable to show actual knowledge......................5

      2.   Plaintiff will be unable to show willful blindness. ......................6

   C.   Plaintiff will be unable to prove counterfeiting. ....................................7

II.   PLAINTIFF WILL BE UNABLE TO ESTABLISH DAMAGES. ........................................................................................8

III.   NO ISSUE REMAINS FOR DECISION BY A JURY....................................9

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
  No. CV 10-03738 AB (CWX), 2015 WL 5311085
  (C.D. Cal. Sept. 10, 2015) ...................................................................6

*Acad. of Motion Picture Arts & Scis. v. Network Sols. Inc.*,
  989 F. Supp. 1276 (C.D. Cal. 1997) ....................................................5

*Arcona, Inc. v. Farmacy Beauty, LLC*,
  976 F.3d 1074 (9th Cir. 2020) ......................................................4, 7, 8

*Atari Interactive, Inc. v. Redbubble, Inc.*,
  No. 18-CV-03451-JST, 2021 WL 706790,
  (N.D. Cal. Jan. 28, 2021) .....................................................................6

*Audi AG v. D'Amato*,
  469 F.3d 534 (6th Cir.2006) .................................................................8

*Bobosky v. Adidas AG*,
  843 F. Supp. 2d 1134 (D. Or. 2011) .....................................................2

*CG Roxane LLC v. Fiji Water Co. LLC*,
  569 F. Supp. 2d 1019 (N.D. Cal. 2008) ................................................2

*Chrysler Corp. v. Vanzant*,
  44 F. Supp. 2d 1062 (C.D. Cal. 1999) ..................................................2

*DAK Indus., Inc. v. Daiichi Kosho Co.*,
  35 U.S.P.Q.2d 1434 (Trademark Tr. & App. Bd. 1995) .......................2

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015) ..............................................................9

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
  921 F.3d 1343 (11th Cir. 2019) ............................................................9

*In Re Villeroy & Boch S.A.R.L.*,
  5 U.S.P.Q.2d 1451 (T.T.A.B. 1987) .....................................................3

*Int'l Ord. of Job's Daughters v. Lindeburg & Co.*,
  633 F.2d 912 (9th Cir. 1980) ................................................................3

*Lockheed Martin Corp. v. Network Sols., Inc.*,
  985 F. Supp. 949 (C.D. Cal. 1997), *aff'd*, 194 F.3d 980
  (9th Cir. 1999) .......................................................................................5

*LTTB, LLC v. Redbubble, Inc.*,
  385 F. Supp. 3d 916 (N.D. Cal. 2019), aff'd, 840 F. App'x 148
  (9th Cir. 2021) .......................................................................................3

ii

*Luvdarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013)................................................................6

*Merriam-Webster, Inc. v. Random House, Inc.*,
   35 F .3d 65 (2d Cir. 1994)......................................................................3

*Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*,
   No. 19-CV-06399-LHK, 2020 WL 7227199
   (N.D. Cal. Dec. 8, 2020).........................................................................8

*Multi Time Mach., Inc. v. Amazon.com, Inc.*,
   804 F.3d 930 (9th Cir. 2015)..................................................................4

*Nike Inc. v. Variety Wholesalers, Inc.*,
   274 F. Supp. 2d 1352 (S.D. Ga. 2003), aff'd, 107 F. App'x 183
   (11th Cir. 2004) .....................................................................................7

*Oregon Arms, Inc. v. Oregon Arms Ltd.*,
   246 F.3d 675 (9th Cir. 2000)..................................................................3

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   897 F. Supp. 2d 856 (N.D. Cal. 2012), *aff'd*, 737 F.3d 546
   (9th Cir. 2013) .......................................................................................1

*Rachel v. Banana Republic, Inc.*,
   831 F.2d 1503 (9th Cir. 1987)................................................................3

*Safeway Transit LLC v. Disc. Party Bus, Inc.*,
   954 F.3d 1171 (8th Cir. 2020)................................................................8

*Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*,
   786 F. App'x 662 (9th Cir. 2019) ...........................................................3

*State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*,
   425 F.3d 708 (9th Cir. 2005)..................................................................7

*Tie Tech, Inc. v. Kinedyne Corp.*,
   296 F.3d 778 (9th Cir. 2002)...............................................................2, 3

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   576 F. Supp. 2d 463 (S.D.N.Y. 2008), *aff'd in part,
   rev'd in part on other grounds*,
   600 F.3d 93 (2d Cir. 2010) .....................................................................6

*Tiffany Inc. v. eBay, Inc*,
   600 F.3d 93 (2nd Cir. 2010) ...................................................................6

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
   610 F.3d 1171 (9th Cir. 2010)................................................................4

*Viacom International, Inc. v. YouTube, Inc.*,
   676 F.3d 19 (2nd Cir. 2012)...................................................................6

*VIP Prod. LLC v. Jack Daniel's Properties, Inc.*,
   953 F.3d 1170 (9th Cir. 2020)................................................................4

*Volkswagen AG v. Dorling Kindersley Pub., Inc.*,
    614 F. Supp. 2d 793 (E.D. Mich. 2009) .......................................................... 8

2911-1006 / 1820712

Pursuant to L.R. 16-10, Defendant Redbubble, Inc. ("Redbubble") submits the following Trial Brief.

This Trial Brief focuses on issues raised by Plaintiff Y.Y.G.M. SA's ("Plaintiff") Fourth Claim for Contributory Trademark Infringement and Counterfeiting, which is the sole claim that survived the Court's order on the Parties' cross-motions for summary judgment.[1]

## I.   PLAINTIFF WILL NOT PREVAIL ON ITS FOURTH CLAIM, FOR CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING.[2]

Plaintiff cannot prevail on its surviving Fourth Claim for contributory trademark infringement and counterfeiting. Because, *inter alia*, Plaintiff can prove neither a predicate direct infringement nor Redbubble's knowledge thereof, Plaintiff cannot prove contributory trademark infringement, much less satisfy the even more stringent standard of proof for contributory counterfeiting.

### A.   Plaintiff will be unable to prove direct infringement.

As outlined *infra*, Plaintiff cannot show Redbubble supplied services that were used to "infringe any of Plaintiff's trademarks."[3] [*See* D.E. 115 (Pltf. Contentions Memo.) at 3.]

---

[1] [*See* D.E. 103 (order on summary-judgment motions); D.E. 1 ¶¶ 46-50 (Fourth Claim of the Complaint); D.E. 115 at 2 (conceding only Fourth Claim remains).]

[2] Redbubble incorporates by reference its Third Revised Memorandum of Contentions of Fact and Law [D.E. 150] into the instant Reply to Plaintiff's operative Amended Memorandum of Contentions of Fact and Law [D.E. 115].

[3] *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 897 F. Supp. 2d 856, 867 (N.D. Cal. 2012) ("[T]he existence of direct infringement is a necessary element of a claim for contributory infringement."), *aff'd*, 737 F.3d 546 (9th Cir. 2013).

1. *Plaintiff cannot prove it owns valid trademark rights.*

Even when an alleged direct infringement concerns a good for which an asserted mark is registered, Plaintiff "retains the ultimate burden of persuasion", including on the "threshold issue" of whether it owns "a valid" mark.[4] Plaintiff cannot meet this burden because, *inter alia*, the evidence will show that Plaintiff:

(1) Cannot enjoy any presumption of trademark validity since any alleged infringements either (a) do not concern goods for which any asserted marks are registered and/or (b) pre-date the marks' registrations;[5] and/or

(2) Never acquired valid trademark rights in connection with the types of accused products that Plaintiff alleges are infringing because it failed to use its asserted marks in a *bona fide* trademark sense.[6]

(3) Has not satisfied the requirements for asserting common law trademark rights in the non-registered marks.

