KENNETH B. WILSON (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlawler.com*
HEMING XU (SBN 302461)
 *hxu@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT'S AMENDED AND SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS 10 AND 11 (DE#160)**<br><br>Pre-Trial Conf.: May 24, 2021<br>Trial Date: June 17, 2021 |

2911-1006 / 1826349

The Parties' Joint Proposed and Third Amended Final Pre-Trial Conference Order omits any mention of "post-sale confusion" or "initial interest confusion." (*See* DE#152-2.) It is the law of this Circuit that "issues not preserved in the pretrial order have been eliminated from the action." *Southern Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (citing *United States v. Joyce,* 511 F.2d 1127, 1130 n. 1 (9th Cir. 1975)).

Redbubble respectfully submits that, because Plaintiff's failure to include these theories in the operative Final Pre-Trial Conference Order thereby waived them (among other deficiencies), the Court should decline to charge the jury with Plaintiff's Disputed Jury Instructions Nos. 10 and 11.

Redbubble hereby submits its Amended and Supplemental Objections to Plaintiff's Disputed Jury Instructions Nos. 10 and 11 accordingly.

*[remainder of page intentionally left blank]*

## Defendant's Amended and Supplemental Objections
## to Plaintiff's Disputed Instruction No. 10

First, plaintiff Brandy Melville never offered evidence or asserted during discovery or otherwise that it would pursue "post-sale confusion" to support its claims. Second, plaintiff waived this issue, including by omitting it from the Parties' Joint Proposed and Third Amended Final Pre-Trial Conference Order.  (*See* DE#152-2.)  It is the law of this Circuit that "issues not preserved in the pretrial order have been eliminated from the action." *Southern Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (citing *United States v. Joyce,* 511 F.2d 1127, 1130 n. 1 (9th Cir. 1975)).

Third, the cases cited by plaintiff all involve defendants that actually sold produced, owned, and sold the goods, and not defendants similarly situated to defendant Redbubble here, who merely provides a marketplace. See *Au-tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062 at 1065 (9th Cir. 2006) (the plaintiff actually produced, owned, and sold the license plates and key chains at issue); *Academy of Motion Picture Arts & Sciences v. Creative House*, 944 F.2d at 1446 at 1449-50 (9th Cir. 1991) (defendant "manufacturer and distributor of advertising specialty items" produced, owned, and sold award statues bearing similarities to the "Oscar" award).

There is no model instruction for this topic, for good reason.

**Defendant's Amended and Supplemental Objections
to Plaintiff's Disputed Instruction No. 11**

First, Plaintiff's use of the phrase "defendant's product designers and fulfillers," is fundamentally inaccurate and misleading. The Court has already explicitly determined, in granting Redbubble summary judgment of no vicarious liability, that Redbubble is not a partner with, nor an agent for, nor exercises joint ownership and control with, the designers and fulfillers. (DE#103 at 9-12.) Put simply, for purposes of this case, although they may fairly be described as "Redbubble users," the designers and fulfillers are not "defendant's." Second, plaintiff Brandy Melville never offered evidence or asserted during discovery or otherwise that it would pursue "initial interest confusion" to support its claims. Third, plaintiff waived this issue, including by omitting it from the Parties' Joint Proposed and Third Amended Final Pre-Trial Conference Order.  (*See* DE#152-2.)  It is the law of this Circuit that "issues not preserved in the pretrial order have been eliminated from the action." *Southern Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (citing *United States v. Joyce,* 511 F.2d 1127, 1130 n. 1 (9th Cir. 1975)).

Fourth, the law of initial interest confusion has evolved in respect to internet search engines, and recent cases more fully set forth the standard. Specifically, where (as is the case here) a product listing that otherwise might generate initial interest confusion clearly identifies the source of the product as someone other than the plaintiff, there is no possible likelihood of confusion. *See Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 937 (9th Cir. 2015) ("clear labeling can eliminate the likelihood of initial interest confusion in cases involving Internet search terms"). These issues were not explored by either party because plaintiff Brandy Melville never properly raised them, nor is there any evidence of consumer confusion that

doesn't occur at the point of sale, but somehow occurs sometime afterwards. This proposed jury instruction would therefore confuse the issues to the jury.

There is no model instruction for this topic, for good reason.

Dated: June 16, 2021

Respectfully submitted,

**ZUBER LAWLER LLP**
JOSHUA M. MASUR

By:     */s/ Joshua M. Masur*
Attorneys for Defendant
REDBUBBLE INC.