FILED
CLERK, U.S. DISTRICT COURT

06/23/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ____SW____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Y.Y.G.M. SA, | ) | 2:19-cv-04618-RGK-JPR |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| REDBUBBLE, INC., et al. | ) | |
| Defendant(s). | ) | |
| | ) | |

## COURT'S JURY INSTRUCTION

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

**COURT'S JURY INSTRUCTION**

2

3    Under the law, a corporation is considered to be a person. It can only act

4  through its employees, agents, directors, or officers. Therefore, a corporation is

5  responsible for the acts of its employees, agents, directors, and officers performed

6  within the scope of authority.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## COURT'S JURY INSTRUCTION

3         Certain charts and summaries not admitted into evidence have been shown to

4    you in order to help explain the contents of books, records, documents, or other

5    evidence in the case. Charts and summaries are only as good as the underlying

6    evidence that supports them. You should, therefore, give them only such weight as

7    you think the underlying evidence deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S JURY INSTRUCTION

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# COURT'S JURY INSTRUCTION .

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

1

## COURT'S JURY INSTRUCTION

2

3       The plaintiff has a duty to use reasonable efforts to mitigate damages. To

4   mitigate means to avoid or reduce damages.

5       Redbubble has the burden of proving by a preponderance of the evidence:

6           1.      that Brandy Melville failed to use reasonable efforts to mitigate

7   damages; and

8           2.      the amount by which damages would have been mitigated.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S JURY INSTRUCTION

2

3          In order for plaintiff to recover damages, the plaintiff has the burden of proving
4    by a preponderance of the evidence that Redbubble had either statutory or actual
5    notice that the plaintiff's trademark was registered.
6          Redbubble had statutory notice if:
7          1.     Brandy Melville displayed the trademark with the words "Registered in
8    U.S. Patent and Trademark Office";
9          2.     Brandy Melville displayed the trademark with the words "Reg. U.S. Pat.
10   & Tm. Off."; or
11         3.     Brandy Melville displayed the trademark with the letter R enclosed
12   within a circle, thus ®.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S JURY INSTRUCTION

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

## COURT'S JURY INSTRUCTION

2

3    Because you must base your verdict only on the evidence received in the case
4  and on these instructions, I remind you that you must not be exposed to any other
5  information about the case or to the issues it involves. Except for discussing the case
6  with your fellow jurors during your deliberations:

7    Do not communicate with anyone in any way and do not let anyone else
8  communicate with you in any way about the merits of the case or anything to do with
9  it. This includes discussing the case in person, in writing, by phone or electronic
10 means, via email, via text messaging, or any other forms of social media. This applies
11 to communicating with your family members, your employer, the media or press, and
12 the people involved in the trial. If you are asked or approached in any way about your
13 jury service or anything about this case, you must respond that you have been ordered
14 not to discuss the matter and to report the contact to the court.

15    Do not read, watch, or listen to any news or media accounts or commentary
16 about the case or anything to do with it; do not do any research, such as consulting
17 dictionaries, searching the Internet, or using other reference materials; and do not
18 make any investigation or in any other way try to learn about the case on your own.
19 Do not visit or view any place discussed in this case, and do not use Internet programs
20 or other devices to search for or view any place discussed during the trial. Also, do
21 not do any research about this case, the law, or the people involved— including the
22 parties, the witnesses or the lawyers—until you have been excused as jurors. If you
23 happen to read or hear anything touching on this case in the media, turn away and
24 report it to me as soon as possible.

