**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 27, 2021 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion for Judgment as a Matter of Law [DE 185]

## I.   INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") filed a complaint against Redbubble, Inc. ("Redbubble," or "Defendant") for claims arising from the unauthorized sale of goods bearing Brandy Melville's trademarks through Redbubble's website. Plaintiff's complaint alleged (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

On May 4, 2020, Defendant filed a motion for summary judgment as to all five of Plaintiff's claims. (ECF No. 40). On July 10, 2020, the Court granted summary judgment in favor of Defendant with respect to all of Plaintiff's claims except for Plaintiff's contributory infringement and counterfeiting claims. (ECF No. 103).

This case proceeded to a jury trial in June of 2021, after which the jury found Redbubble liable for: (1) willful contributory counterfeiting of Plaintiff's Brandy Melville Heart Mark and LA Lightning Mark; (2) contributory infringement of the Brandy Melville Heart Mark and LA Lightning Mark, and; (3) contributory infringement of Plaintiff's unregistered trademarks in the "Brandy Melville" name or other unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (Redacted Verdict Form, ECF No. 193).

Presently before the Court is Defendant's Motion for Judgment as a Matter of Law. ("Motion") (ECF No. 185). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

## II. FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's Order of July 10, 2020. (ECF No. 103).

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

"Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion."' *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008) (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002), *cert. denied by Roberts v. Torres*, 556 U.S. 1183 (2009). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). A "jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Torres*, 548 F.3d at 1205–06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)).

## IV. DISCUSSION

After a three-day jury trial, the jury came back with a verdict for Plaintiff as to most issues. Specifically, the jury found Redbubble liable for: (1) willful contributory counterfeiting of the Brandy Melville Heart Mark and LA Lightning Mark; (2) contributory infringement of the Brandy Melville Heart Mark and LA Lightning Mark, and; (3) contributory infringement of Brandy Melville's unregistered trademarks in the "Brandy Melville" name or other unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (Redacted Verdict Form, ECF No. 193).

The jury awarded Plaintiff $200,000 in statutory damages for the contributory counterfeiting of the LA Lightning Mark, $300,000 in statutory damages for the contributory counterfeiting of the Brandy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 27, 2021 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

Melville Heart Mark, and a combined $20,000 for contributory trademark infringement of the LA Lightning Mark, Brandy Melville Heart Mark, and Plaintiff's unregistered Marks.

Redbubble moves for judgment as a matter of law as to all of Plaintiff's claims. Having read and considered Redbubble's Motion, Plaintiff's Opposition thereto, (ECF No. 199), and Redbubble's Reply in support, (ECF No. 202), the Court **GRANTS** in part and **DENIES** in part the Motion.

Specifically, the Court **GRANTS** judgment in favor of Redbubble on Plaintiff's claim for contributory counterfeiting of the Brandy Melville Heart Mark and **DENIES** the Motion in all other respects.

"A counterfeit is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 608 (C.D. Cal. 2017). The Lanham Act prohibits a counterfeit mark from being used "in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1116(d)(1)(A). "Section 1116(d) requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011).

"[C]ounterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) (citing McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed.)). "For this reason, courts have uniformly applied this provision to products that are stitch-for-stitch copies of those of another brand." *Id.*; *cf Coach, Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 923–24 (C.D. Cal. 2009) (rejecting statutory damages where the plaintiff's mark was registered for use on "sunglass cases" but the counterfeited marks were affixed to "sunglasses").

Here, Plaintiff failed to present evidence of products that bore a spurious Brandy Melville Heart Mark and were offered for sale on Redbubble.com that were remotely similar to products that Plaintiff offered for sale, let alone "stitch-for-stitch copies" of Plaintiff's products. The Court therefore concludes that the evidence presented at trial permits only one reasonable conclusion—Plaintiff failed to establish that Redbubble is liable for contributory counterfeiting of the Brandy Melville Heart Mark.

Redbubble also argues that Plaintiff failed to establish that Redbubble contributorily counterfeited the LA Lightning Mark. This argument fails. At trial, Plaintiff put on evidence adequate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04618-RGK-JPR | Date | July 27, 2021 |
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

support the jury's conclusion as to the LA Lightning Mark. (*See, e.g.*, Trial Exhibit 222, ECF No. 199-21).

Finally, Redbubble argues that Plaintiff failed to sufficiently show common-law mark rights; failed to introduce evidence sufficient to show that any alleged direct infringements are not aesthetically functional; failed to show likelihood of confusion of any type, and; failed to show that Redbubble is subject to contributory liability generally. (Motion at 13–20).[1] The Court finds none of these arguments persuasive. "A motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *El-Hakem*, 415 F.3d at 1072. Here, the evidence put on at trial was adequate to support the jury's conclusion as to all the points that Defendant disputes.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion.

Specifically, the Court **GRANTS** the Motion as to the jury's verdict for contributory counterfeiting of the Brandy Melville Heart Mark and **DENIES** the Motion in all other respects. The Court hereby **ENTERS JUDGMENT** for Defendant on Plaintiff's claim for contributory counterfeiting of the Brandy Melville Heart Mark and reduces the jury verdict of $520,000 to $220,000. The jury's verdict is otherwise upheld.

**IT IS SO ORDERED.**

                                                                                                 :

Initials of Preparer

---

[1] Redbubble raised several additional arguments in pages 21 through 24 of its Motion. However, because Redbubble's Motion exceeded this Court's 20-page limit, the Court declines to consider those arguments raised after page 20.