UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation, | Case No. 2:19-cv-04618-RGK (JPRx) Hon. R. Gary Klausner |
|---|---|
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION, ATTORNEY'S FEES, AND PRE-JUDGMENT INTEREST** |
| REDBUBBLE, INC., a Delaware corporation, | |
| Defendant. | Date: September 7, 2021<br>Time: 9:00 a.m.<br>Courtroom: 850 |
| | PTSC Date: May 24, 2021<br>Trial Date: June 17, 2021 |

The Lanham Act authorizes injunctions to prevent the violation of any right of the registrant of a mark registered with the U.S.P.T.O. or to prevent the infringement of unregistered trademarks under 15 U.S.C. section 1125. *See* 15 U.S.C. § 1116(a). A Court may grant a permanent injunction under this section if it satisfies the four-factor test of *eBay, Inc. v. MercExchange, LLC*, by showing: (1) plaintiff has suffered irreparable injury; (2) there is no adequate remedy at law; (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) it is in the public's interest to issue the injunction. 547 U.S. 388, 391 (2006).

### 1. Brandy Melville Is Entitled to a Presumption of Irreparable Harm

After enactment of the Consolidated Appropriations Act of 2021, Pub.L. 116-260, Div. Q, Title II, § 226(a), Dec. 27, 2020, 134 Stat. 2208, Brandy Melville is "entitled to a rebuttable presumption of irreparable harm" because the jury's verdict constitutes "a finding of a violation." 15 U.S.C. § 1116(a).

Further, the evidence at trial demonstrated that, even after Brandy Melville gave Redbubble notice of the infringement and after Brandy Melville filed this action, Redbubble's infringement and counterfeiting persisted. Redbubble did not even begin to attempt any proactive policing until a year after the notice and only after being sued. Indeed, Redbubble's infringement persists even after a finding of willful contributory infringement.

### 2. Brandy Melville Has No Adequate Remedy at Law

Brandy Melville has no adequate remedy at law. *Car-Freshner Corp. v. Valio, LLC*, No. 2:14-cv-1471, 2016 WL 7246073, at *8 (D. Nev. Dec. 15, 2016) ("Damage to reputation and loss of customers are intangible harms not adequately compensable through monetary damages."). Brandy Melville's witness Ms. Elkins testified at trial, for example, that based on her experience working at Brandy Melville, Redbubble's sale of infringing and counterfeit designs and products was harmful to the Brandy Melville brand, is unfair to Brandy Melville's customers, and negatively impacts

Brandy Melville's marketing and sales strategies. Moreover, an award of damages relates solely to past infringement; future infringement, including that post-verdict but before this order, has not been remedied.

### 3. The Balance of Hardships Favors Brandy Melville

The balance of hardships favors Brandy Melville because it is suffering irreparable injury, for which it has no adequate remedy at law, while "[t]here is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with law." *BMW of N. Am., LLC v. Rocco*, No. 19-cv-9285, 2020 WL 7047318, at *12 (C.D. Cal. Nov. 18, 2020) (internal quotation marks omitted).

### 4. A Permanent Injunction Would Serve the Public Interest

Finally, "[a]n injunction is in the interest of the public because where defendant's concurrent use of plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." *Id.*

Accordingly, IT IS ORDERED THAT Redbubble, and its officers, agents, servants, employees, attorneys, and all others who are in active concert or participation with them, are PERMANENTLY ENJOINED from referencing, mentioning, and/or using in any way, and/or permitting the reference, mention, and/or use in any way, of BRANDY MELVILLE, Brandy Melville's registered trademarks with the U.S.P.T.O. Registration No. 5,748,883, No. 5,373,397, or No. 5,238,856, or Brandy Melville's unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com,"

    (a) on any products that are the same as or confusingly similar to authentic Brandy Melville products or designs, or

    (b) on any product titles, keywords, or "tags," on the Redbubble.com website that are associated with or are used to promote or drive consumers to products that are the same as or confusingly similar to authentic Brandy Melville products or designs.

IT IS FURTHER ORDERED that this case is, by virtue of the jury's willfulness findings and the other factors given in *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc), deemed "exceptional" for purposes of attorney's fees under 15 U.S.C. § 1117(a) and Brandy Melville is ordered to submit a final accounting of fees it requests within ten days of the date of this order.

IT IS FURTHER ORDERED that pre-judgment interest, beginning at and compounded from May 14, 2018, is awarded at the rate specified in 26 U.S.C. § 6621(a)(2).

**IT IS SO ORDERED.**

DATED: September __, 2021

Hon. R. Gary Klausner
United States District Court Judge