**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF Y.Y.G.M. SA d.b.a. BRANDY MELLVILLE'S MOTION FOR PERMANENT INJUNCTION, ATTORNEY'S FEES, AND PRE-JUDGMENT INTEREST**<br><br>[Filed Concurrently with Opposition to Motion and Declaration of Joshua M. Masur]<br><br>Date:    September 7, 2021<br>Time:    9:00 a.m.<br>Crtrm.:  850 |

Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") moved the Court to impose a permanent injunction against Defendant Redbubble Inc. ("Redbubble" or "Defendant"), to shift Plaintiff's attorneys' fees, and to assess pre-judgment interest. (DE#208) The Court addresses each in turn.

## I.    <u>PLAINTIFF IS NOT ENTITLED TO A PERMANENT INJUNCTION</u>

15 U.S.C. § 1116(a) allows this Court the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered

1

1    in the Patent and Trademark Office or to prevent a violation under subsection (a),

2    (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall

3    be entitled to a rebuttable presumption of irreparable harm upon a finding of a

4    violation identified in this subsection in the case of a motion for a permanent

5    injunction…."

6            To obtain a permanent injunction, "plaintiff must demonstrate: (1) that it has

7    suffered an irreparable injury; (2) that remedies available at law, such as monetary

8    damages, are inadequate to compensate for that injury; (3) that, considering the

9    balance of hardships between the plaintiff and defendant, a remedy in equity is

10   warranted; and (4) that the public interest would not be disserved by a permanent

11   injunction."  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Plaintiff

12   has not met this test.

13            A.      **Plaintiff Fails to Show Irreparable Harm**

14            In December 2020, Congress amended 15 U.S.C. § 1116(a) to add "a

15   rebuttable presumption of irreparable harm upon a finding of a violation identified

16   in this subsection in the case of a motion for a permanent injunction."  While

17   Plaintiff is entitled to this rebuttable presumption, it has been rebutted here by one

18   or more of:  Plaintiff's one-year delay between sending a notice letter to Redbubble

19   and filing suit; Plaintiff's failure to seek a preliminary injunction throughout the

20   pendency of this case; Plaintiff's failure to notify Redbubble of newly-found

21   infringing activity over the course of the case.  *See, e.g.*, *Nitto Tire U.S.A. Inc. v.*

22   *Gigatires, LLC*, No. 8:21-cv-00797-JVS-JDEx, Dkt. No. 28, at 4-5 (C.D. Cal.,

23   Aug. 12, 2021) (citing *Miller v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir.

24   1993); delay in seeking preliminary injunction "demonstrates a lack of any

25   irreparable harm"); *accord, e.g.*, *Caryn Mandabach Prods. Ltd. v. Sadlers*

26   *Brewhouse Ltd.*, No. CV2010220CBMJEMX, 2021 WL 2497928, at *7 (C.D. Cal.

27   May 19, 2021) (citing *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377

28   (9th Cir. 1985)).  Had the remaining infringement been truly irreparable, Plaintiff

2911-1006 / 1865497.1                                    2

1  would have moved for preliminary relief, whether at the outset of the case or during

2  the delay caused by the ongoing pandemic.

3       Moreover, Plaintiff concedes that "Redbubble [began] proactive policing …

4  after being sued."  (DE#208 at 4.)  The evidence adduced at trial established that

5  Redbubble's policing efforts significantly reduced the use of its marketplace to

6  infringe Plaintiff's marks, thereby reducing *any* harm, reparable or not.

7       Where the presumption has been rebutted, Plaintiff is obligated to come

8  forward with evidence of actual irreparable harm. *United Nat. Maint., Inc. v. San*

9  *Diego Convention Ctr. Corp.,* No. 07CV2172 AJB, 2012 WL 3861946, at *9 (S.D.

10  Cal. Sept. 5, 2012) (citing *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139,

11  162-63 (2010); *Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1172 (9th Cir.

12  2011)).  Plaintiff has failed to do so here or at trial.  *See Flexible Lifeline Sys. v.*

13  *Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("Actual irreparable harm

14  must be demonstrated to obtain a permanent injunction in an infringement action").

15       **B.**    **The Jury Granted an Adequate Remedy at Law**

16       "The terms 'inadequate remedy at law' and 'irreparable harm' describe two

17  sides of the same coin. If the harm being suffered by plaintiff … is 'irreparable,'

18  then the remedy at law (monetary damages) is inadequate." *Anhing Corp. v. Thuan*

19  *Phong Co. Ltd.,* No. CV1305167BROMANX, 2015 WL 4517846, at *23 (C.D. Cal.

