BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION, ATTORNEY'S FEES, AND PRE-JUDGMENT INTEREST**<br><br>Date:         September 7, 2021<br>Time:         9:00 a.m.<br>Courtroom:  850<br><br>PTSC Date.: May 24, 2021<br>Trial Date:   June 17. 2021 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ..........................................................................................................2

    A. Redbubble's Opposition Misstates the Facts. ............................................2

        1. Redbubble continues to profit off Brandy Melville's marks. ................................................................................................2

        2. The jury found *all* of Redbubble's conduct to be willful—or worse. ..........................................................................................3

    B. All the Factors and Congress's Explicit Legislative Statement in 2021 Favor Granting Brandy Melville a Permanent Injunction. ............5

        1. Redbubble's irreparable harm arguments based on alleged "delay" are grossly misleading. ..........................................................5

        2. Redbubble's arguments on the scope and specificity of the injunction in fact counsel granting a broader one. ........................7

    C. Redbubble's Conduct Cries Out for an Award of Fees and Prejudgment Interest. ..............................................................................9

III. CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Arc of Cal. v. Douglas*,
 757 F.3d 975 (9th Cir. 2014) ................................................................................. 6

*Atari Interactive, Inc. v. Redbubble, Inc.*,
 515 F. Supp. 3d 1089, 2021 WL 706790 (N.D. Cal. 2021) ................................... 7

*Atari Interactive, Inc. v. Redbubble, Inc.*,
 No. 18-cv-03451 (N.D. Cal. July 12, 2021) (R. Doc. 128) ................................... 7

*Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*,
 No. 06-cv-1584, 2009 WL 10674087 (S.D. Cal. May 12, 2009) ........................... 8

*Brooklyn Brewery Corp. v. Black Ops Brewing, Inc.*,
 156 F. Supp. 3d 1173 (E.D. Cal. 2016) ................................................................. 7

*Caryn Mandabach Prods. Ltd. v. Sadlers Brewhouse Ltd.*,
 No. 10-cv-220, 2021 WL 2497928 (C.D. Cal. May 19, 2021) .............................. 5

*Ctr. for Food Safety v. Schafer*,
 No. 08-cv-484, 2010 WL 964017 (N.D. Cal. Mar. 16, 2010) ................................ 5

*CytoSport, Inc. v. Vital Pharms., Inc.*,
 617 F. Supp. 2d 1051 (E.D. Cal. 2009) .............................................................. 6, 7

*Garcia v. Google, Inc.*,
 786 F.3d 733 (9th Cir. 2015) (en banc) ................................................................. 5

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ......................................................................................... 9, 10

*Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*,
 456 U.S. 844 (1982) ............................................................................................... 4

*Jackson v. Axton*,
 25 F.3d 884 (9th Cir. 1994) ................................................................................... 9

*L.A. Memorial Coliseum Comm'n v. N.F.L.*,
 634 F.2d 1197 (9th Cir. 1980) ............................................................................... 5

*Lahoti v. Vericheck, Inc.*,
 636 F.3d 501 (9th Cir. 2011) ................................................................................. 4

*Luvdarts, LLC v. AT&T Mobility, LLC*,
 710 F.3d 1068 (9th Cir. 2013) ............................................................................... 4

# TABLE OF AUTHORITIES

**Page**

*Lydo Enters., Inc. v. City of Las Vegas*,
  745 F.2d 1211 (9th Cir. 1984) ................................................................................ 6

*Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*,
  No. 09-cv-80918, 2011 WL 13108096 (S.D. Fla. Aug. 11, 2011) ....................... 10

*Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr.*,
  991 F.2d 536 (9th Cir. 1993) ................................................................................ 5

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
  726 F.3d 1359 (Fed. Cir. 2013) .......................................................................... 10

*Nitto Tire U.S.A. Inc. v. Gigatires, LLC*,
  No. 21-cv-797, Dkt. No. 28 (C.D. Cal. Aug. 12, 2021) .................................... 5, 6

*Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*,
  762 F.2d 1374 (9th Cir. 1985) .............................................................................. 5

*Opticians Ass'n of Am. v. Indep. Opticians of Am.*,
  920 F.2d 187 (3rd Cir. 1990) ................................................................................ 7

