# EXHIBIT 22

KENNETH B. WILSON (SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK-FFM<br><br>**DEFENDANT REDBUBBLE INC.'S RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE** |

PROPOUNDING PARTY: Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville

RESPONDING PARTY:  Defendant Redbubble Inc.

SET NO.:  One

2911-1006 / 1536440 1

1

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,
2 Defendant Redbubble Inc. ("Redbubble") hereby serves its responses to Plaintiff
3 Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy Melville's" or "Plaintiff's") First Set
4 of Interrogatories as follows:

**GENERAL OBJECTIONS**

7    The following objections to Definitions and Instructions ("General Objections
8 and Objections to Definitions") are continuing in nature and shall apply to each
9 Interrogatory and each and every definition and instruction and are hereby
10 incorporated into each response. Redbubble makes each individual response subject
11 to, and without waiver of, the following General Objections and Objections to
12 Definitions:
13    1.   Redbubble objects to each Interrogatory to the extent that it purports to
14 impose any requirement or obligation on Redbubble other than those set forth in the
15 Federal Rules of Civil Procedure or the Rules of this Court. In particular,
16 Redbubble objects to each Interrogatory to the extent it calls for disclosure of
17 material or information beyond the scope of permissible discovery, seeks document
18 or information not relevant to any party's claim or defense, and/or is not reasonably
19 calculated to lead to the discovery of admissible evidence.
20   2.   Redbubble objects to each Interrogatory to the extent that it seeks
21 documents that are protected from disclosure by the attorney-client privilege, the
22 work product privilege, and/or any other applicable privilege. To the extent that
23 Redbubble discloses any such material to Plaintiff in the course of discovery in this
24 case, subject to the terms and conditions of the terms of any Protective Order
25 Regarding Confidential Information that may be entered in this case, Redbubble
26 does not intend to effectuate a blanket waiver of the attorney-client privilege or
27 work product, but rather a narrow waiver limited to only the information and
28 materials expressly disclosed.

2911-1006 / 1536440.1

2

1  3. Redbubble objects to each Interrogatory to the extent that it seeks
2  confidential business information and/or trade secrets. Provided that such
3  information is relevant to either party's claims or defenses, Redbubble will only
4  produce such information subject to an appropriate Protective Order Regarding
5  Confidential Information.
6  4. Redbubble objects to each Interrogatory to the extent it purports to
7  require Redbubble to disclose information in violation of a legal or contractual
8  obligation of nondisclosure to a third party. Redbubble will not disclose such
9  information without either the consent of the relevant third party or an order by the
10 Court compelling production.
11 5. Redbubble will respond to these Interrogatories with its current
12 knowledge and reserve the right to supplement these responses and produce
13 additional documents if it identifies any additional information at a later time and to
14 make any additional objections that may become apparent. Redbubble also reserves
15 the right to make any use of, or introduce at any hearing or at trial, any documents
16 or information not known or thought to be responsive at the time of response.

**OBJECTIONS TO DEFINITIONS**

19 1. Redbubble objects to the purported definitions of "YOU" and "YOUR"
20 as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the
21 needs of this case, particularly to the extent that they purport to exceed Redbubble's
22 obligations under the Federal Rules of Civil Procedure, Civil Local Rules, and other
23 authorities. Redbubble interprets these terms as limited to information within its
24 possession, custody, or control.
25 2. Redbubble objects to the purported definitions of "PLAINTIFF" and
26 "BRANDY MELVILLE" as vague, ambiguous, overbroad, unduly burdensome, and
27 not proportional to the needs of this case, particularly to the extent that they purport
28 to require Redbubble to speculate about who or what falls under their scope.

Redbubble interprets these terms to identify Plaintiff and persons identified in its Initial Disclosures.

3. Redbubble objects to the purported definitions of "TRADEMARK" or "TRADEMARKS" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, particularly to the extent that it purports to shift the burden to Redbubble to identify which marks are at issue and the scope of plaintiff's asserted rights. Redbubble interprets this term as limited to the identified registered marks.

4. Redbubble objects to the purported definitions of "PRODUCT" or "PRODUCTS" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, particularly to the extent that they purport to shift the burden to Redbubble to identify which products are at issue and the scope of plaintiff's asserted rights. Redbubble interprets this term as limited to the products that plaintiff has identified to Redbubble as allegedly infringing its trademarks that have been offered for sale by third parties using the Redbubble marketplace.

5. Redbubble objects to the purported definitions of "COMMUNICATION" and "COMMUNICATIONS" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case, particularly to the extent that they render the terms essentially indistinguishable from the definition of "document" and related terms under the Federal Rules of Civil Procedure and other authorities. Redbubble interprets these terms, consistent with their ordinary meaning, to additionally require transmission between persons.

6. Redbubble objects to the purported definition of "IDENTIFY" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. Redbubble interprets this terms, consistent with its ordinary meaning, to seek information sufficient to distinguish a person, a document, or a thing uniquely.

