KENNETH B. WILSON  (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Tel.: (213) 596-5620  Fax: (213) 596-5621

JENNIFER C. KUHN (*Admitted Pro Hac Vice*)
  jkuhn@zuberlawler.com
ZUBER LAWLER LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 717-7430  Fax: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>REDBUBBLE INC.,<br><br>            Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**<br><br>*[Filed concurrently with Declaration of Joshua M. Masur and [Proposed] Order]*<br><br>Date:     September 27, 2021<br>Time:     9:00 a.m.<br>Crtrm.:   850<br>Judge:    Hon. R. Gary Klausner |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that, in the above-entitled Court, Honorable R.

3   Gary Klausner presiding, Defendant Redbubble Inc. ("Redbubble") will, and hereby

4   does, renew its motion before this Honorable Court for judgment as a matter of law

5   on all issues in this case. This motion is made pursuant to Fed.R.Civ.P. 50 and is

6   based upon the grounds that Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Brandy

7   Melville") has failed to offer evidence sufficient to permit a reasonable jury to find

8   in its favor on any issue in this case, including but not limited to the elements of its

9   claim for contributory trademark infringement, the elements of trademark

10  counterfeiting, the elements of willful infringement, and/or its claim for lost profits

11  and statutory damages.

12  In the alternative, Redbubble will, and hereby does, move for a new trial. This

13  motion is made pursuant to Fed. R. Civ. P. 59 and is based upon the grounds the

14  verdict is against the weight of the evidence, the damages are excessive, and as a

15  result of Plaintiff's misconduct during closing arguments.

16  This Motion will be based on this Notice of Motion, the following

17  Memorandum of Points and Authorities, the testimony and evidence adduced at

18  trial, the pleadings and other documents on file with this Court, the accompanying

19  declaration of Joshua M. Masur ("Masur Decl."), and such other argument and

20  evidence which may be presented at the hearing on this matter.

21  This motion is made following the conference of counsel pursuant to L.R. 7-3

22  which took place on August 3, 2021.

23

24  Dated: August 24, 2021                    Respectfully submitted,

25                            COASTSIDE LEGAL          ZUBER LAWLER LLP
                              KENNETH B. WILSON        JOSHUA M. MASUR
26                                                     JENNIFER C. KUHN

27                            By:  */s/ Joshua M. Masur*
28                                 Attorneys for Defendant Redbubble Inc.

1

## <u>**TABLE OF CONTENTS**</u>

                                                                                    <u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 1

I.       INTRODUCTION ........................................................................... 1

II.      LEGAL STANDARDS ..................................................................... 1

III.     THE JURY'S VERDICT ON CONTRIBUTORY
         COUNTERFEITING  OF THE LA LIGHTNING MARK LACKS
         EVIDENTIARY BASIS ................................................................... 2
         A.      Only Apparel Products are Relevant to this Inquiry ............................. 2
         B.      Summary of the Evidence re LA Lightning Apparel ............................ 3
         C.      The Evidence Does Not Support a Contributory Infringement
                 Verdict .............................................................................. 4
         D.      The Evidence Does Not Support The Counterfeiting Verdict ............... 5
         E.      The Evidence Does Not Support a Willfulness Verdict ...................... 7

IV.      THE EVIDENCE DOES NOT SUPPORT THE STATUTORY
         DAMAGE AWARD ....................................................................... 8
         A.      The Amount of Statutory Damages Is Unsupported, Excessive,
                 and a Violation of Due Process .................................................. 8
         B.      The Absence of Evidence of Damages and Lack of Infringer's
                 Profits Justifies No More than the Statutory Minimum of $1,000 ....... 11

V.       THE EVIDENCE DOES NOT SUPPORT A FINDING OF DIRECT
         INFRINGEMENT. ........................................................................ 12
         A.      Plaintiff's Claim Sounds in Copyright Law, Not Trademark Law ....... 12
         B.      There Was No Infringement of the LA Lightning Mark Because
                 the Evidence Does Not Support a Likelihood of Confusion ............... 13
         C.      There Was No Infringement of the Unregistered Marks Under
                 15 U.S.C. § 1125(a) ............................................................. 16

VI.      PLAINTIFF'S COUNSEL COMMITTED MISCONDUCT DURING
         CLOSING ARGUMENTS.............................................................. 16

VII.     REDBUBBLE INCORPORATES ITS PRIOR RULE 50(A)
         ARGUMENTS ............................................................................ 18

VIII.    CONCLUSION ........................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## Cases

*Academy of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
   No. CV 10-03738 AB (CWX), 2015 WL 5311085
   (C.D. Cal. Sept. 10, 2015) ...................................................................7

*Adobe Systems, Inc. v. Tanvir*,
   No. 16-cv-6844 CRB, 2017 WL 2986219
   (N.D. Cal. July 13, 2017) ..................................................................11

*Anheuser-Busch, Inc. v. National Beverage Dist.*,
   69 F.3d 337 (9th Cir. 1995)................................................................17

*Arcona, Inc. v. Farmacy Beauty, LLC*,
   No. 2:17-cv-07058-ODW, 2019 WL 1260625
    (C.D. Cal., Mar. 19, 2019), *aff'd*, 976 F.3d 1074 (9th Cir. 2020)....................6

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   --- F. Supp. 3d ----, 2021 WL 2766893
   (N.D. Cal. June 29, 2021)....................................................................8

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   515 F. Supp. 3d 1089 (N.D. Cal. 2021) ..............................................7

*Beats Elecs., LLC v. Fanny Wang Headphone Co.*,
   No. C-10-5680 MMC, 2011 WL 31198
   (N.D. Cal. Jan. 5, 2011).......................................................................6

*Bird v. Glacier Elec. Coop., Inc.*,
   255 F.3d 1136 (9th Cir. 2001) ...........................................................17

*Bly v. Banbury Books, Inc.*,
   638 F. Supp. 983 (E.D. Pa. 1986) .....................................................11

