KENNETH B. WILSON  (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Tel.: (213) 596-5620  Fax: (213) 596-5621

JENNIFER C. KUHN (*Admitted Pro Hac Vice*)
  jkuhn@zuberlawler.com
ZUBER LAWLER LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 717-7430  Fax: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.
KENNETH B. WILSON  (SBN 130009)
  ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  jmasur@zuberlawler.com
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Tel.: (213) 596-5620  Fax: (213) 596-5621

JENNIFER C. KUHN (*Admitted Pro Hac Vice*)
  jkuhn@zuberlawler.com
ZUBER LAWLER LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel: (512) 717-7430  Fax: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S OBJECTION AND REQUEST TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION, ATTORNEY'S FEES, AND PRE-JUDGMENT INTEREST**<br>**[ECF NO. 211]** |

Defendant Redbubble Inc. ("Redbubble") respectfully files this procedural Objection and Request to Strike Plaintiff's Reply in Support of Motion for Permanent Injunction, Attorney's Fees, and Pre-Judgment Interest (ECF No. 211), filed on August 24, 2021.

## I. THIS COURT SHOULD STRIKE PLAINTIFF'S REPLY FOR RAISING NEW ARGUMENT OR EVIDENCE

Plaintiff's Reply in Support of Motion for Permanent Injunction, Attorney's Fees, and Pre-Judgment Interest introduces new factual contentions about a legally separate entity – TeePublic – in violation of the "well accepted" rule "that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D.Cal.1999) (citing *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996). Redbubble justifiably relied on the scope of facts and legal arguments raised in Plaintiff's original Motion (and over the course of this case, including at trial), which made no mention of TeePublic, in filing its Opposition (ECF. No. 210), and particularly in light of the Court's Scheduling Notice canceling oral argument on Plaintiff's Motion (ECF No. 213), Redbubble has no further opportunity to respond on the merits about this new evidence.

Ninth Circuit law is clear that a party cannot assert new arguments or include new factual or legal contentions for the first time in a reply memorandum. *See Clark v. County of Tulare,* 755 F.Supp.2d 1075, 1090 (E.D.Cal.2010) ("Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers."); *State of Nev. Watkins,* 914 F.2d 1545, 1560 (9th Cir. 1990), *cert.* denied, 499 U.S. 906, 111 S.Ct. 1105, 113 L.Ed.2d 215 (1991) ("Parties cannot raise a new issue for the first time in their reply brief."). Where the movant makes new arguments and factual assertions in a reply, the court properly strikes the reply either in whole, or at least the offending portions. *See U.S. v. Romm,* 455 F.3d 990, 997 (9th Cir. 2006) ("Arguments not raised by a party in its opening brief are deemed waived."); *accord, e.g.*, *United States ex. rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000). Plaintiff never raised TeePublic in any prior brief or during trial, and this Court should properly strike the evidence and argument from the record. *See,*

*e.g.*, *Telesign Corp v. Twilio, Inc.*, No. CV 15-3240 PSG (SSX), 2015 WL 12662344, at *1 (C.D. Cal. Oct. 9, 2015) ("To the extent that Defendant is correct that Plaintiff included new facts or arguments in its Reply, the Court will not consider those new facts or arguments.").

Nor can Plaintiff claim that it only discovered TeePublic's existence after it filed its opening brief. Plaintiff's counsel sued TeePublic in 2018, and is knowledgeable about the company through its own Rule 11 investigation and its pre-settlement review of TeePublic's initial disclosures in that matter.[1] Moreover, the Redbubble Group's Annual Reports, which Plaintiff introduced at trial and in opposition to Redbubble's motion for judgment as a matter of law, reference TeePublic. (ECF No. 199-23 at 4). Despite this, Plaintiff waited until the final brief seeking equitable relief in this litigation to mention TeePublic, when Redbubble has no opportunity to respond. The maxim "he who seeks equity must do equity," applies at least to the equitable remedy – the injunction – that Plaintiff seeks in its Motion and Reply. *Manufacturers' Finance Cp. v. McKey*, 292 U.S. 442, 449 (U.S. 1935). Therefore, Plaintiff either waived this argument or is equitably estopped from bringing it.

## II. PLAINTIFF'S NEW ARGUMENT AND EVIDENCE ARE IRRELEVANT BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH THAT TEEPUBLIC IS REDBUBBLE'S ALTER EGO

Plaintiff's sole basis for introducing purported evidence regarding TeePublic is a single conclusory statement that TeePublic is "one of Redbubble's properties," implying that TeePublic is Redbubble's "alter ego" under California law. (ECF No. 211 at 3). In California, the alter ego theory, which permits piercing the corporate

---

[1] At least as early as 2018, when Plaintiff's counsel sued TP Apparel and settled after, *inter alia*, the parties exchanged initial disclosures. *See, e.g.*, Atari Interactive, Inc. v. TP Apparel, LLC et al, No. 3:18-cv-4115-JST, ECF No. 42 (Joint Case Management Statement), at 6 (N.D. Cal., Apr. 10, 2019).

veil in highly limited circumstances, is an equitable doctrine based on California Civil Code 3528. *See Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1105 (S.D. Cal. 2018) (citing *Webber v. Inland Empire Invs.*, 74 Cal. App. 884, 900 (Ct. App. 1999). Plaintiff should be equitably estopped from bringing an argument based in equity so late in this case. Further, the California Supreme Court has stated that "the corporate form will be disregarded only in narrowly circumscribed circumstances and only when the ends of justice so require." *Mesler v. Bragg Mgmt. Co.,* 39 Cal.3d 290, 216 Cal.Rptr. 443, 702 P.2d 601, 607 (1985). Plaintiff has failed to introduce evidence sufficient to support piercing the corporate veil, which would be Plaintiff's burden if this belated evidence were to be introduced. *Daimler AG v. A-Z Wheels LLC*, 334 F.Supp.3d 1087, 1106 (S.D. Cal. 2018) ("Thus the Court finds that piercing the corporate veil is not appropriate here because there are not sufficient facts to demonstrate a unity of interest…."). Because of Plaintiff's failure to establish the basis for piercing the corporate veil, the Court should strike the TeePublic evidence and argument.

### III.  CONCLUSION

Plaintiff's failure to introduce any factual contentions regarding TeePublic in its previous filings waived its use on reply. Moreover, Plaintiff has failed to provide any evidence or argument to justify piercing the corporate veil under California law. Plaintiff should not be allowed to seek equity, while behaving in an inequitable way.

Plaintiff's Reply should be constrained by the factual and legal landscape it framed in its opening brief and on which Redbubble and the Court have relied.

Dated: September 2, 2021              Respectfully submitted,

COASTSIDE LEGAL          ZUBER LAWLER LLP
KENNETH B. WILSON         JOSHUA M. MASUR
                          JENNIFER C. KUHN

By: */s/ Joshua M. Masur*
      Attorneys for Defendant Redbubble Inc.