BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Ryan Q. Keech (State Bar No. 280306)
  rkeech@bgrfirm.com
Jason Y. Kelly (State Bar No. 274144)
  jkelly@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. Brandy Melville

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**<br><br>Date:     September 27, 2021<br>Time:     9:00 a.m.<br>Courtroom: 850<br><br>PTSC Date.: May 24, 2021<br>Trial Date:  June 17. 2021 |

No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ..................................................................................................... 2

   A.   Redbubble's Motion Should Be Struck or Denied on Procedural Grounds. ....................................................................................................... 2

   B.   Redbubble's Repetitive Arguments Concerning the Jury's Findings of Contributory Infringement and Counterfeiting Are Meritless and Waived ........................................................................... 4

      1.   Redbubble waived arguments on multiple issues ...................... 4

      2.   Regardless of waiver, there is ample evidence to support the jury's finding of willful contributory counterfeiting and infringement of the LA Lightning Mark ............................. 6

         a.   There is ample evidence of contributory counterfeiting and infringement. ........................................ 6

         b.   There is ample evidence of Redbubble's willful counterfeiting and knowing infringement. ........................ 8

   C.   Redbubble's New Trial Arguments Are Waived and Meritless. .......... 12

      1.   The statutory damages argument .............................................. 12

         a.   Redbubble has waived this argument. ............................. 12

         b.   Statutory damages need not bear a relationship to actual damages. .................................................................. 13

         c.   The jury's statutory damage award easily passes any judicial scrutiny that might apply. .................................. 16

      2.   Redbubble's Copyright Act-*cum*-likelihood of confusion argument is waived and meritless. ............................................. 17

      3.   Redbubble's "misconduct" claim is waived and meritless. ....... 18

      4.   Redbubble's attempt to incorporate by reference is improper. .................................................................................... 19

III.  CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Abner v. Kansas City S. R. Co.*,
   513 F.3d 154 (5th Cir. 2008)..................................................................16

*Aljindi v. United States*,
   No. 20-cv-796, 2021 WL 750833 (C.D. Cal. Feb. 2, 2021)........................5

*Arcilla v. Adidas Promotional Retail Operations, Inc.*,
   488 F. Supp. 2d 965 (C.D. Cal. 2007)......................................................16

*Ayer v. Frontier Commc'ns Corp.*,
   No. 16-cv-1946, 2017 WL 3891358 (C.D. Cal. Sept. 5, 2017) ...................5

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015) ..................................................................................8

*Balik v. City of Cedar Falls*,
   No. 16-cv-4070, 2016 WL 4558719 (N.D. Cal. Sept. 1, 2016) ...................5

*Biodex v. Loredan Biomedical*,
   946 F.2d 850 (Fed. Cir. 1991) ...................................................................2

*BMW of North America, Inc. v. Gore*,
   517 U.S. 559 (1996) ................................................................................17

*Broad. Music, Inc. v. Crocodile Rock Corp.*,
   634 F. App'x 884 (3d Cir. 2015).........................................................14, 16

*C.B. v. City of Sonora*,
   769 F.3d 1005 (9th Cir. 2014) (en banc)..................................................13

*California Expanded Metal Products Co. v. Klein*,
   426 F. Supp. 3d 730 (W.D. Wash. 2019)....................................................8

*Capitol Records, Inc. v. Thomas-Rasset*,
   799 F. Supp. 2d 999 (D. Minn. 2011) ......................................................14

*Capitol Records, Inc. v. Thomas-Rasset*,
   692 F.3d 899 (8th Cir. 2012)....................................................................14

*Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*,
   545 F. Supp. 2d 768 (N.D. Ill. 2008) .......................................................17

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*,
   259 F.3d 1186 (9th Cir. 2001)..................................................................14

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*Douglas v. Cunningham*,
  294 U.S. 207 (1935) ........................................................................................15

*E.E.O.C. v. E.I. Du Pont de Nemours & Co.*,
  480 F.3d 724 (5th Cir. 2007) ..........................................................................16

*E.E.O.C. v. Go Daddy Software, Inc.*,
  581 F.3d 951 (9th Cir. 2009) ............................................................................5

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
  344 U.S. 228 (1952) ........................................................................................14

*Ferdik v. Bonzelet*,
  963 F.2d 1258 (9th Cir. 1992) ..........................................................................5

*Fuji Photo Film Co. v. Jazz Photo Corp.*,
  394 F.3d 1368 (Fed. Cir. 2005) ........................................................................8

*Glass v. Sue*,
  No. 09-cv-8570, 2010 WL 11549540 (C.D. Cal. Oct. 27, 2010) ......................5

*Greg Young Publishing, Inc. v. Zazzle*,
  785 F. App'x 417 (9th Cir. 2019) ....................................................................14

*Jadwin v. Cty. of Kern*,
  767 F. Supp. 2d 1069 (E.D. Cal. 2011) ............................................................3

*Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*,
  785 F.2d 656 (9th Cir. 1986) ..........................................................................18

*Kehr v. Smith Barney*,
  736 F.2d 1283 (9th Cir. 1984) ........................................................................18

*L.A. News Serv. v. Reuters Television Int'l, Ltd.*,
  149 F.3d 987 (9th Cir. 1998) ..........................................................................14

*Levi Strauss & Co. v. Shilon*,
  121 F.3d 1309 (9th Cir. 1997) ..........................................................................7

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
  658 F.3d 936 (9th Cir. 2011) ............................................................................9

*Louis Vuitton Malletier, S.A. v. LY USA*,
  No. 06-cv-13463, 2008 WL 5637161 (S.D.N.Y. Oct. 3, 2008) ......................15

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ............................................................................4

-iii-

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Martinez–Serrano v. INS,*
    94 F.3d 1256 (9th Cir. 1996)......................................................................................5

