KENNETH B. WILSON (SBN 130009)
 *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Tel: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Tel: (213) 596-5620 / Fax: (213) 596-5621

JENNIFER C. KUHN (*Admitted Pro Hac Vice*)
 *jkuhn@zuberlawler.com*
ZUBER LAWLER LLP
100 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 717-7430 / Fax: (213) 596-5621

Attorneys for Defendant
Redbubble Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE INC.,<br><br>Defendant. | Case No. 2:19-cv-04618-RGK (JPRx)<br><br>**DEFENDANT REDBUBBLE INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**<br><br>Date: September 27, 2021<br>Time: 9:00 a.m.<br>Crtrm.: 850<br>Judge: Hon. R. Gary Klausner |

2911-1006 / 1877503

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. THE WILLFUL COUNTERFEITING VERDICT CANNOT STAND ..........1

    A. The Evidence of Contributory Counterfeiting Was Insufficient ............1

    B. There Was No Evidence to Support the Willfulness Verdict .................4

III. THE STATUTORY DAMAGES AWARD WAS CONTRARY TO LAW ........................................................................................................................5

IV. PLAINTIFF FAILED TO SHOW CONFUSION FOR ANY MARKS, REGISTERED OR UNREGISTERED. ...........................................................8

V. PLAINTIFF'S MISCONDUCT JUSTIFIES A NEW TRIAL ........................9

VI. REDBUBBLE PROPERLY INCORPORATED ITS PRIOR BRIEFING ..................................................................................................................10

Case 2:19-cv-04618-RGK-JPR   Document 216   Filed 09/13/21   Page 3 of 14   Page ID #:12171

# TABLE OF AUTHORITIES

Page

**Cases**

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   --- F. Supp. 3d ----, 2021 WL 2766893 (N.D. Cal. 2021) ......................... 6, 7, 8

*Bird v. Glacier Elec. Coop., Inc.*,
   255 F.3d 1136 (9th Cir. 2001) ......................................................... 9, 10

*Bly v. Banbury Books, Inc.*,
   638 F. Supp. 983 (E.D. Pa. 1986) ........................................................ 8

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) ....................................................................... 8, 9

*Desiree, LLC v. Manna Textiles, Inc.*,
   986 F.3d 1253 (9th Cir. 2021) ............................................................ 6

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
   688 F.Supp.2d 1148 (D. Nev. 2010) ..................................................... 8

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) ............................................................... 2

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005) ......................................................... 10

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
   772 F.2d 505 (9th Cir. 1985) ............................................................. 6

*Go Medical Indus. Pty, Ltd. v. Inmed Corp.*,
   471 F.3d 1264 (Fed. Cir. 2006) .......................................................... 5

*Grigsby v. Mabry*,
   758 F.2d 226 (8th Cir. 1985) ............................................................. 8

*Levi Strauss & Co. v. Shilon*,
   121 F.3d 1309 (9th Cir. 1997) ............................................................ 2

*Louis Vuitton Malletier, S.A. v. LY USA*,
   No. 06 CIV.13463(AKH), 2008 WL 5637161 (S.D.N.Y. Oct. 3, 2008) .......... 7

*Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc.*,
   No. 19-CV-06399-LHK, 2020 WL 7227199 (N.D. Cal. Dec. 8, 2020) ........... 6

*Mitchell v. 3PL SYs., Inc.*,
   No. 8:11-cv-0534-AG-AN, 2013 WL 12129614 (C.D. Cal. Mar. 11, 2013) ............................................................................................. 6

*Mon Cheri Bridals, LLC v. Cloudflare, Inc.*,
   No. 19-cv-01356 ), 2021 WL 1222492 (N.D. Cal. April 1, 2021) ................. 8

*Omega SA v. 375 Canal, LLC*,
   984 F.3d 244 (2d Cir. 2021) .................................................................................. 3, 4

