# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 12, 2021 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble, Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Renewed Motion for Judgment as a Matter of Law [DE 212]

## I. INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") filed a complaint against Redbubble, Inc. ("Redbubble," or "Defendant") for claims arising from the unauthorized sale of goods bearing Brandy Melville's trademarks through Redbubble's website. Plaintiff's complaint alleged five claims sounding in trademark and unfair competition. On July 10, 2020, the Court granted summary judgment in favor of Defendant with respect to all of Plaintiff's claims except for Plaintiff's contributory infringement and counterfeiting claims. (ECF No. 103).

The case proceeded to a jury trial in June of 2021, after which the jury found Redbubble liable for: (1) willful contributory counterfeiting of Plaintiff's Brandy Melville Heart Mark and LA Lightning Mark; (2) contributory infringement of the same two marks, and; (3) contributory infringement of Plaintiff's unregistered trademarks in the "Brandy Melville" name or other unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (Redacted Verdict Form, ECF No. 193).

On July 27, 2021, the Court granted in part Redbubble's Motion for Judgment as a Matter of Law. Specifically, the Court granted the motion as to the jury's verdict for contributory counterfeiting of the Brandy Melville Heart Mark and denied the motion in all other respects.

Presently before the Court is Redbubble's Renewed Motion for Judgment as a Matter of Law. ("RJMOL Motion") (ECF No. 212). For the following reasons, the Court **DENIES** the RJMOL Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

## II. FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's Order of July 10, 2020. (ECF No. 103).

## III. JUDICIAL STANDARD

### A. Renewed Motion for Judgment as a Matter of Law

A court may grant a motion for JMOL against a party on any issue when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A party whose JMOL motion made under Rule 50(a) is not granted by a court prior to submitting the action to the jury may renew its motion after the trial. Fed. R. Civ. P. 50(b). However, a party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise in its preverdict Rule 50(a) motion. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

Post-verdict JMOL is appropriate where there is no "substantial evidence" to support the verdict. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). Substantial evidence is "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). A court must consider the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in its favor, and not weigh the evidence or assess the credibility of the witnesses. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000); *see also Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1342 (Fed. Cir. 2008).

### B. Motion for a New Trial

After a jury trial, a court may grant a new trial to a party "for any reason for which a new trial has [] been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because Rule 59 does not specify the grounds on which a court may grant a motion for a new trial, the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, claims that the verdict is against the great weight of the evidence, that the damages are excessive, that the trial was not fair to the moving party, that the jury instructions were erroneous or inadequate, or that the court made incorrect and prejudicial admissibility rulings. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

### IV.     DISCUSSION

After a three-day jury trial, the jury returned a verdict for Plaintiff as to most issues. Specifically, the jury found Redbubble liable for: (1) willful contributory counterfeiting of the Brandy Melville Heart Mark and LA Lightning Mark; (2) contributory infringement of the Brandy Melville Heart Mark and LA Lightning Mark, and; (3) contributory infringement of Brandy Melville's unregistered trademarks in the "Brandy Melville" name or other unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (Redacted Verdict Form, ECF No. 193).

The jury awarded Plaintiff $200,000 in statutory damages for the contributory counterfeiting of the LA Lightning Mark, $300,000 in statutory damages for the contributory counterfeiting of the Brandy Melville Heart Mark, and a combined $20,000 for contributory trademark infringement of the LA Lightning Mark, Brandy Melville Heart Mark, and Plaintiff's unregistered Marks.

Redbubble then moved for judgment as a matter of law as to all of Plaintiff's claims. The Court found that, as to Plaintiff's claim for contributory counterfeiting of the Brandy Melville Heart Mark, "the evidence presented at trial permits only one reasonable conclusion—Plaintiff failed to establish that Redbubble is liable for contributory counterfeiting of the Brandy Melville Heart Mark." (Order Re: Mot. for JMOL at 3.). The Court therefore reduced the verdict by $300,000.

Redbubble now renews its motion for judgment as a matter of law as to Plaintiff's claims for contributory counterfeiting of the LA Lighting Mark and contributory trademark infringement. In the alternative, Redbubble moves for a new trial. The Court considers Redbubble's arguments in turn.

####     A.     The LA Lightning Mark

Redbubble renews arguments regarding the LA Lighting Mark that Redbubble raised in its original Motion for JMOL. Just as the Court held in ruling on Redbubble's Motion for JMOL, the Court finds there was substantial evidence to support the jury's verdict as to contributory counterfeiting.

To the extent Redbubble raises arguments regarding the LA Lightning Mark that were not included in its original Motion for JMOL, the present Motion is also **DENIED** as outside the scope of what is permitted on a renewed Motion for JMOL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

### B.   Contributory Trademark Infringement

Redbubble renews arguments regarding the Plaintiff's claims for contributory infringement of Plaintiff's registered and unregistered trademarks that Redbubble raised in its original Motion for JMOL. Just as the Court held in ruling on Redbubble's Motion for JMOL, the Court finds there was substantial evidence to support the jury's verdict as to contributory trademark infringement.

To the extent Redbubble raises arguments regarding contributory trademark infringement that were not included in its original Motion for JMOL, the present Motion is also **DENIED** as outside the scope of what is permitted on a renewed Motion for JMOL.

### C.   Motion for a New Trial

Finally, Redbubble (which is an Australian company) argues that the Court should order a new trial because Plaintiff's counsel delivered "improper closing rebuttal arguments based on nationalistic bias and unfounded allegations of bad behavior," (RJMOL Motion at 17), that "'had the improper effect of encouraging the . . . jury to impose an impassioned sanction against' defendant." (*Id.*) (quoting *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1152 (9th Cir. 2001)). In support of this argument, Redbubble points to the following:

> Plaintiff argued in closing that the Court's "stitch-for-stitch" instruction on counterfeiting was "just not the law," and also that jurors should "tell Redbubble that a slap on the wrist isn't good enough . . . . Only you can send this message, but it has to be loud and clear . . . . The message has to be loud and clear enough to go all the way to Australia where company that's on its way to a billion dollars, much of it on the backs of counterfeit products, needs to be told that it's not okay."

(RJMOL Motion at 15–16). The Court finds that these statements fall far short of the prejudicial statements made during closing argument at trial in *Bird*, the case on which Redbubble relies. *Cf. Bird*, 255 F.3d at 1152 ("We conclude that the Co-op was necessarily prejudiced when, in closing argument, counsel used incendiary racial and nationalistic terms to encourage the all-Blackfeet jury's award against the non-Indian Co-op."). Moreover, the Court finds that Plaintiff's counsel's statements during closing argument were not of a type that would prompt a reasonable juror under the circumstances to "impose an impassioned sanction."

The Court therefore **DENIES** Redbubble's Motion for a new trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble, Inc.* | | |

### V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** Redbubble's Motion.

**IT IS SO ORDERED.**

                                                                                                    :
                                                                    Initials of Preparer