UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | Y.Y.G.M. SA v. Redbubble Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Judgment as a Matter of Law and Plaintiff's Motion for Permanent Injunction [DEs 185, 208]**

## I.  INTRODUCTION

Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff") is a clothing brand that owns several trademarks, including the Brandy Melville Heart Mark (the "Heart Mark"), the LA Lightning Mark (the "Lightning Mark"), and several unregistered trademarks. Redbubble, Inc. ("Defendant") owns and operates the website www.redbubble.com, which functions as an online marketplace for artists to upload their artwork and for customers to buy that artwork on different products, including clothing, phone cases, and stickers.

On May 28, 2019, Plaintiff filed a Complaint against Defendant for claims arising from the unauthorized sale of products bearing Plaintiff's trademarks through Defendant's website. The case proceeded to a jury trial in June of 2021. At the close of trial, Defendant filed a Motion for Judgment as a Matter of Law ("JMOL"), arguing that Plaintiff had failed to provide sufficient evidence to support its claims. (ECF No. 185.) The Court took the Motion under submission, after which the jury found Defendant liable for: (1) willful contributory counterfeiting of the Heart Mark and Lightning Mark; (2) contributory infringement of the Heart Mark and Lightning Mark; and (3) contributory infringement of unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (ECF No. 193.)

On July 27, 2021, the Court granted Defendant's Motion for JMOL in part, overturning the jury's finding of contributory counterfeiting of the Heart Mark. (ECF No. 204.) On August 10, 2021, Plaintiff filed a Motion for Permanent Injunction, Attorneys' Fees, and Pre-Judgment Interest. (ECF No. 208.) On August 24, 2021, Defendant filed a Renewed Motion for JMOL, again arguing that Plaintiff had failed to provide sufficient evidence to support its claims, as well as seeking a new trial. (ECF No. 212.) The Court denied both motions. (ECF Nos. 218, 219.) The parties appealed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

On July 24, 2023, the Ninth Circuit issued an opinion affirming in part, and vacating and remanding in part the Court's rulings. *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995 (9th Cir. 2023). Specifically, the Ninth Circuit vacated the Court's Order granting in part Defendant's Motion for JMOL and the Court's Order denying Plaintiff's Motion for Permanent Injunction, finding that the Court applied incorrect legal standards in deciding both Motions. Accordingly, the Ninth Circuit instructed the Court to reconsider Defendant's Motion for JMOL, and then, after re-determining Defendant's liability, reconsider Plaintiff's Motion for Permanent Injunction.

Presently before the Court for reconsideration are Defendant's Motion for JMOL and Plaintiff's Motion for Permanent Injunction. For the following reasons, the Court **DENIES** Defendant's Motion and **DENIES** Plaintiff's Motion **without prejudice**.

## II.     DEFENDANT'S MOTION FOR JMOL

### A.     Judicial Standard

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

"Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008) (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the nonmoving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). A "jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Torres*, 548 F.3d at 1205–06 (quoting *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)).

### B.     Discussion

The jury found Defendant liable for: (1) willful contributory counterfeiting of the Heart Mark and Lightning Mark; (2) contributory infringement of the Heart Mark and Lightning Mark; and (3) contributory infringement of several unregistered marks. Defendant moves for JMOL as to each of these findings.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

The Court previously granted Defendant's Motion in part, overturning the jury's finding that Defendant was liable for willful contributory counterfeiting of the Heart Mark. The Court upheld the jury's other findings. On appeal, the Ninth Circuit found that the Court erred in two respects: (1) it failed to consider the proper standard for willful blindness, which goes to the knowledge element required for contributory liability for each of the jury's findings; and (2) it failed to consider the proper standard for likelihood of confusion for counterfeiting. The Ninth Circuit remanded the matter back to this Court for reconsideration using the proper standards. Accordingly, the Court reconsiders Defendant's Motion on these two issues. Because Defendant's knowledge or willful blindness is a required element for each of the jury's findings of contributory liability, the Court addresses willful blindness first.