[*See also* D.E. 150 (Deft. Contentions Memo.) at 6–11 (discussing rebuttals of presumptions of validity via evidence that asserted marks were not used by Plaintiff

---

[4] *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002) (a mark's registration creates a presumption that shifts the "burden of production" on trademark validity).

[5] *See, e.g.*, *Chrysler Corp. v. Vanzant*, 44 F. Supp. 2d 1062, 1070 n.7 (C.D. Cal. 1999) ("[A]ny presumptions . . . appl[y] only" if the alleged infringer is "using the mark on goods covered by the registration."); *CG Roxane LLC v. Fiji Water Co. LLC*, 569 F. Supp. 2d 1019, 1032 (N.D. Cal. 2008) (presumption does not apply if infringement began "prior to registration")

[6] *See, e.g.*, *Bobosky v. Adidas AG*, 843 F. Supp. 2d 1134, 1142–43 (D. Or. 2011) ("ornamental use" cannot create a valid mark); *DAK Indus., Inc. v. Daiichi Kosho Co.*, 35 U.S.P.Q.2d 1434, 1438 (Trademark Tr. & App. Bd. 1995) (abandonment may result from "nonuse" as to "particular goods or services").

1  as "'source identifier[s]'" and were instead used, *e.g.,* solely for ornamental reasons

2  (citation omitted)).][7]

3         2.   *Plaintiff will be unable to prove trademark use by direct*

4              *infringers.*

5         Nor can Plaintiff meet its burden of showing trademark use by alleged direct

6  infringers, who are not using asserted marks in a trademark sense, *i.e.*, "to identify

7  [a] source of . . . goods," and are instead using them for "aesthetic appeal." [8]

8         3.   *Plaintiff will be unable to prove any likelihood of confusion.*

9         Nor can Plaintiff meet its burden of proving likelihood of confusion given,

10  *inter alia*, the:

11             (1) lack of "evidence of actual confusion or likelihood of expansion";[9]

12  _____

13  [7]  Redbubble pled its defenses "[w]ithout admitting or acknowledging" whether "it

14  bears any burden of proof as to any of them" [D.E. 11 (Answer) at 6]; for the sake of
    clarity, Plaintiff bears the burden of proof on the issue of ornamental use, *i.e.*,

15  Plaintiff bears the "ultimate burden of persuasion" to show it has acquired
    ownership of a valid mark through its use of said designation as a source identifier.

16  *Tie Tech*, 296 F.3d at 783; *see also In Re Villeroy & Boch S.A.R.L.*, 5 U.S.P.Q.2d

17  1451 (T.T.A.B. 1987) (putative owner of mark has "burden" of  "show[ing]
    trademark significance").

18

19  [8] *LTTB, LLC v. Redbubble, Inc.*, 385 F. Supp. 3d 916, 921–22 (N.D. Cal. 2019)
    (discussing aesthetic functionality; citing *Int'l Ord. of Job's Daughters v. Lindeburg*

20  *& Co.*, 633 F.2d 912, 919 (9th Cir. 1980)), *aff'd*, 840 F. App'x 148 (9th Cir. 2021);
    *see also* D.E. 150 (Dft. Contentions Memo.) at 14 (citing, *inter alia*, *LTTB*, 385 F.

21  Supp. 3d at 920-22 & *Job's Daughters*, 633 F.2d 9 at 917 and discussing evidence

22  of aesthetic functionality).

23  Redbubble has asserted the defense of aesthetic functionality "[w]ithout admitting or
    acknowledging" whether "it bears any burden of proof" [D.E. 11 (Answer) at 6] but

24  for the sake of clarity, the Ninth Circuit "place[s] the burden of proof on the

25  plaintiff."  *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1506 (9th Cir. 1987).