25    These rules protect each party's right to have this case decided only on evidence
26 that has been presented here in court. Witnesses here in court take an oath to tell the
27 truth, and the accuracy of their testimony is tested through the trial process. Each of
28 the parties is entitled to a fair trial by an impartial jury, and if you decide the case

based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

# COURT'S JURY INSTRUCTION

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

## COURT'S JURY INSTRUCTION

2

3      A verdict form has been prepared for you. [Explain verdict form as needed.]

4  After you have reached unanimous agreement on a verdict, your foreperson should

5  complete the verdict form according to your deliberations, sign and date it, and advise

6  the clerk that you are ready to return to the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S JURY INSTRUCTION

2

3       To help you follow the evidence, I will give you a brief summary of the
4   positions of the parties:

5       The plaintiff, Brandy Melville, claims that the defendant, Redbubble, has
6   engaged in contributory trademark infringement and contributory counterfeiting.
7   Brandy Melville has the burden of proving these claims.

8       The defendant, Redbubble, denies those claims and also contends that it has
9   certain affirmative defenses.   Redbubble has the burden of proof on all of its
10  affirmative defenses.

11      Brandy Melville denies Redbubble's affirmative defenses.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## COURT'S JURY INSTRUCTION

3       The defendant is liable to the plaintiff for violating the trademark law if the
4   defendant:

5       1.   contributorily infringes plaintiff's registered and unregistered trademark
6   rights,  by supplying a service to someone who uses a trademark in a manner likely to
7   cause confusion among consumers or;

8       2.   contributorily counterfeits plaintiff's registered trademark rights, by
9   supplying a service to someone who uses a counterfeit of plaintiff's registered
10  trademark.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S JURY INSTRUCTION

A person is liable for trademark infringement by another if the person supplies goods or services to another knowing or having reason to know that the other person will use the goods to infringe the plaintiff's trademark.

The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. the defendant supplied goods or services to the direct infringers;

2. any of the direct infringers used the goods or services the defendant sold or supplied to infringe any of the plaintiff's trademarks;

3. the defendant knew or had reason to know one of the direct infringers would use the goods or services to infringe any of the plaintiff's trademarks or was infringing any of the plaintiff's trademarks and the defendant continued to supply its goods or services;

4. the defendant providing the goods or services to any of the direct infringers had direct control and monitoring of the instrumentality used by the direct infringers to infringe; and

5. the plaintiff was damaged by the infringement.

**COURT'S JURY INSTRUCTION**

On the plaintiff's claim for contributory trademark infringement and contributory counterfeiting, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the plaintiff's trademarks are valid, protectable trademarks;

2.    the plaintiff owns the trademarks; and

3.    the direct infringers used a counterfeit of these symbols or terms or a mark similar to these symbols or terms without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

1

2

## COURT'S JURY INSTRUCTION

3          As used for purposes of trademark law, the term "counterfeit mark" means:

4          A designation that is identical with, or substantially indistinguishable from, a

5  trademark that is registered on the principal register in the United States Patent and

6  Trademark Office for such goods or services sold, offered for sale, or distributed.

7          Counterfeiting may occur whether or not the person against whom relief is

8  sought knew the plaintiff's mark was registered.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S JURY INSTRUCTION

2

3          One way for the plaintiff to prove trademark validity is to show that the
4   trademark is registered. An owner of a trademark may obtain a certificate of
5   registration issued by the United States Patent and Trademark Office and may submit
6   that certificate as evidence of the validity and protectability of the trademark and of
7   the certificate holder's ownership of the trademark covered by that certificate.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3       **COURT'S JURY INSTRUCTION**

4

5       A "likelihood of confusion" exists when a substantial number of consumers

6  believe that the direct infringers' goods are produced by plaintiff. A "likelihood of

7  confusion" also exists when the direct infringers' trademark is likely to cause

8  confusion as to a connection between the direct infringers and plaintiff, such that the

9  plaintiff sponsors or approves of the direct infringers' goods or activities.