20  July 24, 2015) (citing 5 McCarthy § 30:2).  The evidence at trial established that the

21  jury's assessment of damages, including statutory damages, has more than made

22  Plaintiff whole for Redbubble's adjudged contributory infringement, and injuries

23  compensable by "economic damages are not traditionally considered irreparable

24  because the injury can later be remedied by a damage award." *Bekins Holding*

25  *Corp. v. BGT Trans, Inc.*, No. CV0908982MMMMANX, 2010 WL 11597623 at

26  *12 (C.D. Cal. Nov. 19, 2010) (citing *California Pharmacists Ass'n v. Maxwell–*

27  *Jolly*, 563 F.3d 847, 851–52 (9th Cir. 2009)).  Plaintiff introduced no reliable

28  evidence that the jury's remedy was inadequate, and the fact that the jury granted

1    damages establishes the existence of an adequate legal remedy.  *See, e.g.*, *Brighton*

2    *Collectibles, Inc. v. Pedre Watch Co., Inc*, No. 11CV00637 AJB WVG, 2013 WL

3    5719071, at \*5 (S.D. Cal., Oct. 21, 2013) (damages provide adequate remedy at law

4    absent indications that defendant could not pay; future infringement could be

5    compensated by further damages).

6            C.      **The Balance of Hardships Tips Against an Injunction**

7            Although Plaintiff characterizes the injunction it seeks as one that would

8    "would merely require the defendant to comply with law," "blanket injunctions to

9    obey the law are disfavored." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,

10   518 F. Supp. 2d 1197, 1226 (C.D. Cal. 2007) (quoting *Mulcahy v. Cheetah Learning*

11   *LLC*, 386 F.3d 849, 852 n. 1 (8th Cir. 2004)).  "The grant of jurisdiction to ensure

12   compliance with a statute hardly suggests an absolute duty to do so under any and

13   all circumstances, and a federal judge sitting as chancellor is not mechanically

14   obligated to grant an injunction for every violation of law."  *Amoco Prod. Co. v.*

15   *Village of Gambell*, 480 U.S. 531, 542 (1987).

16          The statute explicitly "authorizes courts to apply 'principles of equity' in

17   granting injunctions 'upon such terms as the court may deem reasonable … to

18   prevent a violation under [15 U.S.C. § 1125(a)]." *Quiksilver, Inc. v. Kymsta Corp.*,

19   360 F. App'x 886, 889 (9th Cir. 2009) (citing 15 U.S.C. § 1116(a)).  A bedrock

20   principle of equity jurisdiction is the "power to grant relief no broader than

21   necessary to cure the effects of the harm caused by the violation" and "to mould

22   each decree to the necessities of a particular case." *Forschner Grp., Inc. v. Arrow*

23   *Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997) (quoting *Perfect Fit Indus., Inc. v.*

24   *Acme Quilting Co.,* 646 F.2d 800, 806 (2d Cir. 1981) (internal citation and

25   quotations omitted)).  Thus, an injunction should be narrowly tailored to effectuate a

26   remedy for "only the specific harms shown by the plaintiffs, rather than "to enjoin

27   all possible breaches of the law." *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 998–

28   99 (N.D. Cal. 2006) (quoting *Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th

Cir. 2004)); *accord, e.g.*, *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 140039, at \*7 (N.D. Cal. Jan. 10, 2013) (injunction that exceeded scope of adjudged liability would become "what is in essence a preliminary injunction for the claims it has yet to prove [defendant] infringed under the rubric of a permanent injunction").

Balancing hardships is particularly important where the defendant is liable for contributory, rather than direct, infringement.  Direct infringement is a strict liability offense, while contributory infringement requires actual or constructive knowledge. That direct infringers might use Redbubble's services "in an infringing manner, requiring plaintiff to bring future enforcement actions against additional defendants is not a concern for this court.  Injunctions must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law." *Teller v. Dogge*, No. 2:12-cv-00591-JCM-GWF, 2014 WL 4929413, at \*6 (D. Nev. Sept. 30, 2014).  That is especially true where the injunction would effectively convert a cause of action requiring actual or constructive knowledge into a strict liability offense.  The Court will not relieve Plaintiff of its notice obligation under the guise of a permanent injunction, and will not impose a broad injunction requiring Redbubble to remove *any* listing in which an artist used, for example, the terms "brandy" or "melville" as keyword tags, which would unduly burden Redbubble in a substantially more severe manner than any hardship faced by Plaintiff.