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) ................................................................................ 4

*Pronman v. Styles*,
  676 F. App'x 846 (11th Cir. 2017) ..................................................................... 10

*Protech Diamond Tools, Inc. v. Liao*,
  No. 08-cv-3684, 2009 WL 1626587 (N.D. Cal. June 8, 2009) ............................ 5

*Reno Air Racing Ass'n, Inc. v. McCord*,
  452 F.3d 1126 (9th Cir. 2006) .............................................................................. 8

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
  839 F.3d 1179 (9th Cir. 2016) (en banc) ........................................................... 10

*United States v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*,
  43 F.3d 794 (3d Cir. 1994) ................................................................................... 4

*YZ Prods., Inc. v. Redbubble, Inc.*,
  --- F. Supp. 3d ----, 2021 WL 2633552 (N.D. Cal. June 24, 2021) ..................... 7

**FEDERAL STATUTES**

15 U.S.C. § 1116(a) .................................................................................................. 6

15 U.S.C. § 1117(a) ............................................................................................ 4, 10

## I. INTRODUCTION

Defendant Redbubble, Inc.'s opposition to Plaintiff Brandy Melville's motion for a permanent injunction and attorney's fees and prejudgment interest (R. Doc. 210; the "Opposition") is hopelessly self-contradictory. On the one hand, Redbubble says an injunction is unnecessary because its self-policing efforts have achieved "substantial success." R. Doc. 210 at 1. On the other, Redbubble says an injunction is vague and overbroad because Redbubble cannot possibly know what uses of the Brandy Melville marks qualify as "confusingly similar." *Id.* at 8. So which is it? Is Redbubble preventing the infringement of Brandy Melville's trademarks? Or is such prevention impossible because Redbubble has no way of knowing?

As it turns out—and as the jury in this case already found—none of Redbubble's self-serving narratives comports with the truth. Redbubble's websites are, as of today, August 24, 2021, replete not just with third-party infringement of all kinds, but with the blatant counterfeiting of Brandy Melville's marks in particular, down to the LA Lightning Mark that Redbubble points to as a supposed success story of self-policing. The rest of Redbubble's Opposition turns the law on its head, imposing on Brandy Melville an obligation to police Redbubble's business (from which it made $657 million in FY21) rather than requiring Redbubble, an adjudged contributory counterfeiter and infringer, to put a stop to the counterfeiting and infringement the jury found it willfully enables. Willful action is, by definition, action within a party's control.

If Redbubble is unhappy with the addition of the proposed injunction's "confusingly similar" proviso, which Brandy Melville added to protect whatever marginal interest Redbubble might have in non-infringing use of the marks, very well. Redbubble should be prohibited from using Brandy Melville's marks, period, unless and until its bazaar of brand infringement shows some evidence of making or facilitating any meaningful protected uses. Redbubble points to no such transformative or other non-confusing uses because it cannot. Rather, it runs an e-

flea market for knock-offs, not a magazine for critical fashion commentary. Redbubble's argument is not even the tail of fair use wagging the dog of infringement. There is no tail.

As to a fee award, the stridency of Redbubble's opposition to the injunction in the face of such manifest need is further evidence of this case's exceptional nature. It is precisely these continuing, obstreperous machinations that justify a fee award. "Exceptional" does not begin to describe the conduct of: (1) a *willful* contributor to counterfeiting and (2) *knowing or willfully blind* contributor to infringement who (3) *persists* in the conduct not just post-verdict, but *post-judgment*, all while taking in well over half a *billion dollars* in revenue. Redbubble has built its business on the theft of intellectual property. Unless and until it evidences some intention to grapple with that worm at the core (and it did not even *start* attempting to police this until Brandy Melville filed suit), intellectual property owners should not have to take losses to protect their property.

## II.  ARGUMENT

### A.  Redbubble's Opposition Misstates the Facts.

#### 1.  Redbubble continues to profit off Brandy Melville's marks.

"Importantly,"—*and that is the word in Redbubble's Opposition*—"no counterfeit LA Lightning products have been sold since Redbubble received notice." R. Doc. 210 at 15. Then what is this?