## RESPONSES TO SPECIFIC INTERROGATORIES

Redbubble expressly incorporates the above General Objections and Objections to Definitions as though set forth fully in response to each of the following individual requests and, to the extent that they are not raised in any particular response, Redbubble does not waive those objections.

**REQUEST NO. 1:**

IDENTIFY all PERSONS who are or were involved in the manufacture, production, or distribution of PRODUCTS incorporating or sold in conjunction with the TRADEMARKS.

**RESPONSE TO INTERROGATORY NO. 1:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble objects to this interrogatory as vague and ambiguous. Redbubble also objects to this interrogatory on the grounds that it is overly broad and lacks foundation.

Without waiving and subject to its objections, including the General Objections and Objections to Definitions above, Redbubble directs Plaintiff, pursuant to Fed. R. Civ. P. 33(d), to the documents it has produced in response to Request for Production No. 22.

**INTERROGATORY NO. 2:**

In what month and year did YOU begin advertising or selling PRODUCTS incorporating or sold in conjunction with the TRADEMARKS?

**RESPONSE TO INTERROGATORY NO. 2:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble objects to this interrogatory as vague and ambiguous. Redbubble further objects to this interrogatory on the grounds that it lacks foundation.

Without waiving and subject to its objections, including the General Objections and Objections to Definitions above, Redbubble responds that it has not

1 advertised or sold any products that Plaintiff has identified to Redbubble as
2 potentially infringing its trademarks and/or copyrights. Redbubble further responds,
3 pursuant to Fed. R. Civ. P. 33(d), by directing Plaintiff to the documents it has
4 produced as RBBM000001 through RBBM016099, which contain Redbubble's
5 records of the first date that a product that Plaintiff has identified as potentially
6 infringing its trademarks and/or copyrights was listed or sold by a third-party
7 through the Redbubble marketplace.

**INTERROGATORY NO. 3:**

9     In what month and year did YOU last advertise or sell PRODUCTS
10 incorporating or sold in conjunction with the TRADEMARKS?

**RESPONSE TO INTERROGATORY NO. 3:**

12     Redbubble incorporates its General Objections and Objections to Definitions
13 by reference. Redbubble objects to this interrogatory as vague and ambiguous.
14 Redbubble further objects to this interrogatory on the grounds that it lacks
15 foundation.

16     Without waiving and subject to its objections, including the General
17 Objections and Objections to Definitions above, Redbubble responds that it has not
18 advertised or sold any products that Plaintiff has identified to Redbubble as
19 potentially infringing its trademarks and/or copyrights. Redbubble further responds,
20 pursuant to Fed. R. Civ. P. 33(d), by directing Plaintiff to the documents it has
21 produced as RBBM000001 through RBBM016099, which contain Redbubble's
22 records of the dates on which each product that Plaintiff has identified as potentially
23 infringing its trademarks and/or copyrights was listed or sold by a third-party
24 through the Redbubble marketplace.

**INTERROGATORY NO. 4:**

26     What are your total revenues, broken down by month, derived from
27 PRODUCTS incorporating or sold in conjunction with the TRADEMARKS?
28

**RESPONSE TO INTERROGATORY NO. 4:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble objects to this interrogatory as vague and ambiguous.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds, pursuant to Fed. R. Civ. P. 33(d), by directing Plaintiff to the documents it has produced as RBBM000001 through RBBM016099, which contain Redbubble's records of the service fees derived by Redbubble from the third-party sale of products that Plaintiff has identified to Redbubble as potentially infringing its trademarks and/or copyrights using the Redbubble marketplace.

**INTERROGATORY NO. 5:**

How many PRODUCTS incorporating or sold in conjunction with the TRADEMARKS have you sold, broken down by month?

**RESPONSE TO INTERROGATORY NO. 5:**

Redbubble objects to this interrogatory as vague and ambiguous. Redbubble further objects to this interrogatory on the grounds that it lacks foundation.

Redbubble incorporates its General Objections and Objections to Definitions by reference. Without waiving and subject to its objections, including the General Objections and Objections to Definitions above, Redbubble responds that it has not advertised or sold any products that Plaintiff has identified to Redbubble as potentially infringing its trademarks and/or copyrights. Redbubble further responds, pursuant to Fed. R. Civ. P. 33(d), by directing Plaintiff to the documents it has produced as RBBM000001 through RBBM016099, which contain Redbubble's records of the products that Plaintiff has identified to Redbubble as potentially infringing its trademarks and/or copyrights that third-party sellers have sold using the Redbubble marketplace.

**INTERROGATORY NO. 6:**

IDENTIFY each TRADEMARK search, investigation, or any other inquiry conducted by or for YOU concerning the availability to use or register any TRADEMARK, including all PERSONS involved in the review of any such TRADEMARK search, investigation, or other inquiry.