*Bobosky v. Adidas AG*,
   843 F. Supp. 2d 1134 (D. Or. 2011)...................................................14

*Capitol Records, Inc. v. Thomas-Rassett*,
   680 F. Supp. 2d 1045 (D. Minn. 2011) .............................................12

*Capitol Records, Inc. v. Thomas-Rassett*,
   799 F. Supp. 2d 999 (D. Minn. 2011) ..........................................10, 11

*Coach Inc. v. Envy*,
   No. 1:11-CV-1029 LJO GSA, 2012 WL 78238
   (E.D. Cal. Jan. 10, 2012)......................................................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) ................................................................ 13, 16

*Desiree, LLC v. Manna Textiles, Inc.*,
    986 F.3d 1253 (9th Cir. 2021) ................................................. 8

*Evergreen Safety Council v. RSA Network, Inc.*,
    697 F.3d 1221 (9th Cir. 2012) ................................................. 8

*Evox Prods. LLC v. AOL, Inc.*,
    --- F. Supp. 3d ----,  2021 WL 1536129
    (C.D. Cal. March 3, 2021) ....................................................... 13

*Experience Hendrix, L.L.C., v. Hendrixlicensing.com, Ltd.*,
    762 F.3d 829 (9th Cir. 2014) ................................................... 2

*Filipino Yellow Pgs. v. Asian Journal Publications*,
    198 F.3d 1143 (9th Cir. 1999) ................................................. 14

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*,
    925 F. Supp. 2d 1067 (C.D. Cal. 2012) ................................... 15

*Freecycle Network, Inc. v. Oey*,
    505 F.3d 898 (9th Cir. 2007) ................................................... 16

*Idaho Potato Comm'n v. G&T Terminal Pack, Inc.*,
    425 F.3d 708 (9th Cir. 2005) ................................................... 7

*In Re Pro-Line*,
    28 U.S.P.Q.2d 1141 (T.T.A.B. Aug. 16, 1993) ....................... 14

*International Order of Job's Daughters v. Lindeburg & Co.*,
    633 F.2d 912 (9th Cir. 1980) ............................................... 13, 15

*J&J Sports Prods. v. Ho*,
    No. 10-01883, 2010 WL 3912179
    (N.D. Cal. Oct. 5, 2010) .......................................................... 9

*Kaloud, Inc. v. Shisha Land Wholesale, Inc.*,
    No. 15-3706-RGK, 2016 WL 7444600 (C.D. Cal. July 11, 2016),
    *aff'd*, 741 F. App'x 393 (9th Cir. 2018) ................................... 3

*LTTB LLC v. Redbubble Inc.*,
    840 F. App'x 148 (9th Cir. 2021) ...................................... 13, 14, 15

*LTTB LLC v. Redbubble, Inc.*,
    385 F.Supp.3d 916 (N.D. Cal. 2019) ...................................... 15

2911-1006 / 1869436

*Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc.*,
 No. 19-CV-06399-LHK, 2020 WL 7227199
 (N.D. Cal. Dec. 8, 2020)...............................................................8

*Microsoft Corp. v. Ricketts*,
 No. C 06-6712 WHA, 2007 WL 1520965,
 (N.D. Cal. May 24, 2007)............................................................11

*Molski v. M.J. Cable, Inc.*,
 481 F.3d 724 (9th Cir. 2007)..........................................................2

*Mon Cheri Bridals, LLC v. Cloudflare, Inc.*,
 No. 19-CV-01356-VC (TSH), 2021 WL 1222492
 (N.D. Cal. April 1, 2021).............................................................11

*Oracle Corp. v. SAP AG*,
 765 F.3d 1081 (9th Cir. 2014).........................................................2

*Pacific Mut. Life Ins. Co. v. Haslip*,
 499 U.S. 1 (1991) ...................................................................10

*Pollution Denim & Co. v. Pollution Clothing Co.*,
 547 F. Supp. 2d 1132 (C.D. Cal. 2007)...............................................15

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
 251 F.3d 814 (9th Cir. 2001)..........................................................2

*Slep-Tone Ent'ment Corp. v. Wired for Sound Karaoke & DJ Serv.*, LLC,
 845 F.3d 1246 (9th Cir. 2017)........................................................13

*Sony BMG Music Entertainment v. Tenenbaum*,
 721 F. Supp. 2d 85 (D. Mass. 2010) ........................................10, 11, 12

*Spy Phone Labs LLC. v. Google Inc.*,
 No. 15-CV-03756-KAW, 2016 WL 6025469
 (N.D. Cal. Oct. 14, 2016) .............................................................5

*St. Louis, I.M. & S. Ry. Co. v. Williams*,
 251 U.S. 63 (1919) ....................................................................9

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
 538 U.S. 408 (2003) ..................................................................12

*Teal Bay Alls., LLC v. Southbound One, Inc.*,
 No. CIV.A. MJG-13-2180, 2015 WL 401251
 (D. Md. Jan. 26, 2015)...........................................................14, 15

*Tiffany Inc. v. eBay Inc.*,
 600 F.3d 93 (2nd Cir. 2010)...........................................................5

*UL LLC v. Space Chariot Inc.*,
    250 F. Supp. 3d 596 (C.D. Cal. 2017)............................................................10

*Wal-Mart Stores, Inc. v. Samra Bros., Inc.*,
    529 U.S. 205 (2000) ...................................................................................16

*Weaving v. City of Hillsboro*,
    763 F.3d 1106 (9th Cir. 2014).........................................................................1

*Yelp Inc. v. Catron*,
    70 F. Supp. 3d 1082 (N.D. Cal. 2014) .............................................................9

*YZ Productions, Inc. v. Redbubble Inc.*,
    --- F. Supp. 3d. ----, 2021 WL 2633552
    (N.D. Cal. June 24, 2021)..............................................................................5