*Merino v. Marchon, Inc.,*
    No. 92-cv-4662, 1994 WL 695826 (C.D. Cal. Apr. 4, 1994), *aff'd,* 74 F.3d 1259
    (Fed. Cir. 1996) ........................................................................................................2

*New Form, Inc. v. Tekila Films, Inc.,*
    357 F. App'x 10 (9th Cir. 2009)..............................................................................14

*Novato Fire Prot. Dist. v. United States,*
    181 F.3d 1135 (9th Cir. 1999)...................................................................................5

*Omega SA v. 375 Canal, LLC,*
    984 F.3d 244 (2d Cir. 2021)...........................................................................9, 10, 11

*Oracle USA, Inc. v. Rimini St., Inc.,*
    No. 10-cv-106, 2016 WL 526543 (D. Nev. Feb. 8, 2016) .........................................3

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.,*
    897 F.3d 1008 (9th Cir. 2018)...................................................................................5

*Parker v. Time Warner Ent. Co., L.P.,*
    331 F.3d 13 (2d Cir. 2003)......................................................................................13

*Peer Int'l Corp. v. Pausa Records, Inc.,*
    F.2d 1332, 1337 (9th Cir. 1990).........................................................................13, 14

*Rolex Watch U.S.A., Inc. v. Dauley,*
    No. 84-cv-6150, 1986 WL 12432 (N.D. Cal. Feb. 4, 1986) .....................................14

*SAS v. Sawabeh Info. Servs. Co.,*
    No. 11-cv-4147, 2013 WL 12126742 (C.D. Cal. Oct. 8, 2013)..................................7

*Settlegoode v. Portland Pub. Sch.,*
    371 F.3d 503 (9th Cir. 2004)...................................................................................18

*Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC,*
    845 F.3d 1246 (9th Cir. 2017).................................................................................17

*St. Louis, I.M. & S. Ry. Co. v. Williams,*
    251 U.S. 63 (1919) .................................................................................................17

*State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.,*
    425 F.3d 708 (9th Cir. 2005).....................................................................................7

-iv-                                                                     Case No. 2:19-cv-04618-RGK (JPRx)

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Tiffany (NJ) Inc. v. eBay Inc.*,
  600 F.3d 93 (2d Cir. 2010) .................................................................................9

*U.S. v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*,
  43 F.3d 794 (3d Cir. 1994) ..................................................................................6

*Vanderbilt Mortg. & Fin., Inc. v. Flores*,
  692 F.3d 358 (5th Cir. 2012) .............................................................................15

*Verizon Cal. Inc. v. Onlinenic, Inc.*,
  No. 08-cv-2832, 2009 WL 2706393 (N.D. Cal. Aug. 25, 2009) ..........................16

*Zomba Enterprises, Inc. v. Panorama Recs., Inc.*,
  491 F.3d 574 (6th Cir. 2007) .............................................................................16

**FEDERAL STATUTES**

15 U.S.C. § 1057 ....................................................................................................8

15 U.S.C. § 1116 ....................................................................................................6

15 U.S.C. § 1127 ....................................................................................................6

Copyright Act .......................................................................................................17

Lanham Act .................................................................................................. *passim*

**RULES**

Fed. R. Civ. P. 7 ...................................................................................................19

Fed. R. Civ. P. 10 .................................................................................................19

Fed. R. Civ. P. 50 ......................................................................................... *passim*

Fed. R. Civ. P. 51 ............................................................................................3, 13

C.D. Cal. L.R. 7-5 ................................................................................................19

C.D. Cal. L.R. 7-18 ............................................................................................3, 4

**OTHER AUTHORITIES**

WRIGHT & MILLER, *Grounds for New Trial—In General* ........................................3

WRIGHT & MILLER, *Renewed Motion for Judgment as a Matter of Law—When and How Made* ....................................................................................................................2

## I.     __INTRODUCTION__

Enough is enough.   Defendant Redbubble, Inc.'s ("Redbubble") Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial (R. Doc. 212; the "Motion"), is nothing more than an improper motion for reconsideration of the Court's order on Redbubble's first Motion for Judgment as a Matter of Law (R. Doc. 204), which was nothing more than a regurgitation of Redbubble's arguments rejected by the jury (R. Doc. 193), which were a rehash of Redbubble's Motions *in Limine* (R. Docs. 57, 59, 109), which were but repetitions of Redbubble's Motion for Reconsideration of the Court's order on summary judgment (R. Doc. 140), which was itself a forbidden recycling of Redbubble's Motion for Summary Judgment (R. Doc. 40).    Redbubble's Motion is, in large part, an improper motion for reconsideration of this Court's July 27, 2021 Order holding that "Plaintiff put on evidence adequate to support the jury's conclusion as to the LA Lightning Mark." (R. Doc. 204 at 3-4.)  The Court thus can and should strike or deny Redbubble's renewed motion as procedurally improper.

If the Court decides to address the putative merits of Redbubble's Motion, the Court will find them as wholly lacking as the last four times the Court has addressed them.  The Court has already ruled that Redbubble waived any argument about the jury's willfulness finding on counterfeiting of the LA Lightning Mark.  R. Doc. 204 at 4 n.1.  That waiver in the Rule 50(a) motion waives the issue in this Rule 50(b) motion, and waiving any dispute about the willfulness finding necessarily waived Redbubble's argument that it lacked the requisite knowledge to contributorily infringe the LA Lightning Mark.[1]   In any event, there is ample evidence of Redbubble's

---

[1] Curiously Redbubble does not re-urge its no-contributory-*infringement*-because-no-knowledge argument as to the Brandy Melville Heart Mark and unregistered trademarks (*see* R. Doc. 212 at 3-5 (discussing LA Lightning Mark only)), which the Court's prior ruling did not disturb.  R. Doc. 204 at 4 ("Specifically, the Court **GRANTS** the Motion as to the jury's verdict for contributory *counterfeiting* of the

infringement and willful counterfeiting of the LA Lightning Mark in the trial record— and accumulating in the post-trial record more and more each day. Decl. of Keith J. Wesley, filed concurrently, Ex. 1 (showing that, on September 2, 2021, redbubble.com was still selling t-shirts with the LA Lightning Mark); R. Docs. 211-2, -3 (same, during post-judgment briefing).