*Parker v. Alexander Marine Co.*,
   No. 8:12-cv-1994-DOC-AN, 2015 WL 12712083 (C.D. Cal. May 26, 2015) ........................................................................................................................ 6

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) ..................................................................................... 7

*Rolex Watch U.S.A., Inc. v. Dauley*,
   No. 84-cv-6150, 1986 WL 12432 (N.D. Cal. Feb. 4, 1986 ............................... 7

*Settlegoode v. Portland Pub. Sch.*,
   371 F.3d 503 (9th Cir. 2004) ..................................................................................... 9

*Silberstein v. Fox Entm't Grp., Inc.*,
   424 F. Supp. 2d 616 (S.D.N.Y. 2004) ................................................................... 3

*Slep-Tone Ent'ment Corp v. Wired for Sound Karaoke & DJ Serv., LLC*,
   845 F.3d 1246 (9th Cir. 2017) ................................................................................. 9

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984) ............................................................................................. 2, 3

*Vanderbilt Mortg. & Fin., Inc. v. Flores*,
   692 F.3d 358 (5th Cir. 2012) ..................................................................................... 6

*Yelp Inc. v. Catron*,
   70 F. Supp. 3d 1082 (N.D. Cal. 2014) .................................................................. 7

**<u>Rules</u>**

Fed. R. Civ. P. 50 .................................................................................................... passim

Fed. R. Civ. P. 59 ........................................................................................................ 5, 6

## I. INTRODUCTION

Plaintiff does not and cannot dispute that the only evidence of record that might support the jury's contributory counterfeiting verdict on the LA Lightning Mark (*i.e.*, the only possible basis for a statutory damage award) pertains to a single offer of apparel bearing the LA Lightning design by third-party seller haleyshore. There were indisputably no sales of such apparel, and Plaintiff fails to point to any evidence of damage caused *by this conduct*. Yet Plaintiff clings to the claim that a $200,000 statutory damage award was a proportionate remedy, relying on inapplicable procedural arguments and equally inapposite case law.

Redbubble has properly "renewed" under Rule 50(b) the arguments it made under Rule 50(a). It presented arguments that were previously raised at or before trial, and thus cannot be deemed waived. And it pointed to the complete absence of evidence to support various findings by the jury verdict, including the willful contributory counterfeiting liability verdict and the associated statutory damage award. Redbubble therefore reiterates its request that judgment be entered in its favor as a matter of law on all claims, but in particular on the counterfeiting claim and/or the statutory damages award, or alternatively, that the Court should reduce any statutory damages award to the statutory minimum and/or order a new trial.

## II. THE WILLFUL COUNTERFEITING VERDICT CANNOT STAND

### A. The Evidence of Contributory Counterfeiting Was Insufficient

Redbubble's primary contributory liability argument remains unrebutted. As Redbubble pointed out at pages 4-5 of its Motion, the Court properly instructed that Redbubble could only be contributorily liable if it provided services to a particular direct infringer that "the defendant knew or had reason to know[1] … was infringing the plaintiff's trademark and the defendant continued to supply its services." *See*

---

[1] The language "knew or had reason to know" encompasses both standard contributory infringement ("knew") and willful blindness ("had reason to know"); both depend on the continued provision of services to a particular direct infringer.

*also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 n.19 (1984) (contributory trademark infringement is a narrow tort that applies only where a defendant provides its products or services "to identified individuals known by it to be engaging in continuing infringement"); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996) (contributory trademark infringement applies where a defendant provides goods or services to another "knowing or having reason to know that the other is acting or will act tortiously"). The only direct infringer to offer apparel[2] with an LA Lightning design after Plaintiff notified Redbubble of that mark was haleyshore, but there is no evidence that Redbubble knew of *this user's* infringement and continued to supply its services *to this user*; rather, once Redbubble learned of the relevant listing, it promptly removed it and cancelled the only associated order (to Plaintiff's counsel). Plaintiff responds that Redbubble waived this argument by not arguing *willfulness* in the first 20 pages of its Rule 50(a) motion, but Redbubble made the argument at pages 3-4 of that motion. Plaintiff's failure to rebut Redbubble's argument on the merits speaks volumes.