    1.    *Willful Blindness*

To be liable for contributory trademark infringement or contributory counterfeiting,[1] a defendant must either: (1) intentionally induce the primary infringer to infringe; or (2) "continue[] to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982). "When the alleged direct infringer supplies a service rather than a product, under the second prong of this test, the court must consider the extent of control exercised by the defendant over the third party's means of infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007). For liability to attach, there must be "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." *Id.*

Under the "knows or has reason to know" standard, a defendant cannot escape liability by "bury[ing] its head in the sand." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016). Willful blindness will satisfy the knowledge requirement. *Y.Y.G.M.*, 75 F.4th at 1001 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996)). A defendant is willfully blind if it: (1) "subjectively believed that infringement was likely occurring"; and (2) "took deliberate actions to avoid learning about the infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013).

Willful blindness does not render a defendant liable for every act of infringement. Rather, "the defendant [must] have specific knowledge of infringers or instances of infringement." *Y.Y.G.M.*, 75 F.4th at 1002 (citing *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 110 (2d Cir. 2010)). Once the defendant knows about specific instances of infringement, the defendant has a duty to make "bona fide efforts to root out" that infringement. *Id.* (quoting *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 255 (2d Cir. 2021)). If the defendant fails to make those efforts, it may be found contributorily liable. *Id.*

---

[1] Though the caselaw only refers to infringement, the same standard applies to counterfeiting, as counterfeiting is simply the "hard core" or "first degree" of trademark infringement. *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) (citing McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed.)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

Defendant argues that there was insufficient evidence for the jury to find that it knew or should have known of infringement on its website, and thus it cannot be held contributorily liable. Plaintiff argues that it presented sufficient evidence to show that Defendant was willfully blind. The Court agrees with Plaintiff.

At trial, Plaintiff presented a notice and takedown letter that informed Defendant of several infringing products on Defendant's website. (TE010, ECF No. 199-7.) This letter undisputedly gave Defendant specific knowledge of the infringers and infringing products listed in the letter. Once Defendant had this specific knowledge, it had a duty to make bona fide efforts to root out infringement. The question then, is whether Defendant made those bona fide efforts to discharge its duty.

Defendant argues that the evidence presented at trial indisputably demonstrates that it made bona fide efforts, entitling it to judgment as a matter of law. Specifically, Defendant points to evidence that it promptly took down each of the products identified in Plaintiff's notice letter, as well as other infringing products it later became aware of. (*See* TE623, ECF No. 199-45.) However, Plaintiff presented contrary evidence suggesting that Defendant's efforts were lacking. For instance, Plaintiff presented evidence that Defendant allocated relatively little resources towards content moderation, and as a result, screened only a third of all products for infringement, despite recognizing that numerous products likely infringed various copyrights and trademarks. (Kelly Decl., Ex. 2 at 329:7–9, ECF No. 199-3; Kelly Decl., Ex. 3 at 386:14–399:25, 462:7–11, ECF No. 199-4; TE287, ECF No. 199-23.) Indeed, Plaintiff further presented examples of products infringing its trademarks that remained on the site long after Plaintiff sent the notice letter. (*See, e.g.*, TE290, ECF No. 199-25.) Based on the totality of this evidence, the jury could have reasonably concluded that Defendant failed to make bona fide efforts, and thus could be held contributorily liable.

Accordingly, the Court **DENIES** Defendants' Motion for JMOL on this ground. Having determined that there was sufficient evidence for the jury to find the knowledge requirement for contributory liability was satisfied, the Court next addresses the likelihood of confusion required for counterfeiting.

    2.    *Likelihood of Confusion*

A counterfeit is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. Courts have split over the degree to which the "indistinguishable" requirement extends beyond the mark and to the products at issue. Some courts, including this court, have held that the defendant's product must be an indistinguishable "stitch-for-stitch" copy of the plaintiff's product. *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) ("[C]ourts have uniformly applied [15 U.S.C. § 1127] to products that are stitch-for-stitch copies"); *see also, e.g., Coach, Inc. v. Asia Pac. Trading Co., Inc.*, 676 F. Supp. 2d 914, 923–24 (C.D. Cal. 2009) (finding that a defendant's sunglass cases did not qualify as counterfeits of plaintiff's sunglasses).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