26  [9] *Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, 786 F. App'x 662, 664 (9th Cir. 2019);
    *see also Oregon Arms, Inc. v. Oregon Arms Ltd.*, 246 F.3d 675 (9th Cir. 2000)

27  ("'The lack of survey evidence counts against finding actual confusion.'" (quoting

28  *Merriam-Webster, Inc. v. Random House, Inc.*, 35 F .3d 65, 72 (2d Cir. 1994)).

(2) "clear labeling" on Redbubble's Marketplace and advertisements);[10]

(3) use of Redbubble's "housemarks," which renders deception "implausible"[11];

(4) use of different channels to market and sell products;

(5) lack of evidence of wrongful intent; and/or

(6) use of asserted marks in a nominative and/or expressive sense.[12]

///

///

///

///

///

---

[10] *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 938–39 (9th Cir. 2015) (noting that: (1) "[c]lear labeling 'might eliminate the likelihood of initial interest confusion'"; (2) it is unreasonable to "'find initial interest confusion when a consumer is never confused . . . but instead . . . should know, from the outset that a product or web link is not related to that of the trademark holder' because "the search engine so informs him'" (citations omitted)).

[11] *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1077-81 (9th Cir. 2020).

[12] *See also* D.E. 150 at 7–11, 15–17 (discussing likelihood of confusion, nominative fair use, protected speech, and related evidence).

As with issues of ornamental use and aesthetic functionality, Redbubble asserted defenses of nominative fair use and expressive speech "[w]ithout admitting" whether "it bears any burden of proof" [D.E. 11 at 6] and, for the sake of clarity, Plaintiff bears the burden as to these issues. *See Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (Party asserting nominative fair use "need only show" it "used the mark to refer to the trademarked good" and plaintiff then bears the "burden" of showing confusion.); *VIP Prod. LLC v. Jack Daniel's Properties, Inc.*, 953 F.3d 1170, 1174 (9th Cir. 2020) ("When 'artistic expression is at issue,'" one applies a likelihood-of-confusion test where the plaintiff must "show that the [infringer's] use of the mark is either (1) 'not artistically relevant to the underlying work' or (2) 'explicitly misleads consumers as to the source'" (citation omitted)).

**B.**    **Plaintiff will be unable to prove that Redbubble continued to supply relevant services to any specific third party whom it knew or had reason to know would use those services to directly infringe.**

As outlined *infra*, Plaintiff cannot show Redbubble "continued to supply its" services to a direct infringer even though it "knew or had reason to know" that said party "would use" its "services to infringe" an asserted mark.[13]

1.    *Plaintiff will be unable to show actual knowledge.*

To be contributorily liable, Redbubble "'must have more than a general knowledge or reason to know that its service is being used to sell" infringing goods. [D.E. 103 at 6 (citation omitted).] "'Some contemporary knowledge of which *particular* listings are infringing or will infringe in the future is necessary.'" [*Id.* (emphasis added).]

"The mere assertion by" Plaintiff in, *e.g.*, a demand letter, that an accused-product listing infringes an asserted mark "is not sufficient to impute knowledge of infringement to" Redbubble.[14] Redbubble lacks the requisite knowledge because, *inter alia*, the accused direct infringements are "uncertain" in light of, *e.g.*, the: (1) absence of infringing *trademark* uses "in connection with goods . . . that are competitive with" and/or "related to, the goods . . . for which" an asserted mark "has been registered or used"; and/or (2) presence of "colorable" defenses (affirmative or otherwise), particularly since "[t]rademark law . . . tolerates a broad range of non-infringing uses of words that are identical or similar to trademarks."[15]

---

[13] *See* D.E. 115 at 3; D.E. 150 at 8–14 (discussing Redbubble's knowledge and content-moderation activities, as well as evidence relating thereto).

[14] *Lockheed Martin Corp. v. Network Sols., Inc.*, 985 F. Supp. 949, 963 (C.D. Cal. 1997), *aff'd*, 194 F.3d 980 (9th Cir. 1999).