1

## COURT'S JURY INSTRUCTION

2

3        "Initial interest confusion" is actionable under the "likelihood of confusion"

4   test. "Initial interest confusion" occurs when the direct infringers use the plaintiff's

5   trademark in a manner calculated to capture initial consumer attention, even though

6   no actual sale is finally completed as a result of the confusion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S JURY INSTRUCTION

2

3      A valid trademark is a word, name, symbol, device, or any combination of these
4  items that is either:

5              1.    inherently distinctive; or
6              2.    descriptive, but has acquired a secondary meaning.
7      Only a valid trademark can be infringed.
8      Only if you determine that the unregistered trademarks are not inherently
9  distinctive should you consider whether they are descriptive but became distinctive
10 through the development of secondary meaning.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **COURT'S JURY INSTRUCTION**
2
3          **Strength as a Likelihood of Confusion Factor**
4              How distinctively or strongly a trademark indicates that a good comes from a
5      particular or specific source, even if unknown, is an important factor to consider in
6      assessing its validity and for determining whether the trademark used by the defendant
7      creates for consumers a likelihood of confusion with the plaintiff's trademarks.
8              An inherently distinctive trademark is a word, symbol or device, or
9      combination of them, which intrinsically identifies a particular source of a good in the
10     market. The law assumes that an inherently distinctive trademark is one that almost
11     automatically tells a consumer that it refers to a brand or a source for a product, and
12     that consumers will be predisposed to equate the trademark with the source of a
13     product.
14          **Spectrum of Marks**
15             Trademarks are grouped into categories according to their relative strength and
16     distinctiveness.  These categories include arbitrary trademarks (which are inherently
17     distinctive), and suggestive trademarks (which also are inherently distinctive).
18          **Arbitrary Trademarks**. The first category of "inherently distinctive"
19     trademarks is arbitrary trademarks. They are considered strong marks and are clearly
20     protectable. They involve the arbitrary, fanciful or fictitious use of a word to designate
21     the source of a product.  Such a trademark is a word that in no way describes or has
22     any relevance to the particular product it is meant to identify. It may be a common
23     word used in an unfamiliar way. It may be a newly created (coined) word or parts of
24     common words which are applied in a fanciful, fictitious or unfamiliar way, solely as
25     a trademark.
26          **Suggestive Trademarks**. The next category is suggestive trademarks. These
27     trademarks are also inherently distinctive but are considered weaker than arbitrary
28     trademarks. Unlike arbitrary trademarks, which are in no way related to what the

1  product is or its components, quality, or characteristics, suggestive trademarks imply
2  some characteristic or quality of the product to which they are attached. If the
3  consumer must use imagination or any type of multi-stage reasoning to understand
4  the trademark's significance, then the trademark does not describe the product's
5  features, but merely suggests them.

6  **Mark Distinctiveness and Validity**

7       If you decide that Brandy Melville's unregistered trademarks are arbitrary or
8  suggestive, they are considered to be inherently distinctive. An inherently distinctive
9  trademark is valid and protectable.

10       If you decide that Brandy Melville's unregistered trademarks are descriptive,
11  you will not know if the trademark is valid or invalid until you consider whether it
12  has gained distinctiveness by the acquisition of secondary meaning.

1                               **COURT'S JURY INSTRUCTION NO.**

2

3       If you determined                     that Brandy Melville's unregistered

4 trademarks in the "Brandy Melville" name or other unregistered variations of the

5 Brandy Melville name are descriptive, you must consider the recognition that the

6 marks have among prospective consumers in order to determine whether they are

7 valid and protectable even though they are descriptive. This market recognition is

8 called the trademark's "secondary meaning."

9       A word, name, symbol, or any combination of these items acquires a secondary

10 meaning when it has been used in such a way that its primary significance in the minds

11 of the prospective consumers is not the product itself, but the identification of the

12 product with a single source, regardless of whether consumers know who or what that

13 source is. You must find that the preponderance of the evidence shows that a

14 significant number of the consuming public associates the unregistered trademarks

15 with a single source, in order to find that they have acquired secondary meaning.