### D.    The Public Interest Does Not Support an Injunction

Because Plaintiff failed to adduce any evidence of actual consumer confusion at trial, the Court cannot conclude that the public interest in preventing consumer confusion would be served by an injunction.  Moreover, Plaintiff's proposed injunction would harm free speech and free expression .  Artists have a right to create and sell, and the public has a right to seek and purchase, works that make transformative or otherwise fair use of Plaintiff's marks, including those that

1  criticize Plaintiff or use Plaintiff's marks in a non-source-identifying, non-confusing

2  manner.  There is no practical way for them to do so unless artists can tag such

3  listings with, for instance, "brandy" and/or "melville," and unless those listings

4  create the mistaken impression that they identify Plaintiff as the source, the use of

5  such keywords do not violate Plaintiff's trademark rights.  "Redbubble is not

6  required to disable functionality capable of substantial non-infringing use merely

7  because some [third] parties may use it to infringe." *Atari Interactive, Inc. v.*

8  *Redbubble, Inc.*, --- F. Supp. 3d. ----, 2021 WL 706790, at *11 (N.D. Cal. Jan. 28,

9  2021) (citations and footnote omitted; citing 4 McCarthy on Trademarks and Unfair

10  Competition § 23:11 (5th Ed. 2020); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722

11  F.3d 1229, 1253-54 (10th Cir. 2013)).

12  **II.    THIS CASE IS NOT "EXCEPTIONAL" AND THE COURT WILL**

13  **NOT SHIFT PLAINTIFF'S ATTORNEY'S FEES**

14         "[T]he Lanham Act permits, but does not mandate, an award of attorneys' fees

15  to a prevailing party in 'exceptional circumstances.'"  *Gracie v. Gracie*, 217 F.3d

16  1060, 1071 (9th Cir. 2000); *see* 15 U.S.C. § 1117(a).  In determining if a case is

17  "exceptional," courts must examine the "totality of the circumstances," and

18  specifically, the non-exclusive factors of "frivolousness, motivation, objective

19  unreasonableness (both in the factual and legal components of the case) and the

20  need in particular circumstances to advance considerations of compensation and

21  deterrence." *SunEarth, Inc. v. Sun Earth Solar Power*, 839 F.3d 1179, 1181 (9th Cir.

22  2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545

23  (2014).  An exceptional case is "one that stands out from others with respect to the

24  substantive strength of a party's litigation position (considering both the governing

25  law and the facts of the case) or the unreasonable manner in which the case was

26  litigated."  *Octane Fitness*, 572 U.S. at 554 (internal quotations omitted).  By

27  definition, only rare cases "stand out" as exceptional – typically, albeit not

28  exclusively, those in which the claims or defenses were "exceptionally meritless or

1  unreasonably handled, or amounted to a gross injustice against" the prevailing party.

2  *In re Protegrity Corp.,* No. 3:15-md-02600-JD, 2017 WL 747329, at *2, *9 (N.D.

3  Cal. 2017).

4        Redbubble obtained summary judgment in its favor on most of the claims

5  brought by Plaintiff, including its direct and vicarious infringement and

6  counterfeiting claims, its false designation of origin claim (other than for

7  unregistered marks), and its state law unfair competition claim on which its punitive

8  damage claims were based.  *See Maljack Prods., Inc. v. Good Times Home Video*

9  *Corp.*, 81 F.3d 881, 889 (9th Cir. 1996) (degree of success).