1 (Supplemental Declaration of Keith J. Wesley ("Wesley Supp. Dec."), filed
2 concurrently, Ex. 18.) Offered also as a hoodie, mask, tank top, and kids t-shirt,
3 among other things, this blatant counterfeit is available for sale on TeePublic, one of
4 Redbubble's properties. (*Id.*, Exs. 19, 20.) *See also* R. Doc. 103 at 13, 15. Clicking
5 through the "Designed and Sold by" link to discover what other items Redbubble
6 enables the "hompson" user to sell reveals a surfeit of additional infringing uses of
7 others' intellectual property, from the "Among Us" mark, owned by Innersloth LLC,
8 to "Paw Patrol" marks owned by Spin Master, Ltd. and used under license by
9 Paramount Pictures Corp. (*Id.*, Ex. 21.)

Redbubble waxes poetic about its supposed artists and their rights, but everywhere one looks on Redbubble's websites, the only artists are scam artists, turning an easy buck slapping other people's intellectual property on the same and substantially similar products. *E.g.*, R. Doc. 208-12. This is not an allegation in a complaint, or a matter genuinely disputed for purposes of summary judgment. This is what the jury found Redbubble does willfully (as to counterfeiting) and with knowledge or willful blindness (as to infringement) with Brandy Melville's registered and unregistered marks. This is what the Court upheld as to Brandy Melville's registered and unregistered marks (except the counterfeiting of one mark). And this is what even the most casual search of Redbubble's properties reveals to be true.

### 2. The jury found *all* of Redbubble's conduct to be willful—or worse.

While there is no dispute that the jury found Redbubble's contributory *counterfeiting* of the LA Lightning mark to be willful, its Opposition repeats throughout that the jury did not find its contributory *infringement* of the LA Lightning, Brandy Heart, and other marks to be willful.[1] What Redbubble ignores, however, is

---

[1] There was no interrogatory on this because a willfulness finding in the infringement, as opposed to counterfeiting, context provides no additional remedies except in

that in highlighting how it is guilty of contributory, as opposed to direct, infringement, the jury necessarily found that its February 18, 2020 interrogatory responses were false. (*See* Supp. Wesley Dec., Ex. 22 at 7:19-21 ("Redbubble responds that it has not advertised or sold any products that Plaintiff has identified to Redbubble as potentially infringing its trademarks and/or copyrights [.]"); *id.* at 9:3-5 ("To the best of Redbubble's knowledge, no Redbubble personnel were involved in knowingly or specifically marketing or advertising any such products.").) And even were that not the case, Redbubble has also highlighted the mental state necessary for such a finding. "To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007). A showing of "actual knowledge of specific acts of infringement" or "willful blindness" meets this standard. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072-73 (9th Cir. 2013) (Copyright Act).[2] Those showings are tantamount to "deceit" in the Supreme Court's formulation for purposes of trademark law. *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982).

Thus, the jury found Redbubble to be far from the innocent, indeed far from the merely negligent, actor it would have this Court believe. Its continuing, remorseless insistence on its innocence in the face of that finding makes this case exceptional, just as a criminal defendant's failure to accept responsibility justifies a higher sentence under the Guidelines. *Accord Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 511 (9th Cir. 2011) ("disregard" for trademark rights and "the submission of inaccurate answers to

---

dilution cases. *Compare* 15 U.S.C. § 1117(a) *with id.* § 1117(b); Ninth Cir. Model Jury Ins. 15.19.

[2] "[T]he mainstream conception of willful blindness [i]s a state of mind of much greater culpability than simple negligence or recklessness, and more akin to knowledge." *United States v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*, 43 F.3d 794, 808 (3d Cir. 1994).

interrogatories" supports finding exceptional case, including fees and costs).

## B. All the Factors and Congress's Explicit Legislative Statement in 2021 Favor Granting Brandy Melville a Permanent Injunction.