**RESPONSE TO INTERROGATORY NO. 6:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds that it has no nonprivileged information responsive to this Interrogatory.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who participated in the marketing or advertising of any PRODUCTS that did, or intended to, incorporate or be sold in conjunction with the TRADEMARKS.

**RESPONSE TO INTERROGATORY NO. 7:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds, pursuant to Fed. R. Civ. P. 33(d), by directing Plaintiff to the documents it has produced as RBBM000001 through RBBM016099, which contain Redbubble's records of the

primary persons who participated in the specific marketing or advertising of any products that Plaintiff has identified to Redbubble as potentially infringing its trademarks and/or copyrights. To the best of Redbubble's knowledge, no Redbubble personnel were involved in knowingly or specifically marketing or advertising any such products. To the extent that Plaintiff seeks information regarding Redbubble's marketing-related operations in general, Redbubble directs Plaintiff to its initial disclosures.

**INTERROGATORY NO. 8:**

Describe in detail the circumstances under which YOU first became aware of PLAINTIFF's use or registration of any TRADEMARKS, including the date and all PERSONS who were involved.

**RESPONSE TO INTERROGATORY NO. 8:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds that it first became aware of Plaintiff's use or registration any of Plaintiff's claimed trademarks on or about May 18, 2018, when Plaintiff's counsel sent a letter by e-mail to Redbubble's DMCA takedown address, dmca@redbubble.com.

**INTERROGATORY NO. 9:**

IDENTIFY all agreements concerning any of the TRADEMARKS by date, the parties to the agreement, and the subject matter of the agreement.

**RESPONSE TO INTERROGATORY NO. 9:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further incorporates its objections to Plaintiff's Request for

Production No. 29. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds that it has no nonprivileged information responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe in detail any COMMUNICATIONS between YOU and any third party concerning PLAINTIFF or the TRADEMARKS, including any actions YOU took as a result of such COMMUNICATIONS.

**RESPONSE TO INTERROGATORY NO. 10:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further incorporates its objections to Plaintiff's Request for Production No. 10. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble directs Plaintiff, pursuant to Fed. R. Civ. P. 33(d), to the documents it has produced in response to Request for Production No. 10.

**INTERROGATORY NO. 11:**

Describe in detail each and every instance that YOU are aware of in which any PERSON was in any way confused, mistaken, or deceived as to the origin or sponsorship of any PRODUCTS sold, provided, or offered for sale by YOU under or in connection with any TRADEMARK.

**RESPONSE TO INTERROGATORY NO. 11:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further objects to this request to the extent that it purports to require disclosure of information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds that it has not sold, provided, or offered for sale any PRODUCT, whether or not in connection with any TRADEMARK, and furthermore, that it is not aware of any instance in which any PERSON was in any way confused, mistaken, or deceived as to the origin or sponsorship of any products that plaintiff has identified to Redbubble as allegedly infringing its trademarks that have been sold by third parties using the Redbubble marketplace.

**INTERROGATORY NO. 12:**

IDENTIFY all PERSONS that furnished information for the responses to these Interrogatories, designating the number of each Interrogatory for which such PERSONS furnished information.

**RESPONSE TO INTERROGATORY NO. 12:**

Redbubble incorporates its General Objections and Objections to Definitions by reference. Redbubble further objects to this request as directed solely or primarily to information subject to the attorney-client privilege, attorney work product protection, trial preparation privilege, or other applicable protections and privileges.

Without waiving and subject to its objections, including its General Objections and Objections to Definitions above, Redbubble responds that it has no nonprivileged information responsive to this Interrogatory.

Dated: February 18, 2020

COASTSIDE LEGAL
KENNETH B. WILSON

ZUBER LAWLER & DEL DUCA LLP
JOSHUA M. MASUR

By: */s/ Joshua M. Masur*
  JOSHUA M. MASUR

  Attorneys for Defendant
  REDBUBBLE INC.

# PROOF OF SERVICE

### Y.Y.G.M. SA d.b.a. Brandy Melville v.
### Case No. 2:19-cv-04618-RGM-FFM

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Mateo, State of California. My business address is 2000 Broadway Street, Suite 154, Redwood City, California 94063, USA.

On February 18, 2020, I served true copies of the following document(s) described as **DEFENDANT REDBUBBLE INC.'S RESPONSE TO FIRST SET OF INTERROGATORYS FOR PRODUCTION PROPOUNDED BY PLAINTIFF Y.Y.G.M. SA D.B.A. BRANDY MELVILLE** on the interested parties in this action as follows:

| | |
|---|---|
| Keith J. Wesley<br>Jason Y. Kelly<br>BROWN GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067 | Counsel for Plaintiff,<br>Y.YG.M. SA d.b.a. Brandy Melville<br><br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br><br>email: kwesley@bgrfirm.com<br>jkelly@bgrfirm.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jmasur@zuberlawler.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on February 18, 2020, at Redwood City, California.

*/s/ Joshua M. Masur*
Joshua M. Masur

2911-1006 / 1536440 1

13