## Statutes

15 U.S.C. § 1116(d)(1)(B)(i) ...............................................................................3

15 U.S.C. § 1117(b)............................................................................................12

15 U.S.C. § 1125(a) ...........................................................................................16

15 U.S.C. § 1127(a) ...........................................................................................16

## Rules

Federal Rule of Civil Procedure 50(a)..........................................................1, 2, 18

Federal Rule of Civil Procedure 59(a)..................................................................2

## Regulations

Trademark Manual of Examining Procedures § 1201.03(a) ....................................13

## Other Authorities

Ninth Circuit Model Jury Instruction 15.21 ..........................................................4

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The jury awarded Plaintiff Y.Y.G.M. SA ("Plaintiff") $200,000 on its claim that Redbubble willfully contributorily counterfeited its registered "LA Lightning" trademark, although there were never any sales of allegedly infringing ***tank tops, t-shirt or sweatshirts*** (the only product types covered by the registration), nor any evidence of quantifiable damage to Plaintiff as a result of such infringement. Redbubble's first notice of alleged infringement of that mark was in the Complaint. And only one clothing listing with an LA Lightning design appeared on the Redbubble website post-notice, from a seller with no record of prior infringing conduct, and there were no sales associated with this listing.

Under these circumstances, even if there were evidence that ***somebody*** directly infringed the LA Lightning mark by using it in a source identifying way on a covered product (which Redbubble disputes), neither the law of this Circuit nor the instructions that the Court provided to the jury supports the jury's determinations on contributory liability, counterfeiting, or the statutory damages "windfall" awarded to Plaintiff. For these and the reasons set forth in Redbubble's prior motion for judgment as a matter of law [ECF#185], the jury's verdict, or at least the portion of the verdict relating to the LA Lightning mark, should be vacated, or a new trial should be ordered.

**II.    LEGAL STANDARDS**

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "It is error to deny a judgment [as a matter of law] when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party." *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014).

Alternatively, Federal Rule of Civil Procedure 59(a) permits a district court to award a new trial for "any reason for which a new trial has heretofore being granted in an action at law in federal court," Fed. R. Civ. P. 59(a), including "'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citations omitted). Such motions are subjected to a lower standard of proof than motions for judgment as a matter of law; a verdict may be supported by substantial evidence, yet still be against the clear weight of evidence. *Id.* Unlike a Rule 50 motion, on a Rule 59 motion a "judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party," and may even "*sua sponte* raise its own concerns about the damages verdict." *Experience Hendrix, L.L.C., v. Hendrixlicensing.com, Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014).

If this Court deems that a new trial is warranted, it may either grant the motion or deny it conditioned upon the prevailing party accepting a remittitur. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 818-19 (9th Cir. 2001). "A remittitur must reflect 'the maximum amount sustainable by the proof.'" *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1094 (9th Cir. 2014) (citations omitted).

## III.   THE JURY'S VERDICT ON CONTRIBUTORY COUNTERFEITING OF THE LA LIGHTNING MARK LACKS EVIDENTIARY BASIS

Applying the Court's instructions and the relevant case law, the evidence of record provided no basis for the jury's finding of willful contributory counterfeiting of the LA Lightning Mark.

### A.   Only Apparel Products are Relevant to this Inquiry

As the jury was properly instructed, counterfeiting liability exists only where a defendant used an "identical or substantially indistinguishable" copy of a registered mark "for such goods and services sold, offered for sale, or distributed." [Masur Decl., Exh. C at 515:8-14; ECF#189 at 18]; *see also* 15 U.S.C.

§ 1116(d)(1)(B)(i); *Kaloud, Inc. v. Shisha Land Wholesale, Inc*., No. 15-3706-RGK, 2016 WL 7444600, at \*2 (C.D. Cal. July 11, 2016), *aff'd*, 741 F. App'x 393 (9th Cir. 2018) (reversing statutory damages verdict for counterfeiting because "defendant did not apply the … Marks to the same [type of] product for which those marks were registered").

The LA Lightning Mark is only registered for "Clothing, namely, t-shirts, tank tops, and sweatshirts." [Masur Decl., Exh. D] Thus, only offers or sales of t-shirts, tank tops or sweatshirts are relevant to that counterfeiting claim.

### B.     Summary of the Evidence re LA Lightning Apparel

There is no evidence that any clothing bearing the LA Lightning mark was *ever* sold through the Redbubble Marketplace; indeed, Redbubble's witnesses testified that no such sales were ever made. [Masur Decl., Exh. C at 427:15-21] And there is very little evidence in the record regarding any LA Lightning products offered either by Plaintiff or through the Redbubble Marketplace.

Plaintiff began using its LA Lightning design in 2018 and put it on "apparel products from hoodies to T-shirts to hats as well as stickers." [Masur Decl., Exh. A at 123:9-125:18; Exh. B at 262:19-24; Exh. K, Exh. L] However, Plaintiff identified no evidence that consumers have ever specifically associated t-shirts, tanks or sweatshirts bearing an LA Lightning design with Plaintiff. [*Id.*, Exh. A at 178:18-180:3, 194:12-17] And while Plaintiff has used the LA Lightning design to decorate its apparel [*Id.*, Exhs. K, L], it offered no evidence that it ever used it on labels, hang tags or packaging, or otherwise used as a source-identifier (as opposed to an ornamental design). [*Id.*, Exh. B at 271:5-23] Nor was there any evidence offered of Plaintiff's own sales of products bearing the LA Lightning Mark, or any advertising associated with such products.