Redbubble's new trial arguments concerning statutory damages, direct infringement, and "misconduct" during closing arguments are waived, foreclosed as a matter of law, factually frivolous, or all three. And regardless of whether the Court elects to address the merits of those arguments, Redbubble's effort to exceed the page limit (again) by incorporating its other quintuply duplicative grounds for judgment as a matter of law should certainly be rejected on procedural grounds. They are, all other issues aside, inadequately briefed under the local rules.

## II.   ARGUMENT

### A.   Redbubble's Motion Should Be Struck or Denied on Procedural Grounds.

A "Court's deferred consideration [of a Rule 50(a) motion] effectively converts the motion into a post-verdict Rule 50(b) motion." *Merino v. Marchon, Inc.*, No. 92-cv-4662, 1994 WL 695826, at *4 (C.D. Cal. Apr. 4, 1994), *aff'd*, 74 F.3d 1259 (Fed. Cir. 1996) (citing *Biodex v. Loredan Biomedical*, 946 F.2d 850, 861 (Fed. Cir. 1991)). There was thus no need, given the Court's comprehensive post-verdict analysis and decision on the LA Lightning counterfeiting and infringement issues (R. Doc. 204),

---

Brandy Melville Heart Mark and **DENIES** the Motion *in all other respects*." (emphases added)). Any sufficiency argument as to the jury's infringement verdict on the Heart Mark and unregistered marks is therefore waived. "A renewed motion for judgment as a matter of law under Rule 50(b), like the similar motion made under Rule 50(a) before the submission of the case to the jury, must state the grounds on which it was made"; omitted grounds are not preserved for appellate review. 9B WRIGHT & MILLER, *Renewed Motion for Judgment as a Matter of Law—When and How Made*, FED. PRAC. & PROC. CIV. § 2537 nn.21-22 (3d ed. West 2021) (collecting cases).

to file this repetitive motion simply to preserve whatever rights Redbubble's Rule 50(a) motion might have preserved.

Redbubble's "Rule 50(b) . . . . motion is a thinly disguised and untimely motion for reconsideration of the court's" first, fully sufficient ruling on judgment as a matter of law. *Oracle USA, Inc. v. Rimini St., Inc.*, No. 10-cv-106, 2016 WL 526543, at *2 (D. Nev. Feb. 8, 2016) (Rule 50 motion recognized as improper motion for reconsideration); *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1109 (E.D. Cal. 2011) ("The issue was fully presented and the repeated reassertion[s] of the motions were meritless disguised motions for reconsideration."). Yet nowhere does Redbubble grapple with the requirements for a motion for reconsideration set forth in Local Rule 7-18 by attempting to show "a material difference in fact or law" (far less one that "in the exercise of reasonable diligence[] could not have been known to" Redbubble), or new material facts or law since entry of the first judgment-as-a-matter-of-law order, or that the Court failed to consider the material facts Redbubble presented. C.D. Cal. L.R. 7-18(a)-(c). Instead, the Motion violates the local rule's explicit injunction that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id*. Indeed, Redbubble does not bother to engage *at all* the Court's thorough analysis of these same issues just weeks ago. R. Doc. 204.

To the extent Redbubble attempts to cure these fatal defects by adding a request for a new trial, the grounds upon which it relies there—in addition to being frivolous—were not raised when they could have been during trial and so are waived,[2]

---

[2] 11 WRIGHT & MILLER, *Grounds for New Trial—In General*, FED. PRAC. & PROC. CIV. § 2805 (3d ed. West 2021) ("A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result. This principle has particular application to claims of error in instructions that were not objected to since it is stated in so many words in Rule 51(d)(2), but the principle also has been applied to a variety of other kinds of claimed errors. For similar reasons a party may not seek

and they are clearly improper grounds for reconsideration regardless.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (reconsideration cannot be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation").[3]  Further, motions for reconsideration, unlike renewed motions for judgment as a matter of law, must be made within 14 days, not 28 days.  C.D. Cal. L.R. 7-18.  Redbubble's Motion is as untimely as it is unilluminatingly repetitive.

Redbubble's Motion is thus no ordinary re-urged motion for judgment as a matter of law.  It was unnecessary and in any event Redbubble has ignored the applicable local rules and firmly established principles of waiver and forfeiture in constructing its arguments.  On this record, the Court should strike or deny Redbubble's Motion on explicitly procedural grounds.

## B.   Redbubble's Repetitive Arguments Concerning the Jury's Findings of Contributory Infringement and Counterfeiting Are Meritless and Waived.

### 1.   Redbubble waived arguments on multiple issues.

**Redbubble's Willfulness Argument.**   On pages 22-24 of its first JMOL motion, Redbubble argued "Plaintiff Has Not Offered Evidence of Willful Infringement."   R. Doc. 185 at 22.  In its order deciding that motion, this Court

a second trial on the basis of a theory not urged at the first trial." (footnotes omitted) (collecting cases).