Plaintiff's contributory liability theory also fails because no apparel bearing the LA Lightning mark ever existed. Plaintiff responds that "an offer to sell is sufficient for counterfeiting even if the good has not yet been produced," relying on *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309 (9th Cir. 1997), But in *Shilon*, finished products bearing the counterfeit mark existed; defendant even provided plaintiff with samples of such products. 121 F.3d at 1311. *Shilon* thus stands for the unremarkable proposition that an offer for sale can support an infringement claim even if the *specific units offered* had not yet been produced. But there can be no claim, even under *Shilon*, where no units of the product offered have ever existed.

---

[2] Plaintiff *again* seeks to confuse the Court, as it did the jury, by asserting that it "has used the LA Lightning Mark continuously since 2018 on apparel, stickers, decorative signs, and murals." (Opp. at 8) But other than apparel, none of those items are goods for which the mark was registered (*see* ECF No. 212-5), and they therefore cannot support counterfeiting as a matter of law. (ECF No. 189 at 27)

*See Silberstein v. Fox Entm't Grp., Inc.*, 424 F. Supp. 2d 616, 633 (S.D.N.Y. 2004) ("There can be no confusion as to the source of a product if there is no product").

Plaintiff's attempt to rely on the doctrine of willful blindness is similarly unavailing. As discussed above, and as the Court told the jury, general knowledge of infringement is insufficient to establish willful blindness; *specific* knowledge of (or willful blindness to) *specific* infringing users or marks is required. Here, Plaintiff has offered no evidence that Redbubble either knew or had reason to know that haleyshore was infringing the LA Lightning mark and turned a blind eye to that infringement. Nor is there evidence that Redbubble was willfully blind to infringement of the LA Lightning Mark in general; to the contrary, the record reflects that three days after first receiving notice of that mark, Redbubble began proactively policing for listings bearing that mark. (ECF No. 199-12) And Plaintiff's own authorities note that such policing was in excess of Redbubble's legal obligations. *See Omega SA v. 375 Canal, LLC,* 984 F.3d 244, 255 (2d Cir. 2021) (district court properly instructed that defendant had "no affirmative duty to take precautions against the sale of counterfeit goods or to seek out and prevent alleged trademark violations, and cannot be found liable if it simply fails to take reasonable preemptive precautions against sales of counterfeit items").[3]

In sum, since there was no evidence of Redbubble "intentionally shielding itself from discovering" haleyshore's infringement or other specific infringements of the LA Lightning Mark, Plaintiff's willful blindness claim cannot be upheld as a

---

[3] If *Omega* permits liability where a defendant lacked knowledge of the identity of a specific vendor due to willful blindness, it may conflict with controlling precedent (the Supreme Court's *Sony* decision and the Ninth Circuit's *Fonovisa* decision discussed at pages 1-2), as well as the Second Circuit's own prior holding in *Tiffany* that contributory infringement is limited to instances where a defendant provides goods or services to "identified individuals known by it to be engaging in continuing infringement." 600 F.3d at 108 (quoting *Sony*). Regardless, liability under *Omega* would require affirmative steps to avoid learning of specific sellers or products using the specific mark in question, which were absent here. 984 F.3d at 255 (if defendant "undertakes bona fide efforts to root out infringement, such as eBay did in *Tiffany*, that will support a verdict finding no liability, even if the defendant was not fully successful in stopping infringement").

matter of law.[4] *See Spy Phone Labs LLC. v. Google Inc.*, No. 15-CV-03756-KAW, 2016 WL 6025469, at *5 (N.D. Cal. Oct. 14, 2016) (rejecting the argument that willful blindness requires a defendant "not to just police specific vendors who it has been put on notice of selling counterfeit goods, but to also preemptively check over the goods of every vendor to ensure they are not also selling counterfeit goods").