However, other courts have rejected the stitch-for-stitch standard, holding that the primary question is "whether the marks, not the goods, are substantially identical." *H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1027 (E.D. Wis. 2018); *see also, e.g., Chrome Hearts LLC v. Controse Inc.*, 2023 WL 5049198, at *10 (S.D.N.Y. Aug. 8, 2023) (collecting cases rejecting the stitch-for-stitch standard). On appeal, the Ninth Circuit clarified that 15 U.S.C. § 1127 does not require counterfeits to be stitch-for-stitch copies. *Y.Y.G.M.*, 75 F.4th at 1004. Rather, much like with trademark infringement, counterfeits must present a likelihood of confusion based on a review of the product "as a whole." *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020).

When viewing products as a whole, "[e]ven identical marks may be unlikely to confuse if the geographic market, industry, or product design sufficiently differentiates the counterfeit from the original." *Y.Y.G.M.*, 85 F.4th at 1004 (citing *Arcona*, 976 F.3d at 1080). However, "[t]here may be times the mark itself is so strong in the marketplace that the use of an identical mark by itself may cause consumer confusion, even if other aspects of the products are different." *Id.* (citing *Arcona*, 976 F.3d at 1080 n.4). This is because a "'strong and distinctive' trademark may 'have acquired great fame' on its own, to the point that its mere presence confuses, even on different products." *Id.* (quoting *Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1274 (9th Cir. 1982)).

Defendant argues that there was no likelihood of confusion to support Plaintiff's claim for counterfeiting of the Heart Mark.[2] Specifically, Defendant argues that the evidence presented at trial demonstrated that the infringing products found on Defendant's website were clearly different from the products sold by Plaintiff. For instance, one of the infringing products is a metal print bearing the Heart Mark, when Plaintiff presented no evidence of selling metal prints.[3] (TE183 at 4, ECF No. 199-19.) However, Plaintiff presented evidence suggesting that the Heart Mark was strong and distinctive, establishing that the Heart Mark has been used continuously since 2009 throughout its stores, on all of its products, and on social media. (Kelly Decl., Ex. 1 at 112:5–113:21, 116:10–119:22, 205:6–206:1, ECF No. 199-2; TE328, ECF No. 199-33.) From this evidence, the jury could have reasonably concluded that the Heart Mark was sufficiently strong and distinctive that the use of an identical mark on the infringing products was confusing, even if the infringing products were different from Plaintiff's products.

---

[2] In its previous order, the Court applied a strict stitch-for-stitch standard and found that there was sufficient evidence for the jury to find contributory counterfeiting of the Lightning Mark, but not the Heart Mark. Because the likelihood of confusion standard is less strict than the stitch-for-stitch standard, the Lightning Mark necessarily meets the likelihood of confusion standard. Accordingly, the Court only addresses the Heart Mark.

[3] The parties dispute the sufficiency of evidence regarding the types of products at issue. The Court need not resolve these disputes, however, because even if there was zero overlap in the types of products, there was still sufficient evidence for a jury to find a likelihood of confusion based on the strength and distinctiveness of the Heart Mark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

Accordingly, the Court **DENIES** Defendant's Motion for JMOL on this ground and reinstates the jury verdict. Having re-determined Defendant's liability, the Court proceeds to reconsider Plaintiff's Motion for Permanent Injunction.[4]

### III. PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

#### A. Judicial Standard

"A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 (2006).

#### B. Discussion

Plaintiff seeks a permanent injunction to protect its trademark rights in the Heart Mark, Lightning Mark, and its unregistered trademarks, as well as attorneys' fees and prejudgment interest. The Court previously denied Defendant's Motion, denying all of Plaintiff's requested relief. In particular, the Court denied Plaintiff's request for injunctive relief, finding that Plaintiff failed to demonstrate an irreparable injury because it delayed bringing the lawsuit. Thus, the Court concluded its analysis without addressing the other factors. On appeal, the Ninth Circuit affirmed the Court's denial of attorneys' fees and prejudgment interest but found that the Court erred in its denial of injunctive relief by placing too much weight on Plaintiff's delay and failing to consider the weight of future harm. The Ninth Circuit thereby remanded the matter back to this Court for reconsideration using the proper standard. The Court accordingly reconsiders Plaintiff's request for injunctive relief by addressing the four factors for a permanent injunction in turn, starting with irreparable injury.