[15] *Id.* at 963–65; *accord, e.g.*, *Acad. of Motion Picture Arts & Scis. v. Network Sols. Inc.*, 989 F. Supp. 1276, 1280 (C.D. Cal. 1997) (because there was no "determination as to whether" there was any direct infringement, defendant "could

Also, Redbubble never continued to supply services with actual knowledge of direct infringement: its "practice was" to "promptly" investigate and take corrective measures, including "remov[ing a] challenged listing from" the Marketplace.[16] Indeed, there is no evidence that any user who had a listing or listings removed as a result of purported infringement of the trademarks-in-suit subsequently used Redbubble's service to infringe such trademarks.

### 2. Plaintiff will be unable to show willful blindness.

Nor can Plaintiff show willful blindness; there is no evidence Redbubble: (1) subjectively believed in a high probability that a particular accused-product listing was infringing; and (2) deliberately acted to avoid learning of said fact.[17]

To the contrary: instead of "deliberately ignor[ing]" specific infringements of which "it was aware," Redbubble consciously took "reasonable steps to investigate and stop" infringement, including through unilateral and proactive policing.[18] Even assuming, *arguendo*, that these policing efforts may not have been fully successful, that does not render Redbubble willfully blind or otherwise liable.  Indeed, even a

---

not possibly have [had] actual knowledge"); *see also* Section II.A., *supra*.

[16] *See Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085, at *34 (C.D. Cal. Sept. 10, 2015) (willful blindness occurs if one "'shield[s] itself from learning of the *particular* infringing transactions'" at issue (emphasis added) (quoting *Tiffany Inc. v. eBay, Inc.* ("Tiffany II"), 600 F.3d 93, 109-10 (2nd Cir. 2010)); *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 18-CV-03451-JST, 2021 WL 706790, at *11 n.11 (N.D. Cal. Jan. 28, 2021) ("Willful blindness [for contributory trademark infringement] requires a party to 'subjectively believe that there is a high probability that a fact exists' and 'take deliberate actions to avoid learning of that fact.'" (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013))).

[17] *Accord Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2nd Cir. 2012) ("willful blindness" applies only to "specific instances of infringement").

[18] *Tiffany (NJ) Inc. v. eBay, Inc.* ("Tiffany I"), 576 F. Supp. 2d 463, 515 (S.D.N.Y. 2008), *aff'd in part, rev'd in part on other grounds*, 600 F.3d 93 (2d Cir. 2010).

1  grossly negligent failure to take precautions would not suffice for establishing

2  willful blindness.[19]

3

4    **C.**  <u>**Plaintiff will be unable to prove counterfeiting.**</u>

5    Nor can Plaintiff prove that any direct infringer used a "designation . . .

6  identical with, or substantially indistinguishable from, a" registered asserted mark in

7  connection with goods covered by said mark's registration. [*See* D.E. 115 (Pltf.

8  Contentions Memo.) at 3 n.1.] As an initial matter, Plaintiff errs in arguing that

9  "'counterfeit marks are inherently confusing'" [*Id.* (citation omitted)], and has

10  persisted in so arguing, even as recently as its Disputed Proposed Jury Instruction

11  No. 6 [D.E. 160 at 30].  Plaintiff's position directly contradicts this Court's holding,

12  in denying Redbubble's motion for partial reconsideration of the summary judgment

13  order, that since at least *State of Idaho Potato Comm'n v. G&T Terminal Packaging,*

14  *Inc.*, 425 F.3d 708, 721 (9th Cir. 2005), the Ninth Circuit has required "that a

15  counterfeit claim requires a showing of likelihood of confusion," and prohibited

16  trademark holders from relying on purported inherent confusion.  [D.E. 140 at 2-3.]

17  As the Ninth Circuit noted in *Arcona*, "even assuming" that allegedly-infringing and

18  asserted "marks are identical, there" is "no presumption of consumer confusion if

19  the products themselves are not identical." 976 F.3d at 1080.  This is because one

20  must "review the product as a whole in determining whether an allegedly counterfeit

21  product will likely cause confusion." *Id.* Here, with regard to various types of goods,

22  Plaintiff has failed to adduce sufficient evidence to show that any accused product

23  was a "stitch-for-stitch cop[y]" of a Plaintiff product covered by a corresponding

24

---

25  [19] *See, e.g.*, *Nike Inc. v. Variety Wholesalers, Inc.*, 274 F. Supp. 2d 1352, 1371 (S.D.

26  Ga. 2003) ("Variety consciously took many steps to ensure that the Nike products that it bought were genuine. While Variety ultimately failed in this endeavor, such

27  failure was caused by negligence, *perhaps gross negligence*, but not by willful

28  blindness.") (emphasis added), *aff'd*, 107 F. App'x 183 (11th Cir. 2004).

1    registration. [*See* D.E. 103 at 14.] Also, the use of "housemarks" renders

2    "implausible" the consumer deception necessary for counterfeiting.[20] [*See also* D.E.

3    150 at 3–11 (discussing contributory counterfeiting and related evidence).]

4

5    **II.      PLAINTIFF WILL BE UNABLE TO ESTABLISH DAMAGES.**

6            Even assuming that Plaintiff were able to show liability, it cannot show it was

7    "damaged by" any alleged infringement, for purposes of proving its entitlement to

8    damages, statutory or otherwise. [*See* D.E. 115 at 3.] To the contrary: Plaintiff has

9    failed to provide any admissible evidence to support monetary relief. [*See* D.E. 150

10   at 26-29 (discussing damages); *see also, e.g.*, D.E. 57 & D.E. 165.] Here, Plaintiff

11   purports to seek disgorgement of profits and statutory damages. [*Id.* at 2.] However,

12   given, *inter alia*, the absence of any actual confusion and any evidence *attributing*

13   *revenues to alleged infringement*, Plaintiff is not entitled to disgorgement.[21] It has

14   also failed to show any counterfeiting or "actual confusion" required for statutory

15   damages, and its statutory damages claim lacks "a plausible relationship to

16   Plaintiff's actual damages."[22] [*See* D.E. 150 at 28-29.]

17   ///

18   ///

19   ///

20   _____

21   [20] *Arcona*, 976 F.3d at 1077-81.

22   [21] *See, e.g.*, *Safeway Transit LLC v. Disc. Party Bus, Inc.*, 954 F.3d 1171, 1179–80

23   (8th Cir. 2020) ("Safeway has offered no evidence of actual confusion . . . Nor have
     they offered, example, expert testimony 'estimat[ing] gross revenues' or 'net profits'

24   to support their unjust-enrichment theory.'").

25   [22] *Volkswagen AG v. Dorling Kindersley Pub., Inc.*, 614 F. Supp. 2d 793, 802 (E.D.

26   Mich. 2009) (citing *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir.2006));
     *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK,

27   2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020) ("statutory damages award must

28   bear a plausible relationship to Plaintiff's actual damages").

## III.   <u>NO ISSUE REMAINS FOR DECISION BY A JURY.</u>

Redbubble reiterates that, because Plaintiff's election not to seek actual damages leaves it seeking only equitable relief, it is not entitled to a trial by jury on its case in chief.  "There is no Seventh Amendment right to have a jury calculate profits."[23]

Dated: June 8, 2021                                    ZUBER LAWLER LLP
                                                       JOSHUA M. MASUR

                                       By:  <u>*/s/ Joshua M. Masur*</u>
                                            Attorneys for Defendant
                                            REDBUBBLE INC.

---

[23] *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074–76 (9th Cir. 2015); *accord, e.g.*, *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1348 (11th Cir. 2019) ("The remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so we hold that a plaintiff seeking the defendant's profits in lieu of actual damages is not entitled to a jury trial").