16       When you are determining whether Brandy Melville's unregistered trademarks

17 have acquired a secondary meaning, consider the following factors:

18       (1)     Consumer Perception. Whether the people who purchase the service that

19 bears the claimed trademark associate the trademark with plaintiff;

20       (2)     Advertisement. To what degree and in what manner plaintiff may have

21 advertised under the claimed trademark;

22       (3)     Demonstrated Utility. Whether the plaintiff successfully used this

23 trademark to increase the sales of its product;

24       (4)     Extent of Use. The length of time and manner in which plaintiff used the

25 claimed trademark;

26       (5)     Exclusivity. Whether plaintiff's use of the claimed trademark was

27 exclusive;

28       (6)     Copying. Whether the defendant intentionally copied plaintiff's

1 | trademark; and

2 |     (7)    Actual Confusion. Whether the defendant's use of the plaintiff's
3 | trademark has led to actual confusion.

4 |     The presence or absence of any particular factor should not necessarily resolve
5 | whether Brandy Melville's unregistered trademarks have acquired secondary
6 | meaning.

7 |     Descriptive marks are protectable only to the extent you find they acquired
8 | distinctiveness by the public coming to associate the mark with a particular source.
9 | Descriptive marks are entitled to protection only as broad as the secondary meaning
10 | they have acquired, if any. If they have acquired no secondary meaning, they are
11 | entitled to no protection and cannot be considered a valid mark.

12 |     The mere fact that the plaintiff is using the unregistered trademarks, or that the
13 | plaintiff began using it before the defendant, does not mean that the trademark has
14 | acquired secondary meaning.

1          **COURT'S JURY INSTRUCTION**

2

3          If you find that Redbubble contributorily infringed on or contributorily

4    counterfeited Brandy Melville's registered Brandy Heart, Brandy Flags, or

5    LosAngeles Lightning trademarks after they were registered, you must determine if

6    Brandy Melville can recover statutory damages against Redbubble, and if so, the

7    amount of those statutory damages.

8          To prove counterfeiting, Brandy Melville must prove, in addition to the

9    elements required to prove infringement, all of the following:

10         1.    The alleged direct infringer intentionally used in commerce a

11               "counterfeit" mark;

12         2.    The alleged direct infringer knew that the mark was a counterfeit;

13         3.    The alleged direct infringer used the mark in connection with the sale,

14               offering for sale or distribution of goods; and

15         4.    The alleged direct infringer's use was likely to cause confusion, mistake

16               or to deceive.

17    For this purpose, a "counterfeit mark" is:

18         5.    A nongenuine mark which is identical with or substantially

19               indistinguishable from a registered mark;

20         6.    The registered mark is registered on the Principal Register for, and used

21               by the holder of the mark in connection with, the same goods in

22               connection with which the accused mark is being used;

23         7.    The registered mark is in use; and

24         8.    The accused use is not on or in connection with goods of which the

25               producer was, at the time of production, authorized by the holder of the

26               mark to use the mark for those types of good.

27         A counterfeit product must be a "stitch for stitch copy" of plaintiff's own

28    products when viewed in the marketplace, including its packaging, such that a

consumer would be tricked into believing that the counterfeit is actually one of plaintiff's products.

The law permits recovery of only one award of statutory damages for each trademark infringed for each type of goods sold. This means that the statutory award cannot be multiplied by the number of counterfeit items that were sold or offered for sale.

If you find that Brandy Melville is entitled to statutory damages, you must further determine whether Redbubble's contributory infringement was willful. Willful infringement under the law requires proof that a person acted voluntarily and intentionally and with the specific intent to commit the act. If you find that Redbubble's infringement was not willful, you must award statutory damages not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold. If you find that Redbubble's infringement was willful, you can award statutory damages no more than $2,000,000 per counterfeit mark per type of goods sold.

1

## COURT'S JURY INSTRUCTION

2

3       The plaintiff is entitled to any profits earned by the defendant that are
4   attributable to the infringement, which the plaintiff proves by a preponderance of the
5   evidence.

6       Profit is determined by deducting all expenses from gross revenue.

7       Gross revenue is all of defendant's receipts from using the trademark in the sale
8   of an infringing product.

9       Expenses are all operating and production costs incurred in producing the gross
10  revenue.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28