10       Although the Court permitted Plaintiff's contributory counterfeiting and

11 infringement claims to go to the jury, the Court refused to grant summary judgment

12 against Redbubble on those claims because Redbubble was potentially able to

13 prevail against them at trial, and its defenses were therefore not objectively

14 unreasonable.  A litigant that has prevailed against summary judgment or other

15 dispositive motions "cannot be faulted for litigating a claim it was granted

16 permission to pursue." *Munchkin, Inc. v. Luv n'Care, Ltd.*, 960 F.3d 1373, 1381 (9th

17 Cir. 2020) (reversing fee award).  "[A] party is entitled to rely on a court's denial of

18 summary judgment and JMOL ... as an indication that the party's claims were

19 objectively reasonable and suitable for resolution at trial." *Checkpoint Systems,*

20 *Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).  "It would strain

21 logic for the Court to hold that [a party] presented enough evidence to establish

22 genuine issues of material fact…, but that the claim was also 'objectively

23 unreasonable' as a factual matter" for fee-shifting purposes.  *Black v. Irving*

24 *Materials, Inc.*, No. 17-CV-06734-LHK, 2020 WL 60202, at *13 (N.D. Cal. Jan. 6,

25 2020).  Moreover, although Redbubble did not prevail on its defenses here, it has

26 prevailed on them in other cases, further indicating that its positions were

27 reasonable, even if eventually unsuccessful.

28

1       Although the Court permitted Plaintiff's contributory counterfeiting claim to

2    go to the jury, Plaintiff failed to present evidence of counterfeiting of two of the

3    three registered marks in suit, the Brandy Heart and Brandy Flags marks.  The

4    eventual jury verdict on Plaintiff's claims granted a small fraction of what Plaintiff

5    sought in damages, but still amounted to a windfall considering that Plaintiff elected

6    to offer no proof of its own damages, and considering that Redbubble earned little

7    actual profit connected with any infringing sales.

8       Even if the Court were to find that Plaintiff were entitled to fee shifting, it has

9    failed to meet its burden of proving the amount it claims. "The burden is on the fee

10   applicant to produce satisfactory evidence—in addition to the attorneys' own

11   affidavits—that the requested rates are in line with those prevailing in the

12   community for similar services by lawyers of reasonably comparable skill,

13   experience and reputation." *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980

14   (9th Cir. 2008) (internal quotation marks and citation omitted). Here, Plaintiff has

15   requested more than $1,200,000 in fees in a lawsuit where it proved no actual

16   damages, where the defendant's profits from the allegedly infringing conduct were

17   $20,000, and where the jury award was $220,000.  Moreover, Plaintiff has requested

18   fees for all of the claims in the case, notwithstanding that the Court granted

19   summary judgment against Plaintiff on most claims and Plaintiff failed to present

20   evidence sufficient to find contribution to counterfeiting of two of the three

21   registered marks.  The record does not support permit the Court even to allocate

22   Plaintiff's attorneys' fees to exclude those claims it lost, and the Court will not

23   compel Redbubble to pay Plaintiff's fees connected with issues on which Redbubble

24   prevailed.  *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157–58 (9th Cir.

25   2002).[1]

26

27   [1] The Court notes that Plaintiff has made hearsay allegations regarding the purported
28   unreasonableness of Redbubble's settlement positions.  In so doing, Plaintiff

## III.   **PRE-JUDGMENT INTEREST IS INAPPROPRIATE HERE**

The Lanham Act authorizes pre-judgment interest *only* where the plaintiff elects treble damages for counterfeiting under 15 U.S.C. § 1117(b), not for damages or profits for ordinary infringement. *See Neurovision Med. Prods., Inc. v. Nuvasive, Inc.*, No. CV 09-6988 DSF (JEMx), 2014 WL 12567167, at \*2 (C.D. Cal. Dec. 2, 2014) (contrasting 15 U.S.C. § 1117(a) and (b) and quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).  Because subsection (c), unlike subsection (b), does not provide for interest, Plaintiff waived pre-judgment interest when it elected, "[p]ursuant to 15 U.S.C. § 1117(c), … to recover an award of statutory damages." (DE#192)  Particularly where, as here, the amount of statutory damages is not tied to any actual damages or profits, and where there was no amount certain to calculate interest until the jury reached its verdict, an award of pre-judgment interest would not merely be contrary to the statute and to Plaintiff's election of remedies, but would constitute an impermissible multiple recovery. *See, e.g.*, *Polaris Indus. Inc. v. TBL Int'l Inc.*, No. 19-CV-0291, 2020 WL 1075019, at \*8 (D. Minn. Mar. 6, 2020) (denying pre-judgment interest on statutory damages).

## IV.   **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion in its entirety.

**IT IS SO ORDERED.**

DATED: _____, 2021     _____
                                 Honorable R. Gary Klausner
                                 United States District Court Judge

---

violated the confidentiality protections afforded to ADR under this Court's rules, including the Mediation Confidentiality Agreement (form ADR-17).