### 1. Redbubble's irreparable harm arguments based on alleged "delay" are grossly misleading.

Delay, which refers only to delay in bringing *suit* (not seeking an injunction) in any event,[3] is not a factor in determining whether to grant a permanent injunction. While delay may "indicate an absence of the kind of irreparable harm required to support a *preliminary injunction,*" it must "rise to the level of laches [to] thereby bar a permanent injunction." *Ctr. for Food Safety v. Schafer*, No. 08-cv-484, 2010 WL 964017, at *4 (N.D. Cal. Mar. 16, 2010) (emphasis added).[4] That is because "the basic function of a preliminary injunction is to preserve the status quo *ante litem* pending a determination of the action on the merits." *Oakland Tribune*, 762 F.2d at 1377 (quoting *L.A. Memorial Coliseum Comm'n v. N.F.L.*, 634 F.2d 1197, 1200 (9th Cir. 1980)). Once a jury's *verdict* of liability changes the status quo, the concern about preserving the status quo *ante litem* necessarily evaporates.

---

[3] All of the cases discussing delay that Redbubble cites discuss it primarily, and most exclusively, in the context of bringing suit, not the time during suit when the injunction is sought. *E.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 737-38 (9th Cir. 2015) (en banc); *Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr.*, 991 F.2d 536 (9th Cir. 1993), *on reh'g*, 19 F.3d 449 (9th Cir. 1994) (delay in filing 10(j) petition in federal court); *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *Caryn Mandabach Prods. Ltd. v. Sadlers Brewhouse Ltd.*, No. 10-cv-220, 2021 WL 2497928, at *7 (C.D. Cal. May 19, 2021) (delay in bringing case and in bringing motion); *Protech Diamond Tools, Inc. v. Liao*, No. 08-cv-3684, 2009 WL 1626587, at *6 (N.D. Cal. June 8, 2009) (same). Even the case Redbubble relies on most heavily, *Nitto Tire U.S.A. Inc. v. Gigatires, LLC*, No. 21-cv-797, Dkt. No. 28, at 4-5 (C.D. Cal. Aug. 12, 2021), refers to delay in bringing "the motion"—and again, as in all the rest, a motion for a *preliminary* as opposed to *permanent* injunction—only in a loose sense. The *Nitto* court was instead focused on "when Nitto filed the complaint in this action." *Id.* at 4.

[4] The Opposition does not, of course, even attempt to make a laches showing.

1 Even in the preliminary injunction context, which to repeat is not where this case is today, "delay is but a single factor to consider in evaluating irreparable injury" and "courts are 'loath to withhold relief solely on that ground.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (quoting *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1214 (9th Cir. 1984)).  In addition, where there are "ongoing, worsening injuries"—and the persistence of willful contributory counterfeiting even post-verdict is certainly worsening conduct—"delay is not terribly probative."  *Id.*  Thus, even if delay were relevant to a permanent injunction as opposed to a preliminary one, any such attributable to Brandy Melville would not be sufficient to overcome a presumption that Congress specifically ordained.

Stripped of its argument that delay has somehow unwound Congress's explicit command to presume irreparable harm after the jury's "finding of a violation," 15 U.S.C. § 1116(a), Redbubble goes on about Brandy Melville's supposed failure to produce evidence of irreparable harm.  In the first instance, its own lead case—*Nitto Tire*, No. 21-cv-797, Dkt. No. 28, at 4-5—refutes this argument.  "The Court agrees with Nitto that generally, a 'trademark owner's loss of the ability to control its marks, thus, creates the potential for damage to its reputation.'"  *Id.* at *4 (citing *CytoSport, Inc. v. Vital Pharms., Inc.*, 617 F. Supp. 2d 1051, 1080 (E.D. Cal. 2009)).

But in any event, Redbubble has evidently forgotten the meaning of a presumption:  Brandy Melville does not have to come forward with evidence; rather, Redbubble must come forward with evidence to rebut it.  And for that evidence, Redbubble points only to the policing of whatever kind it began (and doubtless, absent an injunction, will end) after Brandy Melville filed suit.  As Brandy Melville showed at trial, in its motion for an injunction, and in this reply, Redbubble's trademark policing is to policing what Potemkin villages are to villages.  As the jury found, as this Court affirmed, and as perusal of its websites continues to show, Redbubble is not stopping the counterfeiting and infringement of Brandy Melville's trademarks.