At the time Plaintiff filed this lawsuit, there was a listing for clothing with an LA Lightning design (although not a "stitch for stitch copy" of Plaintiff's products)

1  offered on the Redbubble Marketplace by seller Katie's Stickers.[1] [Masur Decl.,

2  Exh. J] The evidence reflects that this and any other pre-existing LA Lightning

3  listings were promptly removed after the Complaint was filed. [*Id.*, Exh. G

4  (Plaintiff's counsel acknowledges that "[i]t appears that Redbubble has removed (at

5  least for the present time) items stamped with the 'Brandy Melville' and 'LA

6  Lightning' trademarks referenced in the lawsuit")] There was no evidence adduced

7  at trial of any sales of clothing products associated with this listing. [*Id.*, Exh. C at

8  432:20-433:7]

9        In May 2020, Plaintiff's counsel located a listing by seller haleyshore that

10  offered certain clothing items with an LA Lightning design and, without giving prior

11  notice of the listing to Redbubble, attempted to purchase two products through that

12  listing. That order was canceled before any product could be shipped, and no sale

13  was ever consummated. [Masur Decl., Exh. C at 427:22-428:10; Exh. S at 128]

14        This is the entirety of the evidence on which any counterfeiting verdict could

15  be based, and it is plainly insufficient to support the jury's verdict.

16        **C.      The Evidence Does Not Support a Contributory Infringement**

17               **Verdict**

18        As the Court instructed the jury per Ninth Circuit Model Jury Instruction

19  15.21, contributory infringement requires that the defendant provide services to a

20  particular direct infringer that "the defendant knew or had reason to know … was

21  infringing the plaintiff's trademark and the defendant continued to supply its

22  services." [Masur Decl., Exh. C at 508:22-509:1; ECF#189 at 16]. Moreover, and

23  unlike other types of infringement, contributory infringement (or counterfeiting)

---

25  [1] The trademark registration is limited on its face to "[t]he color yellow [which is]

26  claimed as a feature of the mark" [Masur Decl., Exh. D], while the design in the
    Katie's Stickers listing is in black. Also, the listing in the accused design is (in

27  Plaintiff's words) a "cut off graphic," showing only the letters "LOSA" and
    "CALIFOR," rather than "LOSANGELES" and "CALIFORNIA 1984" as depicted

28  on the trademark registration and Plaintiff's products. [*Id.*, Exhs. D, K, L]

1  cannot be found unless the defendant has "[s]ome contemporary knowledge of

2  which particular listings are infringing or will infringe" and fails to act on that

3  knowledge. *YZ Productions, Inc. v. Redbubble Inc.*, --- F. Supp. 3d. ----, 2021 WL

4  2633552, at *6 (N.D. Cal. June 24, 2021); *Tiffany Inc. v. eBay Inc.*, 600 F.3d 93

5  (2nd Cir. 2010). There was no evidence submitted on either of these elements.

6       Specifically, the evidence of record confirmed that the only "direct infringer"

7  who offered clothing with an LA Lightning design after the trademark issued, and

8  after suit was filed, was seller haleyshore. [Masur Decl., Exh. S at 128]  There is no

9  evidence that Redbubble knew or had reason to know that haleyshore was offering

10 this product or otherwise infringing until Plaintiff's counsel attempted to buy her

11 product. Once that happened, the record reflects that Redbubble cancelled that order

12 and no sales were ever completed on this listing. [*Id.*, Exh. C at 427:18-428:10]

13 Thus, using the language of the Court's instruction, Redbubble did not "continue to

14 supply its services" to haleyshore once it received Plaintiff's notice of infringement.

15      There is also no evidence that Redbubble ever had notice of the LA Lightning

16 Mark or that products bearing an LA Lightning design might be infringing that mark

17 until this lawsuit was filed; indeed, the mark was not even registered until a year

18 after Plaintiff's May 2018 notice letter. [*Compare* Masur Decl., Exhs. D and E] As a

19 result, Redbubble cannot be contributorily liable for any infringement that may have

20 occurred before suit was filed. And as noted above, once Redbubble learned of

21 haleyshore's listing of an apparel product using an LA Lightning design, Redbubble

22 removed the listing, thereby precluding as a matter of law any determination that it

23 engaged in contributory infringement. *See, e.g.*, *Spy Phone Labs LLC. v. Google

24 Inc.*, No. 15-CV-03756-KAW, 2016 WL 6025469, at *5 (N.D. Cal. Oct. 14, 2016).

25      **D.   <u>The Evidence Does Not Support The Counterfeiting Verdict</u>**

26      As the Court instructed the jury, "A counterfeit product must be a 'stitch for

27 stitch copy' of plaintiff's own product when viewed in the marketplace, including its

28 packaging, such that a customer would be tricked into believing that the counterfeit

is actually one of the plaintiff's products." [Masur Decl., Exh. C at 516:22-517:1; ECF#198 at 27-28]. No jury following this instruction could have concluded that the only product potentially subject to Plaintiff's counterfeiting claim, the haleyshore apparel with the LA Lightning design, qualifies as a counterfeit.

As both parties' witnesses testified, Plaintiff's products are sold in Plaintiff's stores or on Plaintiff's website, surrounded by Plaintiff's Brandy Melville branding, with Plaintiff's Brandy Melville tags, and shipped in Plaintiff's Brandy Melville packaging. In contrast, the accused products are listed as "designed by" the third-party seller; the listing is surrounded by Redbubble branding; the products do not contain Brandy Melville tags; and they are shipped in Redbubble packaging. Given these differences, there was no evidence or reasonable possibility that any consumer would be "tricked into believing that the counterfeit is actually one of the plaintiff's products." *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-07058-ODW, 2019 WL 1260625, at *2-3 (C.D. Cal., Mar. 19, 2019), *aff'd*, 976 F.3d 1074 (9th Cir. 2020) (granting summary judgment of no counterfeiting); *Beats Elecs., LLC v. Fanny Wang Headphone Co.*, No. C-10-5680 MMC, 2011 WL 31198, at *6 (N.D. Cal. Jan. 5, 2011) (where accused products were sold exclusively on defendant's website, "no reasonable potential purchaser likely would be confused, either initially or at the end of a transaction, as to the source of the product").

Moreover, as the Court also instructed the jury, to establish contributory counterfeiting, Plaintiff was required to show that the direct infringer, in this case haleyshore, "intentionally used in commerce a counterfeit mark" and "knew that the mark was counterfeit." [Masur Decl., Exh. C at 515:23-516:10; ECF#189 at 27]  But there is no evidence whatsoever about haleyshore's knowledge or intentions. This failure of proof on an issue on which the Court specifically instructed the jury also warrants entry of judgment in favor of Redbubble notwithstanding the jury's verdict. *See Idaho Potato Comm'n v. G&T Terminal Pack, Inc.*, 425 F.3d 708, 721 (9th Cir.