[3] The best evidence that Redbubble's request for a new trial is but an attempted cloak of an improper motion to reconsider the JMOL ruling is that, despite an ostensibly more favorable evidentiary sufficiency standard applicable to motions for new trial ("against the great weight" versus insufficient-as-a-matter-of-law), Redbubble just repeats the "no evidence" arguments from its first motion.  *E.g.*, R. Doc. 212 at 2 ("no basis"); *id.* at 3 ("no evidence").  Indeed, the phrase "no evidence" appears 17 times in the motion.  The word "weight" appears but three times—once in the notice of motion, twice in the "Legal Standards" section, and nowhere in the argument.  Any argument under the more lenient standard of adequate-evidence review applicable to motions for new trials has thus been waived.

Case No. 2:19-cv-04618-RGK (JPRx)

declined to address the arguments appearing on pages 21 through 24 of Redbubble's motion because they were filed in violation of the Court's Standing Order.   R. Doc. 204 at 4 n.1.   The selection of that sanction—waiver of the improperly filed arguments—was well within this Court's discretion.   *Glass v. Sue*, No. 09-cv-8570, 2010 WL 11549540 (C.D. Cal. Oct. 27, 2010) (Klausner, J.) (striking objections that exceeded page limit); *e.g.*, *Aljindi v. United States*, No. 20-cv-796, 2021 WL 750833, at *1 (C.D. Cal. Feb. 2, 2021) (denying entire motion with prejudice); *Ayer v. Frontier Commc'ns Corp.*, No. 16-cv-1946, 2017 WL 3891358 (C.D. Cal. Sept. 5, 2017) (striking motion); *Balik v. City of Cedar Falls*, No. 16-cv-4070, 2016 WL 4558719 (N.D. Cal. Sept. 1, 2016) (dismissing entire case with prejudice under *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), factors).[4]

Because Redbubble waived any challenge to the jury's willfulness finding in its pre-verdict Rule 50(a) filing, it may not now raise it in its post-judgment Rule 50(b) filing.   *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) ("a 'party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion'"); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion").   This has the effect of waiving *any* sufficiency issues as to counterfeiting.   For if there was sufficient evidence of willful contributory counterfeiting—and Redbubble may not now or on appeal claim otherwise—how could there be insufficient evidence of simple contributory counterfeiting?

---

[4] Even if the Court's imposition of the sanction of waiver for violation of its Standing Order was in error (and it was not), Redbubble has waived any challenge to that sanction by failing to object to it at the first opportunity—Redbubble's present Rule 50(b) motion.   *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999); *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (arguments withheld till reply briefs are waived).

**Redbubble's Knowledge Argument.**  The present Motion argues that "The Evidence Does Not Support a Contributory Infringement Verdict" because "[t]here is no evidence that Redbubble knew or had reason to know that haleyshore was offering this product or otherwise infringing" and "'[t]here is also no evidence that Redbubble ever had notice of the LA Lightning Mark or that products bearing an LA Lightning design might be infringing the mark." R. Doc. 212 at 4-5.  But if Redbubble's counterfeiting-related behavior was "willful"—and Redbubble may not now, or later, claim otherwise—it must have had such notice.  "[T]he mainstream conception of willful blindness [i]s a state of mind of much greater culpability than simple negligence or recklessness, and more akin to knowledge."  *U.S. v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*, 43 F.3d 794, 808 (3d Cir. 1994).

The result of this waiver is that there is no longer any meaningful dispute about Redbubble's contributory infringement of the LA Lightning Mark.[5]  If, as above, there must be sufficient evidence that Redbubble willfully contributorily counterfeited the LA Lightning Mark, *a fortiori* there must be sufficient evidence Redbubble knowingly contributorily infringed the LA Lightning Mark.

**2.   <u>Regardless of waiver, there is ample evidence to support the jury's finding of willful contributory counterfeiting and infringement of the LA Lightning Mark.</u>**

**a.   <u>There is ample evidence of contributory counterfeiting and infringement.</u>**

At the risk of repeating itself, Brandy Melville re-urges its response to Redbubble's first JMOL motion (R. Doc. 199).  "The Lanham Act prohibits a counterfeit mark from being used '***in connection with*** the sale, ***offering for sale***, or distribution of goods of services.'"   R. Doc. 103 at 12 (quoting 15 U.S.C.

---

[5] And again, as noted *supra* note 1, Redbubble's failure to re-urge a sufficiency argument as to infringement (as distinct from counterfeiting) of the Heart Mark and Brandy Melville's unregistered trademarks eliminates any dispute as to those marks.

§ 1116(d)(1)(A)) (emphasis added).)  "A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."  15 U.S.C. § 1127.  *See also* R. Doc. 103 at 13.

The Motion suggests liability for counterfeiting can arise only when the defendant's mark and product are a carbon copy of the plaintiff's mark and product. R. Doc. 212 at 5-6.  The Court accepted something close to that argument in its first JMOL order.  R. Doc. 204 at 3.  Brandy Melville respectfully disagrees with that conclusion, but unlike Redbubble, it will respond to the Court's earlier order on its own terms.

Even under a stitch-for-stitch legal standard, the evidence and inferences in favor of Brandy Melville support a finding of counterfeiting.  Brandy Melville introduced evidence that, after it filed this lawsuit, "Redbubble user 'haleyshore' offered t-shirts and other pieces of apparel for sale on Redbubble's website imprinted with Plaintiff's LA Lightning Mark."  R. Doc. 103 at 14.  The LA Lightning Mark is registered for and used on several different products, including t-shirts and other apparel, and it was "nearly identical" to the mark on haleyshore's store.  *Id.* at 13. Brandy Melville's counsel sought to purchase these apparel products from the Redbubble website, but Redbubble "canceled the sales before they could be completed after receiving notice from Brandy Melville."  *Id.* at 14.  The Court held that this evidence was sufficient for a jury to find counterfeiting because the Lanham Act "statute applies to items 'offered' for sale as well as sales finally transacted."  *Id.* (citing *State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005)).  Moreover, an offer to sell is sufficient for counterfeiting even if the good has not yet been produced.  *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1311-12 (9th Cir. 1997); *see also SAS v. Sawabeh Info. Servs. Co.*, No. 11-cv-4147, 2013 WL 12126742, at *3 n.1 (C.D. Cal. Oct. 8, 2013).  Redbubble's Motion nowhere engages these principles or cases, or the Court's acceptance of them in the order on summary judgment.  R. Doc. 103 at 13-15.