### B. There Was No Evidence to Support the Willfulness Verdict

*Willful* counterfeiting necessarily requires proof beyond that for simple contributory counterfeiting (*e.g.*, via willful blindness), since it allows for enhanced remedies: it "requires proof that a person *acted voluntarily and intentionally* and with the *specific intent* to commit the act." (ECF No. 189 at 28 (emphasis added)) Plaintiff's failure to point to evidence that satisfies even the standards for willful blindness, let alone this heightened standard, effectively concedes its absence, and requires that the Court grant judgment as a matter of law.[5]

---

[4] Plaintiff's purported evidence that Redbubble could have done more to stop infringement of Brandy Melville's marks in general fails to establish contributory liability because it doesn't relate specifically to the alleged counterfeits. (Opp. at 9-11) Plaintiff has identified no precedent suggesting that marketplaces are required to purported infringements identified by a non-party "vigilante crime-fighter." Testimony that "there are significant quantities of infringing goods on Redbubble's site as we sit here today," did not relate to *Plaintiff's* marks, merely that "[i]t is impossible to be 100 percent perfect" at identifying and removing *all* infringements. (Masur Decl. Ex. U at 297:14-298:13) Plaintiff speculates that "low-quality, unoriginal designs equates to infringing products," but that would at most support inapposite "general knowledge." *Celco*, 2014 WL 12573411 at *17. "[F]ailing to give notice or warning about infringing or counterfeit Brandy Melville products to … third-party manufacturers and customer service representatives" doesn't support willful blindness under Plaintiff's own cited precedent. *See Omega*, 984 F.3d at 255 ("no affirmative duty … to take reasonable preemptive precautions against sales of counterfeit items"). Plaintiff proffered no evidence about "the size of [Redbubble's] content moderation team for Brandy Melville," only that Redbubble didn't "hire hundreds of new people to … block your word." (Masur Decl., Exh. U at 323:25-324:3) Finally, speculation that "internal research showed that the 'Brandy Melville' keyword was one of the most effective keywords for converting Redbubble searches to potential purchases," belies testimony that expressly disclaimed knowledge of what the document meant. (*Id.* at 327:24-328:4)

[5] The fact that on summary judgment, the Court found a potential "'jury question' as to whether Redbubble engages in 'willful blindness'" (Opp. at 9) is irrelevant to whether the evidence submitted *at trial* supports such a finding, which it does not.

Plaintiff's procedural objection – unsupported by any legal authority – that Redbubble waived any challenge to the willfulness verdict by omitting it from the first 20 pages of its Rule 50(a) motion is factually incorrect. (*See* ECF No. 185, Motion at 2 (noting that Redbubble was moving for JMOL due to the absence of evidence on "the elements of willful infringement," Memo at 1 (arguing that there is no evidence "that Redbubble has engaged in the type of willful infringement that is required for an award of enhanced statutory damages"). Accordingly, this argument must be rejected. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 930-31 (9th Cir. 2018) (passing reference to an issue in a brief preserved issue because it was "raised sufficiently for the trial court to rule on it").

## III. THE STATUTORY DAMAGES AWARD WAS CONTRARY TO LAW

Although Plaintiff is entitled to recover minimum statutory damages of $1,000 if counterfeiting liability is upheld, there is no precedent for the jury's award of $200,000, given the *de minimis* infringement and the lack of any evidence of either profit to Redbubble or harm to Plaintiff from counterfeiting of the only mark in question, the LA Lightning Mark. Plaintiff's attempts to confuse the issues and preserve its windfall award by pointing to phantom procedural barriers, nonbinding authority, and findings regarding other marks, should be rejected.