##### 1. *Irreparable Injury*

Under 15 U.S.C. § 1116(a), upon a finding of trademark infringement, a plaintiff is "entitled to a rebuttable presumption of irreparable harm." Plaintiff argues that, having prevailed on its claims before a jury, this presumption carries the day. Defendant argues that this presumption is rebutted because Plaintiff significantly delayed bringing its lawsuit, demonstrating a lack of irreparable harm. The Court agrees with Plaintiff.

---

[4] Because the Court originally upheld the jury verdict as to infringement of the Heart Mark, the parties' original briefing on Plaintiff's Motion for Permanent Injunction included analysis of the Heart Mark. Thus, the Court's present decision to reinstate the verdict as to counterfeiting of the Heart Mark does not necessitate any additional briefing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

A long delay before seeking injunctive relief implies a lack of urgency and irreparable harm. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (citing *Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)); *see also* 4 Nimmer on Copyright § 14.06[A][3][c] (noting, in the copyright context, that unreasonable delay can defeat irreparable injury and the length of time "need not be great"). However, "[t]he significance of the delay depends on context." *Y.Y.G.M.*, 75 F.4th at 1006. While delay is more significant for preliminary injunctions, where the goal is to "preserve[] the status quo pending litigation," it is less significant for permanent injunctions, where the goal is to prevent future harm. *Id.* at 1006–07. Thus, while delay is a factor the court may consider in evaluating irreparable injury on a motion for permanent injunction, "courts are 'loath to withhold relief solely on that ground.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (quoting *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1214 (9th Cir. 1984)).

Here, on May 14, 2018, Plaintiff sent Defendant a notice letter informing Defendant that certain products infringed Plaintiff's trademarks. Yet, Plaintiff waited until May 28, 2019 to attempt to vindicate its rights by filing this lawsuit. This delay undercuts Plaintiff's assertion of irreparable harm. However, it does not appear that this delay would rebut the statutory presumption of irreparable harm because a one-year delay is relatively light when weighed against future harm going forward. Indeed, the continued sale of infringing goods would not just harm Plaintiff economically, but would cause irreparable harm to its brand, reputation, and goodwill. (Kelly Decl., Ex. 2 at 268:13–269:3.) Accordingly, the Court finds that Plaintiff has suffered and will continue to suffer an irreparable injury.

    2.    *Inadequacy of Remedies at Law*

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Plaintiff argues that monetary damages like those awarded by the jury are inadequate, as they cannot undo the harm to Plaintiff's brand. Defendant argues otherwise, asserting that "[t]he fact that the jury granted damages establishes the existence of an adequate legal remedy." (Def.'s Opp'n to Mot. for Prelim. Inj. at 3–4, ECF No. 210.) Defendant's argument is absurd. First, the jury awarded damages to compensate Plaintiff for *past* infringement. An injunction, on the other hand, is designed to protect Plaintiff from *future* infringement. The jury's award of damages has little bearing on whether an injunction is necessary going forward. Second, courts routinely issue permanent injunctions after awarding damages. *See, e.g.*, *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006) (affirming district court's entry of damages and permanent injunction); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012) (entering damages and permanent injunction); *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067 (C.D. Cal. 2004) (same). Defendant's argument that Plaintiff may receive either damages or an injunction, but not both, is completely unfounded. Accordingly, the Court finds that remedies at law are inadequate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

    3.    *Balance of Hardships*

Where an injunction will only ban the defendant from continued infringement and the plaintiff risks continued loss of profits and goodwill, the balance of hardships will generally weigh in the plaintiff's favor. *Wecosign*, 845 F. Supp. 2d at 1084. Here, an injunction would cause little hardship to Defendant, as it would simply prohibit Defendant from contributory infringement going forward, and Defendant does not provide any evidence or argument that such compliance would be impossible or impractical.[5] And, as explained above, Plaintiff would suffer harm to its brand. Accordingly, the Court finds that the balance of hardships supports injunctive relief.