Those violations, in the words of the *CytoSport* court on which *Nitto Tire* relied,

are "irreparable" because they cause "the loss of control of a business' reputation, a loss of trade and loss of goodwill." 617 F. Supp. 2d at 1080 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3rd Cir. 1990)). "[M]oney alone cannot atone for" them. *Brooklyn Brewery Corp. v. Black Ops Brewing, Inc.*, 156 F. Supp. 3d 1173, 1185 (E.D. Cal. 2016).[5]

### 2. Redbubble's arguments on the scope and specificity of the injunction in fact counsel granting a broader one.

The remainder of Redbubble's opposition to a permanent injunction effectively concedes its appropriateness but quarrels with the scope and specificity of Brandy Melville's request. Running throughout these objections and fatal to them, however, is Redbubble's blithe indifference to the jury's verdict that it is *willfully* counterfeiting and *knowingly or willfully blindly infringing* Brandy Melville's marks. Thus, while Redbubble contends that "a 'generalized notification that infringement is occurring,' . . . is insufficient to establish specific knowledge" for purposes of contributory liability, R. Doc. 210 at 5 (quoting *YZ Prods., Inc. v. Redbubble, Inc.*, --- F. Supp. 3d ----, 2021 WL 2633552, at *5 (N.D. Cal. June 24, 2021)), we are long past that point. A jury has already concluded Redbubble has specific knowledge.

Similarly, Redbubble's effort at a "gotcha" by citing *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 2021 WL 706790, at *14 (N.D. Cal. 2021), ignores the fact that that court reached precisely the same conclusion as this Court, namely the evidence was sufficient to require a jury to determine whether Redbubble was engaged in infringement. *Id.* (copyright claims). Time will tell what a jury in the *Atari* action determines and what remedies are appropriate—Redbubble's Opposition neglects to the mention the case is still pending, with its efforts to skirt a jury trial denied just last month. *Atari Interactive, Inc. v. Redbubble, Inc.*, No. 18-cv-

---

[5] As Redbubble acknowledges, the existence of an adequate remedy at law is the mirror image of this question and thus need not be addressed separately. R. Doc. 210 at 10-11.

-7- Case No. 2:19-cv-04618-RGK (JPRx)
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION,
ATTORNEY'S FEES, AND PRE-JUDGMENT INTEREST

03451 (N.D. Cal. July 12, 2021) (R. Doc. 128).  Time has already told what the jury in this action determined.

Thus, other than the cases cited for broad propositions of law—an injunction should be narrowly tailored, an injunction should do no more than is necessary—nothing Redbubble cites is on point, or indeed even relevant.  And its extended reliance on *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006), is almost sanctionably misleading.  While Redbubble quotes liberally from the section of the opinion faulting the terms of a TRO entered in the case, *it nowhere mentions that the end of the case approved a permanent injunction using precisely the "confusingly similar variations thereof" language Redbubble challenges.*  452 F.3d at 1137 (affirming "the district court [for] permanently enjoin[ing] McCord from selling items 'which bear the Marks [i.e., the 'pylon logo' and 'Reno Air Races' trademarks], or any confusingly similar variations thereof'").  Indeed, Brandy Melville added this language *based* on *Reno Air* to protect Redbubble's almost non-existent potential to make fair use of the marks, such as with a "Non-Brandy Melville" tag, assuming such content thereby tagged would in fact not be confusingly similar.  *See id.* (reading "confusingly similar" language as salutary limitation on scope of injunction).  Thus, it is unsurprising that, after *Reno Air*, other courts have rejected the same argument Redbubble advances.  *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06-cv-1584, 2009 WL 10674087, at \*3-4 (S.D. Cal. May 12, 2009).

Certainly, as even Redbubble appears to agree, it can be enjoined from using the LA Lightning Mark (which is being counterfeited and infringed), the Brady Heart Mark (which is, after the order on JMOL, not being counterfeited but is being infringed), and the identified unregistered trademarks (which are being infringed).  R. Doc. 210 at 7 (accepting injunction covering "Plaintiff's registered marks and other marks for which Plaintiff has provided actual notice.").  Use should therefore be enjoined of the registered trademarks Nos. 5,748,883, 5,373,397, and 5,238,856, and the unregistered trademarks Brandy Melville has given actual notice of in its motion,

proposed order, and through the evidence presented at trial and accepted by the jury, that are being infringed ("Brandy Melville," "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com").

If Redbubble would like the "confusingly similar" language deleted from the proposed order because it is too vague, very well. The only option then available is to bar Redbubble from using the Brandy Melville marks as tags and the like *at all*. This is probably the simplest approach, in any event. Brandy Melville has not seen, and Redbubble has not presented, evidence that any of its uses of the marks is protected. Rather, Redbubble conjures hypothetical transformative or otherwise non-infringing uses as if its business model does not depend precisely on infringement. Redbubble is not a satire website or an encyclopedia or selling plumbing equipment. It is an online store , selling cut-and-paste knockoffs of other clothing manufacturers' branded clothing. Perhaps, then, Redbubble is right that a simple, clear bar against its use in any way of the identified words is easiest.

## C. **Redbubble's Conduct Cries Out for an Award of Fees and Prejudgment Interest.**

Redbubble's legal arguments against fees are meritless. In arguing that Brandy Melville has not obtained a high degree of success, Redbubble focuses on the grant of summary judgment based on alternative legal theories covering the same conduct for which the jury found it liable. But the inquiry into success, introduced into Ninth Circuit copyright (and so trademark) jurisprudence by *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994), was through quotation of *Hensley v. Eckerhart*, 461 U.S. 424, 434-45 (1983). That case *explicitly* commanded courts to treat success on one legal theory but not others as a complete success when all were based on the same facts.[6]

---

[6] It was only when "a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories" that failure on one set of operative facts diminishes the degree of success. *Hensley*, 461 U.S. at 434. When there is "a common core of facts" or "related legal theories," "the district court should

And Redbubble's suggestion that attorney's fees can never be justified when there has been a jury trial—and that is the logical result of its argument on pages 12-14 of the Opposition—merits no rebuttal.  Its attempt to discount deterrence as a basis for fees as merely a Copyright Act consideration ignores the *en banc* Ninth Circuit's express command to consider deterrence under the Lanham Act.  *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (listing "the need in particular circumstances to advance considerations of compensation and deterrence").  And its suggestion prejudgment interest is not available under 15 U.S.C. § 1117(a) runs smack into every circuit to consider the issue.  R. Doc. 208 at 22-24.  Its attack on using a blended rate in a world of lodestar fee calculations is bizarre.  Redbubble inverts which party has the burden to prove which fees, if any, are unrecoverable, although again, under *Hensley*, all fees are.[7]

Redbubble's willful conduct both before and after the verdict in this case evinces a disdain for intellectual property rights and a willingness to impose huge costs on owners seeking to vindicate those rights, no doubt in the hope of making owners go away.  Failing to award fees would only bolster and embolden that approach, to say nothing of working an injustice against Brandy Melville.  This case is exceptional.  Brandy Melville respectfully requests fees and interest.

### III.     CONCLUSION

Accordingly, this Court should grant Brandy Melville's motion for a permanent injunction, attorney's fees, and pre-judgment interest.

---

focus on the significance of the overall relief obtained by the plaintiff . . . ." *Id.* at 435.  It does not matter that Redbubble turned out to be just a contributory infringer; Brandy Melville still succeeded in proving Redbubble an infringer.

[7] *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-cv-80918, 2011 WL 13108096 (S.D. Fla. Aug. 11, 2011) (declining to extend to Copyright Act cases *Fox v. Vice*, 563 U.S. 826 (2011), which put the burden to segregate on the party seeking fees in 42 U.S.C. § 1983 cases); *see Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1368-69 (Fed. Cir. 2013) (declining to extend *Fox* to patent context); *Pronman v. Styles*, 676 F. App'x 846, 850 (11th Cir. 2017) (Copyright Act).

| | | |
|---|---|---|
| 1 | Dated:   August 24, 2021 | BROWNE GEORGE ROSS |
| 2 | | O'BRIEN ANNAGUEY & ELLIS LLP |
| | | Keith J. Wesley |
| 3 | | |
| 4 | | By   */s/  Keith J. Wesley* |
| | | Keith J. Wesley |
| 5 | | Attorneys for Plaintiff |
| 6 | | Y.Y.G.M. SA d.b.a. Brandy Melville |