1   2005) (counterfeiting requires proof that the alleged counterfeiter "knowing[ly]"

2   used a counterfeit mark with the "intent[]" of deceiving).

3   **E.    The Evidence Does Not Support a Willfulness Verdict**

4   The Court instructed the jury that "[w]illful infringement under the law

5   requires proof that a person acted voluntarily and intentionally and with the specific

6   intent to commit the act" of infringement. [ECF#189 at 28; Masur Decl., Exh. C at

7   517:11-13]  Plaintiff offered no evidence from which a reasonable jury could find

8   willfulness under this instruction Indeed, in another case, and on very similar facts,

9   Redbubble prevailed against a willfulness claim as a matter of law. *Atari Interactive,*

10  *Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1109 (N.D. Cal. 2021) ("Given that

11  use of trademarked content is difficult to detect without input from the trademark

12  owners, Atari fails to show that Redbubble's process is unreasonable"); *see also*

13  *Academy of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738

14  AB (CWX), 2015 WL 5311085 at *35 (C.D. Cal. Sept. 10, 2015) ("the uncontested

15  evidence regarding [Defendant's] responsiveness to [Plaintiff's] notices as well as

16  [Defendant's] extensive proactive measures aimed at minimizing instances of

17  infringement by its [users] proves [Defendant's] conduct to be the antithesis of

18  willful blindness or bad faith").

19  Here, the following evidence is relevant to the willfulness determination:

20  1) upon receiving notice of the LA Lightning mark when the lawsuit was filed,

21  Redbubble began proactively policing for products bearing that design; 2) thereafter

22  haleyshore managed to upload a single listing for apparel depicting the LA

23  Lightning design, from which two orders were placed by Plaintiff's law firm;

24  3) upon learning of that listing, Redbubble canceled the only orders before any

25  product shipped; and 4) that listing was disabled and there have been no other post-

26  listing notices of apparel depicting the LA Lightning Design.  [Masur Decl., Exh. F;

27  Exh. B at 315:8-14; Exh. S at 128; Tr. at 427:15-428:10]; *see also* ECF#103

28  (Summary Judgment Order) at 14 n. 1 ("Redbubble's conduct in preventing the sale

and terminating the user's account may be relevant to any hypothetical assessment of statutory damages"). On these facts, no reasonable jury could have concluded that Redbubble engaged in willful contributory counterfeiting with respect to the LA Lightning mark.  *Compare, e.g.*, *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) (even "[c]ontinued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness so long as one believes reasonably, and in good faith, that he or she is not infringing").

## IV.  THE EVIDENCE DOES NOT SUPPORT THE STATUTORY DAMAGE AWARD

If the jury verdict on counterfeiting is upheld, Redbubble acknowledges that Plaintiff is entitled to some amount of statutory damages. However, given the absence of any evidence of damage to Plaintiff or profits to Redbubble from the haleyshore listing (or from any other post-lawsuit listing for apparel displaying an LA Lightning design), neither the controlling case law nor Constitutional due process supports the $200,000 award handed down by the jury.

### A.  The Amount of Statutory Damages Is Unsupported, Excessive, and a Violation of Due Process

As the Ninth Circuit recently reaffirmed, "[s]tatutory damages are intended as a substitute for profits or actual damage," not to provide plaintiffs "a windfall." *Desiree, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir. 2021). While statutory damages are also intended to deter future infringement by the defendant and others, courts in this Circuit have consistently held that any "statutory damages award 'must bear a plausible relationship to Plaintiff's actual damages.'" *Atari Interactive, Inc. v. Redbubble, Inc.*, --- F. Supp. 3d ----, 2021 WL 2766893, at *4 (N.D. Cal. June 29, 2021) (quoting *Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc*., No. 19-CV-06399-LHK, 2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020)); *accord, e.g.*, *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal.

2014) (reducing statutory damages from $2,000,000 to $45,000 because lack of "plausible relationship to Plaintiff's actual damages" would result in "a windfall"). Assessing this relationship typically includes consideration of "the revenues lost by the plaintiff," as well as the value of the trademark(s) in suit (among other things). *Coach Inc. v. Envy*, No. 1:11-CV-1029 LJO GSA, 2012 WL 78238, at *4 (E.D. Cal. Jan. 10, 2012)[2]; see *also J&J Sports Prods. v. Ho*, No. 10-01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) ("[a] traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.").

Although its US affiliate's chief financial officer was one of its two witnesses, Plaintiff here chose not to introduce any financial information whatsoever at trial. As a result, there is no basis to assess any the value of the LA Lightning trademark or any revenues lost by Plaintiff from infringement of that mark. The absence of any revenue to Redbubble from the purported counterfeiting further militates against affirming the jury's statutory damages award; indeed, the fact that there were no sales of purportedly counterfeit apparel, and Plaintiff's delay in reporting the alleged infringement, corroborate the absence of any harm to Plaintiff.

Moreover, the Supreme Court has expressly held that a statutory damage award violates Constitutional due process if it is "so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919). Accordingly, courts have on several occasions struck statutory damage awards under the Lanham Act or "under an

---

[2] The full set of factors set forth in *Coach v. Envy* is as follows: "(1) the expenses saved and the profits reaped by the defendant; (2) the revenues lost by the plaintiff; (3) the value of the copyright [or trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant."

analogous provision of the Copyright Act," *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 614 (C.D. Cal. 2017), based on due process concerns. *See, e.g., Capitol Records, Inc. v. Thomas-Rassett*, 799 F. Supp. 2d 999 (D. Minn. 2011) (finding $62,500 per work award for willful infringement constituted a violation of due process given, among other things, the absence of any evidence of damage to plaintiff and the lack of any infringer's profits, and determining that $2,250 per work, or three times the statutory damages minimum, was the maximum permissible statutory damage award); *Sony BMG Music Entertainment v. Tenenbaum*, 721 F. Supp. 2d 85 (D. Mass. 2010) (like *Thomas-Rassett*, court rejected statutory damages award based on due process concerns and determined that $2,250 per work, or three times the statutory damages minimum, was the maximum permissible statutory damage award for defendant's willful copyright infringement).

The extensive discussion of due process concerns in *Thomas-Rassett* and *Tenenbaum* supports the applicability of due process concerns to the case at hand, but perhaps the following passage from *Tenenbaum* is the most on point:

> In summary, the asymmetry between the relatively small harm suffered by plaintiffs and benefit reaped by Tenenbaum, on the one hand, and the jury's extraordinarily high award, on the other, is so extreme as to "jar [the Court's] constitutional sensibilities." The award in this case is much higher than reasonably necessary to further the legitimate interests of compensating the plaintiffs and deterring future infringement. It lacks any rational foundation and smacks of arbitrariness.

721 F. Supp. 2d at 115 (citation omitted; quoting *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 18 (1991)).

Applying these principles, and looking solely at the claim for counterfeiting the LA Lightning mark (which is the only basis for the statutory damage award), there is simply nothing in the record that would justify an award of $200,000 for a single violation with no associated sales. While Plaintiff is entitled to *some amount*

1  of statutory damages if the jury's verdict of a counterfeit offer for sale is upheld, the

2  statutory minimum of $1,000 is more than ample to remedy this technical violation.

3  **B.**     **The Absence of Evidence of Damages and Lack of Infringer's**

4  **Profits Justifies No More than the Statutory Minimum of $1,000**

5  Where, as here, a plaintiff fails to present evidence of harm and/or there is no

6  evidence of defendant's profit from infringement, an appropriate statutory damage

7  award is the statutory minimum. *See, e.g., Bly v. Banbury Books, Inc.*, 638 F. Supp.

8  983, 987 (E.D. Pa. 1986), and cases cited therein (awarding statutory minimum and

9  noting that "courts have held that minimum statutory damages should be assessed

10  when a plaintiff has sustained minimal, if any, damages"). Indeed, as some courts

11  have observed, the legislative history of the statutory damage provisions of the

12  Copyright Act (which, as previously discussed, are substantially the same as those

13  of the Lanham Act) "seems to contemplate that when a plaintiff does not establish

14  that any damage has resulted from an infringement, the minimum amount of $250

15  will be awarded." *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, No. 19-CV-01356-

16  VC (TSH), 2021 WL 1222492, at *2 (N.D. Cal. April 1, 2021) (quoting *Bly,* 638 F.

17  Supp. at 987-88). Applying this measure would yield an award of $1,000 in

18  statutory damages, which is still an infinitely greater amount than the harm to

19  Plaintiff and Redbubble's profits from the conduct that gave rise to the award.

20  Other courts have held that where there are no actual damages or infringer's

21  profits but there has been a determination of willfulness, it is appropriate to award

22  up to three times the statutory minimum, which for purposes of a Lanham Act

23  counterfeiting violation would be $3,000. *See, e.g., Thomas-Rassett, supra,* 799 F.

24  Supp. 2d at 1012-14 (awarding three times statutory minimum); *Tenenbaum, supra*,

25  721 F. Supp. 2d at 116-18 (same); *Adobe Systems, Inc. v. Tanvir*, No. 16-cv-6844

26  CRB, 2017 WL 2986219 (N.D. Cal. July 13, 2017) (awarding two times statutory

27  minimum on Lanham Act claim); *Microsoft Corp. v. Ricketts*, No. C 06-6712 WHA,

28  2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (same). This limitation is

premised on "a long tradition in the law of allowing treble damages for willful misconduct," including under the Lanham Act (15 U.S.C. § 1117(b)), and the existence of other statutory schemes that "explicitly allow for an increase in statutory damages, up to triple statutory damages, when the statutory violation is willful or demonstrates a particular need for deterrence." *Tenenbaum*, 721 F. Supp. 2d at 117 (citing *Capitol Records, Inc. v. Thomas-Rassett*, 680 F. Supp. 2d 1045, 1056-57 (D. Minn. 2011)). Such limitation is also consistent with the Supreme Court's jurisprudence in the context of punitive damages awards, holding that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process").

Because the jury's award violates due process, the Court need not issue a remittitur or offer a new trial; Plaintiff would undoubtedly not accept a remitted award, and any future trial would have the same issues with respect to the maximum permissible amount of statutory damages. *See Tenenbaum*, 721 F. Supp. 2d at 87-88. At the very least, given the excessiveness of the jury's verdict, the Court should grant a remittitur with a statutory damages award of $1,000 if the Court grants JMOL on the jury's willfulness verdict on the LA Lightning mark, or $3,000 if the Court upholds that verdict.

## V.   THE EVIDENCE DOES NOT SUPPORT A FINDING OF DIRECT INFRINGEMENT.

### A.   Plaintiff's Claim Sounds in Copyright Law, Not Trademark Law

In closing arguments, Plaintiff's counsel finally revealed that its claims are "not about the designs. It's about linking our designs to our trade name. So if you can figure that out, we don't have to send you designs all the time." [Masur Decl., Exh. C at 503:21-22] The linking of Plaintiff's *unregistered* trade name to their

1    designs is at, at heart, a claim of unauthorized copying which is not cognizable

2    under the Lanham Act. "When the claim is more accurately conceived of as

3    *attacking unauthorized copying*, [*Dastar Corp. v. Twentieth Century Fox Film*

4    *Corp.*, 539 U.S. 23 (2003)] requires us to avoid recognizing a "species of mutant

5    copyright law" by making such claims cognizable under the Lanham Act. *Slep-Tone*

6    *Ent'ment Corp. v. Wired for Sound Karaoke & DJ Serv*., LLC, 845 F.3d 1246, 1249

7    (9th Cir. 2017) (quoting *Dastar*).  The Supreme Court has been "'careful to caution

8    against misuse or over-extension' of trademark and related protections into areas

9    traditionally occupied by patent or copyright.  *Dastar,* 539 U.S. at 34.   The

10   Supreme Court makes clear in *Dastar* that the Lanham Act does not create "a cause

11   of action  for, in effect, plagiarism" which is what Plaintiff complains of here.  *Id.* at

12   36.

13            **B.      There Was No Infringement of the LA Lightning Mark Because**

14                    **the Evidence Does Not Support a Likelihood of Confusion**

15            A trademark infringement claim does not exist where the "allegedly

16   infringing activity does not deceive or mislead consumers about the source of the

17   goods but copies the designs themselves." *LTTB LLC v. Redbubble Inc.*, 840 F.

18   App'x 148, 151 (9th Cir. 2021); *Dastar*, 539 U.S. at 34; see *also International Order*

19   *of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980) (denying

20   infringement claim for copying of plaintiff's insignia on rings because there was no

21   evidence that consumers would deem defendant's use of the insignia "as a

22   designation of origin or sponsorship"); Evidence that a defendant copied without

23   authorization an 'idea, concept or communication'" is not sufficient for a trademark

24   infringement claim.  *Evox Prods. LLC v. AOL, Inc.*, --- F. Supp. 3d ----,  2021 WL

25   1536129 at 3 (C.D. Cal. March 3, 2021) (quoting *Dastar*, *supra*).

26            To distinguish "source identifying use" from an aesthetic use which sounds in

27   copyright, the Trademark Manual of Examining Procedures § 1201.03(a) identifies

28   use on the pocket area of a shirt as source identifying, and courts have followed this

1  limitation: "[a] small, neat, and discrete word or design feature (e.g., small design of

2  animal over pocket or breast portion of shirt) may be likely to create the commercial

3  impression of a trademark, whereas a larger rendition of the same matter

4  emblazoned across the front of a garment . . . may be perceived merely as a

5  decorative or ornamental feature of the goods." *Teal Bay Alls., LLC v. Southbound*

6  *One, Inc.*, No. CIV.A. MJG-13-2180, 2015 WL 401251, at *10 (D. Md. Jan. 26,

7  2015) (quoting same); *Bobosky v. Adidas AG*, 843 F. Supp. 2d 1134, 1142 (D. Or.

8  2011) (similar). Plaintiff produced no evidence of such a use in this litigation.

9       Applying these standards, there was no evidence from which a reasonable

10  jury could find that the alleged direct infringers used the LA Lightning design on

11  their apparel in a source identifying or trademark manner, as opposed in an

12  ornamental manner. While Plaintiff presented testimony that its own products

13  bearing the LA Lightning design were a "hot seller" because it was a "nice design"

14  or "appealing" to consumers, "evidence of the popularity of [goods] does not create

15  a triable issue as to whether consumers buy the products because they identify [the

16  trademark owner] as the source of the goods. *LTTB LLC v. Redbubble, Inc.,* 840 F.

17  App'x 148, 150 (9th Cir. 2021).  And Plaintiff offered no evidence other than the

18  self-interested testimony of its company witnesses regarding any source

19  identification associated with the LA Lightning Mark or the accused products,

20  testimony that is "insufficient to establish secondary meaning" as a matter of law.

21  *Filipino Yellow Pgs. v. Asian Journal Publications*, 198 F.3d 1143, 1151-52 (9th

22  Cir. 1999) Indeed, Plaintiff's testimony that it used the Brandy Heart mark, not the

23  LA Lightning design, on its hang tags and packaging [Masur Decl., Exh. A at

24  120:18-121:2, Exh. M] actually undermines Plaintiff's claim that it used the design

25  for branding. *Teal*, 2015 WL 401251, at *12; *see also In Re Pro-Line*, 28

26  U.S.P.Q.2d 1141 (T.T.A.B. Aug. 16, 1993) (the more another mark is placed such

27  that it is "likely to be viewed as the source indicator," the more a decorative feature

28  is "devoid of trademark significance").

1    Indeed, Redbubble prevailed on this precise issue as a matter of law and had

2 that determination affirmed on appeal in the *LTTB* case. There, the plaintiff sought

3 to hold Redbubble liable for infringement of its trademarked phrase "Lettuce Turnip

4 the Beet" because third-party sellers were offering shirts and other products copying

5 and prominently displaying that phrase. The district court granted summary

6 judgment that the plaintiff could not enforce her marks against the accused products,

7 holding that there was no evidence "that any purchaser of allegedly infringing items

8 inferred from use of the [mark] that the product was produced, sponsored, or

9 endorsed by any particular person or entity, such as [plaintiff]." 385 F.Supp.3d at

10 922. The Ninth Circuit affirmed using reasoning that is equally applicable here,

11 holding that "the evidence does not raise an issue of fact as to whether consumers

12 buy the products because they identify [plaintiff] as the source."  840 F. App'x at

13 151.

14    Here, as in *LTTB*, Plaintiff essentially "seeks to claim, but is by no means

15 entitled to, what amounts to [design] patent or copyright type protection for" the LA

16 Lightning design.[3] *Teal*, 2015 WL 401251, at *12. But as the Ninth Circuit held in

17 *Job's Daughters*, one can lawfully use a design popularized by another to

18 "capitalize on a market or fad created by another provided that it is not

19 accomplished by confusing the public." 633 F.2d at 918–19; *see also Fleischer*

20 *Studios, Inc. v. A.V.E.L.A., Inc.*, 925 F. Supp. 2d 1067, 1074 (C.D. Cal. 2012)

21 ("Considering that Defendants use the words Betty Boop as an artistic design

22 element and identify themselves as the source of the goods, their use of the words

23 Betty Boop simply cannot be viewed as source identifying," particularly given that

24

25 _____

26 [3] Thus, whether the graphic is an original design is irrelevant. To "'acquire
ownership of a trademark it is not enough to have invented the mark first or even to

27 have registered it first; the party claiming ownership must have been the first to
actually use the mark.'" *Pollution Denim & Co. v. Pollution Clothing Co.*, 547 F.

28 Supp. 2d 1132, 1141 n.35 (C.D. Cal. 2007) (citation omitted).

1  "Plaintiff has not presented a single instance of a consumer who was misled about

2  the origin or sponsorship of Defendants' products." Accordingly, Plaintiff has failed

3  to establish the underlying direct infringement on which its contributory claim

4  against Redbubble necessarily rests.

5        C.    **There Was No Infringement of the Unregistered Marks Under**

6               **15 U.S.C. § 1125(a)**

7        Plaintiff's claim for its unregistered marks is based on 15 U.S.C. § 1125(a),

8  false designation of origin.  *Dastar* limits liability for the "origin of goods"

9  designation in § 1125(a) to "the producer of the tangible goods that are offered for

10 sale, and not to the author of any idea, concept or communication embodie[d] in

11 those goods."  539 U.S. at 37.  The Supreme Court explained that its decision in

12 *Wal-Mart Stores, Inc. v. Samra Bros., Inc.*, 529 U.S. 205 (2000) would be moot if

13 15 U.S.C. § 1125(a) were applied as plaintiff would like here:  "'[O]rigin of goods'

14 in the Lanham Act refer[s] to the producer of the clothes, and not the producer of the

15 (potentially) copyrightable or patentable designs that the clothes embodied." *Id.*

16 Here plaintiff introduced no evidence of a "false designation of origin" which would

17 lead to consumer confusion. *See Freecycle Network, Inc. v. Oey,* 505 F.3d 898, 902

18 (9th Cir. 2007).  To the contrary, Redbubble's consistent use of housemarks and

19 identification of artists [*e.g.*, Masur Decl., Exhs. O-R], Redbubble labelling and

20 packaging [*e.g.*, *id.*, Exhs. H at 1, I at 2, N at 1], and the fact that the goods are

21 produced *after they are ordered* [*e.g.*, *id.*, Exh. C at 409:11-16], dispels any

22 possibility of likelihood of confusion as to the *producer* of the tangible goods that

23 are offered for sale, requiring that the verdict for contributory infringement by false

24 designation of origin under 15 U.S.C. § 1127(a), be overturned.

25 **VI.   PLAINTIFF'S COUNSEL COMMITTED MISCONDUCT DURING**

26        **CLOSING ARGUMENTS**

27       Plaintiff argued in closing that the Court's "stitch-for-stitch" instruction on

28 counterfeiting was "just not the law," and also that jurors should "tell Redbubble

1   that a slap on the wrist isn't good enough…. Only you can send this message, but it

2   has to be loud and clear…. The message has to be loud and clear enough to go all

3   the way to Australia where company that's on its way to a billion dollars, much of it

4   on the backs of counterfeit products, needs to be told that it's not okay."  [Masur

5   Decl., Exh. C at 501:9-14, 505:20-506:11]  Plaintiff's closing argument focuses on

6   the foreign headquarters of defendant Redbubble, and encourages the jury to ignore

7   the court's jury instructions, and to punish Redbubble for alleged counterfeiting of

8   third-party intellectual property that was not in evidence – and that was, in fact,

9   barred by Redbubble's motion *in limine* no. 6. [ECF#60]  A new trial is warranted

10  on the ground of attorney misconduct where the "flavor of the misconduct …

11  sufficiently permeate[s] an entire proceeding to provide conviction that the jury was

12  influenced by passion and prejudice in reaching its verdict." *Anheuser-Busch, Inc.*

13  *v. National Beverage Dist.*, 69 F.3d 337, 346 (9th Cir. 1995).

14          Conduct may "permeate" the trial even though it only occurs at the end of the

15  trial or in closing statement.  *Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1145

16  n.16 (9th Cir. 2001).  In *Bird*, the Ninth Circuit held that if no contemporaneous

17  objection is made at the time of the prejudicial conduct, the court will review for

18  plain or fundamental error. *Id.* at 1148.   The Ninth Circuit found that the closing

19  argument based on nationalist appeals and defendant's unproven responsibility for

20  other bad acts made the proceeding fundamentally unfair; "we cannot now assess

21  the amount the jury might have awarded for compensatory or for putative damages,

22  absent improper argument." *Bird*. at 1152.  Here, as in *Bird*, the improper closing

23  rebuttal arguments based on nationalistic bias and unfounded allegations of bad

24  behavior "had the improper effect of encouraging the … jury to impose an

25  impassioned sanction against" defendant.  *Id*.  This court should set aside the jury's

26  verdict, and order a new trial.

27

28

## VII.   REDBUBBLE INCORPORATES ITS PRIOR RULE 50(a) ARGUMENTS

To avoid any question of waiver, Redbubble reiterates and incorporates the remaining arguments from its Rule 50(a) motion that the Court has not already ruled on, including but not limited to: 1) Plaintiff has failed to show commercial use of the LA Lightning Mark; 2) Plaintiff failed to establish that it has common law rights in its unregistered trademarks; 3) the record does not contain evidence to support a verdict of likelihood of confusion of any type on any of the marks, including initial interest confusion; 4) the record does not support an award of pre-notice damages; 5) the verdict does not take into account Plaintiff's failure to mitigate damages by refusing to promptly notify Redbubble of purported infringements; and 6) the record does not support the jury's award of infringer's profits. [ECF##185, 202]

## VIII.   CONCLUSION

For the foregoing reasons, Redbubble's motion for judgment as a matter of law should be granted or a new trial ordered.

Dated: August 24, 2021                         Respectfully submitted,

COASTSIDE LEGAL          ZUBER LAWLER LLP
KENNETH B. WILSON         JOSHUA M. MASUR
                          JENNIFER C. KUHN

By: */s/ Joshua M. Masur*
Attorneys for Defendant Redbubble Inc.