At trial, Brandy Melville introduced the same type of evidence this Court relied on at summary judgment; and based on that evidence the jury reasonably concluded Redbubble contributorily counterfeited the LA Lightning Mark.  The evidence shows that the LA Lightning Mark is Brandy Melville's registered trademark for t-shirts and apparel, and Brandy Melville has used the LA Lightning Mark continuously since 2018 on apparel, stickers, decorative signs, and murals.  R. Doc. 199-6; R. Doc. 199-2 at 123:16-127:1.  *See also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 142-43 (2015) (explaining that trademark registration "is 'prima facie evidence of . . . the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate'") (quoting 15 U.S.C. § 1057(b)).

Long after the complaint in this case was filed, Redbubble offered for sale products—including t-shirts for women—featuring a design identical to the LA Lightning Mark.  R. Docs. 199-6, -21, -22, -35, -36, -37; *see also* R. Doc. No. 199-2 at 144:11-147:14; R. Doc. 199-4 at 435:3-436:1.  It continues to do so.  R. Docs. 211-2, -3; Wesley Decl., Ex. 1.  This evidence "le[ft] little doubt that there is a marked similarity between" the Brandy Melville and the Redbubble products using the LA Lightning Mark.  R. Doc. 103 at 15.  And the evidence led a reasonable jury to conclude that the counterfeit mark—labeled "Brandy Melville" on Redbubble's website—was intended to target and deceive website users searching for Brandy Melville designs (*e.g.*, R. Docs. 199-35, -36, -37) and, as detailed below, Redbubble was willfully blind.  These facts certainly support findings of infringement and counterfeiting—as the Court has already held.  R. Doc. 204 at 4.

**b.**  **There is ample evidence of Redbubble's willful counterfeiting and knowing infringement.**

An infringer's intent is a "quintessential issue of fact."  *California Expanded Metal Products Co. v. Klein*, 426 F. Supp. 3d 730, 750 (W.D. Wash. 2019).  Also generally reserved for a jury is whether an intent to induce infringement existed.  *Fuji*

*Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005) (intent to induce infringement "is a factual determination particularly within the province of the trier of fact").

Redbubble argues that it was not contributorily liable and did not willfully infringe Brandy Melville's trademarks *as a matter of law*.  R. Doc. 212 at 4-8.  Yet after a lengthy legal analysis of contributory infringement and relying on a record that was less complete than the evidence Brandy Melville presented at trial, this Court held on summary judgment that there "is a jury question" as to whether Redbubble engages in "willful blindness" that can be the basis for contributory liability.  R. Doc. 103 at 9.  "[A]ctual or constructive knowledge that the users of [Redbubble's] services were engaging in trademark infringement" is sufficient, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011), and "'willful blindness is equivalent to actual knowledge for purposes of the Lanham Act,'" *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 109-10 (2d Cir. 2010).  Indeed, the Second Circuit confirmed this year that "a defendant may be held liable for contributory trademark infringement despite not knowing the identity of a specific vendor who was selling counterfeit goods, as long as the lack of knowledge was due to willful blindness." *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 254 (2d Cir. 2021).

At trial, Brandy Melville provided substantial evidence of Redbubble's contributory infringement and willful blindness that Redbubble fails to acknowledge. The evidence showed that Redbubble "generally do[es]n't go looking for similar works to remove from the marketplace," (R. Doc. 199-8; *see also* R. Doc. 199-3 at 296:6-297:8), and Redbubble discourages users from reporting infringement (R. Doc. 199-9 (instructing users to "resist the urge to go all vigilante crime-fighter" if they "see something on Redbubble that [they] think may infringe another's rights")). Redbubble also sent customers emails clearly identifying "Brandy Melville®" and "Brandy Melville" products (R. Docs. 199-14, -31, -32; R. Doc. 199-3 at 300:7-301:10), as well as emails soliciting customers to "[l]ook" at "brandy melville stickers

just for you" (R. Docs. 199-29, -30; R. Doc. 199-3 at 302:24-303:22).   And Redbubble sent congratulatory emails to people selling infringing Brandy Melville products on the Redbubble website.  R. Doc. 199-11; R. Doc. 199-3 at 318:14-319:19. In response to these emails, Redbubble's attorney testified that Redbubble did not bring these issues to his attention, that Redbubble "shouldn't be" "still sending out these Brandy Melville solicitations [emails]," and that he could not be certain that Redbubble had stopped.   *E.g.*, R. Doc. 199-3 at 301:14-22, 303:23-304:2, 306:13-307:7, 319:20-23.[6]  ***In fact, Redbubble's own witness testified that it was "probably" the case that "there are significant quantities of infringing goods on Redbubble's site as we sit here today in this trial."***  R. Doc. 199-3 at 297:14-18 (emphasis added). And Redbubble's own annual report conceded that nearly a quarter of the products on the Redbubble website are from sellers that are not "authentic"—*i.e.*, the products are not "high-quality, original" designs.[7]  R. Doc. 199-23.

Brandy Melville sent Redbubble a notice letter on May 14, 2018 (R. Doc. 199-7), but Redbubble's persistent infringement continued long after May 14, 2018 (*e.g.*, R. Doc. 199-3 at 317:4-318:13; R. Docs. 211-2, -3; Wesley Decl., Ex. 1). Redbubble's contributory infringement and counterfeiting continued long after Brandy Melville filed its complaint in this case—even just months before trial.  R. Docs. 199-25, -26, -27, -28, -35, -36, -37, -38, -39, -40, -41, -45, -46, -47.  And Redbubble did not even begin to attempt any proactive policing until May 31, 2019.  R. Doc. 199-12; R. Doc. 199-3 at 315:1-316:7.  *See also Omega SA*, 984 F.3d at 255 ("[I]f the defendant decides to take no or little action, it will support a verdict finding liability.").

---

[6] Indeed, Redbubble's emails with customers also acknowledged the sale of products for, *inter alia*, the show "Gossip Girl," celebrity "Blair Waldorf," the NFL "philadelphia eagles" team, and Team USA water polo.  R. Doc. 199-14; R. Doc. 199-3 at 311:1-312:12.

[7] A reasonable juror, viewing the evidence and inferences in Brandy Melville's favor, could conclude sales of low-quality, unoriginal designs equates to infringing products.

Redbubble further maintained its willful blindness by failing to give notice or warning about infringing or counterfeit Brandy Melville products to Redbubble's third-party manufacturers (R. Doc. 199-3 at 322:25-323:9) and customer service representatives (*id.* at 323:10-19).  Redbubble also chose not to substantially increase the size of its content moderation team for Brandy Melville trademarks.  *Id.* at 323:25-324:3.[8]  *See also Omega SA*, 984 F.3d at 254-55 (recognizing that willful blindness can be evidenced by a defendant "tak[ing] insufficient steps to root out the counterfeiting it knew or should have known was occurring").

Redbubble could, but chose not to, block the Brandy Melville keyword that allows customers to quickly find infringing and counterfeit goods, even though some rights holders told Redbubble that such a measure had proven to be an effective way to stop the possibility of infringement on similar sites.  R. Doc. 199-3 at 324:24-325:16.   Such action could have been especially effective in this case because Redbubble's own internal research showed that the "Brandy Melville" keyword was one of the most effective keywords for converting Redbubble searches to potential purchases.  R. Doc. 199-3 at 325:25-327:20; R. Doc. No. 199-15.

On this record, Redbubble cannot "show there is no legally sufficient evidentiary basis for a reasonable jury to have found as it did."  *Strategic Partners*, 2017 WL 5951881, at *1.  Redbubble cannot show "[o]n these facts, no reasonable jury could have concluded that Redbubble engaged in willful contributory counterfeiting with respect to the LA Lightning mark."  R. Doc. 212 at 15.

---

[8] *See also* R. Doc. 199-4 at 386:14-18, 399:18-25 (conceding that Redbubble reviews only 33% of the designs uploaded onto the Redbubble website and that, on average, about 12,000 designs that should be removed each day make their way onto the Redbubble website). Redbubble spends only $2.5 million a year to keep infringing designs off its website when Redbubble's revenue in just 2019 was $307 million—and it has doubled since.  R. Doc. 199-3 at 329:7-9; R. Doc. 199-4 at 462:7-11.

Case No. 2:19-cv-04618-RGK (JPRx)

### C.   Redbubble's New Trial Arguments Are Waived and Meritless.

#### 1.   The statutory damages argument

There is no merit to Redbubble's assertion that due process requires a relationship between the amount of statutory damages awarded and actual damages. First, Redbubble has waived this argument by failing to request an instruction that the jury consider such proportionality in making an award, as Ninth Circuit Pattern Jury Instruction No. 5.5 provides for the only analogous context (punitive damages). Second, Redbubble's theory is not the law.  Indeed accepting Redbubble's theory would turn the whole purpose of statutory damages on its head; statutory damages exist precisely and only in those cases where actual damages are hard to assess and the public as a whole has an interest in deterring the conduct and compensating the victims.  Third, even if Redbubble's argument were the law, there *is* a reasonable relationship between the actual damages Brandy Melville proved to the jury and the statutory damages awarded.

##### a.   Redbubble has waived this argument.

The only damages with limits on them like those that Redbubble argues should be applied here are punitive damages.  Precisely because they implicate due process, the Ninth Circuit Pattern Jury Instruction provides:

> If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case]. [In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

9th Cir. Man. Model Jury Instructions—Civil § 5.5 at 96.

Requesting similar language in this case would have fully addressed Redbubble's concern, yet Redbubble did not. The Federal Rules of Civil Procedure are clear that Redbubble's argument is thus waived. Fed. R. Civ. P. 51(c)(1) ("A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection."); *id.* 51(d) (setting forth consequences of waiver and establishing a "plain error" standard for unpreserved objections).

Neither can Redbubble's waiver be rescued by Rule 51's allowance for plain error review. As explained below, Redbubble's due process theory is not the law at all. But even if it were in some measure the law, it is not sufficiently well established and widely adopted so as to be "obvious" for purposes of plain error review, far less did it affect Redbubble's substantial rights given the adequacy of damages evidence and the failure of any error to "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *C.B. v. City of Sonora*, 769 F.3d 1005, 1018-1019 (9th Cir. 2014) (en banc). As Judge Newman recognized, Redbubble's argument is unquestionably "a novel theory of constitutional law." *Parker v. Time Warner Ent. Co., L.P.*, 331 F.3d 13, 27 (2d Cir. 2003) (Newman, J., concurring).

### b. <u>Statutory damages need not bear a relationship to actual damages.</u>

"It is clear . . . that a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." *Peer Int'l Corp. v. Pausa Records, Inc.*, F.2d 1332, 1337 (9th Cir. 1990). Thus, when twenty years later another infringer again attempted to make Redbubble's argument, the Ninth Circuit observed:

> The district court did not abuse its discretion in declining to adopt Tekila Films's proposed jury instruction that would direct the jury to measure statutory damages in relation to actual damages using the 'fair market value' of the infringed works. A statutory damages award within the limits prescribed by Congress is appropriate 'even for uninjurious and

unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 [ ] (1952). We have consistently held and stated that statutory damages are recoverable without regard to the existence or provability of actual damages. *See, e.g., Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Peer Int'l Corp. v. Pausa Records, Inc.*, F.2d 1332, 1337 (9th Cir. 1990).

*New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009); *see also Greg Young Publishing, Inc. v. Zazzle*, 785 F. App'x 417, 418 (9th Cir. 2019) (affirming $460,800 in statutory damages for infringing product with only $15,000 total revenue); *SunFrog, LLC*, 311 F. Supp. 3d at 1013 (rejecting attempt to link statutory damages to actual damages and awarding $19 million in statutory damages on proof of just $250,000 actual damages); *Rolex Watch U.S.A., Inc. v. Dauley*, No. 84-cv-6150, 1986 WL 12432, *4 (N.D. Cal. Feb. 4, 1986) ("Even where only nominal sales can be proven by plaintiff, substantial damages may be awarded in a trademark counterfeiting case where defendant failed to keep sales records").

It is true that some courts have suggested otherwise.[9] An approach that links the amount of statutory damages to the amount of actual damages turns statutory

---

[9] To their regret. "To support this proposition ["that an award for statutory damages 'must have some reasonable rational relation to the actual loss,'"], Crocodile Rock points to an opinion from the District of Minnesota remitting a jury's statutory damages award of $62,500 per infringement for 24 instances of non-commercial, willful infringement, and holding that $2,250 per infringement is the maximum permitted by the Due Process Clause. *See Capitol Records, Inc. v. Thomas-Rasset*, 799 F. Supp. 2d 999, 1013-14 (D. Minn. 2011). Besides the fact that this opinion obviously does not control this Court, it lacks any persuasive force as it was overturned on appeal. *See Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) (vacating the district court's judgment and holding that a statutory damages award from a previous jury trial of $9,250 per infringement was consistent with Due Process)." *Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 886 (3d Cir. 2015). Redbubble's failure to note that one of its lead cases was reversed is, of course, misconduct, but more to the point, most the cases tending to support

---

damages law on its head, however.  Unlike punitive damages, which do not further a compensatory purpose but only a punitive one, statutory damages are a legislative solution to the problem of cases where it would be difficult for a jury to determine the amount of compensatory damages.  *See Douglas v. Cunningham*, 294 U.S. 207, 209 (1935) (explaining that the statutory damages under the Copyright Act of 1909 "give the owner of a Copyright some recompense for injury due to him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits"); *Louis Vuitton Malletier, S.A. v. LY USA*, No. 06-cv-13463, 2008 WL 5637161, at *1 (S.D.N.Y. Oct. 3, 2008) (explaining that Congress enacted statutory damages under the Lanham Act because counterfeiters' records are often "nonexistent, inadequate or deceptively kept in order to willfully deflate the level of counterfeiting activity actually engaged in, making proving actual damages in these cases extremely difficult if not impossible").  How, then, can the very number that statutory damages are designed to replace (compensatory damages) become the measure of statutory damages?  Redbubble's argument is the ouroboros of damages law.

This is to say that, unlike punitive damages, which because of their penal character are subject to due process challenge if they exceed a certain multiple of the compensatory damages, statutory damages cannot be measured by compensatory damages because they *are* (substitute) compensatory damages.  There is no basis in the Supreme Court's due process jurisprudence to invent a new constitutional basis for judicial reexamination in violation of the Seventh Amendment's Re-Examination Clause of compensatory damages or their legislatively approximated substitute.  Due process review of punitive damages awards was developed to limit runaway juries, not runaway legislatures (if such even exist), holding otherwise implicates substantial separation-of-powers concerns.  *Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692 F.3d

Redbubble's position concern the *aggregation* of statutory damages—the amounts fixed by Congress for individual violations, which is the basis for the award here, are accepted by all courts as reasonable.

-15-

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

358, 374 (5th Cir. 2012) ("The cited cases . . . concern discretionary jury awards of punitive damages rather than a fixed statutory-damage provision.  This discretion, the arbitrariness that might accompany it, and principles of fair notice are what led the Court to invalidate the award under the Due Process Clause.  No such discretion or problem with notice is applicable here, because the $120,000 award was mandated by statute as a minimum penalty.").

### c.   The jury's statutory damage award easily passes any judicial scrutiny that might apply.

Beginning with the proposition that even *zero* evidence in support of compensatory damages can support *punitive* damages of at least $300,000, *e.g.*, *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 728, 734 (5th Cir. 2007) ($300,000); *Abner v. Kansas City S. R. Co.*, 513 F.3d 154, 165 (5th Cir. 2008) ($125,000), there is no way the jury's $200,000 award violates any potentially applicable standard of judicial review.  First, such an amount could be sustained in the absence of *any* actual damages to Brandy Melville, as those cases demonstrate. But Brandy Melville did suffer damage, and not only to its brand identity, customer goodwill, and other intangible, but valuable business commodities.  *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 972 (C.D. Cal. 2007) (noting how a plaintiff can allege actual harm without alleging actual pecuniary damages).  Brandy Melville also suffered actual pecuniary damages in the form of the $20,000 in profits the jury ordered Redbubble to disgorge.  And Redbubble waived any objection to this finding by putting its argument about the jury's ability to disgorge profits and to award pre-notice damages in the excess pages of its Rule 50(a) motion that the Court declined to consider.  R. Doc. 204 at 4 n.1; R. Doc. 185 at 21-22.

Indeed, $200,000 compared to $20,000—or a 10:1 ratio—is well-within the multiples accepted by courts that have employed something like Redbubble's theory. *Zomba Enters., Inc. v. Panorama Recs., Inc.*, 491 F.3d 574, 586-87 (6th Cir. 2007)

PLAINTIFF'S OPPOSITION TO DEFENDANT REDBUBBLE INC.'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

(44:1 ratio); *Crocodile Rock*, 634 F. App'x at 886 (155:1 ratio); *see Verizon Cal. Inc. v. Onlinenic, Inc.*, No. 08-cv-2832, 2009 WL 2706393, at *6 (N.D. Cal. Aug. 25, 2009) (statutory damages of $33,150,000 not due process violation when profits were only $1469); *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768, 777 (N.D. Ill. 2008) (30,000:1 ratio).

None of the cases Redbubble cites states that a 10:1 ratio is unlawful. And there can be no basis to conclude that a 10:1 ratio should be unlawful, whether under the *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574 (1996), "grossly excessive" standard (which does not apply), or under the arguably applicable *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919), "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable" standard. Indeed, the ratio the Supreme Court countenanced as to statutory damages in *Williams* was 113:1!  251 U.S. at 64.

## 2.  Redbubble's Copyright Act-*cum*-likelihood of confusion argument is waived and meritless.

Yet again Redbubble raises an argument it could have raised before and so is waived. It is also singularly irrelevant. Unlike the digital file at issue in *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs.*, LLC, 845 F.3d 1246, 1250 (9th Cir. 2017), which consumers could not see on the inside of a karaoke machine's hard drive, the consumers here were offered for sale t-shirts and other items bearing Brandy Melville's trademarks that designate the source of the goods, under a tab-based search feature using Brandy Melville's name.[10]  Redbubble's effort to inject confusion using the Copyright Act has zero basis in law or fact. This is a trademark case, it always has been, and Brandy Melville has never said anything to the contrary.

---

[10] The Motion further misrepresents the evidence at trial by claiming Brandy Melville failed to admit evidence of its "source identifying use" including by featuring a "small design" on the "pocket or breast portion of shirt."  R. Doc. 212 at 14.  But Brandy Melville did just that.  Wesley Decl., Ex. 2 (TE221).

Indeed, the quote from Brandy Melville's trial attorney with which Redbubble opens this argument proves the point. "[L]inking our designs to our trade names" and palming off shoddy counterfeit goods bearing those source-designating designs is the *ne plus ultra* of Lanham Act violations. R. Doc. 212 at 12. The jury found this conduct created a likelihood of confusion. And how could it otherwise?

### 3.   Redbubble's "misconduct" claim is waived and meritless.

Let us assume for a moment that Brandy Melville's counsel's reference to Australia was a reference to Redbubble's nationality rather than a measure of the distance of the signal counsel was asking the jury to send (and so the strength of that signal). Let us further assume that Redbubble's corporate nationality is a protected characteristic. Let us further assume that the mere mention of a protected characteristic, rather than disparagement or other improper comment on the characteristic, operates like some voodoo talisman.

The standard for a new trial based on allegedly improper argument of counsel is well settled in this circuit. "A new trial should only be granted where the 'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516-17 (9th Cir. 2004) (quoting *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1984)). "There is an even 'high[er] threshold' for granting a new trial where, as here, defendants failed to object to the alleged misconduct during trial." *Id.* at 517 (quoting *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986)). "We thus review for plain or fundamental error where no contemporaneous objection was made. Plain error review requires: (1) an error; (2) that the error be plain or obvious; (3) that the error have been prejudicial or affect substantial rights; and (4) that review be necessary to prevent a miscarriage of justice." *Id.* Importantly, the "error" that must be plain is not whether counsel's comment was improper, but whether "the flavor of misconduct . . . permeate[d] an entire proceeding."

A single word cannot satisfy the underlying standard, far less the plain error standard.  To claim otherwise is frivolous.

### 4.   Redbubble's attempt to incorporate by reference is improper.

While the federal rules allow incorporation by reference of matters in *pleadings*, nothing allows a party to incorporate by reference matters in a *motion*. Fed. R. Civ. P. 7(a) (setting forth which documents qualify as a pleading); Fed. R. Civ. P. 10(c) (permitting adoption by reference only matters in pleadings).  On the final page of the instant Motion, Redbubble purports to incorporate by reference six additional arguments, the last three of which Redbubble has already waived in any event, from its Rule 50(a) motion. R. Doc. 204 at 4 n.1.  The Court should not permit this.  Indulging Redbubble would allow it to circumvent the page limit in the Court's Standing Order.  It would countenance violation of Local Rule 7-5(a), which requires motions be accompanied by a memorandum setting forth "the points and authorities upon which the moving party will rely."  It would flout Local Rule 7-5(b), which requires motions include all necessary supporting evidence.  Incorporation by reference is a chaotic practice that leads courts into potential error by innocent oversight.  It should not become the accepted practice in this Court's complex cases.

But if the Court is inclined to permit Redbubble to incorporate by reference, Brandy Melville respectfully incorporates by reference its responses to those arguments, which appear in R. Doc. 199.  None of Redbubble's arguments have merit.

//

//

## III.   <u>CONCLUSION</u>

Accordingly, this Court should strike or deny on procedural grounds Redbubble's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial.  Failing that, the Court should deny the Motion while also noting that Redbubble has waived all relevant arguments.

Dated:   September 3, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
    Keith J. Wesley

By    _/s/  Keith J. Wesley_
          Keith J. Wesley
Attorneys for Plaintiff
Y.Y.G.M. SA d.b.a. Brandy Melville