Plaintiff asserts that Redbubble waived its right to challenge the excessive and disproportionate jury award by failing to clairvoyantly object to the amount in its Rule 50(a) motion. But it "would have been impossible" to challenge the excessiveness of the jury's award before the verdict. *Go Medical Indus. Pty, Ltd. v. Inmed Corp.*, 471 F.3d 1264, 1272 (Fed. Cir. 2006) (rejecting argument that "a district judge may not rely on new grounds not raised in a Rule 50(a) to set aside the jury's verdict"). Moreover, regardless of any Rule 50 motion, Rule 59 entitles Redbubble to challenge the excessive verdict.[6] Finally, even if Redbubble were

---

[6] Plaintiff contends that Redbubble's waived its arguments for a new trial. (Opp. at 3). But excessiveness of the jury award and argument of counsel "were either

somehow obligated to raise the excessiveness of the verdict before it was rendered, Redbubble's requested jury instructions preserved its proportionality challenge.[7]

As for the merits, binding Ninth Circuit precedent (never acknowledged by Plaintiff) establishes that "[s]tatutory damages are intended as a substitute for profits or actual damage" and should not provide a "windfall." *Desiree, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir. 2021) (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985). But $200,000 in statutory damages with no actual damages to the plaintiff, or profits for the infringer, is the very definition of a "windfall." Plaintiff's arguments to the contrary are based exclusively on unpublished Ninth Circuit cases or other non-binding authority, and cannot overcome the precedential holdings in *Desiree* and *Frank*. Indeed, district courts in this Circuit have consistently applied the "windfall" language from *Frank Music* and *Desiree* to require that any "statutory damages award 'must bear a plausible relationship to Plaintiff's actual damages.'" *Atari Interactive, Inc. v. Redbubble, Inc.*, --- F. Supp. 3d ----, 2021 WL 2766893, at *4 (N.D. Cal. 2021) (quoting *Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK, 2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020));

---

preserved because they were raised during trial or they could not have been raised during trial because they relate to the jury's verdict" or otherwise postdated the 50(a) motion. *Mitchell v. 3PL SYs., Inc.,* No. 8:11-cv-0534-AG-AN, 2013 WL 12129614, at *2 (C.D. Cal. Mar. 11, 2013). Even were the post-verdict arguments insufficiently encapsulated in Redbubble's 50(a) motion, they should be considered under Rule 59. *Parker v. Alexander Marine Co.,* No. 8:12-cv-1994-DOC-AN, 2015 WL 12712083, at *12 (C.D. Cal. May 26, 2015) (argument that "could not have been raised in a pre-verdict JMOL" can be addressed under Rule 59).

[7] Redbubble raised the relevant issues, including in connection with parties' proposed jury instructions. (ECF Nos. 159, 160-61, 177) Redbubble addressed proportionality by specifically requesting that the Court instruct that statutory damages required consideration of "the expenses saved and the profits reaped by the defendant [and] the revenues lost by the plaintiff," and "are intended as a substitute for profits or actual damage, not to provide a windfall." (ECF No. 159 at 99-100) While Plaintiff also insists that Redbubble should have sought a *punitive* damages instruction, they were not at issue here, and Plaintiff's own authorities distinguish punitive and statutory damages law. (*Compare* Opp. at 12 *with id.* at 15-16 (citing *Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692 F.3d 358, 374 (5th Cir. 2012)).

2911-1006 / 1877503

*Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014).

Plaintiff argues that there need be no relationship between actual damages or profits and statutory damages because in many cases the defendant defaults or its financial records are "nonexistent, inadequate or deceptively kept," rendering proof of profits or damages "extremely difficult if not impossible." (Opp. at 13-16 (citations omitted)). Here, Plaintiff failed to show that Redbubble provided inadequate or deceptive financial records, and *itself relied on those records* to show liability. Redbubble's thorough and accurate recordkeeping proved that there were no infringers' profits relating to counterfeiting of the LA Lightning mark. Thus, discussions of statutory damages in cases involving defaulting defendants or doctored or withheld records[8] are simply irrelevant; indeed, applying such cases here would effectively punish Redbubble for providing relevant evidence, and reward Plaintiff for its failure to do the same. *Compare, e.g.*, *Atari*, 2021 WL 2766893, at *7 ("failure to disclose damages calculations or evidence" precluded "seek[ing] more than the minimum amounts" except based on infringer's profits).

Plaintiff also argues that the $200,000 statutory damages award was reasonable in light of the $20,000 award of profits, claiming that there is a 10:1 ratio. But the only remaining statutory damages award is for counterfeiting of the LA Lightning Mark, while the $20,000 profits award was for ***all other*** contributory infringement for ***all marks***. The ratio between statutory damages and profits for contributory counterfeiting of the LA Lightning Mark is 200,000:0. Plaintiff has not cited and cannot cite to a case where such a ratio has ever been sustained.

Indeed, as Plaintiff's own authorities assert, where a plaintiff proves no

---

[8] *See. e.g., Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) (defendant failed to maintain accounting of relevant sales); *Rolex Watch U.S.A., Inc. v. Dauley,* No. 84-cv-6150, 1986 WL 12432, *4 (N.D. Cal. Feb. 4, 1986) (evidence suggested large scale infringements that were not accounted for in defendant's sales records); *Louis Vuitton Malletier, S.A. v. LY USA,* No. 06 CIV.13463(AKH), 2008 WL 5637161, at *2 (S.D.N.Y. Oct. 3, 2008) (anemic sales records produced by the defendant precluded quantifying losses).

quantifiable harm from the acts subject to statutory damages, the appropriate award is the "statut[ory] minimum penalty." *Vanderbilt*, 692 F.3d at 374 (quoted at Opp. at 16 (quoting same)); *accord, e.g.*, *Atari*, 2021 WL 2766893, at *4 ("to avoid a potential windfall, [Plaintiff] must provide some evidence of its lost profits or Redbubble's profits if it seeks an award greater than the statutory minimum"). Indeed, courts have observed for the parallel copyright statutory damages scheme "that when a plaintiff does not establish that any damage has resulted from an infringement," only a minimum statutory damages award is warranted. *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, No. 19-cv-01356 ), 2021 WL 1222492, at *2 (N.D. Cal. April 1, 2021) (quoting *Bly v. Banbury Books, Inc*., 638 F. Supp. 983, 987-88 (E.D. Pa. 1986)). For Lanham Act counterfeiting claims, the minimum statutory damage award is $1,000. Any greater award would be excessive, contrary to the evidence of record, and perhaps a violation of due process (although the Court need not reach the Constitutional issue if it finds the award excessive and contrary to evidence).[9] Accordingly, if the Court preserves the jury's counterfeiting verdict, it should reduce statutory damages to $1,000 or issue a remittitur and order a new trial.

## IV. PLAINTIFF FAILED TO SHOW CONFUSION FOR ANY MARKS, REGISTERED OR UNREGISTERED.

The evidence failed to show actual confusion for Plaintiff's registered and unregistered marks, because "*non-trademark* graphics" cannot "support allegations of *trademark* confusion" and trademark law protects unregistered images only if they perform a source-identifying function. (ECF No. 185 at 17-20 (citing *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 688 F.Supp.2d 1148, 1158-59 (D. Nev. 2010)). *Dastar Corp. v. Twentieth Century Fox Film Corp*. specifically warns

---

[9] The Court may rely on the rationale of out-of-Circuit district court cases that were subsequently overruled by their Circuit Court of Appeals, since they are only cited for their persuasive effect. *See Grigsby v. Mabry*, 758 F.2d 226, 237 (8th Cir. 1985) (relying on overruled out-of-Circuit district court opinion), *rev'd on other grounds sub nom.*, *Lockhart v. McCree*, 476 U.S. 162 (1986). However, Redbubble apologizes for its oversight in failing to note that the cases had been overruled.

against extending the Lanham Act as Plaintiff attempts here: "creat[ing] a species of mutant copyright law." 539 U.S. 23, 34 (2003). *Dastar* explicitly limited recovery for unregistered mark infringement to claims where there was *actual confusion as to the producer of the tangible goods* that were offered for sale. *Id.* at 37. *Slep-Tone Ent'ment Corp v. Wired for Sound Karaoke & DJ Serv., LLC*, extended *Dastar* to registered and unregistered marks. 845 F.3d 1246, 1249 (9th Cir. 2017). Plaintiff's spurious attempt to distinguish *Slep-Tone* is not supported by the text of the Ninth Circuit opinion, which noted that the allegedly infringing products displayed Plaintiff's trademarks when performed, and yet denied all Lanham Act claims for failure to show "consumer confusion about the source." 845 F.3d at 1249-50.

Similarly, every page Plaintiff identifies with a "brandy melville" tab also shows Redbubble's house marks and the artist's name. Plaintiff provided no survey evidence to support actual confusion at all, and no evidence that the "brandy melville" tab was more source identifying than the Redbubble house mark or the artist's name. Further, the only witness to testify as to actual confusion testified that she was not confused. (Masur Decl. Exh. U at 229:15-21) Plaintiff's closing argument that it "is not about the designs, it is about linking the design to our trade name" violates *Dastar*, because Plaintiff proffered no evidence of actual source-confusion. *Dastar* and *Slep-Tone* entitle Redbubble to judgment as a matter of law, as Plaintiff failed to show any confusion as to source.

## V. PLAINTIFF'S MISCONDUCT JUSTIFIES A NEW TRIAL

Per Plaintiff's own cited case law, a new trial should be granted if the claimed misconduct "permeate[d]" or "pervaded" the proceeding. *Settlegoode v. Portland Pub. Sch.,* 371 F.3d 503, 516, 518 (9th Cir. 2004). Indeed, even attorney misconduct that occurs *only at the end of the trial in closing statement* can justify a new trial. *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1145 n. 16 (9th Cir. 2001).

Here, Plaintiff's counsel urged the jury to ignore the instruction regarding "stitch-for-stich" copying that Counsel *knew* the Court was about to give. (ECF No.

212-4 at 501: 9-14) Plaintiff's counsel urged the jury to impose more damages because Redbubble is a foreign corporation. (*Id.* at 505:20-506:11); *see Bird*, 255 F.3d at 1145). And Plaintiff's counsel violated motion *in limine* no. 6, which barred allegations of third-party IP infringement, in his opening (Masur Decl. Exh. T at 75:2-12), during two of three cross-examinations (*id.*, Exhs. U at 297:19-22 (objection sustained), V at 456:14-22 (instructing *sua sponte*)), and in closing. (ECF No. 212-4 at 505:16-18, 506:10) Misconduct in opening, two of three cross-examinations, and closing, is sufficiently "permeating" to justify a new trial.

## VI. REDBUBBLE PROPERLY INCORPORATED ITS PRIOR BRIEFING

Redbubble properly identified, raised and incorporated by reference certain arguments from its Rule 50(a) motion that it lacked space to address in detail to avoid any question of waiver on appeal. Plaintiff argues that these arguments are nonetheless waived because Redbubble's reference to these issues purported violated FRCP 7, without citing any case law or direct statutory authority. But Rule 7's requirement that motions "shall state with particularity the grounds therefor," is adequately met by incorporation by reference. *See, e.g.*, *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1347 (Fed. Cir. 2005) ("When the Motion … is read in conjunction with the document specifically referenced therein, there is no question regarding the grounds for the relief demanded. In such circumstances, it is appropriate to consider previously filed documents outside the four corners of the motion in determining whether the particularity requirement of FRCP 7 has been satisfied"). Accordingly, Plaintiff's final waiver argument should also be rejected.

Judgment as a matter of law should be granted or a new trial ordered.

Dated: September 13, 2021

Respectfully submitted,

COASTSIDE LEGAL  ZUBER LAWLER LLP
KENNETH B. WILSON  JOSHUA M. MASUR
  JENNIFER C. KUHN

By: */s/ Joshua M. Masur*
Attorneys for Defendant Redbubble Inc.