    4.    *Public Interest*

"The public has an interest in avoiding confusion between two companies' products." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009). Here, an injunction would serve the public interest by eliminating confusing products from the marketplace. Accordingly, the Court finds that an injunction is in the public interest.

Having found that Plaintiff demonstrated that all four factors support a permanent injunction, the Court turns to the terms of Plaintiff's proposed injunction.

    5.    *Terms of the Injunction*

Under Federal Rule of Civil Procedure 65(d) "any injunction or restraining order [must] be 'specific in terms' and describe in reasonable detail . . . the act or acts sought to be restrained." *Reno Air Racing Ass'n*, 452 F.3d at 1132 (quoting Fed. R. Civ. P. 65(d)). The terms of the injunction must also be "narrowly tailored to . . . to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983)).

Plaintiff requests:

[T]he entry of a permanent injunction against Redbubble and its officers, agents, servants, employees, attorneys, and all others who are in active concert or participation with them, from referencing, mentioning, and/or using in any way, and/or permitting the reference, mention, and/or use in any way, of BRANDY MELVILLE, Brandy Melville's registered trademarks with the U.S.P.T.O. Registration No. 5,748,883, No. 5,373,397, or No. 5,238,856, or Brandy Melville's unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com," (a) on any

---

[5] To be sure, Defendant suggests that compliance with the specific terms of Plaintiff's proposed injunction would be impractical. However, that speaks to overbreadth, which the Court addresses separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

products that are the same as or confusingly similar to authentic Brandy Melville products or designs, or (b) on any product titles, keywords, or "tags," on the Redbubble.com website that are associated with or are used to promote or drive consumers to products that are the same as or confusingly similar to authentic Brandy Melville products or designs.

(Pl.'s Mot. for Perm. Inj. at 14, ECF No. 208.)

Defendant argues that these terms are improper and overbroad. Specifically, Defendant argues that these terms go beyond the scope of the jury's verdict by making Defendant strictly liable for infringement on its website, as well as prohibiting fair uses of Plaintiff's trademarks. The Court agrees on the first ground.

The jury found Defendant liable for contributory counterfeiting and contributory infringement based on evidence that Defendant knew, should have known, or was willfully blind to the existence of infringing products but failed to make sufficient efforts to root out the infringement. There was no finding that Defendant knew or should have known about every product that was uploaded on its site, or that Defendant may otherwise be held liable for every infringing product regardless of its knowledge. Yet, Plaintiff's proposed injunction requires Defendant to refrain from "permitting the reference" of Plaintiff's trademarks "on any products . . . that are the same or confusingly similar" to Plaintiff's products, without any mention of Defendant's knowledge of those products. (Pl.'s Mot. for Prelim. Inj. at 14.) This language (or lack thereof) would make Defendant strictly liable for all future acts of infringement by users of its website, going far beyond the redressable harms that Plaintiff demonstrated at trial. In this manner, the terms are impermissibly overbroad.

The same cannot be said about fair use, however. Plaintiff's proposed injunction clearly states that Defendant is restricted only from allowing products that use Plaintiff's trademarks that are "the same as or confusingly similar to" Plaintiff's products. Fair uses, like those that transform or criticize the trademarks, or those that are not used as source identifiers, would not be confusingly similar and would fall outside the scope of the injunction. Accordingly, the terms are not overbroad in this respect.

Having found that a permanent injunction is warranted but Plaintiff's proposed terms are overbroad, the Court **DENIES** Plaintiff's Motion for Permanent Injunction **without prejudice**. Plaintiff may file a new motion with revised terms **within fourteen (14) days** of the issuance of this Order.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for JMOL and **DENIES** Plaintiff's Motion for Permanent Injunction **without prejudice**. The Court reinstates the original jury verdict and holds that a permanent injunction is warranted, but not on Plaintiff's proposed terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

Plaintiff may file a new motion with revised terms **within fourteen (14) days** of the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |